STEPHEN J. HIRSCHFELD (SBN 118068)
DONNA M. RUTTER (SBN 145704)
ZACHARY P. HUTTON (SBN 234737)
CURIALE DELLAVERSON HIRSCHFELD
  & KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

E-filing

Attorneys for Defendant
ALL RISKS, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

C 07 4636 MEJ

| | |
|---|---|
| CRUMP INSURANCE SERVICES, INC. a corporation and DOES 1-50, inclusive,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL P. MCGRATH, an individual, ALL RISKS, LTD., a corporation, and Does 1 through 50, inclusive<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. SECTIONS 1332 AND 1443 [DIVERSITY JURISDICTION]** |

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that Defendant All Risks, Ltd. hereby removes this action from the Superior Court of the State of California in San Francisco County to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1332 and 1441.

1.    This Court has original jurisdiction over this action under 28 U.S.C. Section 1332 because it involves citizens of different states and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

2.    Defendant All Risks, Ltd is informed and believes that on or about August 31,

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

NOTICE OF REMOVAL: CASE NO.

1   2007, Plaintiff Crump Insurance Services, Inc. filed a Complaint in the Superior Court of the

2   State of California, County of San Francisco, as Case Number CGC-87-466804 ("Complaint").

3   A copy of the Complaint is attached hereto as **EXHIBIT A.**

4       3.    Plaintiff has not served the Summons and Complaint on Defendant All Risks, Ltd.

5   or on Defendant Michael McGrath. (See Declaration of Michael P. McGrath in Support of Notice

6   of Removal). Accordingly, this Notice of Removal is timely because it is filed fewer than thirty

7   days after service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

8   **GROUNDS FOR REMOVAL ON THE BASIS OF DIVERSITY JURISDICTION**

9       4.    This case is properly removable pursuant to 28 U.S.C. § 1441(b), which provides:

10  > Any civil action of which the district courts have original
11  > jurisdiction founded on a claim or right arising under the
    > Constitution, treaties or laws of the United States shall be
12  > removable without regard to the citizenship or residence of the
    > parties. Any other such action shall be removable only if none of
    > the parties in interest properly joined and served as defendants is a
13  > citizen of the State in which such action is brought.

14      5.    This action is properly removable under 28 U.S.C. § 1441 because the United

15  States District Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as

16  amended, which provides in pertinent part:

17  > The district courts shall have original jurisdiction of all civil actions
    > where the matter in controversy exceeds the sum or value of
18  > $75,000, exclusive of interest and costs, and is between—

19  > (1) citizens of different states . . . .

20  **A.    Citizenship of the Parties**

21      6.    There is complete diversity of citizenship between the Plaintiff and the

22  Defendants.

23      7.    Plaintiff Crump Insurance Services, Inc. is a corporation organized and existing

24  under the laws of the State of Texas, with its principle place of business in the State of Texas.

25  (See Exhibit A, Complaint, ¶ 1.)

26      8.    Defendant All Risks, Ltd. is a corporation organized and existing under the laws of

27  the State of Maryland, with its principle place of business in the State of Maryland. (See Exhibit

28  A, Complaint, ¶ 4.)

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

1    9.    Defendant Michael McGrath is a citizen and resident of the State of California.

2    (See Exhibit A, Complaint, ¶ 3.)

3    10.    Defendant All Risks, Ltd. and Defendant Michael McGrath have not been served

4    with the Summons and Complaint. (See Declaration of Michael P. McGrath in Support of Notice

5    of Removal).

6    **B.    Amount in Controversy**

7    11.    Under 28 U.S.C. § 1332(a), district courts have diversity jurisdiction over civil

8    actions where the amount in controversy exceeds $75,000, exclusive of costs and interest.

9    Plaintiff's complaint seeks an unspecified amount of damages. Where the plaintiff's complaint

10    does not allege a specific amount of damages, the removing defendant must prove by a

11    preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State*

12    *Farm Mutual Automobile Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997). This burden is easily met if

13    it is facially apparent from the allegations in the complaint that plaintiff's claims exceed $75,000.

