1  STEPHEN J. HIRSCHFELD (SBN 118068)
   DONNA M. RUTTER (SBN 145704)
2  ZACHARY P. HUTTON (SBN 234737)
   CURIALE DELLAVERSON HIRSCHFELD
3    & KRAEMER, LLP
   727 Sansome Street
4  San Francisco, CA  94111
   Telephone:  (415) 835-9000
5  Facsimile:  (415) 834-0443

6  Attorneys for Defendants
   MICHAEL P. MCGRATH and
7  ALL RISKS, LTD.

8
                    UNITED STATES DISTRICT COURT
9
                         NORTHERN DISTRICT
10

11

12 | CRUMP INSURANCE SERVICES, INC.   Case No.  C 07 4636
   | a corporation and DOES 1-50, inclusive,
13 |                                  **ANSWER OF DEFENDANTS MICHAEL P.
   |                                  MCGRATH AND ALL RISKS, LTD. TO
14 |            Plaintiff,            PLAINTIFF'S COMPLAINT FOR
   |                                  DAMAGES**
15 | vs.

16 | MICHAEL P. MCGRATH, an individual,
   | ALL RISKS, LTD., a corporation, and
17 | Does 1 through 50, inclusive

18 |            Defendants.

19

20        Defendants Michael P. McGrath ("McGrath") and All Risks, Ltd. ("All Risks")
21
   (collectively "Defendants") hereby answer the Complaint for Damages ("Complaint") filed by
22
   Plaintiff Crump Insurance Services, Inc. as follows:
23

24                              **THE PARTIES**

25        1.    In answer to Paragraph 1 of the Complaint, based upon information and belief
26  Defendants admit the allegations contained therein.
27

28

                                        1

2. In answer to Paragraph 2 of the Complaint, based upon information and belief Defendants admit the allegations contained therein.

3. In answer to Paragraph 3 of the Complaint, Defendants admit the allegations contained therein.

4. In answer to Paragraph 4 of the Complaint, Defendants admit the allegations contained therein.

5. In answer to Paragraph 5 of the Complaint, Defendants admit that it correctly characterizes and summarizes the allegations and claims made in the Complaint, but deny that these allegations and claims have merit.

6. In answer to Paragraph 6 of the Complaint, Defendants admit that it correctly characterizes and summarizes the allegations and claims made in the Complaint, but deny that these allegations and claims have merit.

## BACKGROUND FACTS

7. In answer to Paragraph 7 of the Complaint, Defendants admit that McGrath signed an agreement entitled "Memorandum of Agreement" on or about June 7, 1996. Based upon information and belief, Defendants admit that Plaintiff Crump Insurance Services, Inc. is the successor in interest to Crump E&S of San Francisco Insurance Services, Inc. Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8. In answer to Paragraph 8 of the Complaint, Defendants admit that, on or about April 30, 2007, McGrath signed a "Broker Compensation Agreement." Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9. In answer to Paragraph 9 of the Complaint, Defendants deny each and every allegation contained therein.

10. In answer to Paragraph 10 of the Complaint, Defendants state that the Memorandum of Agreement speaks for itself, and to the extent that the allegations in this Paragraph do not accurately state the contents of the Memorandum of Agreement, they are denied. In addition, to the extent that Paragraph 10 purports to allege that McGrath breached the Memorandum of Agreement, Defendants deny all such allegations.

11. In answer to Paragraph 11 of the Complaint, Defendants state that the Memorandum of Agreement speaks for itself, and to the extent that the allegations in this Paragraph do not accurately state the contents of the Memorandum of Agreement, they are denied. In addition, to the extent that Paragraph 11 purports to allege that McGrath breached the Memorandum of Agreement, Defendants deny all such allegations.

12. In answer to Paragraph 12 of the Complaint, Defendants state that the Memorandum of Agreement speaks for itself, and to the extent that the allegations in this Paragraph do not accurately state the contents of the Memorandum of Agreement, they are denied. In addition, to the extent that Paragraph 12 purports to allege that McGrath breached the Memorandum of Agreement, Defendants deny all such allegations.

