1  STEPHEN J. HIRSCHFELD (SBN 118068)
   DONNA M. RUTTER (SBN 145704)
2  KRISTEN L. WILLIAMS (SBN 232644)
   CURIALE DELLAVERSON HIRSCHFELD
3    & KRAEMER, LLP
   727 Sansome Street
4  San Francisco, CA  94111
   Telephone:  (415) 835-9000
5  Facsimile:  (415) 834-0443
   Email: kwilliams@cdhklaw.com
6
   Attorneys for Defendants
7  MICHAEL P. MCGRATH; ALL RISKS, LTD.

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 CRUMP INSURANCE SERVICES, INC.,          Case No.  C-07-4636 MMC

12          Plaintiff,                      **STIPULATED PROTECTIVE ORDER
                                            REGARDING CONFIDENTIALITY**
13 vs.

14 MICHAEL P. MCGRATH, an individual,
   ALL RISKS, LTD., a corporation, and
15 Does 1 through 50, inclusive,

16          Defendants.

17

18        This Stipulation and Protective Order Regarding Confidentiality ("Protective Order") is

19 entered into by and between Plaintiff Crump Insurance Services, Inc. ("Plaintiff") and Defendant

20 Michael McGrath and All Risks, LTD ("Defendants"), through their respective counsel.  Plaintiff

21 and Defendants are also referred to in this Protective Order as the "parties" or a "party."

22        A.    Whereas, in connection with certain requests for production of documents,

23 interrogatories and other written or oral discovery in the above-captioned litigation, the parties

24 have requested and anticipate producing documents and information that one or more party

25 contends to be confidential by reason of principles of privilege or confidentiality;

26        B.    Whereas, the parties wish to accommodate each others' requests for production of

27 documents and information without compromising the confidentiality of the documents produced

28 or the information contained therein; and

1

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

C.    Whereas, nothing in this Protective Order shall constitute an acknowledgement by any party that there are in fact any legally protected privacy, trade secret, or other confidentiality interests or privileges with respect to any of the materials covered by this Protective Order.

Based on the foregoing, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

1.    The parties will be producing discovery in this litigation through production of documents, electronically stored information, and things, and other information and responses to written or oral discovery requests ("Discovery Responses"). These Discovery Responses may contain information that Plaintiff or Defendants contend is of a proprietary, confidential, private, or commercially sensitive nature.

2.    This Protective Order applies to all Discovery Responses in this litigation proceeding that Plaintiff or Defendants contend is of a proprietary, confidential, private, or commercially sensitive nature. Such Discovery Responses, and the information contained therein, are hereinafter referred to as the "Confidential Information."

3.    Disclosure to third parties of the Confidential Information could be injurious to the interests of the producing party or its present or former customers and/or employees.

4.    The Confidential Information shall be viewed by or otherwise disclosed only to: (a) those employees who need to know for participation in the litigation as determined by counsel. In exercising the discretion granted to counsel pursuant to this subpart (a), counsel shall endeavor to limit the number of persons who have access to the information; (b) counsel for the parties and their employees; (c) expert witnesses or consultants employed by the parties or their counsel in connection with this litigation; (d) testifying witnesses in this litigation; (e) the United States District Court, Northern District staff and any judge assigned to this case; and (f) any court reviewing the decision of the United States District Court, Northern District. Confidential Information shall be held in strict confidence by each of the foregoing persons, and shall be used or disclosed solely in connection with this litigation, and for no other purpose. The foregoing persons identified in subdivisions (a), (b), (c), and (d) above shall not disclose Confidential Information or discuss the content thereof with anyone other than the foregoing persons without

CORALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    the prior written consent of counsel for the party who produced such Confidential Information.  If

2    any party hereto should determine that disclosure of Confidential Information to other third

3    parties is necessary or appropriate, such party shall request the modification of this Protective

4    Order to permit such additional disclosure by application to the Court.  Prior to any person

5    identified in paragraph 4(a), (c), or (d) reviewing any such materials, such person shall be

6    provided a copy of this Order and shall have executed  a Certificate Regarding Confidentiality as

7    provided in Paragraph 5 of this Protective Order.

8            5.      Each person identified in paragraph 4 (a), (c), and (d) to whom any

9    Confidential Information is disclosed, prior to such disclosure, shall: (1) be given a copy of this

10   Protective Order by counsel for the party disclosing such Confidential Information; (2) consent to

11   the personal jurisdiction of the United States District Court, Northern District of any appropriate

12   court with respect to any proceeding relating to enforcement of this Protective Order; (3) be

13   bound by the terms of such Protective Order; and (4) certify by signing a copy of the Certificate

14   Regarding Confidentiality attached as Exhibit A that he or she has carefully read the Protective

15   Order, fully understands its terms, and will abide by its terms.  Counsel for the party disclosing

16   such Confidential Information shall be responsible for maintaining the original signed

17   Certificates, and shall also maintain a list of all persons to whom such Confidential Information is

18   disclosed.

19           6.      At the conclusion of this case, each party hereto shall either destroy all

20   Confidential Information or return all Confidential Information to counsel for the party who

21   produced such Confidential Information.

