

1  Mark S. Askanas (SBN 122745)
   Dylan B. Carp (SBN 196846)
2  Tara L. Riedley (SBN 236508)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, California 94105
4  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
5  *askanasm@jacksonlewis.com*

6  Attorneys for Plaintiff
   CRUMP INSURANCE SERVICES, INC.
7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10

11  CRUMP INSURANCE SERVICES, INC.,        Case No.  C-07-4636 MMC

12           Plaintiff,                    **PLAINTIFF'S NOTICE OF MOTION
                                           AND MOTION TO COMPEL
13      v.                                 DEFENDANT ALL RISKS, LTD. TO
                                           RESPOND TO REQUESTS FOR
14  MICHAEL P. MCGRATH, an individual,     PRODUCTION NOS. 4, 7 AND 26 AND
    ALL RISKS, LTD., a corporation, and    TO PRODUCE UNREDACTED
15  Does 1 through 50, inclusive,          DOCUMENTS AND MOTION TO
                                           COMPEL MICHAEL MCGRATH,
16           Defendants.                   NICHOLAS CORTEZI, AND
                                           CYNTHIA MARTY TO APPEAR FOR
17                                         FURTHER DEPOSITIONS
                                           REGARDING THE DOCUMENTS**

18                                         Date:      July 25, 2008
                                           Time:      9:00 a.m.
19                                         Courtroom: 7

20

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                           Case No. C-07-4636 MMC

1

# TABLE OF CONTENTS

2

**Page**

3    TABLE OF AUTHORITIES ....................................................................... ii

4    NOTICE OF MOTION .......................................................................... 1

5    MEMORANDUM OF POINTS AND AUTHORITIES ....................................... 2

6          STATEMENT OF THE ISSUES TO BE DECIDED .................................... 2

7          STATEMENT OF FACTS .............................................................. 2

8          ARGUMENT ........................................................................... 5

9    I.     Plaintiff's Requests for Production to All Risks, All Risks' objections
            and reasons why this Court should compel further responses ............... 5
10
11                A.     Request for Production No. 4 ....................................... 5

12                B.     Request for Production No. 7 ....................................... 6

13                C.     Request for Production No. 26 ...................................... 7

14   II.    All Risks' redactions ........................................................... 8

15                A.     ALL000006 ......................................................... 8

16                B.     ALL000007 ......................................................... 9

17                C.     ALL000009-10 ...................................................... 9

18                D.     ALL0000016 ........................................................ 10

19                E.     ALL0000018-19 ..................................................... 11

20   III.   This Court should compel further depositions regarding the documents ........... 11

21          CONCLUSION .......................................................................... 11

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

**Page**

3

### CASES

4

Babcock v. Superior Court,
    (1994) 29 Cal.App.4th 721 ..................................................................................8

5

Bancroft-Whitney Co. v. Glen,
    (1966) 64 Cal.2d 327 ...................................................................................6, 10

6

GAB Business Services, Inc. v. Lindsey & Newsom Claim Services, Inc.,
    (2000) 83 Cal.App.4th 409 ..........................................................................6, 10

7

8

Valley Bank of Nevada v. Superior Court,
    (1975) 15 Cal.3d 652 ....................................................................................7, 9

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL

1

## NOTICE OF MOTION

2 **TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

3      NOTICE IS HEREBY GIVEN that on July 25, 2008 at 9:00 a.m. or as soon thereafter as

4 counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San

5 Francisco, CA 94102, Courtroom 7, Plaintiff Crump Insurance Services, Inc. ("Crump") will and

6 hereby does move to compel Defendant All Risks, Ltd. ("All Risks") to respond further to

7 discovery and to compel Defendant Michael P. McGrath ("McGrath"), Nicholas Cortezi

8 ("Cortezi"), and Cynthia Marty ("Marty") to appear for further depositions.

9      Crump seeks an order compelling All Risks to respond to Crump's Requests for

10 Production Nos. 4, 7, and 26 and to produce all responsive documents without any redactions, and

11 compelling McGrath, Cortezi, and Marty to appear for further depositions to answer questions

12 regarding the documents.  This motion is made on the grounds that All Risks did not fully

13 respond to the Requests for Production and made improper redactions from responsive

14 documents.

15      This motion is based upon this Notice of Motion and Motion, the accompanying

16 Memorandum of Points and Authorities, the Declaration of Dylan B. Carp, all pleadings and

17 papers on file in this action, and upon such other matters as may be presented to the Court at the

18 time of the hearing.

19      The undersigned certifies pursuant to Rule 37(a)(1) that the movant has in good faith

20 conferred with the party failing to make discovery in an effort to obtain it without court action.

21 DATED: June 18, 2008                    JACKSON LEWIS LLP

22

23

24 By: _____

25      Mark S. Askanas
      Dylan B. Carp
26      Tara L. Riedley
      Attorneys for Plaintiff
27      CRUMP INSURANCE SERVICES, INC.

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE ISSUES TO BE DECIDED

Should this Court compel All Risks to respond to Plaintiff's Requests for Production Nos. 4, 7, and 26 and to produce all responsive documents without any redactions, and compel McGrath, Cortezi and Marty to answer questions about the documents at further depositions?

### STATEMENT OF FACTS

Crump is an insurance wholesaler doing business in the San Francisco area. Crump's customers are insurance retailers who place policies for insureds. All Risks is a competing insurance wholesaler also doing business in the San Francisco area.

Until June 2007, Crump employed Defendant Michael P. McGrath as an Executive Vice President and property insurance broker. (Declaration of Dylan B. Carp ("Carp Decl."), Ex. L[1] at 17:25-18:1.) In that role, McGrath participated in managing Crump's business. (Carp Decl., Ex. L at 20:15-28:20.) McGrath's employment contract with Crump prohibited him from soliciting any Crump employee to work for any other competitive company during and for a period of one year following termination of his Crump employment. (Carp Decl., Ex. K[2], Ex. 4, ¶ 14.) Also until June 2007, Crump employed Cynthia Marty as a property insurance broker. (Carp Decl., Ex. M[3] at 12:22-25.) Marty was McGrath's primary assistant on his team at Crump. (Carp Decl., Ex. K at 86:17-23; 100:3-11.)

In May 2007 All Risks was looking to set up a property brokerage business in the San Francisco area. (Carp Decl., Ex. M at 35:15-25.) All Risks recruited McGrath to try to encourage him to leave Crump and join All Risks. (Carp Decl., Ex. K at 85:17-86:24.) As a result of those recruiting efforts, in May 2007, while McGrath was employed as Crump's Executive Vice President and was being well compensated by Crump, McGrath began secretly assisting All Risks to hire away Marty from Crump. (Carp Decl., Ex. K at 76:16-21; 107:18-112:12.)

---

[1] Rough transcript of the deposition of Michael P. McGrath taken June 10, 2008. Crump will file and serve pertinent excerpts of the final transcript when it is ready if Defendants object to use of the rough transcript or if this Court orders Crump to do so.
[2] Transcript of the deposition of Michael P. McGrath taken April 30, 2008.
[3] Transcript of the deposition of Cynthia Marty taken April 30, 2008

1      Some of the assistance that McGrath provided All Risks in recruiting Marty is disclosed

2  in a series of e-mails between McGrath and All Risks' President, Nicholas Cortezi. (Carp Decl.,

3  Ex. K, Ex. 16.) All Risks produced these e-mails during discovery, but All Risks redacted key

4  information, apparently including names of Crump employees being discussed, terms of

5  potential compensation at All Risks if those employees left Crump, and Crump financial

6  information. (Carp Decl., Ex. K, Ex. 16; Carp Decl., Ex. C, Enclosed Document Production[4];

7  Carp Decl., Ex. E, Enclosure (Defendants' Redaction Log).) The e-mails consist of discussions

8  before and after a dinner meeting among Cortezi, McGrath and Marty on or around May 22,

9  2007. (Carp Decl., Ex. K, Ex. 16.)

10      On Sunday, June 3, 2007, McGrath went into his office at Crump and printed the entire

11  Contacts list from the Outlook folder that Crump permitted him to use while performing his

12  duties at Crump, which contained the e-mail addresses and other information regarding Crump

13  customers. (Carp Decl., Ex. K at 70:4-72:8.) McGrath used the e-mail addresses on the printout

14  to send solicitations to Crump customers to do business with All Risks. (Carp Decl., Ex. K at

15  65:22-72:8.) Almost immediately after McGrath joined All Risks, Crump began receiving

16  "Broker of Record" letters from Crump customers regarding policies that were imminently due

17  for renewal. (Carp Decl., Ex. K, Exs. 8-14, 20, 21.) These letters meant that the policy renewals

18  would be handled by All Risks, not by Crump, so that All Risks rather than Crump would earn a

19  profit on those renewals.

20      McGrath claims that on June 3, 2007 he gave Crump verbal notice that he was

21  terminating his employment. (Carp Decl., Ex. K at 114:17-115:6.) McGrath claims that he

22  became employed as a broker for All Risks beginning June 4, 2007. (Carp Decl., Ex. K at

23  14:16-21.) With McGrath's assistance All Risks successfully hired away Marty from Crump.

24  On June 4, 2007, Marty first told Crump that she wanted to leave. (Carp Decl., Ex. M at 13:8-

25  10.) Crump asked Marty to think about her decision, and she agreed to do so. (Carp Decl., Ex.

26  M at 15:15-16:1.) Marty worked through the entire month of June 2007. (Carp Decl., Ex. M at

27  67:1-5.) During that month when Marty was at Crump and McGrath was at All Risks, McGrath

28

---

[4] Defendant All Risks, LTD's Response to Plaintiff's Request for Production of Documents.

1  called Marty "occasionally." (Carp Decl., Ex. M at 67:24-68:11.)  Marty claims that she became

2  employed as a broker at All Risks the Monday following her last day of work for Crump in June,

3  or July 2, 2007. (Carp Decl., Ex. M at 68:21-23.)    In late May 2007, soon before she left

4  Crump, Marty asked a Crump employee to give her the expiration log for property accounts,

5  which lists the accounts, the dates their policies come up for renewal, the retail broker, the

6  insured, the policy effective dates, the premiums, and the commissions. (Carp Decl., Ex. M at

7  51:8-52:3.)  Marty thinks that the log included accounts that McGrath was responsible for.

8  (Carp Decl., Ex. M at 57:6-10.)  If so, the log would have been useful to McGrath and Marty at

9  All Risks to target those policies that were soon coming up for renewal.

10      Crump is suing McGrath for:

11  - Breaching his fiduciary duty of loyalty to Crump when he assisted All Risks in
12    recruiting Marty and perhaps other employees to leave Crump and join All Risks;

13  - Breaching the non-solicitation of employees clause in his Crump employment
14    contract;

15  - Misappropriating Crump's trade secrets by printing out e-mail addresses and other
16    information regarding customers and using that information to solicit those
17    customers on behalf of All Risks;

18  - Intentionally and negligently interfering with Crump's customers; and

19  - Intentionally and negligently interfering with Crump's employment relationships
20    with Marty and other employees. (Carp Decl., Ex. A[5].)

21      Crump is suing All Risks for:

22  - Misappropriating Crump's trade secrets;

23  - Intentionally and negligently interfering with Crump's customers; and

24  - Intentionally and negligently interfering with Crump's employment relationships
25    with McGrath, Marty, and other employees. (Carp Decl., Ex. A.)

26      The parties met and conferred through counsel via fax and telephone, but were unable to

27  resolve the disputes presented in this motion. (Carp Decl., ¶ 2 & Exs. D-J.)

28

---

[5] Complaint for Damages.

**ARGUMENT**

I.    **Plaintiff's Requests for Production to All Risks, All Risks' objections, and reasons why this Court should compel further responses.**

A.    **Request for Production No. 4.**

REQUEST:

"All documents and electronically stored information from January 1, 2007 through the present, concerning or relating to solicitation of employees of Crump Insurance Services to work with All Risks, Ltd."

RESPONSE:

"Defendant objects to this request as overly broad. Defendant further objects to this request as it assumes facts not in evidence. Defendant objects to this request as it calls for a legal conclusion and thereby seeks to violate the attorney-client and attorney-work product privileges."

REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE:

During the meet and confer process, counsel for All Risks confirmed in writing that no documents have been withheld on account of the attorney-client and/or attorney-work product privileges (Carp Decl., Ex. H at 2), so these objections are not well taken. The objection that the request assumes facts not in evidence is nonsensical, as All Risks is required to conduct a diligent search and reasonable inquiry for responsive documents whether or not any facts have been admitted into evidence. The request is not overly broad because responsive documents would be directly relevant to Crump's claims that:

(1)    McGrath wrongfully assisted All Risks in recruiting Marty while McGrath was Crump's Executive Vice President;

(2)    McGrath wrongfully solicited Marty after McGrath left Crump's employ; and

(3)    McGrath disclosed, and All Risks used, Crump's confidential information regarding Marty's compensation and Crump's finances. Responsive documents may also disclose wrongful solicitation of or interference with other Crump employees.

///

1    McGrath owed Crump a fiduciary duty of loyalty as an officer who participated in

2  management of the corporation. (*GAB Business Services, Inc. v. Lindsey & Newsom Claim*

3  *Services, Inc.* (2000) 83 Cal.App.4th 409, 420-21, 99 Cal.Rptr.2d 665, 672 )  McGrath also

4  owed Crump a fiduciary duty of loyalty as Crump's agent and employee. (*Otsuka v. Polo Ralph*

5  *Lauren Corp.* (N.D. Cal. Nov. 9, 2007) 2007 U.S. Dist. LEXIS 86523, *7-*8.)  McGrath's

6  assistance to All Risks in recruiting Marty from Crump, apparently using confidential

7  information regarding Marty's compensation, while McGrath was Crump's Executive Vice

8  President and employee, violated these fiduciary duties of loyalty. (*Bancroft-Whitney Co. v.*

9  *Glen* (1966) 64 Cal.2d 327, 352, 49 Cal.Rptr. 825, 843.)  Crump has the right to learn the extent

10  of McGrath's wrongful assistance to All Risks.

11      During the meet and confer process, counsel for All Risks stated that the request "seeks a

12  hopelessly wide range of documents," but identified only one purportedly impermissible

13  category: "internal communications regarding what salaries should be offered". (Carp Decl., Ex.

14  H at 3.)  Contrary to Defense counsel's assertion, this category of documents is relevant because

15  it would reveal whether McGrath wrongfully disclosed, and All Risks relied on, confidential

16  Crump information such as Marty's compensation at Crump.  It would also disclose the extent

17  of McGrath's wrongful assistance to All Risks in determining what to offer Marty in order to

18  successfully hire her away from Crump, and whether All Risks relied on that wrongful

19  assistance.

20      **B.      Request for Production No. 7.**

21  REQUEST:

22      "All documents and electronically stored information from January 1, 2007 through

23  September 1, 2007, concerning or relating to the possible employment of Cindi Marty."

24  RESPONSE:

25      "Defendant objects to this request as overly broad.  Defendant further objects that this

26  response seeks to violate constitutional, statutory, and/or common law privacy rights of third

27  parties not party to this litigation."

28  ///

1 REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE:

2       This request is not overly broad because documents regarding All Risks' possible

3 employment of Marty would be directly relevant to Crump's claims that McGrath wrongfully

4 assisted All Risks in recruiting Marty while McGrath was Crump's Executive Vice President,

5 that McGrath wrongfully solicited Marty after McGrath left Crump's employee, and that

6 McGrath disclosed and All Risks used Crump's confidential information regarding Marty's

7 compensation and Crump's finances.

8       Regarding All Risks' privacy objection, during the meet and confer process counsel for

9 All Risks provided a redaction log listing information redacted on this ground. (Carp Decl.,

10 Ex. E, enclosure.) These are addressed in detail below. All Risks' counsel also promised to

11 provide "a log of documents withheld for privacy reasons, to the extent any such documents

12 were withheld for privacy," (Carp Decl., Ex. J at 1), but because they have not yet done so it is

13 difficult for Crump to address the privacy concerns of any responsive document in particular.

14 However, to the extent there are responsive documents covered by the right to privacy, this

15 Court must balance the privacy right against Crump's right to discover relevant facts. (*Valley*

16 *Bank of Nevada v. Superior* Court (1975) 15 Cal.3d 652, 657, 125 Cal.Rptr. 553, 555.)

17 Generally, the right to privacy should not trump the right to discovery in this situation, otherwise

18 it would be impossible to discover relevant facts in cases involving alleged wrongful

19 interference with employment relationships. That is particularly so given that the parties have

20 already negotiated a protective order to keep information confidential.

21     **C.**     **Request for Production No. 26:**

22 REQUEST:

23       "All documents and electronically stored information from January 1, 2007 through

24 September 1, 2007, concerning or relating to efforts made by You to obtain Cindi Marty as an

25 employee of All Risks, Ltd."

26 RESPONSE:

27       "Defendant objects to this request as overly broad. Defendant further objects to this

28 request as it assumes facts not in evidence. Defendant objects to this request as it seeks

1   information that is neither relevant to this action nor reasonably calculated to lead to the
2   discovery of admissible evidence.  Defendant further objects that this response seeks to violate
3   constitutional, statutory, and/or common law privacy rights of third parties not party to this
4   litigation."

5   REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE:

6        This request is very similar to Request No. 7, so the reason why this Court should
7   compel a further response is the same regarding No. 7.

8   **II.    All Risks' redactions.**

9        All Risks produced a number of pages of documents with redactions.  (Carp Decl., Ex.
10  C.)  All Risks did not identify which requests the documents were responsive to.  (Carp Decl.,
11  Ex. C.)  Therefore, Crump addresses these redactions without reference to any specific requests
12  or objections.

13       **A.    ALL000006.**

14       This page has two redactions for the privacy rights of third parties not party to this
15  litigation.  Crump suspects that the redacted material relates to All Risks' efforts in soliciting
16  McGrath, Marty, or other then-current Crump employees.  During the meet and confer process,
17  counsel for All Risks stated that "Defendants will provide documents with the names of the
18  employees listed in the documents that are currently redacted."  (Carp Decl., Ex. H at 1.)
19  However, All Risks' counsel stated that they will not "reveal the information related to the
20  proposed salaries and/or terms of employment for those individuals."  (Carp Decl., Ex. H at 1.)

21       Because Crump does not know the substance of the information redacted, Crump cannot
22  address whether the right to privacy applies.  Therefore this Court should review the information
23  *in camera* to determine whether the right applies, with counsel for All Risks bearing the burden
24  of assisting the court to conduct that hearing.  (*Babcock v. Superior Court* (1994) 29
25  Cal.App.4th 721, 727, 35 Cal.Rptr.2d 462, 465.)  Of course, if the right to privacy does not
26  apply, then this Court should order All Risks to produce the information.  Even if the right to
27  privacy applies to the information, as noted above this Court must balance the privacy right
28  against Crump's right to discover relevant facts. (*Valley Bank of Nevada*, *supra*, 15 Cal.3d at p.

1    657, 125 Cal.Rptr. at p. 555.)  Crump's right to discover the information almost certainly

2    outweighs any right to keep the information private.  The information appears necessary to

3    proving that All Risks planned to recruit Crump employees in addition to McGrath as early as

4    May 2, 2007, which is relevant to Crump's claim that All Risks intentionally sought out

5    McGrath to interfere with Crump's employment relationship with Marty or other Crump

6    employees.  Further, if potential employment terms are discussed, that could reveal whether All

7    Risks changed those terms after McGrath began assisting All Risks with its recruiting efforts

8    and whether McGrath divulged Crump employees' compensation information.

9          **B.    ALL000007.**

10         All Risks describes this page as an "Email between Matt Nichols and Nick Cortezi," but

11   the entire page is blank except for a large "Redacted" in the upper left-hand corner.  Again,

12   Crump suspects that the information relates to All Risks' efforts to recruit Crump employees.

13   This Court should review the information *in camera* to determine whether it is discoverable,

14   either because the right to privacy does not apply, or because Crump's need to discover the

15   information outweighs the right to keep the information private.

16         **C.    ALL000009-10.**

17         The bottom of ALL0000010 consists of an e-mail from McGrath to Cortezi dated May 7,

18   2007.  The e-mail begins, "Good to go with [redacted] on the 16th at Cosmo's."  The redacted

19   information is most likely Marty's name, as McGrath and Cortezi met with Marty at Cozmo's

20   around that date, and All Risks' counsel has already agreed to disclose all Crump employees'

21   names.  However, if it is not a Crump employee name, this Court should review it *in camera* to

22   determine its discoverability.

23         Lower down, the e-mail says, "Need to look into [Redact] and guarantee for min of 3 yr.

24   Salary plus bonus."  It is unclear what this redacted information is.  If All Risks does not reveal

25   it because it is not Marty's name, then this Court should review it *in camera* to determine its

26   discoverability.

27         Higher up the page contains Cortezi's undated response.  By piecing together other parts

28   of All Risks' production, it is clear that Cortezi's response is, "Looking forward to dinner—

1   would you let me know [Redacted] total comp numbers so that I can work them into the

2   equation?" Again, the redacted portion appears to be Marty's name, which All Risks has agreed

3   to produce. If All Risks does not reveal it because it is not an employee's name, this Court

4   should review the information *in camera* to determine its discoverability.

5       On page ALL000009, the bottom contains McGrath's response to Cortezi, dated May 22,

6   2007, which apparently is after their dinner with Marty. Counsel for All Risks has apparently

7   redacted the following information: (1) Marty's name; (2) McGrath's requested minimum salary

8   and signing bonus; and (3) McGrath's suggested terms for recruiting Marty to All Risks.

9       If All Risks does not reveal this information because it is not an employee's name, then

10  this Court should review it *in camera* to determine its discoverability. In particular, if the

11  information is McGrath's suggested terms for recruiting Marty to All Risks, then Crump has an

12  acute need to discover it. As noted, McGrath owed Crump a fiduciary duty of loyalty as an

13  officer who participated in management of the corporation and as Crump's agent and employee.

14  (*GAB*, *supra*, 83 Cal.App.4th at pp. 420-21, 99 Cal.Rptr.2d at p. 672; *Otsuka*, *supra*, 2007 U.S.

15  Dist. LEXIS at pp. *7-*8.) McGrath violated these fiduciary duties when he helped All Risks

16  recruit Marty from Crump. (*Bancroft-Whitney*, *supra*, 64 Cal.2d at p. 352, 49 Cal.Rptr. at

17  p. 843.) Crump has the right to learn the extent of McGrath's wrongful assistance to All Risks,

18  including any terms of Marty's potential employment at All Risks that McGrath suggested that

19  All Risks offer her.

20      Regarding the information redacted from page ALL000009, All Risks also asserts a

21  confidential and proprietary objection. However, the parties have already negotiated a stipulated

22  protective order that governs the discovery of confidential and proprietary information. Further,

23  during the meet and confer process, we repeatedly offered to discuss stricter protection if

24  counsel for All Risks thought it was necessary, but All Risks' counsel never took us up on our

25  offer.

26      **D.      ALL0000016.**

27      This appears to be an e-mail from Dawn E. D'Onofrio to Nichols dated May 18, 2005. It

28  is difficult to determine what information has been redacted, but it appears to be information

1   regarding All Risks' efforts to recruit McGrath and other Crump employees. For the reasons

2   stated above, this Court should review the information *in camera* to determine its

3   discoverability.

4       **E.      ALL0000018-19.**

5       This is an e-mail from Cortezi to Nichols apparently regarding proposed terms for

6   McGrath and Marty to join All Risks. Much of this information has been redacted. Crump

7   needs to see this information to determine (1) how much wrongful assistance McGrath gave to

8   All Risks regarding their efforts to recruit Marty, and (2) the extent of All Risks' benefit from

9   that wrongful assistance. This Court should review the information *in camera* to determine its

10  discoverability.

11  **III.    This Court should compel further depositions regarding the documents.**

12      All Risks should have produced the documents discussed above before the parties

13  engaged in expensive deposition discovery. Because Crump did not have all responsive, un-

14  redacted documents in a timely manner, Crump was unable to question McGrath, Cortezi, and

15  Marty about them. As a result, this Court should compel McGrath, Cortezi, and Marty to appear

16  for further depositions to answer questions regarding these documents.

17                              **CONCLUSION**

18      For the reasons stated above, this Court should compel All Risks to respond to Crump's

19  Requests for Production Nos. 4, 7, and 26 and produce all responsive documents without any

20  redactions, and compel McGrath, Cortezi, and Marty to answer questions about these documents

21  at further depositions.

22  DATED: June 18, 2008                    JACKSON LEWIS LLP

23

24                                  By: _____

25                                      Mark S. Askanas
                                        Dylan B. Carp
26                                      Tara L. Riedley
                                        Attorneys for Plaintiff
27                                      CRUMP INSURANCE SERVICES, INC.

28