# EXHIBIT C

1  STEPHEN J. HIRSCHFELD (SBN 118068)
   DONNA M. RUTTER (SBN 145704)
2  KRISTEN L. WILLIAMS (SBN 232644)
   CURIALE DELLAVERSON HIRSCHFELD
3     & KRAEMER, LLP
   727 Sansome Street
4  San Francisco, CA 94111
   Telephone: (415) 835-9000
5  Facsimile: (415) 834-0443

6  Attorneys for Defendants
   MICHAEL P. MCGRATH and ALL RISKS, LTD.
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10

11  CRUMP INSURANCE SERVICES, INC.,       Case No. C-07-4636 MMC

12              Plaintiff,                 **DEFENDANT ALL RISKS, LTD'S**
                                           **RESPONSE TO PLAINTIFF'S CRUMP**
13  vs.                                    **INSURANCE'S REQUEST FOR**
                                           **PRODUCTION OF DOCUMENTS**
14  MICHAEL P. MCGRATH, an individual,     **[F.R.C.P. 34]**
    ALL RISKS, LTD., a corporation, and
15  Does 1 through 50, inclusive,

16              Defendants.

17  ───────────────────────────────────

18  **PROPOUNDING PARTY:**    Plaintiff, CRUMP INSURANCE SERVICES

19  **RESPONDING PARTY:**     Defendant, ALL RISKS, LTD.

20  **SET NUMBER:**           ONE (1)

21

22          **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

23      Defendant All Risks, Ltd. ("Defendant") hereby responds to Plaintiff Crump Insurance

24  Services ("Plaintiff") Request for Production of Documents (Set One). The following responses

25  and objections are made solely for the purposes of this action. Each response is subject to all

26  objections as to competence, relevance, materiality, propriety, admissibility, and any and all other

27  objections and grounds that would require the exclusion of any statement, if any statements

28

                                           1

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  contained herein were made by a witness present and testifying in court, all of which objections

2  and grounds are reserved and may be interposed at the time of trial.

3       Defendant's discovery and investigation has proceeded with diligence but it is,

4  nevertheless, incomplete and continuing.  Accordingly, the following responses represent

5  Defendant's current knowledge based on information reasonably available to it, and are as

6  complete as Defendant is now required by law and is able to give.  The responses do not,

7  however, contain other facts which may be obtained through ongoing factual investigation,

8  review, analysis, discovery and trial preparation.  To the extent these Requests may be construed

9  as requesting more detail, or to the extent Plaintiff contends Defendant's responses are inadequate

10  or incomplete, Defendant objects on the grounds that any further responses at this time would be

11  unduly burdensome, oppressive and require a degree of completeness not required by law.

12  Defendant reserves its right to present additional evidence at trial based on information

13  subsequently obtained or evaluated.

14       Except for explicit facts submitted herein, no incidental or implied admissions are

15  intended hereby.  The fact that Defendant has answered or objected to any Request for Production

16  or part thereof should not be taken as an admission that Defendant accepts or admits the existence

17  of any facts set forth or assumed by such Request Production and that such answer or objection

18  constitutes admissible evidence.  The fact that Defendant has answered part or all of any Request

19  for Production is not intended, and shall not be construed, to be a waiver by Defendant of all or

20  any part of any objection to any Request for Production.

21       To the extent that any or all of the Requests call for information or material which was

22  prepared in anticipation of litigation or for trial or for information or material covered by the

23  attorney-client privilege or attorney work-product doctrine or which constitutes information or

24  material which is privileged or related to confidential trade secrets or privacy (including freedom

25  of association and financial privacy), Defendant objects to each and every such Request for

26  Production and thus will not supply or render any information or material protected from

27  discovery by virtue of the work-product doctrine, the attorney-client privilege, or trade secret

28  and/or privacy privileges.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  The above-stated objections are hereby made applicable to each and all of these Requests

2  for Production and are hereby, as to each and all of them, incorporated by reference as if fully set

3  forth therein.

4

5  ### REQUEST FOR PRODUCTION OF DOCUMENTS

6  **REQUEST FOR PRODUCTION NO. 1:**

7  All documents and electronically stored information from January 1, 2007 through

8  September 1, 2007, concerning or relating to Your hiring of Michael P. McGrath as an employee

9  of All Risks, Ltd.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

11  Defendant objects to this request as overly broad.  Defendant objects to this request as it

12  seeks confidential, proprietary or trade secret information.  Defendant further objects that this

13  response seeks to violate constitutional, statutory, and/or common law privacy rights of third

14  parties not party to this litigation.  Subject to and without waiving the foregoing, Defendant

15  responds as follows: Defendant will produce all documents responsive to this request in its

16  possession, custody, or control that it deems are responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 2:**

18  All documents and electronically stored information from January 1, 2007 through

19  September 1, 2007, concerning or relating to clients or customers of Crump Insurance Services

20  which You obtained following the termination of Michael P. McGrath's employment with Crump

21  Insurance Services.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

23  Defendant objects to this request as overly broad.  Defendant objects to this request as it

24  seeks confidential, proprietary or trade secret information.  Defendant objects to this request as

25  vague and ambiguous as to the phrase "clients or customers of Crump Insurance Services" make a

26  response impossible without speculation as to the true meaning of the phrase or whether

27  Defendant is actually aware of Crump's clients or customers.

28

*CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO*

1    **REQUEST FOR PRODUCTION NO. 3:**

2          All documents and electronically stored information from January 1, 2007 through the

3    present, concerning or relating to solicitation of insurance business from any customers or clients

4    of Crump Insurance Services wherein You were provided information about that customer or

5    client from Michael P. McGrath.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

7          Defendant objects to this request as overly broad.  Defendant further objects to this

8    request as it assumes facts not in evidence.  Defendant objects to this request as it calls for a legal

9    conclusion and thereby seeks to violate the attorney-client and attorney work product privileges.

10   Defendant objects to this request as vague and ambiguous as to the phrase "clients or customers

11   of Crump Insurance Services" make a response impossible without speculation as to the true

12   meaning of the phrase or whether Defendant is actually aware of Crump's clients or customers.

13   **REQUEST FOR PRODUCTION NO. 4:**

14         All documents and electronically stored information from January 1, 2007 through the

15   present, concerning or relating to solicitation of employees of Crump Insurance Services to work

16   with All Risks, Ltd.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

18         Defendant objects to this request as overly broad.  Defendant further objects to this

19   request as it assumes facts not in evidence.  Defendant objects to this request as it calls for a legal

20   conclusion and thereby seeks to violate the attorney-client and attorney work product privileges.

21   **REQUEST FOR PRODUCTION NO. 5:**

22         All documents and electronically stored information from January 1, 2007 through

23   September 1, 2007, concerning or relating to obtaining Broker of Record letters designating All

24   Risks, Ltd. as a broker of record in place of Crump Insurance Services.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

26         Defendant objects to this request as overly broad.  Defendant objects to this request as it

27   seeks confidential, proprietary or trade secret information.  Subject to and without waiving the

28   foregoing, Defendant responds as follows: Defendant will produce any documents responsive to

4

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    this request in his possession, custody or control that relate to clients of Michael McGrath.

2    **REQUEST FOR PRODUCTION NO. 6:**

3       All documents and electronically stored information from January 1, 2007 through

4    September 1, 2007, concerning or relating to the dollar amount of business which You believed

5    Michael P. McGrath could bring to All Risks, Ltd. if You were employed by You.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7       Defendant objects to this request is vague and ambiguous and unintelligible, specifically

8    regarding the phrase "which You believed Michael P. McGrath could bring to All Risks, Ltd. if

9    You were employed by You" making a response impossible without speculation as to the true

10   meaning of the phrase.  Defendant further objects to the request as it assumes facts not in

11   evidence.  Subject to and without waiving the foregoing, Defendant responds as follows:

12   Defendant has performed a diligent and does not have any documents responsive to this request in

13   its possession, custody or control.

14   **REQUEST FOR PRODUCTION NO. 7:**

15       All documents and electronically stored information from January 1, 2007 through

16   September 1, 2007, concerning or relating to the possible employment of Cindi Marty.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

18       Defendant objects to this request as overly broad.  Defendant further objects that this

19   response seeks to violate constitutional, statutory, and/or common law privacy rights of third

20   parties not party to this litigation.

21   **REQUEST FOR PRODUCTION NO. 8:**

22       All documents and electronically stored information from January 1, 2007 through

23   September 1, 2007, concerning or relating to Menlo Equities LLC insurance business.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

25       Defendant objects to this request as overly broad. Defendant objects to this request as it

26   seeks information that is neither relevant to this action nor reasonably calculated to lead to the

27   discovery of admissible evidence.  Defendant objects to this request as it seeks confidential,

28   proprietary or trade secret information.

5

1  **REQUEST FOR PRODUCTION NO. 9:**

2      All documents and electronically stored information from January 1, 2007 through

3  September 1, 2007, concerning or relating to Alecta Real Estate USA LLC insurance business.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

5      Defendant objects to this request as overly broad. Defendant objects to this request as it

6  seeks information that is neither relevant to this action nor reasonably calculated to lead to the

7  discovery of admissible evidence.  Defendant objects to this request as it seeks confidential,

8  proprietary or trade secret information.

9  **REQUEST FOR PRODUCTION NO. 10:**

10      All documents and electronically stored information from January 1, 2007 through

11  September 1, 2007, concerning or relating to Jay & Carole Hagglund Trust Insurance business.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

13      Defendant objects to this request as overly broad. Defendant objects to this request as it

14  seeks information that is neither relevant to this action nor reasonably calculated to lead to the

15  discovery of admissible evidence.  Defendant objects to this request as it seeks confidential,

16  proprietary or trade secret information.

17  **REQUEST FOR PRODUCTION NO. 11:**

18      All documents and electronically stored information from January 1, 2007 through

19  September 1, 2007, concerning or relating to North First Street Properties insurance business.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

21      Defendant objects to this request as overly broad. Defendant objects to this request as it

22  seeks information that is neither relevant to this action nor reasonably calculated to lead to the

23  discovery of admissible evidence.  Defendant objects to this request as it seeks confidential,

24  proprietary or trade secret information.

25  **REQUEST FOR PRODUCTION NO. 12:**

26      All documents and electronically stored information from January 1, 2007 through

27  September 1, 2007, concerning or relating to Brandenburg Staedler & Moore insurance business.

28

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

2      Defendant objects to this request as overly broad. Defendant objects to this request as it

3  seeks information that is neither relevant to this action nor reasonably calculated to lead to the

4  discovery of admissible evidence.  Defendant objects to this request as it seeks confidential,

5  proprietary or trade secret information.

6  **REQUEST FOR PRODUCTION NO. 13:**

7      All documents which You contend support Your Second Affirmative Defense that the

8  causes of action set forth in the Complaint are barred, in whole or in part, by the doctrine of

9  waiver.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11      Defendant objects to this request as overly broad.  Defendant further objects to this

12  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

13  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

14  responds as follows: Discovery is continuing and Defendant will produce any documents

15  responsive to this request in its possession, custody, or control.

16  **REQUEST FOR PRODUCTION NO. 14:**

17      All documents which You contend support Your Third Affirmative Defense that the

18  causes of action in the Complaint are barred, in whole or in part by the doctrine of estoppel.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

20      Defendant objects to this request as overly broad.  Defendant further objects to this

21  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

22  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

23  responds as follows: Discovery is continuing and Defendant will produce any documents

24  responsive to this request in its possession, custody, or control.

25  **REQUEST FOR PRODUCTION NO. 15:**

26      All documents which You contend support Your Fourth Affirmative Defense that the

27  causes of action in the Complaint are barred, in whole or in part by the doctrine of unclean hands.

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

2      Defendant objects to this request as overly broad.  Defendant further objects to this

3  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

4  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

5  responds as follows: Discovery is continuing and Defendant will produce any documents

6  responsive to this request in its possession, custody, or control.

7  **REQUEST FOR PRODUCTION NO. 16:**

8      All document which You contend support Your Fifth Affirmative Defense that the causes

9  of action in the Complaint are barred, in whole or in part by the doctrine of laches.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

11      Defendant objects to this request as overly broad.  Defendant further objects to this

12  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

13  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

14  responds as follows: Discovery is continuing and Defendant will produce any documents

15  responsive to this request in its possession, custody, or control.

16  **REQUEST FOR PRODUCTION NO. 17:**

17      All documents which You contend support Your Sixth Affirmative Defense that the

18  causes of action in the Complaint are barred by the applicable statute of limitations.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

20      Defendant objects to this request as overly broad.  Defendant further objects to this

21  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

22  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

23  responds as follows: Discovery is continuing and Defendant will produce any documents

24  responsive to this request in its possession, custody, or control.

25  **REQUEST FOR PRODUCTION NO. 18:**

26      All document which You contend support Your Seventh Affirmative Defense that the

27  causes of action in the Complaint are privileged by legitimate business necessity and/or other

28  reasons.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

2      Defendant objects to this request as overly broad.  Defendant further objects to this

3  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

4  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

5  responds as follows: Discovery is continuing and Defendant will produce any documents

6  responsive to this request in its possession, custody, or control.

7  **REQUEST FOR PRODUCTION NO. 19:**

8      All documents which You contend support Your Eighth Affirmative Defense that the

9  agreement alleged in the Complaint is void or voidable for lack of consideration.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

11      Defendant objects to this request as overly broad.  Defendant further objects to this

12  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

13  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

14  responds as follows: Discovery is continuing and Defendant will produce any documents

15  responsive to this request in its possession, custody, or control.

16  **REQUEST FOR PRODUCTION NO. 20:**

17      All documents which You contend support Your Ninth Affirmative Defense that the

18  agreement in the complaint is in illegal and/or contravention of public policy.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

20      Defendant objects to this request as overly broad.  Defendant further objects to this

21  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

22  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

23  responds as follows: Discovery is continuing and Defendant will produce any documents

24  responsive to this request in its possession, custody, or control.

25  **REQUEST FOR PRODUCTION NO. 21:**

26      All documents which You contend support your Tenth Affirmative Defense that the

27  agreement alleged in the Complaint is void under California Business & Professions Code section

28  16600.

9

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2      Defendant objects to this request as overly broad. Defendant further objects to this

3  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

4  attorney work product privileges. Subject to and without waiving the foregoing, Defendant

5  responds as follows: Discovery is continuing and Defendant will produce any documents

6  responsive to this request in its possession, custody, or control.

7  **REQUEST FOR PRODUCTION NO. 22:**

8      All documents which You contend support Your Eleventh Affirmative Defense that the

9  agreement alleged in the complaint fails because it is vague and ambiguous as to material terms.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

11      Defendant objects to this request as overly broad. Defendant further objects to this

12 request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

13 attorney work product privileges. Subject to and without waiving the foregoing, Defendant

14 responds as follows: Discovery is continuing and Defendant will produce any documents

15 responsive to this request in its possession, custody, or control.

16 **REQUEST FOR PRODUCTION NO. 23:**

17      All documents which You contend support Your Twelfth Affirmative Defense that the

18 imposition of punitive or exemplary damages would violate of the Constitution of the United

19 States of America and the State of California.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

21      Defendant objects to this request as overly broad. Defendant further objects to this

22 request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

23 attorney work product privileges. Subject to and without waiving the foregoing, Defendant

24 responds as follows: Discovery is continuing and Defendant will produce any documents

25 responsive to this request in its possession, custody, or control.

26 **REQUEST FOR PRODUCTION NO. 24:**

27      All documents which You contend support Your Thirteenth Affirmative Defense that the

28 defendants acted without malice and with a good faith belief in the propriety of their conduct.

10

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

2      Defendant objects to this request as overly broad. Defendant further objects to this

3  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

4  attorney work product privileges. Subject to and without waiving the foregoing, Defendant

5  responds as follows: Discovery is continuing and Defendant will produce any documents

6  responsive to this request in its possession, custody, or control.

7  **REQUEST FOR PRODUCTION NO. 25:**

8      All documents and electronically stored information from January 1, 2007 through

9  September 1, 2007, concerning or relating to policy expiration dates of customers of Plaintiff.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

11     Defendant objects to this request as overly broad. Defendant objects to this request as it

12 seeks information that is neither relevant to this action nor reasonably calculated to lead to the

13 discovery of admissible evidence. Defendant further objects that this response seeks to violate

14 constitutional, statutory, and/or common law privacy rights of third parties not party to this

15 litigation. Subject to and without waiving the foregoing, Defendant responds as follows:

16 Defendant has performed a reasonable and diligent search and does not have any documents

17 responsive to this request in his possession, custody or control.

18 **REQUEST FOR PRODUCTION NO. 26:**

19     All documents and electronically stored information from January 1, 2007 through

20 September 1, 2007, concerning or relating to efforts made by You to obtain Cindi Marty as an

21 employee of All Risks, Ltd.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

23     Defendant objects to this request as overly broad. Defendant objects to this request as it

24 assumes facts not in evidence. Defendant objects to this request as it seeks information that is

25 neither relevant to this action nor reasonably calculated to lead to the discovery of admissible

26 evidence. Defendant further objects that this response seeks to violate constitutional, statutory,

27 and/or common law privacy rights of third parties not party to this litigation.

28

1    **REQUEST FOR PRODUCTION NO. 27:**

2    All documents and electronically stored information from January 1, 2007 through July 1,

3    2007, provided to You by Michael P. McGrath in order to obtain insurance business.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

5    Defendant objects to this request as overly broad. Defendant objects to this request as it

6    assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds

7    as follows: Defendant has performed a reasonable and diligent search and does not have any

8    documents responsive to this request in its possession, custody or control.

9    **REQUEST FOR PRODUCTION NO. 28:**

10    Any and all list of customers of the Crump Insurance Services.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

12    Defendant objects to this request as overly broad. Defendant objects to this request as it

13    assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds

14    as follows: Defendant has performed a reasonable and diligent search and does not have any

15    documents responsive to this request in its possession, custody or control.

16    **REQUEST FOR PRODUCTION NO. 29:**

17    Any and all information provided to You by Michael P. McGrath related to the expiration

18    of insurance for any customer of Crump Insurance Services.

19    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

20    Defendant objects to this request as overly broad. Defendant objects to this request as it

21    assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds

22    as follows: Defendant has performed a reasonable and diligent search and does not have any

23    documents responsive to this request in its possession, custody or control.

24    **REQUEST FOR PRODUCTION NO. 30:**

25    Any and all information provided to You by Michael P. McGrath related to the polices of

26    insurance for any customer of Crump Insurance Services.

27    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

28    Defendant objects to this request as overly broad. Defendant objects to this request as it

12

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    assumes facts not in evidence.  Subject to and without waiving the foregoing, Defendant responds

2    as follows: Defendant has performed a reasonable and diligent search and does not have any

3    documents responsive to this request in its possession, custody or control.

4    Dated: February 13, 2008                                    CURIALE DELLAVERSON HIRSCHFELD
                                                                 & KRAEMER, LLP
5

6

7    By: _Kristen L. Williams_

8                                                                Stephen J. Hirschfeld
                                                                 Donna M. Rutter
                                                                 Kristen L. Williams
9                                                                Attorneys for Defendants
                                                                 MICHAEL P. MCGRATH; ALL RISKS,
10                                                               LTD.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**VERIFICATION FORM TO FOLLOW**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Curiale Dellaverson Hirschfeld & Kraemer, LLP
Attorneys at Law
San Francisco

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am a resident of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On February 13, 2008, I served the following document(s) by the method indicated below:

> **DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP INSURANCE'S REQUEST FOR PRODUCTION OF DOCUMENTS [F.R.C.P. 34]**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by sending the documents electronically through email to the address listed below.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Douglas W. Stern
Fulbright & Jaworski, LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
Tel: (213) 892-9200
Fax: (213) 892-9494

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on February 13, 2008 at San Francisco, California.

_Angelique Pierre_
Angelique Pierre

15

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CONFIDENTIAL: Subject to Protective Order



**WOODRUFF
SAWYER &
COMPANY**

DT June 11, 2007

TO  Crump E&S of San Francisco Insurance Services, Inc

RE  California Teachers Association
    Difference in Conditions
    Insurance Company of the West
    Policy No. XH0216272700
    Term: 4/1/07 – 4/1/08

To Whom It May Concern:

This will confirm that as of June 11, 2007, we have appointed All Risks Insurance
Services, 101 California Street, Suite 3180, San Francisco, CA 94111 as our
exclusive surplus lines broker of record with respect to the above policy. This
appointment is immediate and rescinds all previous appointments. The authority
contained herein shall remain in force until canceled in writing.

This letter constitutes your authority to furnish All Risks Insurance Services with
information they may request to facilitate the transition.

Sincerely,

Judi Haines
Vice President/Account Executive
415-399-6441

/tl

Insurance Services
Risk Management
Employee Benefits

T  415.391 2141
F  415.989 9923

220 Bush Street, Floor 7
San Francisco, CA 94104

CA License 0329598
AN ASSUREX GLOBAL & IBN PARTNER

www.wsandco.com

ALL000001

CONFIDENTIAL: Subject to Protective Order



**WOODRUFF
SAWYER &
COMPANY**

June 7, 2007

Re:. Alecta pensionsforsakring, omsesidigt and Alecta Investment Management
SA, Inc., related entities or subsidiaries
Excess California Earthquake
Glenco Insurance Ltd, Policy #306009XQ-1, Policy Term: 7/1/06-07
Empire Indemnity Ins. Co., Policy #306010XQ-1, Policy Term: 7/1/06-07

To Whom It May Concern:

This will confirm that as of June 7, 2007, we have appointed All Risks Insurance
Services, 101 California Street, Suite 3180, San Francisco, CA 94111 as our
exclusive surplus lines broker of record with respect to the above policies. This
appointment is immediate and rescinds all previous appointments. The authority
contained herein shall remain in force until canceled in writing.

This letter constitutes your authority to furnish All Risks Insurance Services with
information they may request to facilitate the transition.

Sincerely,

Paul Lockie
Vice President
415-402-6545
plockie@wsandco.com

htl
cc: Mercedes Yazdani, Woodruff-Sawyer & Co., SF

**Insurance Services
Risk Management
Employee Benefits**

t 415.391.2141
f 415.989.9923

220 Bush Street, Floor 7
San Francisco, CA 94104

CA License 0329598
AN ASSURESK GLOBAL & JLH PARTNER

www.wsandco.com

ALL000002

CONFIDENTIAL: Subject to Protective Order



**WOODRUFF**
**SAWYER &**
**COMPANY**

June 11, 2007

TO Whom It May Concern

RE California Pacific Commercial Corporation
**Difference in Conditions Program**
Mt Hawley Insurance Co. Policy No. MDC0302557 ($2M Primary)
Westchester Surplus Lines Policy No I20674258 002
($3M xs $2M and $4M xs $20M)
Arch Specialty Insurance Co. Policy No. ESP0016481 00 ($5M xs $5M)
Endurance American Specialty Policy No. CPN10000185700 ($10M xs $10M)
Term: July 1, 2006 – 2007

This will confirm that as of June 11, 2007, we have appointed All Risks Insurance
Services, 101 California Street, Suite 3180, San Francisco, CA as our exclusive
surplus lines broker of record with respect to the above policies. This appointment
is immediate and rescinds all previous appointments. The authority contained
herein shall remain in force until canceled in writing.

This letter constitutes your authority to furnish All Risks Insurance Services with
information they may request to facilitate the transition.

Sincerely,

Linda Donley
Sr. Account Manager
(415) 399-6412
ldonley@wsandco.com

/ld

**Insurance Services**
**Risk Management**
**Employee Benefits**

P 415 391 2141
F 415 989 9923

220 Bush Street, Floor 7
San Francisco, CA 94104

CA License 0329598
AN ASSUREX GLOBAL & IBN PARTNER

www.wsandco.com

ALL000003

CONFIDENTIAL: Subject to Protective Order



**WOODRUFF
SAWYER &
COMPANY**

June 4, 2007

TO Whom It May Concern

RE Brandenburg, Staedler & Moore
Difference in Conditions (Earthquake & Flood) Program
Term: July 1, 2007 – 2008

Trader's & Pacific Insurance Co. Policy No. CPN10000209-00 - $5M xs $5M
Hudson Specialty Policy No. HS10579 - $5M p/o $10M xs $10M
Underwriters at Lloyd's Policy No. UAL26252 - $5M p/o $10M xs $10M
Essex Insurance Co. Policy No. ESPW4621 - $5M xs $20M
Westchester Surplus Policy No. 12067653A-001 - $10M xs $25M
Empire Indemnity Policy No. 30679JF-1 - $5M xs $35M
Mt. Hawley Insurance Co. Policy No. MDC0302597 - $5M xs $40m
Traders & Pacific Policy No. CPN10000210-00 - $5M xs $45M
Empire Indemnity Insurance Co. Policy No. 30679JF-1 - $20M xs $50M

This will confirm that as of June 4, 2007, we have appointed All Risks Insurance
Services, 101 California Street, Suite 3180, San Francisco, CA 94111 as our
exclusive surplus lines broker of record with respect to the above policies. This
appointment is immediate and rescinds all previous appointments. The authority
contained herein shall remain in force until canceled in writing.

This letter constitutes your authority to furnish All Risks Insurance Services with
information they may request to facilitate the transition.

Sincerely,

Linda Donley
Sr. Account Manager
(415) 399-6412
ldonley@wsandco.com

/ld

Insurance Services
Risk Management
Employee Benefits

T 415.391.2141
F 415.989.9923

220 Bush Street, Floor 7
San Francisco, CA 94104

CA License 0329598
AN ASSUREX GLOBAL & IBN PARTNER

www.wsandco.com

ALL000004

CONFIDENTIAL: Subject to Protective Order

**MN-5-5-07**

| | |
|---|---|
| **From:** | Matt Nichols |
| **Sent:** | Wednesday, May 02, 2007 3:27 PM |
| **To:** | Nick Cortezi |
| **Subject:** | RE: Tri City |

Absoluelty. Remember to congratulate him on broker of year.

# Redacted

-----Original Message-----
From:     Nick Cortezi
Sent: Wednesday, May 02, 2007 03:25 PM Eastern Standard Time
To:   Matt Nichols
Subject:    RE: Tri City

McGrath? You want me to call him? Nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

# Redacted

1

ALL000006

CONFIDENTIAL: Subject to Protective Order



**WOODRUFF**
**SAWYER &**
**COMPANY**

June 4, 2007

TO Whom It May Concern

RE North First Street Properties
Difference in Conditions (Earthquake & Flood)
Mt. Hawley Insurance Co. (75%)/Aspen Specialty Insurance Co. (25%)
Policy No. MCD0300813 - $3,315,125 Limit
Term: July 8, 2007 – 2008

This will confirm that as of June 4, 2007, we have appointed All Risks Insurance
Services, 101 California Street, Suite 3180, San Francisco, CA 94111 as our
exclusive surplus lines broker of record with respect to the above policy. This
appointment is immediate and rescinds all previous appointments. The authority
contained herein shall remain in force until canceled in writing.

This letter constitutes your authority to furnish All Risks Insurance Services with
information they may request to facilitate the transition.

Sincerely,

Linda Donley
Sr. Account Manager
(415) 399-6412
ldonley@wsandco.com

/ld

Insurance Services
Risk Management
Employee Benefits

T 415 391 2141
F 415.989 9923

220 Bush Street, Floor 7
San Francisco, CA 94104

CA License 0329598
AN ASSUREX GLOBAL & IBN PARTNER

www.wsandco.com

ALL000005

CONFIDENTIAL: Subject to Protective Order

# Redacted

2

ALL000007

CONFIDENTIAL: Subject to Protective Order

**MN-6-5-07**

From:          Matt Nichols
Sent:          Tuesday, May 22, 2007 7:02 PM
To:            Paul Bildsoe
Subject:       RE: McGrath

Still working on it. Call me in a.m. On your way in.

-----Original Message-----
From:     Paul Bildsoe
Sent: Tuesday, May 22, 2007 06:02 PM Eastern Standard Time
To:   Nick Cortezi; Matt Nichols
Subject:   McGrath

Any word from Mr. McGrath yet?


Paul

1

ALL000008

CONFIDENTIAL: Subject to Protective Order

Page 1 of 3

**MN-6-5-07**

| | |
|---|---|
| From: | Matt Nichols |
| Sent: | Tuesday, May 22, 2007 3:44 PM |
| To: | Marcus Payne |
| Subject: FW: | |

as requested......

From: Nick Cortezi
Sent: Tuesday, May 22, 2007 12:27 PM
To: Matt Nichols
Subject: FW:

FYI- will discuss when I return. nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

From: Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
Sent: Tuesday, May 22, 2007 11:45 AM
To: Nick Cortezi
Subject: RE:

Nick:
Thought it would easier to see in writing what we would be talking about for us to consider a move.
Thanks again for dinner; we both had a good time.

As mentioned earlier we are set and comfortable for a min of 5-6 years based on acquistion of Bysis and
overall plan for JC Flowers. Our main point besides salary is a committment for 6 years. Based on our
revenue projections for this year and next we would need the following:
6 Year Deal
Mike-Redacted     min
Redacted
· Sign on Bonus—Redacted     (combined) of which Redacted     is my deferred compensation plan and shares of
JC Flowers. We would also like to see the compensation plan as the above mentioned salaries are
minimum(we fully expect to hit our bonus plan.)

**also have the usual parking, gas, and club dues(Golf) picked up on expense account.**

Does not make sense for us to move anywhere if the years and salaries are not guarenteed.

12/5/2007

ALL000009

CONFIDENTIAL: Subject to Protective Order

Page 2 of 3

Couple of thoughts on paper......

Regards,

Mike

*Nick Cortezi <NCORTEZI@allrisks.com> wrote:*

Looking forward to dinner- would yo^Redacted                    : so that I can work them into the
equation?
Thanks,
Nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

---

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Monday, May 07, 2007 2:52 PM
**To:** Nick Cortezi
**Subject:**

Nick:
Good to go with ^Redacted on the 16th at Cosmo's –6ish.
Couple of items

Years-5 year firm/6 preferred(my own comfort)
If bought out I can cash out.(paid in full)
Deferred compensation(you have the amount and shares of current company**need to consider**
Not interested in taking a cut in pay.  The latter amount suggested is min. on our conversation.
Some things to look forward too.  If does not look good then no problem. Let me know so we are not
sitting at the table by ourselves.
Need to look into Redact and guarantee for min of 3 yr. Salary plus bonus.
Otherwise will not be interested.

*Michael McGrath*
Executive Vice President
Crump Insurance Services - San Francisco
415-537-2308(direct)
415-986-4553(Fax)
This email is intended for the addressee shown. It contains information that is confidential and protected
from disclosure. Any dissemination or use of this transmission or its contents by unintended persons is
strictly prohibited. If this email relates to placement of coverage through All Risks, please note that no
coverage will be bound and no changes without a written "Confirmation of Insurance", Binder,
Endorsement or Reinstatement from our office. Coverage cannot be assumed if you do not receive one
of the aforementioned notices.

12/5/2007

ALL000010

CONFIDENTIAL: Subject to Protective Order

Page 3 of 3

12/5/2007

ALL00001

CONFIDENTIAL: Subject to Protective Order

Page 1 of 2

**NC-6-5-07**

| | |
|---|---|
| **From:** | Nick Cortezl |
| **Sent:** | Tuesday, May 22, 2007 4:48 PM |
| **To:** | 'Michael McGrath' |
| **Subject:** | RE: |

Mike-
Thanks for the email- I appreciate you following up when you promised that you would. I'd like to talk through this with you.
I am about to wrap up early today - any chance we could catch up tomorrow morning?
I will be in the office around 9:30. Please try me at 800-366-5810 X3013 or my cell 443-838-0263.
Thanks- hope to speak with you tomorrow.
\Nick

Nick Cortezl
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezl@allrisks.com

---

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Tuesday, May 22, 2007 11:45 AM
**To:** Nick Cortezl
**Subject:** RE:

Nick:
Thought it would easier to see in writing what we would be talking about for us to consider a move.
Thanks again for dinner; we both had a good time.

As mentioned earlier we are set and comfortable for a min of 5-6 years based on acquistion of Bysis and
overall plan for JC Flowers. Our main point besides salary is a committment for 6 years. Based on our
revenue projections for this year and next we would need the following:
6 Year Deal
Mike-Redacted    min
Redacted

Sign on Bonus-Redacted    (combined) of which Redacted    my deferred compesation plan and shares of
JC Flowers. We would also like to see the compensation plan as the above mentioned salaries are
minimum(we fully expect to hit our bonus plan.)

**also have the usual parking, gas, and club dues(Golf) picked up on expense account.**

Does not make sense for us to move anywhere if the years and salaries are not guarenteed.

Couple of thoughts on paper......

12/4/2007

ALL000012

CONFIDENTIAL: Subject to Protective Order

Regards,

Mike

*Nick Cortezi <NCORTEZI@allrisks.com>* wrote:

Looking forward to dinner- would you let me know Redacted total comp numbers so that I can work them into the equation?
Thanks,
Nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

---

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Monday, May 07, 2007 2:52 PM
**To:** Nick Cortezi
**Subject:**

Nick:
Good to go with Redacted on the 16th at Cosmo's –6ish.
Couple of items

Years-5 year firm/6 preferred(my own comfort)
If bought out I can cash out.(paid in full)
Deferred compensation(you have the amount and shares of current company**need to consider**
Not interested in taking a cut in pay.  The latter amount suggested is min. on our conversation.
Some things to look forward too.  If does not look good then no problem. Let me know so we are not sitting at the table by ourselves.
Need to look into Redacted and guarantee for min of 3 yr. Salary plus bonus.
Otherwise will not be interested.

*Michael McGrath*
Executive Vice President
Crump Insurance Services - San Francisco
415-537-2308(direct)
415-986-4553(Fax)
This email is intended for the addressee shown. It contains information that is confidential and protected from disclosure. Any dissemination or use of this transmission or its contents by unintended persons is strictly prohibited. If this email relates to placement of coverage through All Risks, please note that no coverage will be bound and no changes without a written "Confirmation of Insurance", Binder, Endorsement or Reinstatement from our office. Coverage cannot be assumed if you do not receive one of the aforementioned notices.

12/4/2007

ALL000013

CONFIDENTIAL: Subject to Protective Order

Page 1 of 2

NC-6-5-07

**From:**  Nick Cortezi
**Sent:**  Tuesday, May 22, 2007 12:27 PM
**To:**  Matt Nichols
**Subject:** FW:

FYI- will discuss when I return. nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Tuesday, May 22, 2007 11:45 AM
**To:** Nick Cortezi
**Subject:** RE:

Nick:
Thought it would easier to see in writing what we would be talking about for us to consider a move.
Thanks again for dinner; we both had a good time.

As mentioned earlier we are set and comfortable for a min of 5-6 years based on acquistion of Bysis and overall plan for JC Flowers. Our main point besides salary is a committment for 6 years. Based on our revenue projections for this year and next we would need the following:
6 Year Deal
Mike-Redacted     nin
Redacted
Sign on Bonus-Redacted    (combined) of whichRedacted    is my deferred compesation plan and shares of JC Flowers. We would also like to see the compensation plan as the above mentioned salaries are minimum(we fully expect to hit our bonus plan.)

**also have the usual parking, gas, and club dues(Golf) picked up on expense account.**

Does not make sense for us to move anywhere if the years and salaries are not guarenteed.

Couple of thoughts on paper......

Regards,

Mike

12/4/2007

ALL000014

CONFIDENTIAL: Subject to Protective Order

Page 2 of 2

*Nick Cortezi <NCORTEZI@allrisks.com>* wrote:

Looking forward to dinner- would you let me know Redacted    numbers so that I can work them into the
equation?
Thanks,
Nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

---

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Monday, May 07, 2007 2:52 PM
**To:** Nick Cortezi
**Subject:**

Nick:
Good to go with Redacted on the 16th at Cosmo's --6ish.
Couple of items

Years-5 year firm/6 preferred(my own comfort)
If bought out I can cash out.(paid in full)
Deferred compensation(you have the amount and shares of current company**need to consider**
Not interested in taking a cut in pay. The latter amount suggested is min. on our conversation.
Some things to look forward too. If does not look good then no problem. Let me know so we are not
sitting at the table by ourselves.
Need to look into Redacted and guarantee for min of 3 yr. Salary plus bonus.
Otherwise will not be interested.

*Michael McGrath*
Executive Vice President
Crump Insurance Services - San Francisco
415-537-2308(direct)
415-986-4553(Fax)

This email is intended for the addressee shown. It contains information that is confidential and protected
from disclosure. Any dissemination or use of this transmission or its contents by unintended persons is
strictly prohibited. If this email relates to placement of coverage through All Risks, please note that no
coverage will be bound and no changes without a written "Confirmation of Insurance", Binder,
Endorsement or Reinstatement from our office. Coverage cannot be assumed if you do not receive one
of the aforementioned notices.

12/4/2007

ALL000015

CONFIDENTIAL: Subject to Protective Order

**MN-3-30-07**

| | |
|---|---|
| From: | Dawn D'Onofrio [ddonofrio@allrisks.com] |
| Sent: | Wednesday, May 18, 2005 10:26 PM |
| To: | Matt Nichols |
| Subject: | Update |

# Redacted

2. Great news about Mike McGrath– He truly is an outstanding candidate and what a
personality – someone you could really work with and have fun.  I would will try to catch
up with him and have lunch.  He returned my call a few days later, now it is my turn.

# Redacted

Dawn E. D'Onofrio
P&C Manager
All Risks of CA Insurance Services, LLC
1000 Broadway, Suite 320
Oakland, CA 94607
800-451-9680 x 105 Phone
415/806-0733 Cell

1

ALL000016

CONFIDENTIAL: Subject to Protective Order

510/268-3284 Fax OR E-Fax: 562/252-0255
SL License #0E63424/Indiv #0B29544

2

ALI.000017

CONFIDENTIAL: Subject to Protective Order

Page 1 of 4

NC-6-5-07

**From:** Nick Cortezi

**Sent:** Wednesday, May 23, 2007 4:57 PM

**To:** Matt Nichols

**Subject:** would you proof this overnight and give me some feedback? Rough Draft

Mike-

You have a deal.

We will guarantee you and <sup>Redacted</sup> at the following salaries for 6 years:

You- Redacted

Redacted

The employment contract will require you to exercise your best efforts on our behalf, and the only provisions that might waive our obligation to pay would be disability (we would put the same long term disability in place that you have now- let us know the details), death (we will put insurance policies in place to offset our obligation to you which would pay your estates in the event that you expire before the agreement does), and for cause (which will be described in detail and relate specifically to illegal or criminal actions that either of you may take which jeopardize your abilities to work in the business). <sup>Redacted</sup> will report to you, and the one codicil is that her guarantee will able to be waived by you in the event that you determine that she is not meeting your expectations.

We will pay a sign on bonus of<sup>Redacted</sup> in the form of an interest free loan to you which will be forgiven over the next 6 years at<sup>Redacted</sup> per year. In the event that you leave the contract either voluntarily or as a result of the disability, death of for cause, you will have to repay us the portion of the note which has not been forgiven.

We will pick up reasonable parking, gas, club dues, etc. I trust that you will be fair with us.

Your role will be Property Practice Leader- West Coast. Redact will join us as a Senior Broker. We don't do the title thing and we recognize our brokers as Brokers or Senior Brokers. Once an individual broker exceeds<sup>Redacted</sup> h retained, they are made a VP of the company in an non administrative sense, but in the interests of fairness, they have to do it while at All Risks.

From a P&L standpoint, you will be a curve out direct to Home office. This insulates you and Paul from the pressure on his P&L in the first years. When things work out financially over the coming years, we will look to roll it into the San Fran P&L, so that it is a win win for everyone.

Our office at 101 California has two great offices available for you andRedacte best views in the company, countrywide).

Bonus over and above salary will be earned as follows:

Year 1- 25% of Revenues over $

Year 2- 25% of Revenues over $<sup>Redacted</sup>

Year 3- 25% of Revenues over $

Support salaries and support bonus would be subtracted from Bonus amounts to determine the final bonus amount. We would not be deducting for reasonable travel and entertainment.

Years 4,5,6 we have two options that we can make available to you-

Option 1-

We guarantee your salaries 100%. Years 4,5,6 your bonus is based on the Broker Bonus plan (which is in force countrywide). A copy is attached. In essence we would pay you 45% of revenues less <sup>Redacted</sup> (your and Redacte fixed costs) less support costs (your additional support salaries and support bonus)- any overage would be your bonus. In no event would this number be less than the <sup>Redacted</sup> that represents your salaries combined. Note that our bonus plan increases the % paid to you to 47.5% once your exceed Redacted  and this goes back to the first dollar. When you break 2MM, this generates immediate and meaningful impact.

12/4/2007

ALL000018

CONFIDENTIAL: Subject to Protective Order

Option 2-
We agree to pay your salaries dollar for dollar up to <sup>Redacted</sup>  In other words, as long as you and Redact generate more than Redacted  in revenue, you are guaranteed your salaries. If you fall short of Redacted  in revenue, you would split proportionally the revenue on the same split that your salaries currently represent (73% to you, 27% to Redacte The upside is that we would add another 5% to the broker bonus plan which would take you to 50% if you are between 1 million and 2 Million total in revenues, and 52.5% if you exceed Redacted  in revenues.

The attached Excel spreadsheet outlines how these would work.

Our broker bonus plan is much stronger than Crumps, and this should help us as we look to hire new brokers. I believe that if you and Redact are confident that you will write Redacted  in revenues years 4-6, the decision to go with option 2 is pretty compelling. Regardless, it's pretty much a push for us either way and we will support your decision.

I think that this is what you asked for- and if I remember my Prisms course, I did upfront close on you! As you can see, we are reinventing the rule book to make this work. We want you two on the team- we believe that you will be a great fit with our people, and that together, we can have a lot of fun and make some great things happen over the next 15-20 years. I hope to get to work with you soon!
Nick


Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com


From: Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
Sent: Tuesday, May 22, 2007 11:45 AM
To: Nick Cortezi
Subject: RE:

Nick:
Thought it would easier to see in writing what we would be talking about for us to consider a move. Thanks again for dinner; we both had a good time.

As mentioned earlier we are set and comfortable for a min of 5-6 years based on acquistion of Bysis and overall plan for JC Flowers. Our main point besides salary is a committment for 6 years. Based on our revenue projections for this year and next we would need the following:
6 Year Deal
Mike-<sup>Redacted</sup>    min
Redacted
Sign on Bonus-Redacted (combined) of which<sup>Redacted</sup>   is my deferred compesation plan and shares of JC Flowers. We would also like to see the compensation plan as the above mentioned salaries are minimum(we fully expect to hit our bonus plan.)


12/4/2007

ALL000019

CONFIDENTIAL: Subject to Protective Order

Page 3 of 4

**also have the usual parking, gas, and club dues(Golf) picked up on expense account.**

Does not make sense for us to move anywhere if the years and salaries are not guarenteed.

Couple of thoughts on paper......

Regards,

Mike

*Nick Cortezi <NCORTEZI@allrisks.com> wrote:*

Looking forward to dinner- would you let me know Redacted          numbers so that I can work them into the
equation?
Thanks,
Nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

---

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Monday, May 07, 2007 2:52 PM
**To:** Nick Cortezi
**Subject:**

Nick:
Good to go with Redact on the 16th at Cosmo's--6ish.
Couple of Items

Years-5 year firm/6 preferred(my own comfort)
If bought out I can cash out.(paid in full)
Deferred compensation(you have the amount and shares of current company**need to consider**
Not interested in taking a cut in pay. The latter amount suggested is min. on our conversation.
Some things to look forward too. If does not look good then no problem. Let me know so we are not
sitting at the table by ourselves.
Need to look into Redact and guarantee for min of 3 yr. Salary plus bonus.
 Otherwise will not be interested.

*Michael McGrath*
Executive Vice President
Crump Insurance Services - San Francisco
415-537-2308(direct)
415-986-4553(Fax)
This email is intended for the addressee shown. It contains information that is confidential and protected
from disclosure. Any dissemination or use of this transmission or its contents by unintended persons is
strictly prohibited. If this email relates to placement of coverage through All Risks, please note that no
coverage will be bound and no changes without a written "Confirmation of Insurance", Binder,

12/4/2007

ALL000020

CONFIDENTIAL: Subject to Protective Order

Page 4 of 4

Endorsement or Reinstatement from our office. Coverage cannot be assumed if you do not receive one of the aforementioned notices.

12/4/2007

ALL00002

CONFIDENTIAL: Subject to Protective Order



## EMPLOYEE HANDBOOK ACKNOWLEDGEMENT FORM

The employee handbook has been developed as a reference guide to assist employees in understanding company policies. The handbook is available to all employees on our corporate Intranet site or by hard copy upon request to the Human Resources Manager.

## ACKNOWLEDGEMENT AND AUTHORIZATION

I understand that the employee handbook describes important information about All Risks, Ltd. (the "Company") and that I should consult my Manager or the Human Resources Manager regarding any questions not answered in the handbook. I also understand that it is my responsibility to read the handbook, and to ask questions about anything contained in the handbook that I do not understand.

I further understand that the provisions of the handbook are subject to change at the discretion of the Company without prior notice to employees and that any revisions to policies in the handbook supersede previous policies. Changes will be communicated through revisions to the handbook found on the Company's Intranet site.

I acknowledge that this handbook does not create a contract between the Company and me, nor are the policies expressed in this handbook contractual in nature. Nothing in this handbook, or in the acknowledgement form, changes the at-will status of my employment with the Company. I understand that I am free to terminate my employment at any time with or without notice to the Company, and that the Company retains a similar right to terminate my employment at any time.

My signature below confirms that I know where to find a copy of the handbook, that I have read it, that I understand it, and that I will comply with the policies contained in the handbook and with any revisions made to it.


_____                    _____
EMPLOYEE'S SIGNATURE                                6/6/07         DATE

Revised 4/1/04, 8/3/04

ALL 000022

CONFIDENTIAL: Subject to Protective Order

### PROPERTY AND EQUIPMENT RESPONSIBILITY
### ACKNOWLEDGEMENT AND
### AUTHORIZATION FOR DEDUCTION FROM WAGES

I hereby acknowledge that I am personally responsible for any and all personal charges as they accrue during the course of my employment with my employer, All Risks, Ltd.  These personal charges include, but are not limited to, long distance telephone calls, facsimile charges, photocopying charges, authorized personal charges made to All Risks' credit card, amounts advanced for educational purposes to which All Risks is entitled to reimbursement under its educational assistance policies, amounts advanced for business expenses to which All Risks is entitled to reimbursement, charges for damaged or unreturned property or equipment of All Risks, or charges for my personal use of other office services or supplies.

I further acknowledge that I am personally responsible for any and all equipment and property of All Risks, where such property has been entrusted to me.  This property and equipment may include, but is not limited to, a cellular telephone, laptop computer, manuals, building keys, and access key cards.  I acknowledge that if any such property is lost or damaged, or is not returned by me upon demand or upon termination of employment, I shall be personally responsible for paying for all costs of replacing such property.  The decision to replace such property shall be at the sole discretion of All Risks.

I hereby authorize All Risks to deduct any and all personal charges, the costs of replacing any lost, damaged or unreturned property, and any overdrawn PTO time from any paycheck due me, including my final paycheck that would be due me upon termination of my employment with All Risks.  I further understand that if the monies due me in my final paycheck are insufficient to repay All Risks in full for the cost of reimbursement or of replacing said property, charges or overdrawn PTO time, I will remain obligated, to All Risks for these costs after my termination of employment, and I hereby agree to reimburse All Risks for any and all remaining amounts due.

_____          Michael McGrath
Employee Signature               Print Name

6/6/07
Date

{03368/0/00100300.DOCv1}

ALL000023

CONFIDENTIAL: Subject to Protective Order



### PROPERTY AND EQUIPMENT RESPONSIBILITY
### ACKNOWLEDGEMENT AND
### <u>AUTHORIZATION FOR DEDUCTION FROM WAGES</u>

I hereby acknowledge that I am personally responsible for any and all personal charges as they accrue during the course of my employment with my employer, All Risks, Ltd. These personal charges include, but are not limited to, long distance telephone calls, facsimile charges, photocopying charges, authorized personal charges made to All Risks' credit card, amounts advanced for educational purposes to which All Risks is entitled to reimbursement under its educational assistance policies, amounts advanced for business expenses to which All Risks is entitled to reimbursement, charges for damaged or unreturned property or equipment of All Risks, or charges for my personal use of other office services or supplies.

I further acknowledge that I am personally responsible for any and all equipment and property of All Risks, where such property has been entrusted to me. This property and equipment may include, but is not limited to, a cellular telephone, laptop computer, manuals, building keys, and access key cards. I acknowledge that if any such property is lost or damaged, or is not returned by me upon demand or upon termination of employment, I shall be personally responsible for paying for all costs of replacing such property. The decision to replace such property shall be at the sole discretion of All Risks.

I hereby authorize All Risks to deduct any and all personal charges, the costs of replacing any lost, damaged or unreturned property, and any overdrawn PTO time from any paycheck due me, including my final paycheck that would be due me upon termination of my employment with All Risks. I further understand that if the monies due me in my final paycheck are insufficient to repay All Risks in full for the cost of reimbursement or of replacing said property, charges or overdrawn PTO time, I will remain obligated, to All Risks for these costs after my termination of employment, and I hereby agree to reimburse All Risks for any and all remaining amounts due.

_____          Michael McGrath
Employee Signature                     Print Name

_____
Date    6/7/07

*Created XX/00/00; Revised XX/12/04*

ALL000024

CONFIDENTIAL: Subject to Protective Order

 **allrisks** L I M I T E D

# EMPLOYMENT APPLICATION

## Instructions:
1. Please print clearly with a ballpoint pen.
2. Please complete all information as completely as possible even if you attach a resumé.

### Personal Data

**Desired Employment** ☐ Full-time  ☐ Part-time

Name First: Michael   Middle: PATRICK   Last: McGrath

Street Address: Andersen Way   Apt. Number:   City: NOVATO   State: CA   Zip Code: 94947

Home Phone Number: (415) 892-3638   Business Phone Number: (415) 313-2400   Redacted

Drivers License No. (To be completed by applicants for positions requiring use of company car.)   State:

Applying for position(s) of:    Salary Desired: $    Date available to begin work?

Have you ever been employed by ☐ or previously applied to ☐ All Risks Ltd. or any of its affiliates or subsidiaries?
If yes, please check appropriate box and specify location(s) and date(s):

How were you referred to All Risks Ltd.?   ☐ Advertisement   ☐ All Risks Employee   ☐ Walk-In   Indicate name of referral source (i.e. Newspaper)
☐ Employment Agency   ☐ College Recruiting   ☒ Other

Have you ever been convicted of or pleaded guilty to any criminal offense (before a court or by military court martial)?  ☐ Yes  ☒ No
If yes, please explain:

(Conviction of a criminal offense does not automatically bar a person from employment with All Risks Ltd. Factors such as Federal, state, or local statutory requirements, the relationship of the offense as it relates to the job in question, the length of time since the offense and the seriousness and nature of the conviction will be taken into account.)

### Educational Data   If your degree is under a different name, indicate name:

| Name of School | Address of School | Major | Graduated? Yes / No | Type of Degree Earned: Diploma or Degree |
|---|---|---|---|---|
| High School: TERRA LINDA HS | Address (City, State) | | X / | |
| College/University: SONOMA STATE UNIVERSITY | Address (City, State) | | / X | COMMUNICATIONS |
| Graduate School | Address (City, State) | | | |
| Technical, Business, Other | Address (City, State) | | | |

| Professional designation(s) received | Designation 1 | Yr. Rec'd | Designation 2 | Yr. Rec'd | Designation 3 | Yr. Rec'd |
|---|---|---|---|---|---|---|
| | | | | | | |

### Skill Data

| Words per minute: | Typing | Shorthand | If applicable to the position for which you are applying, indicate other skills below (Dictaphone, Word Processing Equipment, etc.) |
|---|---|---|---|
| | | | |

### Military Service

| Branch | Dates of Service | From | To | Rank at Discharge |
|---|---|---|---|---|
| | | | | |

Special skills or training applicable to the position for which you are applying

1/99

ALL00002S

CONFIDENTIAL: Subject to Protective Order

## Employment Data

Please list your employment history for the past ten (10) years or last three (3) employers. Begin with your most recent or present employment and show all employment including volunteer, summer, part-time, or the one.

| Name of Employer CRUMP | Name and Title of Manager | May We Contact? ☐Yes ☐No | Telephone No. ( ) |
|---|---|---|---|
| Address | Position Held | Dates of Employment From 5-96 | To 6-07 |
| Description of Job Duties BROKER | | Month    Year | Month    Year |
| Reason for Leaving | Eligible for Re-Employment? ☐Yes ☐No | Salary- Starting $ | Ending $ |

| Name of Employer | Name and Title of Manager | May We Contact? ☐Yes ☐No | Telephone No. ( ) |
|---|---|---|---|
| Address | Position Held | Dates of Employment From | To |
| Description of Job Duties | | Month    Year | Month    Year |
| Reason for Leaving | Eligible for Re-Employment? ☐Yes ☐No | Salary- Starting $ | Ending $ |

| Name of Employer | Name and Title of Manager | May We Contact? ☐Yes ☐No | Telephone No. ( ) |
|---|---|---|---|
| Address | Position Held | Dates of Employment From | To |
| Description of Job Duties | | Month    Year | Month    Year |
| Reason for Leaving | Eligible for Re-Employment? ☐Yes ☐No | Salary- Starting $ | Ending $ |

## Professional References

| Name | Address | Telephone No. ( ) |
|---|---|---|
| Name | Address | Telephone No. ( ) |
| Name | Address | Telephone No. ( ) |

### Certification - Please read carefully before signing

1. I certify that the information in this application for employment is accurate to the best of my knowledge and subject to verification by All Risks, Ltd. (the "Company"). I understand that deliberate falsification or omission of this information may result in refusal of employment or termination of my employment without notice by All Risks Ltd.

I also understand and agree, if employed, that:

a. No promises regarding employment have been made to me, and I understand that no such promises or guarantees are binding on the company unless made in writing and signed by an executive of the company.

b. If employed, I agree to conform to the rules and regulations of All Risk Ltd., its affiliates and subsidiaries (collectively, "the Company"). I understand that if hired I will be an at-will employee and my employment and compensation can be terminated with or without cause, and with or without notice, at the option of either the company or myself. I further understand that this employment application is not a contract of employment.

c. All applicants who are "disabled" as defined in the Americans with Disabilities Act ("ADA") or in applicable state statutes are invited to inform All Risks, Ltd. of any reasonable accommodation(s) they may need in order to perform the essential functions of the position which they have applied.

d. The Immigration Reform and Control Act of 1986 requires that every individual hired be authorized to work in the United States. I understand that if offered employment I will be required to present proper documentation of my work eligibility and identification.

e. Under Maryland Law, an employer may not require or demand, as a condition of employment, prospective employment, or continued employment, that an individual submit to or take a lie detector or similar test. An employer who violates this law is guilty of a misdemeanor and subject to a fine not to exceed $100.00.

2. During the application process and at any time during any subsequent employment, I hereby authorize All Risks, Ltd. to procure a Consumer Report, which I understand may include information regarding my credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living. This report may be compiled with information from credit bureaus, court record repositories, departments of motor vehicles, past or present employers and educational institutions, governmental occupational licensing or registration entities, business or personal references, and any other source required to verify information that I have voluntarily supplied. I understand that I may request a complete and accurate disclosure of the nature and scope of the background verification; to the extent such investigation includes information bearing on my character, general reputation, personal characteristics or mode of living. I authorize without reservation, any party or agency contacted to furnish the above mentioned information and release all parties involved from liability and responsibility for doing so. This authorization and consent shall be valid in original, fax, or copy form.

3. I authorize the investigation of any or all statements contained in this application. I also authorize, whether listed or not, any person, school, current employer, past employers and organizations to provide relevant information and opinions that may be useful in making a hiring decision. I release such persons and organizations from any legal liability in making such statements.

| Signature (Your signature indicates that you have read and understand items 1 through 3 above.) | Date |
|---|---|
| [signature] | 6-05-07 |

All phases of employment at All Risks Ltd. are based strictly upon the qualifications of the individual as related to the work requirements of the position. This policy is applied without regard to race, sex, religion, national origin, ancestry, age, disability, veteran status, or marital status.

**All Risks, Ltd. is an Equal Opportunity Employer**

ALL000026

CONFIDENTIAL: Subject to Protective Order

eWorkplace®                                                      Page 1 of 1

| eWorkplace | | | Pay | My Benefits | Help |

Transactions: Primary Address    Employee

McGrath, Michael P.                                    555-
                                                       65-
                                                       7717

**Primary Address Information**

'(* = Required)

**Address**

*New street not in WPS*

*Temp address to ship*

| | |
|---|---|
| * Address Line 1: | 6 Andersen Way |
| Address Line 2: | |
| Address Line 3: | |
| City: | Novato |
| State: | CA |
| County: | Marin |
| * ZIP: | 94947 | ** |
| Same Mailing Address?: | ☑ |

*40 Pacific Dr.
Novato.
94949*

| | |
|---|---|
| Telephone 1: | 415-892-3638 |
| Telephone 2: | |

** ZIP will look up City and State

*Ben*

Important Local Information Copyright © 1998-2007 FMR Corp.  All rights reserved.
Version: PKG_ECM_200705_04052007_1409 5/19/2007 12:57:02 PM (FEBPRDWP3bsWIN)

https://hrprworkplaceservices300.fidelity.com/atWork/eWorkPlace/home/main.asp?RET=...  6/13/2007

ALL000027

CONFIDENTIAL: Subject to Protective Order

## Karen Clark

**From:** Li Na Goins
**Sent:** Friday, June 22, 2007 8:37 AM
**To:** Karen Clark
**Subject:** RE: M McGrath

Karen
It was already done via accounting.  Remember that is why you had to bak it out.

Li Na Goins

-----Original Message-----
**From:** Karen Clark
**Sent:** Friday, June 22, 2007 07:46 AM Eastern Standard Time
**To:** Li Na Goins
**Subject:** M McGrath

Do we need to process the sign on bonus this pay so that Nick will have it for early July?
Or were we going to process that as a check request through Accounting with a GTN only
through payroll?

Karen Clark
HR Associate
All Risks, LTD
10150 York Road, 5th Floor
Hunt Valley, MD  21030
410-828-5810 ext. 3532
"Get It Done Right.  Now."

1

ALL000028

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am a resident of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On March **2 5**, 2008, I served the following document(s) by the method indicated below:

**PRODUCTION OF DOCUMENTS IN RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION, SET ONE BATES LABELED ALL000001 through ALL000028**

☐    by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☐    by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒    by sending the documents electronically through email to the address listed below.

☒    **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Douglas W. Stern
Fulbright & Jaworski, LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
dstern@fulbright.com
Tel: (213) 892-9200
Fax: (213) 892-9494

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on March **2 5**, 2008 at San Francisco, California.

_____
Angelique Pierre