# EXHIBIT D

Representing Management Exclusively in Workplace Law and Related Litigation

**jackson|lewis**
Attorneys at Law

Jackson Lewis LLP
199 Fremont Street
10th Floor
San Francisco, California 94105
Tel 415 394-9400
Fax 415 394-9401
www.jacksonlewis.com

ATLANTA, GA
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CLEVELAND, OH
DALLAS, TX
DENVER, CO
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX

LONG ISLAND, NY
LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORANGE COUNTY, CA
ORLANDO, FL
PITTSBURGH, PA
PORTLAND, OR

PROVIDENCE, RI
RALEIGH-DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

June 6, 2008

Via Fax

Stephen J. Hirschfeld, Esq.
Donna M. Rutter, Esq.
Kristen L. Williams, Esq.
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA 9111

Re:    <u>Crump Insurance Services, Inc. v. McGrath</u>, N.D. Cal. Case No. C-07-4636 MMC

Dear Counsel:

In the next few minutes you should receive our e-filed Notice of Substitution of Counsel, substituting our firm as counsel for plaintiff in the above-referenced matter. This letter has two purposes. First, we have enclosed amended notices of deposition of Nick Cortezi and Michael McGrath, which change the location to our office. As you know, the intention is to begin with Mr. Cortezi's deposition at 10:00 a.m., and then to begin with Mr. McGrath's deposition upon the completion of Mr. Cortezi's.

Second, this conveys our request to meet and confer pursuant to Civ. L.R. 43-7 about a discovery dispute regarding certain responses served by Defendants.

I. Defendant All Risks, LTD's Response to Plaintiff's Request for Production of Documents.

You apparently have not served Plaintiff with a verification, please do so at your earliest convenience.
You redacted information from your document production, please provide us with a redaction log at your earliest convenience. Also, if you withheld any documents, please provide us with a privilege log at your earliest convenience.

2.   This request seeks documents concerning Crump customers that went to All Risks, which is the heart of our case. This request is therefore not overly broad. The Stipulated Protective Order Regarding Confidentiality moots your objection that the request seeks confidential, proprietary or trade secret information; if you think you need stricter protection, let us know. "Clients or customers of Crump" is plain English and does not require speculation as to its meaning. Regarding your objection as to "whether Defendant is actually aware of Crump's clients or customers," as with any response you must conduct a diligent search and reasonable inquiry for responsive documents.

3.   This request seeks documents concerning your solicitation of Crump customers or clients wherein you were provided information about that customer or client from McGrath, which is the heart of our case. This request is therefore not overly broad. Your objection that the request assumes facts



not in evidence is non-sensical in this context; either responsive documents exist or they don't. "Clients or customers of Crump" is plain English and does not require speculation as to its meaning and the request does not violate the attorney-client or attorney work product privileges; nevertheless, if you withheld any documents on these grounds, please produce a privilege log. Regarding your objection as to "whether Defendant is actually aware of Crump's clients or customers," as with any response you must conduct a diligent search and reasonable inquiry for responsive documents.

Your responses to requests nos. 4-12 and 26 raise similar issues.

II. Defendant Michael P. McGrath's Responses to Plaintiff's Request for Production of Documents and to Test and Sample Computers

You apparently have not served Plaintiff with a verification, please do so at your earliest convenience.

To the extent that you withheld any documents or redacted information from your document production, please provide us with a privilege and/or redaction log at your earliest convenience.

1. This is a permissible request.
2. We will limit the request to the time period January 1, 2007 through June 4, 2007. This should satisfy your over breadth and relevance objections. Please provide a privilege/redaction log for any documents or information withheld/redacted on privacy grounds; we suspect that our need for information responsive to this targeted request will outweigh any privacy interest. The Stipulated Protective Order Regarding Confidentiality moots your objection that the request seeks confidential, proprietary or trade secret information; if you think you need stricter protection, let us know.

8-9 involve objections similar to those addressed above.

11. This contains a typo. We will change "if You were employed" to "if he were employed." Please respond to this request as corrected. The other objections are similar to those addressed above.

13-17 involve objections similar to those addressed above.

For the most part we are available to discuss these matters any day and time next week, please tell me when you are available. As the discovery cutoff is June 20, we need to try to resolve all these issues next week.

Very truly yours,

JACKSON LEWIS LLP

Dylan B. Carp