# EXHIBIT F

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson|lewis

Attorneys at Law

| Jackson Lewis LLP | ATLANTA, GA | LONG ISLAND, NY | PROVIDENCE, RI |
| 199 Fremont Street | BIRMINGHAM, AL | LOS ANGELES, CA | RALEIGH-DURHAM, NC |
| 10th Floor | BOSTON, MA | MIAMI, FL | RICHMOND, VA |
| San Francisco, California 94105 | CHICAGO, IL | MINNEAPOLIS, MN | SACRAMENTO, CA |
| | CLEVELAND, OH | MORRISTOWN, NJ | SAN FRANCISCO, CA |
| Tel 415 394-9400 | DALLAS, TX | NEW YORK, NY | SEATTLE, WA |
| | DENVER, CO | ORANGE COUNTY, CA | STAMFORD, CT |
| Fax 415 394-9401 | GREENVILLE, SC | ORLANDO, FL | WASHINGTON, DC REGION |
| | HARTFORD, CT | PITTSBURGH, PA | WHITE PLAINS, NY |
| www.jacksonlewis.com | HOUSTON, TX | PORTLAND, OR | |

June 10, 2008

**VIA FACSIMILE**

Kristen L. Williams, Esq.
Donna M. Rutter, Esq.
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA 9111

Re:   <u>Crump Insurance Services, Inc. v. McGrath</u>, N.D. Cal. Case No. C-07-4636 MMC

Dear Ms. Williams:

This responds to your fax received yesterday and addresses the points you made.

First, we look forward to receiving the verifications.

Second, thank you for providing us with a copy of your redaction log. We request a meet and confer about the redactions. You have asserted privacy rights in a manner that apparently would make it impossible to litigate an employee raiding case without suing every employee. For example, you redacted information on this ground from ALL000009 that appears to relate to employees whose relationship with Plaintiff we think your clients intentionally interfered with. We think that the court would find that any right to privacy is overridden by our need to know the information about the potential raiding; otherwise litigation of this type of case would be impossible. You also have withheld information on the ground that it is confidential and proprietary, but the parties have already negotiated a protective order designed to alleviate this concern. We can discuss stricter protection if you think it is required.

Third, you did not address our request for a privilege log for any withheld documents. Please tell us whether you withheld any documents from production, and if so whether you will provide us with a privilege log.

Fourth, we ask you to reconsider your refusal to meet and confer further on any of the issues raised in our letter of June 6. You stated that a further meet and confer would be "burdensome and harassing in addition to untimely pursuant to Federal Rule of Civil Procedure 5(d)(1)." We fail to see how that rule has anything to say about this issue. Given that we are within our right to move to compel responses until seven court days after the discovery cutoff, Civ. L.R. 26-2, it seems to us that the issue is whether or not we should assist the court by trying one last time to resolve these disputes. It seems to us that if you simply refuse our offer to try one last time, you will be in the uncomfortable position of having to

K. Williams, Esq.
June 10, 2008
Page 2



explain to the court the ground for your refusal. The issues that we raised in our June 6 letter are as follows:

### I.     Defendant All Risks, LTD's Response to Plaintiff's Request for Production of Documents.

2.     This request seeks documents concerning Crump customers that went to All Risks, which is the heart of our case. This request is therefore not overly broad. The Stipulated Protective Order Regarding Confidentiality moots your objection that the request seeks confidential, proprietary or trade secret information; if you think you need stricter protection, let us know. "Clients or customers of Crump" is plain English and does not require speculation as to its meaning. Regarding your objection as to "whether Defendant is actually aware of Crump's clients or customers," as with any response you must conduct a diligent search and reasonable inquiry for responsive documents.

3.     This request seeks documents concerning your solicitation of Crump customers or clients wherein you were provided information about that customer or client from McGrath, which is the heart of our case. This request is therefore not overly broad. Your objection that the request assumes facts not in evidence is non-sensical in this context; either responsive documents exist or they don't. "Clients or customers of Crump" is plain English and does not require speculation as to its meaning and the request does not violate the attorney-client or attorney work product privileges; nevertheless, if you withheld any documents on these grounds, please produce a privilege log. Regarding your objection as to "whether Defendant is actually aware of Crump's clients or customers," as with any response you must conduct a diligent search and reasonable inquiry for responsive documents.

Your responses to requests nos. 4-12 and 26 raise similar issues.

### II.     Defendant Michael P. McGrath's Responses to Plaintiff's Request for Production of Documents and to Test and Sample Computers

You apparently have not served Plaintiff with a verification, please do so at your earliest convenience.

To the extent that you withheld any documents or redacted information from your document production, please provide us with a privilege and/or redaction log at your earliest convenience.

1.     This is a permissible request.

2.     We will limit the request to the time period January 1, 2007 through June 4, 2007. This should satisfy your over breadth and relevance objections. Please provide a privilege/redaction log for any documents or information withheld/redacted on privacy grounds; we suspect that our need for information responsive to this targeted request will outweigh any privacy interest. The Stipulated Protective Order Regarding Confidentiality moots your objection that the request seeks confidential, proprietary or trade secret information; if you think you need stricter protection, let us know.


Attorneys at Law

8-9 involve objections similar to those addressed above.

11.     This contains a typo.  We will change "if You were employed" to "if he were employed."
Please respond to this request as corrected.  The other objections are similar to those addressed above.

13-17 involve objections similar to those addressed above.

Finally, we will work with you to schedule the Hargrove and Jennings depositions next week.

Please tell me when you are available to discuss these important issues.  Again, as the discovery cutoff is
June 20, we need to try to resolve all these issues this week.

Very truly yours,

JACKSON LEWIS LLP

Dylan B. Carp

DBC/BS