# EXHIBIT H

# CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

## FACSIMILE TRANSMITTAL SHEET

**DATE:**    June 11, 2008

| | | |
|---|---|---|
| **TO:** | **FAX NO.:** | **PHONE NO.:** |
| Mark S. Askanas | (415) 394-9401 | (415) 394-9400 |
| Dylan B. Carp | | |
| JACKSON LEWIS LLP | | |

**FROM:**    Kristen L. Williams          **PHONE:**          (415) 835-9051

**RE:**      Crump v. Michael P. McGrath and All Risks, LTD

**CLIENT/MATTER NUMBER:**    60170.002

**NUMBER OF PAGES WITH COVER PAGE:**    7        Originals Will Not Follow in Regular Mail

**MESSAGE:**

Please see attached letter with attachments.

## CAUTION - CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.**

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 · (415) 834-0443

4822-7979-2898

**CURIALE**

**DELLAVERSON**

**HIRSCHFELD**

**& KRAEMER**

LLP


SAN FRANCISCO

727 SANSOME STREET

SAN FRANCISCO

CALIFORNIA

94111

TELEPHONE

(415) 835-9000

FAX

(415) 834-0443


LOS ANGELES

THE WATER GARDEN

2425 OLYMPIC BOULEVARD

SUITE 550 EAST TOWER

SANTA MONICA

CALIFORNIA

90404

TELEPHONE

(310) 255-0705

FAX

(310) 255-0986


RENO

5450 LONGLEY LANE

RENO

NEVADA

89511

TELEPHONE

(775) 826-7100

FAX

(775) 827-9256


E-MAIL

info@cdhklaw.com

WEB SITE

www.cdhklaw.com

June 10, 2008

KRISTEN L. WILLIAMS
Direct Dial: (415) 835-9051
kwilliams@cdhklaw.com

**VIA FACSIMILE & U.S. MAIL (415) 394-9401**

Dylan B. Carp, Esq.
Mark S. Askanas, Esq.
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105

Re:    **Crump Insurance v. All Risks, Ltd. & Michael McGrath**

Dear Mr. Carp:

This letter is in response to your June 10, 2008 letter regarding our previous correspondence concerning discovery issues as well as our telephone conversation also of June 10th.

**Redaction Log**

With regard to the redaction log, we disagree with your assertion that the court would find the privacy rights of third parties would be overridden by your need to know information with regard to potential employee raiding. This is not an employee raiding case. Nonetheless, Defendants will provide documents with the names of the employees listed in the documents that are currently redacted. Defendants will not, however, reveal the information related to the proposed salaries and/or terms of employment for those individuals.

In our phone discussion this afternoon, you suggested that *Morlife, Inc. v Perry* entitles you to this information. If I understood your position correctly, it is your assertion that Plaintiff is entitled to the salary information paid by Defendant All Risks to any former employee of Crump because, if misappropriation of trade secrets has occurred, Crump would be entitled to these salaries as unjust enrichment that was received by Defendants. We disagree with your interpretation of the case. In *Morlife*, the court approved the award of 33% of the salaries of Defendants because the Court found that 33% of the Defendants' salaries were derived from business that was wrongfully solicited from Plaintiff. Such is not the case here.

The salaries at issue here were not based upon revenue generation Mr. McGrath's sworn deposition testimony from yesterday wherein he unequivocally stated that his salary was not contingent on his generating revenue. Likewise, and for the same reasons articulated above, the duration of any employment contracts

4829-2099-9938

**CURIALE**
───────────
**DELLAVERSON**
───────────
**HIRSCHFELD**
───────────
**& KRAEMER**

L.L.P

Dylan B. Carp, Esq.
Mark S. Askanas, Esq.
June 11, 2008
Page 2

is also confidential and proprietary information and moreover it is not relevant to this litigation.

**Privileged Log**

As conveyed to you today on the phone, no documents have been withheld on account of the attorney-client and/or attorney work product privileges.

**Requests for Production**

It remains our assertion that Defendants have already met and conferred in good faith regarding the discovery responses that you now seek to meet and confer again. As stated previously, Defendants served these responses on Plaintiff on February 13, 2008. Defendants also engaged in meet and confer discussions with Plaintiff and produced additional documents. Now, nearly four months later, Plaintiffs seek to rekindle meet and confer discussions that have since been amicably concluded. The fact that Crump has chosen to change counsel this late into the lawsuit is certainly their choice, but Crump cannot ignore the prior efforts and resolution reached by prior counsel. Though we agree that the Northern District local rules *allow* motions to compel to be heard for seven days beyond the discovery cut-off, we do not agree that a motion brought more than four months after the responses have been served and prior counsel for the party had previously agreed to the resolution of any dispute would be viewed by the Court as timely or appropriate. *See Gault v. Nabisco Biscuit Co.* (D. NV 1999) 184 F.R.D. 620, 622. Defendants will assert – and are confident the Court will agree – that Plaintiff's filing of a motion more than 120 days after the responses were received with no showing of any delay beyond the Plaintiff's control constitutes an undue delay and waiver. Nonetheless, Defendants will provide further clarification as follows:

*Request for Production to All Risks*

Request for Production No. 2:

Plaintiff has agreed to provide Defendant with a list of clients that it believes Defendant solicited from Crump. Once Defendant has received this list, to the extent additional responsive documents exist, it will produce any Broker of Record letters for these clients. Documents beyond the BOR letters (i.e. information related to the policy negotiation) are of no relevance to this lawsuit and most certainly contain proprietary information. Moreover, our responses will be further limited to BOR letters received by All Risks for accounts that McGrath handled while at Crump.

CURIALE
―――――
DELLAVERSON
―――――
HIRSCHFELD
―――――
& KRAEMER

L L P

Dylan B. Carp, Esq.
Mark S. Askanas, Esq.
June 11, 2008
Page 3


Request for Production No. 3:

This request seeks documents "concerning or relating to solicitation of insurance business from any customers or clients of Crump Insurance Services where in [All Risks] was provided information about that customer or client from Michael P. McGrath." As stated in our objections and relayed to Plaintiff's counsel during meet and confer discussions more than 3 months ago, this request is overbroad. Even if Plaintiff were to provide a list of Crump clients, the range of documents that could be covered by this request remains overbroad. Moreover, it calls for a legal conclusion as to the term "solicitation." As stated in our responses served February 13th and again to Plaintiff's counsel in March, these objections are valid and Defendant will not produce documents.

Request for Production No. 4:

This request seeks documents "concerning or relating to solicitation of employees of Crump Insurance Services to work at All Risks, Ltd." As stated in our objections and relayed to Plaintiff's counsel during meet and confer discussions more than 3 months ago, this request is overbroad. It seeks a hopelessly wide range of documents (i.e., internal communications regarding what salaries should be offered, etc.). Moreover, the request has no nexus to McGrath and therefore no relation to this lawsuit. As stated in our responses served February 13th and again to Plaintiff's counsel in March, these objections are valid and Defendant will not produce documents.

Request for Production No. 5:

We have already provided documents responsive to this request based on my meet and confer conversations with Plaintiff's counsel (Matthew Bobb).

Request for Production No. 6:

As stated in our responses, we have performed a reasonable and diligent search and no responsive documents exist.

Request for Production Nos. 7, 26:

These requests are essentially the same and, therefore, will be addressed together. Ms. Marty is not a party to this litigation and therefore her right of privacy must be respected. Moreover, Ms. Marty was deposed by Plaintiff and Plaintiff was able to ask Ms. Marty questions relevant to the allegations in the Complaint. Per Ms. Marty's sworn deposition testimony, she was contacted by Nick Cortezi -- not Mike McGrath -- and the decision to leave Crump was her own -- influenced by no one else. Despite this clear testimony, Plaintiff still seeks to obtain an overbroad category of documents that most certainly invades Ms. Marty's right to privacy. As such, and as explained to counsel for Plaintiff during our meet and confer discussions regarding this very request more than three

CURIALE
_____
DELLAVERSON
_____
HIRSCHFELD
_____
& KRAEMER
LLP

Dylan B. Carp, Esq.
Mark S. Askanas, Esq.
June 11, 2008
Page 4

months ago, Defendants will not produce any documents responsive to this request.

Request for Production Nos. 8-12:

These requests seek "all documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to" various insurance businesses. As explained to counsel for Plaintiff in our meet and confer discussions in March, this request is overbroad and seeks information that is not relevant to this matter. Moreover, this request seeks proprietary information. As noted to Plaintiff's counsel previously, the Broker of Record letters for each of the enumerated accounts has already been provided. Additionally, since that time, Defendant has also provided all announcement communications by McGrath during his first month at All Risks. When considering that Plaintiff is now in possession of announcement communications as well as any Broker of Record letters for these enumerated insurance businesses, it becomes exceedingly clear that its persistence to enforce this overbroad request is solely aimed at harassing Defendant and obtaining confidential information (i.e., the terms of the underlying policies and financial information, etc.)

*Request for Production to McGrath*
Request for Production No. 1:

Plaintiff has already preformed its own search of the harddrive of McGrath's personal computer. Therefore, to the extent any of these documents sought by Requests for Production Nos. 1-38 exist, Plaintiff is already in possession of these documents. We believe, however, that Plaintiff's forensic expert will find as ours did – that no responsive documents exist. I believe you are in possession of the report our consultant prepared. Per our conversation today, your expert is still preparing his report as it relates to McGrath's computer, but you will provide a copy of that report to us once received. Thank you in advance for your cooperation.

Request for Production No. 2:

This request seeks documents "concerning or relating to All Risks, Ltd." You have limited this request to January 1, 2007 through June 4, 2007. As explained to counsel for Plaintiff in our meet and confer discussions in March, this request is overbroad and seeks information that is not relevant to this matter. Moreover, this request seeks proprietary information. McGrath's first date of employment with All Risks was June 4, 2007 – Plaintiff is clearly not entitled to all communications "concerning or relating to All Risks, Ltd." following McGrath's first date of employment and will not produce any documents "concerning or relating to All Risks, Ltd." from June 4, 2007 forward. Defendant will, however, amend his response to state as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to

CURIALE
———————
DELLAVERSON
———————
HIRSCHFELD
———————
& KRAEMER
LLP

Dylan B. Carp, Esq.
Mark S. Askanas, Esq.
June 11, 2008
Page 5

this request in his possession, custody, or control for the time period of January 1, 2007 through June 3, 2007.

Request for Production No. 8:

This request seeks documents related to "solicitation of insurance business from any customers or clients of Crump Insurance Services wherein [he was] seeking such business for All Risks, Ltd." As explained to counsel for Plaintiff in our meet and confer discussions in March and as articulated in our responses served in February 13th, this request is overbroad and, more importantly, calls for a legal conclusion as to the term solicit. Nonetheless, Defendant will amend his response as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody, or control.

Request for Production No. 9:

This request seeks documents related to "solicitation of employees of Crump Insurance Services to work for All Risks, Ltd." As explained to counsel for Plaintiff in our meet and confer discussions in March and as articulated in our responses served in February 13th, this request is overbroad and, more importantly, calls for a legal conclusion as to the term solicit. Nonetheless, Defendant will amend his response as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody, or control.

Request for Production No. 11:

Defendant has already responded to this request and has stated that no responsive documents exist.

Request for Production Nos. 13-17:

These requests seek "all documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to" various insurance businesses. As explained to counsel for Plaintiff in our meet and confer discussions in March, this request is overbroad and seeks information that is not relevant to this matter. Moreover, this request seeks proprietary information. As noted to Plaintiff's counsel previously, the Broker of Record letters for each of the enumerated accounts has already been provided. Additionally, since that time, Defendant has also provided all announcement communications by McGrath during his first month at All Risks. When considering that Plaintiff is now in possession of announcement communications as well as any Broker of Record letters for these enumerated insurance businesses, it becomes exceedingly clear that its persistence to enforce this overbroad request is solely aimed at harassing Defendant and obtaining confidential information (i.e., the terms of the policies, etc.)

06/11/2008 17:43 FAX econopolis dewislewis.com Case 3:07-cv-04636-MMC Document 32-9 Filed 06/18/2008 Page 8 of 8 007/007

11-06-08 05:11pm From-CURIALE DELLAVERSON, et al. +415 834 0443 T-976 P.007/007 F-563

**CURIALE**

**DELLAVERSON**

**HIRSCHFELD**

**& KRAEMER**

*LLP*

Dylan B. Carp, Esq.
Mark S. Askanas, Esq.
June 11, 2008
Page 6

I hope this letter addresses our position with regard to both the redundancy of Plaintiff's attempt to again meet and confer with regard to these responses as well as Defendants' positions with regard to the responses. Nonetheless, please do not hesitate to contact me if you require additional clarification or otherwise have questions.

Very truly yours,

*Kristen L. Williams*

Kristen L. Williams

KLW/ap