# EXHIBIT I

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson|lewis

Attorneys at Law

| | | |
|---|---|---|
| **Jackson Lewis LLP** | ATLANTA, GA | LONG ISLAND, NY | PROVIDENCE, RI |
| **199 Fremont Street** | BIRMINGHAM, AL | LOS ANGELES, CA | RALEIGH-DURHAM, NC |
| | BOSTON, MA | MIAMI, FL | RICHMOND, VA |
| **10th Floor** | CHICAGO, IL | MINNEAPOLIS, MN | SACRAMENTO, CA |
| **San Francisco, California 94105** | CLEVELAND, OH | MORRISTOWN, NJ | SAN FRANCISCO, CA |
| | DALLAS, TX | NEW YORK, NY | SEATTLE, WA |
| **Tel 415 394-9400** | DENVER, CO | ORANGE COUNTY, CA | STAMFORD, CT |
| **Fax 415 394-9401** | GREENVILLE, SC | ORLANDO, FL | WASHINGTON, DC REGION |
| | HARTFORD, CT | PITTSBURGH, PA | WHITE PLAINS, NY |
| **www.jacksonlewis.com** | HOUSTON, TX | PORTLAND, OR | |

June 12, 2008

**VIA FACSIMILE**

Kristen L. Williams, Esq.
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA 9111

Re:    Crump Insurance Services, Inc. v. McGrath,
       N.D. Cal. Case No. C-07-4636 MMC

Dear Ms. Williams:

This responds to your fax dated June 10, 2008. Thank you for your assistance in addressing a number of our concerns.

We think that *Gault v. Nabisco Biscuit Co.* (D. Nev. 1999) 184 F.R.D. 620, aside from being non-binding, is readily distinguishable on its facts, and we are confident that the court would agree. In *Gault*, the motion to compel was filed after the other party had moved for summary judgment and 76 days after the close of discovery, and requiring additional discovery on the eve of trial would have caused a delay in proceedings. In contrast, we anticipate filing any motion before or immediately after the close of discovery, Defendants have not moved for summary judgment or pointed to any prejudice caused by any perceived delay, and the motion will not require additional discovery on the eve of trial or otherwise cause delay in proceedings.

You stated that no documents have been withheld on account of the "attorney-client and/or attorney work product privileges." However, so that there is no misunderstanding, would you please also confirm in writing that no documents have been withheld on account of a *privacy* objection, or if documents have been withheld on that ground, provide us with a log so we can determine whether the privacy assertions have merit.

Thank you for agreeing to provide the documents with the names of the employees listed in the documents that are currently redacted. We look forward to receiving them at your earliest convenience. However, we will move to compel production without any redactions, including information related to the proposed salaries and/or terms of employment for those individuals, and we think that each of the points raised in your letter lacks merit. You state that we do not need information about salaries because McGrath testified that his salary is not based upon revenue generation. However, we are entitled to check the veracity of McGrath's testimony against the documents. You state that the duration of any employment contracts is confidential and proprietary and irrelevant. However, as we have pointed out before and you have not addressed, the parties have already negotiated a protective order governing



**jackson|lewis**

Attorneys at Law

discovery that is confidential and proprietary, and we have offered and hereby offer again to discuss even stricter protection if you think it is necessary. The information is relevant because we need to know what McGrath was attempting to negotiate on behalf of Marty, to establish the extent of McGrath's breach of fiduciary duty owed to Crump. Because it appears that you are unwilling to meet and confer further on these matters, we want to make clear that if we do not hear from you further on these matters we will move to compel.

**Requests for Production to All Risks:**

RFP No. 2: We disagree with your limitation to BOR letters received by All Risks for accounts that McGrath handled while at Crump. Our claims pertain to all Crump customers wrongfully taken, not just those Crump customers McGrath handled while at Crump. Please agree to include responsive documents regarding all customers, whether or not McGrath handled them while at Crump.

RFP No. 4: We disagree that the request is overbroad or seeks irrelevant information. We claim that Defendants wrongfully interfered with Crump's employment relationships with employees other than McGrath. Please agree to produce all responsive documents.

RFP Nos. 7 & 26: Marty's right to privacy is outweighed by our need to know the information. We have the right to test the veracity of her testimony against the documents. Further, to the extent that she testified about information that has been redacted, she has already waived the privacy right regarding the information. Please agree to produce all responsive documents.

Again, because it appears that you are unwilling to meet and confer further on these matters, we want to make clear that if we do not hear from you further on these matters we will move to compel.

Very truly yours,

JACKSON LEWIS LLP

Dylan B. Carp

DBC/BCS