# EXHIBIT J

06/12/2008 16:58 FAX accarp@jacksonlewis.com → Curiale Dellaverson  ☐ 001/003
Case 3:07-cv-04056-MMC  Document 32-11  Filed 06/18/2008  Page 2 of 4
12-06-08  04:52pm  From-CURIALE DELLAVERSON, et al.  +415 834 0443  T-985  P.001/003  F-574

# CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

## FACSIMILE TRANSMITTAL SHEET

**DATE:** June 12, 2008

**TO:**
Dylan B. Carp
JACKSON LEWIS LLP

**FAX NO.:** (415) 394-9401

**PHONE NO.:** (415) 394-9400

**FROM:** Kristen L. Williams  **PHONE:** (415) 835-9051

**RE:** Crump v. Michael P. McGrath and All Risks, LTD

**CLIENT/MATTER NUMBER:** 60170.002

**NUMBER OF PAGES WITH COVER PAGE:** 3   Originals Will Not Follow in Regular Mail

**MESSAGE:**
Please see attached letter.

### CAUTION - CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL
ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 • (415) 834-0443

4822-7979-2898

06/12/2008 16:58 IFAX ecarp@jacksonlewis.com → Reception  ☒002/003
Case 3:07-cv-04630-MMC   Document 32-11   Filed 06/18/2008   Page 3 of 4
12-06-08   04:52pm   From-CURIALE DELLAVERSON, et al.   +415 834 0443   T-985   P.002/003   F-574

# CURIALE
# DELLAVERSON
# HIRSCHFELD
# & KRAEMER
LLP

SAN FRANCISCO

727 SANSOME STREET
SAN FRANCISCO
CALIFORNIA
94111
TELEPHONE
(415) 835-9000
FAX
(415) 834-0443

LOS ANGELES

THE WATER GARDEN
2425 OLYMPIC BOULEVARD
SUITE 550 EAST TOWER
SANTA MONICA
CALIFORNIA
90404
TELEPHONE
(310) 255-0705
FAX
(310) 255-0986

RENO

5450 LONGLEY LANE
RENO
NEVADA
89511
TELEPHONE
(775) 826-7100
FAX
(775) 827-9256

E-MAIL
info@cdhklaw.com
WEB SITE
www.cdhklaw.com

June 12, 2008

KRISTEN L. WILLIAMS
Direct Dial: (415) 835-9051
kwilliams@cdhklaw.com

**VIA FACSIMILE**

Dylan B. Carp, Esq.
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

Re:   Crump Insurance v. All Risks, Ltd. & Michael McGrath

Dear Mr. Carp:

    This letter is in response to your letter of June 12, 2008. To begin, your letter's repeated reference to our refusal to meet and confer is not well-received and does not help your client's efforts. In response to your initial meet and confer letter, we have had one teleconference and Defendants have sent two meet and confer letters. Moreover, please do not forget that Defendants met and conferred – and reached a resolution – with counsel for Plaintiff *more than three months ago*. Simply because we do not agree with your position, or you do not agree with ours, does not invalidate *our repeated meet and confer efforts*.

    To be clear, Defendants are willing to provide you with the following. We will provide you with new documents from our previous production and remove the redaction for all references to Cyndi Marty. We will also provide you with a log of documents withheld for privacy reasons, to the extent any such documents were withheld for privacy. As discussed in more detail below, we will continue to redact proprietary and private information related to the salary and duration of Mr. McGrath and Ms. Marty's employment contracts.

    As to your insistence that you are entitled to McGrath's salary information and duration of employment contract "to establish the extent of McGrath's breach of fiduciary duty owed to Crump", your argument is disingenuous at best. Crump has not and will continue to be unable to prove that there was even any fiduciary relationship between it and McGrath, let alone any breach of fiduciary duty. If the information you seek is whether or not McGrath's salary was tied to revenue generation or not, that information (1) has been provided in McGrath and Nick Cortezi's deposition and (2) does not hinge upon whether his salary was one dollar or one million dollars. His salary was either tied to revenue production or not – regardless of the amount of McGrath's salary. As to your verification of his veracity, neither Cortezi nor McGrath have testified as to the amount of his salary or the duration of his contract therefore I am unclear as to how providing Plaintiff

4830-0947-3794

CURIALE
DELLAVERSON
HIRSCHFELD
& KRAEMER
LLP

SAN FRANCISCO

727 SANSOME STREET
SAN FRANCISCO
CALIFORNIA
94111
TELEPHONE
(415) 835-9000
FAX
(415) 834-0443

LOS ANGELES

THE WATER GARDEN
2425 OLYMPIC BOULEVARD
SUITE 550 EAST TOWER
SANTA MONICA
CALIFORNIA
90404
TELEPHONE
(310) 255-0705
FAX
(310) 255-0986

RENO

5450 LONGLEY LANE
RENO
NEVADA
89511
TELEPHONE
(775) 826-7100
FAX
(775) 827-9256

E-MAIL
info@cdhklaw.com
WEB SITE
www.cdhklaw.com

Dylan B. Carp, Esq.
Mark S. Askanas, Esq.
June 11, 2008
Page 2

with this proprietary and private information would have any bearing on McGrath's veracity.

With regard to the protective order, while it does govern the documents and information produced in this litigation, does not, open the door to a fishing expedition by Plaintiff for proprietary and private information that is wholly unrelated to the claims asserted by your client. Your assertion that the salary information and duration of McGrath's employment contract is relevant to the breach of fiduciary duty claim is without merit. To assert that there is *any relation* would be akin to arguing that if McGrath's employment agreement was for one dollar and one year in duration there would not be a breach of the duty, but if it was any other there would be a breach. If your position is that whether or not McGrath breached his fiduciary duty is somehow tied to the salary he received, I would be interested in knowing the legal authority that support this contention.

With regard to Requests for Production Nos. 7 and 26, your reasoning for seeking this information is also misplaced. The requested documents include private information regarding Ms. Marty's salary and for the reasons set forth above there is no basis for Plaintiff being entitled to such information. As to Ms. Marty's veracity, it is unclear what aspect of Ms. Marty's testimony Plaintiff seeks to challenge. And since Ms. Marty did not testify as to the specific terms of her employment contract, clearly Plaintiff cannot assert that it is seeking this personal information to challenge her veracity. Bearing all this in mind and the fact that Ms. Marty – a third party to this litigation – has already been subject to deposition, we believe the Court would agree that her right to privacy has already been imposed upon and further imposition would be tantamount to harassment.

Very truly yours,

*Kristen K. Williams*

Kristen L. Williams

KLW/ap