Mark S. Askanas (SBN 122745)
Dylan B. Carp (SBN 196846)
Tara L. Riedley (SBN 236508)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
*askanasm@jacksonlewis.com*

Attorneys for Plaintiff
CRUMP INSURANCE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUMP INSURANCE SERVICES, INC., | Case No. C-07-4636 MMC (JL) |
| Plaintiff, | **PLAINTIFF CRUMP INSURANCE SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL (1) ALL RISKS TO PRODUCE ALL DOCUMENTS RESPONSIVE TO CRUMP'S REQUESTS FOR PRODUCTION, SET ONE, NOS. 8-12; (2) MCGRATH TO PRODUCE ALL DOCUMENTS RESPONSIVE TO CRUMP'S REQUESTS FOR PRODUCTION, SET ONE, NOS. 13-17; (3) ALL RISKS TO PRODUCE ALL DOCUMENTS RESPONSIVE TO CRUMP'S REQUESTS FOR PRODUCTION, SET TWO, NOS. 36-37; (4) MCGRATH TO ANSWER DEPOSITION QUESTIONS REGARDING HIS COMPENSATION AT ALL RISKS; (5) MCGRATH AND ALL RISKS TO PRODUCE ANY DOCUMENTS WITHHELD ON THE GROUND OF PRIVACY OR ATTORNEY-CLIENT PRIVILEGE; AND (6) MCGRATH, MARTY, AND CORTEZI TO ANSWER QUESTIONS AT FURTHER DEPOSITIONS REGARDING THE DOCUMENTS AND INFORMATION** |
| v. | |
| MICHAEL P. MCGRATH, an individual, ALL RISKS, LTD., a corporation, and Does 1 through 50, inclusive, | |
| Defendants. | |

Date:       August 6, 2008
Time:       9:30 a.m.
Chief Magistrate Judge James Larson
Courtroom: F

Case No. CCC-07-4636 MMC (JL)

PLAINTIFF'S MOTION TO COMPEL

1

## TABLE OF CONTENTS

2

**Page**

3

TABLE OF AUTHORITIES ............................................................................... iii

4

NOTICE OF MOTION ...................................................................................... 1

5

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 3

6

    STATEMENT OF THE ISSUES TO BE DECIDED ......................................... 3

7

    STATEMENT OF FACTS ............................................................................ 3

8

    ARGUMENT ............................................................................................ 4

9

    I.    Plaintiff's Requests for Production to All Risks, Set One, All Risks' objections, and reasons why this Court should compel further responses .............................. 4

10

11

        A.    Request for Production No. 8 ................................................... 4

12

        B.    Request for Production No. 9 ................................................... 5

13

        C.    Request for Production No. 10 ................................................. 5

14

        D.    Request for Production No. 11 ................................................. 6

15

        E.    Request for Production No. 12 ................................................. 6

16

    II.    Plaintiff's Requests for Production to McGrath, Set One, McGrath's objections, and reasons why this Court should compel further responses .............................. 7

17

        A.    Request for Production No. 13 ................................................. 7

18

        B.    Request for Production No. 14 ................................................. 7

19

        C.    Request for Production No. 15 ................................................. 8

20

        D.    Request for Production No. 16 ................................................. 8

21

        E.    Request for Production No. 17 ................................................. 9

22

    III.    Plaintiff's Requests for Production to All Risks, Set Two, All Risks' objections, and reasons why this Court should compel further responses ............ 9

23

        A.    Request for Production No. 36 ................................................. 9

24

        B.    Request for Production No. 37 ................................................. 10

25

    IV.    Deposition of McGrath ................................................................... 11

26

    V.    This Court should not condone Defendants' attempt to manipulate the discovery process by promising Eleventh Hour document productions ................................................................................... 12

27

28

i

VI.     Defendants will not have produced a log for withheld documents in time for a meaningful meet and confer.........................................13

VII.    This Court should compel further depositions regarding the documents and information..................................................................14

CONCLUSION........................................................................................................................11

Case No. C-07-4636 MMC

PLAINTIFF'S MOTION TO COMPEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

Page

### CASES

Babcock v. Superior Court,
   29 Cal.App.4th 721 (1994)................................................................................10, 11

Morlife v. Perry,
   56 Cal.App.4th 1514 (1997)....................................................................................12

Case No. C-07-4636 MMC

PLAINTIFF'S MOTION TO COMPEL

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on August 6, 2008 at 9:30 a.m. or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom F, before the Honorable Chief Magistrate Judge James Larson, Plaintiff Crump Insurance Services, Inc. ("Crump") will and hereby does move to compel Defendants All Risks, Ltd. ("All Risks") and Michael P. McGrath ("McGrath"), Cynthia Marty ("Marty"), and Nicholas Cortezi ("Cortezi") to respond further to discovery.

Crump seeks an order compelling: (1) All Risks to produce all documents responsive to Crump's Requests for Production, Set One, Nos. 8-12; (2) McGrath to produce all documents responsive to Crump's Requests for Production, Set One, Nos. 13-17; (3) All Risks to produce all documents responsive to Crump's Requests for Production, Set Two, Nos. 36-37; (4) McGrath to answer deposition questions regarding his compensation at All Risks; (5) McGrath and All Risks to produce any documents withheld on the ground of privacy or attorney-client privilege; and (6) McGrath, Marty, and Cortezi to answer questions at further depositions regarding the documents and information. This motion is made on the grounds that Defendants' objections are meritless and further responses should be compelled.

This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Dylan B. Carp, the Declaration of Dylan B. Carp in Support of Plaintiff Crump Insurance Services, Inc.'s Motion to Compel Defendant All Risks, Ltd. to Respond to Requests for Production Nos. 4, 7 and 26 and to Produce Unredacted Documents and Motion to Compel Michael McGrath, Nicholas Cortezi, and Cynthia Marty to Appear for Further Depositions Regarding the Documents, executed June 18, 2008, all pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

///

///

///

///

1     The undersigned certifies pursuant to Rule 37(a)(1) that the movant has in good faith

2 conferred with the party failing to make discovery in an effort to obtain it without court action.

3 DATED: June 24, 2008            JACKSON LEWIS LLP

4

5

6                           By: _____

7                              Mark S. Askanas
                             Dylan B. Carp

8                              Tara L. Riedley
                             Attorneys for Plaintiff
                             CRUMP INSURANCE SERVICES, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO COMPEL

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### STATEMENT OF THE ISSUES TO BE DECIDED

3      Should this Court compel: (1) All Risks to produce all documents responsive to Crump's

4    Requests for Production, Set One, Nos. 8-12; (2) McGrath to produce all documents responsive to

5    Crump's Requests for Production, Set One, Nos. 13-17; (3) All Risks to produce all documents

6    responsive to Crump's Requests for Production, Set Two, Nos. 36-37; (4) McGrath to answer

7    deposition questions regarding his compensation at All Risks; (5) McGrath and All Risks to

8    produce any documents withheld on the ground of privacy or attorney-client privilege; and

9    (6) McGrath, Marty, and Cortezi to answer questions at further depositions regarding the

10   documents and information?

11

### STATEMENT OF FACTS

12      The background facts surrounding this discovery dispute are set forth in Crump's

13   previously-filed Motion to Compel, also set for hearing on August 6, 2008.  The parties met and

14   conferred through counsel via fax and telephone, but were unable to resolve the disputes

15   presented in this motion.  *Declaration of Dylan B. Carp in Support of Plaintiff Crump Insurance*

16   *Services, Inc.'s Motion to Compel (1) All Risks to produce all documents responsive to Crump's*

17   *Requests for Production, Set One, Nos. 8-12; (2) McGrath to produce all documents responsive*

18   *to Crump's Requests for Production, Set One, Nos. 13-17; (3) All Risks to produce all*

19   *documents responsive to Crump's Requests for Production, Set Two, Nos. 36-37; (4) McGrath*

20   *to answer deposition questions regarding his compensation at All Risks; (5) McGrath and All*

21   *Risks to produce any documents withheld on the ground of privacy or attorney-client privilege;*

22   *and (6) McGrath, Marty, and Cortezi to answer questions at further depositions regarding the*

23   *documents and information ("2nd Carp Dec"), ¶ 2.*

24   ///

25   ///

26   ///

27   ///

28   ///

PLAINTIFF'S MOTION TO COMPEL

1    **ARGUMENT**

2  **I.    Plaintiff's Requests for Production to All Risks, Set One, All Risks' objections, and**

3        **reasons why this Court should compel further responses.**

4        **A.    Request for Production No. 8.**

5  REQUEST:

6        "All documents and electronically stored information from January 1, 2007 through

7  September 1, 2007, concerning or relating to Menlo Equities LLC insurance business."

8  RESPONSE:

9        "Defendant objects to this request as overly broad.  Defendant objects to this request as it

10 seeks information that is neither relevant to this action nor reasonably calculated to lead to the

11 discovery of admissible evidence.  Defendant objects to this request as it seeks confidential,

12 proprietary or trade secret information."

13 REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE:

14       After McGrath left Crump and joined All Risks, Crump received a Broker of Record

15 letter transferring this account from Crump to All Risks.  *Declaration of Dylan B. Carp in*

16 *Support of Plaintiff Crump Insurance Services, Inc.'s Motion to Compel Defendant All Risks,*

17 *Ltd. to Respond to Requests for Production Nos. 4, 7 and 26 and to Produce Unredacted*

18 *Documents and Motion to Compel Michael McGrath, Nicholas Cortezi, and Cynthia Marty to*

19 *Appear for Further Depositions Regarding the Documents, executed June 18, 2008 ("1st Carp*

20 *Dec"), Ex. L[1], Ex. 9.*  Crump alleges that Marty gave McGrath the Expiration Log that she

21 obtained from Crump soon before she and McGrath left Crump to join All Risks.  Crump further

22 alleges that McGrath used and divulged some of Crump's confidential information on that Log,

23 such as the policy renewal date, the commission, or the premium, to obtain this business for All

24 Risks.  If so, this would establish that McGrath and All Risks misappropriated Crump's trade

25 secrets.  The request is designed to discover facts relevant to this important issue.  Therefore, the

26 request is not overbroad and seeks relevant information.

27 ///

28
___
[1] Excerpts of the transcript of the April 30, 2008 Deposition of McGrath.

4

Case No. C-07-4636 MMC

PLAINTIFF'S MOTION TO COMPEL

1    Further, All Risks' objection that responsive information is confidential, proprietary or

2    trade secret is meritless for two reasons.  First, the parties have negotiated a protective order

3    governing such discovery.  Second, this objection is inconsistent with McGrath's deposition

4    testimony (*2nd Carp Dec, Ex. A*$^2$ *at 271:12-272:25*) and with inappropriate statements of

5    Defendants' counsel during McGrath's deposition (*2nd Carp Dec, Ex. A. at 270:13-17; 267:6-*

6    *268:5*) that such information is neither confidential nor proprietary.

7        **B.    Request for Production No. 9.**

8    REQUEST:

9        "All documents and electronically stored information from January 1, 2007 through

10   September 1, 2007, concerning or relating to Alecta Real Estate USA LLC insurance business."

11   RESPONSE:

12       "Defendant objects to this request as overly broad.  Defendant objects to this request as it

13   seeks information that is neither relevant to this action nor reasonably calculated to lead to the

14   discovery of admissible evidence.  Defendant objects to this request as it seeks confidential,

15   proprietary or trade secret information."

16   REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE:

17       Same reasons regarding RFP No. 8.  In addition, in late May 2007, shortly before

18   McGrath left Crump, McGrath obtained a quote from RLI, an insurer, for an insured named

19   Alecta, and forwarded that quote to his home e-mail address.  *1st Carp Dec, Ex. L at 60:22-*

20   *64:15*.  After McGrath left Crump and joined All Risks, All Risks placed the insurance.  *1st*

21   *Carp Dec, Ex. L at* 64:25-67:7.  Crump alleges that McGrath wrongfully used the quote from

22   RLI, which is Crump's confidential information, to obtain the business for All Risks.  This

23   request is designed to obtain facts relevant to this issue.

24       **C.    Request for Production No. 10.**

25   REQUEST:

26       "All documents and electronically stored information from January 1, 2007 through

27   September 1, 2007, concerning or relating to Jay & Carole Hagglund Trust Insurance business."

28
_____
$^2$ Excerpts of the transcript of the June 10, 2008 Deposition of McGrath.

1  RESPONSE:

2  "Defendant objects to this request as overly broad. Defendant objects to this request as it

3  seeks information that is neither relevant to this action nor reasonably calculated to lead to the

4  discovery of admissible evidence. Defendant objects to this request as it seeks confidential,

5  proprietary or trade secret information."

6  REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE:

7  Same reasons regarding RFP No. 8, except Crump has not located a broker of record

8  letter regarding this company.

9  **D.    Request for Production No. 11.**

10  REQUEST:

11  "All documents and electronically stored information from January 1, 2007 through

12  September 1, 2007, concerning or relating to North First Street Properties insurance business."

13  RESPONSE:

14  "Defendant objects to this request as overly broad. Defendant objects to this request as it

15  seeks information that is neither relevant to this action nor reasonably calculated to lead to the

16  discovery of admissible evidence. Defendant objects to this request as it seeks confidential,

17  proprietary or trade secret information."

18  REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE:

19  Same reasons regarding RFP No. 8, except the pertinent broker of record letters are

20  attached to the *1st Carp Dec, Ex. L. Exs. 10 & 20.*

21  **E.    Request for Production No. 12.**

22  REQUEST:

23  "All documents and electronically stored information from January 1, 2007 through

24  September 1, 2007, concerning or relating to Brandenburg Staedler & Moore insurance

25  business."

26  RESPONSE:

27  "Defendant objects to this request as overly broad. Defendant objects to this request as it

28  seeks information that is neither relevant to this action nor reasonably calculated to lead to the

1   discovery of admissible evidence. Defendant objects to this request as it seeks confidential,

2   proprietary or trade secret information."

3   REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE:

4       Same reasons regarding RFP No. 8, except the pertinent broker of record letters are

5   attached to the *1st Carp Dec, Ex. L. Exs. 8 & 9.*

6   **II.    Plaintiff's Requests for Production to McGrath, Set One, McGrath's objections,**

7   **and reasons why this Court should compel further responses.**

8       **A.    Request for Production No. 13.**

9   REQUEST:

10      "All documents and electronically stored information from January 1, 2007 through

11  September 1, 2007, concerning or relating to Menlo Equities LLC insurance business."

12  RESPONSE:

13      "Defendant objects to this request as overly broad. Defendant objects to this request as it

14  seeks information that is neither relevant to this action nor reasonably calculated to lead to the

15  discovery of admissible evidence. Defendant objects to this request as it seeks confidential,

16  proprietary or trade secret information." Defendant further objects that this response seeks to

17  violate constitutional, statutory, and/or common law privacy rights of third parties not party to

18  this litigation.

19  REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE:

20      Same reasons regarding RFP No. 8.

21      **B.    Request for Production No. 14.**

22  REQUEST:

23      "All documents and electronically stored information from January 1, 2007 through

24  September 1, 2007, concerning or relating to Alecta Real Estate USA LLC insurance business."

25  RESPONSE:

26      "Defendant objects to this request as overly broad. Defendant objects to this request as it

27  seeks information that is neither relevant to this action nor reasonably calculated to lead to the

28  discovery of admissible evidence. Defendant objects to this request as it seeks confidential,

7                                    Case No. C-07-4636 MMC

1 | proprietary or trade secret information."

2 | <u>REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE</u>:

3 | Same reasons regarding RFP No. 9.

4 | **C.    Request for Production No. 15.**

5 | <u>REQUEST</u>:

6 | "All documents and electronically stored information from January 1, 2007 through

7 | September 1, 2007, concerning or relating to Jay & Carole Hagglund Trust Insurance business."

8 | <u>RESPONSE</u>:

9 | "Defendant objects to this request as overly broad. Defendant objects to this request as it

10 | seeks information that is neither relevant to this action nor reasonably calculated to lead to the

11 | discovery of admissible evidence. Defendant objects to this request as it seeks confidential,

12 | proprietary or trade secret information."

13 | <u>REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE</u>:

14 | Same reasons regarding RFP No. 10, except Crump has not located a broker of record

15 | letter regarding this company.

16 | **D.    Request for Production No. 16.**

17 | <u>REQUEST</u>:

18 | "All documents and electronically stored information from January 1, 2007 through

19 | September 1, 2007, concerning or relating to North First Street Properties insurance business."

20 | <u>RESPONSE</u>:

21 | "Defendant objects to this request as overly broad. Defendant objects to this request as it

22 | seeks information that is neither relevant to this action nor reasonably calculated to lead to the

23 | discovery of admissible evidence. Defendant objects to this request as it seeks confidential,

24 | proprietary or trade secret information."

25 | <u>REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE</u>:

26 | Same reasons regarding RFP No. 11.

27 | ///

28 | ///

Case No. C-07-4636 MMC

1        **E.**    **Request for Production No. 17.**

2    <u>REQUEST</u>:

3        "All documents and electronically stored information from January 1, 2007 through

4    September 1, 2007, concerning or relating to Brandenburg Staedler & Moore insurance

5    business."

6    <u>RESPONSE</u>:

7        "Defendant objects to this request as overly broad. Defendant objects to this request as it

8    seeks information that is neither relevant to this action nor reasonably calculated to lead to the

9    discovery of admissible evidence. Defendant objects to this request as it seeks confidential,

10   proprietary or trade secret information."

11   <u>REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE</u>:

12       Same reasons regarding RFP No. 12.

13   **III.**    **Plaintiff's Requests for Production to All Risks, Set Two, All Risks' objections, and**

14       **reasons why this Court should compel further responses.**

15       **A.**    **Request for Production No. 36:**

16   <u>REQUEST</u>:

17       Any communications between Michael P. McGrath and Woodruff Sawyer & Company

18   from June 3, 2007 through June 11, 2007.

19   <u>RESPONSE</u>:

20       "Defendant objects to this request as overly broad and unduly burdensome. Defendant

21   objects to this request as it seeks information that is neither relevant to this action nor reasonably

22   calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it

23   seeks confidential, proprietary or trade secret information. Defendant further objects that this

24   response seeks to violate constitutional, statutory, and/or common law privacy rights of third

25   parties not party to this litigation."

26   <u>REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE</u>:

27       June 3 to 11, 2007 is the critical period surrounding McGrath's departure from Crump.

28   Soon after, Crump received Broker of Record letters from Woodruff Sawyer replacing Crump

1   with All Risks.  Any communications McGrath had during that time period with Woodruff

2   Sawyer are relevant to Whether McGrath used Crump's confidential information to obtain

3   customers for All Risks, such as policy renewal dates, premiums, or commissions.  Thus, the

4   request is not overly broad and seeks relevant information.

5          Further, McGrath's objection that responsive information is confidential, proprietary or

6   trade secret is meritless for two reasons.  First, the parties have negotiated a protective order

7   governing such discovery.  Second, this objection is inconsistent with McGrath's deposition

8   testimony (*2nd Carp Dec, Ex. A at 271:12-272:25*) and with inappropriate statements of

9   Defendants' counsel during McGrath's deposition (*2nd Carp Dec, Ex. A. at 270:13-17; 267:6-*

10  *268:5*) that such information is neither confidential nor proprietary.  And Defendants have not

11  indicated that they withheld any documents on privacy grounds, so this objection is moot.  If

12  Defendants have withheld any responsive documents on this ground, then this Court should

13  review the documents *in camera* to determine whether the right to privacy applies, with counsel

14  for All Risks bearing the burden of assisting the court to conduct that hearing.  *Babcock v.*

15  *Superior Court* 29 Cal.App.4th 721, 727, 35 Cal.Rptr.2d 462, 465 (1994).  If it does not apply,

16  this Court should compel production.  If it does apply, this Court should weigh the privacy right

17  against Crump's right to discover the information.

18         **B.    Request for Production No. 37:**

19  REQUEST:

20         Any communications between Michael P. McGrath and HUB International from June 3,

21  2007 through June 11, 2007.

22  RESPONSE:

23         "Defendant objects to this request as overly broad and unduly burdensome.  Defendant

24  objects to this request as it seeks information that is neither relevant to this action nor reasonably

25  calculated to lead to the discovery of admissible evidence.  Defendant objects to this request as it

26  seeks confidential, proprietary or trade secret information.  Defendant further objects that this

27  response seeks to violate constitutional, statutory, and/or common law privacy rights of third

28  parties not party to this litigation."

1 | REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE:

2 |      June 3 to 11, 2007 is the critical period surrounding McGrath's departure from Crump.

3 | Soon after, Crump received Broker of Record letters from HUB International replacing Crump

4 | with All Risks. Any communications McGrath had during that time period with HUB

5 | International are relevant to Whether McGrath used Crump's confidential information to obtain

6 | customers for All Risks, such as policy renewal dates, premiums, or commissions. Thus the

7 | request is not overly broad and seeks relevant information.

8 |      Further, McGrath's objection that responsive information is confidential, proprietary or

9 | trade secret is meritless for two reasons. First, the parties have negotiated a protective order

10 | governing such discovery. Second, this objection is inconsistent with McGrath's deposition

11 | testimony (*2nd Carp Dec, Ex. A at 271:12-272:25*) and with inappropriate statements of

12 | Defendants' counsel during McGrath's deposition (*2nd Carp Dec, Ex. A. at 270:13-17; 267:6-*

13 | *268:5*) that such information is neither confidential nor proprietary. And Defendants have not

14 | indicated that they withheld any documents on privacy grounds, so this objection is moot. If

15 | Defendants have withheld any responsive documents on this ground, then this Court should

16 | review the documents *in camera* to determine whether the right to privacy applies, with counsel

17 | for All Risks bearing the burden of assisting the court to conduct that hearing. *Babcock v.*

18 | *Superior Court* 29 Cal.App.4th 721, 727, 35 Cal.Rptr.2d 462, 465 (1994). If it does not apply,

19 | this Court should compel production. If it does apply, this Court should weigh the privacy right

20 | against Crump's right to discover the information.

21 | **IV.    Deposition of McGrath.**

22 | QUESTION:

23 |      "How much have you been compensated at All Risks including salary, signing bonus,

24 | any other bonuses or benefits?"

25 | OBJECTION:

26 |      "I instruct the witness not to answer. That's private information." *2nd Carp Dec, Ex. A*

27 | *at 234:17-22.*

28 | ///

Case No. C-07-4636 MMC

1    <u>REASON WHY THIS COURT SHOULD COMPEL A FURTHER RESPONSE</u>:

2         The instruction was improper because Crump's right to discover McGrath's

3    compensation at All Risks outweighs any right he has to keep the information private.  As

4    Crump's counsel explained at the deposition (*2nd Carp Dec, Ex. A at 234:23-25*), Crump needs

5    this information because it can constitute unjust enrichment for misappropriation of Crump's

6    trade secrets.  *Morlife v. Perry* 56 Cal.App.4th 1514, 1529, 66 Cal.Rptr.2d 731, 740 (1997).  If

7    McGrath is able to defeat discovery of this information, then he can effectively deprive Crump

8    of a lawful remedy for McGrath's unlawful behavior, which would surely stretch the privacy

9    right beyond its limits.

10        During the meet and confer process, Defendants' counsel attempted to distinguish

11   *Morlife* on the ground that the salaries in *Morlife* were derived from business that was

12   wrongfully solicited from Plaintiff, whereas here McGrath answered "no" to the question, "Was

13   any of your compensation determined by the amount of revenues you generated?"  *2nd Carp*

14   *Dec, Ex. A at* 242:11-13.  However, in *Morlife* there is nothing in the opinion indicating that the

15   offending employees' salaries were strictly tied (or tied at all) to their new employer's revenue.

16   The *Morlife* court held that applying a 33% figure to their salaries, reflecting the 33% of their

17   new employer's business derived from former Morlife customers, was "a reasonable

18   approximation" of the offending employees' unjust enrichment.  Here, a jury could reasonably

19   find that McGrath's compensation was set based in part on All Risks' prediction of how much

20   revenue McGrath could generate, even if his compensation would not rise or fall depending on

21   the revenue he actually brought in, and the jury could "reasonably approximate" McGrath's

22   unjust enrichment by applying a percentage figure to his salary based on the percentage of All

23   Risks' revenue derived from former Crump customers, just as in *Morlife*.

24   **V.      This Court should not condone Defendants' attempt to manipulate the discovery**

25   **          process by promising Eleventh Hour document productions.**

26        By fax dated June 10, 2008, Defendants' counsel stated in writing that "no documents

27   have been withheld on account of the attorney-client and/or attorney work product privileges."

28   *1st Carp Dec, Ex. H at 2*.  Nevertheless, over a year after the inception of this litigation,

                                    12                    Case No. C-07-4636 MMC

1    Defendants claim to have discovered for the very first time potentially privileged documents
2    which heretofore were never previously identified. *2nd Carp Dec, Ex. I.* Indeed, in a fax dated
3    June 23, Defendants' counsel wrote "as promised," Defendants will produce "A log of
4    documents withheld on privacy and/or attorney-client privilege grounds." *2nd Carp Dec, Ex. F*
5    *at 3*. Crump's counsel spotted the apparent contradiction and immediately asked Defendants'
6    counsel for clarification. *2nd Carp Dec, Ex. H.* By fax sent at 5:01 p.m. that day, Defendants'
7    counsel conceded this last minute change in position. *2nd Carp Dec, Ex. I.* To date, no such log
8    has been forthcoming

9        By fax dated June 18, Crump's counsel had advised Defendants' counsel that "our entire
10    office will be absent next Thursday and Friday, June 26 and 27, for our firm's annual retreat,
11    and that I will thereafter be on vacation until July 5, so I will need to file any motions to compel
12    regarding unresolved issues by Wednesday, June 25." *2nd Carp Dec, Ex. B.* Defendants should
13    explain why they did not discover purportedly privileged documents until after the discovery
14    cutoff.

15    **VI.    Defendants will not have produced a log for withheld documents in time for a**
16        **meaningful meet and confer.**

17        Further, although Defendants' counsel promised in writing as early as June 12 to provide
18    a log for documents withheld for privacy reasons *1st Carp Dec, Ex. J at 1*, Defendants'
19    counsel's 5:01 p.m. fax stated that a log for all withheld documents would be forthcoming only
20    by close of business Wednesday, June 25. *2nd Carp Dec, Ex. I.* As Crump's counsel previously
21    advised Defendants' counsel, that would leave inadequate time to meet and confer regarding any
22    withheld documents before the deadline to file discovery motions. *2nd Carp Dec, Ex. B.*
23    Defendants' counsel's 5:01 p.m. fax states that "the documents withheld on privacy grounds are
24    employment agreements for Mr. McGrath and Ms. Marty as well as correspondence related to
25    those agreements." *2nd Carp Dec, Ex. I.* However, this brief description does not substitute for
26    a proper log and is not sufficient to facilitate a meaningful meet and confer in sufficient time.
27    ///
28    ///

1    As a result, this Court should conduct an *in camera* review of any documents that

2    Defendants withheld from production or order a meaningful meet and confer after Defendants

3    have produced an adequate log of withheld documents.

4    **VII.    This Court should compel further depositions regarding the documents and**

5    **information.**

6    All Risks should have produced the documents and information discussed above before

7    the parties engaged in expensive deposition discovery.  Because Crump did not have all

8    responsive, un-redacted documents in a timely manner, Crump was unable to question McGrath,

9    Cortezi, and Marty about them.  As a result, this Court should compel McGrath, Cortezi, and

10   Marty to appear for further depositions to answer questions regarding these documents.

11                                           **CONCLUSION**

12   For the reasons stated above, this Court should compel: (1) All Risks to produce all

13   documents responsive to Crump's Requests for Production, Set One, Nos. 8-12; (2) McGrath to

14   produce all documents responsive to Crump's Requests for Production, Set One, Nos. 13-17;

15   (3) All Risks to produce all documents responsive to Crump's Requests for Production, Set

16   Two, Nos. 35-37; (4) McGrath to answer deposition questions regarding his compensation at All

17   Risks; (5) McGrath and All Risks to produce any documents withheld on the ground of privacy

18   or attorney-client privilege; and (6) McGrath, Marty, and Cortezi to answer questions at further

19   depositions regarding the documents and information.

20   DATED:  June 24, 2008                    JACKSON LEWIS LLP

21

22

23                             By: _____

24                                 Mark S. Askanas
                                    Dylan B. Carp
25                                  Tara L. Riedley
                                    Attorneys for Plaintiff
26                                  CRUMP INSURANCE SERVICES, INC.

27

28