# EXHIBIT D



Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
199 Fremont Street
10th Floor
San Francisco, California 94105
Tel 415 394-9400
Fax 415 394-9401
www.jacksonlewis.com

| ATLANTA, GA | LONG ISLAND, NY | PORTLAND, OR |
| BIRMINGHAM, AL | LOS ANGELES, CA | PROVIDENCE, RI |
| BOSTON, MA | MIAMI, FL | RALEIGH-DURHAM, NC |
| CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| DALLAS, TX | NEW ORLEANS, LA | SAN FRANCISCO, CA |
| DENVER, CO | NEW YORK, NY | SEATTLE, WA |
| DETROIT, MI | ORANGE COUNTY, CA | STAMFORD, CT |
| GREENVILLE, SC | ORLANDO, FL | WASHINGTON, DC REGION |
| HARTFORD, CT | PHILADELPHIA, PA | WHITE PLAINS, NY |
| HOUSTON, TX | PHOENIX, AZ | |
| LAS VEGAS, NV | PITTSBURGH, PA | |

June 20, 2008

**VIA FACSIMILE**

Kristen L. Williams, Esq.
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA 9111

Re: <u>Crump Insurance Services, Inc. v. McGrath</u>,
N.D. Cal. Case No. C-07-4636 MMC

Dear Ms. Williams:

This responds to your faxes dated June 19, 2008.

I.   **Your fax sent at 2:04 p.m.**

Regarding your earlier fax, in that fax you asked me to contact you "to discuss any of these issues further." I do not think we have had a discussion yet regarding any of the issues you raised in the fax. Further, to have a meaningful discussion, I would request that you provide some authority for the claims that you made.

Regarding RFP No. 38, you claim that "Defendants are entitled to know the details of Mr. Scott potentially engaging in the same conduct that Defendants in this matter are now accused of engaging in. We have reason to believe that Mr. Scott brought a significant amount of accounts from Tri-City to Crump. This request goes directly to both the claims in this case and Defendants' defense." We disagree. You have limited your request to Broker of Record Letters. We fail to see how the existence of any such Broker of Record Letters would give you any good cause to assert that Mr. Scott may have breached a contract with a third party, misappropriated trade secrets of a third party, breached a fiduciary duty owed to a third party, or interfered with employees or customers of a third party. Further, whether or not Mr. Scott may have done any of these things does not appear to have any relevance to whether McGrath and/or All Risks did these things to Crump. If you have contrary authority, we would like to see it. Further, whether Mr. Scott brought a significant amount of accounts from Tri-City to Crump does not appear to have any relevance to whether McGrath and/or All Risks committed the acts alleged in the complaint. Again, if you have contrary authority, we would like to see it. Finally, whether Mr. Scott engaged in the above-described conduct and whether Mr. Scott brought accounts to Crump does not appear to have any relevance to any of Defendants' defenses. Again, if you have contrary authority, we would like to see it. I would be happy to discuss any authority you bring to my attention.



Regarding RFP No. 39, you claim that "Cheryl Smith was a broker with Crump and has since left Crump to be employed by another competitive insurance wholesaler. Whether Crump is consistent in its claims is certainly relevant to this case. Moreover, these records will further prove that it is an accepted and common industry practice for retailers to move with brokers when they change employers. As such, this request goes directly to both the claims in this case and Defendants' defense." Again, we disagree. Any responsive changes of broker letters would appear irrelevant to whether McGrath and All Risks committed the alleged wrongdoing against Crump. If you have contrary authority, please let me know. Further, the mere existence of responsive changes of broker letters would not appear to have any relevance to showing that Crump is inconsistent. Even if it did, that would appear to be irrelevant to whether Defendants engaged in the alleged wrongdoing or to any of Defendants' defenses. If you have contrary authority, please let me know. Finally, whether there is an accepted and common industry practice as you posit above would appear irrelevant to whether Defendants engaged in the alleged wrongdoing or to any of Defendants' defenses. Again, if you have contrary authority, we would like to see it. I would be happy to discuss any authority you bring to my attention.

Regarding RFP No. 40, you appear to assert two reasons why you are purportedly entitled to the information you seek. First, you assert that the information would show the accepted and common industry practice that you posited regarding RFP No. 39. For the same reason as discussed above, the existence of such an industry practice appears irrelevant. Second, you assert that "[w]hether or not retailers have moved from All Risks to Crump" "speaks directly to Defendant's affirmative defense of unclean hands." We cannot understand how the existence of any change of broker letters naming Crump in place of All Risks supports your affirmative defense that Crump has unclean hands. If you have authority supporting your assertion, please bring it to our attention, which I would be happy to discuss.

Finally, please explain what discovery responses you are seeking verifications for and any authority in support of your demand.

II.     **Your fax sent at 5:09 p.m.**

Regarding your latter fax, we have not withheld any document that fits the description in Mr. Hargrove's testimony at 161:14-163:16. Therefore, there is no basis for a motion to compel.

I am available to review any authority you provide me and to discuss any of these issues Monday through Wednesday of next week.

Very truly yours,

JACKSON LEWIS LLP

Dylan B. Carp