# EXHIBIT F

**CURIALE**

**DELLAVERSON**

**HIRSCHFELD**

**& KRAEMER**

LLP

---

SAN FRANCISCO

727 SANSOME STREET
SAN FRANCISCO
CALIFORNIA
94111
TELEPHONE
(415) 835-9000
FAX
(415) 834-0443

---

LOS ANGELES

THE WATER GARDEN
2425 OLYMPIC BOULEVARD
SUITE 550 EAST TOWER
SANTA MONICA
CALIFORNIA
90404
TELEPHONE
(310) 255-0705
FAX
(310) 255-0986

---

RENO

5450 LONGLEY LANE
RENO
NEVADA
89511
TELEPHONE
(775) 826-7100
FAX
(775) 827-9256

---

E-MAIL
info@cdhklaw.com
WEB SITE
www.cdhklaw.com

June 23, 2008

KRISTEN L. WILLIAMS
Direct Dial: (415) 835-9051
kwilliams@cdhklaw.com

**VIA FACSIMILE (415) 394-9401**

Dylan B. Carp, Esq.
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105

  **Re: Crump Insurance v. All Risks, Ltd. & Michael McGrath**

Dear Mr. Carp:

   This letter is in response to your letters of June 13, 16, 17 and 18.  Thank you for your patience in receiving this response.

**Defendant All Risks Responses to Request for Production, Set Two**

   Request for Production No. 2:  Defendant will amend its response as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in its possession, custody, or control.

**Defendant McGrath's Responses to Plaintiff's Request for Production of Documents, Set Two**

   Request for Production No. 42:  Defendant will amend its response as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in its possession, custody, or control.

   Request for Production No. 43:  Defendant will amend its response as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in its possession, custody, or control.

**McGrath's Continued Deposition – McGrath's Compensation at All Risks**

   Defendant will not produce this information.  Defendants maintain their objection that this information is protected by McGrath's constitutional right to privacy.  Additionally, Defendants do not believe Plaintiff will be able to overcome this fundamental right.  First, your argument with regard to your interpretation and possible application of *Morlife* is not well-founded.  The

4820-2125-6706

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

Dylan B. Carp, Esq.
June 23, 2008
Page 2

Morlife court awarded damages based on a direct correlation of money earned by
Defendants from Plaintiff's former customers. The court specifically states:
"[t]he court applied a 33 percent figure to appellants' combined earnings,
reflecting that 33% of Burlingame's business during the first six months was
derived from commercial repair work derived from former Morlife customers."
As previously explained, McGrath's compensation is not related to how much
revenue McGrath may or may not have brought in. Moreover, even if his
compensation were conditioned on revenue brought in, Plaintiff has failed to
conduct any discovery as to the other information that would make McGrath's
compensation possibly relevant per *Morlife*. Specifically, how much revenue
McGrath generated for All Risks in his first year or what percentage of that
generated revenue was from retailers with whom he had previously worked with
while at Crump. As such, it becomes increasingly clear that Plaintiff does not
have any reason related to this litigation to seek this private, confidential and
proprietary information.

Second, Plaintiff, despite being requested to, has not amended its
discovery response to produce the names of clients and accounts that it alleges
Defendants have wrongfully taken. Likewise, Plaintiff has not given the amounts
that it claims Defendant has wrongfully taken. Moreover, Plaintiff has the burden
of proof. Plaintiff has conducted no discovery as to how much revenue was
generated from clients that were allegedly wrongfully taken from Crump in order
to try and make a comparison. As such, the argument that Plaintiff is entitled to
this information because the amount of McGrath's compensation may have been
"based on the percentage of All Risks' revenue derived from former Crump
customers" is flawed.

**Request for Production to Nick Cortezi**

Plaintiff refers to two requests for production that it believes Defendant
has withheld responsive documents. Defendant does have one additional
document to produce that was inadvertently omitted. Please note, however, that
beyond this document, there are no additional documents responsive to this
request in Defendant's possession, custody, or control.

Plaintiff also indicated an interest to meet and confer as to Request for
Production No. 4. This request reads as follows: "All documents,
communications, electronic mail, and phone records that reflect conversations
between Michael P. McGrath and Cindy Marty from April 1, 2007 through June
30, 2007." Defendants objected that the request was "overly broad and unduly
burdensome" as well as in violation of "constitutional, statutory, and/or common
law privacy rights of third parties not party to this litigation," specifically Ms.
Marty. Defendants believe that their objections are valid. The request as written
requires Defendants to comb through countless emails and phone records from

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

Dylan B. Carp, Esq.
June 23, 2008
Page 3

numerous phone accounts. Such a request is clearly burdensome. Moreover, Ms.
Marty – a third part to this litigation – has already been subjected to a deposition
wherein information as to her communications with McGrath has already been
obtained. Notwithstanding, Defendant will amend its response as follows:
Defendant has performed a reasonable and diligent search and does not have any
documents responsive to this request in its possession, custody, or control.

**McGrath's All Risks Computer**

As previously explained to counsel for Plaintiff, McGrath does not have a
computer with a designated hard drive at All Risks. Instead, McGrath logs onto to
All Risks' Citrix network which runs all programs in a virtual environment and
saves data on network servers. As such, McGrath is not possession, custody or
control of an "All Risks computer" that he can make available for inspection.

Finally, as promised, Defendants will be producing the following: (1) A
log of documents withheld on privacy and/or attorney-client privilege grounds;
(2) All Risks document production with Cyndi Marty's name unredacted; and (3)
Amended responses. We will make every attempt to provide this information to
you before your firm is unavailable on June 26th and 27th but cannot guarantee we
will be able to do so. Though I appreciate that these days are holidays for your
firm, I hope you can appreciate that they are not holidays for mine.

Likewise, we still await receipt of the following from Plaintiff (1) Broker
of Record letters for clients Plaintiff claims Defendants wrongfully solicited and
(2) the documentation and report of Mr. Pixley based on his review of Mr.
McGrath's home computer.

Very truly yours,

Kristen L. Williams

Kristen L. Williams

KLW/ap