Mark S. Askanas (SBN 122745)
Dylan B. Carp (SBN 196846)
Tara L. Riedley (SBN 236508)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
askanasm@jacksonlewis.com

Attorneys for Plaintiff
CRUMP INSURANCE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUMP INSURANCE SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL P. MCGRATH, an individual, ALL RISKS, LTD., a corporation, and Does 1 through 50, inclusive, <br><br> Defendants. | Case No. C-07-4636 MMC (JL) <br><br> [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (1) ALL RISKS TO PRODUCE ALL DOCUMENTS RESPONSIVE TO CRUMP'S REQUESTS FOR PRODUCTION, SET ONE, NOS. 8-12; (2) MCGRATH TO PRODUCE ALL DOCUMENTS RESPONSIVE TO CRUMP'S REQUESTS FOR PRODUCTION, SET ONE, NOS. 13-17; (3) ALL RISKS TO PRODUCE ALL DOCUMENTS RESPONSIVE TO CRUMP'S REQUESTS FOR PRODUCTION, SET TWO, NOS. 36-37; (4) MCGRATH TO ANSWER DEPOSITION QUESTIONS REGARDING HIS COMPENSATION AT ALL RISKS; (5) MCGRATH AND ALL RISKS TO PRODUCE ANY DOCUMENTS WITHHELD ON THE GROUND OF PRIVACY OR ATTORNEY-CLIENT PRIVILEGE; AND (6) MCGRATH, MARTY, AND CORTEZI TO ANSWER QUESTIONS AT FURTHER DEPOSITIONS REGARDING THE DOCUMENTS AND INFORMATION <br><br> Date: August 6, 2008 <br> Time: 9:30 a.m. <br> Chief Magistrate Judge James Larson <br> Courtroom: F |

    The above-entitled motion came on for hearing before the above-entitled Court on August 6, 2008, Dylan B. Carp appearing for Plaintiff Crump Insurance Services, Inc. ("Crump"), and Donna Rutter appearing for Defendants All Risks, Ltd. ("All Risks") and Michael P. McGrath ("McGrath"), Nicholas Cortezi ("Cortezi"), and Cynthia Marty ("Marty").

    IT IS HEREBY ORDERED that the motion is GRANTED.

    All Risks is ORDERED to produce within ten days of the date of this Order all documents responsive to Crump's Requests for Production, Set One, Nos. 8-12 without any redactions. The request is designed to discover facts relevant to whether McGrath used and divulged some of Crump's confidential information on the Expiration Log that Marty obtained from Crump soon before she and McGrath left Crump to join All Risks Crump alleges that Marty gave McGrath. All Risks' objection that responsive information is confidential, proprietary or trade secret is meritless because the parties have negotiated a protective order governing such discovery and this objection is inconsistent with McGrath's deposition testimony (*2nd Carp Dec, Ex. A[1] at 271:12-272:25*) and with inappropriate statements of Defendants' counsel during McGrath's deposition (*2nd Carp Dec, Ex. A. at 270:13-17; 267:6-268:5*) that such information is neither confidential nor proprietary.

    McGrath is ORDERED to produce within ten days of the date of this Order all documents responsive to Crump's Requests for Production, Set One, Nos. 13-17 without any redactions. The request is designed to discover facts relevant to whether McGrath used and divulged some of Crump's confidential information on the Expiration Log that Marty obtained from Crump soon before she and McGrath left Crump to join All Risks Crump alleges that Marty gave McGrath. McGrath's objection that responsive information is confidential, proprietary or trade secret is meritless for the reasons stated above.

    All Risks is ORDERED to produce within ten days of the date of this Order all documents responsive to Crump's Requests for Production, Set Two, Nos. 36-37. Responsive documents are relevant to whether McGrath used Crump's confidential information to obtain customers for All Risks, such as policy renewal dates, premiums, or commissions. All Risks' objection that

---

[1] Excerpts of the transcript of the June 10, 2008 Deposition of McGrath.

responsive information is confidential, proprietary or trade secret is meritless for the reasons stated above.

McGrath is ORDERED to answer deposition questions regarding his compensation at All Risks. Crump needs this information because it can constitute unjust enrichment for misappropriation of Crump's trade secrets. *Morlife v. Perry* 56 Cal.App.4th 1514, 1529, 66 Cal.Rptr.2d 731, 740 (1997). If McGrath is able to defeat discovery of this information, then he can effectively deprive Crump of a lawful remedy for McGrath's unlawful behavior, which would stretch the privacy right beyond its limits.

McGrath and All Risks are ORDERED to produce within ten days of the date of this Order any documents withheld on the ground of privacy or attorney-client privilege.

IT IS FURTHER ORDERED that McGrath, Cortezi, and Marty make themselves available for further depositions to answer questions regarding the documents that are the subject of this Order.

DATED: _____, 2008                              _____