1   STEPHEN J. HIRSCHFELD (SBN 118068)
    shirschfeld@cdhklaw.com
2   DONNA M. RUTTER (SBN 145704)
    drutter@cdhklaw.com
3   KRISTEN L. WILLIAMS (SBN 232644)
    kwilliams@cdhklaw.com
4   CURIALE DELLAVERSON HIRSCHFELD
       & KRAEMER, LLP
5   727 Sansome Street
    San Francisco, CA  94111
6   Telephone:  (415) 835-9000
    Facsimile:  (415) 834-0443
7
    Attorneys for Defendants
8   MICHAEL P. McGRATH, ALL RISKS, LTD.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13  CRUMP INSURANCE SERVICES, INC.,        Case No.  C-07-4636 MMC

14              Plaintiff,                  **DEFENDANT ALL RISKS, LTD.'S
                                            NOTICE OF MOTION AND MOTION TO
15  vs.                                     COMPEL RESPONSES TO (1)
                                            RESPONSES TO REQUEST FOR
16  MICHAEL P. McGRATH, an individual,      PRODUCTION NO. 39; (2) RESPONSES
    ALL RISKS, LTD., a corporation, and     TO REQUEST FOR PRODUCTION NO.
17  Does 1 through 50, inclusive,           40; (3) LISTS PREPARED BY PETER
                                            SCOTT WHICH ARE RESPONSIVE TO
18              Defendant.                   REQUESTS FOR PRODUCTION NO. 1, 10,
                                            13, 14, 19, 27; (4) EMAILS IDENTIFIED IN
19                                          HARGROVE'S DEPOSITION; (5)
                                            DOCUMENTS FROM MCGRATH'S
20                                          HARDDRIVE RESPONSIVE TO
                                            REQUESTS FOR PRODUCTION NOS. 1, 2,
21                                          5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 24, 25, 33, 34,
                                            35; AND (6) COMPEL FURTHER
22                                          DEPOSITION TESTIMONY REGARDING
                                            THESE DOCUMENTS**

23                                          **Date:**     August 6, 2008
                                            **Time:**     9 a.m.
24                                          **Judge:**    Maxine M. Chesney
                                            **Ctrm:**     7
25

26

27

28

DEFENDANT ALL RISKS, LTD.'S MPA ISO MOTION TO COMPEL
CASE NO. C-07-4636 MMC                                              4828-6379-0082

1

## NOTICE OF MOTION

2

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

3        NOTICE IS HEREBY GIVEN that on August 6, 2008 at 9:00 a.m. or as soon thereafter as

4    counsel may be heard in Department 7 of the United States District Court, Northern District of

5    California located at 450 Golden Gate Avenue, San Francisco, California, Defendant ALL RISKS

6    LIMITED ("All Risks") will move this Court to compel Plaintiff Crump to respond further to

7    discovery and to compel Peter Scott and Glenn Hargrove to appear for further depositions.

8        All Risks' motion is made on the grounds that there is good cause, because Plaintiff has

9    failed to produce (1) responses to Request for Production Nos. 39 and 40; (2) the lists that Peter

10   Scott made at the direction of All Risks' attorneys; (3) the email(s) identified by Glenn Hargrove

11   in his deposition testimony; and (4) all responsive documents located in Defendant McGrath's

12   hard drive.  Plaintiff should be further compelled to either supplement its responses to Request for

13   Production Set Two or to amend Its responses to provide that no such documents exist.  Further,

14   All Risks moves this court for an order compelling Peter Scott and Glenn Hargrove to appear for

15   further depositions to answer questions regarding the documents.  This motion is made on the

16   grounds that Plaintiff failed to fully respond to All Risks' Requests for Production.

17       This motion is based on this Notice of Motion and Motion, the accompanying

18   Memorandum of Points and Authorities, the declaration of Kristen L. Williams, all papers and

19   pleadings on file in this action, and upon such other matters as may be presented to the Court at

20   the time of hearing.

21       The undersigned certifies pursuant to Rule 37(a)(1) that the movant has conferred in good

22   faith with the party failing to respond to discovery in an effort to obtain discovery without court

23   action.

24

25

26

27

28

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Dated: July 1, 2008                            CURIALE DELLAVERSON HIRSCHFELD
                                                        & KRAEMER, LLP
2

3                                               By: *Kristen L. Williams*

4                                                    Kristen L. Williams
                                                     Donna M. Rutter
5
                                                Attorneys for Defendants
6                                               MICHAEL P. McGRATH,  ALL RISKS,
                                                LTD.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

1

## TABLE OF CONTENTS

2

**Page**

3    I.      INTRODUCTION ............................................................................................................ 3

4    II.     STATEMENT OF FACTS ............................................................................................. 3

     III.    LEGAL ARGUMENT .................................................................................................... 9

5            A.      Crump's Objections to All Risks' Discovery Requests Are Without Merit
                     and Therefore Crump Should Be Compelled to Produce All Responsive

6                    Documents ............................................................................................................ 9

7                    1.      All Risks's Request for Production No. 39 Is Relevant to The
                             Parties' Claims and Defenses, Goes To Whether Crump Is

8                            Consistent in Its Claims and Establishes Evidence of Accepted
                             Industry Practice in the Wholesale Insurance Brokerage Business ............ 9

9                    2.      Request for Production No. 40 Is Also Directly Relevant to
                             Crump's Claims and All Risks' and McGrath's Defenses........................ 10

10

11                   3.      All Risks' Request for The Lists That Peter Scott Made at the
                             Direction of All Risks' Attorneys Should Be Produced Because

12                           They Are Responsive to Numerous Requests for Production and
                             Are Not Subject to Attorney-Client Privilege or the Work Product
                             Doctrine.................................................................................................... 11

13                   4.      All Risks Is Entitled to Obtain The Email(s) Identified by Glenn
                             Hargrove in His Deposition Testimony Because These Documents

14                           Are Responsive to Numerous Requests for Production Propounded
                             by All Risks ............................................................................................. 14

15                   5.      Crump Should Be Compelled To Produce All Responsive
16                           Documents Located in Defendant McGrath's Hard Drive ...................... 15

17                   6.      Crump Should Be Compelled to Either Supplement Its Responses
                             to Request for Production Set Two Or to Amend Its Responses to

18                           Provide That No Such Documents Exist.................................................. 23

             B.      Further Depositions Should Be Compelled Regarding These Documents .......... 23

19   IV.     CONCLUSION ............................................................................................................. 24

20

21

22

23

24

25

26

27

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## **TABLE OF AUTHORITIES**

<u>Page</u>

### **FEDERAL CASES**

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S. Ct. 2380, 57 L. Ed. 2d
253 (1978) ...................................................................................................... 9

### **STATUTES**

Federal Rule of Civil Procedure 26(b)(1) .................................................................. 9

Federal Rule of Civil Procedure 26(e) ............................................................... 9, 15

Federal Rule of Civil Procedure 37 ........................................................................... 9

ii

DEFENDANT ALL RISKS, LTD.'S MPA ISO MOTION TO COMPEL
CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant All Risks, Ltd. ("All Risks" or "Defendant") requests that this Court compel Plaintiff Crump Insurance Services, Inc. ("Crump" or "Plaintiff") to provide documents that are responsive to several categories of its Requests for Production of Documents.  Despite All Risks' numerous attempts to meet and confer with Crump regarding its failure to produce documents that are responsive to All Risks' requests, Crump has refused to do so, and instead hides behind baseless objections.  Therefore, an order from this Court compelling Crump to comply with discovery is warranted.

## II.    STATEMENT OF FACTS

Crump and All Risks are wholesale insurance brokerage groups that provide excess, surplus, and specialty insurance (i.e., commercial earthquake insurance).  In short, as insurance wholesalers, they match carriers with retail agents.  The retail agents, rather than Crump or All Risks, sell directly to the insureds who purchase policies.  Defendant Michael P. McGrath began working at Crump E&S of San Francisco Insurance Services, Inc. in June of 1996.[1]  During his tenure with Crump, McGrath was a Senior Property Broker specializing in E & S (Excess and Surplus markets).  As a Senior Property Broker, McGrath worked with the retail agents to put together quotes that the retail agent would then present to its insured.

In the wholesale insurance brokerage industry, brokers often change jobs.  It is an accepted and common industry practice for retailers to follow brokers when they go to work for a different employer, because the wholesale insurance brokerage industry is a relationship-driven business.  Retailers are the customers, and they decide who they want to work with.  As such, retailers are often willing to transfer their business to another company so that they can continue to work with the wholesale broker of their choice.

---

[1] Since 1996, Crump E&S of San Francisco Insurance Services, Inc. was purchased twice and ultimately came to do business as Crump Insurance Services, Inc.

3

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

1    On June 4, 2007, McGrath left Crump to accept a position at All Risks. After McGrath

2  left Crump, a number of retailers "who were his clients at Crump" decided to transfer their

3  business to All Risks in order to keep working with their broker of choice. The testimony has

4  been universal in this case that it is within the complete prerogative of the retailer to decide which

5  wholesale broker to work with.

6    Crump filed suit against both McGrath and All Risks on August 31, 2007, claiming that,

7  upon his resignation, Defendant Michael McGrath (1) breached the terms of a Memorandum of

8  Understanding and (2) breached his fiduciary duty to Crump. Crump also alleges that both

9  McGrath and Defendant All Risks (1) misappropriated trade secrets; (2) intentionally interfered

10  with its prospective advantage with regard to its clients; (3) negligently interfered with its

11  prospective advantage with regard to its clients; (4) intentionally interfered with its prospective

12  advantage with regard to its employees; and (5) negligently interfered with its prospective

13  advantage with regard to its employees. (Declaration of Kristen L. Williams ("Williams Decl."),

14  ¶2, and Exhibit A).

15    Peter Scott, McGrath's former boss at Crump, testified that wholesale insurance broker

16  and third party Cheryl Smith left Crump to work for a competitor in March 2008. (Williams

17  Decl., ¶3, and Exhibit B). Defendants are informed and believe that while employed at Crump,

18  Smith signed the same Memorandum of Understanding as Defendant McGrath. Additionally,

19  when Smith left Crump, some of her retail clients followed her to her new job. Despite this,

20  Defendants are informed and believe that Crump has not pursued any legal claims against Smith

21  to date. (Williams Decl., ¶4).

22    On January 3, 2008, All Risks served Crump with its Request for Production of

23  Documents Set One. (Williams Decl., ¶5 and Exhibit C). All Risks received Crump's responses

24  to its Request for Production of Documents Set One and responsive documents on March 13,

25  2008. (Williams Decl., ¶6 and Exhibit D). All Risks served Crump with its Request for

26  Production of Documents Set Two on March 25, 2008. (Williams Decl., ¶7 and Exhibit E).

27  Crump provided responses to All Risks' Request for Production of Documents Set Two and

28  responsive documents on May 1, 2008. (Williams Decl., ¶8 and Exhibit F). Because Plaintiff

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

CURALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  represented in its responses to All Risks' Requests for Production that they would produce

2  responsive documents and did produce some documents, All Risks was under the impression that

3  Plaintiff had produced all non-privileged, responsive documents in its possession, custody or

4  control.

5       In an effort to minimize costs, counsel for Plaintiff and Defendants agreed to hold only

6  half-day depositions of key witnesses prior to the May 28, 2008 mediation date. (Williams Decl.,

7  ¶9). On April 4, 2008, Defendants deposed Mr. Scott for his first half-day session. Prior to April

8  4, All Risks had propounded requests for documents requesting that Crump identify the business

9  that Crump claims McGrath wrongfully took to All Risks (Request for Production Nos. 1, 10, 13,

10  14, 19, and 27). Plaintiff responded to these Requests for Production that "Crump will produce

11  any non-privileged responsive documents within its custody, control, or possession." Plaintiff did

12  produce some documents in response to the First Requests for Production. However, none of the

13  documents produced appeared to be responsive to these requests. Thus, Mr. Scott was asked

14  about these items in his deposition.

15       During the first day of Mr. Scott's deposition on April 4, Mr. Scott told Ms. Rutter that he

16  would provide her with several lists. The testimony from that deposition is as follows:

17       Q:    "So here's my opportunity now to get the information in terms of what you believe

18  is the business that Mr. McGrath took from Crump."

19       A:    "We'll provide you with a list."

20       Later in the same deposition, Mr. Scott testified as follows:

21       Q:    "But you're saying that there were letters that were specifically sent by Mr.

22  McGrath requesting that a change of broker be made?"

23       A:    "Yes.

24       Q:    "Okay. And on which accounts?"

25       A:    "We can provide you with a list."

26       Q:    Okay. And so when -- what will happen, then, is I'm not going to be able to finish

27  your deposition today until I get this information, and then what we'll do is we'll resume

28  your deposition after I have an opportunity to look at that --

5

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

1    A:    Okay.

2    Q:    -- information." (Williams Decl., ¶10, and Exhibit G).

3    In response, Plaintiff's counsel stated, "Let me just say, just so that we're clear, if this was

4    noticed as a PMK deposition, I think we probably would have a different approach to it, but I

5    think we can probably work together to short-circuit that issue and provide this list in a way that it

6    doesn't have -- to the extent it has work product in it, that we either waive that privilege and

7    proceed on with the case.  That's a long way of me trying to explain why we, for example, didn't

8    bring that list today, because I don't know what questions you intended for Mr. Scott, et cetera, et

9    cetera."  Plaintiff's counsel never objected to having Mr. Scott provide such lists.  (Williams

10   Decl., ¶10).

11   On May 9, 2008, Defendant All Risks, Inc. mail-served to Plaintiff Crump its Request for

12   Production of Documents Set Three.  (Williams Decl., ¶11 and Exhibit H).  On June 10, 2008, All

13   Risks' received Crump's responses with objections only; Crump did not produce any responsive

14   documents.  (Williams Decl., ¶12 and Exhibit I).

15   On June 17, 2008, Defendants deposed Glenn Hargrove, the former president of Crump.

16   During his deposition, Mr. Hargrove identified an email (or emails) between Defendant McGrath

17   and former employee Cindy Marty about leaving Crump.  (Williams Decl., ¶13 and Exhibit J).

18   This was in direct response to the question of whether he had personal knowledge of Mr.

19   McGrath and Ms. Marty talking about going to work at All Risks while they were still employed

20   by Crump.  (Williams Decl., ¶13 and Exhibit J).  What concerned Defendants is that no such

21   email(s) had been produced by Crump despite Mr. Hargrove's recollection of this information.

22   Mr. Scott's second day of deposition took place two days later on June 19, 2008.  At that

23   time, Ms. Rutter asked Mr. Scott whether he had created the list that he had previously testified

24   that he would create and provide per Ms. Rutter's request.  Mr. Scott testified that he had in fact

25   created the list and provided them to his counsel.  Nonetheless, as of the date of Mr. Scott's

26   second day of deposition, these lists had not been provided to Defendants.  Mr. Scott testified as

27   follows in response to Ms. Rutter's questions about the lists:

28   Q:    "Now, Page 134 of your deposition you told me that you would provide me with a

6

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  list of…business of Crump that you claim Mr. McGrath wrongfully took to All Risks.  Do you

2  have that list?"

3     A:     "Not with me, no."

4     Q:     "Okay.  Did you prepare that list as I requested in April?"

5     A:     "Yes."

6     Q:     "Okay.  And have you given that list to your counsel or a counsel?  I know your

7  counsel's changed.  So have you given it to an attorney representing Crump?"

8     A:     "Yes."

9     Q:     "Okay.  And likewise, on Page 161 of your depo you indicated that you were not

10  aware of all the change in broker letters changing from Crump to All Risks after Mr. McGrath left

11  but that you could provide me with a list.  Do you have that list?"

12     A:     "Not with me, no."

13     Q:     "Okay.  And did you prepare that list at my request?"

14     A:     "Yes, I did."

15     Q:     "And did you provide that to your counsel?"

16     A:     "Yes, I did."

17  (Williams Decl., ¶14 and Exhibit K).

18        On June 19, 2008, counsel for All Risks faxed a letter to Crump's attorneys in an attempt

19  to meet and confer regarding Crump's responses to All Risks's Request for Production of

20  Documents, Set Three.  (Williams Decl., ¶15 and Exhibit L).  On that same day, counsel for All

21  Risks also faxed a letter to Crump requesting that it produce the email(s) identified by Mr.

22  Hargrove in his deposition.  (Williams Decl., ¶16 and Exhibit M).  On June 20, 2008, counsel for

23  Crump responded to the meet and confer letter, refusing to produce any documents responsive to

24  Request for Production of Documents, Set Three.  (Williams Decl., ¶17 and Exhibit N).  The

25  letter further stated that in response to All Risks's request that Plaintiff produce the email(s)

26  identified by Mr. Hargrove in his deposition, "We have not withheld any document that fits the

27  description in Mr. Hargrove's testimony…"  (Williams Decl., ¶17 and Exhibit N).

28        On June 24, 2008, All Risks' counsel sent another meet and confer letter to counsel for

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Crump, responding to its June 20 letter and addressing additional outstanding discovery issues

2  related to Crump's failure to produce all previously requested documents.  (Williams Decl., ¶18

3  and Exhibit O).  Among other items, Defendants' counsel requested responses to Request for

4  Production Nos. 39 and 40.  The June 24 letter further requested the email(s) described by Mr.

5  Hargrove in his deposition testimony, and also responsive documents found on McGrath's hard

6  drive, because these documents were potentially responsive to numerous Requests for Production

7  that All Risks propounded.  The June 24 letter also requested documents responsive to All Risks'

8  Request for Production, Sets One and Two, among other items.

9          The letter concluded that Defendants would be willing to stipulate to a mutual extension

10  of time to file motions to compel if Crump could not produce the requested documents and

11  produce amended responses before All Risks' deadline to file a motion to compel, because

12  Crump's counsel had previously informed Defendants that they would be out of the office after

13  June 25 and for the remainder of the week at a firm retreat.  (Williams Decl., ¶19).

14          In a letter dated June 25, 2008, counsel for Crump again refused to produce any

15  responsive documents.  (Williams Decl., ¶20 and Exhibit P).  On June 25, 2008, counsel for All

16  Risks responded to Crump's letter of the same date and also made a final attempt to meet and

17  confer on the outstanding discovery requests, specifically (1)  All Risks Request for Production,

18  Set Three, Nos. 38, 39, and 40; (2) the lists created by Peter Scott at the request of Donna Rutter

19  during Mr. Scott's first day of deposition; and (3) documents from Defendant McGrath's hard

20  drive.  (Williams Decl., ¶21 and Exhibit Q).  Once again, counsel for All Risks offered Plaintiff a

21  mutual extension of time to file motions to compel so that further meet and confer discussions

22  could take place.  (Williams Decl., ¶21 and Exhibit Q).  Crump's counsel responded in a letter

23  dated June 25, 2008, again asserting baseless objections and refusing to produce the documents

24  requested.  (Williams Decl., ¶22 and Exhibit R).  Further, the letter failed to  respond to

25  Defendants' offer of a mutual extension of time to file motions to compel so that further meet and

26  confer discussions could take place.  (Williams Decl., ¶22 and Exhibit R).  Given Crump's

27  response and the fact its counsel's offices would be closed for the remainder of the week,

28  Defendants interpreted such events as concluding their meet and confer efforts and proceeded to

8

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  file this motion to compel.

2  ### III.  **LEGAL ARGUMENT**

3     A.  **Crump's Objections to All Risks' Discovery Requests Are Without Merit and Therefore Crump Should Be Compelled to Produce All Responsive Documents.**

4

5       Under Federal Rule of Civil Procedure 26(b)(1), parties have the right to discover "any

6  nonprivileged matter that is relevant to any party's claim or defense." Relevant information

7  encompasses "any matter that bears on, or that reasonably could lead to other matters that could

8  bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S.

9  340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).  Moreover, parties have the continuing duty to

10  supplement or correct discovery responses to include information later required.  (Federal Rule of

11  Civil Procedure 26(e)).  If a party fails to disclose documents responsive to discovery requests,

12  the other party may move to compel disclosure and for appropriate sanctions.  (Federal Rule of

13  Civil Procedure 37).

14       Despite All Risks' numerous meet and confer attempts, Crump has failed to produce

15  several categories of documents that are clearly relevant to the parties' claims and defenses.

16  Therefore, All Risks requests that this Court order Crump to compel production of the following

17  categories of documents.

18      1.  **All Risks's Request for Production No. 39 Is Relevant to The Parties' Claims and Defenses, Goes To Whether Crump Is Consistent in Its Claims and Establishes Evidence of Accepted Industry Practice in the Wholesale Insurance Brokerage Business.**

19

20

21     **Request for Production No. 39** : "All change of broker letters which REFER or RELATE to accounts previously handled by Cheryl Smith which changed to her new employer."

22     **Response to Request for Production No. 39** : "Plaintiff objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations.  Plaintiff

23  objects to this request as compound and unduly burdensome.  Plaintiff objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably

24  calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent it violates rights of privacy, and to the extent any such documents contain proprietary, financial

25  and/or confidential information.  Subject to and limited by the foregoing, Plaintiff responds as

26  follows:  Plaintiff will not produce any documents related to accounts previously handled by Cheryl Smith which changed to her new employer."

27  //

28

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Reason Documents Should Be Compelled:**

Crump's objections are without merit. This request is not "vague, overbroad, ambiguous and susceptible to a variety of interpretations," because the request seeks only a specific type of document—Broker of Record letters—within a limited time period—after Cheryl Smith left Crump. Also, as stated in its meet and confer letter, All Risks offered to clarify exactly what the Request sought if Plaintiffs were confused as to the meaning of the request.

As to the objection as to the relevancy of this information, the request is directly relevant to whether Crump is consistent in its claims. Cheryl Smith was a broker with Crump and has since left Crump to work at another insurance wholesaler. Therefore, the Broker of Record letters are evidence that Cheryl Smith brought some of her Crump clients with her when she changed jobs, and yet Crump has not pursued any legal claims against her.

These records will further prove that it is an accepted and common industry practice for retailers to move with brokers when they change employers. As such, this request goes directly to all of Plaintiff's claims in this case and also to Defendants' defenses.

Finally, as to Crump's litany of objections based on (1) privacy, (2) proprietary information, (3) financial information and (4) attorney-client information, this request seeks only Broker of Record letters and therefore none of those objections are applicable. Broker of Record letters do not contain any information that would implicate any Constitutional, statutory or common law privacy rights. Further, Broker of Record letters do not contain any proprietary or financial data. Moreover, Broker of Record letters are not subject to attorney-client privilege. Therefore, the Court should compel production of all documents responsive to this request.

> 2.    **Request for Production No. 40 Is Also Directly Relevant to Crump's Claims and All Risks' and McGrath's Defenses.**

**REQUEST FOR PRODUCTION NO. 40:**

All change of Broker letters during the last five years naming CRUMP in place of ALL RISKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Plaintiff objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Plaintiff objects to his request as compound and unduly burdensome. Plaintiff objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this request to the extent it violates rights of privacy, and to the extent any such

10

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

1 | documents contain proprietary, financial and/or confidential information.  Subject to and limited
2 | by the foregoing, Plaintiff responds as follows:  Plaintiff will not produce any documents related to change of Broker letters during the last five years naming Crump in place of All Risks.

3 | **REASON DOCUMENTS SHOULD BE COMPELLED:**

4 | These objections are also without merit.  This request is not "vague, overbroad,

5 | ambiguous and susceptible to a variety of interpretations."  It seeks a specific type of document—

6 | Broker of Record letters—within a finite period of time.  Moreover, the request is directly

7 | relevant to the claims of this matter.  Crump has targeted All Risks in this lawsuit and is seeking

8 | damages. This lawsuit is centered around the alleged illegality of retailers moving from Crump to

9 | All Risks while continuing to work with the same broker.  Whether or not retailers have moved

10 | from All Risks to Crump is clearly relevant to this case. These documents will further prove that

11 | it is an accepted and common industry practice for retailers to move with brokers when they

12 | change employers.  Defendants are entitled to this information based on the allegations of the

13 | Complaint.  Further, the request speaks directly to Defendant's affirmative defense of unclean

14 | hands.  As such, this request goes directly to both the claims in this case and Defendants' defense.

15 | Additionally, Crump's objection that this request is "compound and unduly burdensome"

16 | is wholly without merit.  The request is neither compound nor unduly burdensome.  Finally, as to

17 | Crump's litany of objections based on (1) privacy, (2) proprietary information, and (3) financial

18 | information, this request seeks only Broker of Record letters and therefore none of those

19 | objections is applicable.  Broker of Record letters do not contain any information that would

20 | implicate any Constitutional, statutory or common law privacy rights.  Further, Broker of Record

21 | letters do not contain any confidential, proprietary or financial data.

22 | 3.    **All Risks' Request for The Lists That Peter Scott Made at the
23 | Direction of All Risks' Attorneys Should Be Produced Because They Are Responsive to Numerous Requests for Production and Are Not
24 | Subject to Attorney-Client Privilege or the Work Product Doctrine.**

25 | **REQUEST FOR PRODUCTION NO. 1:**
All DOCUMENTS that support YOUR contention that "MCGRATH improperly and
26 | unlawfully misappropriated and used confidential information belonging to Crump …
[including]… the identity of persons, firms, and corporations which had become customers or
27 | accounts of Crump" as alleged in paragraph 23 of YOUR COMPLAINT.

28 |

11

1

**RESPONSE TO PRODUCTION NO. 1:**
    Crump objects to this request to the extent that this request seeks documents which are

2

confidential and/or proprietary in nature, including information relating to third parties.  Crump
objects to the extent that this request seeks documents protected by the attorney-client privilege

3

and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
responds as follows:  Crump will produce any non-privileged responsive documents within its

4

custody, control, or possession.

5

**REQUEST FOR PRODUCTION NO. 10:**
    All DOCUMENTS that support YOUR Second Cause of Action: Misappropriation of

6

Trade Secrets as alleged in YOUR COMPLAINT.

7

**RESPONSE TO PRODUCTION NO. 10:**
    Crump objects to this request to the extent that this request seeks documents which are

8

confidential and/or proprietary in nature, including information relating to third parties.  Crump
objects to the extent that this request seeks documents protected by the attorney-client privilege

9

and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
responds as follows:  Crump will produce any non-privileged responsive documents within its

10

custody, control, or possession.  Crump believes that there are additional documents in the
possession of the Defendants which they have failed to produce.

11

**REQUEST FOR PRODUCTION NO.  13:**
    All DOCUMENTS that support YOUR Fifth Cause of Action: Negligent Interference

12

with Prospective Economic Advantage (Clients) as alleged in YOUR COMPLAINT.

13

**RESPONSE TO PRODUCTION NO. 13:**
    Crump objects to this request to the extent that this request seeks documents which are

14

confidential and/or proprietary in nature, including information relating to third parties.  Crump
objects to the extent that this request seeks documents protected by the attorney-client privilege

15

and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
responds as follows:  Crump will produce any non-privileged responsive documents within its

16

custody, control, or possession.  Crump believes that there are additional documents in the
possession of the Defendants which they have failed to produce.

17

18

**REQUEST FOR PRODUCTION NO. 14:**
    All DOCUMENTS that support YOUR Sixth Cause of Action: Intentional Interference

19

with Prospective Economic Advantage (Employees) as alleged in YOUR COMPLAINT.

20

**RESPONSE TO PRODUCTION NO. 14:**
    Crump objects to this request to the extent that this request seeks documents which are

21

confidential and/or proprietary in nature, including information relating to third parties.  Crump
objects to the extent that this request seeks documents protected by the attorney-client privilege

22

and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
responds as follows:  Crump will produce any non-privileged responsive documents within its

23

custody, control, or possession.  Crump believes that there are additional documents in the
possession of the Defendants which they have failed to produce.

24

**REQUEST FOR PRODUCTION NO. 19:**
    All notes, memoranda, recordings or other records of ANY statements made by ANY

25

person that REFER or RELATE to the facts alleged in YOUR COMPLAINT.

26

**RESPONSE TO PRODUCTION NO. 19:**
    Crump objects to this request to the extent that this request seeks documents which are

27

confidential and/or proprietary in nature, including information relating to third parties.  Crump
objects to the extent that this request seeks documents protected by the attorney-client privilege

28

12

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its custody, control, or possession. Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REQUEST FOR PRODUCTION NO. 27:**

All Contracts that YOU contend that DEFENDANTS intentionally interfered with.

**RESPONSE TO PRODUCTION NO. 27:**

Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its custody, control, or possession. Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REASON RESPONSES SHOULD BE COMPELLED:**

Crump should be compelled to produce the lists that Mr. Scott stated in his testimony that he would make in response to All Risks's counsel's question. These lists are responsive to numerous Requests for Production, including Request for Production Nos. 1, 10, 13, 14, 19, 27. However, despite stating that it would produce responsive documents in its response to All Risks' Request for Production, Crump has failed to produce these documents.

On June 24, 2008, All Risks reiterated its request for those documents. In a letter dated June 25, 2008, Crump stated that "Mr. Scott did prepare a list at the direction of counsel in advance of the mediation in this case, which is clearly protected by the attorney-client privilege and the work product doctrine and therefore will not be produced." This assertion, however, is contrary to Mr. Scott's testimony. In fact, Mr. Scott testified that he would make these lists at the direction of Ms. Rutter, counsel for **Defendants**. Therefore, the assertion that Mr. Scott prepared a list "at the direction of" Crump's counsel is erroneous. Moreover, neither attorney-client privilege nor work-product apply here, because the lists were not made at the direction of Mr. Scott's or Crump's counsel. Crump has no valid reason to withhold these lists and therefore the Court should compel its production.

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**4.    All Risks Is Entitled to Obtain The Email(s) Identified by Glenn Hargrove in His Deposition Testimony Because These Documents Are Responsive to Numerous Requests for Production Propounded by All Risks.**

**REQUEST FOR PRODUCTION NO.  6:**
        All DOCUMENTS that support YOUR contention that "while still under the employ of Crump, Defendant MCGRATH engaged in business activities with were competitive with the work he performed at Crump, in violation of his obligations to Crump" as alleged in paragraph 29 of YOUR COMPLAINT.

**RESPONSE TO PRODUCTION NO. 6:**
        Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties.  Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump responds as follows:  Crump will produce any non-privileged responsive documents within its custody, control, or possession.  Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REQUEST FOR PRODUCTION NO. 10:**
        All DOCUMENTS that support YOUR Second Cause of Action: Misappropriation of Trade Secrets as alleged in YOUR COMPLAINT.

**RESPONSE TO PRODUCTION NO. 10:**
        Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties.  Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump responds as follows:  Crump will produce any non-privileged responsive documents within its custody, control, or possession.  Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REQUEST FOR PRODUCTION NO. 12:**
        All DOCUMENTS that support YOUR Fourth Cause of Action: Intentional Interference with Prospective Economic Advantage (Clients) as alleged in YOUR COMPLAINT.

**RESPONSE TO PRODUCTION NO. 12:**
        Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties.  Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump responds as follows:  Crump will produce any non-privileged responsive documents within its custody, control, or possession.  Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REQUEST FOR PRODUCTION NO. 15:**
        All DOCUMENTS that support YOUR Seventh Cause of Action: Negligent Interference with Prospective Economic Advantage (Employees) as alleged in YOUR COMPLAINT.

**RESPONSE TO PRODUCTION NO. 15:**
        Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties.  Crump objects to the extent that this request seeks documents protected by the attorney-client privilege

14

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump responds as follows:  Crump will produce any non-privileged responsive documents within its custody, control, or possession.  Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REQUEST FOR PRODUCTION NO. 16:**

All correspondence, notes, memoranda, recordings or other DOCUMENTS that REFER or RELATE to any oral or written COMMUNICATION between YOU and DEFENDANTS concerning the alleged acts which are the subject of YOUR COMPLAINT.

**RESPONSE TO PRODUCTION NO. 16:**

Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties.  Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump responds as follows:  Crump will produce any non-privileged responsive documents within its custody, control, or possession.  Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REASONS RESPONSES SHOULD BE COMPELLED:**

Crump should be compelled to produce the email or emails identified by Mr. Hargrove in his deposition testimony between Defendant McGrath and Ms. Marty prior to the time they left Crump's employ.  This email is responsive to Requests for Production No. 6, 7, 10, 12, 15 and 16 that were propounded on Crump on January 22, 2008.  On March 11, 2008, Crump responded to each of these requests that it would produce all responsive, non-privileged documents.

At a minimum, the email(s) identified by Mr. Hargrove are clearly responsive to many, if not all, of the above-referenced requests.  The email is purportedly between Mr. McGrath and Ms. Marty, so no privilege applies, nor was this document identified in Plaintiff's privilege log.  And yet, the document(s) referenced by Mr. Hargrove were not produced and were withheld even though depositions were proceeding in this case.

As a result, Plaintiff has willfully and inappropriately failed to produce these documents.  Crump's withholding of these documents is a clear violation of its continuing duty to supplement discovery requests with information later acquired.  (Federal Rule of Civil Procedure 26(e)).

> 5. **Crump Should Be Compelled To Produce All Responsive Documents Located in Defendant McGrath's Hard Drive.**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that support YOUR contention that "MCGRATH improperly and unlawfully misappropriated and used confidential information belonging to Crump …

15

1    [including]... the identity of persons, firms, and corporations which had become customers or accounts of Crump" as alleged in paragraph 23 of YOUR COMPLAINT.

2

**RESPONSE TO PRODUCTION NO. 1:**

3          Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties. Crump

4    objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump

5    responds as follows: Crump will produce any non-privileged responsive documents within its custody, control, or possession.

6

**REQUEST FOR PRODUCTION NO. 2:**

7          All DOCUMENTS that support YOUR contention that "the information used by MCGRATH also included the source with which the insurance was placed, as well as the names

8    of customers, policy expiration dates, policy terms, conditions and rates and familiarity with the customers' risk, all of which were agreed constituted confidential information belonging to

9    Crump" as alleged in paragraph 24 of YOUR COMPLAINT.

10   **RESPONSE TO PRODUCTION NO. 2:**
           Crump objects to this request to the extent that this request seeks documents which are

11   confidential and/or proprietary in nature, including information relating to third parties. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege

12   and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its

13   custody, control, or possession. Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

14

**REQUEST FOR PRODUCTION NO. 3:**

15         All DOCUMENTS that support YOUR contention that "MCGRATH disclosed to his new employer, All Risks, the confidential information which belongs to Crump" as alleged in

16   paragraph 26 of YOUR COMPLAINT.

17   **RESPONSE TO PRODUCTION NO. 3:**
           Crump objects to this request to the extent that this request seeks documents which are

18   confidential and/or proprietary in nature, including information relating to third parties. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege

19   and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its

20   custody, control, or possession. Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

21

**REQUEST FOR PRODUCTION NO. 4:**

22         All DOCUMENTS that support YOUR contention that "MCGRATH breached the June 7, 1996 Memorandum of Agreement in that he improperly and unlawfully took for his own use, and

23   the use of his new employer, All Risks, records, files and lists as well as other materials which had been furnished to him as a Crump employee" as alleged in paragraph 27 of YOUR

24   COMPLAINT.

25   **RESPONSE TO PRODUCTION NO. 4:**
           Crump objects to this request to the extent that this request seeks documents which are

26   confidential and/or proprietary in nature, including information relating to third parties. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege

27   and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its

28   custody, control, or possession. Crump believes that there are additional documents in the

16

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    possession of the Defendants which they have failed to produce.

2    **REQUEST FOR PRODUCTION NO. 5:**
          All  DOCUMENTS that support YOUR contention that "MCGRATH obtained and has
3    used electronic versions of confidential information of Crump" as alleged in paragraph 28 of
     YOUR COMPLAINT.
4
     **RESPONSE TO PRODUCTION NO. 5:**
5          Crump objects to this request to the extent that this request seeks documents which are
     confidential and/or proprietary in nature, including information relating to third parties.  Crump
6    objects to the extent that this request seeks documents protected by the attorney-client privilege
     and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
7    responds as follows:  Crump will produce any non-privileged responsive documents within its
     custody, control, or possession.  Crump believes that there are additional documents in the
8    possession of the Defendants which they have failed to produce, such as Michael McGrath's
     computer, which Defendants have prevented Crump from accessing as requested.
9
     **REQUEST FOR PRODUCTION NO. 6:**
10         All DOCUMENTS that support YOUR contention that "while still under the employ of
     Crump, Defendant MCGRATH engaged in business activities with were competitive with the
11   work he performed at Crump, in violation of his obligations to Crump" as alleged in paragraph 29
     of YOUR COMPLAINT.
12
     **RESPONSE TO PRODUCTION NO. 6:**
13         Crump objects to this request to the extent that this request seeks documents which are
     confidential and/or proprietary in nature, including information relating to third parties.  Crump
14   objects to the extent that this request seeks documents protected by the attorney-client privilege
     and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
15   responds as follows:  Crump will produce any non-privileged responsive documents within its
     custody, control, or possession.  Crump believes that there are additional documents in the
16   possession of the Defendants which they have failed to produce.

17   **REQUEST FOR PRODUCTION NO. 7:**
          All DOCUMENTS that support YOUR contention that MCGRATH "solicited Crump
18   employees to cease their employment relationship with Crump, and instead commence
     employment with MCGRATH's new employer, All Risks" as alleged in paragraph 30 of YOUR
19   COMPLAINT.

20   **RESPONSE TO PRODUCTION NO. 7:**
          Crump objects to this request to the extent that this request seeks documents which are
21   confidential and/or proprietary in nature, including information relating to third parties.  Crump
     objects to the extent that this request seeks documents protected by the attorney-client privilege
22   and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
     responds as follows:  Crump will produce any non-privileged responsive documents within its
23   custody, control, or possession.  Crump believes that there are additional documents in the
     possession of the Defendants which they have failed to produce.
24
     **REQUEST FOR PRODUCTION NO. 8:**
25         All DOCUMENTS that MCGRATH "failed to provide timely notice of his intent to
     terminate the [employment] relationship" with YOU as alleged in paragraph 31 of YOUR
26   COMPLAINT.

27   **RESPONSE TO PRODUCTION NO. 8:**
          Crump will produce any non-privileged responsive documents within its custody, control,
28   or possession.

                                             17

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**REQUEST FOR PRODUCTION NO. 9:**
All DOCUMENTS that support YOUR First Cause of Action: Breach of Contract as alleged in YOUR COMPLAINT.

**RESPONSE TO PRODUCTION NO. 9:**
Crump objects to this request as it is overbroad and unintelligible. There is no assertion that Crump has failed to perform its contractual obligations, and such a request would amount to asking Crump to provide information to prove the unknown. Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Crump shall not produce any such documents.

**REQUEST FOR PRODUCTION NO. 10:**
All DOCUMENTS that support YOUR Second Cause of Action: Misappropriation of Trade Secrets as alleged in YOUR COMPLAINT.

**RESPONSE TO PRODUCTION NO. 10:**
Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its custody, control, or possession. Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REQUEST FOR PRODUCTION NO. 11:**
All DOCUMENTS that support YOUR Third Cause of Action: Breach of Fiduciary Duty as alleged in YOUR COMPLAINT.

**RESPONSE TO PRODUCTION NO. 11:**
Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its custody, control, or possession. Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REQUEST FOR PRODUCTION NO. 12:**
All DOCUMENTS that support YOUR Fourth Cause of Action: Intentional Interference with Prospective Economic Advantage (Clients) as alleged in YOUR COMPLAINT.

**RESPONSE TO PRODUCTION NO. 12:**
Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its custody, control, or possession. Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REQUEST FOR PRODUCTION NO. 13:**
All DOCUMENTS that support YOUR Fifth Cause of Action: Negligent Interference

18

1   with Prospective Economic Advantage (Clients) as alleged in YOUR COMPLAINT.

2   **RESPONSE TO PRODUCTION NO. 13:**
            Crump objects to this request to the extent that this request seeks documents which are
3   confidential and/or proprietary in nature, including information relating to third parties.  Crump
    objects to the extent that this request seeks documents protected by the attorney-client privilege
4   and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
    responds as follows:  Crump will produce any non-privileged responsive documents within its
5   custody, control, or possession.  Crump believes that there are additional documents in the
    possession of the Defendants which they have failed to produce.

6

7   **REQUEST FOR PRODUCTION NO. 14:**
            All DOCUMENTS that support YOUR Sixth Cause of Action: Intentional Interference
    with Prospective Economic Advantage (Employees) as alleged in YOUR COMPLAINT.

8

9   **RESPONSE TO PRODUCTION NO. 14:**
            Crump objects to this request to the extent that this request seeks documents which are
10  confidential and/or proprietary in nature, including information relating to third parties.  Crump
    objects to the extent that this request seeks documents protected by the attorney-client privilege
11  and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
    responds as follows:  Crump will produce any non-privileged responsive documents within its
12  custody, control, or possession.  Crump believes that there are additional documents in the
    possession of the Defendants which they have failed to produce.

13  **REQUEST FOR PRODUCTION NO. 15:**
            All DOCUMENTS that support YOUR Seventh Cause of Action: Negligent Interference
14  with Prospective Economic Advantage (Employees) as alleged in YOUR COMPLAINT.

15  **RESPONSE TO PRODUCTION NO. 15:**
            Crump objects to this request to the extent that this request seeks documents which are
16  confidential and/or proprietary in nature, including information relating to third parties.  Crump
    objects to the extent that this request seeks documents protected by the attorney-client privilege
17  and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
    responds as follows:  Crump will produce any non-privileged responsive documents within its
18  custody, control, or possession.  Crump believes that there are additional documents in the
    possession of the Defendants which they have failed to produce.

19  **REQUEST FOR PRODUCTION NO. 16:**
            All correspondence, notes, memoranda, recordings or other DOCUMENTS that REFER
20  or RELATE to any oral or written COMMUNICATION between YOU and DEFENDANTS
    concerning the alleged acts which are the subject of YOUR COMPLAINT.

21

22  **RESPONSE TO PRODUCTION NO. 16:**
            Crump objects to this request to the extent that this request seeks documents which are
23  confidential and/or proprietary in nature, including information relating to third parties.  Crump
    objects to the extent that this request seeks documents protected by the attorney-client privilege
24  and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
    responds as follows:  Crump will produce any non-privileged responsive documents within its
25  custody, control, or possession.  Crump believes that there are additional documents in the
    possession of the Defendants which they have failed to produce.

26

27  **REQUEST FOR PRODUCTION NO. 17:**
            All DOCUMENTS signed or authored by individuals who purport to have knowledge of
    some or all the facts alleged in YOUR COMPLAINT that REFER or RELATE to any such facts.

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

**RESPONSE TO PRODUCTION NO. 17:**

Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its custody, control, or possession.

**REQUEST FOR PRODUCTION NO. 19:**

All notes, memoranda, recordings or other records of ANY statements made by ANY person that REFER or RELATE to the facts alleged in YOUR COMPLAINT.

**RESPONSE TO PRODUCTION NO. 19:**

Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its custody, control, or possession. Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REQUEST FOR PRODUCTION NO. 20:**

All handbooks, policy statements, guidelines and other DOCUMENTS that REFER or RELATE to personnel policies, rules, codes, regulations, practices, and procedures which YOU contend apply to the terms of MCGRATH'S employment with YOU.

**RESPONSE TO PRODUCTION NO. 20:**

Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its custody, control, or possession.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that REFER or RELATE to any damages, including without limitation, any economic and non-economic damages YOU allege to have suffered as a result of DEFENDANTS' conduct as alleged in YOUR COMPLAINT.

**RESPONSE TO PRODUCTION NO. 21:**

Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump's investigation into the facts is ongoing and it will disclose any non-privileged responsive documents within its possession of control.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS that REFER or RELATE to MCGRATH'S resignation of his employment with YOU.

**RESPONSE TO PRODUCTION NO. 22:**

Crump objects to this request to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged

20

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    responsive documents within its custody, control, or possession.

2    **REQUEST FOR PRODUCTION NO. 23:**
          All DOCUMENTS that REFER or RELATE to any COMMUNICATIONS between YOU
3    and ANY of YOUR current or former clients regarding MCGRATH that have occurred since
     MCGRATH'S resignation.

4    **RESPONSE TO PRODUCTION NO. 23:**
5          Crump objects to this request to the extent that this request seeks documents which are
     confidential and/or proprietary in nature, including information relating to third parties.  Crump
6    objects to the extent that this request seeks documents protected by the attorney-client privilege
     and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
7    responds as follows:  Crump will produce any non-privileged responsive documents within its
     custody, control, or possession.  Crump believes that there are additional documents in the
8    possession of the Defendants which they have failed to produce.

9    **REQUEST FOR PRODUCTION NO. 24:**
          All DOCUMENTS that REFER or RELATE to any confidential and/or proprietary
10   information that YOU allege DEFENDANTS have improperly or unlawfully used or
     disseminated.

11
     **RESPONSE TO PRODUCTION NO. 24:**
12         Crump objects to this request to the extent that this request seeks documents which are
     confidential and/or proprietary in nature, including information relating to third parties.  Crump
13   objects to the extent that this request seeks documents protected by the attorney-client privilege
     and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
14   responds as follows:  Crump will produce any non-privileged responsive documents within its
     custody, control, or possession.  Crump believes that there are additional documents in the
15   possession of the Defendants which they have failed to produce.

16   **REQUEST FOR PRODUCTION NO. 25:**
          All DOCUMENTS that REFER or RELATE to any confidential and/or proprietary
17   information that YOU allege DEFENDANTS have improperly or unlawfully used or disclosed
     while soliciting business from any of YOUR clients.

18
     **RESPONSE TO PRODUCTION NO. 25:**
19         Crump objects to this request to the extent that this request seeks documents which are
     confidential and/or proprietary in nature, including information relating to third parties.  Crump
20   objects to the extent that this request seeks documents protected by the attorney-client privilege
     and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
21   responds as follows:  Crump will produce any non-privileged responsive documents within its
     custody, control, or possession.  Crump believes that there are additional documents in the
22   possession of the Defendants which they have failed to produce.

23   **REQUEST FOR PRODUCTION NO. 26:**
          All DOCUMENTS that REFER or RELATE to any policies and procedures that YOU
24   have implemented to protect against the dissemination of, and to maintain the confidentiality of,
     any information or documents which YOU allege constitute or contain YOUR confidential and/or
25   proprietary information.

26   **RESPONSE TO PRODUCTION NO. 26:**
          Crump objects to this request to the extent that this request seeks documents which are
27   confidential and/or proprietary in nature, including information relating to third parties.  Crump
     objects to the extent that this request seeks documents protected by the attorney-client privilege
28   and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump

                                                21
     DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
     CASE NO. C-07-4636 MMC

1  responds as follows:  Crump will produce any non-privileged responsive documents within its custody, control, or possession.

2

**REQUEST FOR PRODUCTION NO. 27:**

3      All Contracts that YOU contend that DEFENDANTS intentionally interfered with.

4  **RESPONSE TO PRODUCTION NO. 27:**
       Crump objects to this request to the extent that this request seeks documents which are
5  confidential and/or proprietary in nature, including information relating to third parties.  Crump
   objects to the extent that this request seeks documents protected by the attorney-client privilege
6  and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
   responds as follows:  Crump will produce any non-privileged responsive documents within its
7  custody, control, or possession.  Crump believes that there are additional documents in the
   possession of the Defendants which they have failed to produce.

8

**REQUEST FOR PRODUCTION NO.  33:**

9      All DOCUMENTS that show, refer to or relate to MCGRATH accessing data from
   CRUMP to his home computer from April 2007 through MCGRATH's date of termination from
10  employment with CRUMP.

11  **RESPONSE TO PRODUCTION NO. 33:**
        Crump objects to this request to the extent that this request seeks documents which are
12  confidential and/or proprietary in nature, including private information relating to third parties.
   Crump objects to the extent that this request seeks documents protected by the attorney-client
13  privilege and/or work product doctrine.  Subject to and without waiving the foregoing objections,
   Crump responds as follows:  Crump's investigation into the facts is ongoing and it will disclose
14  any non-privilege responsive documents within its custody, control, or possession.  Crump
   believe that there are additional documents in the possession of the Defendants which they have
15  failed to produce.

16  **REQUEST FOR PRODUCTION NO.  34:**
        All DOCUMENTS that show, refer to or relate to MCGRATH downloading data from
17  CRUMP to his home computer April 2007 through MCGRATH's date of termination from
   employment with CRUMP.

18

**RESPONSE TO PRODUCTION NO. 34:**

19      Crump objects to this request to the extent that this request seeks documents which are
   confidential and/or proprietary in nature, including information relating to third parties.  Crump
20  objects to the extent that this request seeks documents protected by the attorney-client privilege
   and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
21  responds as follows:  Crump will produce any non-privileged responsive documents within its
   custody, control, or possession.  Crump believes that there are additional documents in the
22  possession of the Defendants which they have failed to produce.

23  **REQUEST FOR PRODUCTION NO. 35:**
        All DOCUMENTS that show, refer to or relate to MCGRATH accessing the Windbroker
24  system from April 2007 through MCGRATH's date of termination from employment with
   CRUMP.

25

**RESPONSE TO PRODUCTION NO. 35:**

26      Crump objects to this request to the extent that this request seeks documents which are
   confidential and/or proprietary in nature, including information relating to third parties.  Crump
27  objects to the extent that this request seeks documents protected by the attorney-client privilege
   and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump
28  responds as follows:  Crump will produce any non-privileged responsive documents within its

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

custody, control, or possession. Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REASONS DOCUMENTS SHOULD BE COMPELLED:**

Mr. Hargrove testified that a copy of McGrath's hard drive was made and examined by Crump. Now that Mr. Hargrove's testimony makes clear that Defendant McGrath's computer was searched, Plaintiff has a duty to confirm that it has produced all documents responsive to the requests wherein it indicated that it would produce documents.

Defendant All Risks is entitled to all responsive documents that were in McGrath's hard drive, as Defendant's definition of "DOCUMENTS" in its Requests for Production includes "computer records, and other data compilations from which information can be obtained or translated..." Moreover, responsive documents that were located in McGrath's hard drive should be produced as potentially responsive to Defendant's requests 1, 2, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 24, 25, 33, 34 and 35.

Certainly, numerous documents were pulled off McGrath's hard drive. In Plaintiff's Response to Defendant All Risks' Request for Production of Documents, Set One on March 11, 2008 Defendant All Risks' Request for Production of Documents, Set Two on April 29, 2008, Plaintiff agreed to produce these documents. The documents produced in response to these requests to date, however, do not reflect all of these categories of documents, and as such, they must be compelled by the Court.

6. **Crump Should Be Compelled to Either Supplement Its Responses to Request for Production Set Two Or to Amend Its Responses to Provide That No Such Documents Exist.**

All Risks respectfully requests that the Court order Plaintiff to either provide All Risks with all documents responsive to Request for Production Set Two or to amend its responses to state that no responsive documents exist.

B. **Further Depositions Should Be Compelled Regarding These Documents.**

Crump should have produced the aforementioned documents because they are responsive

23

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

to the document requests propounded by All Risks. Because Crump failed to timely produce these documents, however, All Risks could not question Mr. Scott or Mr. Hargrove about these documents. Therefore, the Court should compel Mr. Scott and Mr. Hargrove to appear for further depositions so that they can be questioned about these documents.

## IV.     CONCLUSION

For the foregoing reasons, All Risks respectfully requests that this Court grant its motion to compel responses to its discovery requests, and for expenses.

Dated: July 1, 2008

CURIALE DELLAVERSON HIRSCHFELD
& KRAEMER, LLP


By: _Kristen L. Williams_
      Kristen L. Williams
      Donna M. Rutter

Attorneys for Defendants
MICHAEL P. McGRATH,  ALL RISKS,
LTD.

DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES
CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO