STEPHEN J. HIRSCHFELD (SBN 118068)
shirschfeld@cdhklaw.com
DONNA M. RUTTER (SBN 145704)
drutter@cdhklaw.com
KRISTEN L. WILLIAMS (SBN 232644)
kwilliams@cdhklaw.com
CURIALE DELLAVERSON HIRSCHFELD
 & KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendants
MICHAEL P. McGRATH, ALL RISKS, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUMP INSURANCE SERVICES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MICHAEL P. McGRATH, an individual, ALL RISKS, LTD., a corporation, and Does 1 through 50, inclusive, <br><br> Defendant. | Case No. C-07-4636 MMC <br><br> **DECLARATION OF KRISTEN L. WILLIAMS IN SUPPORT OF DEFENDANT ALL RISKS, LTD.'S MOTION TO COMPEL RESPONSES TO ITS DISCOVERY REQUESTS** <br><br> Date:  August 6, 2008 <br> Time:  9:00 a.m. <br> Judge: Hon. Maxine M. Chesney <br> Ctrm:  7 |

I, Kristen L. Williams, declare:

1. I am an attorney admitted to practice in the State of California and before this Court. I am an associate at the law firm of Curiale Dellaverson Hirschfeld & Kraemer, LLP, counsel for Defendants Michael P. McGrath and All Risks, Ltd. in this matter. I have personal knowledge of the facts stated herein, except for those stated on information and belief, and could testify competently to them if called upon to do so.

2. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's Complaint.

3. Attached hereto as **Exhibit B** is a true and correct copy of the relevant portion of Mr. Scott's April 4, 2008 deposition testimony.

4. Defendants are informed and believe that while employed at Crump, Smith signed the same Memorandum of Understanding as Defendant McGrath. Additionally, when Smith left Crump, some of her retail clients followed her to her new job. Despite this, Defendants are informed and believe that Crump has not pursued any legal claims against Smith to date.

5. On January 3, 2008, our office served Crump with its Request for Production of Documents Set One. Attached hereto as **Exhibit C** is a true and correct copy of All Risks' Request for Production of Documents Set One.

6. On March 13, 2008, our office received Crump's responses to All Risks' Request for Production of Documents Set One. Attached hereto as **Exhibit D** is a true and correct copy of Crump's responses to All Risks' Request for Production of Documents Set One.

7. On March 25, 2008, our office served Crump with All Risks' Request for Production of Documents Set Two. Attached hereto as **Exhibit E** is a true and correct copy of All Risks' Request for Production of Documents Set Two.

8. On May 1, 2008, our office received Crump's responses to All Risks' Request for Production of Documents Set Two. Attached hereto as **Exhibit F** is a true and correct copy of Crump's responses to All Risks' Request for Production of Documents Set Two.

9. In an effort to minimize costs, I agreed with counsel for Plaintiff to hold only half-day depositions of key witnesses prior to the May 28, 2008 mediation date.

10. Attached hereto as **Exhibit G** is a true and correct copy of the relevant portion of Peter Scott's deposition testimony. I have reviewed Peter Scott's testimony of April 4, 2008 in its entirety and can attest that Plaintiff's counsel never objected to having Mr. Scott provide any lists to All Risks' counsel, Donna Rutter.

11. On May 9, 2008, our office mail-served to Plaintiff Crump All Risks' Request for Production of Documents Set Three. Attached hereto as **Exhibit H** is a true and correct copy of All Risks' Request for Production of Documents Set Three.

12. On June 10, 2008, our office received Crump's responses to All Risks' Request for Production of Documents Set Three with objections only; Crump did not produce any documents responsive to these requests. Attached hereto as **Exhibit I** is a true and correct copy of Crump's

2

responses to All Risks' Request for Production of Documents Set Three.

13. Attached hereto as **Exhibit J** is a true and correct copy of the relevant portion of Glenn Hargrove's June 17, 2008 deposition testimony.

14. Attached hereto as **Exhibit K** is a true and correct copy of the relevant portion of Peter Scott's June 19, 2008 deposition testimony.

15. On June 19, 2008, I faxed a letter to Crump's attorneys in an attempt to meet and confer regarding Crump's responses to All Risks's Request for Production of Documents, Set Three. Attached hereto as **Exhibit L** is a true and correct copy of the June 19, 2008 meet and confer letter to Crump.

16. On June 19, 2008 I also faxed a letter to Crump requesting that it produce the email(s) identified by Mr. Hargrove in his deposition. Attached hereto as **Exhibit M** is a true and correct copy of that meet and confer letter to Crump.

17. On June 20, 2008, our office received a letter from counsel for Crump in response to my meet and confer letter, wherein it refused to produce any documents responsive to Request for Production of Documents, Set Three. Attached hereto as **Exhibit N** is a true and correct copy of the June 20, 2008 letter from Crump.

18. On June 24, 2008, I faxed another meet and confer letter to counsel for Crump, responding to its June 20 letter and addressing additional outstanding discovery issues related to Crump's failure to produce all previously requested documents. Attached hereto as **Exhibit O** is a true and correct copy of the June 24, 2008 letter to counsel for Crump.

19. Prior to June 25, 2008, counsel for Plaintiff informed me that they would be out of the office after June 25 and for the remainder of the week at a firm retreat.

20. On June 25, 2008, our office received a letter from counsel for Crump again refusing to produce any documents responsive to All Risks' requests. Attached hereto as **Exhibit P** is a true and correct copy of the June 25, 2008 letter from counsel for Crump.

21. On June 25, 2008, I responded to Crump's letter of the same date and also made a final attempt to meet and confer on the outstanding discovery requests, specifically (1) All Risks Request for Production, Set Three, Nos. 38, 39, and 40; (2) the lists created by Peter Scott at the

3

1  request of Donna Rutter during Mr. Scott's first day of deposition; and (3) documents from
2  Defendant McGrath's hard drive. Attached hereto as **Exhibit Q** is a true and correct copy of the
3  June 25, 2008 letter to counsel for Crump.

4      22.    On June 25, 2008, I received a letter from counsel for Crump, again asserting
5  objections only and refusing to produce the documents requested. Further, the letter failed to
6  respond to Defendants' offer of a mutual extension of time to file motions to compel so that
7  further meet and confer discussions could take place. Attached hereto as **Exhibit R** is a true and
8  correct copy of the June 25, 2008 letter from counsel for Crump.

9      I declare under penalty of perjury under the laws of the State of California that the
10 foregoing is true and correct. Executed at San Francisco, California on this 1st day of July, 2008.

*/s/ Kristen L. Williams*
Kristen L. Williams

DEC. OF KRISTEN L. WILLIAMS ISO DEF. ALL RISKS' MOTION TO COMPEL
CASE NO. C-07-4636 MMC