# EXHIBIT G

**DEPOSITION OF PETER QUINLAN SCOTT**

1         IN THE UNITED STATES DISTRICT COURT

2       FOR THE NORTHERN DISTRICT OF CALIFORNIA

3               ---oOo---

4

5   CRUMP INSURANCE SERVICES, INC.,

6            Plaintiff,

7         vs.           No. C-07-4636 MMC

8   MICHAEL P. McGRATH, an individual,
    ALL RISKS, LTD., a corporation,

9   and Does 1 through 50, inclusive,

10           Defendants.

11  _____

12

13

14           Deposition of

15          PETER QUINLAN SCOTT

16         Friday, April 4, 2008

17

18

19

20

21

22

23

24    REPORTED BY: JEANNETTE SAMOULIDES, CSR NO. 5254

25

                                          **1**

134

| | | |
|---|---|---|
| 02:38:56.6 | 1 | Crump at the time? |
| 02:38:58.4 | 2 | MR. PITHA:  Objection as to "signed deal." |
| 02:39:01.6 | 3 | MS. RUTTER: Q:   Even though the |
| 02:39:03.0 | 4 | placement hadn't been finalized? |
| 02:39:05.0 | 5 | A:   It was being finalized at Crump. |
| 02:39:07.1 | 6 | Q:   Okay. Is there any other business that |
| 02:39:12.6 | 7 | you believe Mr. McGrath took from Crump to All Risks? |
| 02:39:19.3 | 8 | A:   Yes. |
| 02:39:19.9 | 9 | Q:   And what business is that? |
| 02:39:22.1 | 10 | A:   Multitude of accounts. |
| 02:39:25.1 | 11 | Q:   Okay. Which accounts? |
| 02:39:27.6 | 12 | A:   I don't know offhand. I'm sure our |
| 02:39:32.0 | 13 | attorney can provide you with a list. |
| 02:39:34.3 | 14 | Q:   Well, here's the problem -- |
| 02:39:35.6 | 15 | MR. PITHA:  Let me -- go ahead. |
| 02:39:38.5 | 16 | MS. RUTTER: Q:    -- Mr. Scott, I need to |
| 02:39:42.9 | 17 | get the information from a Crump representative, and |
| 02:39:46.3 | 18 | so this is my opportunity in your deposition to -- |
| 02:39:49.6 | 19 | you're the highest level Crump employee in |
| 02:39:53.4 | 20 | San Francisco; is that right? |
| 02:39:55.0 | 21 | A:   Yes. |
| 02:39:55.4 | 22 | Q:   All right. So here's my opportunity now |
| 02:39:57.7 | 23 | to get the information in terms of what you believe |
| 02:40:01.8 | 24 | is the business that Mr. McGrath took from Crump. |
| 02:40:06.9 | 25 | A:   We'll provide you with a list. |

163

| | | |
|---|---|---|
| 03:14:44.9 | 1 | 4. |
| 03:14:46.4 | 2 | A:    That's not a Broker of Record letter. |
| 03:14:51.8 | 3 | Q:    No, I understand. |
| 03:14:52.5 | 4 | But you're saying that there were letters |
| 03:14:55.7 | 5 | that were specifically sent by Mr. McGrath requesting |
| 03:14:58.7 | 6 | that a change of broker be made? |
| 03:15:02.3 | 7 | A:    Yes. |
| 03:15:03.7 | 8 | Q:    Okay. And on which accounts? |
| 03:15:07.2 | 9 | A:    We can provide you with a list. |
| 03:15:10.4 | 10 | Q:    Okay. And so when -- what will happen, |
| 03:15:14.3 | 11 | then, is I'm not going to be able to finish your |
| 03:15:15.9 | 12 | deposition today until I get this information, and |
| 03:15:18.8 | 13 | then what we'll do is we'll resume your deposition |
| 03:15:21.4 | 14 | after I have an opportunity to look at that -- |
| 03:15:23.6 | 15 | A:    Okay. |
| 03:15:24.0 | 16 | Q:    -- information. |
| 03:15:25.0 | 17 | MR. PITHA:  Let me just say, just so that |
| 03:15:27.9 | 18 | we're clear, if this was noticed as a PMK deposition, |
| 03:15:32.7 | 19 | I think we probably would have a different approach |
| 03:15:35.7 | 20 | to it, but I think we can probably work together to |
| 03:15:39.7 | 21 | short-circuit that issue and provide this list in a |
| 03:15:42.8 | 22 | way that it doesn't have -- to the extent it has work |
| 03:15:45.4 | 23 | product in it, that we either waive that privilege |
| 03:15:47.9 | 24 | and proceed on with the case. |
| 03:15:50.6 | 25 | That's a long way of me trying to explain |

164

| 03:15:53.0 | 1 | why we, for example, didn't bring that list today, |
| 03:15:55.5 | 2 | because I don't know what questions you intended for |
| 03:15:57.7 | 3 | Mr. Scott, et cetera, et cetera. |
| 03:16:00.3 | 4 | MS. RUTTER:  All right, fair enough. |
| 03:16:04.6 | 5 | Q:   In terms of conversations that you had |
| 03:16:10.3 | 6 | with these other retail brokers that you can't |
| 03:16:12.8 | 7 | recall, did they inform you as to why they were |
| 03:16:16.9 | 8 | changing to go with Mr. McGrath at All Risks? |
| 03:16:21.6 | 9 | A:   In some cases Mike had filed the Broker of |
| 03:16:28.0 | 10 | Record letter. It was already filed, and we called |
| 03:16:32.5 | 11 | the retailer, and they indicated, "We're going to use |
| 03:16:36.1 | 12 | Mike at All Risks." |
| 03:16:37.5 | 13 | Q:   Okay. And is it your belief that on every |
| 03:16:42.2 | 14 | change of Broker of Record letter that Mr. McGrath |
| 03:16:45.4 | 15 | may have filed, that you contacted the retail broker? |
| 03:16:49.9 | 16 | A:   Me personally? |
| 03:16:51.3 | 17 | Q:   Either you or someone in Crump. |
| 03:16:53.1 | 18 | A:   I would say so, yes. |
| 03:16:54.9 | 19 | Q:   And in any of those contacts, were you |
| 03:16:58.0 | 20 | able to convince the retail broker to stay with |
| 03:17:02.1 | 21 | Crump? |
| 03:17:02.6 | 22 | A:   I'm not sure offhand. |
| 03:17:04.7 | 23 | Q:   Do you know of any contact that was made |
| 03:17:09.6 | 24 | with Marsh to request that they not change any -- |
| 03:17:15.6 | 25 | anything from Crump to All Risks? |

**DEPOSITION OF PETER QUINLAN SCOTT**

1      I, the undersigned, a Certified Shorthand

2  Reporter in the State of California, hereby certify

3  that the witness (if applicable) in the foregoing

4  deposition was by me duly sworn to testify to the

5  truth, the whole truth, and nothing but the truth in

6  the within-entitled cause; that said proceeding was

7  taken at the time and place therein stated; that the

8  testimony of said witness was reported by me, a

9  disinterested person, and was thereafter transcribed

10  under my direction into typewriting; that the

11  foregoing is a full, complete, and true record of the

12  said testimony; and that the witness (if applicable)

13  was informed of his/her opportunity to read and, if

14  necessary, correct said deposition and to subscribe

15  the same.

16      I further certify that I am not of counsel

17  or attorney for either or any of the parties in the

18  foregoing proceedings and caption named, or in any

19  way interested in the outcome of the cause named in

20  said caption.

21

22      Date: April 16, 2008

23

24      Jeanette Samoulides

25  JEANNETTE SAMOULIDES, CSR #5254

203

**JEANNETTE SAMOULIDES COURT REPORTING  (925) 937-0523**

# EXHIBIT H

1    DONNA M. RUTTER (SBN 145704)
     KRISTEN L. WILLIAMS (SBN 232644)
2    CURIALE DELLAVERSON HIRSCHFELD
     & KRAEMER, LLP
3    727 Sansome Street
     San Francisco, CA 94111
4    Telephone: (415) 835-9000
     Facsimile: (415) 834-0443
5

6    Attorneys for Defendants
     MICHAEL P. MCGRATH and ALL RISKS, LTD.

7

8           IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    CRUMP INSURANCE SERVICES, INC.,      Case No. C-07-4636 MMC

12          Plaintiff,      **DEFENDANT ALL RISKS, LTD'S
REQUEST FOR PRODUCTION OF**
13    vs.      **DOCUMENTS TO PLAINTIFF CRUMP
INSURANCE'S [F.R.C.P. 34]**

14    MICHAEL P. MCGRATH, an individual,
     ALL RISKS, LTD., a corporation, and
15    Does 1 through 50, inclusive,

16          Defendants.

17

18    **PROPOUNDING PARTY:**      Defendant, ALL RISKS, LTD.

19    **RESPONDING PARTY:**      Plaintiff, CRUMP INSURANCE SERVICES

20    **SET NUMBER:**      THREE (3)

21

22       Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant hereby makes the

23    request contained herein below and requires a written response within thirty (30) days after

24    service of this Request for Production of Documents. These requests shall be continuing to the

25    time of trial, in that any documents not originally produced should be produced if additional or

26    different information becomes known to Plaintiff.

27    ///

28    ///

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## INSTRUCTIONS AND DEFINITIONS

a.    Pursuant to Fed. R. Civ. P. 34(a), you are required to produce all requested DOCUMENTS that are within your possession, custody or control.

b.    Please produce only one copy of each document requested. However, if you are in possession, custody or control or any non-identical copies of any document (*e.g.*, if a document contains revisions, handwritten notes, or highlighted information), please produce the document and all non-identical copies of said document.

c.    The term "DOCUMENTS" includes writings, drawings, graphs, charts, photographs, recordings, computer records, and other data compilations from which information can be obtained or translated, if necessary, into a reasonably usable from, including but not limited to the following:  letters; reports; e-mails; agreements; intra-company communications; correspondence; telegrams; memoranda; summaries or records of conversations; diaries; forecasts; audio and/or video recordings; models; statistical statements; minutes or records of meetings or conferences; expressions or statements of policy; lists of persons attending meetings or conferences; reports and/or summaries of summaries of negotiations; brochures; pamphlets; advertisements; circulars; trade letters; press releases; invoices; receipts; contracts; notes; calendars; date books; messages; letters of credit; financial statements; promissory notes; security agreements; deeds of trust; instruments reporting to grant or evidence of any security, interest of lien; loan agreements; pass books; credit and debit memoranda; and/or canceled checks and drafts.

d.    "COMPLAINT" refers to the Complaint for Damages filed by Crump Insurance Services, Inc. against Michael P. McGrath and All Risks, Ltd. on August 31, 2007, originally in the San Francisco Superior Court.

e.    "ALL RISKS" refers to Defendant All Risks, Ltd.

f.    "DEFENDANTS" refers to Defendants MCGRATH and All Risks, Ltd.

g.    "CRUMP" refers to Plaintiff Crump Insurance Services, Inc.

h.    "PLAINTIFF," "YOU" or "YOUR" refers to Plaintiff Crump Insurance Services, Inc.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    i.    REFER" or "RELATE" or any variants thereof means mentioning, discussing,

2    describing, referring to, supporting, reflecting, memorializing, consisting of or involving a

3    transaction or course of dealing with or about the allegation, event, incident or person so

4    described.

5    j.    If you withhold information otherwise discoverable under the Federal Rules of

6    Civil Procedure on the basis that the information is privileged or subject to protection as trial

7    preparation material, you must state the basis of your refusal expressly and must describe the

8    nature of the information or things not produced or disclosed in a manner that will enable

9    Plaintiff's counsel to assess the applicability of the privilege or protection, without revealing the

10   information which its itself privileged or protected.

11   k.    Please produce the documents requested below for inspection and copying at the

12   law offices of Curiale Dellaverson Hirschfeld & Kraemer, LLP, 727 Sansome Street, San

13   Francisco, CA 94111, with such inspection continuing until completed.

14

15   **REQUEST FOR PRODUCTION OF DOCUMENTS**

16   **REQUEST FOR PRODUCTION NO. 38:**

17   All DOCUMENTS that REFER or RELATE to accounts which were negotiated in any

18   part while Peter Scott was at Tri-City but were bound (i.e. finalized) after Peter Scott moved from

19   Tri-City to CRUMP (this includes, but is not limited to, all DOCUMENTS related to insured Gas

20   Equipment Company and/or broker Sedgwick Dallas).

21   **REQUEST FOR PRODUCTION NO. 39:**

22   All change of broker letters which REFER or RELATE to accounts previously handled

23   by Cheryl Smith which changed to her new employer.

24   **REQUEST FOR PRODUCTION NO. 40:**

25   All change of Broker letters during the last five years naming CRUMP in place of ALL

26   RISKS.

27   ///

28

3

1  Dated: May 9, 2008                    CURIALE DELLAVERSON HIRSCHFELD
2                                               & KRAEMER, LLP

3                                        By: _Kristen L. Williams_
4                                               Donna M. Rutter
                                                Kristen L. Williams
5                                        Attorneys for Defendants
                                         MICHAEL P. MCGRATH and ALL RISKS,
6                                        LTD.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ALL RISKS, LTD'S RFPD TO PLAINTIFF
CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

    I am a resident of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On May 9, 2008, I served the following document(s) by the method indicated below:

        **DEFENDANT ALL RISKS, LTD'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE TO PLAINTIFF CRUMP INSURANCE SERVICES, INC. [F.R.C.P. 34]**

☐    by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒    by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    by sending the documents electronically through email to the address listed below.

☒    **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Douglas W. Stern
Fulbright & Jaworski, L.L.P.
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
Tel: (213) 892-9200
Fax: (213) 892-9494

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on May 9, 2008 at San Francisco, California.

_____
Angelique Pierre

# EXHIBIT I

1  Mark S. Askanas (SBN 122745)
   Dylan B. Carp (SBN 196846)
2  Tara L. Riedley (SBN 236508)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, California 94105
4  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
5  *askanasm@jacksonlewis.com*

**JUN 1 0 2008**

6  Attorneys for Plaintiff
   CRUMP INSURANCE SERVICES, INC.
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  CRUMP INSURANCE SERVICES, INC.,        Case No.  C-07-4636 MMC

12              Plaintiff,                  **PLAINTIFF CRUMP INSURANCE
                                            SERVICES, INC.'S RESPONSE TO
13       v.                                 DEFENDANT ALL RISKS, LTD.'S
                                            REQUEST FOR PRODUCTION OF
14  MICHAEL P. MCGRATH, an individual, ALL  DOCUMENTS, SET THREE**
    RISKS, LTD., a corporation, and Does 1
15  through 50, inclusive,

16              Defendants.

17

18  PROPOUNDING PARTY:        ALL RISKS, LTD.

19  RESPONDING PARTY:         CRUMP INSURANCE SERVICES, INC.

20  SET NO.:                  THREE

21       Comes now Plaintiff CRUMP INSURANCE SERVICES, INC. (hereafter "Responding

22  Party," "Plaintiff" or "Crump") to respond to Defendant ALL RISKS, LTD. (hereafter

23  "Propounding Party," "Defendant" or "All Risks") Request for Production of Documents, Set

24  Three, as follows:

25                     **GENERAL OBJECTIONS**

26       Responding Party objects to this document request on the following grounds:

27       1.      Responding Party has not completed its investigation of the facts of this case and

28  has not completed discovery in this action.  Therefore, all responses contained herein are based

                                1                    Case No. C-07-4636 MMC

1    only upon such information and documents as are presently available to, and specifically known

2    to, Responding Party and relate only to those documents and information which are presently in

3    Responding Party's possession and control.  Responding Party specifically anticipates further

4    discovery, independent investigation and research which will supply additional facts and

5    documents, some of which may be responsive to this document request.  The following responses

6    are given without prejudice to Responding Party's right to introduce subsequently discovered

7    evidence at the trial of this action and objects to this document request to the extent that it -

8    purports to demand otherwise.

9        2.      Responding Party objects to this document request to the extent that it may be

10   construed to call for information or documents protected by the attorney-client privilege, the work

11   product doctrine, or any other applicable privilege or right of privacy.  In particular, and without

12   limitation, Responding Party will not furnish any documents or information constituting or

13   reflecting the mental impressions, conclusions, opinions, legal theories, or other work product of

14   counsel; constituting, containing, or concerning communications between or among counsel,

15   Responding Party and its consultants; or prepared in anticipation of or for use in this litigation.

16       3.      Responding Party objects to this document request to the extent that the request is

17   burdensome, oppressive, onerous, argumentative, vague, ambiguous, overly broad, or constitutes

18   an abuse of the discovery process.

19       4.      Responding Party objects to this document request to the extent that the request is

20   compound, complex, and/or unintelligible.

21       5.      Responding Party objects to this document request to the extent that the request is

22   unduly burdensome in light of the cost to investigate and respond to the propounded request.

23       6.      Responding Party objects to this document request to the extent that the request

24   calls for a legal conclusion.

25       7.      Responding Party objects to this document request to the extent that the request

26   seeks information which is within the possession or control of Propounding Party or its agents or

27   employees, or which is equally or more accessible to Propounding Party than to Responding

28   Party.

8.      Responding Party objects to this document request to the extent that the request may necessitate the preparation or the making of a compilation, abstract, audit, or summary of or from documents which Responding Party has produced to Propounding Party and, as such, need not be answered.  Responding Party also objects to this document request to the extent that it requires Responding Party to prepare summaries or compilations of information already made available through production of documents or any other means.

9.      Responding Party objects to certain requests on the grounds that it has made or will make a substantial volume of materials available to Propounding Party, and, as a result, the information sought in the document request is equally available to Propounding Party.

10.      In responding to this document request at this time, Responding Party does not concede the relevancy or materiality of these requests or the subject matter to which they refer. Each and every response by this Respondent is subject to, and does not waive; (1) all objections as to the competency, confidentiality, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the answers given, or the subject matter thereof, in any subsequent proceeding, including the trial of this action or any other action; and (2) the right to object to any discovery proceedings involving or related to the subject matter of the requests, whether or not such objections are separately set forth.

11.      Responding Party objects to this document request to the extent it purports to seek the identification of each and every document that might conceivably contain information that is relevant to each request.

Without waiving said objections and subject thereto, Responding Party responds as follows:

### RESPONSES TO DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS that REFER or RELATE to accounts which were negotiated in any part while Peter Scott was at Tri-City but were bound (i.e. finalized) after Peter Scott moved from Tri-City to CRUMP (this includes, but is not limited to, all DOCUMENTS related to insured Gas Equipment Company and/or broker Sedgwick Dallas).

PLAINTIFF'S RESPONSE TO DEF. ALL RISKS'S REQUEST FOR PROD. OF DOCUMENTS, SET THREE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Plaintiff objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations.  Plaintiff objects to this request as compound and unduly burdensome.  Plaintiff objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent that this request seeks documents protected by the attorney-client and work product privileges, to the extent it violates rights of privacy, and to the extent any such documents contain proprietary, financial and/or confidential information. Subject to and limited by the foregoing, Plaintiff responds as follows:  Plaintiff will not produce any documents related to accounts negotiated while Peter Scott was at Tri-City but were bound after Peter Scott moved from Tri-City to Crump.

**REQUEST FOR PRODUCTION NO. 39:**

All change of broker letters which REFER or RELATE to accounts previously handled by Cheryl Smith which changed to her new employer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Plaintiff objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations.  Plaintiff objects to this request as compound and unduly burdensome.  Plaintiff objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to the extent it violates rights of privacy, and to the extent any such documents contain proprietary, financial and/or confidential information.  Subject to and limited by the foregoing, Plaintiff responds as follows:  Plaintiff will not produce any documents related to accounts previously handled by Cheryl Smith which changed to her new employer.

**REQUEST FOR PRODUCTION NO. 40:**

All change of Broker letters during the last five years naming CRUMP in place of ALL RISKS.

///

///

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

2         Plaintiff objects to this request on the basis it is vague, overbroad, ambiguous and

3    susceptible to a variety of interpretations.   Plaintiff objects to this request as compound and

4    unduly burdensome.  Plaintiff objects to this request as seeking information neither relevant to the

5    claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible

6    evidence.  Plaintiff further objects to the extent it violates rights of privacy, and to the extent any

7    such documents contain proprietary, financial and/or confidential information. Subject to and

8    limited by the foregoing, Plaintiff responds as follows:  Plaintiff will not produce any documents

9    related to change of Broker letters during the last five years naming Crump in place of All Risks.

10

11   DATED:  June 9, 2008                          JACKSON LEWIS LLP

12

13

14                                       By: _____

15                                           Mark S. Askanas
                                             Dylan B. Carp
16                                           Tara L. Riedley
                                             Attorneys for Plaintiff
17                                           CRUMP INSURANCE SERVICES, INC.

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2        I, Bryana Schroder, declare that I am employed with the law firm of Jackson

3   Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I

4   am over the age of eighteen (18) years and am not a party to this action.

5        On June 9, 2008, I served the attached **PLAINTIFF CRUMP INSURANCE**

6   **SERVICES, INC.'S RESPONSE TO DEFENDANT ALL RISKS, LTD.'S REQUEST FOR**

7   **PRODUCTION OF DOCUMENTS, SET THREE** in this action by placing a true and correct

8   copy thereof, enclosed in sealed envelope(s) addressed as follows:

9   Donna Rutter
10  Curiale Dellaverson Hirschfeld & Kraemer
    727 Sansome Street
11  San Francisco, CA 94111
    Tel (415) 835-9000
12  Fax (415) 834-0443

13  Attorneys for Defendants

14  [ X ]   <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage
          thereon fully prepaid, placed for collection and mailing on this date, following ordinary
15        business practices, in the United States mail at San Francisco, California.

16
17  [ ]   <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by hand to the above
          address.

18
19  [ ]   <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to the above
          address within 24 hours by overnight delivery service.

20
21  [ ]   <u>BY FACSIMILE</u>:  I caused such document to be transmitted by facsimile from our fax
          number (415) 394-9401 to the fax number indicated above.

22        I declare under penalty of perjury under the laws of the State of California that the

23  above is true and correct.

24        Executed on June 9, 2008, at San Francisco, California.

25

26                                      _____
                                        Bryana Schroder
27

28

Case No. C-07-4636 MMC

# EXHIBIT J

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
 2
      CRUMP INSURANCE SERVICES, INC.,  *   Case No. C-07-4636 MMC
 3                                     *
                  Plaintiff,           *
 4                                     *
      vs.                              *
 5                                     *
      MICHAEL P. MCGRATH, an           *
 6    individual, ALL RISKS, LTD., a   *
      corporation, and Does 1          *
 7    through 50, inclusive,           *
                                       *
 8            Defendants.              *

 9

10

11

12    ************************************************************

13            VIDEO DEPOSITION OF GLENN HARGROVE

14    ************************************************************

15

16

17         ANSWERS AND DEPOSITION OF GLENN HARGROVE, produced as

18    a witness at the instance of the Defendants Michael P.

19    McGrath and All Risks, Ltd., taken in the above-styled and

20    -numbered cause on the 17th day of June, 2008, A.D.,

21    beginning at 11:14 a.m., before Lisa Smith, a Certified

22    Shorthand Reporter in and for the State of Texas, in the

23    offices of LBJ Corridor, located at 3010 LBJ Freeway, Suite

24    1200, Dallas, Texas, in accordance with the Federal Rules

25    of Civil Procedure and the agreement hereinafter set forth.
```



Esquire Deposition Services        505 Sansome Street Suite 502        San Francisco, C.A. 94111
Phone (415) 288-4280                    1-800-770-3363                      Fax (415) 288-4286

172

1       A.   No.

2       Q.   So you don't know that it was -- whether it was

3    Mr. McGrath or not; correct?

4       A.   No.   I don't know who made the formal offer to

5    her.

6       Q.   Do you know when Ms. Marty received her offer from

7    All Risks?

8       A.   No.

9       Q.   Are you aware of any discussions, if any, between

10   Mr. McGrath and Ms. Marty while they were both working at

11   Crump concerning All Risks?

12      A.   It goes to discussions with Counsel.

13      Q.   Well, are you aware of any discussions between

14   Ms. Marty and Mr. McGrath while they both worked at Crump

15   concerning whether or not they wanted to go to All Risks?

16      A.   I've had discussions with our Counsel regarding

17   that question.

18      Q.   Okay.   And I understand you may have had

19   discussions with your Counsel and you may have told your

20   Counsel what you believe.   That doesn't protect it from the

21   attorney/client privilege, if, in fact, this is knowledge

22   that you have.

23              So my question is, did you have any personal

24   knowledge at the time -- that at the time Mr. McGrath and

25   Ms. Marty still worked at Crump, that they were talking

173

```
 1    amongst themselves to go to work for All Risks?

 2         A.  Yes.

 3         Q.  What personal knowledge do you have in that

 4    regard?

 5         A.  That it -- I had -- I had reason to believe that

 6    they did due to certain e-mail information that we had.

 7         Q.  So is it your testimony that you were monitoring

 8    Mr. McGrath and Ms. Marty's e-mail while they were employed

 9    at Crump?

10         A.  No.

11         Q.  What e-mail communication are you referring to?

12         A.  E-mail communication between Mike McGrath and

13    Cindy Marty.

14         Q.  Okay.  While they were still at Crump?

15         A.  Yes.

16         Q.  Is that what you're saying?

17              Okay.  And do you recall some e-mail -- some

18    particular e-mail communication?

19         A.  Yes.

20         Q.  What e-mail communication are you referring to?

21         A.  It was an e-mail that -- that was on Mike's

22    computer to Cindy Marty specifically mentioning offers and

23    we had our offers.  I don't remember the exact verbiage of

24    it.  That was a couple days before the resignation, Mike

25    turned in his resignation.
```

1     STATE OF TEXAS )

2         I, Lisa Smith, a Certified Shorthand Reporter in and

3     for the State of Texas, do hereby certify that, pursuant to

4     the agreement hereinbefore set forth, there came before me

5     on the 17th day of June, A.D., 2008, at 11:14 a.m., at the

6     offices of LBJ Corridor, located at 3010 LBJ Freeway, Suite

7     1200, in the City of Dallas, State of Texas, the following

8     named person, to wit:  GLENN HARGROVE, who was by me duly

9     cautioned and sworn to testify the truth, the whole truth

10    and nothing but the truth, of his knowledge touching and

11    concerning the matters in controversy in this cause; and

12    that he was thereupon carefully examined upon his oath, and

13    his examination was reduced to writing under my

14    supervision; that the deposition is a true record of the

15    testimony given by the witness, same to be sworn to and

16    subscribed by said witness before any Notary Public,

17    pursuant to the agreement of the parties; and that the

18    amount of time used by each party at the deposition is as

19    follows:

20              Ms. Rutter - 04 hours, 29 minutes,

21              Mr. Askanas - 00 hours, 00 minutes.

22        I further certify that I am neither attorney or

23    counsel for, nor related to or employed by, any of the

24    parties to the action in which this deposition is taken,

25    and further that I am not a relative or employee of any

Esquire Deposition Services       505 Sansome Street Suite 502       San Francisco, C.A.  94111
Phone (415) 288-4280                   1-800-770-3363                        Fax (415) 288-4286

Glenn Hargrove                                        June 17, 2008

1         attorney or counsel employed by the parties hereto, or

2    financially interested in the action.

3         I further certify that, before completion of the

4    deposition, the Deponent _____, and/or the

5    Plaintiff/Defendant _____, did _____ did not _____ request

6    to review the transcript.

7         In witness whereof, I have hereunto set my hand and

8    affixed my seal this _____ day of _____, A.D.,

9    2008.

10

11   _____    LISA SMITH, CSR 7491
                                Expiration Date: 12/31/2009
12                              Esquire Deposition Services
                                Firm Registration No. 286
13                              1700 Pacific Avenue, Suite 4750
                                Dallas, Texas  75201
14                              (214) 257-1436

15

16

17

18

19

20

21

22

23

24

25

                                                              188

# EXHIBIT K

**DEPOSITION OF PETER QUINLAN SCOTT, VOLUME II**

1           UNITED STATES DISTRICT COURT

2       IN THE NORTHERN DISTRICT OF CALIFORNIA

3              ---oOo---

4

5   CRUMP INSURANCE SERVICES, INC.,

6                Plaintiff,

7         vs.         No. C-07-4636 MMC

8   MICHAEL P. McGRATH, an individual;
     ALL RISKS, LTD., a corporation,

9   and DOES 1 - 50 inclusive,

10              Defendants.

11   _____

12

13             Deposition of

14          PETER QUINLAN SCOTT

15        Thursday, June 19, 2008

16

17

18

19              Volume II

20         (Pages 205 - 308)

21

22

23

24   REPORTED BY: JEANNETTE SAMOULIDES, CSR NO. 5254

25

                                  **205**

DEPOSITION OF PETER QUINLAN SCOTT, VOLUME II

1          Q.   Now, Page 134 of your deposition you told

2     me that you would provide me with a list of

3     businesses -- strike that.

4              That you would provide me with a list of

5     business of Crump that you claim Mr. McGrath

6     wrongfully took to All Risks.

7              Do you have that list?

8          A.   Not with me, no.

9          Q.   Okay.  Did you prepare that list as I

10    requested in April?

11         A.   Yes.

12         Q.   Okay.  And have you given that list to

13    your counsel or a counsel?  I know your counsel's

14    changed.

15              So have you given it to an attorney

16    representing Crump?

17         A.   Yes.

18         Q.   Okay.  And likewise, on Page 161 of your

19    depo you indicated that you were not aware of all the

20    change in broker letters changing from Crump to

21    All Risks after Mr. McGrath left but that you could

22    provide me with a list.

23              Do you have that list?

24         A.   Not with me, no.

25         Q.   Okay.  And did you prepare that list at my

292

DEPOSITION OF PETER QUINLAN SCOTT, VOLUME II

1    request?

2        A.   Yes, I did.

3        Q.   And did you provide that to your counsel?

4        A.   Yes, I did.

5        Q.   Okay.  And finally, I think there's one

6    more list, one more bit of homework that you

7    indicated on Page 163, you stated that there were

8    letters that you believe were sent by Mr. McGrath

9    requesting that a change of broker be made, but you

10   couldn't identify those individuals by name.

11           Again, you told me you'd provide me with a

12   list.

13           Did you prepare any list of actual letters

14   that were sent by Mr. McGrath requesting that a

15   change of broker be made?

16       A.   We have copies of the Broker of Record

17   letters either from the insurance carrier notifying

18   us of the change of broker or from the retailer

19   providing the letter to All Risks changing broker.

20       Q.   Okay.

21       A.   So in answer to your question, you kind of

22   have that information.

23       Q.   Okay.  But you don't -- you're not aware

24   of any letters that Mr. McGrath authored, correct?

25       A.   Well, he wouldn't author the letter.  The

293

**DEPOSITION OF PETER QUINLAN SCOTT, VOLUME II**

1        I, the undersigned, a Certified Shorthand

2    Reporter in the State of California, hereby certify

3    that the witness (if applicable) in the foregoing

4    deposition was by me duly sworn to testify to the

5    truth, the whole truth, and nothing but the truth in

6    the within-entitled cause; that said proceeding was

7    taken at the time and place therein stated; that the

8    testimony of said witness was reported by me, a

9    disinterested person, and was thereafter transcribed

10   under my direction into typewriting; that the

11   foregoing is a full, complete, and true record of the

12   said testimony; and that the witness (if applicable)

13   was informed of his/her opportunity to read and, if

14   necessary, correct said deposition and to subscribe

15   the same.

16        I further certify that I am not of counsel

17   or attorney for either or any of the parties in the

18   foregoing proceedings and caption named, or in any

19   way interested in the outcome of the cause named in

20   said caption.

21

22   Date: *June 26, 2008*

23

24   *Jeannette Samoulides*

25   JEANNETTE SAMOULIDES, CSR #5254

**308**

# EXHIBIT L

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

SAN FRANCISCO
—
727 SANSOME STREET
SAN FRANCISCO
CALIFORNIA
94111
TELEPHONE
(415) 835-9000
FAX
(415) 834-0443

LOS ANGELES
—
THE WATER GARDEN
2425 OLYMPIC BOULEVARD
SUITE 550 EAST TOWER
SANTA MONICA
CALIFORNIA
90404
TELEPHONE
(310) 255-0705
FAX
(310) 255-0986

RENO
—
5450 LONGLEY LANE
RENO
NEVADA
89511
TELEPHONE
(775) 826-7100
FAX
(775) 827-9256

E-MAIL
info@cdhklaw.com
WEB SITE
www.cdhklaw.com

June 19, 2008

KRISTEN L. WILLIAMS
Direct Dial: (415) 835-9051
kwilliams@cdhklaw.com

**VIA FACSIMILE & U.S. MAIL (415) 394-9401**

Dylan B. Carp, Esq.
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105

      **Re:**    **Crump Insurance v. All Risks, Ltd. & Michael McGrath**

Dear Mr. Carp:

      I write this letter to meet and confer with you as to Plaintiff's responses to Defendant All Risks, Ltd.'s Request for Production of Documents, Set Three. Plaintiff has responded to all requests with boilerplate objections that are inapplicable to the request and, likewise, without merit.

      Request No. 38 seeks "All DOCUMENTS that REFER or RELATE to accounts which were negotiated in any part while Peter Scott was at Tri-City but were bound (*i.e.* finalized) after Peter Scott moved from Tri-City to CRUMP (this includes, but not limited to, all DOCUMENTS related to insured Gas Equipment Company and/or broker Sedgwick Dallas)."

      In response, Plaintiff set forth the following objections: "Plaintiff objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Plaintiff objects to his request as compound and unduly burdensome. Plaintiff objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent that this request seeks documents protected by the attorney-client and work product privileges, to the extent it violates rights of privacy, and to the extent any such documents contained proprietary, financial and/or confidential information. Subject to and limited by the foregoing, Plaintiff responds as follows:  Plaintiff will not produce any documents related to accounts negotiated while Peter Scott was at Tri-City but were bound after Peter Scott moved from Tri-City to Crump."

      Plaintiff's objections are without merit. This request is not "vague, overbroad, ambiguous and susceptible to a variety of interpretations." If you are unclear as to what this request is seeking, please articulate your confusion so that I might offer an explanation. As to the objection as to the relevancy of this information, it is most certainly relevant to the claims of this matter. Peter Scott ran the San Francisco office of Crump where McGrath worked. Plaintiff claims

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

Dylan B. Carp, Esq.
June 19, 2008
Page 2

that McGrath inappropriately took accounts from Crump when he left to go and
work for All Risks. Accordingly, Defendants are entitled to know the details of
Mr. Scott potentially engaging in the same conduct that Defendants in this matter
are now accused of engaging in. We have reason to believe that Mr. Scott
brought a significant amount of accounts from Tri-City to Crump. This request
goes directly to both the claims in this case and Defendants' defense. Finally, as
to your litany of objections based on (1) privacy, (2) proprietary information, (3)
financial information and (4) attorney-client information, Defendants respond as
follows: (1) the information sought does not seek any information regarding any
individual and thus does not invade anyone's privacy interests; (2) the
information sought is not proprietary – accounts from more than ten years ago can
hardly constitute proprietary information – but to alleviate this concern,
Defendant will limit this request to Broker of Record Letters for accounts that Mr.
Scott negotiated while at Tri-City but were not bound until Mr. Scott moved to
Crump if Plaintiff will confirm that it has a BOR letter for each account; (3) and
(4) based on the limitation Defendants have added, there should no longer be any
concern as to financial or attorney-client information being disclosed. Please
produce all documents responsive to this request.

Request No. 39 seeks "All changes of broker letters which REFER or
RELATE to accounts previously handled by Cheryl Smith which changed to her
new employer."

Plaintiff responded as follows: "Plaintiff objects to this request on the
basis it is vague, overbroad, ambiguous and susceptible to a variety of
interpretations. Plaintiff objects to his request as compound and unduly
burdensome. Plaintiff objects to this request as seeking information neither
relevant to the claim or defense of any party, nor reasonably calculated to lead to
the discovery of admissible evidence. Plaintiff further objects to the extent it
violates rights of privacy, and to the extent any such documents contain
proprietary, financial and/or confidential information. Subject to and limited by
the foregoing, Plaintiff responds as follows: Plaintiff will not produce any
documents related to accounts previously handled by Cheryl Smith which
changed to her new employer."

These objections are also without merit. This requests seeks Broker of
Record letters only. This request is not "vague, overbroad, ambiguous and
susceptible to a variety of interpretations." If you are unclear as to what this
request is seeking, please articulate your confusion so that I might offer an
explanation. As to the objection as to the relevancy of this information, it is most
certainly relevant to the claims of this matter. Cheryl Smith was a broker with
Crump and has since left Crump to be employed by another competitive insurance
wholesaler. Whether Crump is consistent in its claims is certainly relevant to this
case. Moreover, these records will further prove that it is an accepted and

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

Dylan B. Carp, Esq.
June 19, 2008
Page 3

common industry practice for retailers to move with brokers when they change employers. As such, this request goes directly to both the claims in this case and Defendants' defense. Finally, as to your litany of objections based on (1) privacy, (2) proprietary information, (3) financial information and (4) attorney-client information, this requests seeks only Broker of Record letters and therefore none of those objections are applicable. Please produce all documents responsive to this request.

Request No. 40 seeks "All change of Broker letters during the last five years naming CRUMP in place of ALL RISKS."

Plaintiff objected as follows: "Plaintiff objects to this request on the basis it is vague, overbroad, ambiguous and susceptible to a variety of interpretations. Plaintiff objects to his request as compound and unduly burdensome. Plaintiff objects to this request as seeking information neither relevant to the claim or defense of any party, nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to the extent it violates rights of privacy, and to the extent any such documents contain proprietary, financial and/or confidential information. Subject to and limited by the foregoing, Plaintiff responds as follows: Plaintiff will not produce any documents related to change of Broker letters during the last five years naming Crump in place of All Risks.

These objections are also without merit. This requests seeks Broker of Record letters only relating to All Risks. This request is not "vague, overbroad, ambiguous and susceptible to a variety of interpretations." If you are unclear as to what this request is seeking, please articulate your confusion so that I might offer an explanation. As to the objection as to the relevancy of this information, it is most certainly relevant to the claims of this matter. Plaintiff has targeted All Risks in this lawsuit and is seeking damages. This lawsuit is centered around the alleged illegality of retailers moving from Crump to All Risks and continue to work with the same broker. Whether or not retailers have moved from All Risks to Crump is clearly relevant to this case. These records will further prove that it is an accepted and common industry practice for retailers to move with brokers when they change employers. Defendants are entitled to this information based on the allegations of the Complaint. Moreover, it speaks directly to Defendant's affirmative defense of unclean hands. As such, this request goes directly to both the claims in this case and Defendants' defense. With regard to your objection that this request is "compound and unduly burdensome," such objections are wholly without merit. Please articulate how the request is compound and likewise how the request is unduly burdensome as I can see no validity to either objection. Finally, as to your litany of objections based on (1) privacy, (2) proprietary information, and (3) financial information, this requests seeks only Broker of Record letters and therefore none of those objections are applicable. Please produce all documents responsive to this request.

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

*LLP*

Dylan B. Carp, Esq.
June 19, 2008
Page 4

Additionally, Plaintiff should provide All Risks with its verification to these discovery responses as well as the verifications to all discovery received from Plaintiff to date. Please send the verifications to us immediately.

As always, please contact me with any questions or to discuss any of these issues further.

Very truly yours,

Kristen L. Williams

Kristen L. Williams

KLW/ap

# CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

## FACSIMILE TRANSMITTAL SHEET

**DATE:**    June 19, 2008

| | | |
|---|---|---|
| **TO:** | **FAX NO.:** | **PHONE NO.:** |
| Dylan B. Carp | (415) 394-9401 | (415) 394-9400 |
| JACKSON LEWIS LLP | | |

**FROM:**    Kristen L. Williams        **PHONE:**        (415) 835-9051

**RE:**        Crump v. Michael P. McGrath and All Risks, LTD

**CLIENT/MATTER NUMBER:**    60170.002

**NUMBER OF PAGES WITH COVER PAGE:**    5        Originals Will Follow in Regular Mail

**MESSAGE:**

Please see attached letter.

## CAUTION - CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL
ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.**

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 • (415) 834-0443

4839-1498-4194

# Confirmation Report — Memory Send

Page        : 001
Date & Time: 19-06-08   02:05pm
Line 1     : +415 834 0443
Line 2     : +415 834 0443
Machine ID : CURIALE DELLAVERSON, et al.

| | | |
|---|---|---|
| Job number | : | 625 |
| Date | : | 19-06  02:03pm |
| To | : | ☎3949401 |
| Number of pages | : | 005 |
| Start time | : | 19-06  02:03pm |
| End time | : | 19-06  02:05pm |
| Pages sent | : | 005 |
| Status | : | OK |

Job number     : 625            *** SEND SUCCESSFUL ***

## CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

### FACSIMILE TRANSMITTAL SHEET

**DATE:**   June 19, 2008

**TO:**                          **FAX NO.:**              **PHONE NO.:**
Dylan B. Carp                    (415) 394-9401            (415) 394-9400
JACKSON LEWIS LLP

**FROM:**   Kristen L. Williams        **PHONE:**    (415) 835-9051
**RE:**   Crump v. Michael P. McGrath and All Risks, LTD

**CLIENT/MATTER NUMBER:**   60170.002

**NUMBER OF PAGES WITH COVER PAGE:**   5      Originals Will Follow in Regular Mail

**MESSAGE:**
Please see attached letter.

### CAUTION - CONFIDENTIAL

THIS INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL
ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 - (415) 834-0443                    4839-1498-4194

# EXHIBIT M

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

SAN FRANCISCO

727 SANSOME STREET

SAN FRANCISCO

CALIFORNIA

94111

TELEPHONE

(415) 835-9000

FAX

(415) 834-0443

LOS ANGELES

THE WATER GARDEN

2425 OLYMPIC BOULEVARD

SUITE 550 EAST TOWER

SANTA MONICA

CALIFORNIA

90404

TELEPHONE

(310) 255-0705

FAX

(310) 255-0986

RENO

5450 LONGLEY LANE

RENO

NEVADA

89511

TELEPHONE

(775) 826-7100

FAX

(775) 827-9256

E-MAIL

info@cdhklaw.com

WEB SITE

www.cdhklaw.com

June 19, 2008

KRISTEN L. WILLIAMS
Direct Dial: (415) 835-9051
kwilliams@cdhklaw.com

**VIA FACSIMILE (415) 394-9401**

Dylan B. Carp, Esq.
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

**Re:    Crump Insurance v. All Risks, Ltd. & Michael McGrath**

Dear Mr. Carp:

This letter is regarding Plaintiff's failure to produce responsive documents that it has agreed to produce and what now appears to be a withholding of all documents that were responsive to a myriad of Defendants' discovery requests. Specifically, I am referring to the email identified by Mr. Hargrove in his deposition. Please refer to page 161:14 – 163:16 of the rough transcript wherein Mr. Hargrove identifies an email (or emails) between Mr. McGrath and Ms. Marty prior to the time they left Crump's employ. This was in direct response to Ms. Rutter's question of whether he had personal knowledge of Mr. McGrath and Ms. Marty were talking about going to work at All Risks while they were still employed by Crump. This email is responsive to the following requests for production which were propounded on Plaintiff on January 22, 2008. Included in these requests were the following:

REQUEST FOR PRODUCTION NO. 6: All DOCUMENTS that support YOUR contention that "while still under the employ of Crump, Defendant MCGRATH engaged in business activities with were competitive with the work he performed at Crump, in violation of his obligations to Crump" as alleged in paragraph 29 of YOUR COMPLAINT.

REQUEST FOR PRODUCTION NO. 7: All DOCUMENTS that support YOUR contention that MCGRATH "solicited Crump employees to cease their employment relationship with Crump, and instead commence employment with MCGRATH's new employer, All Risks" as alleged in paragraph 30 of YOUR COMPLAINT.

REQUEST FOR PRODUCTION NO. 10: All DOCUMENTS that support YOUR First Cause of Action: Breach of Contract as alleged in YOUR COMPLAINT.

4833-3210-8802

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

SAN FRANCISCO

727 SANSOME STREET
SAN FRANCISCO
CALIFORNIA
94111
TELEPHONE
(415) 835-9000
FAX
(415) 834-0443

LOS ANGELES

THE WATER GARDEN
2425 OLYMPIC BOULEVARD
SUITE 550 EAST TOWER
SANTA MONICA
CALIFORNIA
90404
TELEPHONE
(310) 255-0705
FAX
(310) 255-0986

RENO

5450 LONGLEY LANE
RENO
NEVADA
89511
TELEPHONE
(775) 826-7100
FAX
(775) 827-9256

E-MAIL
info@cdhklaw.com
WEB SITE
www.cdhklaw.com

Dylan B. Carp, Esq.
June 19, 2008
Page 2

<u>REQUEST FOR PRODUCTION NO. 12</u>: All DOCUMENTS that support
YOUR Third Cause of Action: Breach of Fiduciary Duty as alleged in YOUR
COMPLAINT.

<u>REQUEST FOR PRODUCTION NO. 15</u>: All DOCUMENTS that support
YOUR Sixth Cause of Action: Intentional Interference with Prospective
Economic Advantage (Employees) as alleged in YOUR COMPLAINT.

<u>REQUEST FOR PRODUCTION NO. 16</u>: All DOCUMENTS that support
YOUR Seventh Cause of Action: Negligent Interference with Prospective
Economic Advantage (Employees) as alleged in YOUR COMPLAINT.

*__On March 11, 2008, Plaintiff responded to each of these requests that
Plaintiff would produce all responsive, non-privileged documents.__*

At a minimum, the email(s) identified by Mr. Hargrove are clearly
responsive to many, if not all, of the above-referenced requests. The email is
purportedly between Mr. McGrath and Ms. Marty so no privilege applies nor was
this document identified in Plaintiff's privileged log. And yet, the document(s)
referenced by Mr. Hargrove were not produced and were withheld even though
depositions were proceeding in this case.

Plaintiff has willfully and inappropriately failed to produce these
documents. This is a clear violation of the Federal Rules of Civil Procedure and
Defendants intend to seek evidentiary sanctions and seek to re-open any
applicable depositions.

<u>Please produce these documents immediately as well as all other evidence
that Plaintiff may have wrongfully withheld.</u> And as previously requested, please
produce Plaintiff's verification to this Plaintiff's responses to this discovery
request as well as to all other discovery requests Defendants All Risks and
McGrath have propounded on Plaintiff.

Very truly yours,

*Kristen L. Williams*

Kristen L. Williams

KLW/ap

# CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

## FACSIMILE TRANSMITTAL SHEET

**DATE:**    June 19, 2008

| | | |
|---|---|---|
| **TO:** | **FAX NO.:** | **PHONE NO.:** |
| Dylan B. Carp | (415) 394-9401 | (415) 394-9400 |
| JACKSON LEWIS LLP | | |

**FROM:**    Kristen L. Williams        **PHONE:**        (415) 835-9051

**RE:**    Crump v. Michael P. McGrath and All Risks, LTD

**CLIENT/MATTER NUMBER:**    60170.002

**NUMBER OF PAGES WITH COVER PAGE:** 3        Originals Will Not Follow in Regular Mail

**MESSAGE:**

Please see attached letter.

## CAUTION - CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL
ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.**

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 • (415) 834-0443

4839-1498-4194

# Confirmation Report — Memory Send

Page        : 001
Date & Time: 19-06-08    05:10pm
Line 1      : +415 834 0443
Line 2      : +415 834 0443
Machine ID : CURIALE DELLAVERSON, et al.

| | | |
|---|---|---|
| Job number | : | 630 |
| Date | : | 19-06   05:09pm |
| To | : | ☎3949401 |
| Number of pages | : | 003 |
| Start time | : | 19-06   05:09pm |
| End time | : | 19-06   05:10pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 630            *** SEND SUCCESSFUL ***

## CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

### FACSIMILE TRANSMITTAL SHEET

**DATE:**     June 19, 2008

**TO:**                          **FAX NO.:**              **PHONE NO.:**
Dylan B. Carp                    (415) 394-9401            (415) 394-9400
JACKSON LEWIS LLP

**FROM:**   Kristen L. Williams      **PHONE:**      (415) 835-9051

**RE:**     Crump v. Michael P. McGrath and All Risks, LTD

**CLIENT/MATTER NUMBER:**   60170.002

**NUMBER OF PAGES WITH COVER PAGE: 3**      Originals Will Not Follow in Regular Mail

**MESSAGE:**
Please see attached letter.

### CAUTION – CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL
ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.**

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 - (415) 834-0443

4839-1498-4194

# EXHIBIT N

Representing Management Exclusively in Workplace Law and Related Litigation

**jackson | lewis**
Attorneys at Law

Jackson Lewis LLP
199 Fremont Street
10th Floor
San Francisco, California 94105
Tel 415 394-9400
Fax 415 394-9401
www.jacksonlewis.com

| | | |
|---|---|---|
| ATLANTA, GA | LONG ISLAND, NY | PORTLAND, OR |
| BIRMINGHAM, AL | LOS ANGELES, CA | PROVIDENCE, RI |
| BOSTON, MA | MIAMI, FL | RALEIGH-DURHAM, NC |
| CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| DALLAS, TX | NEW ORLEANS, LA | SAN FRANCISCO, CA |
| DENVER, CO | NEW YORK, NY | SEATTLE, WA |
| DETROIT, MI | ORANGE COUNTY, CA | STAMFORD, CT |
| GREENVILLE, SC | ORLANDO, FL | WASHINGTON, DC REGION |
| HARTFORD, CT | PHILADELPHIA, PA | WHITE PLAINS, NY |
| HOUSTON, TX | PHOENIX, AZ | |
| LAS VEGAS, NV | PITTSBURGH, PA | |

June 20, 2008

**VIA FACSIMILE**

Kristen L. Williams, Esq.
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA 9111

> Re:   **Crump Insurance Services, Inc. v. McGrath,**
> N.D. Cal. Case No. C-07-4636 MMC

Dear Ms. Williams:

This responds to your faxes dated June 19, 2008.

**I.      Your fax sent at 2:04 p.m.**

Regarding your earlier fax, in that fax you asked me to contact you "to discuss any of these issues further." I do not think we have had a discussion yet regarding any of the issues you raised in the fax. Further, to have a meaningful discussion, I would request that you provide some authority for the claims that you made.

Regarding RFP No. 38, you claim that "Defendants are entitled to know the details of Mr. Scott potentially engaging in the same conduct that Defendants in this matter are now accused of engaging in. We have reason to believe that Mr. Scott brought a significant amount of accounts from Tri-City to Crump. This request goes directly to both the claims in this case and Defendants' defense." We disagree. You have limited your request to Broker of Record Letters. We fail to see how the existence of any such Broker of Record Letters would give you any good cause to assert that Mr. Scott may have breached a contract with a third party, misappropriated trade secrets of a third party, breached a fiduciary duty owed to a third party, or interfered with employees or customers of a third party. Further, whether or not Mr. Scott may have done any of these things does not appear to have any relevance to whether McGrath and/or All Risks did these things to Crump. If you have contrary authority, we would like to see it. Further, whether Mr. Scott brought a significant amount of accounts from Tri-City to Crump does not appear to have any relevance to whether McGrath and/or All Risks committed the acts alleged in the complaint. Again, if you have contrary authority, we would like to see it. Finally, whether Mr. Scott engaged in the above-described conduct and whether Mr. Scott brought accounts to Crump does not appear to have any relevance to any of Defendants' defenses. Again, if you have contrary authority, we would like to see it. I would be happy to discuss any authority you bring to my attention.

# jackson|lewis
Attorneys at Law

Regarding RFP No. 39, you claim that "Cheryl Smith was a broker with Crump and has since left Crump to be employed by another competitive insurance wholesaler. Whether Crump is consistent in its claims is certainly relevant to this case. Moreover, these records will further prove that it is an accepted and common industry practice for retailers to move with brokers when they change employers. As such, this request goes directly to both the claims in this case and Defendants' defense." Again, we disagree. Any responsive changes of broker letters would appear irrelevant to whether McGrath and All Risks committed the alleged wrongdoing against Crump. If you have contrary authority, please let me know. Further, the mere existence of responsive changes of broker letters would not appear to have any relevance to showing that Crump is inconsistent. Even if it did, that would appear to be irrelevant to whether Defendants engaged in the alleged wrongdoing or to any of Defendants' defenses. If you have contrary authority, please let me know. Finally, whether there is an accepted and common industry practice as you posit above would appear irrelevant to whether Defendants engaged in the alleged wrongdoing or to any of Defendants' defenses. Again, if you have contrary authority, we would like to see it. I would be happy to discuss any authority you bring to my attention.

Regarding RFP No. 40, you appear to assert two reasons why you are purportedly entitled to the information you seek. First, you assert that the information would show the accepted and common industry practice that you posited regarding RFP No. 39. For the same reason as discussed above, the existence of such an industry practice appears irrelevant. Second, you assert that "[w]hether or not retailers have moved from All Risks to Crump" "speaks directly to Defendant's affirmative defense of unclean hands." We cannot understand how the existence of any change of broker letters naming Crump in place of All Risks supports your affirmative defense that Crump has unclean hands. If you have authority supporting your assertion, please bring it to our attention, which I would be happy to discuss.

Finally, please explain what discovery responses you are seeking verifications for and any authority in support of your demand.

**II.    Your fax sent at 5:09 p.m.**

Regarding your latter fax, we have not withheld any document that fits the description in Mr. Hargrove's testimony at 161:14-163:16. Therefore, there is no basis for a motion to compel.

I am available to review any authority you provide me and to discuss any of these issues Monday through Wednesday of next week.

Very truly yours,

JACKSON LEWIS LLP

Dylan B. Carp

# jackson | lewis

Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

**Jackson Lewis LLP**
199 Fremont Street
10th Floor
San Francisco, California 94105
Tel 415 394-9400
Fax 415 394-9401
www.jacksonlewis.com

| | | |
|---|---|---|
| ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
| LONG ISLAND, NY | PITTSBURGH, PA | |

# FAX

**To:** Kristen L. Williams, Esq.
**Company:** Curiale Dellaverson Hirschfeld & Kraemer
**Fax:** 415-834-0443          **Tel #:** 415-835-9000
**From:** Dylan B. Carp, Esq.
**Sender:** Bryana Schroder
**Subject:** Crump/McGrath
**Date:** June 20, 2008
**Client/Matter #:** 124452/1219
**Pages:** 3
**Original:** _____ Will Follow    __X__ Will Not Follow

**MESSAGE:**

**Please contact BRYANA SCHRODER (415-394-9400, Ext. 6312) if there are any problems with this transmission.**

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

# EXHIBIT O

**CURIALE**

**DELLAVERSON**

**HIRSCHFELD**

**& KRAEMER**

LLP

---

SAN FRANCISCO

727 SANSOME STREET

SAN FRANCISCO

CALIFORNIA

94111

TELEPHONE

(415) 835-9000

FAX

(415) 834-0443

---

LOS ANGELES

THE WATER GARDEN

2425 OLYMPIC BOULEVARD

SUITE 550 EAST TOWER

SANTA MONICA

CALIFORNIA

90404

TELEPHONE

(310) 255-0705

FAX

(310) 255-0986

---

RENO

5450 LONGLEY LANE

RENO

NEVADA

89511

TELEPHONE

(775) 826-7100

FAX

(775) 827-9256

---

E-MAIL

info@cdhklaw.com

WEB SITE

www.cdhklaw.com

June 24, 2008

KRISTEN L. WILLIAMS
Direct Dial: (415) 835-9051
kwilliams@cdhklaw.com

**VIA FACSIMILE (415) 394-9401 & U.S. MAIL**

Dylan B. Carp, Esq.
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105

      **Re:**    **Crump Insurance v. All Risks, Ltd. & Michael McGrath**

Dear Mr. Carp:

      This letter is in response to your June 20, 2008 letter as well as to address additional outstanding discovery issues related to Plaintiff's failure to produce all previously requested documents.

**Plaintiff's Responses to Defendant All Risks' Request for Production, Set Two**

      Pursuant to Federal Rules of Civil Procedure, Rule 26(b)(1), Defendants are entitled to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." In my letter of June 19, 2008, I articulated how Requests for Production Nos. 38, 39, and 40 are in fact relevant to the claims and/or defenses related to this matter. The fact that you disagree with how we intend to present this evidence at trial does not make it any less relevant to Plaintiff's claims or Defendants' defenses. Therefore, Defendants request that you provide us with the documents immediately or we will be forced to bring a motion to compel.

**Email Described By Mr. Hargrove And Other Documents Responsive to All Risks' Request for Production, Set One and Two**

      Defendants are concerned by your representation that the document described by Mr. Hargrove does not exist. (See Hargrove's rough deposition transcript, 161:14-163:16) Mr. Hargrove testified that McGrath's computer was reviewed after he left Crump and that Mr. Hargrove saw a specific reference to an e-mail exchange between Mr. McGrath and Ms. Marty about leaving Crump. If you continue to state that this e-mail no longer exists, there may be a concern on spoilation of evidence. At a minimum, if any such document appears at trial, we will immediately move for evidentiary sanctions. Further, now that Mr. Hargrove's testimony makes it clear that McGrath's computer was searched, we ask that Plaintiff again confirm that it has produced all documents responsive to the requests wherein it indicated that it would produce documents. Specifically,

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

*LLP*

Dylan B. Carp, Esq.
June 24, 2008
Page 2

Plaintiff has agreed to produce documents in response to the following Request for Production:

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS that support YOUR contention that "MCGRATH improperly and unlawfully misappropriated and used confidential information belonging to Crump ... [including]... the identity of persons, firms, and corporations which had become customers or accounts of Crump" as alleged in paragraph 23 of YOUR COMPLAINT.

### REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS that support YOUR contention that "the information used by MCGRATH also included the source with which the insurance was placed, as well as the names of customers, policy expiration dates, policy terms, conditions and rates and familiarity with the customers' risk, all of which were agreed constituted confidential information belonging to Crump" as alleged in paragraph 24 of YOUR COMPLAINT.

### REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS that support YOUR contention that "MCGRATH disclosed to his new employer , All Risks, the confidential information which belongs to Crump" as alleged in paragraph 26 of YOUR COMPLAINT.

### REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS that support YOUR contention that "MCGRATH breached the June 7, 1996 Memorandum of Agreement in that he improperly and unlawfully took for his own use, and the use of his new employer, All Risks, records, files and lists as well as other materials which had been furnished to him as a Crump employee" as alleged in paragraph 27 of YOUR COMPLAINT.

### REQUEST FOR PRODUCTION NO. 5:

All  DOCUMENTS that support YOUR contention that "MCGRATH obtained and has used electronic versions of confidential information of Crump" as alleged in paragraph 28 of YOUR COMPLAINT.

### REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS that support YOUR contention that "while still under the employ of Crump, Defendant MCGRATH engaged in business activities with were competitive with the work he performed at Crump, in violation of his obligations to Crump" as alleged in paragraph 29 of YOUR COMPLAINT.

### REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS that support YOUR contention that MCGRATH "solicited Crump employees to cease their employment relationship with Crump,

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

Dylan B. Carp, Esq.
June 24, 2008
Page 3

and instead commence employment with MCGRATH's new employer, All Risks"
as alleged in paragraph 30 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that MCGRATH "failed to provide timely notice of
his intent to terminate the [employment] relationship" with YOU as alleged in
paragraph 31 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support YOUR First Cause of Action: Breach of
Contract as alleged in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that support YOUR Second Cause of Action:
Misappropriation of Trade Secrets as alleged in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that support YOUR Third Cause of Action: Breach of
Fiduciary Duty as alleged in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that support YOUR Fourth Cause of Action:
Intentional Interference with Prospective Economic Advantage (Clients) as
alleged in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS that support YOUR Fifth Cause of Action: Negligent
Interference with Prospective Economic Advantage (Clients) as alleged in YOUR
COMPLAINT.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that support YOUR Sixth Cause of Action: Intentional
Interference with Prospective Economic Advantage (Employees) as alleged in
YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that support YOUR Seventh Cause of Action:
Negligent Interference with Prospective Economic Advantage (Employees) as
alleged in YOUR COMPLAINT.

CURIALE
DELLAVERSON
HIRSCHFELD
& KRAEMER
LLP

Dylan B. Carp, Esq.
June 24, 2008
Page 4

### REQUEST FOR PRODUCTION NO. 16:

All correspondence, notes, memoranda, recordings or other
DOCUMENTS that REFER or RELATE to any oral or written
COMMUNICATION between YOU and DEFENDANTS concerning the alleged
acts which are the subject of YOUR COMPLAINT.

### REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS signed or authored by individuals who purport to have
knowledge of some or all the facts alleged in YOUR COMPLAINT that REFER
or RELATE to any such facts.

### REQUEST FOR PRODUCTION NO. 19:

All notes, memoranda, recordings or other records of ANY statements
made by ANY person that REFER or RELATE to the facts alleged in YOUR
COMPLAINT.

### REQUEST FOR PRODUCTION NO. 20:

All handbooks, policy statements, guidelines and other DOCUMENTS
that REFER or RELATE to personnel policies, rules, codes, regulations,
practices, and procedures which YOU contend apply to the terms of
MCGRATH'S employment with YOU.

### REQUEST FOR PRODUCTION NO. 21:

All DOCUMENTS that REFER or RELATE to any damages, including
without limitation, any economic and non-economic damages YOU allege to have
suffered as a result of DEFENDANTS' conduct as alleged in YOUR
COMPLAINT.

### REQUEST FOR PRODUCTION NO. 22:

All DOCUMENTS that REFER or RELATE to MCGRATH'S resignation
of his employment with YOU.

### REQUEST FOR PRODUCTION NO. 23:

All DOCUMENTS that REFER or RELATE to any
COMMUNICATIONS between YOU and ANY of YOUR current or former
clients regarding MCGRATH that have occurred since MCGRATH'S resignation.

### REQUEST FOR PRODUCTION NO. 24:

All DOCUMENTS that REFER or RELATE to any confidential and/or
proprietary information that YOU allege DEFENDANTS have improperly or
unlawfully used or disseminated.

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

Dylan B. Carp, Esq.
June 24, 2008
Page 5

### REQUEST FOR PRODUCTION NO. 25:

All DOCUMENTS that REFER or RELATE to any confidential and/or proprietary information that YOU allege DEFENDANTS have improperly or unlawfully used or disclosed while soliciting business from any of YOUR clients.

### REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS that REFER or RELATE to any policies and procedures that YOU have implemented to protect against the dissemination of, and to maintain the confidentiality of, any information or documents which YOU allege constitute or contain YOUR confidential and/or proprietary information.

### REQUEST FOR PRODUCTION NO. 27:

All Contracts that YOU contend that DEFENDANTS intentionally interfered with.

### REQUEST FOR PRODUCTION NO. 33:

All DOCUMENTS that show, refer to or relate to MCGRATH accessing data from CRUMP to his home computer from April 2007 through MCGRATH's date of termination from employment with CRUMP.

### REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS that show, refer to or relate to MCGRATH downloading data from CRUMP to his home computer April 2007 through MCGRATH's date of termination from employment with CRUMP.

### REQUEST FOR PRODUCTION NO. 35:

All DOCUMENTS that show, refer to or relate to MCGRATH accessing the Windbroker system from April 2007 through MCGRATH's date of termination from employment with CRUMP.

### REQUEST FOR PRODUCTION NO. 36:

All DOCUMENTS that show, refer to or relate to Cyndi Marty accessing the Windbroker system from April 2007 through MCGRATH's date of termination from employment with CRUMP.

### REQUEST FOR PRODUCTION NO. 37:

All DOCUMENTS that show, refer to or relate to YOUR alleged loss of commissions that YOU attribute to DEFENDANTS.

Mr. Hargrove testified that a copy of McGrath's hard drive was made and examined by Crump. Defendant All Risks is entitled to McGrath's hard drive as Defendant's definition of computer in its Requests for Production includes

CURIALE
DELLAVERSON
HIRSCHFELD
& KRAEMER
LLP

Dylan B. Carp, Esq.
June 24, 2008
Page 6

"computer records, and other data compilations from which information can be obtained or translated..." Moreover, a copy of this hard drive should be produced as potentially responsive to Defendant's requests 1, 2, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 24, 25, 33, 34 and 35. Certainly, numerous documents were pulled off McGrath's hard drive. And though Mr. McDonough's testimony that he and various others accessed McGrath's computer certainly calls the integrity of these documents into question, Defendant is still entitled to these documents. In its response to these requests on March 11, 2008 and April 29, 2008, Plaintiff agreed to produce these documents. (See Plaintiff's Response to Defendant All Risks' Request for Production of Documents, Set One and Plaintiff's Response to Defendant All Risks' Request for Production of Documents, Set Two) The documents produced in response to these requests (C0001-165), however, certainly do not reflect all of these categories of documents.

Please provide us with responsive documents immediately or amend your responses to state that no such documents exists. Should you fail to provide us with documents that fall within these categories of documents and then attempt to present them at the time of trial or otherwise, we will seek evidentiary sanctions against you.

Finally, we are still waiting for the following items promised by Plaintiff: (1) Verifications to all discovery requests; (2) Broker of Record letters for all accounts Plaintiff alleges Crump wrongfully took from Plaintiff, as promised in your June 11th letter; (3) the names of clients Plaintiff alleges Crump wrongfully took from Plaintiff, as promised in your June 11th letter; and (4) the documents and reports prepared by Mr. Pixley during his review of McGrath's hard drive. We look forward to receiving these items as well as the items requested above immediately.

Given the impending deadline to file a motion to compel, please confirm that you will be produce the requested documents and amend your responses by the close of business tomorrow (as we are aware that your firm is closed for the remainder of the week). Alternatively, we would be willing to stipulate to a mutual extension of time to file motions to compel. Please let me know your thoughts.

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

Dylan B. Carp, Esq.
June 24, 2008
Page 7

Thank you for your attention to these matters.

Very truly yours,

*Kristen L. Williams*

Kristen L. Williams

KLW/pb

# Confirmation Report — Memory Send

Page         : 001
Date & Time: 24-06-08   03:26pm
Line 1       : +415 834 0443
Line 2       : +415 834 0443
Machine ID : CURIALE DELLAVERSON, et al.

Job number            :   670

Date                  :   24-06   03:24pm

To                    : ☎3949401

Number of pages       :   008

Start time            :   24-06   03:24pm

End time              :   24-06   03:26pm

Pages sent            :   008

Status                :   OK

Job number    : 670          *** SEND SUCCESSFUL ***

## CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

### FACSIMILE TRANSMITTAL SHEET

DATE:     June 24, 2008

TO:                          FAX NO.:              PHONE NO.:
Dylan B. Carp               (415) 394-9401        (415) 394-9400
JACKSON·LEWIS LLP

FROM:    Kristen L. Williams      PHONE:        (415) 835-9051
RE:    *Crump v. Michael P. McGrath and All Risks, Ltd.*

CLIENT/MATTER NUMBER:    60170.002

NUMBER OF PAGES WITH COVER PAGE:    8      Originals Will Not Follow in Regular Mail

MESSAGE:
    Please see attached letter.

CAUTION - CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THIS ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 - (415) 834-0443                          4839-1498-4194

# CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

## FACSIMILE TRANSMITTAL SHEET

**DATE:**    June 24, 2008

| | | |
|---|---|---|
| **TO:** | **FAX NO.:** | **PHONE NO.:** |
| Dylan B. Carp | (415) 394-9401 | (415) 394-9400 |
| JACKSON·LEWIS LLP | | |

**FROM:**    Kristen L. Williams          **PHONE:**          (415) 835-9051

**RE:**    *Crump v. Michael P. McGrath and All Risks, Ltd.*

**CLIENT/MATTER NUMBER:**    60170.002

**NUMBER OF PAGES WITH COVER PAGE:**    8          Originals Will Not Follow in Regular Mail

**MESSAGE:**

Please see attached letter.

## CAUTION - CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL
ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.**

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 • (415) 834-0443

4839-1498-4194

# EXHIBIT P

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

L L P


SAN FRANCISCO

727 SANSOME STREET

SAN FRANCISCO

CALIFORNIA

94111

TELEPHONE

(415) 835-9000

FAX

(415) 834-0443


LOS ANGELES

THE WATER GARDEN

2425 OLYMPIC BOULEVARD

SUITE 550 EAST TOWER

SANTA MONICA

CALIFORNIA

90404

TELEPHONE

(310) 255-0705

FAX

(310) 255-0986


RENO

5450 LONGLEY LANE

RENO

NEVADA

89511

TELEPHONE

(775) 826-7100

FAX

(775) 827-9256


E-MAIL

info@cdhklaw.com

WEB SITE

www.cdhklaw.com

June 25, 2008

KRISTEN L. WILLIAMS
Direct Dial: (415) 835-9051
kwilliams@cdhklaw.com

**VIA FACSIMILE (415) 394-9401 & U.S. MAIL**

Dylan B. Carp, Esq.
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

Re:    **Crump Insurance v. All Risks, Ltd. & Michael McGrath**

Dear Mr. Carp:

This letter is in response to your letter of this morning and also to make a final attempt to meet and confer on the outstanding items that we are requesting or else we will proceed with a motion to compel.

1.    **All Risks Request for Production, Set Three, Nos. 38, 39, 40:** Defendant has articulated its position on these requests in prior correspondence. As articulated in my detailed letters, we believe this information is relevant to the claims and defenses in this case and will seek to compel this information if you continue to refuse to produce it.

2.    **The lists created by Peter Scott at the request of Donna Rutter during Mr. Scott's first day of deposition (see 134:6-25 and 161:13-19):** Prior to Mr. Scott's original deposition, we had propounded document requests, including requests for documents identifying the business that Crump claims McGrath wrongfully took to All Risks. Further, Defendant's had requested all Broker of Record letters changing Crump to All Risks. No such documents were produced, thus Mr. Scott was asked about those items in his deposition. On Mr. Scott's second day of deposition, Mr. Scott testified that he had created the lists and provided them to his counsel. These lists are responsive to numerous Requests for Production, including Request for Production Nos. 1, 10, 13, 14, 19, 27. These documents were not included in your most recent production of documents, served yesterday. We request, yet again, that they are provided immediately.

3.    **McGrath's Hard drive:** As requested, I am providing you with the cites within Mr. Hargrove's deposition where he testified that McGrath's hard drive was search and documents were obtained from the search – see Hargrove Rough deposition, 161:14-163:16, 172:2-7). Although this is a rough transcript, Mr. Hargrove's testimony is clear that Crump did in fact search McGrath's hard

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

Dylan B. Carp, Esq.
June 25, 2008
Page 2

drive after he left Crump.  As articulated in my letter of June 24, 2008, we are entitled to a copy of McGrath's hard drive as well as all responsive documents obtained from his hard drive after he left Crump.  Please produce both McGrath's hard drive and the responsive documents immediately or we will file a motion to compel.

Again, because of the impending deadline for motions to compel and your firm's unavailability, please let me know by the close of business today whether you will be producing this information or whether you are agreeable to a mutual extension of time to file our respective motions to compel so that further meet and confer efforts can be made.

Very truly yours,

*Kristen L. Williams*

Kristen L. Williams

KLW/pb

# CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

## FACSIMILE TRANSMITTAL SHEET

**DATE:**    June 25, 2008

| | | |
|---|---|---|
| **TO:** | **FAX NO.:** | **PHONE NO.:** |
| Dylan B. Carp | (415) 394-9401 | (415) 394-9400 |
| JACKSON LEWIS LLP | | |

**FROM:**    Kristen L. Williams    **PHONE:**    (415) 835-9051

**RE:**    Crump v. Michael P. McGrath and All Risks, LTD

**CLIENT/MATTER NUMBER:**    60170.002

**NUMBER OF PAGES WITH COVER PAGE:**    3    Originals Will Not Follow in Regular Mail

**MESSAGE:**

Please see attached letter.

### CAUTION - CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL PATRICIA BROWN AT (415) 835-9032 AS SOON AS POSSIBLE.**

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 MCGRATH AND ALL RISKS-CRUMP - FAX TO DYLAN CARP.DOC

# Confirmation Report — Memory Send

```
Page        : 001
Date & Time: 25-06-08   12:56pm
Line 1      : +415 834 0443
Line 2      : +415 834 0443
Machine ID  : CURIALE DELLAVERSON, et al.
```

| | | |
|---|---|---|
| Job number | : | 677 |
| Date | : | 25-06   12:55pm |
| To | : | ☎3949401 |
| Number of pages | : | 003 |
| Start time | : | 25-06   12:55pm |
| End time | : | 25-06   12:56pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 677            **\*\*\* SEND SUCCESSFUL \*\*\***

## CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

### FACSIMILE TRANSMITTAL SHEET

DATE:      June 25, 2008

| TO: | FAX NO.: | PHONE NO.: |
|---|---|---|
| Dylan B. Carp | (415) 394-9401 | (415) 394-9400 |
| JACKSON LEWIS LLP | | |

FROM:   Kristen L. Williams        PHONE:       (415) 835-9051

RE:      Crump v. Michael P. McGrath and All Risks, LTD

CLIENT/MATTER NUMBER:   60170.002

NUMBER OF PAGES WITH COVER PAGE:   3      Originals Will Not Follow in Regular Mail

MESSAGE:
Please see attached letter.

### CAUTION - CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL PATRICIA BROWN AT (415) 835-9032 AS SOON AS POSSIBLE.**

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 · FAX (415) 834-0443   RISKS-CRUMP - FAX TO DYLAN CARP.DOC

# EXHIBIT Q



Representing Management Exclusively in Workplace Law and Related Litigation

**Jackson Lewis LLP**
**199 Fremont Street**
**10th Floor**
San Francisco, California 94105
Tel 415 394-9400
Fax 415 394-9401
www.jacksonlewis.com

ATLANTA, GA
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CLEVELAND, OH
DALLAS, TX
DENVER, CO
DETROIT, MI
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
LAS VEGAS, NV

LONG ISLAND, NY
LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW ORLEANS, LA
NEW YORK, NY
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PHOENIX, AZ
PITTSBURGH, PA

PORTLAND, OR
PROVIDENCE, RI
RALEIGH-DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

June 25, 2008

**VIA FACSIMILE**

Kristen L. Williams, Esq.
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA 94111

Re:    Crump Insurance Services, Inc. v. McGrath,
       N.D. Cal. Case No. C-07-4636 MMC

Dear Ms. Williams:

This responds to your fax dated June 24, 2008.

**I.    Plaintiff's responses to All Risks' RFP, Set Two.**

We have not expressed any disagreement with how you intend to present evidence at trial, as you assert. Instead, we explained that the information you seek is not relevant to any claims or defenses in this case. My offer is still open to discuss any authority (or even any coherent argument) you have establishing that the information you seek is relevant, but as I previously told you I am out of the office from Thursday, June 26 until Monday, July 7.

**II.    Mr. Hargrove's testimony about McGrath.**

You claim that "Mr. Hargrove testified that a copy of McGrath's hard drive was made and examined by Crump." I did not attend Mr. Hargrove's deposition, and I have not found any such testimony in his rough transcript, so please identify the page and line number where this testimony occurs.



**jackson | lewis**

Attorneys at Law

Thank you in advance for your prompt attention to these matters.

Very truly yours,

JACKSON LEWIS LLP

Dylan B. Carp

DBC/BCS

# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

**Jackson Lewis LLP**
199 Fremont Street
10th Floor
San Francisco, California 94105
Tel 415 394-9400
Fax 415 394-9401
www.jacksonlewis.com

| | | |
|---|---|---|
| ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
| LONG ISLAND, NY | PITTSBURGH, PA | |

# FAX

**To:** Kristen ~~Williams, Esq.~~

**Company:** Curiale ~~Dellaverson~~ ~~Hirschfeld & Kraemer~~

**Fax:** 415-83~~5-9001~~    415-835-9000

**From:** Dylan ~~B. Carp~~

**Sender:** Bryana ~~Schroder~~

**Subject:** ~~Crump~~

**Date:** June 2~~5~~

**Client/Matter #:** 12445~~2~~

**Pages:** 3

**Original:** _____ Will Follow   __X__ Will Not Follow

_Sorry_

**MESSAGE:**

---

**Please contact BRYANA SCHRODER (415-394-9400, Ext. 6312) if there are any problems with this transmission.**

---

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

# EXHIBIT R

Representing Management Exclusively in Workplace Law and Related Litigation

 **jackson | lewis**
Attorneys at Law

Jackson Lewis LLP
199 Fremont Street
10th Floor
San Francisco, California 94105
Tel 415 394-9400
Fax 415 394-9401
www.jacksonlewis.com

| | | |
|---|---|---|
| ATLANTA, GA | LONG ISLAND, NY | PORTLAND, OR |
| BIRMINGHAM, AL | LOS ANGELES, CA | PROVIDENCE, RI |
| BOSTON, MA | MIAMI, FL | RALEIGH-DURHAM, NC |
| CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| DALLAS, TX | NEW ORLEANS, LA | SAN FRANCISCO, CA |
| DENVER, CO | NEW YORK, NY | SEATTLE, WA |
| DETROIT, MI | ORANGE COUNTY, CA | STAMFORD, CT |
| GREENVILLE, SC | ORLANDO, FL | WASHINGTON, DC REGION |
| HARTFORD, CT | PHILADELPHIA, PA | WHITE PLAINS, NY |
| HOUSTON, TX | PHOENIX, AZ | |
| LAS VEGAS, NV | PITTSBURGH, PA | |

June 25, 2008

**VIA FACSIMILE**

Kristen L. Williams, Esq.
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA 9111

Re:   Crump Insurance Services, Inc. v. McGrath,
   N.D. Cal. Case No. C-07-4636 MMC

Dear Ms. Williams:

This responds to your fax received earlier today. Before we address your various points individually, please understand that *we have not withheld any responsive documents from production*, other than as identified in our privilege logs. Please also note that we have made a good faith effort to ascertain whether any additional responsive documents exist. We will serve amended responses indicating which categories, if any, did not contain any responsive documents.

**I.    Plaintiff's responses to All Risks' RFP, Set Two.**

We understand this portion of your fax as a rejection of our offer to discuss these requests, which is the only way it can be understood.

**II.    Mr. Hargrove's testimony about McGrath.**

You wrote, "As articulated in my letter of June 24, 2008, we are entitled to a copy of McGrath's hard drive as well as all responsive documents obtained from his hard drive after he left Crump."

Regarding your latter request, to the extent that any responsive documents have been obtained from McGrath's hard drive at Crump, they have been produced subject to Crump's privilege log, which was already served.

Regarding your former request, Crump did not image or copy McGrath's hard drive, so there is nothing to produce. On page 5 of your fax to me dated June 24, 2008, you claimed that "Mr. Hargrove testified that a copy of McGrath's hard drive was made and examined by Crump," and that All Risks "is entitled to McGrath's hard drive as Defendant's definition of computer in its Requests for Production includes 'computer records, and other data compilations from which information can be obtained or translated.'" In response to your fax, we asked you to identify the page and line number where this

06/25/2008 16:17 FAX  4153949401                                      ☑003/003

K. Williams, Esq.
June 25, 2008
Page 2



**jackson|lewis**

Attorneys at Law

alleged testimony occurs. We do not see anything in the pages and line numbers you cited in your fax of today that supports your claim. In any case, on page 172, you left off the portion of Mr. Hargrove's testimony where he states that he does not remember finding any responsive e-mails. (172:8-11.)

**III.    Lists created by Peter Scott.**

You claim that "On Mr. Scott's second day of deposition, Mr. Scott testified that he had created the lists and provided them to his counsel." While you did not cite a page or line number, Mr. Scott did prepare a list at the direction of counsel in advance of the mediation in this case, which is clearly protected by the attorney-client privilege and the work product doctrine and therefore will not be produced.

If you would like to discuss any of these matters, Mark Askanas and I are reachable by e-mail and can check phone messages Thursday and Friday, and Mark will be in the office Monday and Tuesday.

Very truly yours,

JACKSON LEWIS LLP

Dylan B. Carp

DBC/BCS

# jackson|lewis
**Attorneys at Law**

Representing Management Exclusively in Workplace Law and Related Litigation

| | | |
|---|---|---|
| **Jackson Lewis LLP** | ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| **199 Fremont Street** | BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| **10th Floor** | CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| **San Francisco, California 94105** | DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| **Tel 415 394-9400** | GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| **Fax 415 394-9401** | HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
| **www.jacksonlewis.com** | LONG ISLAND, NY | PITTSBURGH, PA | |

# FAX

| | |
|---|---|
| **To:** | Kristen L. Williams, Esq. |
| **Company:** | Curiale Dellaverson Hirschfeld & Kraemer |
| **Fax:** | 415-834-0443    **Tel #:** 415-835-9000 |
| **From:** | Dylan B. Carp, Esq. |
| **Sender:** | Bryana Schroder |
| **Subject:** | Crump/McGrath |
| **Date:** | June 25, 2008 |
| **Client/Matter #:** | 124452/1219 |
| **Pages:** | 3 |
| **Original:** | _____ Will Follow    __X__ Will Not Follow |

**MESSAGE:**

**Please contact BRYANA SCHRODER (415-394-9400, Ext. 6312) if there are any problems with this transmission.**

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.