# EXHIBIT A

ENDORSED
F I L E D
San Francisco County Superior Court

AUG 3 1 2007

GORDON PARK-LI  Clerk
BY___JUN P. RANELO____

CASE MANAGEMENT CONFERENCE SET

FEB 0 1 2008 -9:00 AM

DEPARTMENT 212

1  **FULBRIGHT & JAWORSKI L.L.P.**
   DOUGLAS W. STERN (BAR NO. 82973)
2  555 South Flower Street
   Forty-First Floor
3  Los Angeles, CA 90071
   Telephone: (213) 892-9200
4  Facsimile: (213) 892-9494

5  Attorneys for Plaintiff CRUMP INSURANCE
   SERVICES, INC. a Texas Corporation

6

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   COUNTY OF SAN FRANCISCO

11

12  CRUMP INSURANCE SERVICES, INC. a        ) Case No. **CGC-07-466804**
    Texas Corporation,
13                                          ) [Unlimited Civil Complaint]
                     Plaintiff,             )
14                                          ) Assigned For All Purposes To The
         v.                                 ) Honorable
15                                          )
    MICHAEL P. MCGRATH, an individual, ALL  ) **COMPLAINT FOR DAMAGES FOR:**
16  RISKS, LTD. a corporation, and Does 1 through )
    50, inclusive,                          ) **(1) BREACH OF CONTRACT;**
17                                          ) **(2) MISAPPROPRIATION OF**
                     Defendants.            ) **TRADE SECRETS;**
18                                          ) **(3) BREACH OF FIDUCIARY**
                                            ) **DUTY;**
19                                          ) **(4) INTENTIONAL**
                                            ) **INTERFERENCE WITH**
20                                          ) **PROSPECTIVE ECONOMIC**
                                            ) **ADVANTAGE (CLIENTS);**
21                                          ) **(5) NEGLIGENT INTERFERENCE**
                                            ) **WITH PROSPECTIVE ECONOMIC**
22                                          ) **ADVANTAGE (CLIENT);**
                                            ) **(6) INTENTIONAL**
23                                          ) **INTERFERENCE WITH**
                                            ) **PROSPECTIVE ADVANTAGE**
24                                          ) **(EMPLOYEES);**
                                            ) **(7) NEGLIGENT INTERFERENCE**
25                                          ) **WITH PROSPECTIVE ECONOMIC**
                                            ) **ADVANTAGE (EMPLOYEES)**
26                                          )
                                            )
27  _____)

28

31369348.3                    - 1 -

COMPLAINT

DOCUMENT PREPARED
IN RECYCLED PAPER

1   Plaintiff Crump Insurance Services, Inc., as successor to Crump E&S of San Francisco

2   Insurance Services, Inc. alleges as follows:

I.

**THE PARTIES**

1.   Plaintiff Crump Insurance Services, Inc. ("Crump") is a corporation organized and existing under the laws of the State of Texas, with its principle place of business located in Dallas, Texas.  Crump is the successor in interest to Crump E&S of San Francisco Insurance Services, Inc.  Plaintiff is engaged as an intermediary in the business of providing insurance to customers.

2.   At all times material hereto Plaintiff was qualified to do business in the State of California.

3.   Defendant Michael P. McGrath ("McGrath") is an individual residing in the State of California, City of Novato.

4.   Plaintiff is informed and believes, and on that basis alleges that Defendant All Risks, Ltd. ("All Risks") is a corporation believed to exist under the laws of the State of Maryland, with its principal place of business located in Hunt Valley, Maryland.  Defendant All Risks is a competitor of Plaintiff in the insurance business.

5.   Plaintiff is ignorant of the true names and capacities of those individuals and entities sued herein as Doe Defendants 1 through 50, inclusive.  Plaintiff will amend this Complaint to set forth their true names and capacities at such time as they are ascertained.

6.   Plaintiff is informed and believes, and on that basis alleges that those defendants sued herein as Does 1 through 50, inclusive, participated in the wrongs alleged herein, in various capacities and are liable to Plaintiff for the claims asserted herein.

II.

**BACKGROUND FACTS**

7.   On or about June 7, 1996, Defendant Michael P. McGrath entered into a written contract titled "Memorandum of Agreement" with Crump E&S of San Francisco Insurance Services, Inc.  Plaintiff Crump Insurance Services, Inc. is the successor in interest to Crump E&S

1  of San Francisco Insurance Services, Inc.  A true and correct copy of the Memorandum of

2  Agreement is attached hereto as Exhibit 1.

3        8.     Since the original Memorandum of Agreement was entered into in 1996, the

4  parties thereto have executed extensions of the Memorandum of Agreement.  On or about April

5  30, 2007, Plaintiff and McGrath executed the "Broker Compensation Agreement."  The Broker

6  Compensation Agreement, effective January 1, 2007, extended the terms of the Memorandum of

7  Agreement.

8        9.     Pursuant to the June 7, 1996 Memorandum of Agreement, McGrath agreed to a

9  number of terms which he has violated as alleged more particularly below.

10       10.    Pursuant to paragraph 10 of the June 7, 1996 Memorandum of Agreement,

11  McGrath agreed that in the course of his employment, he would obtain confidential information

12  belonging to Crump.  This information would relate to the persons, firms, and corporations which

13  were, or would become, customers of Crump.  Such confidential information would include, but

14  not be limited to, the names of customers, policy expirations dates, policy terms, conditions and

15  rates, and familiarity with customers' risks.  Defendant McGrath agreed that he would not

16  disclose or make use of such confidential information, except as was required in the course of his

17  employment.  He further agreed that upon termination of his employment, and for a period of one

18  year thereafter, he would not disclose or make use of such confidential information without the

19  prior written consent of Crump.

20       11.    Pursuant to paragraph 11 the June 7, 1996 of the Memorandum of Agreement,

21  McGrath agreed that all records, files, manuals, lists of customers, blanks, forms, materials,

22  supplies, computer programs and other materials furnished to him by Crump would remain the

23  property of Crump.  He further acknowledged that this property was confidential and not readily

24  accessible to Crump's competitors.  Upon termination of the employment relationship, McGrath

25  agreed that he would immediately deliver to Crump or its authorized representatives all such

26  property, including copies.

27       12.    Pursuant to paragraph 13 of the Memorandum of Agreement, McGrath agreed that

28  so long as he working for Crump, he would not engage in business activities competitive with the

1    work he performed for Crump.

2        13.    McGrath further agreed pursuant to paragraph 14 of the Memorandum of

3    Agreement, that he would not solicit employees of Crump for any other competitive company.

4        14.    McGrath also agreed pursuant to paragraph 16 of the Memorandum of Agreement

5    that he would provide 15 days prior written notice to Crump should he wish to terminate his

6    position as an employee of Crump.

7        15.    At some time prior to June 3, 2007, McGrath negotiated with Defendant All Risks

8    to cease being an employee of Plaintiff Crump and instead to become an employee of All Risks.

9    At some time prior to June 3, 2007, McGrath decided that he would terminate his employment

10   with Crump and begin employment with All Risks.

11       16.    Prior to June 3, 2007, Defendant McGrath decided that he would take advantage of

12   the proprietary information of Crump and use such information to the advantage of himself and

13   his new employer, All Risks.

14       17.    On or about May 31, 2007, after having decided that he would be leaving Plaintiff

15   Crump, and that he would be working for Defendant All Risks, Defendant McGrath, in violation

16   of the terms of this contract, and his obligations to Plaintiff, obtained information from Plaintiff

17   on expiration dates of policies, commissions, and customer renewal information.  This

18   information was proprietary and confidential and of significant economic value to Plaintiff, and

19   would similarly have significant economic value to Defendant All Risks.

20       18.    On or about June 3, 2007, without complying with the minimum 15 days written

21   notice provision set forth in the Memorandum of Agreement, paragraph 16, McGrath abruptly

22   notified Crump that he was terminating his employment with Crump and immediately

23   commencing employment with a competitor, Defendant All Risks.

24       19.    Since June 4, 2007, Defendant McGrath has been an employee of Defendant All

25   Risk and has engaged in the conduct alleged herein below.

26

27

28

## III.

## FIRST CAUSE OF ACTION

### [Breach of Contract – Against Defendant McGrath]

20.    Crump incorporates by reference herein the allegations of paragraph 1 through 19 above.

21.    Pursuant to the express terms of the June 7, 1996 Memorandum of Agreement, as renewed at various times through and including January 1, 2007, McGrath had agreed to those express obligations noted above in paragraphs 10 through 14 with respect to the utilization of confidential information belonging to Crump.

22.    Plaintiff is informed and believes, and on that basis alleges that McGrath breached a number of provisions of the June 7, 1996 Memorandum of Agreement, including but not limited to paragraph 10, paragraph 11, paragraph 13, paragraph 14, and paragraph 16 thereof.

23.    In particular, McGrath improperly and unlawfully misappropriated and used confidential information belonging to Crump.  Plaintiff is informed and believes, and on that basis alleges that that this information included the identity of persons, firms and corporations which had become customers or accounts of Crump.

24.    Plaintiff is informed and believes, and on that basis alleges that that the information used by McGrath also included the source with which the insurance was placed, as well as the names of customers, policy expiration dates, policy terms, conditions and rates and familiarity with the customers' risk, all of which were agreed constituted confidential information belonging to Crump.

25.    At no time did Crump give its written consent to McGrath to utilize any of the confidential information.

26.    Plaintiff is informed and believes, and on that basis alleges that McGrath disclosed to his new employer, All Risks, the confidential information which belonged to Crump.

27.    McGrath breached the June 7, 1996 Memorandum of Agreement in that he improperly and unlawfully took for his own use, and the use of his new employer, All Risks, records, files and lists as well as other materials which had been furnished to him as a Crump

OCUMENT PREPARED
IN RECYCLED PAPER

1  employee. Plaintiff is informed and believes, and on that basis alleges that that such information

2  included confidential information belonging to Crump.

3       28.    Plaintiff is informed and believes, and on that basis alleges that Defendant

4  McGrath obtained and has used electronic versions of confidential information of Crump.

5       29.    Plaintiff is informed and believes, and on that basis alleges that while still under

6  the employ of Crump, Defendant McGrath engaged in business activities which were competitive

7  with the work he performed at Crump, in violation of his obligations to Crump.

8       30.    Plaintiff is informed and believes, and on that basis alleges that while still an

9  employee of Crump, Defendant solicited Crump employees to cease their employment with

10 Crump, and instead commence employment with McGrath's new employer, All Risks.

11      31.    Notwithstanding the fact that McGrath had agreed that he would provide 15 days

12 prior written notice to Crump should he wish to terminate the June 7, 1996 Memorandum of

13 Agreement, Crump breached such provision and failed to provide timely written notice of his

14 intent to terminate the relationship.

15      32.    Plaintiff has performed each and every obligation imposed on it by the contract of

16 the parties in accordance with the terms thereof, except to the extent that such performance was

17 excused or prevented by the acts of defendant.

18      33.    Plaintiff has been damaged by the various breaches of contract of McGrath in an

19 amount which has not yet been ascertained. Plaintiff will seek leave of this Court to state the

20 amount of its damages at such time as they are ascertained.

21                                    IV.

22                        SECOND CAUSE OF ACTION

23                    [Misappropriation Of Trade Secrets –

24            Against Defendants McGrath, All Risks and Does 1-50.]

25      34.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

26 33 above.

27      35.    During the course of his employment, Defendant McGrath had access to, and was

28 provided various trade secrets which belonged to Plaintiff. These include, *inter alia*, client lists,

1  expiration lists, underlying client information, and information regarding co-employees.

2      36.    The information provided to Defendant McGrath was provided to him so that he

3  could perform his duties and obligations as an employee of Plaintiff. The information made

4  known to Defendant McGrath constituted trade secrets within the meaning of California Civil

5  Code Section 3426 *et seq.*

6      37.    The information made known to Defendant McGrath had independent economic

7  value and was not generally known to the public or to other persons who could obtain economic

8  value from its disclosure or use.

9      38.    At all times material hereto, Plaintiff took reasonable and appropriate efforts to

10  maintain the secrecy of its trade secrets.

11      39.    Plaintiff is informed and believes, and on that basis alleges Defendants McGrath,

12  All Risks and Does 1-50 made use of the trade secrets of Plaintiff. Further, Defendants All Risks

13  and Does 1-50 obtained economic benefit by the use of the Plaintiff's trade secret.

14      40.    Defendants have been unjustly enriched in that they have obtained the economic

15  value of the trade secrets of Plaintiff.

16      41.    Plaintiff is informed and believes, and on that basis alleges that Defendants actions

17  were willful and malicious in misappropriating the trade secrets of Plaintiff, such that exemplary

18  damages may be awarded pursuant to Civil Code Section 3426.3.

19      42.    Plaintiff has been damaged in an amount which is not presently known to Plaintiff.

20  Plaintiff will amend this Complaint to set forth the amount of damages it sustained at such time as

21  that amount is ascertained.

22                                  V.

23                       **THIRD CAUSE OF ACTION**

24              **[Breach Of Fiduciary Duty – Against Defendant McGrath]**

25      43.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

26  42 above.

27      44.    Defendant McGrath was a fiduciary of Plaintiff as a result of the position he held

28  and with respect to the information provided to him such as client lists, expiration lists,

1  underlying client information, and information relating to employees of Plaintiff.

2      45.    Defendant McGrath was obligated as a fiduciary to make use of the information

3  provided to him solely in performing his obligation to Plaintiff.

4      46.    Defendant McGrath breached his fiduciary duty to Plaintiff by, *inter alia*,

5  supplying to a competitor, All Risks, the information identified hereinabove, and making use of

6  that information to obtain form All Risk the benefits of that information and the business it

7  generated.

8      47.    Defendant McGrath breached his fiduciary duty to Plaintiff by using the

9  information relating to employees of Plaintiff in order to solicit such employees to leave Plaintiff

10  Crump and to join Defendant All Risks.

11     48.    As a result of the breach of fiduciary duty, Plaintiff has been damaged in an

12  amount not yet ascertained.  Plaintiff will amend this Complaint to set forth such amount when

13  the amount has been ascertained.

14     49.    The conduct of Defendant McGrath was undertaken with malice and oppression

15  with the desire to harm Plaintiff such that Plaintiff is entitled to the award of punitive damages

16  from Defendant McGrath.

17                                    **VI.**

18                        <u>**FOURTH CAUSE OF ACTION**</u>

19     **[Intentional Interference With Prospective Economic Advantage (Clients) – Against**

20              **Defendants McGrath and All Risks and Does 1-50]**

21     50.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22  49 above.

23     51.    Plaintiff has a prospective economic advantage with respect to those of its

24  customer known to McGrath, to whom Plaintiff had provided insurance services.

25     52.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

26  Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

27  advantage with respect to Plaintiff's clients who were known to Defendant McGrath.  This

28  prospective economic advantage was derived from, in part, the confidential information of

31369348.3                          - 8 -

DCUMENT PREPARED
N RECYCLED PAPER

1    Crump.

2        53.    Plaintiff had a reasonable expectation and likelihood that it would continue to

3    obtain the economic advantage arising from its preexisting relationships between Plaintiff and its

4    clients who were serviced or otherwise known to Defendant McGrath.  Absent the conduct of

5    Defendants alleged herein, the economic relationship would have continued.

6        54.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

7    Risks and Does 1-50 intended to interfere with that prospective economic advantage and did so

8    by making use of the confidential information provided to it by Defendant McGrath.

9        55.    The actions of Defendants actually caused the disruption of the economic

10    relationship between Plaintiff and some of its customers who were known to Defendant McGrath.

11        56.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

12    ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

13    damages are ascertained.

14        57.    The conduct of Defendant All Risks and Does 1-50 was undertaken with malice

15    and oppression with the desire to harm Plaintiff such that Plaintiff is entitled to the award of

16    punitive damages from Defendant All Risks.

17                                    VII.

18                        **FIFTH CAUSE OF ACTION**

19    **[Negligent Interference With Prospective Economic Advantage (Clients) – Against**

20            **Defendants McGrath and All Risks and Does 1-50]**

21        58.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22    49 above.

23        59.    Plaintiff has a prospective economic advantage with respect to those of its

24    customer known to McGrath, to whom Plaintiff had provided insurance services.

25        60.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

26    Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

27    advantage with respect to Plaintiff's clients who were known to Defendant McGrath.  This

28    prospective economic advantage was derived from, in part, the confidential information of

DCUMENT PREPARED
IN RECYCLED PAPER

1    Crump.

2         61.    Plaintiff had a reasonable expectation and likelihood that it would continue to

3    obtain the economic advantage arising from its preexisting relationships between Plaintiff and its

4    clients who were serviced or otherwise known to Defendant McGrath.  Absent the conduct of

5    Defendants alleged herein, the economic relationship would have continued.

6         62.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

7    Risks and Does 1-50 knew that if they did not act with reasonable care, their conduct would

8    interfere with the prospective economic advantage.

9         63.    Defendants did not act with due care, but instead acted negligently in that they did

10   not take appropriate steps to insure that Defendant McGrath did not misuse the proprietary

11   information of Crump by McGrath.

12        64.    The actions of Defendants actually caused the disruption of the economic

13   relationship between Plaintiff and some of its customers who were known to Defendant McGrath.

14        65.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

15   ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

16   damages are ascertained.

17                                    VIII.

18                           **SIXTH CAUSE OF ACTION**

19   **[Intentional Interference With Prospective Economic Advantage (Employees) – Against**

20                **Defendants McGrath and All Risks and Does 1-50]**

21        66.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22   49 above.

23        67.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

24   Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

25   advantage with respect to its employees who were known to Defendant McGrath.

26        68.    Plaintiff had a reasonable expectation and likelihood that it would continue to

27   obtain the economic benefits provided by those employees, arising from its preexisting

28   employment relationships.

1    69.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

2    Risks and Does 1-50 intended to interfere with that prospective economic relationship existing

3    with Plaintiff's employees, and did so by making use of the confidential information provided to

4    it by Defendant McGrath with regard to such employees.

5    70.    Plaintiff is informed and believes, and on that basis alleges that as a result of the

6    actions of Defendants, the employees were induced to terminate their employment with Plaintiff

7    and commence employment with Defendant All Risks.

8    71.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

9    ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

10   damages are ascertained.

11   72.    The conduct of Defendant All Risks and Does 1-50 was undertaken with malice

12   and oppression with the desire to harm Plaintiff such that Plaintiff is entitled to the award of

13   punitive damages from Defendant All Risks.

14                                    IX.

15                    **SEVENTH CAUSE OF ACTION**

16   **[Negligent Interference With Prospective Economic Advantage (Employees) – Against**

17              **Defendants McGrath and All Risks and Does 1-50]**

18   73.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

19   49 above.

20   74.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

21   Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

22   advantage with respect to its employees who were known to Defendant McGrath.

23   75.    Plaintiff had a reasonable expectation and likelihood that it would continue to

24   obtain the economic benefits provided by those employees, arising from its preexisting

25   employment relationships.

26   76.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

27   Risks and Does 1-50 knew that if they did not exercise due care, that their conduct would

28   interfere with that prospective economic relationship existing with Plaintiff's employees,

77.    Defendants acted negligently in that they did not take appropriate steps to insure that no improper use of Plaintiff's proprietary information about its employees was use in order to seek to induce such employees to terminate their relationship with Plaintiff. Instead, confidential information provided to Defendant All Risks by Defendant McGrath with regard to such employees was used.

78.    Plaintiff is informed and believes, and on that basis alleges that as a result of the actions of Defendants, the employees were induced to terminate their employment with Plaintiff and commence employment with Defendant All Risks.

79.    As a result of that conduct, Plaintiff has been damaged in an amount not yet ascertained. Plaintiff will seek leave to amend this Complaint at such time as the amount of damages are ascertained.

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For damages according to proof;

2.    For punitive damages;

3.    For appropriate injunctive relief preventing the use by Defendants of Plaintiffs proprietary information;

4.    For costs of suit herein;

5.    For such other and further relief as the Court deems just and proper.

Dated: August 30, 2007

FULBRIGHT & JAWORSKI L.L.P.
DOUGLAS W. STERN

By _____
   DOUGLAS W. STERN
   Attorneys for Plaintiff CRUMP INSURANCE
   SERVICES, INC.

DOCUMENT PREPARED
ON RECYCLED PAPER

# EXHIBIT 1

## MEMORANDUM OF AGREEMENT

MEMORANDUM OF AGREEMENT dated *June 7*, 1996 between Crump E&S of San Francisco Insurance Services, Inc., a California Corporation (hereinafter "Crump"), and Michael P. McGrath (hereinafter "Employee").

### INTRODUCTION

This Agreement is intended to set forth the terms and conditions of the employment relationship between Crump and Employee. This relationship is based on the agreement and understanding of the parties that Crump is the owner of the Crump Business relating to Crump Customers as these terms are used below, and that these customers comprise a substantial part of the goodwill of Crump. To protect the business and goodwill of Crump and the confidential information belonging to Crump, the parties have agreed to certain limitations on competition and disclosure of confidential information following termination of employment. Such limitations relate solely to Crump Business and Crump Customers, however, and are intended to permit Employee to remain in the insurance and brokerage business, if he so desires.

### AGREEMENTS

Crump and Employee agree as follows:

1.    **EMPLOYMENT COMPENSATION** - Crump agrees to employ Employee to solicit, place, and service property or casualty business, during the term of the Agreement and to pay Employee a base salary of $125,000 per year, with future adjustments in accordance with Crump base salary guidelines. Base salary shall be payable in accordance with Crump regular payroll procedures, and may be changed only by written agreement of the parties.

2.    **PERFORMANCE BY EMPLOYEE** - Employee agrees to devote his entire business time and effort to furtherance of the business of Crump and to perform faithfully to the best of his ability all assignments of work given to him by Crump.

3.    **TERM** - The term of this Agreement shall commence as of the date of this Agreement and shall continue through December 31, 1997, at which time this Agreement will be extended automatically to June 30, 1999, if the combined Net Retained Revenue of Robert Lindner, Employee, and Paul Farbstein ("the Team") exceeds $1,500,000 for the time period July 1, 1996, through December 31, 1997. "Net Retained Revenue" shall be defined as brokerage actually received by Crump, less any return brokerage. This Agreement is at all times subject to earlier termination in accordance with paragraph 7 below.

4.    **BONUS -**

     a.    Signing Bonus. Employee shall receive a one-time signing bonus of $75,000, payable with the first payroll check to be received by Employee. This signing bonus shall be subject to repayment on a pro-rata basis should Employee leave the employment of Crump at his own election, or for any circumstance outlined in paragraph 7 below, prior to July 1, 1999.

     b.    Annual Bonus. Employee shall participate in an annual bonus pool based on the Net Retained Revenue credited to the Team Employee's share of this annual bonus pool shall be determined each year by, and at the discretion of, Employee's immediate supervisor.

5.    **BENEFITS -** Employee shall be eligible to participate at the level of Vice President in any benefit plans and programs in effect from time to time and as amended by Crump, including annual leave entitlement established by Crump, including three weeks vacation which may be carried over from year to year.

6.    **EXPENSES -** Employee will receive reimbursement for all ordinary and necessary business expenses in accordance with Crump's management guide. Employee shall receive an annual automobile allowance of $6,000, payable in equal semi-monthly installments with the Employee's regular payroll check, and shall also be reimbursed for office parking fees.

7.    **TERMINATION -** The term of this Agreement shall be as stated in Paragraph 3. Term. unless terminated by:

     a.    Employee's death or disability (disability, for the purpose of this Agreement, means the inability of Employee due to illness, accident or other physical or mental incapacity, to perform the duties and services provided for hereunder) for a period of ninety (90) consecutive days; or

     b.    Discharge of Employee for cause, which, as used herein, shall mean if Employee: (i) violates any provision of this Agreement; (ii) performs any act which in the judgment of the Crump causes or has the potential to cause harm, injury or damage of any sort to Crump; or (iii) refuses or fails to carry out a resolution of the Board of Directors of Crump, other than for reasons of death or disability as previously described; or

     c.    Conviction of Employee of a misdemeanor or felony; or

     d.    Dereliction of duty, evidenced by an unexplained or unexcused failure of Employee to attend work for a period of ten (10) consecutive work days.

     In the event of termination of this Agreement for any of the reasons set forth in this Paragraph 7, Crump shall be responsible to pay or to provide Employee (or the Employee's lawfully designated beneficiary or to Employee's estate in the event of death) only those portions of any compensation, and/or other benefits due up to and including the effective date of termination of the Agreement, except for those benefits which survive termination pursuant to law.

Regardless of the reason, cause or occasion for termination, the provisions of Paragraph 8, 10, 11, 12, 13, and 14 shall survive the termination of employment and shall be and remain valid, binding and enforceable after termination.

8.      CRUMP BUSINESS - All business and fees including insurance, bond, risk management, self-insurance and other services (collectively, the "Crump Business"), produced or transacted through the efforts of Employee shall be the sole property of Crump Group, Inc. (Crump Group, Inc. and its subsidiary corporations and departments, are herein referred to as "Crump Group"). Employee shall have no right to share in any commission or fee resulting from the conduct of such business other than as compensation referred to in paragraphs 1 and 4.

9.      PREMIUMS AND COLLECTIONS - Premiums, commissions or fees on the Crump Group Business produced or transacted through the efforts of Employee shall be invoiced to the customer or account by one of the subsidiaries of Crump Group. All checks or bank drafts received by Employee from any customer or account shall be made payable to such company, and all premium, commissions or fees shall be collected by Employee in the name of and on behalf of such company.

10.     CONFIDENTIAL INFORMATION - Employee acknowledges that, in the course of and as a result of his employment hereunder, he will become acquainted with confidential information belonging to Crump Group. This information relates to persons, firms, and corporations which are or become customers or accounts of Crump Group during the term of the Agreement ("Crump Customers"), and sources with which insurance is placed, including but not limited to, the names of customers, policy expiration dates, policy terms, conditions, and rates, familiarity with customer's risks. Employee agrees that during his employment hereunder he will not, without the written consent of Crump, disclose or make any use of such confidential information except as may be required in the course of his employment hereunder. Employee further agrees that upon termination hereunder, and for a period of one year thereafter, he will not disclose or make any use of such confidential information without the prior written consent of Crump.

3



11.     **PROTECTION OF CRUMP PROPERTY** - All records, files, manuals, lists of customers, blanks, forms materials, supplies, computer programs, and other materials furnished to the Employee by Crump Group shall be and remain the property of Crump Group. Employee shall be deemed the bailee thereof for the use and benefit of Crump and shall safely keep and preserve such property, expect as consumed in the normal business operation of Crump Group. Employee acknowledges that this property is confidential and is not readily accessible to Crump's competitors. Upon termination of employment hereunder, the Employee shall immediately deliver to Crump or its authorized representative all such property, including all copies, remaining in the Employee's possession or control.

12.     **NONCOMPETITION FOR CERTAIN CRUMP CUSTOMERS** - Upon termination of Employee's employment hereunder, Employee agrees that for a period of two years following such termination he will not, without the written consent of Crump, directly or indirectly, solicit insurance wholesale brokerage business for any Account, either personally or in collaboration with others. As used in this Paragraph 12, "Account" shall refer to those insurance or policies that were either: (i) carried on the books of Crump or any subsidiary of Crump Group at any time during the twelve-month period prior to Employee's termination and with respect to which Employee personally performed service or employment duties during the twelve-month period prior to Employee's termination; or (ii) those potential accounts of Crump or any subsidiary of Crump Group, with regard to which Employee personally worked to obtain, secure or develop during the twelve-month period prior to Employee's termination. As used in this Paragraph 12, "insurance wholesale brokerage business", is limited to the lines of insurance coverage and other services that: (i) Crump or any subsidiary of Crump Group placed or provided for such Account during the twelve-month period prior to Employee's termination or (ii) with regard to which Employee had personally done any work during the twelve-month period prior to Employee's termination in connection with any attempt or anticipated attempt by Crump or any subsidiary of Crump Group to provide or place.

13.     **ORGANIZING COMPETITIVE BUSINESSES** - Employee agrees that so long as he is working for Crump he will not engage in business activity competitive with work he performs for Crump.

14.     **SOLICITING COMPANY EMPLOYEES** - Employee agrees that he will not, for a period of one year following termination of employment with Crump, solicit any of Crump Group employees to work for any other competitive company.

15.     **ENTIRE AGREEMENT, SEVERABILITY** - This Agreement sets forth the entire agreement between the Employee and Crump, and supersedes any and all prior agreements and understandings with respect to such employment. If any term of this Agreement is rendered invalid or unenforceable by judicial, legislative or administrative action, the remaining provisions hereof shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

16.     **VOLUNTARY TERMINATION BY EMPLOYEE** - This Agreement (other than paragraphs 10, 11, 12, 13, and 14 hereof) may be terminated by Employee upon fifteen (15) days prior written notice given to Crump, or by other written agreement signed by both parties.

4

17.  **INJUNCTIVE RELIEF** - This Agreement may be enforced by an injunction by any competent court enjoining and restraining any violation or threatened violation hereof without Crump being required to show any actual damage or to post any bond or other security.

18.  **NOTICES** - All notices and consents provided for herein and all legal process shall be validly given, made or served, it in writing and delivered personally or sent by United States certified or registered mail, postage pre-paid, return receipt requested,

        If to Employer:

                            Crump Insurance Services, Inc.
                            7557 Rambler Road, Suite 350
                            Dallas, Texas 75231-4163
                            ATTN:  Marcus Payne

        If to Employee:

                            Michael P. McGrath
                            552 Danby Court
                            Petaluma, California  94954

19.  **GOVERNING LAW** - This Agreement shall be construed in accordance with the laws of the State of California.

20.  **NO WAIVER** - No failure of Employee to exercise any right, power or privilege given to Crump under this Agreement or no failure to insist upon strict compliance by Employee with any agreement, covenant, warranty or other obligation under this Agreement or no custom or practice of the parties at variance with the terms hereof shall be construed as waiver or relinquishment of any right granted hereunder to Crump.  Waiver by Crump of any particular default by Employee shall not affect or impair Crump's right, power or privilege in respect to any subsequent default of the same or of a different nature, nor shall any delay or omission of Crump to exercise any right, power or privilege arising from such default affect or impair Crump's right, power or privilege as to such default or any subsequent default.

21.  **ASSIGNMENT** - This Agreement shall not be assignable by Employee, but may, with the prior consent of Employee, be assigned by Crump to any of the subsidiaries of Crump Group, Inc. and shall be binding upon and inure to the benefit of Crump's successors and assigns.

22.  **BINDING NATURE OF AGREEMENT** - This Agreement shall inure to the benefit of and be binding upon and enforceable against the heirs, legal representatives and assigns of Employee and the successors and assigns of Crump.

5

IN WITNESS WHEREOF, the parties hereto by their duly authorized representatives have executed this Agreement as of the date first above written.

CRUMP E&S OF SAN FRANCISCO
INSURANCE SERVICES, INC.

By: _____
Its:     Sr. Vice President

By: _____
     Michael P. McGrath

6

# EXHIBIT B

1              IN THE UNITED STATES DISTRICT COURT

2           FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                        ---oOo---

4

5    CRUMP INSURANCE SERVICES, INC.,

6                     Plaintiff,

7              vs.                    No. C-07-4636 MMC

8    MICHAEL P. McGRATH, an individual,
     ALL RISKS, LTD., a corporation,
9    and Does 1 through 50, inclusive,

10                    Defendants.

11   _____

12

13

14                  Deposition of

15               PETER QUINLAN SCOTT

16              Friday, April 4, 2008

17

18

19

20

21

22

23

24      REPORTED BY: JEANNETTE SAMOULIDES, CSR NO. 5254

25

                                                        **1**

179

| | | | |
|---|---|---|---|
| 03:35:48.0 | 1 | Q: | Were you given copies of -- when, for |
| 03:35:52.7 | 2 | | example, All Risks would file a Broker of Record |
| 03:35:55.2 | 3 | | letter, would you then be given a copy of that? |
| 03:35:58.8 | 4 | A: | In some cases. |
| 03:36:00.4 | 5 | Q: | Okay. So it's not a matter or ordinary |
| 03:36:02.8 | 6 | | course of business? |
| 03:36:05.2 | 7 | A: | Depends who the carrier is that you filed |
| 03:36:08.4 | 8 | | the Broker of Record letter with. In some cases they |
| 03:36:11.6 | 9 | | give it to you and in some cases they don't, but you |
| 03:36:15.5 | 10 | | can pick up the phone and ask them and they will tell |
| 03:36:18.3 | 11 | | you. |
| 03:36:19.8 | 12 | Q: | Okay. Have there been other brokers who |
| 03:36:23.6 | 13 | | have left Crump since you've been a manager there? |
| 03:36:27.7 | 14 | A: | Yes. |
| 03:36:28.1 | 15 | Q: | Okay. Do you recall the names of any of |
| 03:36:30.5 | 16 | | those individuals, those other brokers? |
| 03:36:34.0 | 17 | A: | Since I've been manager? |
| 03:36:35.4 | 18 | Q: | Correct. Well, let's -- yes. And that's |
| 03:36:38.8 | 19 | | been -- |
| 03:36:39.9 | 20 | A: | Cheryl Smith. |
| 03:36:41.4 | 21 | Q: | Do you know where Ms. Smith went to? |
| 03:36:48.4 | 22 | A: | AmWINS. |
| 03:36:50.0 | 23 | Q: | AmWINS? |
| 03:36:51.2 | 24 | A: | Yes. |
| 03:36:51.7 | 25 | Q: | Is that another wholesale -- |

180

| | | | |
|---|---|---|---|
| 03:36:54.1 | 1 | A: | Wholesale broker, yes. |
| 03:36:57.5 | 2 | Q: | Who else? |
| 03:36:59.7 | 3 | A: | Greg Franc. |
| 03:37:02.0 | 4 | Q: | Greg Franc? |
| 03:37:04.2 | 5 | A: | F-r-a-n-c. |
| 03:37:05.3 | 6 | Q: | Okay. And where did he go? |
| 03:37:07.5 | 7 | A: | He's no longer in the insurance industry. |
| 03:37:09.9 | 8 | Q: | Okay. Who else? |
| 03:37:14.4 | 9 | A: | Since I was manager, right? |
| 03:37:20.5 | 10 | Q: | Correct. |
| 03:37:21.8 | 11 | A: | I think that's it. Oh, excuse me, Mike |
| 03:37:25.6 | 12 | | McGrath and Cyndi Marty. |
| 03:37:27.8 | 13 | Q: | And when did Miss Smith leave? |
| 03:37:33.6 | 14 | A: | In March. |
| 03:37:36.0 | 15 | Q: | March of this year? |
| 03:37:38.2 | 16 | A: | Yes. |
| 03:37:39.9 | 17 | Q: | Okay. So the only other brokers besides |
| 03:37:43.8 | 18 | | Miss McGrath -- Mr. McGrath or Ms. Marty that have |
| 03:37:49.5 | 19 | | left and gone to another wholesale broker is Cheryl |
| 03:37:53.1 | 20 | | Smith? |
| 03:37:53.8 | 21 | A: | I believe so. I could have been the |
| 03:37:55.9 | 22 | | manager at the time that Dan Chilimidos left. I'm |
| 03:38:02.2 | 23 | | not positive to that effect. |
| 03:38:03.9 | 24 | Q: | And do you know where he went? |
| 03:38:06.3 | 25 | A: | Firm called ECM. |

## DEPOSITION OF PETER QUINLAN SCOTT

1    I, the undersigned, a Certified Shorthand

2 Reporter in the State of California, hereby certify

3 that the witness (if applicable) in the foregoing

4 deposition was by me duly sworn to testify to the

5 truth, the whole truth, and nothing but the truth in

6 the within-entitled cause; that said proceeding was

7 taken at the time and place therein stated; that the

8 testimony of said witness was reported by me, a

9 disinterested person, and was thereafter transcribed

10 under my direction into typewriting; that the

11 foregoing is a full, complete, and true record of the

12 said testimony; and that the witness (if applicable)

13 was informed of his/her opportunity to read and, if

14 necessary, correct said deposition and to subscribe

15 the same.

16    I further certify that I am not of counsel

17 or attorney for either or any of the parties in the

18 foregoing proceedings and caption named, or in any

19 way interested in the outcome of the cause named in

20 said caption.

21

22    Date: April 16, 2008

23

24

25    JEANNETTE SAMOULIDES, CSR #5254

**203**

# EXHIBIT C

1   STEPHEN J. HIRSCHFELD (SBN 118068)
    DONNA M. RUTTER (SBN 145704)
2   KRISTEN L. WILLIAMS (SBN 232644)
    CURIALE DELLAVERSON HIRSCHFELD
3     & KRAEMER, LLP
    727 Sansome Street
4   San Francisco, CA 94111
    Telephone: (415) 835-9000
5   Facsimile: (415) 834-0443

6   Attorneys for Defendants
    MICHAEL P. MCGRATH and
7   ALL RISKS, LTD.

8                    UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT

10

11  CRUMP INSURANCE SERVICES, INC.          Case No.  C 07 4636
    a corporation and DOES 1-50, inclusive,
12                                          DEFENDANT ALL RISKS, LTD'S
                                            REQUEST FOR PRODUCTION OF
13                Plaintiff,                 DOCUMENTS TO PLAINTIFF CRUMP
                                            INSURANCE SERVICES, INC.
14  vs.

15  MICHAEL P. MCGRATH, an individual,
    ALL RISKS, LTD., a corporation, and
16  Does 1 through 50, inclusive

17               Defendants.

18

19  **PROPOUNDING:**              **ALL RISKS, LTD**

20  **RESPONDING PARTY:**         **CRUMP INSURANCE SERVICES, INC.**

21          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant hereby makes the

22  request contained herein below and requires a written response within thirty (30) days after

23  service of this Request for Production of Documents.  These requests shall be continuing to the

24  time of trial, in that any documents not originally produced should be produced if additional or

25  different information becomes known to Plaintiff.

26                      INSTRUCTIONS AND DEFINITIONS

27          a.      Pursuant to Fed. R. Civ. P. 34(a), you are required to produce all requested

28

                                        1

1    DOCUMENTS that are within your possession, custody or control.

2        b.    Please produce only one copy of each document requested.  However, if you are in

3    possession, custody or control or any non-identical copies of any document (*e.g.*, if a document

4    contains revisions, handwritten notes, or highlighted information), please produce the document

5    and all non-identical copies of said document.

6        c.    The term "DOCUMENTS" includes writings, drawings, graphs, charts,

7    photographs, recordings, computer records, and other data compilations from which information

8    can be obtained or translated, if necessary, into a reasonably usable from, including but not

9    limited to the following:  letters; reports; e-mails; agreements; intra-company communications;

10    correspondence; telegrams; memoranda; summaries or records of conversations; diaries;

11    forecasts; audio and/or video recordings; models; statistical statements; minutes or records of

12    meetings or conferences; expressions or statements of policy; lists of persons attending meetings

13    or conferences; reports and/or summaries of summaries of negotiations; brochures; pamphlets;

14    advertisements; circulars; trade letters; press releases; invoices; receipts; contracts; notes;

15    calendars; date books; messages; letters of credit; financial statements; promissory notes; security

16    agreements; deeds of trust; instruments reporting to grant or evidence of any security, interest of

17    lien; loan agreements; pass books; credit and debit memoranda; and/or canceled checks and

18    drafts.

19        d.    "COMPLAINT" refers to the Complaint for Damages filed by Crump Insurance

20    Services, Inc. against Michael P. McGrath and All Risks, Ltd. on August 31, 2007, originally in

21    the San Francisco Superior Court.

22        e.    "MCGRATH" refers to Defendant Michael P. McGrath.

23        f.    "DEFENDANTS" refers to Defendants MCGRATH and All Risks, Ltd.

24        g.    "PLAINTIFF," "YOU" or "YOUR" refers to Plaintiff Crump Insurance Services,

25    Inc.

26        h.    REFER" or "RELATE" or any variants thereof means mentioning, discussing,

27    describing, referring to, supporting, reflecting, memorializing, consisting of or involving a

28    transaction or course of dealing with or about the allegation, event, incident or person so

2

1    described.

2          i.      If you withhold information otherwise discoverable under the Federal Rules of

3    Civil Procedure on the basis that the information is privileged or subject to protection as trial

4    preparation material, you must state the basis of your refusal expressly and must describe the

5    nature of the information or things not produced or disclosed in a manner that will enable

6    Plaintiff's counsel to assess the applicability of the privilege or protection, without revealing the

7    information which its itself privileged or protected.

8          j.      Please produce the documents requested below for inspection and copying at the

9    law offices of Curiale Dellaverson Hirschfeld & Kraemer, LLP, 727 Sansome Street, San

10   Francisco, CA  94111, with such inspection continuing until completed.

11

12   **REQUEST FOR PRODUCTION NO.  1:**

13        All DOCUMENTS that support YOUR contention that "MCGRATH improperly and

14   unlawfully misappropriated and used confidential information belonging to Crump …

15   [including]… the identity of persons, firms, and corporations which had become customers or

16   accounts of Crump" as alleged in paragraph 23 of YOUR COMPLAINT.

17   **REQUEST FOR PRODUCTION NO.  2:**

18        All DOCUMENTS that support YOUR contention that "the information used by

19   MCGRATH also included the source with which the insurance was placed, as well as the names

20   of customers, policy expiration dates, policy terms, conditions and rates and familiarity with the

21   customers' risk, all of which were agreed constituted confidential information belonging to

22   Crump" as alleged in paragraph 24 of YOUR COMPLAINT.

23   **REQUEST FOR PRODUCTION NO.  3:**

24        All DOCUMENTS that support YOUR contention that "MCGRATH disclosed to his new

25   employer , All Risks, the confidential information which belongs to Crump" as alleged in

26   paragraph 26 of YOUR COMPLAINT.

27   **REQUEST FOR PRODUCTION NO.  4:**

28        All DOCUMENTS that support YOUR contention that "MCGRATH breached the June 7,

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

1   1996 Memorandum of Agreement in that he improperly and unlawfully took for his own use, and

2   the use of his new employer, All Risks, records, files and lists as well as other materials which

3   had been furnished to him as a Crump employee" as alleged in paragraph 27 of YOUR

4   COMPLAINT.

5   **REQUEST FOR PRODUCTION NO. 5:**

6       All  DOCUMENTS that support YOUR contention that "MCGRATH obtained and has

7   used electronic versions of confidential information of Crump" as alleged in paragraph 28 of

8   YOUR COMPLAINT.

9   **REQUEST FOR PRODUCTION NO. 6:**

10       All DOCUMENTS that support YOUR contention that "while still under the employ of

11   Crump, Defendant MCGRATH engaged in business activities with were competitive with the

12   work he performed at Crump, in violation of his obligations to Crump" as alleged in paragraph 29

13   of YOUR COMPLAINT.

14   **REQUEST FOR PRODUCTION NO. 7:**

15       All DOCUMENTS that support YOUR contention that MCGRATH "solicited Crump

16   employees to cease their employment relationship with Crump, and instead commence

17   employment with MCGRATH's new employer, All Risks" as alleged in paragraph 30 of YOUR

18   COMPLAINT.

19   **REQUEST FOR PRODUCTION NO. 8:**

20       All DOCUMENTS that MCGRATH "failed to provide timely notice of his intent to

21   terminate the [employment] relationship" with YOU as alleged in paragraph 31 of YOUR

22   COMPLAINT.

23   **REQUEST FOR PRODUCTION NO. 9:**

24       All DOCUMENTS that support YOUR contention that "Plaintiff has performed each and

25   every obligation imposed on it by the contract of the parties in accordance with the terms thereof,

26   except to the extent that such performance was excused or prevented by the acts of defendant" as

27   alleged in paragraph 32 of YOUR COMPLAINT.

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF; CASE NO.:  C 07 4636

1  **REQUEST FOR PRODUCTION NO. 10:**

2      All DOCUMENTS that support YOUR First Cause of Action: Breach of Contract as

3  alleged in YOUR COMPLAINT.

4  **REQUEST FOR PRODUCTION NO. 11:**

5      All DOCUMENTS that support YOUR Second Cause of Action: Misappropriation of

6  Trade Secrets as alleged in YOUR COMPLAINT.

7  **REQUEST FOR PRODUCTION NO. 12:**

8      All DOCUMENTS that support YOUR Third Cause of Action: Breach of Fiduciary Duty

9  as alleged in YOUR COMPLAINT.

10  **REQUEST FOR PRODUCTION NO. 13:**

11      All DOCUMENTS that support YOUR Fourth Cause of Action: Intentional Interference

12  with Prospective Economic Advantage (Clients) as alleged in YOUR COMPLAINT.

13  **REQUEST FOR PRODUCTION NO. 14:**

14      All DOCUMENTS that support YOUR Fifth Cause of Action: Negligent Interference

15  with Prospective Economic Advantage (Clients) as alleged in YOUR COMPLAINT.

16  **REQUEST FOR PRODUCTION NO. 15:**

17      All DOCUMENTS that support YOUR Sixth Cause of Action: Intentional Interference

18  with Prospective Economic Advantage (Employees) as alleged in YOUR COMPLAINT.

19  **REQUEST FOR PRODUCTION NO. 16:**

20      All DOCUMENTS that support YOUR Seventh Cause of Action: Negligent Interference

21  with Prospective Economic Advantage (Employees) as alleged in YOUR COMPLAINT.

22  **REQUEST FOR PRODUCTION NO. 17:**

23      All correspondence, notes, memoranda, recordings or other DOCUMENTS that REFER

24  or RELATE to any oral or written COMMUNICATION between YOU and DEFENDANTS

25  concerning the alleged acts which are the subject of YOUR COMPLAINT.

26  **REQUEST FOR PRODUCTION NO. 18:**

27      All DOCUMENTS signed or authored by individuals who purport to have knowledge of

28  some or all the facts alleged in YOUR COMPLAINT that REFER or RELATE to any such facts.

5

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **REQUEST FOR PRODUCTION NO. 19:**

2      All notes, memoranda, recordings or other records of ANY statements made by ANY

3  person that REFER or RELATE to the facts alleged in YOUR COMPLAINT.

4  **REQUEST FOR PRODUCTION NO. 20:**

5      All handbooks, policy statements, guidelines and other DOCUMENTS that REFER or

6  RELATE to personnel policies, rules, codes, regulations, practices, and procedures which YOU

7  contend apply to the terms of MCGRATH'S employment with YOU.

8  **REQUEST FOR PRODUCTION NO. 21:**

9      All DOCUMENTS that REFER or RELATE to any damages, including without

10 limitation, any economic and non-economic damages YOU allege to have suffered as a result of

11 DEFENDANTS' conduct as alleged in YOUR COMPLAINT.

12 **REQUEST FOR PRODUCTION NO. 22:**

13     All DOCUMENTS that REFER or RELATE to MCGRATH'S resignation of his

14 employment with YOU.

15 **REQUEST FOR PRODUCTION NO. 23:**

16     All DOCUMENTS that REFER or RELATE to any COMMUNICATIONS between YOU

17 and ANY of YOUR current or former clients regarding MCGRATH that have occurred since

18 MCGRATH'S resignation.

19 **REQUEST FOR PRODUCTION NO. 24:**

20     All DOCUMENTS that REFER or RELATE to any confidential and/or proprietary

21 information that YOU allege DEFENDANTS have improperly or unlawfully used or

22 disseminated.

23 **REQUEST FOR PRODUCTION NO. 25:**

24     All DOCUMENTS that REFER or RELATE to any confidential and/or proprietary

25 information that YOU allege DEFENDANTS have improperly or unlawfully used or disclosed

26 while soliciting business from any of YOUR clients.

27 ///

28 ///

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF; CASE NO.: C 07 4636

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS that REFER or RELATE to any policies and procedures that YOU have implemented to protect against the dissemination of, and to maintain the confidentiality of, any information or documents which YOU allege constitute or contain YOUR confidential and/or proprietary information.

**REQUEST FOR PRODUCTION NO. 27:**

All Contracts that YOU contend that DEFENDANTS intentionally interfered with.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS that REFER or RELATE to the names of clients that MCGRATH worked on while at employed with YOU.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS that REFER or RELATE to the names of YOUR clients during the period of January 1, 2007 through September 1, 2007.

Dated:  January 22, 2008

CURIALE DELLAVERSON HIRSCHFELD
& KRAEMER, LLP

By: _Kristen L. Williams_

Stephen J. Hirschfeld
Donna M. Rutter
Kristen L. Williams

Attorneys for Defendants
MICHAEL P. MCGRATH and
ALL RISKS, LTD.

7

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am a resident of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On January 22, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT ALL RISKS, LTD'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF CRUMP INSURANCE SERVICES, INC.**

☐    by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒    by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On January 22, 2008, I caused to be served via messenger the above-listed documents.

☐    By placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☒    **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Douglas W. Stern
Fulbright & Jaworski, LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
Tel: (213) 892-9200
Fax: (213) 892-9494

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

        I declare under penalty of perjury under the laws of the United States that the foregoing is
2   true and correct, and that I am employed by an officer of a member of the bar of this Court at
    whose direction the service was made.  Executed on January 22, 2008 at San Francisco,
3   California.

4                                                    _____
                                                              Angelique Pierre
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

# EXHIBIT D

1  DOUGLAS W. STERN (BAR NO. 82973)
   **FULBRIGHT & JAWORSKI L.L.P.**
2  555 South Flower Street
   Forty-First Floor
3  Los Angeles, CA 90071
   Telephone: (213) 892-9200
4  Facsimile: (213) 892-9494                    RECEIVED MAR 1 3 2008
   Email: dstern@fulbright.com
5
   Attorneys for Plaintiff CRUMP INSURANCE
6  SERVICES, INC.

7

8                IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CRUMP INSURANCE SERVICES, INC.,       )   Civil Action No. C-07-4636 MMC
                                          )
12              Plaintiff,                )   **PLAINTIFF CRUMP INSURANCE**
                                          )   **SERVICES, INC.'S RESPONSE TO**
13      v.                                )   **DEFENDANT ALL RISKS, LTD'S**
                                          )   **REQUEST FOR PRODUCTION OF**
14  MICHAEL P. MCGRATH, an individual, ALL )  **DOCUMENTS**
    RISKS, LTD., a corporation, and Does 1 through )
15  50, inclusive,                        )
                                          )
16              Defendants.               )
                                          )
17                                        )

18

19  PROPOUNDING:        ALL RISKS, LTD.

20  RESPONDING:         CRUMP INSURANCE SERVICES, INC.

21       Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Crump Insurance Services, Inc.

22  ("Crump") hereby responds and objects to Defendant All Risks, Ltd.'s Request for Production of

23  Documents ("Request").

24         **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

25       The following comments and objections apply to each of the requests set forth in the

26  Request.

27

28

1.   Crump reserves the right to amend its responses, its objections, or to assert subsequently discovered facts.

2.   Crump has previously requested documents from Defendant, which Defendant has not yet produced.

3.   Crump objects to the Request to the extent that it purports to require the disclosure of confidential communications subject to the attorney-client privilege, or the disclosure of documents protected by the work product doctrine.

4.   Crump objects to the Request to the extent that it purports to require the disclosure of confidential information and information which is proprietary in nature and thereby protected from disclosure, including private information relating to third parties.

5.   Crump objects to the Request to the extent that it requests Crump to provide documents that are not in the possession, custody, or control of Crump.

6.   Crump objects to the Request in that it does not assign a date and time for the documents to be produced as required by Rule 34 of the Federal Rules of Civil Procedure.

7.   Each and every response and objection to each specific request set forth hereinafter shall be deemed specifically to incorporate the foregoing Preliminary Statement and General Objections.  Moreover, where a response to a specific request expressly refers to a response to an earlier request, that earlier request shall be deemed to have been fully incorporated by reference as if the same had been set forth at length therein.

## RESPONSES TO DOCUMENT REQUESTS

Subject to and without waiving the Preliminary Statement and General Objections set forth above, Crump hereby responds and objects to the requests for production contained in the Request as follows:

1  **REQUEST FOR PRODUCTION NO. 1:**

2      All DOCUMENTS that support YOUR contention that "MCGRATH improperly and

3  unlawfully misappropriated and used confidential information belonging to Crump [including]..,

4  the identity of persons, firms, and corporations which had become customers or accounts of

5  Crump" as alleged in paragraph 23 of YOUR COMPLAINT.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

7      Crump objects to this request to the extent that this request seeks documents which are

8  confidential and/or proprietary in nature, including information relating to third parties.  Crump

9  objects to the extent that this request seeks documents protected by the attorney-client privilege

10  and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump

11  responds as follows: Crump will produce any non-privileged responsive documents within its

12  custody, control, or possession.

13  **REQUEST FOR PRODUCTION NO. 2:**

14      All DOCUMENTS that support YOUR contention that "the information used by

15  MCGRATH also included the source with which the insurance was placed, as well as the names

16  of customers, policy expiration dates, policy terms, conditions and rates and familiarity with the

17  customers' risk, all of which were agreed constituted confidential information belonging to

18  Crump" as alleged in paragraph 24 of YOUR COMPLAINT.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20      Crump objects to this request to the extent that this request seeks documents which are

21  confidential and/or proprietary in nature, including information relating to third parties.  Crump

22  objects to the extent that this request seeks documents protected by the attorney-client privilege

23  and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump

24  responds as follows: Crump will produce any non-privileged responsive documents within its

25  custody, control, or possession.  Crump believes that there are additional documents in the

26  possession of the Defendants which they have failed to produce.

27

28

1  **REQUEST FOR PRODUCTION NO. 3:**

2      All DOCUMENTS that support YOUR contention that "MCGRATH disclosed to his new

3  employer, All Risks, the confidential information which belongs to Crump" as alleged in

4  paragraph 26 of YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

6      Crump objects to this request to the extent that this request seeks documents which are

7  confidential and/or proprietary in nature, including information relating to third parties. Crump

8  objects to the extent that this request seeks documents protected by the attorney-client privilege

9  and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump

10  responds as follows: Crump will produce any non-privileged responsive documents within its

11  custody, control, or possession. Crump believes that there are additional documents in the

12  possession of the Defendants which they have failed to produce.

13  **REQUEST FOR PRODUCTION NO. 4:**

14      All DOCUMENTS that support YOUR contention that "MCGRATH breached the June 7,

15  1996 Memorandum of Agreement in that he improperly and unlawfully took for his own use, and

16  the use of his new employer, All Risks, records, files and lists as well as other materials which

17  had been furnished to him as a Crump employee" as alleged in paragraph 27 of YOUR

18  COMPLAINT.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

20      Crump objects to this request to the extent that this request seeks documents which are

21  confidential and/or proprietary in nature, including information relating to third parties. Crump

22  objects to the extent that this request seeks documents protected by the attorney-client privilege

23  and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump

24  responds as follows: Crump has already disclosed documents relating to this request, and to the

25  extent that other such documents exist, Crump will produce any non-privileged responsive

26  documents within its custody, control, or possession. Crump believes that there are additional

27  documents in the possession of the Defendants which they have failed to produce.

28

1  **REQUEST FOR PRODUCTION NO. 5:**

2      All DOCUMENTS that support YOUR contention that "MCGRATH obtained and has

3  used electronic versions of confidential information of Crump" as alleged in paragraph 28 of

4  YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

6      Crump objects to this request because Defendant has prevented Crump from gaining

7  access to such information. Crump objects to this request to the extent that this request seeks

8  documents which are confidential and/or proprietary in nature, including information relating to

9  third parties.  Crump objects to the extent that this request seeks documents protected by the

10 attorney-client privilege and/or work product doctrine.  Subject to and without waiving the

11 foregoing objections, Crump responds as follows: Crump will produce any non-privileged

12 responsive documents within its custody, control, or possession.  Crump believes that there are

13 additional documents in the possession of the Defendants which they have failed to produce, such

14 as Michael McGrath's computer, which Defendants have prevented Crump from accessing as

15 requested.

16 **REQUEST FOR PRODUCTION NO. 6:**

17     All DOCUMENTS that support YOUR contention that "while still under the employ of

18 Crump, Defendant MCGRATH engaged in business activities which were competitive with the

19 work he performed at Crump, in violation of his obligations to Crump" as alleged in paragraph 29

20 of YOUR COMPLAINT.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

22     Crump objects to this request to the extent that this request seeks documents which are

23 confidential and/or proprietary in nature, including information relating to third parties.  Crump

24 objects to the extent that this request seeks documents protected by the attorney-client privilege

25 and/or work product doctrine.  Subject to and without waiving the foregoing objections, Crump

26 responds as follows: Crump will produce any non-privileged responsive documents within its

27 custody, control, or possession.  Crump believes that there are additional documents in the

28 possession of the Defendants which they have failed to produce.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that support YOUR contention that MCGRATH "solicited Crump employees to cease their employment relationship with Crump, and instead commence employment with MCGRATH's new employer, All Risks" as alleged in paragraph 30 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including information relating to third parties. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its custody, control, or possession. Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS that MCGRATH "failed to provide timely notice of his intent to terminate the [employment] relationship" with YOU as alleged in paragraph 31 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Crump will produce any non-privileged responsive documents within its custody, control, or possession.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that support YOUR contention that "Plaintiff has performed each and every obligation imposed on it by the contract of the parties in accordance with the terms thereof, except to the extent that such performance was excused or prevented by the acts of defendant" as alleged in paragraph 32 of YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Crump objects to this request as it is overbroad and unintelligible. There is no assertion that Crump has failed to perform its contractual obligations, and such a request would amount to

1   asking Crump to provide information to prove the unknown.  Crump objects to this request to the

2   extent that this request seeks documents which are confidential and/or proprietary in nature,

3   including information relating to third parties.  Crump objects to the extent that this request seeks

4   documents protected by the attorney-client privilege and/or work product doctrine.  Crump shall

5   not produce any such documents.

6   **REQUEST FOR PRODUCTION NO. 10:**

7        All DOCUMENTS that support YOUR First Cause of Action: Breach of Contract as

8   alleged in YOUR COMPLAINT.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

10       Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

11  to this request to the extent that this request seeks documents which are confidential and/or

12  proprietary in nature, including information relating to third parties.  Crump objects to the extent

13  that this request seeks documents protected by the attorney-client privilege and/or work product

14  doctrine.  Subject to and without waiving the foregoing objections, Crump responds as follows:

15  Crump will produce any non-privileged responsive documents within its custody, control, or

16  possession.  Crump believes that there are additional documents in the possession of the

17  Defendants which they have failed to produce.

18  **REQUEST FOR PRODUCTION NO. 11:**

19       All DOCUMENTS that support YOUR Second Cause of Action: Misappropriation of

20  Trade Secrets as alleged in YOUR COMPLAINT.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

22       Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

23  to this request to the extent that this request seeks documents which are confidential and/or

24  proprietary in nature, including information relating to third parties.  Crump objects to the extent

25  that this request seeks documents protected by the attorney-client privilege and/or work product

26  doctrine.  Subject to and without waiving the foregoing objections, Crump responds as follows:

27  Crump will produce any non-privileged responsive documents within its custody, control, or

28

1  possession.  Crump believes that there are additional documents in the possession of the

2  Defendants which they have failed to produce.

3  **REQUEST FOR PRODUCTION NO. 12:**

4      All DOCUMENTS that support YOUR Third Cause of Action: Breach of Fiduciary Duty

5  as alleged in YOUR COMPLAINT.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

7      Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

8  to this request to the extent that this request seeks documents which are confidential and/or

9  proprietary in nature, including information relating to third parties.  Crump objects to the extent

10 that this request seeks documents protected by the attorney-client privilege and/or work product

11 doctrine.  Subject to and without waiving the foregoing objections, Crump responds as follows:

12 Crump will produce any non-privileged responsive documents within its custody, control, or

13 possession.  Crump believes that there are additional documents in the possession of the

14 Defendants which they have failed to produce.

15 **REQUEST FOR PRODUCTION NO. 13:**

16     All DOCUMENTS that support YOUR Fourth Cause of Action: Intentional Interference

17 with Prospective Economic Advantage (Clients) as alleged in YOUR COMPLAINT.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

19     Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

20 to this request to the extent that this request seeks documents which are confidential and/or

21 proprietary in nature, including information relating to third parties.  Crump objects to the extent

22 that this request seeks documents protected by the attorney-client privilege and/or work product

23 doctrine.  Subject to and without waiving the foregoing objections, Crump responds as follows:

24 Crump will produce any non-privileged responsive documents within its custody, control, or

25 possession.  Crump believes that there are additional documents in the possession of the

26 Defendants which they have failed to produce.

27

28

1  **REQUEST FOR PRODUCTION NO. 14:**

2      All DOCUMENTS that support YOUR Fifth Cause of Action: Negligent Interference

3  with Prospective Economic Advantage (Clients) as alleged in YOUR COMPLAINT.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

5      Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

6  to this request to the extent that this request seeks documents which are confidential and/or

7  proprietary in nature, including information relating to third parties.  Crump objects to the extent

8  that this request seeks documents protected by the attorney-client privilege and/or work product

9  doctrine.  Subject to and without waiving the foregoing objections, Crump responds as follows:

10  Crump will produce any non-privileged responsive documents within its custody, control, or

11  possession.  Crump believes that there are additional documents in the possession of the

12  Defendants which they have failed to produce.

13  **REQUEST FOR PRODUCTION NO. 15:**

14      All DOCUMENTS that support YOUR Sixth Cause of Action: Intentional Interference

15  with Prospective Economic Advantage (Employees) as alleged in YOUR COMPLAINT.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17      Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

18  to this request to the extent that this request seeks documents which are confidential and/or

19  proprietary in nature, including information relating to third parties.  Crump objects to the extent

20  that this request seeks documents protected by the attorney-client privilege and/or work product

21  doctrine.  Subject to and without waiving the foregoing objections, Crump responds as follows:

22  Crump will produce any non-privileged responsive documents within its custody, control, or

23  possession.  Crump believes that there are additional documents in the possession of the

24  Defendants which they have failed to produce.

25  **REQUEST FOR PRODUCTION NO. 16:**

26      All DOCUMENTS that support YOUR Seventh Cause of Action: Negligent Interference

27  with Prospective Economic Advantage (Employees) as alleged in YOUR COMPLAINT.

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

2          Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

3   to this request to the extent that this request seeks documents which are confidential and/or

4   proprietary in nature, including information relating to third parties.  Crump objects to the extent

5   that this request seeks documents protected by the attorney-client privilege and/or work product

6   doctrine.  Subject to and without waiving the foregoing objections, Crump responds as follows:

7   Crump will produce any non-privileged responsive documents within its custody, control, or

8   possession.    Crump believes that there are additional documents in the possession of the

9   Defendants which they have failed to produce.

10  **REQUEST FOR PRODUCTION NO. 17:**

11          All correspondence, notes, memoranda, recordings or other DOCUMENTS that REFER

12  or RELATE to any oral or written COMMUNICATION between YOU and DEFENDANTS

13  concerning the alleged acts which are the subject of YOUR COMPLAINT.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

15          Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

16  to the extent that this request seeks documents protected by the attorney-client privilege and/or

17  work product doctrine.  Crump objects to this request to the extent that this request seeks

18  documents which are confidential and/or proprietary in nature, including information relating to

19  third parties.    Subject to and without waiving the foregoing objections, Crump responds as

20  follows: Crump will produce any non-privileged responsive documents, to the extent they exist,

21  within its custody, control, or possession.

22  **REQUEST FOR PRODUCTION NO. 18:**

23          All DOCUMENTS signed or authored by individuals who purport to have knowledge of

24  some or all the facts alleged in YOUR COMPLAINT that REFER or RELATE to any such facts.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

26          Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

27  to the extent that this request seeks documents protected by the attorney-client privilege and/or

28  work product doctrine.  Crump objects to this request to the extent that this request seeks

1    documents which are confidential and/or proprietary in nature, including information relating to

2    third parties.    Subject to and without waiving the foregoing objections, Crump responds as

3    follows: Crump will produce any non-privileged responsive documents within its custody,

4    control, or possession.  Crump believes that there are additional documents in the possession of

5    the Defendants which they have failed to produce.

6    **REQUEST FOR PRODUCTION NO. 19:**

7    All notes, memoranda, recordings or other records of ANY statements made by ANY

8    person that REFER or RELATE to the facts alleged in YOUR COMPLAINT.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

10    Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

11    to the extent that this request seeks documents protected by the attorney-client privilege and/or

12    work product doctrine.   Crump objects to this request to the extent that this request seeks

13    documents which are confidential and/or proprietary in nature, including information relating to

14    third parties.   Subject to and without waiving the foregoing objections, Crump responds as

15    follows: Crump will produce any non-privileged responsive documents within its custody,

16    control, or possession.  Crump believes that there are additional documents in the possession of

17    the Defendants which they have failed to produce.

18    **REQUEST FOR PRODUCTION NO. 20:**

19    All handbooks, policy statements, guidelines and other DOCUMENTS that REFER or

20    RELATE to personnel policies, rules, codes, regulations, practices, and procedures which YOU

21    contend apply to the terms of MCGRATH'S employment with YOU.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

23    Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

24    to the extent that this request seeks documents protected by the attorney-client privilege and/or

25    work product doctrine.  Crump objects to this request to the extent that this request seeks

26    documents which are confidential and/or proprietary in nature, including information relating to

27    third parties.   Subject to and without waiving the foregoing objections, Crump responds as

28

1  follows: Crump will produce any non-privileged responsive documents within its custody,

2  control, or possession.

3  **REQUEST FOR PRODUCTION NO. 21:**

4      All DOCUMENTS that REFER or RELATE to any damages, including without

5  limitation, any economic and non-economic damages YOU allege to have suffered as a result of

6  DEFENDANTS' conduct as alleged in YOUR COMPLAINT.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

8      Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

9  to the extent that this request seeks documents protected by the attorney-client privilege and/or

10  work product doctrine.  Crump objects to this request to the extent that this request seeks

11  documents which are confidential and/or proprietary in nature, including information relating to

12  third parties.  Subject to and without waiving the foregoing objections, Crump responds as

13  follows:  Crump's investigation into the facts is ongoing and it will disclose any non-privileged

14  responsive documents within its possession of control

15  **REQUEST FOR PRODUCTION NO. 22:**

16      All DOCUMENTS that REFER or RELATE to MCGRATH'S resignation of his

17  employment with YOU.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

19      Crump objects to the extent that this request seeks documents protected by the attorney-

20  client privilege and/or work product doctrine.  Subject to and without waiving the foregoing

21  objections, Crump responds as follows: Crump will produce any non-privileged responsive

22  documents within its custody, control, or possession.

23  **REQUEST FOR PRODUCTION NO. 23:**

24      All DOCUMENTS that REFER or RELATE to any COMMUNICATIONS between YOU

25  and ANY of YOUR current or former clients regarding MCGRATH that have occurred since

26  MCGRATH'S resignation.

27

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Crump objects to this request as it is overbroad and unduly burdensome. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including private information relating to third parties. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its custody, control, or possession. Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS that REFER or RELATE to any confidential and/or proprietary information that YOU allege DEFENDANTS have improperly or unlawfully used or disseminated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Crump objects to this request as it is overbroad and unduly burdensome. Crump objects to the extent that this request seeks documents protected by the attorney-client privilege and/or work product doctrine. Crump objects to this request to the extent that this request seeks documents which are confidential and/or proprietary in nature, including private information relating to third parties. Subject to and without waiving the foregoing objections, Crump responds as follows: Crump will produce any non-privileged responsive documents within its custody, control, or possession. Crump believes that there are additional documents in the possession of the Defendants which they have failed to produce.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that REFER or RELATE to any confidential and/or proprietary information that YOU allege DEFENDANTS have improperly or unlawfully used or disclosed while soliciting business from any of YOUR clients.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

2        Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

3  to the extent that this request seeks documents protected by the attorney-client privilege and/or

4  work product doctrine.  Crump objects to this request to the extent that this request seeks

5  documents which are confidential and/or proprietary in nature, including private information

6  relating to third parties.  Subject to and without waiving the foregoing objections, Crump

7  responds as follows: Crump will produce any non-privileged responsive documents within its

8  custody, control, or possession.  Crump believes that there are additional documents in the

9  possession of the Defendants which they have failed to produce.

10  **REQUEST FOR PRODUCTION NO. 26:**

11        All DOCUMENTS that REFER or RELATE to any policies and procedures that YOU

12  have implemented to protect against the dissemination of, and to maintain the confidentiality of,

13  any information or documents which YOU allege constitute or contain YOUR confidential and/or

14  proprietary information.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

16        Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

17  to the extent that this request seeks documents protected by the attorney-client privilege and/or

18  work product doctrine.  Crump objects to this request to the extent that this request seeks

19  documents which are confidential and/or proprietary in nature, including private information

20  relating to third parties.  Subject to and without waiving the foregoing objections, Crump

21  responds as follows:  Crump will produce any non-privileged responsive documents within its

22  custody, control, or possession.

23  **REQUEST FOR PRODUCTION NO. 27:**

24        All Contracts that YOU contend that DEFENDANTS intentionally interfered with.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

26        Crump objects to this request as it requires the disclosure of confidential proprietary

27  information, including private information relating to third parties.  Crump objects to the extent

28  that this request seeks documents protected by the attorney-client privilege and/or work product

1    doctrine.  Subject to and without waiving the foregoing objections, Crump responds as follows:

2    Crump will produce any non-privileged responsive documents within its custody, control, or

3    possession.   Crump believes that there are additional documents in the possession of the

4    Defendants which they have failed to produce.

5    **REQUEST FOR PRODUCTION NO. 28:**

6         All DOCUMENTS that REFER or RELATE to the names of clients that MCGRATH

7    worked on while at employed with YOU.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

9         Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

10   to this request to the extent that this request seeks documents which are confidential and/or

11   proprietary in nature, including private information relating to third parties.  Crump objects to the

12   extent that this request seeks documents protected by the attorney-client privilege and/or work

13   product doctrine.  Crump shall not produce such documents.

14   **REQUEST FOR PRODUCTION NO. 29:**

15        All DOCUMENTS that REFER or RELATE to the names of YOUR clients during the

16   period of January 1, 2007 through September 1,2007.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

18        Crump objects to this request as it is overbroad and unduly burdensome.  Crump objects

19   to this request to the extent that this request seeks documents which are confidential and/or

20   proprietary in nature, including private information relating to third parties.  Crump objects that

21   this request seeks documents that are irrelevant and unrelated to this lawsuit.  Crump shall not

22   produce such documents.

23

24

25   Dated: March 11, 2008                  DOUGLAS W. STERN
                                            **FULBRIGHT & JAWORSKI L.L.P.**
26

27                                          By _____
28                                             DOUGLAS W. STERN

1

### PROOF OF SERVICE

2      I, Martha Delgado, declare:

3      I am a citizen of the United States and employed in Los Angeles County, California. I am

4  over the age of eighteen years and not a party to the within-entitled action. My business address

5  is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On March 11,

6  2008, I served a copy of the within document(s): **PLAINTIFF CRUMP INSURANCE**

7  **SERVICES, INC.'S RESPONSES TO DEFENDANT ALL RISKS, LTD'S REQUEST FOR**

8  **PRODUCTION OF DOCUMENTS.**

9

10      **(BY FACSIMILE)** I caused said document to be transmitted electronically to the
       interested parties at the facsimile numbers as stated above.

11   X   **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and
       processing correspondence for mailing. Under that practice it would be deposited

12      with the United States Postal Service on that same day with postage thereon fully
       prepaid at Los Angeles, California in the ordinary course of business. I am aware

13      that on motion of the party served, service is presumed invalid if postal
       cancellation date or postage meter date is more than one day after date of deposit

14      for mailing affidavit.

15

16      **(BY FEDERAL EXPRESS)** I caused the aforementioned document to be placed
       in an envelope or package designated by Federal Express, with delivery fees fully

17      paid and addressed as stated above.

18      **(BY PERSONAL SERVICE)** I caused the aforementioned document to be
       personally served at the office of interested parties as stated above.

19

20      Stephen J. Hirschfeld, Esq.
       Donna M. Rutter, Esq.

21      Zachary P. Hutton , Esq.
       CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

22      727 Sansome Street
       San Francisco, CA 94111

23      Telephone: (415) 835-9000
       Facsimile: (415) 834-0443

24

25      I am readily familiar with the firm's practice of collection and processing correspondence

26  for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same

27  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

28

1    motion of the party served, service is presumed invalid if postal cancellation date or postage

2    meter date is more than one day after date of deposit for mailing in affidavit.

3        I declare that I am employed in the office of a member of the bar of this court at whose

4    direction the service was made.

5        Executed on March 11, 2008, at Los Angeles, California.

6

7

8    _____
                    Martha Delgado

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF CRUMP INSURANCE SERVICES, INC.'S RESPONSE TO DEFENDANT ALL RISKS, LTD'S REQUEST FOR PRODUCTION OF DOCUMENTS

# EXHIBIT E

1  DONNA M. RUTTER (SBN 145704)
   KRISTEN L. WILLIAMS (SBN 232644)
2  CURIALE DELLAVERSON HIRSCHFELD
     & KRAEMER, LLP
3  727 Sansome Street
   San Francisco, CA 94111
4  Telephone: (415) 835-9000
   Facsimile: (415) 834-0443
5
   Attorneys for Defendants
6  MICHAEL P. MCGRATH and ALL RISKS, LTD.

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CRUMP INSURANCE SERVICES, INC.,        Case No. C-07-4636 MMC

12              Plaintiff,                 **DEFENDANT ALL RISKS, LTD'S**
                                           **REQUEST FOR PRODUCTION OF**
13  vs.                                    **DOCUMENTS TO PLAINTIFF CRUMP**
                                           **INSURANCE'S [F.R.C.P. 34]**
14  MICHAEL P. MCGRATH, an individual,
    ALL RISKS, LTD., a corporation, and
15  Does 1 through 50, inclusive,

16              Defendants.

17

18  **PROPOUNDING PARTY:**      Defendant, ALL RISKS, LTD.

19  **RESPONDING PARTY:**       Plaintiff, CRUMP INSURANCE SERVICES

20  **SET NUMBER:**             TWO (2)

21

22      Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant hereby makes the

23  request contained herein below and requires a written response within thirty (30) days after

24  service of this Request for Production of Documents. These requests shall be continuing to the

25  time of trial, in that any documents not originally produced should be produced if additional or

26  different information becomes known to Plaintiff.

27                      INSTRUCTIONS AND DEFINITIONS

28      a.      Pursuant to Fed. R. Civ. P. 34(a), you are required to produce all requested

                                          1

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    DOCUMENTS that are within your possession, custody or control.

2        b.    Please produce only one copy of each document requested. However, if you are in

3    possession, custody or control or any non-identical copies of any document (*e.g.*, if a document

4    contains revisions, handwritten notes, or highlighted information), please produce the document

5    and all non-identical copies of said document.

6        c.    The term "DOCUMENTS" includes writings, drawings, graphs, charts,

7    photographs, recordings, computer records, and other data compilations from which information

8    can be obtained or translated, if necessary, into a reasonably usable from, including but not

9    limited to the following: letters; reports; e-mails; agreements; intra-company communications;

10   correspondence; telegrams; memoranda; summaries or records of conversations; diaries;

11   forecasts; audio and/or video recordings; models; statistical statements; minutes or records of

12   meetings or conferences; expressions or statements of policy; lists of persons attending meetings

13   or conferences; reports and/or summaries of summaries of negotiations; brochures; pamphlets;

14   advertisements; circulars; trade letters; press releases; invoices; receipts; contracts; notes;

15   calendars; date books; messages; letters of credit; financial statements; promissory notes; security

16   agreements; deeds of trust; instruments reporting to grant or evidence of any security, interest of

17   lien; loan agreements; pass books; credit and debit memoranda; and/or canceled checks and

18   drafts.

19       d.    "COMPLAINT" refers to the Complaint for Damages filed by Crump Insurance

20   Services, Inc. against Michael P. McGrath and All Risks, Ltd. on August 31, 2007, originally in

21   the San Francisco Superior Court.

22       e.    "MCGRATH" refers to Defendant Michael P. McGrath.

23       f.    "DEFENDANTS" refers to Defendants MCGRATH and All Risks, Ltd.

24       g.    "CRUMP" refers to Plaintiff Crump Insurance Services, Inc.

25       h.    "PLAINTIFF," "YOU" or "YOUR" refers to Plaintiff Crump Insurance Services,

26   Inc.

27       i.    REFER" or "RELATE" or any variants thereof means mentioning, discussing,

28   describing, referring to, supporting, reflecting, memorializing, consisting of or involving a

2

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  transaction or course of dealing with or about the allegation, event, incident or person so

2  described.

3       j.       If you withhold information otherwise discoverable under the Federal Rules of

4  Civil Procedure on the basis that the information is privileged or subject to protection as trial

5  preparation material, you must state the basis of your refusal expressly and must describe the

6  nature of the information or things not produced or disclosed in a manner that will enable

7  Plaintiff's counsel to assess the applicability of the privilege or protection, without revealing the

8  information which its itself privileged or protected.

9       k.       Please produce the documents requested below for inspection and copying at the

10  law offices of Curiale Dellaverson Hirschfeld & Kraemer, LLP, 727 Sansome Street, San

11  Francisco, CA 94111, with such inspection continuing until completed.

12

13                    **REQUEST FOR PRODUCTION OF DOCUMENTS**

14  **REQUEST FOR PRODUCTION NO. 31:**

15       All DOCUMENTS that show, refer to, or relate to the date MCGRATH received the June

16  5, 2007 letter from CRUMP.

17  **REQUEST FOR PRODUCTION NO. 32:**

18       All DOCUMENTS that show, refer to, or relate to the date MCGRATH received the June

19  7, 2007 letter on behalf of CRUMP from Fulbright and Jaworski.

20  **REQUEST FOR PRODUCTION NO. 33:**

21       All DOCUMENTS that show, refer to or relate to MCGRATH accessing data from

22  CRUMP to his home computer from April 2007 through MCGRATH's date of termination from

23  employment with CRUMP.

24  **REQUEST FOR PRODUCTION NO. 34:**

25       All DOCUMENTS that show, refer to or relate to MCGRATH downloading data from

26  CRUMP to his home computer April 2007 through MCGRATH's date of termination from

27  employment with CRUMP.

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS that show, refer to or relate to MCGRATH accessing the Windbroker system from April 2007 through MCGRATH's date of termination from employment with CRUMP.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that show, refer to or relate to Cyndi Marty accessing the Windbroker system from April 2007 through MCGRATH's date of termination from employment with CRUMP.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that show, refer to or relate to YOUR alleged loss of commissions that YOU attribute to DEFENDANTS.

Dated: March 25 , 2008

CURIALE DELLAVERSON HIRSCHFELD
& KRAEMER, LLP

By: _Kristen L. Williams_
    Donna M. Rutter
    Kristen L. Williams
Attorneys for Defendants
MICHAEL P. MCGRATH and ALL RISKS,
LTD.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am a resident of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On March 25, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT ALL RISKS, LTD'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO TO PLAINTIFF CRUMP INSURANCE SERVICES, INC. [F.R.C.P. 34]**

☐    by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒    by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    by sending the documents electronically through email to the address listed below.

☒    **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Douglas W. Stern
Fulbright & Jaworski, LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
Tel: (213) 892-9200
Fax: (213) 892-9494

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on March 25, 2008 at San Francisco, California.

_____
Angelique Pierre

5

DEFENDANT ALL RISKS, LTD'S RFPD TO PLAINTIFF
CASE NO. C-07-4636 MMC

# EXHIBIT F

1  DOUGLAS W. STERN (BAR NO. 8297:
   MATTHEW BOBB (BAR NO. 253308)
2  **FULBRIGHT & JAWORSKI L.L.P.**
   555 South Flower Street
3  Forty-First Floor
   Los Angeles, CA 90071
4  Telephone: (213) 892-9200
   Facsimile: (213) 892-9494
5  Email: dstern@fulbright.com          MAY 0 1 2008
   Email: mbobb@fulbright.com
6
   Attorneys for Plaintiff CRUMP INSURANCE
7  SERVICES, INC.

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CRUMP INSURANCE SERVICES, INC.,      )   Civil Action No.  C-07-4636 MMC
                                         )
12              Plaintiff,               )   **PLAINTIFF CRUMP INSURANCE**
                                         )   **SERVICES, INC.'S RESPONSE TO**
13      v.                               )   **DEFENDANT ALL RISKS, LTD'S**
                                         )   **REQUEST FOR PRODUCTION OF**
14  MICHAEL P. MCGRATH, an individual, ALL )  **DOCUMENTS, SET TWO**
    RISKS, LTD., a corporation, and Does 1 through )
15  50, inclusive,                       )
                                         )
16              Defendants.              )
                                         )
17                                       )

18

19  PROPOUNDING PARTY:    ALL RISKS, LTD.

20  RESPONDING PARTY:     CRUMP INSURANCE SERVICES, INC.

21  SET NO.:              TWO

22        Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Crump Insurance Services, Inc.

23  ("Crump") hereby responds and objects to Defendant All Risks, Ltd.'s Request for Production of

24  Documents ("Request").

25          **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

26        The following comments and objections apply to each of the requests set forth in the

27  Request.

28

1.    Crump reserves the right to amend its responses, its objections, or to assert subsequent discovered facts.

2.    Crump has previously requested documents from Defendant, which Defendant has not yet produced.

3.    Crump objects to the Request to the extent that it purports to require the disclosure of confidential communications subject to the attorney-client privilege, or the disclosure of documents protected by the work product doctrine.

4.    Crump objects to the Request to the extent that it purports to require the disclosure of confidential information and information which is proprietary in nature and thereby protected from disclosure, including private information relating to third parties.

5.    Crump objects to the Request to the extent that it requests Crump to provide documents that are not in the possession, custody, or control of Crump.

6.    Crump objects to the Request in that it does not assign a date and time for the documents to be produced as required by Rule 34 of the Federal Rules of Civil Procedure.

7.    Each and every response and objection to each specific request set forth hereinafter shall be deemed specifically to incorporate the foregoing Preliminary Statement and General Objections. Moreover, where a response to a specific request expressly refers to a responses to an earlier request, that earlier request shall be deemed to have been fully incorporated by reference as if the same had been set forth at length therein.

## RESPONSES TO DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 31:

All DOCUMENTS that show, refer to, or relate to the date MCGRATH received the June 5, 2007 letter from CRUMP.

PLAINTIFF CRUMP INSURANCE SERVICES, INC.'S RESPONSE TO DEFENDANT ALL RISKS, LTD'S REQUEST FOR PRODUCTION
OF DOCUMENTS

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

2         Crump objects to the extent that this request seeks documents protected by the attorney-

3    client privilege and/or work product doctrine.  Crump objects to this request to the extent that this

4    request seeks documents which are confidential and/or proprietary in nature, including private

5    information relating to third parties.  Subject to and without waiving the foregoing objections,

6    Crump responds as follows: Crump will produce any non-privileged responsive documents within

7    its custody, control, or possession.

8    **REQUEST FOR PRODUCTION NO. 32:**

9         · All DOCUMENTS that show, refer to, or relate to the date MCGRATH received the June

10   7, 2007 letter on behalf of CRUMP from Fulbright and Jaworski.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

12        Crump objects to the extent that this request seeks documents protected by the attorney-

13   client privilege and/or work product doctrine.  Crump objects to this request to the extent that this

14   request seeks documents which are confidential and/or proprietary in nature, including private

15   information relating to third parties.  Subject to and without waiving the foregoing objections,

16   Crump responds as follows: Crump will produce any non-privileged responsive documents within

17   its custody, control, or possession.

18   **REQUEST FOR PRODUCTION NO. 33:**

19        All DOCUMENTS that show, refer to, or relate to MCGRATH accessing data from

20   CRUMP to his home computer from April 2007 through MCGRATH's date of termination from

21   employment with CRUMP.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

23        Crump objects to this request to the extent that this request seeks documents which are

24   confidential and/or proprietary in nature, including private information relating to third parties.

25   Subject to and without waiving the foregoing objections, Crump responds as follows:  Crump's

26   investigation into the facts is ongoing and it will disclose any non-privileged responsive

27   documents within its custody, control, or possession.  Crump believes that there are additional

28   documents in the possession of the Defendants which they have failed to produce.

70297019.1                              - 3 -

1

2 **REQUEST FOR PRODUCTION NO. 34:**

3      All DOCUMENTS that show, refer to or relate to MCGRATH downloading data from

4 CRUMP to his home computer April 2007 through MCGRATH's date of termination from

5 employment with CRUMP.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

7      Crump objects to this request to the extent that this request seeks documents which are

8 confidential and/or proprietary in nature, including private information relating to third parties.

9 Subject to and without waiving the foregoing objections, Crump responds as follows:  Crump's

10 investigation into the facts is ongoing and it will disclose any non-privileged responsive

11 documents within its custody, control, or possession.  Crump believes that there are additional

12 documents in the possession of the Defendants which they have failed to produce.

13 **REQUEST FOR PRODUCTION NO. 35:**

14      All DOCUMENTS that show, refer to or relate to MCGRATH accessing the Windbroker

15 system from April 2007 through MCGRATH's date of termination from employment with

16 CRUMP.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

18      Crump objects to this request to the extent that this request seeks documents which are

19 confidential and/or proprietary in nature, including private information relating to third parties.

20 Subject to and without waiving the foregoing objections, Crump responds as follows:  Crump's

21 investigation into the facts is ongoing and it will disclose any non-privileged responsive

22 documents within its custody, control, or possession.  Crump believes that there are additional

23 documents in the possession of the Defendants which they have failed to produce.

24 **REQUEST FOR PRODUCTION NO. 36:**

25      All DOCUMENTS that show, refer to or relate to Cyndi Marty accessing the Windbroker

26 system from April 2007 through MCGRATH's date of termination from employment with

27 CRUMP.

28

1

2 **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

3          Crump objects to this request to the extent that this request seeks documents which are

4 confidential and/or proprietary in nature, including private information relating to third parties.

5 Subject to and without waiving the foregoing objections, Crump responds as follows:  Crump's

6 investigation into the facts is ongoing and it will disclose any non-privileged responsive

7 documents within its custody, control, or possession.  Crump believes that there are additional

8 documents in the possession of the Defendants which they have failed to produce.

9 **REQUEST FOR PRODUCTION NO. 37:**

10          All DOCUMENTS that show, refer to or relate to YOUR alleged loss of commissions that

11 YOU attribute to DEFENDANTS.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

13          Crump objects to the extent that this request seeks documents protected by the attorney-

14 client privilege and/or work product doctrine.  Crump objects to this request to the extent that this

15 request seeks documents which are confidential and/or proprietary in nature, including

16 information relating to third parties.  Subject to and without waiving the foregoing objections,

17 Crump responds as follows:  Crump's investigation into the facts is ongoing and it will disclose

18 any non-privileged responsive documents within its possession of control.

19

20

21
   Dated:  April 29, 2008
22

23

24

25

26

27

28
   DOUG STERN
   MATTHEW BOBB
   **FULBRIGHT & JAWORSKI L.L.P.**

   By _____
          Matthew Bobb

DOCUMENT PREPARED
ON RECYCLED PAPER

1

**PROOF OF SERVICE**

2

    I, Martha Delgado, declare:

3

    I am a citizen of the United States and employed in Los Angeles County,

4

California. I am over the age of eighteen years and not a party to the within-entitled

5

action. My business address is 555 South Flower Street, Forty-First Floor, Los

6

Angeles, California 90071. On April 29, 2008, I served a copy of the within

7

document: **PLAINTIFF CRUMP INSURANCE SERVICES, INC.'S**

8

**RESPONSE TO DEFENDANT ALL RISKS, LTD'S REQUEST FOR**

9

**PRODUCTION OF DOCUMENTS, SET TWO**

10

11

   X    **(BY E-MAIL)** I caused said document to be transmitted electronically to the interested parties at the email address(es) as stated below.

12

13

14

15

16

17

   X    **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

18

19

20

**(BY FEDERAL EXPRESS)** I caused the aforementioned document to be placed in an envelope or package designated by Federal Express, with delivery fees fully paid and addressed as stated above.

21

22

**(BY PERSONAL SERVICE)** I caused the aforementioned document to be personally served at the office of interested parties as stated above.

23

24

25

26

27

Stephen J. Hirschfeld, Esq.
Donna M. Rutter, Esq.
Zachary P. Hutton , Esq.
CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

28

70255261.1

PLAINTIFF CRUMP INSURANCE SERVICES, INC.'S RESPONSE TO DEFENDANT ALL RISKS, LTD'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO

kwilliams@cdhklaw.com
drutter@cdhklaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 29, 2008, at Los Angeles, California.

_____
Martha Delgado

70255261.1

**PLAINTIFF CRUMP INSURANCE SERVICES, INC.'S RESPONSE TO DEFENDANT ALL RISKS, LTD'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO**

# REDACTED

**From:** TrackingUpdates@fedex.com [mailto:TrackingUpdates@fedex.com]
**Sent:** Wednesday, June 06, 2007 6:13 PM
**To:** Forstenzer, Andrew
**Subject:** FedEx Shipment 792998973416 Delivered

This tracking update has been requested by:

Company Name: Crump Insurance Services Inc

Name:  Gina Scarfuto

E-mail:  andrew.p.forstenzer@crumpins.com

Our records indicate that the following shipment has been delivered:

Tracking number:                     792998973416
Ship (P/U) date:                     Jun 5, 2007
Delivery date:                       Jun 6, 2007 3:07 PM
Sign for by:                         A.BARBER
Delivered to:                        Receptionist/Front Desk
Service type:                        FedEx Standard Overnight
Packaging type:                      FedEx Envelope
Number of pieces:                    1
Weight:                              0.50 lb.

Shipper Information              Recipient Information
Gina Scarfuto                   c/o All Risks, Ltd.
Crump Insurance Services Inc    101 California St
45 Broadway                     Suite 3180
Suite 1150                      San Francisco
New York                        CA
NY                              US
US                              94111
10006

Special handling/Services:
Deliver Weekday

Please do not respond to this message. This email was sent from an unattended
mailbox. This report was generated at approximately 5:12 PM  CDT
on 06/06/2007.

To learn more about FedEx Express, please visit our website at fedex.com.

All weights are estimated.

C0155

06/07/2007

To track the latest status of your shipment, click on the tracking number  above,
or visit us at fedex.com.

This tracking update has been sent to you by FedEx on the behalf of the
Requestor noted above. FedEx does not validate the authenticity of the
requestor and does not validate, guarantee or warrant the authenticity of  the
request, the requestor's message, or the accuracy of this tracking update.  For
tracking results and fedex.com's terms of use, go to fedex.com.

Thank you for your business.

CONFIDENTIALITY NOTICE: This message is intended to be viewed only by the listed recipient(s). It may contain information that is privileged, confidential and/or exempt from disclosure under applicable law. Any dissemination, distribution or copying of this message is strictly prohibited without our prior written permission. If you are not an intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and permanently remove the original message and any copies from your computer and all back-up systems.

**C0156**

06/07/2007

**Brandenburg, Katherine**

| | |
|---|---|
| **From:** | Forstenzer, Andrew [Andrew.Forstenzer@crumpins.com] |
| **Sent:** | Tuesday, June 05, 2007 1:11 PM |
| **To:** | mike.mcgrath@allrisks.com |
| **Cc:** | Hargrove, Glenn; peter.q.scott@crumpins.com; Finegan, Bill |
| **Subject:** | Agreement Obligations |

**Attachments:** 20070605150434137.tif; McGrath Letter.doc



200706051504     McGrath
-137.tif (359 KB) etter.doc (41 KE

    I am attaching both a copy of a letter I have sent out today certified mail to the only address I was given (although I believe it is your former, not current home) and a copy of the applicable employment agreement referenced in that letter. A copy of your most recent compensation agreement will be provided under separate cover.

I will also send a copy of the letter and attachments overnight to your attention at the San Francisco office of All Risks to be certain you receive it in a timely manner. In that envelope will also be a copy of the letter intended for All Risks which I trust you will deliver as appropriate.

Given that we are already in receipt of BOR notifications, your prompt reply on or before June 12 is imperative.

Thanks.

Andrew P. Forstenzer
Executive Vice President & General Counsel Crump Group, Inc.
Andrew.Forstenzer@Crumpins.com
7557 Rambler Road, Suite 400
Dallas, TX  75231
Voice: 214-265-2334
Cell:    917-797-8671
or
45 Broadway, Suite 1150
New York, New York 10006
Voice:      212-232-5505
Fax:  212-232-5556


-----Original Message-----
From: Andy [mailto:andrew.p.forstenzer@crumpins.com]
Sent: Tuesday, June 05, 2007 3:05 PM
To: Forstenzer, Andrew
Subject:

This E-mail was sent from "RNPAD4E5B" (Aficio MP 5500).

Scan Date: 06.05.2007 15:04:34 (-0400)


CONFIDENTIALITY NOTICE:  This message is intended to be viewed only by the listed recipient(s).  It may contain information that is privileged, confidential and/or exempt from disclosure under applicable law.  Any dissemination, distribution or copying of this message is strictly prohibited without our prior written permission.  If you are not an intended recipient, or if you have received this communication in error, please notify us immediately by return e-mail and permanently remove the original message and any copies from your computer and all back-up systems.

C0157

1

## MEMORANDUM OF AGREEMENT

MEMORANDUM OF AGREEMENT dated _June 7_, 1996 between Crump E&S of San Francisco Insurance Services, Inc., a California Corporation (hereinafter "Crump"), and Michael P. McGrath (hereinafter "Employee").

### INTRODUCTION

This Agreement is intended to set forth the terms and conditions of the employment relationship between Crump and Employee. This relationship is based on the agreement and understanding of the parties that Crump is the owner of the Crump Business relating to Crump Customers as these terms are used below, and that these customers comprise a substantial part of the goodwill of Crump. To protect the business and goodwill of Crump and the confidential information belonging to Crump, the parties have agreed to certain limitations on competition and disclosure of confidential information following termination of employment. Such limitations relate solely to Crump Business and Crump Customers, however, and are intended to permit Employee to remain in the insurance and brokerage business, if he so desires.

### AGREEMENTS

Crump and Employee agree as follows:

1.     **EMPLOYMENT COMPENSATION** - Crump agrees to employ Employee to solicit, place, and service property or casualty business, during the term of the Agreement and to pay Employee a base salary of $125,000 per year, with future adjustments in accordance with Crump base salary guidelines. Base salary shall be payable in accordance with Crump regular payroll procedures, and may be changed only by written agreement of the parties.

2.     **PERFORMANCE BY EMPLOYEE** - Employee agrees to devote his entire business time and effort to furtherance of the business of Crump and to perform faithfully to the best of his ability all assignments of work given to him by Crump.

3.     **TERM** - The term of this Agreement shall commence as of the date of this Agreement and shall continue through December 31, 1997, at which time this Agreement will be extended automatically to June 30, 1999, if the combined Net Retained Revenue of Robert Lindner, Employee, and Paul Farbstein ("the Team") exceeds $1,500,000 for the time period July 1, 1996, through December 31, 1997. "Net Retained Revenue" shall be defined as brokerage actually received by Crump, less any return brokerage. This Agreement is at all times subject to earlier termination in accordance with paragraph 7 below.

1

C0158

4.. **BONUS -**

      a.   Signing Bonus. Employee shall receive a one-time signing bonus of $75,000, payable with the first payroll check to be received by Employee. This signing bonus shall be subject to repayment on a pro-rata basis should Employee leave the employment of Crump at his own election, or for any circumstance outlined in paragraph 7 below, prior to July 1, 1999.

      b.   Annual Bonus. Employee shall participate in an annual bonus pool based on the Net Retained Revenue credited to the Team Employee's share of this annual bonus pool shall be determined each year by, and at the discretion of, Employee's immediate supervisor.

5.    **BENEFITS -** Employee shall be eligible to participate at the level of Vice President in any benefit plans and programs in effect from time to time and as amended by Crump, including annual leave entitlement established by Crump, including three weeks vacation which may be carried over from year to year.

6..    **EXPENSES -** Employee will receive reimbursement for all ordinary and necessary business expenses in accordance with Crump's management guide. Employee shall receive an annual automobile allowance of $6,000, payable in equal semi-monthly installments with the Employee's regular payroll check, and shall also be reimbursed for office parking fees.

7.    **TERMINATION -** The term of this Agreement shall be as stated in Paragraph 3. Term. unless terminated by:

      a.   Employee's death or disability (disability, for the purpose of this Agreement, means the inability of Employee due to illness, accident or other physical or mental incapacity, to perform the duties and services provided for hereunder) for a period of ninety (90) consecutive days; or

      b.   Discharge of Employee for cause, which, as used herein, shall mean if Employee: (i) violates any provision of this Agreement; (ii) performs any act which in the judgment of the Crump causes or has the potential to cause harm, injury or damage of any sort to Crump; or (iii) refuses or fails to carry out a resolution of the Board of Directors of Crump, other than for reasons of death or disability as previously described; or

      c.   Conviction of Employee of a misdemeanor or felony; or

      d.   Dereliction of duty, evidenced by an unexplained or unexcused failure of Employee to attend work for a period of ten (10) consecutive work days.

      In the event of termination of this Agreement for any of the reasons set forth in this Paragraph 7, Crump shall be responsible to pay or to provide Employee (or the Employee's lawfully designated beneficiary or to Employee's estate in the event of death) only those portions of any compensation, and/or other benefits due up to and including the effective date of termination of the Agreement, except for those benefits which survive termination pursuant to law.

2

Regardless of the reason, cause or occasion for termination, the provisions of Paragraph 8, 10, 11, 12, 13, and 14 shall survive the termination of employment and shall be and remain valid, binding and enforceable after termination.

8.      **CRUMP BUSINESS** - All business and fees including insurance, bond, risk management, self-insurance and other services (collectively, the "Crump Business"), produced or transacted through the efforts of Employee shall be the sole property of Crump Group, Inc. (Crump Group, Inc. and its subsidiary corporations and departments, are herein referred to as "Crump Group"). Employee shall have no right to share in any commission or fee resulting from the conduct of such business other than as compensation referred to in paragraphs 1 and 4.

9.      **PREMIUMS AND COLLECTIONS** - Premiums, commissions or fees on the Crump Group Business produced or transacted through the efforts of Employee shall be invoiced to the customer or account by one of the subsidiaries of Crump Group. All checks or bank drafts received by Employee from any customer or account shall be made payable to such company, and all premium, commissions or fees shall be collected by Employee in the name of and on behalf of such company.

10.     **CONFIDENTIAL INFORMATION** - Employee acknowledges that, in the course of and as a result of his employment hereunder, he will become acquainted with confidential information belonging to Crump Group. This information relates to persons, firms, and corporations which are or become customers or accounts of Crump Group during the term of the Agreement ("Crump Customers"), and sources with which insurance is placed, including but not limited to, the names of customers, policy expiration dates, policy terms, conditions, and rates, familiarity with customer's risks. Employee agrees that during his employment hereunder he will not, without the written consent of Crump, disclose or make any use of such confidential information except as may be required in the course of his employment hereunder. Employee further agrees that upon termination hereunder, and for a period of one year thereafter, he will not disclose or make any use of such confidential information without the prior written consent of Crump.

3

C0160

11.    **PROTECTION OF CRUMP PROPERTY** - All records, files, manuals, lists of customers, blanks, forms materials, supplies, computer programs, and other materials furnished to the Employee by Crump Group shall be and remain the property of Crump Group.  Employee shall be deemed the bailee thereof for the use and benefit of Crump and shall safely keep and preserve such property, expect as consumed in the normal business operation of Crump Group. Employee acknowledges that this property is confidential and is not readily accessible to Crump's competitors.  Upon termination of employment hereunder, the Employee shall immediately deliver to Crump or its authorized representative all such property, including all copies, remaining in the Employee's possession or control.

12.    **NONCOMPETITION FOR CERTAIN CRUMP CUSTOMERS** - Upon termination of Employee's employment hereunder, Employee agrees that for a period of two years following such termination he will not, without the written consent of Crump, directly or indirectly, solicit insurance wholesale brokerage business for any Account, either personally or in collaboration with others.  As used in this Paragraph 12, "Account" shall refer to those insurance or policies that were either: (i) carried on the books of Crump or any subsidiary of Crump Group at any time during the twelve-month period prior to Employee's termination and with respect to which Employee personally performed service or employment duties during the twelve-month period prior to Employee's termination; or (ii) those potential accounts of Crump or any subsidiary of Crump Group, with regard to which Employee personally worked to obtain, secure or develop during the twelve-month period prior to Employee's termination.  As used in this Paragraph 12, "insurance wholesale brokerage business", is limited to the lines of insurance coverage and other services that: (i) Crump or any subsidiary of Crump Group placed or provided for such Account during the twelve-month period prior to Employee's termination or (ii) with regard to which Employee had personally done any work during the twelve-month period prior to Employee's termination in connection with any attempt or anticipated attempt by Crump or any subsidiary of Crump Group to provide or place.

13.    **ORGANIZING COMPETITIVE BUSINESSES** - Employee agrees that so long as he is working for Crump he will not engage in business activity competitive with work  he performs for Crump.

14.    **SOLICITING COMPANY EMPLOYEES** - Employee agrees that he will not, for a period of one year following termination of employment with Crump, solicit any of Crump Group employees to work for any other competitive company.

15.    **ENTIRE AGREEMENT, SEVERABILITY** - This Agreement sets forth the entire agreement between the Employee and Crump, and supersedes any and all prior agreements and understandings with respect to such employment.  If any term of this Agreement is rendered invalid or unenforceable by judicial, legislative or administrative action, the remaining provisions hereof shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

16.    **VOLUNTARY TERMINATION BY EMPLOYEE** - This Agreement (other than paragraphs 10, 11, 12, 13, and 14 hereof) may be terminated by Employee upon fifteen (15) days prior written notice given to Crump, or by other written agreement signed by both parties.

4

C0161



17.    **INJUNCTIVE RELIEF** - This Agreement may be enforced by an injunction by any competent court enjoining and restraining any violation or threatened violation hereof without Crump being required to show any actual damage or to post any bond or other security.

18.    **NOTICES** - All notices and consents provided for herein and all legal process shall be validly given, made or served, it in writing and delivered personally or sent by United States certified or registered mail, postage pre-paid, return receipt requested,

If to Employer:

Crump Insurance Services, Inc.
7557 Rambler Road, Suite 350
Dallas, Texas 75231-4163
ATTN: Marcus Payne

If to Employee:

Michael P. McGrath
552 Danby Court
Petaluma, California 94954

19.    **GOVERNING LAW** - This Agreement shall be construed in accordance with the laws of the State of California.

20.    **NO WAIVER** - No failure of Employee to exercise any right, power or privilege given to Crump under this Agreement or no failure to insist upon strict compliance by Employee with any agreement, covenant, warranty or other obligation under this Agreement or no custom or practice of the parties at variance with the terms hereof shall be construed as waiver or relinquishment of any right granted hereunder to Crump. Waiver by Crump of any particular default by Employee shall not affect or impair Crump's right, power or privilege in respect to any subsequent default of the same or of a different nature, nor shall any delay or omission of Crump to exercise any right, power or privilege arising from such default affect or impair Crump's right, power or privilege as to such default or any subsequent default.

21.    **ASSIGNMENT** - This Agreement shall not be assignable by Employee, but may, with the prior consent of Employee, be assigned by Crump to any of the subsidiaries of Crump Group, Inc. and shall be binding upon and inure to the benefit of Crump's successors and assigns.

22.    **BINDING NATURE OF AGREEMENT** - This Agreement shall inure to the benefit of and be binding upon and enforceable against the heirs, legal representatives and assigns of Employee and the successors and assigns of Crump.

5

C0162

IN WITNESS WHEREOF, the parties hereto by their duly authorized representatives have executed this Agreement as of the date first above written.

CRUMP E&S OF SAN FRANCISCO
INSURANCE SERVICES, INC.


By: _____
Its:     Sr. Vice President


By: _____
       Michael P. McGrath


6

C0163

# CRUMP GROUP INC.

7557 Rambler Road, Suite 400 Dallas, TX 75231
Phone: 214-265-2334; 212-232-5505; 917-797-8671    Email: andrew.forstenzer@crumpins.com

June 5, 2007

**VIA CERTIFIED MAIL**
 **RETURN RECEIPT REQUESTED**
 **AND UNITED STATES MAIL**

Mr. Michael P. McGrath
40 Pacific Drive
Novato, CA 94949

> Re:    Crump Insurance Services, Inc.

Dear Mike:

I am writing concerning the protection and return of Crump's confidential and proprietary information and your ongoing legal duties to Crump per your Memorandum of Agreement dated June 7, 1996 as amended (the "Agreement").

Although the Agreement requires fifteen (15) days prior written notice, I am told you resigned from your employment with Crump without such notice on June 3, 2007. While employed by Crump, and in the regular course of performing your duties, you had access to and acquired confidential and proprietary information of Crump's. Such information includes, but is not limited to, non-public information that Crump owned regarding customers and clients, Crump's business policies and practices and information relating to its technical, business, financial, studies, analysis, compilations and client development plans, and information received from others that Crump is obligated to treat as confidential, including customer and client information held and maintained on Crump's computer systems.

In addition to common law restrictions which protect such confidential and proprietary information, you are subject to contractual restrictions which prohibit you from using or disclosing Crump's confidential information and from engaging in prohibited competitive activities for specified periods following the termination of your employment. Those restrictions prohibit you from, among other things:

1. For a period of two years following termination of your employment, soliciting insurance wholesale brokerage business from any customers/clients of Crump who you called on, serviced, did business with, had significant contact with, or became acquainted with during the 12-month period prior to your separation from employment; and

2. For a period of one year following termination of your employment, soliciting or inducing any Crump employee to terminate their employment to work for any other competitive company.

**C0164**

Error! Unknown document property name.
HOUSTON • NEW YORK • WASHINGTON DC • AUSTIN • DALLAS • DENVER • LOS ANGELES • MINNEAPOLIS • SAN ANTONIO • ST. LOUIS
BEIJING • DUBAI • HONG KONG • LONDON • MUNICH • RIYADH

Mr. Mike McGrath
June 5, 2007
Page 2

Attached is a copy of the referenced Agreement.

Despite these prohibitions, it has already come to Crump's attention that you are engaged in conduct in violation of the Agreement. Based upon recently received Broker of Record notifications, you are working for a competing business, and you are attempting to do business with customers and clients with whom you did business while at Crump for purposes of upcoming July renewals and otherwise. Crump also has reason to believe that you have used confidential information and trade secrets of the Company in furtherance of your competing business – conduct which violates not only your contractual agreement, but also California common law. Finally, we believe you are actively involved in wrongfully soliciting Crump employees to leave their employment with the Company.

Based upon your common law and contractual obligations, Crump insists that you immediately take the following actions: (1) return all Crump's confidential and proprietary information in your possession to me at the address noted above; (2) provide Crump with written assurance that you have not misappropriated any confidential or proprietary information from Crump; (3) give Crump written assurance that you have not and will not use any of Crump's confidential or proprietary information in your position at All Risks; (4) halt all solicitation of business with those Crump clients that you called upon or did business with while at Crump and provide me with a listing of all such clients you have solicited to date; and (5) immediately stop soliciting Crump employees to terminate their employment. Going forward, I suggest that you also exercise utmost caution and discretion relative to any of your activities on behalf of your new employer.

A written response with the above assurances is expected from you by June 12, 2007. Please understand that Crump takes these matters very seriously and, if necessary, will seek appropriate legal or equitable relief against you or those acting at your direction in order to protect its rights and ensure your compliance with your legal obligations.

Sincerely,


Andrew P. Forstenzer


cc:    Bill Finegan, Esquire - Fulbright & Jaworski, LLP
       Glenn Hargrove & Peter Scott - Crump
       All Risks, Ltd.

Enclosure

C0165