STEPHEN J. HIRSCHFELD (SBN 118068)
DONNA M. RUTTER (SBN 145704)
KRISTEN L. WILLIAMS (SBN 232644)
CURIALE DELLAVERSON HIRSCHFELD
  & KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendants
MICHAEL P. MCGRATH
and ALL RISKS, LTD

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUMP INSURANCE SERVICES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL P. MCGRATH, an individual, ALL RISKS, LTD., a corporation, and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. C-07-4636 MMC<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ALL RISKS, LTD. TO RESPOND TO REQUESTS FOR PRODUCTION NOS. 4, 7 AND 26 AND TO PRODUCE UNREDACTED DOCUMENTS AND MOTION TO COMPEL MICHAEL MCGRATH, NICHOLAS CORTEZI, AND CYNTHIA MARTY TO APPEAR FOR FURTHER DEPOSITIONS REGARDING THE DOCUMENTS**<br><br>Date: August 6, 2008<br>Time: 9:30 a.m.<br>Courtroom: F<br>**Magistrate Judge James Larson** |

# TABLE OF CONTENTS

|   |   |   | Page |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | FACTUAL BACKGROUND | | 1 |
| | A. | Defendant's Respond to Plaintiff's Request for Production and Timely Met and Conferred More Than Four Months Ago | 2 |
| | B. | Plaintiff Receives Defendants' Redacted Documents And No Further Meet And Confer Discussions Are Initiated | 3 |
| | C. | Plaintiff Deposes McGrath on April 30 And Again on June 10, 2008 And Makes No Mention Of Its Desire to Meet And Confer As to Defendant's Responses To Request for Production Prior to the Second Day of His Deposition | 3 |
| | D. | Plaintiff Deposes Third Party Cyndi Marty, Concludes Deposition, And Never Indicates Desire To Re-Open Deposition | 4 |
| | E. | Despite Having Responses for More Than Four Months, Plaintiff's Begin Scorched Earth and Duplicative "Meet and Confer" Efforts When Only Two Weeks Remain Before Discovery Process | 4 |
| | F. | Plaintiff's Counsel Admits That Information Related to Compensation Is Proprietary and Confidential Information | 5 |
| | G. | Plaintiff's Counsel Attempts to Broaden Scope of the Case and Discovery Weeks Before the Discovery Cut-Off | 6 |
| III. | LEGAL ARGUMENT | | 6 |
| | A. | Defendant Should Not Be Compelled To Comply With Request for Production No. 4 | 6 |
| | | 1. Plaintiff Has Waived Its Right To Move To Compel | 6 |
| | | 2. Plaintiff Has Not Sufficiently Met And Conferred Nor Met And Conferred In Good Faith | 7 |
| | | 3. Defendant's Objections to Plaintiff's Request for Production No. 4 Are Valid And Should Be Upheld | 8 |
| | B. | Defendant Should Not Be Compelled To Comply With Requests for Production Nos. 7 and 26 | 12 |
| | C. | Defendant Should Not Be Compelled to Further Unredact Documents | 13 |
| | | 1. ALL000006, ALL000007, ALL000016 | 13 |
| | | 2. ALL000009-10, ALL000018-19 | 13 |
| | D. | McGrath, Marty And Cortezi Should Not Be Compelled To Appear For Further Depositions | 14 |
| IV. | CONCLUSION | | 15 |

i

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO
REQUESTS FOR PRODUCTION NOS. 4, 7 AND 26; CASE NO.: C-07-4636MMC

# TABLE OF AUTHORITIES
Page
**FEDERAL CASES**

*Gault v. Nabisco Biscuit Co.* (D. NV 1999)
  184 F.R.D. 620, 622 .................................................................................................. 6

**STATE CASES**

*Moskowitz v. Superior Court of Los Angeles* (1982)
  137 Cal.App.3d 313, 315-316 ................................................................................ 13

*Reeves v. Hanlon* (2004)
  33 Cal.4th 1140, 1154 ..................................................................................... 11

**STATUTES**

Federal Rule of Civil Procedure 26(b)(1) ..................................................................... 8

Federal Rule of Civil Procedure 37(a)(1) ..................................................................... 6

ii

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO
REQUESTS FOR PRODUCTION NOS. 4, 7 AND 26; CASE NO.: C-07-4636MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I. INTRODUCTION

Defendant All Risk, Ltd.'s ("Defendant") provided its discovery responses to Plaintiff Crump Insurance's ("Plaintiff") Request for Production more than four months and several depositions prior. Crump's counsel[1] and counsel for All Risks engaged in serious meet and confer sessions over the document requests that are now the subject of this motion. After the mediation and key depositions in this case, Plaintiff again attempted to "meet and confer" in a scorched earth approach just days before discovery cut-off. Though redundant in nature, Defendants All Risks, Ltd. and Mike McGrath ("Defendants") nonetheless engaged in repetitive meet and confer discussions and re-iterated their positions as to the discovery sought by this Motion. Plaintiff's last minute attempt to harass Defendants with twenty pages of "meet and confer" letters and frivolous and untimely motions to compel is an abuse of the discovery process. Plaintiff – having been in possession of Defendant's responses since February 2008 – has waived its right to compel production of these documents. Additionally, as explained to Plaintiff's counsel in March of this year and again in June, Defendants' objections are valid. For these reasons, this Court should deny Plaintiff's Motion in its entirety.

## II. FACTUAL BACKGROUND

Crump and All Risks are wholesale insurance brokerage groups that provide excess, surplus, and specialty insurance (i.e., commercial earthquake insurance). In short, as insurance wholesalers, they match carriers with retail agents. The retail agents, rather than Crump or All Risks, sell directly to the insureds who purchase policies. Defendant Michael P. McGrath began working at Crump E&S of San Francisco Insurance Services, Inc. in June of 1996.[2] During his tenure with Crump, McGrath was a Senior Property Broker specializing in E & S (Excess and Surplus markets). As a Senior Property Broker, McGrath worked with the retail agents to put

---

[1] From the inception of this lawsuit until shortly before the discovery cut-off on June 20, 2008, Crump was represented by the law firm of Fulbright and Jaworski.

[2] Since 1996, Crump E&S of San Francisco Insurance Services, Inc. was purchased twice and ultimately came to do business as Crump Insurance Services, Inc.

1

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO REQUESTS FOR PRODUCTION NOS. 4, 7 AND 26; CASE NO.: C-07-4636MMC

together quotes that the retail agent would then present to its insured.

In the wholesale insurance brokerage industry, brokers often change jobs. It is an accepted and common industry practice for retailers to follow brokers when they go to work for a different employer, because the wholesale insurance brokerage industry is a relationship-driven business. Retailers are the customers, and they decide who they want to work with. As such, retailers are often willing to transfer their business to another company so that they can continue to work with the wholesale broker of their choice.

On June 4, 2007, McGrath left Crump to accept a position at All Risks. On July 2, 2007, Cyndi Marty, third party to this lawsuit, left Crump and also joined All Risks. After McGrath left Crump, a number of retailers "who were his clients at Crump" decided to transfer their business to All Risks in order to keep working with their broker of choice. The testimony has been universal in this case that it is within the complete prerogative of the retailer to decide which wholesale broker to work with.

Nonetheless, Crump filed suit against both McGrath and All Risks on August 31, 2007, claiming that, upon his resignation, Defendant Michael McGrath (1) breached the terms of a Memorandum of Understanding and (2) breached his fiduciary duty to Crump. Crump also alleges that both McGrath and Defendant All Risks (1) misappropriated trade secrets; (2) intentionally interfered with its prospective advantage with regard to its clients; (3) negligently interfered with its prospective advantage with regard to its clients; (4) intentionally interfered with its prospective advantage with regard to its employees; and (5) negligently interfered with its prospective advantage with regard to its employees. (Declaration of Kristen L. Williams ("Williams Decl."), ¶2, and Exhibit A).

A. **Defendant's Respond to Plaintiff's Request for Production and Timely Met and Conferred More Than Four Months Ago**

On January 3, 2008, Plaintiff propounded Request for Production of Documents on Defendant All Risks. (Williams Decl. ¶3 and Exhibit B.) Defendant All Risks responded to these on February 13, 2008. (Williams Decl. ¶3 and Exhibit C.) On February 29, 2008 – more than four months ago – Plaintiff's counsel, Fulbright and Jaworski, sent Defendant a letter requesting

2

to meet and confer with regard to various responses by Defendant All Risks. (Williams Decl. ¶4 and Exhibit D.) On March 19, 2008, counsel for Plaintiff and Defendant engaged in a lengthy teleconference regarding Defendant's Responses to Request for Production of Documents, including all Requests that are at issue in this Motion. (Williams Decl. ¶4.) Defendant All Risks articulated its position with regard to these requests, as articulated below for the Court, and did not agree to produce any additional documents. (Williams Decl. ¶4.) Crump did not challenge All Risks and no further communications were had regarding Requests for Production Nos. 4, 7, or 26. (Williams Decl. ¶4.)

B.  **Plaintiff Receives Defendants' Redacted Documents And No Further Meet And Confer Discussions Are Initiated**

Defendants served Plaintiff with its responsive documents on March 25, 2008. (Williams Decl. ¶5.) Defendants subsequently served Plaintiff with a redaction log on May 29, 2008 identifying documents that were redacted based on the information being confidential, proprietary or an invasion of the individual's privacy. (Williams Decl. ¶6 and Exhibit E.) Plaintiff never indicated any desire to meet and confer with regard to the redacted documents. (Williams Decl. ¶6.)

C.  **Plaintiff Deposes McGrath on April 30 And Again on June 10, 2008 And Makes No Mention Of Its Desire to Meet And Confer As to Defendant's Responses To Request for Production Prior to the Second Day of His Deposition**

Plaintiff deposed McGrath on April 30, 2008. Plaintiff was asked about his compensation and was instructed not to answer based on his right of privacy. (Williams Decl. ¶7 and Exhibit F.) After the deposition, Plaintiff did not move to compel deposition testimony regarding his compensation. (Williams Decl. ¶8.) Moreover, Plaintiff never attempted to even meet and confer with Defendant as to the redacted information, including the redactions relating to McGrath's compensation[3]. (Williams Decl. ¶8.) On June 2, 2008, Plaintiff's counsel spoke with Defendants' counsel and it was agreed that the second day of McGrath's deposition would go

---

[3] Plaintiff did not meet and confer with Defendant as to the redacted documents until it had been in possession of the document for two and a half months.

3

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO REQUESTS FOR PRODUCTION NOS. 4, 7 AND 26; CASE NO.: C-07-4636MMC

forward on June 10. (Williams Decl. ¶9) An amended notice of deposition was sent on June 6, 2008, confirming the June 10th date. (Williams Decl. ¶9 and Exhibit G.) Plaintiff did not make any attempt to meet and confer with regard to the redacted documents in conjunction with scheduling the continued deposition or serving the amended deposition notice. (Williams Decl. ¶9.) Plaintiff substituted counsel on June 6, 2008 and is currently being represented by the law offices of Jackson Lewis, LLP. (Williams Decl. ¶10.)

Despite being in possession of Defendants' documents since March 25th, the redaction log since May 29, 2008 and sending Defendant one meet and confer letter on June 6th and two more meet and confer letters on June 9th, Plaintiff did not send a letter expressing an interest in meeting and conferring with regard to the redacted documents until June 10, 2008 – the same day as McGrath's second day of deposition and Nick Cortezi's deposition. (Williams Decl. ¶11 and Exhibits H, I, and J.)

On June 11, 2008, Defendant responded to the issues raised by Plaintiff. (Williams Decl. ¶12 and Exhibit K.)

D. **Plaintiff Deposes Third Party Cyndi Marty, Concludes Deposition, And Never Indicates Desire To Re-Open Deposition**

On April 30, 2008, Plaintiff deposed third-party Cyndi Marty. (Williams Decl. ¶13.) Marty was never asked to disclose her salary information or any information regarding her compensation plan at All Risks. (Williams Decl. ¶14.) Plaintiff's counsel concluded Marty's deposition and never sought to further depose her or make any further attempts to obtain information regarding her compensation. (Williams Decl. ¶14.) Additionally, Ms. Marty testified that her discussions about moving to All Risks were with All Risks' President Nick Cortezi and that her decision to leave Crump was made and influenced by no one other than herself. (Williams Decl. ¶14 and Exhibit L.)

E. **Despite Having Responses for More Than Four Months, Plaintiff's Begin Scorched Earth and Duplicative "Meet and Confer" Efforts When Only Two Weeks Remain Before Discovery Process**

On June 6, 2008 – more than three months after receiving Defendant's responses and two and a half months after meet and confer efforts concluded – Plaintiff began to raise issues as to

4

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO REQUESTS FOR PRODUCTION NOS. 4, 7 AND 26; CASE NO.: C-07-4636MMC

the document responses that the parties had previously met and conferred on in good faith. (Williams Decl. ¶15 and Exhibit H.) In fact, twelve court days shy of the discovery cut-off date, Plaintiff began engaging in a scorched earth approach to meeting and conferring regarding discovery. Indeed, within the next two weeks of the *nine and a half month discovery period*, Plaintiff sent twenty pages of "meet and confer" letters to Defendant seeking immediate responses[4]. (Williams Decl. ¶16.) While Crump certainly has the right to change counsel, that should not allow either prior agreements or actions by former counsel to be ignored.

Despite having already met and conferred with regard to these responses months previously, Defendant nonetheless once again met and conferred with Plaintiff. (Williams Decl. ¶16.) In response to these last-minute meet and confer efforts, Defendant has produced (1) additional documents (i.e., additional emails from McGrath announcing his change in employment) and (2) unredacted the name of Cyndi Marty from previously produced depositions. (Williams Decl. ¶16 and Exhibit M.)

### F. Plaintiff's Counsel Admits That Information Related to Compensation Is Proprietary and Confidential Information

On June 17, 2008, during the deposition of former Crump president Glenn Hargrove, the deponent was asked general information regarding the compensation of a current employee of Plaintiff who was in a similar position as Defendant McGrath. (Williams Decl. ¶17 and Exhibit N.) Specifically, the deponent was instructed that Defendant was "not asking you for a dollar amount" but only wanted to know whether his compensation was based on what revenue he generated during his first year of employment with Plaintiff. (Williams Decl. ¶17 and Exhibit N.) Despite having filed this Motion the day before, Plaintiff's counsel objected to the question on the bases of "confidential proprietary trade secret information" and "privacy." (Williams Decl. ¶17 and Exhibit N.)

---

[4] These pages represent only meet and confer efforts by Plaintiff as to Defendants' responses to Plaintiff's Request for Production.

5
DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO REQUESTS FOR PRODUCTION NOS. 4, 7 AND 26; CASE NO.: C-07-4636MMC

G. **Plaintiff's Counsel Attempts to Broaden Scope of the Case and Discovery Weeks Before the Discovery Cut-Off**

On June 4, 2008, twelve court days before the discovery cut-off, Plaintiff's counsel advised Defendants that it would be seeking to amend the Complaint to add additional causes of action with regard to other employees who have also left Crump to join All Risks (Williams Decl. ¶18 and Exhibit O.) On June 6, 2008, Defendants responded that they would oppose any proposal to amend the Complaint or change any Court determined deadlines. (Williams Decl. ¶19 and Exhibit P.) Defendants have heard nothing further on the subject. (Williams Decl. ¶19.)

### III. LEGAL ARGUMENT

A. **Defendant Should Not Be Compelled To Comply With Request for Production No. 4**

1. **Plaintiff Has Waived Its Right To Move To Compel**

Parties are required to meet and confer in ***good faith*** prior to filing a motion to compel. Fed. Rule Civ. Pro. R. 37(a)(1). Plaintiff's failure to do so in a timely manner can constitute a waiver of the right to move to compel further responses. *See Gault v. Nabisco Biscuit Co.* (D. NV 1999) 184 F.R.D. 620, 622. Here, Plaintiff's attempted meet and confer as to these responses is *more than 120 days after having received the responses* and *three months after All Risks had already engaged in meet and confer efforts* with Crump.

Plaintiff propounded these requests on January 3, 2008 and was in receipt of the responses on February 13th. On March 19, 2008, counsel for Plaintiff and Defendant engaged in a lengthy teleconference regarding Defendant's Responses to Request for Production of Documents, **including all Requests that are at issue in this Motion.** Defendant All Risks articulated its position with regard to these requests, as set forth below for the Court, and did not agree to produce any additional documents. Likewise, Plaintiff was in receipt of the redacted documents by March 25th.

On June 6, 2008 – more than three months after receiving Defendant's responses and two and a half months after meet and confer efforts concluded – Plaintiff's attempted to *again* meet and confer with regard to these discovery issues. Because Plaintiff has already met and conferred with regard to these issues – and previously reached a resolution – Plaintiff's present attempt to

6

meet and confer with regard to these Requests is untimely and abusive of the discovery process. Plaintiff has waived its right to move to compel these responses.

### 2. Plaintiff Has Not Sufficiently Met And Conferred Nor Met And Conferred In Good Faith

Plaintiff's "first" attempt to meet and confer – for the second time – with regard to this Request was conveyed in its June 6, 2008 letter wherein it articulates reasons it is entitled to documents responsive to Request for Production Nos. 2-3 and then only refers generally to Request No. 4 as follows: "Your responses to requests nos. 4-12 and 26 raise similar issues." Nothing in the letter articulates specifically why Defendant's objections to Request for Production No. 4 are invalid or why Plaintiff is entitled to the category of documents sought.

Despite Plaintiff's half-hearted "meet and confer" attempt, Defendant responded with a substantive response, specifically addressing Request for Production No. 4. Defendant, in its June 11th letter to Plaintiff, stated as follows: Request for Production No. 4 "seeks a hopelessly wide range of documents (i.e., internal communications regarding what salaries should be offered, etc.). Moreover, this request has no nexus to McGrath and therefore no relation to this lawsuit." (Williams Decl. ¶12 and Exhibit K.)

Plaintiff's response, as set forth in its June 12, 2008 meet and confer letter, does not address the merits of Defendant's response and instead responds with the same vagueness as its previous letter. Plaintiff's letter states: "We disagree that the request is overbroad or seeks irrelevant information. We claim that Defendants wrongfully interfered with Crump's employment relationships with employees other than McGrath." This misstates the allegations set forth in Plaintiff's Complaint as the allegations in the complaint are regarding All Risks' alleged use of "**confidential information provided to it by Defendant McGrath with regard to such employees.**" (Emphasis added.) (Williams Decl. ¶2, and Exhibit A, see paragraphs 69 and 77 of Complaint.)   Additionally, it wholly ignores the Defendant's position as to this request as set forth in its June 11, 2008 letter. Such boilerplate responses is insufficient to meet the good faith meet and confer requirements of the Federal Rules of Civil Procedure.

///

Moreover, twelve court days shy of the discovery cut-off date, and with six depositions noticed to be taken during that time, Plaintiff began engaging in a scorched earth approach to meeting and conferring regarding discovery. Indeed, in the remaining week and a half of the prior to more than a nine month discovery period, Plaintiff sent twenty pages of "meet and confer" letters regarding Defendants' responses and documents (most of which Plaintiff had been in possession of for weeks, if not months). This last minute harassment of Defendants with regard to meet and confer efforts that had already concluded, can hardly be characterized as meeting and conferring in good faith.

### 3. Defendant's Objections to Plaintiff's Request for Production No. 4 Are Valid And Should Be Upheld

**REQUEST FOR PRODUCTION NO. 1:**
All documents and electronically stored information from January 1, 2007 through the present, concerning or relating to solicitation of employees of Crump Insurance Services to work with All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**
Defendant objects to this request as overly broad. Defendant further objects to this request as it assumes facts not in evidence. Defendant objects to this request as it calls for a legal conclusion and thereby seeks to violate the attorney-client and attorney work product privileges.

**WHY DOCUMENTS SHOULD NOT BE COMPELLED:**

Under Federal Rule of Civil Procedure 26(b)(1), parties have the right to discover "any nonprivileged matter that is relevant to any party's claim or defense." They are not, however, entitled to perform a fishing expedition for information unrelated to the pending litigation and may discover information related to a party's claims or defenses without a showing of good cause. Fed. Rule Civ. Pro. R. 26(b)(1)

As stated in Defendant's objections and relayed to Plaintiff's counsel during meet and confer discussions more than 3 months ago, this request is overbroad. It seeks a wide range of documents (i.e., internal communications regarding what salaries should be offered to third parties to this litigation, etc.). Moreover, the request has *no nexus to Defendant McGrath* and therefore *no relation to <u>this lawsuit</u>*. For example, the request as written would encompass current employees of Plaintiff in another city who may presently be negotiating with Defendant – clearly jeopardizing the employment of the current employee. As stated in our responses served

8

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO REQUESTS FOR PRODUCTION NOS. 4, 7 AND 26; CASE NO.: C-07-4636MMC

February 13th and again to Plaintiff's counsel in March, these objections are valid. Plaintiff is not entitled to the documents it seeks and Defendant should not be compelled to produce these documents.

Plaintiff, *for the first time in its Motion to Compel*, contends that these requests are relevant to Plaintiff's claims that:

1. *McGrath wrongfully assisted All Risks in recruiting Marty while McGrath was Crump's Executive Vice-President* (Plaintiff's Motion to Compel, page 5, lines 22-23);

2. *McGrath wrongfully solicited Marty after McGrath left Crump's employ* (Plaintiff's Motion to Compel, page 5, line 24); and

3. *McGrath disclosed, and All Risks used, Crump's confidential information regarding Marty's compensation and Crump's finances. Responsive documents may also disclose wrongful solicitation of or interference with other Crump employee* (Plaintiff's Motion to Compel, page 5, lines 25-27).

Each of these purported reasons are invalid for the reasons set forth below. Moreover, each of the reasons listed was only articulated to Defendant **for the first time via Plaintiff's Motion to Compel** filed with this Court. Had Plaintiff provided Defendant this information during the meet and confer process, as opposed to its mere assertion that the information sought was relevant, Defendant would have agreed to amend its responses as it has done below.

> *McGrath wrongfully assisted All Risks in recruiting Marty while McGrath was Crump's Executive Vice-President* (Plaintiff's Motion to Compel, page 5, lines 22-23)

The request as written seeks a range of documents much broader than this category of documents. Plaintiff's contention that it seeks documents from McGrath to All Risks regarding Ms. Marty while McGrath was at All Risks is disingenuous. If, however, this is truly the information sought by Plaintiff, Defendant will amend its response to read as follows: Defendant has performed a reasonable and diligent search and does not have any documents sent from or received by McGrath related to Marty's possible employment with All Risks in its possession, custody, or control.

///

9

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO REQUESTS FOR PRODUCTION NOS. 4, 7 AND 26; CASE NO.: C-07-4636MMC

> *McGrath wrongfully solicited Marty after McGrath left Crump's employ*
> (Plaintiff's Motion to Compel, page 5, line 24)

Plaintiff's contention that it seeks documents regarding "McGrath wrongfully solicited Marty after McGrath left Crump's employ" is likewise disingenuous." To start, nothing in Request for Production No. 4 as written even mentions McGrath. The request as written seeks all documents regarding the solicitation of ANY Crump employee to come work at All Risks. Nonetheless, if Plaintiff is sincere as to its statement that it seeks only documents supporting the contention that "McGrath wrongfully solicited Marty after McGrath left Crump's employ" then this issue is now moot. Marty started her employment with All Risks on July 2, 2007. Therefore, the communications which Plaintiff would be interested in are any documents from McGrath to Marty from McGrath's first day at All Risks until Marty's first day at All Risks. Defendant will amend its response to state that it has performed a reasonable and diligent search and does not have any documents in its possession, custody, or control regarding communications between McGrath and Marty for that relevant time period.

> *McGrath disclosed, and All Risks used, Crump's confidential information regarding Marty's compensation and Crump's finances.* (Plaintiff's Motion to Compel, page 5, lines 25-27)

The documents described here would also be limited to the time frame of up until Marty started her employment with All Risks. Defendant All Risks will make the following representation as to documents from McGrath relating Marty's compensation at Crump: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in its possession, custody, or control.

> *Responsive documents may also disclose wrongful solicitation of or interference with other Crump employees.*

This category of document is attached to the previous category but is really a wholly separate request and the category that Plaintiff primarily seeks. Unfortunately, this overly broad category is not related to any parties' claims or defenses. The only claims set forth in the Complaint at all related to this request are paragraphs 69 and 77 which reads as follows: "Plaintiff is informed and believes, and on that basis alleges, that Defendant All Risks and Does 1-50 intended to interfere with that prospective relationship existing with Plaintiff's employees, and

10

1  did so by making use of the confidential information provided to it by Defendant McGrath with
2  regard to such employees."[5] (Williams Decl. ¶2, and Exhibit A, see paragraphs 69 and 77 of
3  Complaint.)

4       Request for Production No. 4, however, seeks a much broader category of documents as it
5  seeks any document concerning or relating solicitation of any employees of Crump Insurance to
6  work with Crump – not just those related to McGrath as the allegations in the Complaint
7  necessitate. As a starting off point, All Risks is legally permitted to solicit employees of a
8  competitor to work for its organization. *Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1154. What
9  All Risks is not permitted to do is use trade secret information from Crump, to the extent that
10 Crump can establish that any information is "trade secret," to solicit employees away from
11 Crump. *Id.* at 1156. Request for Production No. 4 as written seeks the former, overly broad
12 category of documents. Plaintiff is certainly not entitled to documents related to All Risks legal
13 solicitation of *any* Crump employees regardless of whether or not McGrath was in anyway related
14 to the alleged solicitation. But this is exactly the information it seeks.

15      On June 4, 2008, Plaintiff sent a letter to Defendants indicating that it sought to amend its
16 Complaint in light of additional Crump employees who have moved to All Risks. Two days later,
17 but more than two and a half months after Plaintiff and Defendant had concluded their meet and
18 confer discussions regarding this request, Plaintiff sought to "meet and confer" again with regard
19 to this overly broad request that is wholly irrelevant to the operative Complaint. This is clearly a
20 fishing expedition so that Plaintiff can try and file additional lawsuits against Defendant All Risks
21 that have no relation to McGrath and thus is clearly an abuse of the discovery process.

22      In light of Defendant's agreement to amend its responses as articulated above, Plaintiff
23 does not have any grounds to further compel responses. Therefore, its motion to compel a
24 response to this request should be denied.

---

[5] Paragraph 77 is similar and reads as follows: "Defendants acted negligently in that they did not take appropriate steps to insure that no improper use of Plaintiff's proprietary information about its employees was use [sic] in order to seek to induce such employees to terminate their relationship with Plaintiff. Instead, **confidential information provided to All Risks by Defendant McGrath with regard to such employees was used.**" (Emphasis added)

11
DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO REQUESTS FOR PRODUCTION NOS. 4, 7 AND 26; CASE NO.: C-07-4636MMC

### B. Defendant Should Not Be Compelled To Comply With Requests for Production Nos. 7 and 26

**REQUEST FOR PRODUCTION NO. 7:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to the possible employment of Cindi Marty.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Defendant objects to this request as overly broad. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to efforts made by You to obtain Cindi Marty as an employee of All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this request as overly broad. Defendant objects to this request as it assumes facts not in evidence. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

**WHY DOCUMENTS SHOULD NOT BE COMPELLED**:

Under Federal Rule of Civil Procedure 26(b)(1), parties have the right to discover "any nonprivileged matter that is relevant to any party's claim or defense." They are not, however, entitled to perform a fishing expedition for information unrelated to the pending litigation.

Requests for Production Nos. 7 and 26 are nearly identical and seek documents related to the possible employment of Cyndi Mary. Ms. Marty is not a party to this litigation and therefore her right of privacy must be respected. Moreover, Ms. Marty was deposed by Plaintiff and Plaintiff was able to ask Ms. Marty questions relevant to the allegations in the Complaint. Per Ms. Marty's sworn deposition testimony, she was contacted by Nick Cortezi – not Mike McGrath – and the decision to leave Crump was her own – influenced by no one else. (Williams Decl. ¶12 and Exhibit L.) Despite this clear testimony, Plaintiff still seeks to obtain an overbroad category of documents that most certainly invades Ms. Marty's right to privacy. Defendants have already produced documents wherein McGrath is involved in the possible employment of Ms. Marty, specifically, ALL000009-15 and ALL000018-21. Defendants will further represent that it does not have any documents involving McGrath and the possible employment of Marty in its possession, custody, or control. Beyond these categories of documents, any additional documents

12

1  are wholly beyond the scope of the allegations set forth in Plaintiff's Complaint. As such,
2  Defendant should not be compelled to produce these documents.

3  **C.    Defendant Should Not Be Compelled to Further Unredact Documents**

4      **1.    ALL000006, ALL000007, ALL000016**

5  The redacted portions of these documents relate to third parties who are not involved in
6  this litigation. Defendants have already provided responsive documents with unredacted
7  documents relating to third party Cyndi Marty because Ms. Marty was specifically identified by
8  Plaintiff. The remaining redacted information is of no relation to this lawsuit and to allow
9  Plaintiff to access this information would be to permit a fishing expedition as information
10 regarding various third-parties is clearly not relevant to the allegations in Plaintiff's Complaint.
11 Defendants would be willing to make this information available to the Court pursuant to
12 an *in camera* review.

13     **2.    ALL000009-10, ALL000018-19**

14 These documents have already been re-produced to Plaintiff with Cyndi Marty's name
15 unredacted. The remaining redactions relate to the compensation of Mr. McGrath and Ms. Marty.
16 Information regarding the compensation received an employee is private to the employee and
17 confidential, and proprietary to the employer offering these compensations. Courts are clear that
18 "[p]ersonal financial information comes within the zone of privacy protected by Article 1,
19 Section 1 of the California Constitution." *Moskowitz v. Superior Court of Los Angeles* (1982)
20 137 Cal.App.3d 313, 315-316 *citing Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d
21 652, 656. Though this right is not absolute, it is likewise clear that "an invasion of the right of
22 privacy 'must be drawn with narrow specificity' and is permitted only to the extent necessary for
23 a fair resolution of the lawsuit. *Id.* at 316, *citing Britt v. Superior Court* (1978) 20 Cal.3d 844,
24 856, 859.

25 Even counsel for Plaintiff agrees that such information is private and confidential. In light
26 of the objections set forth by Plaintiff's counsel regarding even less specific compensation
27 information at Mr. Hargrove's deposition, it is disingenuous of Plaintiff to turn a corner and now
28 argue that even more specific information is not confidential, proprietary, or private.

13

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO REQUESTS FOR
PRODUCTION NOS. 4, 7 AND 26; CASE NO.: C-07-4636MMC

> Q. Okay. So in regards to Mr. Binkelman -- and I'm not asking you for the dollar amount, but was he -- when he was hired at Crump, was his compensation based on a percentage of revenue that he was gonna generate for that first year at Crump?
>
> MR. ASKANAS: I'm gonna object and instruct you not to answer the question. That's proprietary information.
>
> MS. RUTTER: You're instructing him not to answer on the grounds of proprietary?
>
> MR. ASKANAS: Confidential proprietary trade secret information, yes.
>
> MS. RUTTER: Is there any other grounds?
>
> MR. ASKANAS: That's all I can think of right now.
>
> MS. RUTTER: Privacy? Are you objecting on the grounds of privacy and proprietary?
>
> MR. ASKANAS: If you think I should add privacy to that litany, I certainly will.
>
> MS. RUTTER: Okay.

(Williams Decl. ¶17 and <u>Exhibit N</u>.) Defendant's objections are valid and Defendant should not be compelled to produce this information.

Defendants are willing to provide these documents to the Court *in camera* to confirm that the redacted information is, in fact, only the compensation numbers for Mr. McGrath and Ms. Marty.

### D. McGrath, Marty And Cortezi Should Not Be Compelled To Appear For Further Depositions

Based on the foregoing, McGrath, Marty, and Cortezi should not be compelled to appear for further deposition. Crump had its opportunity to raise these issues with Court prior to their

14

scheduled depositions which have now concluded. They chose not to properly and timely raise these issues with the court. Further, the information sought by the documents requests is not relevant to this matter and seeks confidential, proprietary information and to likewise invade the privacy rights of McGrath, Marty and Cortezi.

Additionally, with regard to Marty, she was never asked about the terms of her compensation during her deposition. Plaintiff cannot now use this last minute Hail Mary discovery pleading to create a basis to re-open her deposition for information that was not previously sought.

### IV.    CONCLUSION

For the foregoing reasons, Defendants All Risks and Michael McGrath respectfully requests that this Court deny Plaintiff's motion to compel in its entirety.

Dated: July 3, 2008

CURIALE DELLAVERSON HIRSCHFELD
& KRAEMER, LLP

By: *Kristen L. Williams*
Kristen L. Williams
Donna M. Rutter

Attorneys for Defendants
MICHAEL P. McGRATH and ALL RISKS, LTD.