14    *Simmons v. PCR Technology,* 209 F.Supp.2d 1029 (N.D. Cal. 2002) (holding it was facially

15    apparent from the complaint that the amount in controversy exceeded $75,000 where the plaintiff

16    alleged compensatory, punitive and emotional distress damages, plus injunctive relief and

17    attorneys' fees).

18    12.    This is a business tort lawsuit filed by Plaintiff against a competitor, Defendant All

19    Risks, Ltd., and a former employee who left Plaintiff's employ to work for All Risks, Ltd. (See

20    Exhibit A, Complaint, ¶¶ 4, 18-19.) In the Complaint, Plaintiff alleges that Defendants

21    maliciously misappropriated trade secrets and confidential information that has "significant

22    economic value" to both businesses, intentionally disrupted Plaintiff's relationships with its

23    employees, intentionally disrupted Plaintiff's relationships with its customers, and committed

24    other wrongs. (See Exhibit A, Complaint, ¶¶ 17, 41, 54-55, 69.) Plaintiff seeks general

25    damages, exemplary damages, punitive damages, injunctive relief, and other relief. (See Exhibit

26    A, Complaint, ¶ 41 and Prayer for Relief.) The nature of this lawsuit, which involves an

27    allegedly "malicious" misappropriation of trade secrets having "significant economic value,"

28    coupled with Plaintiff's extensive claims and demand for relief, make it facially apparent from the

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

1   Complaint that Plaintiff seeks damages in excess of $75,000. Accordingly, the jurisdictional

2   amount required for diversity jurisdiction is met in this case.

3        13.    If any question arises as to the propriety of the removal of this action, Defendant

4   All Risks, Ltd. requests the opportunity to present a brief and oral argument in support of their

5   position that this case is removable.

6        WHEREFORE, Defendant All Risks, Ltd., desiring to remove this case to the United

7   States District Court for the Northern District of California, and this District being the district of

8   said Court for the County in which said action is pending, prays that the filing of this Notice of

9   Removal shall effect the removal to this Court.

10

11  Dated:  September  **7** , 2007             CURIALE DELLAVERSON HIRSCHFELD
                              & KRAEMER, LLP

12

13                 By: _____

14                       Stephen J. Hirschfeld
                        Donna M. Rutter

15                         Zachary P. Hutton

16                 Attorneys for Defendant
               ALL RISKS, LTD.

17

18

19

20

21

22

23

24

25

26

27

28

4

Exhibit A

1   **FULBRIGHT & JAWORSKI L.L.P.**
    DOUGLAS W. STERN (BAR NO. 82973)
2   555 South Flower Street
    Forty-First Floor
3   Los Angeles, CA 90071
    Telephone: (213) 892-9200
4   Facsimile: (213) 892-9494

5   Attorneys for Plaintiff CRUMP INSURANCE
    SERVICES, INC. a Texas Corporation

FILED
San Francisco County Superior Cou-
AUG 3 1 2007
GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

**CASE MANAGEMENT CONFERENCE SET**

FEB 0 1 2008 -9ᵒᵒAM

6

7   **SUMMONS ISSUED    DEPARTMENT 212**

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN FRANCISCO

11

12  CRUMP INSURANCE SERVICES, INC. a      )   Case No.  **CGC-07-466804**
    Texas Corporation,                    )
13                                         )   [Unlimited Civil Complaint]
                                           )
14              Plaintiff,                 )   Assigned For All Purposes To The
                                           )   Honorable
15       v.                                )
                                           )
16  MICHAEL P. MCGRATH, an individual, ALL )   **COMPLAINT FOR DAMAGES FOR:**
    RISKS, LTD. a corporation, and Does 1 through )
17  50, inclusive,                         )   **(1) BREACH OF CONTRACT;**
                                           )   **(2) MISAPPROPRIATION OF**
18              Defendants.                )   **TRADE SECRETS;**
                                           )   **(3) BREACH OF FIDUCIARY**
19                                         )   **DUTY;**
                                           )   **(4) INTENTIONAL**
20                                         )   **INTERFERENCE WITH**
                                           )   **PROSPECTIVE ECONOMIC**
21                                         )   **ADVANTAGE (CLIENTS);**
                                           )   **(5) NEGLIGENT INTERFERENCE**
22                                         )   **WITH PROSPECTIVE ECONOMIC**
                                           )   **ADVANTAGE (CLIENT);**
23                                         )   **(6) INTENTIONAL**
                                           )   **INTERFERENCE WITH**
24                                         )   **PROSPECTIVE ADVANTAGE**
                                           )   **(EMPLOYEES);**
25                                         )   **(7) NEGLIGENT INTERFERENCE**
                                           )   **WITH PROSPECTIVE ECONOMIC**
26                                         )   **ADVANTAGE (EMPLOYEES)**
                                           )
27  _____     )

28

DOCUMENT PREPARED
ON RECYCLED PAPER

31369348.3

- 1 -

COMPLAINT

1    Plaintiff Crump Insurance Services, Inc., as successor to Crump E&S of San Francisco

2 Insurance Services, Inc. alleges as follows:

3                                          I.

4                                    THE PARTIES

5        1.      Plaintiff Crump Insurance Services, Inc. ("Crump") is a corporation organized and

6 existing under the laws of the State of Texas, with its principle place of business located in

7 Dallas, Texas. Crump is the successor in interest to Crump E&S of San Francisco Insurance

8 Services, Inc. Plaintiff is engaged as an intermediary in the business of providing insurance to

9 customers.

10       2.      At all times material hereto Plaintiff was qualified to do business in the State of

11 California.

12       3.      Defendant Michael P. McGrath ("McGrath") is an individual residing in the State

13 of California, City of Novato.

14       4.      Plaintiff is informed and believes, and on that basis alleges that Defendant All

15 Risks, Ltd. ("All Risks") is a corporation believed to exist under the laws of the State of

16 Maryland, with its principal place of business located in Hunt Valley, Maryland. Defendant All

17 Risks is a competitor of Plaintiff in the insurance business.

18       5.      Plaintiff is ignorant of the true names and capacities of those individuals and

19 entities sued herein as Doe Defendants 1 through 50, inclusive. Plaintiff will amend this

20 Complaint to set forth their true names and capacities at such time as they are ascertained.

21       6.      Plaintiff is informed and believes, and on that basis alleges that those defendants

22 sued herein as Does 1 through 50, inclusive, participated in the wrongs alleged herein, in various

23 capacities and are liable to Plaintiff for the claims asserted herein.

24                                         II.

25                                 BACKGROUND FACTS

26       7.      On or about June 7, 1996, Defendant Michael P. McGrath entered into a written

27 contract titled "Memorandum of Agreement" with Crump E&S of San Francisco Insurance

28 Services, Inc. Plaintiff Crump Insurance Services, Inc. is the successor in interest to Crump E&S

1  of San Francisco Insurance Services, Inc. A true and correct copy of the Memorandum of

2  Agreement is attached hereto as Exhibit 1.

3       8.       Since the original Memorandum of Agreement was entered into in 1996, the

4  parties thereto have executed extensions of the Memorandum of Agreement. On or about April

5  30, 2007, Plaintiff and McGrath executed the "Broker Compensation Agreement." The Broker

6  Compensation Agreement, effective January 1, 2007, extended the terms of the Memorandum of

7  Agreement.

8       9.       Pursuant to the June 7, 1996 Memorandum of Agreement, McGrath agreed to a

9  number of terms which he has violated as alleged more particularly below.

10      10.      Pursuant to paragraph 10 of the June 7, 1996 Memorandum of Agreement,

11  McGrath agreed that in the course of his employment, he would obtain confidential information

12  belonging to Crump. This information would relate to the persons, firms, and corporations which

13  were, or would become, customers of Crump. Such confidential information would include, but

14  not be limited to, the names of customers, policy expirations dates, policy terms, conditions and

15  rates, and familiarity with customers' risks. Defendant McGrath agreed that he would not

16  disclose or make use of such confidential information, except as was required in the course of his

17  employment. He further agreed that upon termination of his employment, and for a period of one

18  year thereafter, he would not disclose or make use of such confidential information without the

19  prior written consent of Crump.

20      11.      Pursuant to paragraph 11 the June 7, 1996 of the Memorandum of Agreement,

21  McGrath agreed that all records, files, manuals, lists of customers, blanks, forms, materials,

22  supplies, computer programs and other materials furnished to him by Crump would remain the

23  property of Crump. He further acknowledged that this property was confidential and not readily

24  accessible to Crump's competitors. Upon termination of the employment relationship, McGrath

25  agreed that he would immediately deliver to Crump or its authorized representatives all such

26  property, including copies.

27      12.      Pursuant to paragraph 13 of the Memorandum of Agreement, McGrath agreed that

28  so long as he working for Crump, he would not engage in business activities competitive with the

1    work he performed for Crump.

2    13. McGrath further agreed pursuant to paragraph 14 of the Memorandum of

3    Agreement, that he would not solicit employees of Crump for any other competitive company.

4    14. McGrath also agreed pursuant to paragraph 16 of the Memorandum of Agreement

5    that he would provide 15 days prior written notice to Crump should he wish to terminate his

6    position as an employee of Crump.

7    15. At some time prior to June 3, 2007, McGrath negotiated with Defendant All Risks

8    to cease being an employee of Plaintiff Crump and instead to become an employee of All Risks.

9    At some time prior to June 3, 2007, McGrath decided that he would terminate his employment

10   with Crump and begin employment with All Risks.

11   16. Prior to June 3, 2007, Defendant McGrath decided that he would take advantage of

12   the proprietary information of Crump and use such information to the advantage of himself and

13   his new employer, All Risks.

14   17. On or about May 31, 2007, after having decided that he would be leaving Plaintiff

15   Crump, and that he would be working for Defendant All Risks, Defendant McGrath, in violation

16   of the terms of this contract, and his obligations to Plaintiff, obtained information from Plaintiff

17   on expiration dates of policies, commissions, and customer renewal information. This

18   information was proprietary and confidential and of significant economic value to Plaintiff, and

19   would similarly have significant economic value to Defendant All Risks.

20   18. On or about June 3, 2007, without complying with the minimum 15 days written

21   notice provision set forth in the Memorandum of Agreement, paragraph 16, McGrath abruptly

22   notified Crump that he was terminating his employment with Crump and immediately

23   commencing employment with a competitor, Defendant All Risks.

24   19. Since June 4, 2007, Defendant McGrath has been an employee of Defendant All

25   Risk and has engaged in the conduct alleged herein below.

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

31369348.3

- 4 -

COMPLAINT

## III.

## FIRST CAUSE OF ACTION

### [Breach of Contract – Against Defendant McGrath]

20.    Crump incorporates by reference herein the allegations of paragraph 1 through 19 above.

21.    Pursuant to the express terms of the June 7, 1996 Memorandum of Agreement, as renewed at various times through and including January 1, 2007, McGrath had agreed to those express obligations noted above in paragraphs 10 through 14 with respect to the utilization of confidential information belonging to Crump.

22.    Plaintiff is informed and believes, and on that basis alleges that McGrath breached a number of provisions of the June 7, 1996 Memorandum of Agreement, including but not limited to paragraph 10, paragraph 11, paragraph 13, paragraph 14, and paragraph 16 thereof.

23.    In particular, McGrath improperly and unlawfully misappropriated and used confidential information belonging to Crump. Plaintiff is informed and believes, and on that basis alleges that that this information included the identity of persons, firms and corporations which had become customers or accounts of Crump.

24.    Plaintiff is informed and believes, and on that basis alleges that that the information used by McGrath also included the source with which the insurance was placed, as well as the names of customers, policy expiration dates, policy terms, conditions and rates and familiarity with the customers' risk, all of which were agreed constituted confidential information belonging to Crump.

25.    At no time did Crump give its written consent to McGrath to utilize any of the confidential information.

26.    Plaintiff is informed and believes, and on that basis alleges that McGrath disclosed to his new employer, All Risks, the confidential information which belonged to Crump.

27.    McGrath breached the June 7, 1996 Memorandum of Agreement in that he improperly and unlawfully took for his own use, and the use of his new employer, All Risks, records, files and lists as well as other materials which had been furnished to him as a Crump

31369348.3

- 5 -

COMPLAINT

DOCUMENT PREPARED ON RECYCLED PAPER

1   employee.  Plaintiff is informed and believes, and on that basis alleges that that such information

2   included confidential information belonging to Crump.

3        28.    Plaintiff is informed and believes, and on that basis alleges that Defendant

4   McGrath obtained and has used electronic versions of confidential information of Crump.

5        29.    Plaintiff is informed and believes, and on that basis alleges that while still under

6   the employ of Crump, Defendant McGrath engaged in business activities which were competitive

7   with the work he performed at Crump, in violation of his obligations to Crump.

8        30.    Plaintiff is informed and believes, and on that basis alleges that while still an

9   employee of Crump, Defendant solicited Crump employees to cease their employment with

10  Crump, and instead commence employment with McGrath's new employer, All Risks.

11       31.    Notwithstanding the fact that McGrath had agreed that he would provide 15 days

12  prior written notice to Crump should he wish to terminate the June 7, 1996 Memorandum of

13  Agreement, Crump breached such provision and failed to provide timely written notice of his

14  intent to terminate the relationship.

15       32.    Plaintiff has performed each and every obligation imposed on it by the contract of

16  the parties in accordance with the terms thereof, except to the extent that such performance was

17  excused or prevented by the acts of defendant.

18       33.    Plaintiff has been damaged by the various breaches of contract of McGrath in an

19  amount which has not yet been ascertained.  Plaintiff will seek leave of this Court to state the

20  amount of its damages at such time as they are ascertained.

21                                    IV.

22                        **SECOND CAUSE OF ACTION**

23                    [Misappropriation Of Trade Secrets --

24             **Against Defendants McGrath, All Risks and Does 1-50.]**

25       34.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

26  33 above.

27       35.    During the course of his employment, Defendant McGrath had access to, and was

28  provided various trade secrets which belonged to Plaintiff.  These include, *inter alia*, client lists,

1  expiration lists, underlying client information, and information regarding co-employees.

2      36.    The information provided to Defendant McGrath was provided to him so that he

3  could perform his duties and obligations as an employee of Plaintiff. The information made

4  known to Defendant McGrath constituted trade secrets within the meaning of California Civil

5  Code Section 3426 *et seq.*

6      37.    The information made known to Defendant McGrath had independent economic

7  value and was not generally known to the public or to other persons who could obtain economic

8  value from its disclosure or use.

9      38.    At all times material hereto, Plaintiff took reasonable and appropriate efforts to

10  maintain the secrecy of its trade secrets.

11     39.    Plaintiff is informed and believes, and on that basis alleges Defendants McGrath,

12  All Risks and Does 1-50 made use of the trade secrets of Plaintiff. Further, Defendants All Risks

13  and Does 1-50 obtained economic benefit by the use of the Plaintiff's trade secret.

14     40.    Defendants have been unjustly enriched in that they have obtained the economic

15  value of the trade secrets of Plaintiff.

16     41.    Plaintiff is informed and believes, and on that basis alleges that Defendants actions

17  were willful and malicious in misappropriating the trade secrets of Plaintiff, such that exemplary

18  damages may be awarded pursuant to Civil Code Section 3426.3.

19     42.    Plaintiff has been damaged in an amount which is not presently known to Plaintiff.

20  Plaintiff will amend this Complaint to set forth the amount of damages it sustained at such time as

21  that amount is ascertained.

22                                      V.

23                          **THIRD CAUSE OF ACTION**

24              **[Breach Of Fiduciary Duty – Against Defendant McGrath]**

25     43.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

26  42 above.

27     44.    Defendant McGrath was a fiduciary of Plaintiff as a result of the position he held

28  and with respect to the information provided to him such as client lists, expiration lists,

1    underlying client information, and information relating to employees of Plaintiff.

2        45.    Defendant McGrath was obligated as a fiduciary to make use of the information

3    provided to him solely in performing his obligation to Plaintiff.

4        46.    Defendant McGrath breached his fiduciary duty to Plaintiff by, *inter alia*,

5    supplying to a competitor, All Risks, the information identified hereinabove, and making use of

6    that information to obtain form All Risk the benefits of that information and the business it

7    generated.

8        47.    Defendant McGrath breached his fiduciary duty to Plaintiff by using the

9    information relating to employees of Plaintiff in order to solicit such employees to leave Plaintiff

10    Crump and to join Defendant All Risks.

11        48.    As a result of the breach of fiduciary duty, Plaintiff has been damaged in an

12    amount not yet ascertained.  Plaintiff will amend this Complaint to set forth such amount when

13    the amount has been ascertained.

14        49.    The conduct of Defendant McGrath was undertaken with malice and oppression

15    with the desire to harm Plaintiff such that Plaintiff is entitled to the award of punitive damages

16    from Defendant McGrath.

17                                    **VI.**

18                        **FOURTH CAUSE OF ACTION**

19    **[Intentional Interference With Prospective Economic Advantage (Clients) – Against**

20                **Defendants McGrath and All Risks and Does 1-50]**

21        50.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22    49 above.

23        51.    Plaintiff has a prospective economic advantage with respect to those of its

24    customer known to McGrath, to whom Plaintiff had provided insurance services.

25        52.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

26    Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

27    advantage with respect to Plaintiff's clients who were known to Defendant McGrath.  This

28    prospective economic advantage was derived from, in part, the confidential information of

1   Crump.

2       53.    Plaintiff had a reasonable expectation and likelihood that it would continue to

3   obtain the economic advantage arising from its preexisting relationships between Plaintiff and its

4   clients who were serviced or otherwise known to Defendant McGrath.  Absent the conduct of

5   Defendants alleged herein, the economic relationship would have continued.

6       54.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

7   Risks and Does 1-50 intended to interfere with that prospective economic advantage and did so

8   by making use of the confidential information provided to it by Defendant McGrath.

9       55.    The actions of Defendants actually caused the disruption of the economic

10  relationship between Plaintiff and some of its customers who were known to Defendant McGrath.

11      56.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

12  ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

13  damages are ascertained.

14      57.    The conduct of Defendant All Risks and Does 1-50 was undertaken with malice

15  and oppression with the desire to harm Plaintiff such that Plaintiff is entitled to the award of

16  punitive damages from Defendant All Risks.

17                                    **VII.**

18                       **FIFTH CAUSE OF ACTION**

19   **[Negligent Interference With Prospective Economic Advantage (Clients) – Against**

20               **Defendants McGrath and All Risks and Does 1-50]**

21      58.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22  49 above.

23      59.    Plaintiff has a prospective economic advantage with respect to those of its

24  customer known to McGrath, to whom Plaintiff had provided insurance services.

25      60.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

26  Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

27  advantage with respect to Plaintiff's clients who were known to Defendant McGrath.  This

28  prospective economic advantage was derived from, in part, the confidential information of

1    Crump.

2        61.    Plaintiff had a reasonable expectation and likelihood that it would continue to

3    obtain the economic advantage arising from its preexisting relationships between Plaintiff and its

4    clients who were serviced or otherwise known to Defendant McGrath.  Absent the conduct of

5    Defendants alleged herein, the economic relationship would have continued.

6        62.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

7    Risks and Does 1-50 knew that if they did not act with reasonable care, their conduct would

8    interfere with the prospective economic advantage.

9        63.    Defendants did not act with due care, but instead acted negligently in that they did

10   not take appropriate steps to insure that Defendant McGrath did not misuse the proprietary

11   information of Crump by McGrath.

12       64.    The actions of Defendants actually caused the disruption of the economic

13   relationship between Plaintiff and some of its customers who were known to Defendant McGrath.

14       65.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

15   ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

16   damages are ascertained.

17                                     VIII.

18                          **SIXTH CAUSE OF ACTION**

19   **[Intentional Interference With Prospective Economic Advantage (Employees) – Against**

20                 **Defendants McGrath and All Risks and Does 1-50]**

21       66.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22   49 above.

23       67.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

24   Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

25   advantage with respect to its employees who were known to Defendant McGrath.

26       68.    Plaintiff had a reasonable expectation and likelihood that it would continue to

27   obtain the economic benefits provided by those employees, arising from its preexisting

28   employment relationships.

DOCUMENT PREPARED
ON RECYCLED PAPER

31369348.3                              - 10 -

69.    Plaintiff is informed and believes, and on that basis alleges that Defendant All Risks and Does 1-50 intended to interfere with that prospective economic relationship existing with Plaintiff's employees, and did so by making use of the confidential information provided to it by Defendant McGrath with regard to such employees.

70.    Plaintiff is informed and believes, and on that basis alleges that as a result of the actions of Defendants, the employees were induced to terminate their employment with Plaintiff and commence employment with Defendant All Risks.

71.    As a result of that conduct, Plaintiff has been damaged in an amount not yet ascertained. Plaintiff will seek leave to amend this Complaint at such time as the amount of damages are ascertained.

72.    The conduct of Defendant All Risks and Does 1-50 was undertaken with malice and oppression with the desire to harm Plaintiff such that Plaintiff is entitled to the award of punitive damages from Defendant All Risks.

IX.

## SEVENTH CAUSE OF ACTION

**[Negligent Interference With Prospective Economic Advantage (Employees) – Against Defendants McGrath and All Risks and Does 1-50]**

73.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 49 above.

74.    Plaintiff is informed and believes, and on that basis alleges that Defendant All Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic advantage with respect to its employees who were known to Defendant McGrath.

75.    Plaintiff had a reasonable expectation and likelihood that it would continue to obtain the economic benefits provided by those employees, arising from its preexisting employment relationships.

76.    Plaintiff is informed and believes, and on that basis alleges that Defendant All Risks and Does 1-50 knew that if they did not exercise due care, that their conduct would interfere with that prospective economic relationship existing with Plaintiff's employees.

1         77.     Defendants acted negligently in that they did not take appropriate steps to insure

2    that no improper use of Plaintiff's proprietary information about its employees was use in order to

3    seek to induce such employees to terminate their relationship with Plaintiff.  Instead, confidential

4    information provided to Defendant All Risks by Defendant McGrath with regard to such

5    employees was used.

6         78.     Plaintiff is informed and believes, and on that basis alleges that as a result of the

7    actions of Defendants, the employees were induced to terminate their employment with Plaintiff

8    and commence employment with Defendant All Risks.

9         79.     As a result of that conduct, Plaintiff has been damaged in an amount not yet

10   ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

11   damages are ascertained.

12        WHEREFORE, Plaintiff prays for judgment as follows:

13        1.     For damages according to proof;

14        2.     For punitive damages;

15        3.     For appropriate injunctive relief preventing the use by Defendants of Plaintiffs

16   proprietary information;

17        4.     For costs of suit herein;

18        5.     For such other and further relief as the Court deems just and proper.

19

20   Dated: August 30, 2007           **FULBRIGHT & JAWORSKI L.L.P.**
                                     DOUGLAS W. STERN

21

22

23                                    By
                                   DOUGLAS W. STERN

24                                      Attorneys for Plaintiff CRUMP INSURANCE
                                   SERVICES, INC.

25

26

27

28