13. In answer to Paragraph 13 of the Complaint, Defendants state that the Memorandum of Agreement speaks for itself, and to the extent that the allegations in this Paragraph do not accurately state the contents of the Memorandum of Agreement, they are denied. In addition, to the extent that Paragraph 13 purports to allege that McGrath breached the Memorandum of Agreement, Defendants deny all such allegations.

14. In answer to Paragraph 14 of the Complaint, Defendants state that the Memorandum of Agreement speaks for itself, and to the extent that the allegations in this Paragraph do not accurately state the contents of the Memorandum of Agreement, they are denied. In addition, to the extent that Paragraph 14 purports to allege that McGrath breached the Memorandum of Agreement, Defendants deny all such allegations.

15. In answer to Paragraph 15 of the Complaint, Defendants admit that McGrath accepted an offer of employment from All Risks, LLC on or about June 3, 2007. Defendants further admit that, prior to June 3, 2007, McGrath decided that he would terminate his employment with Plaintiff and begin employment with All Risks, LLC. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. In answer to Paragraph 16 of the Complaint, Defendants deny each and every allegation contained therein.

17. In answer to Paragraph 17 of the Complaint, Defendants admit that McGrath decided to leave Plaintiff's employ to work for All Risks, LLC on or about May 31, 2007. Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. In answer to Paragraph 18 of the Complaint, Defendants admit that McGrath terminated his employment with Plaintiff on or about June 3, 2007, and that McGrath notified Plaintiff that he was commencing employment with All Risks, LLC. Defendants admit that McGrath did not provide Plaintiff with 15 days advance notice of his termination, but deny that he was required to provide 15 days notice of his termination. Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19. In answer to Paragraph 19 of the Complaint, Defendants admit that McGrath has been an employee of All Risks, LLC since approximately June 4, 2007. Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

## FIRST CAUSE OF ACTION

### Breach of Contact – Against Defendant McGrath

20. Defendants reallege and incorporate by reference their answers to Paragraphs 1 through 19 of the Complaint.

21. In answer to Paragraph 21 of the Complaint, Defendant McGrath states that the Memorandum of Agreement speaks for itself, and to the extent that the allegations in this Paragraph do not accurately state the contents of the Memorandum of Agreement, they are denied. In addition, to the extent that Paragraph 21 purports to allege that McGrath breached the Memorandum of Agreement, McGrath denies all such allegations.

22. In answer to Paragraph 22 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

23. In answer to Paragraph 23 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

24. In answer to Paragraph 24 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

25.     In answer to Paragraph 25 of the Complaint, Defendant McGrath admits that Plaintiff did not give written consent for McGrath to utilize confidential information. Defendant McGrath denies the remaining allegations contained in Paragraph 25 of the Complaint.

26.     In answer to Paragraph 26 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

27.     In answer to Paragraph 27 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

28.     In answer to Paragraph 28 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

29.     In answer to Paragraph 29 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

30.     In answer to Paragraph 30 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

31.     In answer to Paragraph 31 of the Complaint, Defendant McGrath admits that he did not provide Plaintiff with 15 days advance notice of his termination, but denies that he was required to provide 15 days advance notice of his termination. Defendant McGrath denies the remaining allegations contained in Paragraph 31 of the Complaint.

32.     In answer to Paragraph 32 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

33.     In answer to Paragraph 33 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

## SECOND CAUSE OF ACTION

**Misappropriation of Trade Secrets –Against All Defendants**

34.     Defendants reallege and incorporate by reference their answers to Paragraphs 1 through 33 of the Complaint.

35.     In answer to Paragraph 35 of the Complaint, Defendants admit that McGrath had access to client lists and expiration lists during his employment with Plaintiff. Defendants lack sufficient information to admit or deny the allegation that McGrath had access to "underlying

5

1  client information" and "information regarding co-employees" during his employment with
2  Plaintiff because the meaning and scope of those terms are unclear. Defendants deny the
3  remaining allegations contained in Paragraph 35 of the Complaint.

4    36.    In answer to Paragraph 36 of the Complaint, Defendants acknowledge that during
5  the course of his employment with Plaintiff, McGrath was apprised of certain things attendant to
6  his status as Plaintiff's employee, but Defendants lack sufficient information to admit or deny the
7  allegation that Plaintiff provided "information" to McGrath because the meaning and scope of
8  that term is unclear. Defendants deny the remaining allegations contained in Paragraph 36 of the
9  Complaint.

10    37.    In answer to Paragraph 37 of the Complaint, Defendants deny each and every
11  allegation contained therein.

12    38.    In answer to Paragraph 38 of the Complaint, Defendants deny each and every
13  allegation contained therein.

14    39.    In answer to Paragraph 39 of the Complaint, Defendants deny each and every
15  allegation contained therein.

16    40.    In answer to Paragraph 40 of the Complaint, Defendants deny each and every
17  allegation contained therein.

18    41.    In answer to Paragraph 41 of the Complaint, Defendants deny each and every
19  allegation contained therein.

20    42.    In answer to Paragraph 42 of the Complaint, Defendants deny each and every
21  allegation contained therein.

## THIRD CAUSE OF ACTION

### Breach of Fiduciary Duty – Against Defendant McGrath

24    43.    Defendants reallege and incorporate by reference their answers to Paragraphs 1
25  through 42 of the Complaint.

26    44.    In answer to Paragraph 44 of the Complaint, Defendant McGrath denies each and
27  every allegation contained therein.

28

45. In answer to Paragraph 45 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

46. In answer to Paragraph 46 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

47. In answer to Paragraph 47 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

48. In answer to Paragraph 48 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

49. In answer to Paragraph 49 of the Complaint, Defendant McGrath denies each and every allegation contained therein.

## FOURTH CAUSE OF ACTION

**Intentional Interference with Prospective Economic Advantage (Clients) –**

**Against All Defendants**

50. Defendants reallege and incorporate by reference their answers to Paragraphs 1 through 49 of the Complaint.

51. In answer to Paragraph 51 of the Complaint, Defendants deny each and every allegation contained therein.

52. In answer to Paragraph 52 of the Complaint, Defendants deny each and every allegation contained therein.

53. In answer to Paragraph 53 of the Complaint, Defendants deny each and every allegation contained therein.

54. In answer to Paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein.

55. In answer to Paragraph 55 of the Complaint, Defendants deny each and every allegation contained therein.

56. In answer to Paragraph 56 of the Complaint, Defendants deny each and every allegation contained therein.

DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO.: C 07 4636

1   57.   In answer to Paragraph 57 of the Complaint, Defendants deny each and every allegation contained therein.

### FIFTH CAUSE OF ACTION

**Negligent Interference with Prospective Economic Advantage (Clients) – Against All Defendants**

58.   Defendants reallege and incorporate by reference their answers to Paragraphs 1 through 49 of the Complaint.

59.   In answer to Paragraph 59 of the Complaint, Defendants deny each and every allegation contained therein.

60.   In answer to Paragraph 60 of the Complaint, Defendants deny each and every allegation contained therein.

61.   In answer to Paragraph 61 of the Complaint, Defendants deny each and every allegation contained therein.

62.   In answer to Paragraph 62 of the Complaint, Defendants deny each and every allegation contained therein.

63.   In answer to Paragraph 63 of the Complaint, Defendants deny each and every allegation contained therein.

64.   In answer to Paragraph 64 of the Complaint, Defendants deny each and every allegation contained therein.

65.   In answer to Paragraph 65 of the Complaint, Defendants deny each and every allegation contained therein.

### SIXTH CAUSE OF ACTION

**Intentional Interference with Prospective Economic Advantage (Employees) – Against All Defendants**

66.   Defendants reallege and incorporate by reference their answers to Paragraphs 1 through 49 of the Complaint.

67.   In answer to Paragraph 67 of the Complaint, Defendants deny each and every allegation contained therein.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

68. In answer to Paragraph 68 of the Complaint, Defendants deny each and every allegation contained therein.

69. In answer to Paragraph 69 of the Complaint, Defendants deny each and every allegation contained therein.

70. In answer to Paragraph 70 of the Complaint, Defendants deny each and every allegation contained therein.

71. In answer to Paragraph 71 of the Complaint, Defendants deny each and every allegation contained therein.

72. In answer to Paragraph 72 of the Complaint, Defendants deny each and every allegation contained therein.

## SEVENTH CAUSE OF ACTION

**Negligent Interference with Prospective Economic Advantage (Employees) –**

**Against All Defendants**

73. Defendants reallege and incorporate by reference their answers to Paragraphs 1 through 49 of the Complaint.

74. In answer to Paragraph 74 of the Complaint, Defendants deny each and every allegation contained therein.

75. In answer to Paragraph 75 of the Complaint, Defendants deny each and every allegation contained therein.

76. In answer to Paragraph 76 of the Complaint, Defendants deny each and every allegation contained therein.

77. In answer to Paragraph 77 of the Complaint, Defendants deny each and every allegation contained therein.

78. In answer to Paragraph 78 of the Complaint, Defendants deny each and every allegation contained therein.

79. In answer to Paragraph 79 of the Complaint, Defendants deny each and every allegation contained therein.

DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO.: C 07 4636

1  Defendants also deny each and every allegation contained in Plaintiff's prayer for
2  judgment described on page 12 of the Complaint.

## AFFIRMATIVE DEFENSES

4  Defendants hereby submit their Affirmative Defenses to Plaintiff's Complaint as follows:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State Cause of Action)**

7  The causes of action set forth in the Complaint fail to state facts sufficient to constitute
8  any cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

**(Waiver)**

11  The causes of action set forth in the Complaint are barred, in whole or in part, by the
12  doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

**(Estoppel)**

15  The causes of action in the Complaint are barred, in whole or in part, by the doctrine of
16  estoppel.

## FOURTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

19  The causes of action in the Complaint are barred, in whole or in part, by the doctrine of
20  unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

**(Laches)**

23  The causes of action in the Complaint are barred, in whole or in part, by the doctrine of
24  laches.

## SIXTH AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

27  The causes of action in the Complaint are barred by the applicable statue of limitations,
28  including without limitation, California Code of Civil Procedure sections 335.1, 337, and 339.

## SEVENTH AFFIRMATIVE DEFENSE

**(Privilege)**

With respect to the causes of action set forth in the Complaint, any act alleged to have been performed by Defendants, if performed at all, was privileged by legitimate business necessity and/or other reasons.

## EIGHTH AFFIRMATIVE DEFENSE

**(Lack of Consideration)**

Any agreement alleged in the Complaint and any cause of action based thereon is void or voidable for lack of consideration.

## NINTH AFFIRMATIVE DEFENSE

**(Illegality)**

Each alleged agreement on which Plaintiff bases its causes of action, or on which the causes of action are predicated, is illegal and/or in contravention of public policy.

## TENTH AFFIRMATIVE DEFENSE

**(B & P § 16600)**

Each alleged agreement on which Plaintiff bases its causes of action, or on which the causes of action are predicated, is void under California Business & Professions Code section 16600.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Ambiguity)**

Any alleged agreement on which Plaintiff bases its causes of action fails because it is vague and ambiguous as to material terms.

## TWELFTH AFFIRMATIVE DEFENSE

**(Punitive Damages)**

The imposition of punitive or exemplary damages in the circumstances of this case would violate the Constitution of the United States of America and the State of California and is barred by California Civil Code section 3294.

DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO.: C 07 4636

### THIRTEENTH AFFIRMATIVE DEFENSE

**(Good Faith)**

Defendants aver that, at all times, they acted without malice and with a good faith belief in the propriety of their conduct.

WHEREFORE, Defendants pray that:

1. Plaintiff's Complaint be dismissed in its entirety with prejudice;

2. Plaintiff take nothing herein; and

3. Defendants be awarded costs and other such relief deemed just and proper by the Court, including, but not limited to an award for reasonable attorneys' fees.

Dated: September 27, 2007                         CURIALE DELLAVERSON HIRSCHFELD
                                                  & KRAEMER, LLP


                                                  By:      /s/ Zachary P. Hutton
                                                        Stephen J. Hirschfeld
                                                        Donna M. Rutter
                                                        Zachary P. Hutton

                                                  Attorneys for Defendants
                                                  MICHAEL P. MCGRATH and
                                                  ALL RISKS, LTD.

DEFENDANTS ANSWER TO PLAINTIFF'S COMPLAINT; CASE NO.: C 07 4636