22           7.      This Protective Order shall be binding on each of the parties hereto.  The

23   undersigned counsel represent that they are authorized to execute this Protective Order on behalf

24   of their respective clients.  Each person employed by any party hereto or their counsel to whom

25   disclosure is made of any Confidential Information shall be bound by the terms of this Protective

26   Order.  Any person or entity that violates the terms of this Protective Order shall be subject to the

27   jurisdiction of the United States District Court, Northern District and any judge assigned to this

28   case.

3

8.    This Protective Order is without prejudice to any right to object to the production of documents or information on any basis, to apply to the Court for a further protective order, to object to any discovery request, or to apply to the Court for an order compelling further discovery, further discovery protection or modification of this Protective Order. By producing Confidential Information pursuant to this Protective Order, the producing party does not admit the admissibility as evidence of the information or documents produced, waive any rights to object to the admission into evidence of the information or documents produced, or waive any rights to assert the attorney-client and/or work product privileges with respect to other requested or produced documents.

9.    If the recipient of Confidential Information contends that it should not be designated as "Confidential" under this Protective Order, the recipient shall notify the producing party of that fact in writing within thirty-five (35) days of its receipt of the information. If the parties are unable to resolve through an informal meet and confer process the dispute regarding the designation within ten (10) business days of the producing party's receipt of the written notice, the recipient may file a motion with the Court seeking to have the information no longer be designated as confidential under this Protective Order. This motion must be filed within thirty (30) days after the (10) business day meet and confer period describe above has elapsed. If the recipient party files a motion to change the designation of the information, the producing party may file an opposition in conformity with the court rules. Except as provided above, until the Court enters an order, if any, changing the designation of the information, it shall be treated and designated as "Confidential" under this Protective Order.

10.    Any documents or information produced in this litigation by a third party pursuant to subpoena, deposition, or other discovery procedure shall be treated as Confidential Information subject to all the provisions of this Protective Order upon written notice to the respective counsel for each party hereto. Such notice: (a) shall refer to this Protective Order; (b) shall identify the documents or information to be treated as Confidential Information hereunder; and (c) may be given by any party hereto or by the third party that produced such documents or information.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

1         11.     Any document filed or exchanged in this litigation which discloses the

2    substantive content of Confidential Information may be stamped or labeled as "Confidential." A

3    party or non-party may designate information disclosed during a deposition or in response to

4    written discovery as "Confidential" by so indicating in said responses or on the record at the

5    deposition. Additionally, a party or non-party may designate in writing, within twenty (20) days

6    after receipt of a responses to written discovery or of the deposition transcript for which the

7    designation is proposed, that specific pages of the transcript and/or specific responses be treated

8    as "Confidential" information. Any other party may object to such proposal, in writing or on the

9    record. In an attempt to resolve an objection, the parties shall follow the procedures described in

10   paragraph 9 above.

11        12.     This Protective Order shall not apply to any party's handling of its own

12   Confidential Information.

13        13.     This Protective Order shall survive the final termination of this litigation.

14        14.     The parties agree to be bound by the terms of this Protective Order upon

15   execution by their respective counsel, regardless of when and/or whether the Court approves this

16   Protective Order.

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

1   Dated: March 10, 2008

2

3                                          CURIALE DELLAVERSON HIRSCHFELD
                                           & KRAEMER, LLP

4                                          By: Kristen L. Williams

5                                               Stephen J. Hirschfeld
                                                Donna M. Rutter
6                                               Kristen L. Williams
                                           Attorneys for Defendants
7                                          MICHAEL P. MCGRATH; ALL RISKS,
                                           LTD.

8   Dated: March 17, 2008

9                                          FULBRIGHT & JAWORSKI, LLP

10

11                                         By: Douglas W. Stern

12                                              Douglas W. Stern
                                           Attorney for CRUMP INSURANCE
13                                         SERVICES, INC.

14

15  IT IS SO ORDERED.

16

17  Date: _____, 2007

18                                         _____
                                           Judge of the Northern District Court
19                                         Maxine M. Chesney

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER RE: CONFIDENTIALITY
CASE NO.  C-07-4636 MMC

**EXHIBIT A**

**CERTIFICATE REGARDING CONFIDENTIALITY**

I hereby certify that I have carefully read the Stipulation for Protective Order Regarding Confidentiality and Protective Order entered in *Crump Insurance, Inc. v. Michael P. McGrath and All Risks, LTD.,* United States District Court, Northern District, Case No. C-07-4636 MMC ("Stipulation and Protective Order"), and that I fully understand the terms of the Stipulation and Protective Order. I recognize that I am bound by the terms of the Stipulation and Protective Order, and I agree to comply with those terms. I further understand and agree that I shall be subject to the jurisdiction of the United States District Court, Northern District for the purposes of a contempt citation or other appropriate sanction or penalty under applicable laws and rules for violation of this Stipulation and Protective Order.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated this _____ day of _____, 2007.



_____
Signed


Name (please print): _____

Affiliation: _____

Business Address: _____

Telephone No.: _____

Home Address: _____

Telephone No.: _____

STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY
CASE NO. C-07-4636 MMC

CORALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO