1    STEPHEN J. HIRSCHFELD (SBN
     118068)shirschfeld@cdhklaw.com
2    DONNA M. RUTTER (SBN
     145704)drutter@cdhklaw.com
3    KRISTEN L. WILLIAMS (SBN
     232644)kwilliams@cdhklaw.com
4    CURIALE DELLAVERSON HIRSCHFELD
       & KRAEMER, LLP
5    727 Sansome Street
     San Francisco, CA  94111
6    Telephone:  (415) 835-9000
     Facsimile:  (415) 834-0443
7
     Attorneys for Defendants
8    MICHAEL P. McGRATH
     and ALL RISKS, LTD.
9

10                 UNITED STATES DISTRICT COURT

11                     NORTHERN DISTRICT

12

13   CRUMP INSURANCE SERVICES, INC.,        Case No.  C-07-4636 MMC

14              Plaintiff,                   **DECLARATION OF KRISTEN L.
                                             WILLIAMS IN SUPPORT OF
15   vs.                                     DEFENDANTS' OPPOSITION TO
                                             PLAINTIFF'S MOTION TO COMPEL ALL
16   MICHAEL P. McGRATH, an individual,      RISKS, LTD. TO RESPOND TO
     ALL RISKS, LTD., a corporation, and     REQUESTS FOR PRODUCTION NOS. 4, 7
17   Does 1 through 50, inclusive,           AND 26 AND TO PRODUCE
                                             UNREDACTED DOCUMENTS AND
18              Defendant.                    MOTION TO COMPEL MICHAEL
                                             MCGRATH, NICHOLAS CORTEZI, AND
19                                           CYNTHIA MARTY TO APPEAR FOR
                                             FURTHER DEPOSITIONS REGARDING
20                                           THE DOCUMENTS**

21                                           **Date:   August 6, 2008
                                             Time:  9:30 a.m.
22                                           Magistrate Judge James Larson
                                             Courtroom:  F**

23

24

         I, Kristen L. Williams, declare as follows:
25
         1.       I am an attorney at law duly licensed to practice law before all courts of the State
26
     of California.  I am an associate in the law offices of Curiale Dellaverson Hirschfeld & Kraemer,
27
     LLP, attorneys of record for attorneys of record for Defendants Michael McGrath and All Risks,
28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Ltd. in this action. I have personal knowledge of the facts stated herein and could testify

2    competently to them if called upon to do so.

3        2.    Plaintiff Crump filed suit against both McGrath and All Risks on August 31, 2007,

4    claiming that, upon his resignation, Defendant Michael McGrath (1) breached the terms of a

5    Memorandum of Understanding and (2) breached his fiduciary duty to Crump.  Crump also

6    alleges that both McGrath and Defendant All Risks (1) misappropriated trade secrets; (2)

7    intentionally interfered with its prospective advantage with regard to its clients; (3) negligently

8    interfered with its prospective advantage with regard to its clients; (4) intentionally interfered

9    with its prospective advantage with regard to its employees; and (5) negligently interfered with its

10   prospective advantage with regard to its employees.  Attached as Exhibit A is a true and correct

11   copy of Plaintiff's Complaint filed on August 31, 2007.

12       3.    On January 3, 2008, Plaintiff propounded Request for Production of Documents

13   on Defendant All Risks.  Defendant All Risks responded to these on February 13, 2008.  Attached

14   as Exhibit B is a true and correct copy of Plaintiff's Request for Production served on January 3,

15   2008. Attached as Exhibit C is a true and correct copy of All Risks' responses served on

16   February 13, 2008.

17       4.    On February 29, 2008, Plaintiff's counsel, Doug Stern of Fulbright and Jaworski,

18   sent Defendant a letter requesting to meet and confer with regard to various responses by

19   Defendant All Risks.  On March 19, 2008, counsel for Plaintiff and I engaged in a lengthy

20   teleconference regarding Defendant's Responses to Request for Production of Documents,

21   including all Requests that are at issue in this Motion.  I articulated the position of Defendant All

22   Risks with regard to these requests and did not agree to produce any additional documents.

23   Crump did not challenge All Risks' position further and no further communications were had

24   regarding Requests for Production Nos. 4, 7, or 26.  Attached as Exhibit D is a true and correct

25   copy of the February 29, 2008 letter.

26       5.    Defendants served Plaintiff with its responsive documents on March 25, 2008.

27       6.    Defendants subsequently served Plaintiff with a redaction log on May 29, 2008

28   identifying documents that were redacted based on the information being confidential, proprietary

2

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    or an invasion of the individual's privacy. Plaintiff never indicated any desire to to meet and

2    confer with regard to the redacted documents at that time. Attached as <u>Exhibit E</u> is a true and

3    correct copy of the redaction log served on Plaintiff on May 29, 2008.

4         7.    Plaintiff deposed McGrath on April 30, 2008. I have read the transcript of

5    Michael McGrath and can represent that Plaintiff was asked about his compensation and was

6    instructed not to answer based on his right of privacy. Attached as <u>Exhibit F</u> is a true and correct

7    copy of the pertinent portions of the deposition of Michael McGrath of April 30, 2008.

8         8.    After the deposition, Plaintiff did not move to compel deposition testimony

9    regarding his compensation. Moreover, Plaintiff never attempted to even meet and confer with

10   Defendant as to the redacted information, including the redactions relating to McGrath's

11   compensation. Plaintiff did not meet and confer with Defendant as to the redacted documents

12   until June when it had been in possession of the document for two and a half months.

13        9.    On June 2, 2008, I spoke with Plaintiff's counsel, Doug Stern, and it was agreed

14   that the second day of McGrath's deposition would go forward on June 10, 2008. An amended

15   notice of deposition was sent on June 6, 2008, confirming the June 10th date. Plaintiff did not

16   make any attempt to meet and confer with regard to the redacted documents in conjunction with

17   scheduling the continued deposition or serving the amended deposition notice. Attached as

18   <u>Exhibit G</u> is a true and correct copy of the Amended Notice of Deposition.

19        10.   Plaintiff substituted counsel on June 6, 2008 and is currently being represented by

20   the law offices of Jackson Lewis, LLP.

21        11.   Despite being in possession of Defendants' documents since March 25th, the

22   redaction log since May 29, 2008 and sending Defendant one meet and confer letter on June 6th

23   and two more meet and confer letters on June 9th, Plaintiff did not send a letter expressing an

24   interest in meeting and conferring with regard to the redacted documents until June 10, 2008 – the

25   same day as McGrath's second day of deposition and Nick Cortezi's deposition. Attached as

26   <u>Exhibit H</u> is a true and correct copy of Plaintiff's June 6, 2008 letter. Attached as <u>Exhibit I</u> are

27   true and correct copies of Plaintiff's two June 9, 2008 letters. Attached as <u>Exhibit J</u> is a true and

28   correct copy of Plaintiff's June 10, 2008 letter.

3

DECL. OF KRISTEN L. WILLIAMS ISO DEFENDANTS' OPP. TO PLAINTIFF'S
MOTION TO COMPEL; CASE NO.: C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1        12.     On June 11, 2008, Defendant responded to the issues raised by Plaintiff.  Attached

2  as Exhibit K is a true and correct copy of Defendant's June 11, 2008 letter.

3        13.     On April 30, 2008, Plaintiff deposed third-party Cyndi Marty.

4        14.     I have read the deposition of Cyndi Marty and can represent the following: Marty

5  was never asked to disclose her salary information or any information regarding her

6  compensation plan at All Risks.  Ms. Marty testified that her discussions about moving to All

7  Risks were with All Risks' President Nick Cortezi and that her decision to leave Crump was

8  made and influenced by no one other than herself.  Moreover, Plaintiff's counsel concluded

9  Marty's deposition and never sought to further depose her or make any further attempts to obtain

10  information regarding her compensation.  Attached as Exhibit L is a true and correct copy of the

11  pertinent portions of Cyndi Marty's deposition taken on April 30, 2008.

12        15.     On June 6, 2008 – more than three months after receiving Defendant's responses

13  and two and a half months after meet and confer efforts concluded – Plaintiff began to raise issues

14  as to the document responses that the parties had previously met and conferred on in good faith.

15  Attached as Exhibit H is a true and correct copy of Plaintiff's June 6, 2008 letter.

16        16.     Plaintiff sent twenty pages of "meet and confer" letters to Defendant seeking

17  immediate responses during the last two weeks prior to the discovery cut-off.  These pages

18  represent only meet and confer efforts by Plaintiff as to Defendants' responses to Plaintiff's

19  Request for Production..  Despite having already met and conferred with regard to these

20  responses months previously, Defendant nonetheless once again met and conferred with Plaintiff.

21  In response, Defendant produced (1) additional documents (i.e., additional emails from McGrath

22  announcing his change in employment) and (2) unredacted the name of Cyndi Marty from

23  previously produced depositions.  Attached as Exhibit M is a true and correct copy of the June 25,

24  2008 letter enclosing additional documents for production and documents where Cyndi Marty's

25  name was redacted.

26        17.     I have read the deposition of Glenn Hargrove taken on June 17, 2008 and can

27  represent the following: Mr. Hargrove was asked general information regarding the compensation

28  of a current employee of Plaintiff who, upon information and belief, was in a similar position as

4

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Defendant McGrath.  The deponent was instructed that Defendant was "not asking you for a

2   dollar amount" but only wanted to know whether his compensation was based on what revenue he

3   generated during his first year of employment with Plaintiff.  Despite having filed this Motion the

4   day before, Plaintiff's counsel objected to the question on the bases of "confidential proprietary

5   trade secret information" and "privacy."  Attached as <u>Exhibit N</u> is a true and correct copy of the

6   pertinent portions of Glenn Hargrove's deposition taken on June 17, 2008.

7        18.    On June 4, 2008, twelve court days before the discovery cut-off, Plaintiff's counsel

8   advised Defendants that it would be seeking to amend the Complaint to add additional causes of

9   action with regard to other employees who have also left Crump to join All Risks.  Attached as

10  <u>Exhibit O</u> is a true and correct copy of Plaintiff's June 4, 2008 letter.

11       19.    On June 6, 2008, Defendants responded that they would oppose any proposal to

12  amend the Complaint or change any Court determined deadlines.  Defendants have heard nothing

13  further on the subject.  Attached as <u>Exhibit P</u> is a true and correct copy of Defendants' June 6,

14  2008 letter.

15

16       I declare under penalty of perjury under the laws of the State of California that the

17  foregoing is true and correct.  Executed this 3rd day of July, 2008, in San Francisco, California.

18

19                                    _Kristen L. Williams_

20                                    Kristen L. Williams

21

22

23

24

25

26

27

28

DECL. OF KRISTEN L. WILLIAMS ISO DEFENDANTS' OPP. TO PLAINTIFF'S
MOTION TO COMPEL; CASE NO.:  C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT A

1    **FULBRIGHT & JAWORSKI L.L.P.**
     DOUGLAS W. STERN (BAR NO. 82973)
2    555 South Flower Street
     Forty-First Floor
3    Los Angeles, CA 90071
     Telephone: (213) 892-9200
4    Facsimile: (213) 892-9494

5    Attorneys for Plaintiff CRUMP INSURANCE
     SERVICES, INC. a Texas Corporation

6

7

8

ENDORSED
F I L E D
San Francisco County Superior Co...

AUG 3 1 2007

GORDON PARK-LI, Clerk
~~ _____ JUN ELANELLO

**CASE MANAGEMENT CONFERENCE SET**

FEB 0 1 2008 -9⁰⁰AM

**DEPARTMENT 212**

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF SAN FRANCISCO

11

12   CRUMP INSURANCE SERVICES, INC. a          )   Case No. **C G C - 0 7 - 4 6 6 8 0 4**
     Texas Corporation,                         )
13                                              )   [Unlimited Civil Complaint]
                    Plaintiff,                   )
14                                              )   Assigned For All Purposes To The
             v.                                  )   Honorable
15                                              )
     MICHAEL P. MCGRATH, an individual, ALL     )   **COMPLAINT FOR DAMAGES FOR:**
16   RISKS, LTD. a corporation, and Does 1 through )
     50, inclusive,                              )   **(1) BREACH OF CONTRACT;**
17                                              )   **(2) MISAPPROPRIATION OF**
                    Defendants.                  )   **TRADE SECRETS;**
18                                              )   **(3) BREACH OF FIDUCIARY**
                                                 )   **DUTY;**
19                                              )   **(4) INTENTIONAL**
                                                 )   **INTERFERENCE WITH**
20                                              )   **PROSPECTIVE ECONOMIC**
                                                 )   **ADVANTAGE (CLIENTS);**
21                                              )   **(5) NEGLIGENT INTERFERENCE**
                                                 )   **WITH PROSPECTIVE ECONOMIC**
22                                              )   **ADVANTAGE (CLIENT);**
                                                 )   **(6) INTENTIONAL**
23                                              )   **INTERFERENCE WITH**
                                                 )   **PROSPECTIVE ADVANTAGE**
24                                              )   **(EMPLOYEES);**
                                                 )   **(7) NEGLIGENT INTERFERENCE**
25                                              )   **WITH PROSPECTIVE ECONOMIC**
                                                 )   **ADVANTAGE (EMPLOYEES)**
26                                              )
27   _____ )

28

1    Plaintiff Crump Insurance Services, Inc., as successor to Crump E&S of San Francisco

2    Insurance Services, Inc. alleges as follows:

3                                          I.

4                                    **THE PARTIES**

5        1.    Plaintiff Crump Insurance Services, Inc. ("Crump") is a corporation organized and

6    existing under the laws of the State of Texas, with its principle place of business located in

7    Dallas, Texas. Crump is the successor in interest to Crump E&S of San Francisco Insurance

8    Services, Inc. Plaintiff is engaged as an intermediary in the business of providing insurance to

9    customers.

10       2.    At all times material hereto Plaintiff was qualified to do business in the State of

11   California.

12       3.    Defendant Michael P. McGrath ("McGrath") is an individual residing in the State

13   of California, City of Novato.

14       4.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

15   Risks, Ltd. ("All Risks") is a corporation believed to exist under the laws of the State of

16   Maryland, with its principal place of business located in Hunt Valley, Maryland. Defendant All

17   Risks is a competitor of Plaintiff in the insurance business.

18       5.    Plaintiff is ignorant of the true names and capacities of those individuals and

19   entities sued herein as Doe Defendants 1 through 50, inclusive. Plaintiff will amend this

20   Complaint to set forth their true names and capacities at such time as they are ascertained.

21       6.    Plaintiff is informed and believes, and on that basis alleges that those defendants

22   sued herein as Does 1 through 50, inclusive, participated in the wrongs alleged herein, in various

23   capacities and are liable to Plaintiff for the claims asserted herein.

24                                         II.

25                                **BACKGROUND FACTS**

26       7.    On or about June 7, 1996, Defendant Michael P. McGrath entered into a written

27   contract titled "Memorandum of Agreement" with Crump E&S of San Francisco Insurance

28   Services, Inc. Plaintiff Crump Insurance Services, Inc. is the successor in interest to Crump E&S

1  of San Francisco Insurance Services, Inc. A true and correct copy of the Memorandum of

2  Agreement is attached hereto as Exhibit 1.

3        8.    Since the original Memorandum of Agreement was entered into in 1996, the

4  parties thereto have executed extensions of the Memorandum of Agreement. On or about April

5  30, 2007, Plaintiff and McGrath executed the "Broker Compensation Agreement." The Broker

6  Compensation Agreement, effective January 1, 2007, extended the terms of the Memorandum of

7  Agreement.

8        9.    Pursuant to the June 7, 1996 Memorandum of Agreement, McGrath agreed to a

9  number of terms which he has violated as alleged more particularly below.

10      10.    Pursuant to paragraph 10 of the June 7, 1996 Memorandum of Agreement,

11  McGrath agreed that in the course of his employment, he would obtain confidential information

12  belonging to Crump. This information would relate to the persons, firms, and corporations which

13  were, or would become, customers of Crump. Such confidential information would include, but

14  not be limited to, the names of customers, policy expirations dates, policy terms, conditions and

15  rates, and familiarity with customers' risks. Defendant McGrath agreed that he would not

16  disclose or make use of such confidential information, except as was required in the course of his

17  employment. He further agreed that upon termination of his employment, and for a period of one

18  year thereafter, he would not disclose or make use of such confidential information without the

19  prior written consent of Crump.

20      11.    Pursuant to paragraph 11 the June 7, 1996 of the Memorandum of Agreement,

21  McGrath agreed that all records, files, manuals, lists of customers, blanks, forms, materials,

22  supplies, computer programs and other materials furnished to him by Crump would remain the

23  property of Crump. He further acknowledged that this property was confidential and not readily

24  accessible to Crump's competitors. Upon termination of the employment relationship, McGrath

25  agreed that he would immediately deliver to Crump or its authorized representatives all such

26  property, including copies.

27      12.    Pursuant to paragraph 13 of the Memorandum of Agreement, McGrath agreed that

28  so long as he working for Crump, he would not engage in business activities competitive with the

1    work he performed for Crump.

2         13.    McGrath further agreed pursuant to paragraph 14 of the Memorandum of

3    Agreement, that he would not solicit employees of Crump for any other competitive company.

4         14.    McGrath also agreed pursuant to paragraph 16 of the Memorandum of Agreement

5    that he would provide 15 days prior written notice to Crump should he wish to terminate his

6    position as an employee of Crump.

7         15.    At some time prior to June 3, 2007, McGrath negotiated with Defendant All Risks

8    to cease being an employee of Plaintiff Crump and instead to become an employee of All Risks.

9    At some time prior to June 3, 2007, McGrath decided that he would terminate his employment

10   with Crump and begin employment with All Risks.

11        16.    Prior to June 3, 2007, Defendant McGrath decided that he would take advantage of

12   the proprietary information of Crump and use such information to the advantage of himself and

13   his new employer, All Risks.

14        17.    On or about May 31, 2007, after having decided that he would be leaving Plaintiff

15   Crump, and that he would be working for Defendant All Risks, Defendant McGrath, in violation

16   of the terms of this contract, and his obligations to Plaintiff, obtained information from Plaintiff

17   on expiration dates of policies, commissions, and customer renewal information. This

18   information was proprietary and confidential and of significant economic value to Plaintiff, and

19   would similarly have significant economic value to Defendant All Risks.

20        18.    On or about June 3, 2007, without complying with the minimum 15 days written

21   notice provision set forth in the Memorandum of Agreement, paragraph 16, McGrath abruptly

22   notified Crump that he was terminating his employment with Crump and immediately

23   commencing employment with a competitor, Defendant All Risks.

24        19.    Since June 4, 2007, Defendant McGrath has been an employee of Defendant All

25   Risk and has engaged in the conduct alleged herein below.

26

27

28

### III.

### FIRST CAUSE OF ACTION

**[Breach of Contract – Against Defendant McGrath]**

20.    Crump incorporates by reference herein the allegations of paragraph 1 through 19 above.

21.    Pursuant to the express terms of the June 7, 1996 Memorandum of Agreement, as renewed at various times through and including January 1, 2007, McGrath had agreed to those express obligations noted above in paragraphs 10 through 14 with respect to the utilization of confidential information belonging to Crump.

22.    Plaintiff is informed and believes, and on that basis alleges that McGrath breached a number of provisions of the June 7, 1996 Memorandum of Agreement, including but not limited to paragraph 10, paragraph 11, paragraph 13, paragraph 14, and paragraph 16 thereof.

23.    In particular, McGrath improperly and unlawfully misappropriated and used confidential information belonging to Crump.  Plaintiff is informed and believes, and on that basis alleges that that this information included the identity of persons, firms and corporations which had become customers or accounts of Crump.

24.    Plaintiff is informed and believes, and on that basis alleges that that the information used by McGrath also included the source with which the insurance was placed, as well as the names of customers, policy expiration dates, policy terms, conditions and rates and familiarity with the customers' risk, all of which were agreed constituted confidential information belonging to Crump.

25.    At no time did Crump give its written consent to McGrath to utilize any of the confidential information.

26.    Plaintiff is informed and believes, and on that basis alleges that McGrath disclosed to his new employer, All Risks, the confidential information which belonged to Crump.

27.    McGrath breached the June 7, 1996 Memorandum of Agreement in that he improperly and unlawfully took for his own use, and the use of his new employer, All Risks, records, files and lists as well as other materials which had been furnished to him as a Crump

DOCUMENT PREPARED
IN RECYCLED PAPER

1    employee. Plaintiff is informed and believes, and on that basis alleges that that such information

2    included confidential information belonging to Crump.

3        28.    Plaintiff is informed and believes, and on that basis alleges that Defendant

4    McGrath obtained and has used electronic versions of confidential information of Crump.

5        29.    Plaintiff is informed and believes, and on that basis alleges that while still under

6    the employ of Crump, Defendant McGrath engaged in business activities which were competitive

7    with the work he performed at Crump, in violation of his obligations to Crump.

8        30.    Plaintiff is informed and believes, and on that basis alleges that while still an

9    employee of Crump, Defendant solicited Crump employees to cease their employment with

10   Crump, and instead commence employment with McGrath's new employer, All Risks.

11       31.    Notwithstanding the fact that McGrath had agreed that he would provide 15 days

12   prior written notice to Crump should he wish to terminate the June 7, 1996 Memorandum of

13   Agreement, Crump breached such provision and failed to provide timely written notice of his

14   intent to terminate the relationship.

15       32.    Plaintiff has performed each and every obligation imposed on it by the contract of

16   the parties in accordance with the terms thereof, except to the extent that such performance was

17   excused or prevented by the acts of defendant.

18       33.    Plaintiff has been damaged by the various breaches of contract of McGrath in an

19   amount which has not yet been ascertained. Plaintiff will seek leave of this Court to state the

20   amount of its damages at such time as they are ascertained.

21                                    IV.

22                        SECOND CAUSE OF ACTION

23                   [Misappropriation Of Trade Secrets --

24          Against Defendants McGrath, All Risks and Does 1-50.]

25       34.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

26   33 above.

27       35.    During the course of his employment, Defendant McGrath had access to, and was

28   provided various trade secrets which belonged to Plaintiff. These include, *inter alia*, client lists,

1    expiration lists, underlying client information, and information regarding co-employees.

2        36.    The information provided to Defendant McGrath was provided to him so that he

3    could perform his duties and obligations as an employee of Plaintiff. The information made

4    known to Defendant McGrath constituted trade secrets within the meaning of California Civil

5    Code Section 3426 *et seq.*

6        37.    The information made known to Defendant McGrath had independent economic

7    value and was not generally known to the public or to other persons who could obtain economic

8    value from its disclosure or use.

9        38.    At all times material hereto, Plaintiff took reasonable and appropriate efforts to

10    maintain the secrecy of its trade secrets.

11        39.    Plaintiff is informed and believes, and on that basis alleges Defendants McGrath,

12    All Risks and Does 1-50 made use of the trade secrets of Plaintiff. Further, Defendants All Risks

13    and Does 1-50 obtained economic benefit by the use of the Plaintiff's trade secret.

14        40.    Defendants have been unjustly enriched in that they have obtained the economic

15    value of the trade secrets of Plaintiff.

16        41.    Plaintiff is informed and believes, and on that basis alleges that Defendants actions

17    were willful and malicious in misappropriating the trade secrets of Plaintiff, such that exemplary

18    damages may be awarded pursuant to Civil Code Section 3426.3.

19        42.    Plaintiff has been damaged in an amount which is not presently known to Plaintiff.

20    Plaintiff will amend this Complaint to set forth the amount of damages it sustained at such time as

21    that amount is ascertained.

22                                    V.

23                          **THIRD CAUSE OF ACTION**

24              **[Breach Of Fiduciary Duty – Against Defendant McGrath]**

25        43.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

26    42 above.

27        44.    Defendant McGrath was a fiduciary of Plaintiff as a result of the position he held

28    and with respect to the information provided to him such as client lists, expiration lists,

1 | underlying client information, and information relating to employees of Plaintiff.

2 |     45.    Defendant McGrath was obligated as a fiduciary to make use of the information

3 | provided to him solely in performing his obligation to Plaintiff.

4 |     46.    Defendant McGrath breached his fiduciary duty to Plaintiff by, *inter alia*,

5 | supplying to a competitor, All Risks, the information identified hereinabove, and making use of

6 | that information to obtain form All Risk the benefits of that information and the business it

7 | generated.

8 |     47.    Defendant McGrath breached his fiduciary duty to Plaintiff by using the

9 | information relating to employees of Plaintiff in order to solicit such employees to leave Plaintiff

10 | Crump and to join Defendant All Risks.

11 |     48.    As a result of the breach of fiduciary duty, Plaintiff has been damaged in an

12 | amount not yet ascertained.  Plaintiff will amend this Complaint to set forth such amount when

13 | the amount has been ascertained.

14 |     49.    The conduct of Defendant McGrath was undertaken with malice and oppression

15 | with the desire to harm Plaintiff such that Plaintiff is entitled to the award of punitive damages

16 | from Defendant McGrath.

17 | **VI.**

18 | **FOURTH CAUSE OF ACTION**

19 | **[Intentional Interference With Prospective Economic Advantage (Clients) – Against**

20 | **Defendants McGrath and All Risks and Does 1-50]**

21 |     50.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22 | 49 above.

23 |     51.    Plaintiff has a prospective economic advantage with respect to those of its

24 | customer known to McGrath, to whom Plaintiff had provided insurance services.

25 |     52.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

26 | Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

27 | advantage with respect to Plaintiff's clients who were known to Defendant McGrath.  This

28 | prospective economic advantage was derived from, in part, the confidential information of

31369348.3

DCUMENT PREPARED
N RECYCLED PAPER

1   Crump.

2        53.    Plaintiff had a reasonable expectation and likelihood that it would continue to

3   obtain the economic advantage arising from its preexisting relationships between Plaintiff and its

4   clients who were serviced or otherwise known to Defendant McGrath.  Absent the conduct of

5   Defendants alleged herein, the economic relationship would have continued.

6        54.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

7   Risks and Does 1-50 intended to interfere with that prospective economic advantage and did so

8   by making use of the confidential information provided to it by Defendant McGrath.

9        55.    The actions of Defendants actually caused the disruption of the economic

10  relationship between Plaintiff and some of its customers who were known to Defendant McGrath.

11       56.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

12  ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

13  damages are ascertained.

14       57.    The conduct of Defendant All Risks and Does 1-50 was undertaken with malice

15  and oppression with the desire to harm Plaintiff such that Plaintiff is entitled to the award of

16  punitive damages from Defendant All Risks.

17                                    VII.

18                          **FIFTH CAUSE OF ACTION**

19      **[Negligent Interference With Prospective Economic Advantage (Clients) – Against**

20                  **Defendants McGrath and All Risks and Does 1-50]**

21       58.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22  49 above.

23       59.    Plaintiff has a prospective economic advantage with respect to those of its

24  customer known to McGrath, to whom Plaintiff had provided insurance services.

25       60.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

26  Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

27  advantage with respect to Plaintiff's clients who were known to Defendant McGrath.  This

28  prospective economic advantage was derived from, in part, the confidential information of

31369348.3                          - 9 -

COMPLAINT

1  Crump.

2        61.    Plaintiff had a reasonable expectation and likelihood that it would continue to

3  obtain the economic advantage arising from its preexisting relationships between Plaintiff and its

4  clients who were serviced or otherwise known to Defendant McGrath.  Absent the conduct of

5  Defendants alleged herein, the economic relationship would have continued.

6        62.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

7  Risks and Does 1-50 knew that if they did not act with reasonable care, their conduct would

8  interfere with the prospective economic advantage.

9        63.    Defendants did not act with due care, but instead acted negligently in that they did

10  not take appropriate steps to insure that Defendant McGrath did not misuse the proprietary

11  information of Crump by McGrath.

12        64.    The actions of Defendants actually caused the disruption of the economic

13  relationship between Plaintiff and some of its customers who were known to Defendant McGrath.

14        65.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

15  ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

16  damages are ascertained.

17                                    **VIII.**

18                          **SIXTH CAUSE OF ACTION**

19  **[Intentional Interference With Prospective Economic Advantage (Employees) – Against**

20                  **Defendants McGrath and All Risks and Does 1-50]**

21        66.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22  49 above.

23        67.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

24  Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

25  advantage with respect to its employees who were known to Defendant McGrath.

26        68.    Plaintiff had a reasonable expectation and likelihood that it would continue to

27  obtain the economic benefits provided by those employees, arising from its preexisting

28  employment relationships.

31369348.3

DOCUMENT PREPARED
IN RECYCLED PAPER

69.    Plaintiff is informed and believes, and on that basis alleges that Defendant All Risks and Does 1-50 intended to interfere with that prospective economic relationship existing with Plaintiff's employees, and did so by making use of the confidential information provided to it by Defendant McGrath with regard to such employees.

70.    Plaintiff is informed and believes, and on that basis alleges that as a result of the actions of Defendants, the employees were induced to terminate their employment with Plaintiff and commence employment with Defendant All Risks.

71.    As a result of that conduct, Plaintiff has been damaged in an amount not yet ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of damages are ascertained.

72.    The conduct of Defendant All Risks and Does 1-50 was undertaken with malice and oppression with the desire to harm Plaintiff such that Plaintiff is entitled to the award of punitive damages from Defendant All Risks.

### IX.

### SEVENTH CAUSE OF ACTION

### [Negligent Interference With Prospective Economic Advantage (Employees) – Against Defendants McGrath and All Risks and Does 1-50]

73.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 49 above.

74.    Plaintiff is informed and believes, and on that basis alleges that Defendant All Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic advantage with respect to its employees who were known to Defendant McGrath.

75.    Plaintiff had a reasonable expectation and likelihood that it would continue to obtain the economic benefits provided by those employees, arising from its preexisting employment relationships.

76.    Plaintiff is informed and believes, and on that basis alleges that Defendant All Risks and Does 1-50 knew that if they did not exercise due care, that their conduct would interfere with that prospective economic relationship existing with Plaintiff's employees,

77. Defendants acted negligently in that they did not take appropriate steps to insure that no improper use of Plaintiff's proprietary information about its employees was use in order to seek to induce such employees to terminate their relationship with Plaintiff. Instead, confidential information provided to Defendant All Risks by Defendant McGrath with regard to such employees was used.

78. Plaintiff is informed and believes, and on that basis alleges that as a result of the actions of Defendants, the employees were induced to terminate their employment with Plaintiff and commence employment with Defendant All Risks.

79. As a result of that conduct, Plaintiff has been damaged in an amount not yet ascertained. Plaintiff will seek leave to amend this Complaint at such time as the amount of damages are ascertained.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For damages according to proof;

2. For punitive damages;

3. For appropriate injunctive relief preventing the use by Defendants of Plaintiffs proprietary information;

4. For costs of suit herein;

5. For such other and further relief as the Court deems just and proper.

Dated: August 30, 2007

FULBRIGHT & JAWORSKI L.L.P.
DOUGLAS W. STERN

By _____
DOUGLAS W. STERN
Attorneys for Plaintiff CRUMP INSURANCE SERVICES, INC.

DOCUMENT PREPARED
ON RECYCLED PAPER

# EXHIBIT 1

## MEMORANDUM OF AGREEMENT

MEMORANDUM OF AGREEMENT dated *June 7*, 1996 between Crump E&S of San Francisco Insurance Services, Inc., a California Corporation (hereinafter "Crump"), and Michael P. McGrath (hereinafter "Employee").

### INTRODUCTION

This Agreement is intended to set forth the terms and conditions of the employment relationship between Crump and Employee. This relationship is based on the agreement and understanding of the parties that Crump is the owner of the Crump Business relating to Crump Customers as these terms are used below, and that these customers comprise a substantial part of the goodwill of Crump. To protect the business and goodwill of Crump and the confidential information belonging to Crump, the parties have agreed to certain limitations on competition and disclosure of confidential information following termination of employment. Such limitations relate solely to Crump Business and Crump Customers, however, and are intended to permit Employee to remain in the insurance and brokerage business, if he so desires.

### AGREEMENTS

Crump and Employee agree as follows:

1.     **EMPLOYMENT COMPENSATION** - Crump agrees to employ Employee to solicit, place, and service property or casualty business, during the term of the Agreement and to pay Employee a base salary of $125,000 per year, with future adjustments in accordance with Crump base salary guidelines. Base salary shall be payable in accordance with Crump regular payroll procedures, and may be changed only by written agreement of the parties.

2.     **PERFORMANCE BY EMPLOYEE** - Employee agrees to devote his entire business time and effort to furtherance of the business of Crump and to perform faithfully to the best of his ability all assignments of work given to him by Crump.

3.     **TERM** - The term of this Agreement shall commence as of the date of this Agreement and shall continue through December 31, 1997, at which time this Agreement will be extended automatically to June 30, 1999, if the combined Net Retained Revenue of Robert Lindner, Employee, and Paul Farbstein ("the Team") exceeds $1,500,000 for the time period July 1, 1996, through December 31, 1997. "Net Retained Revenue" shall be defined as brokerage actually received by Crump, less any return brokerage. This Agreement is at all times subject to earlier termination in accordance with paragraph 7 below.

1

4.. **BONUS** -

    a.    <u>Signing Bonus</u>. Employee shall receive a one-time signing bonus of $75,000, payable with the first payroll check to be received by Employee. This signing bonus shall be subject to repayment on a pro-rata basis should Employee leave the employment of Crump at his own election, or for any circumstance outlined in paragraph 7 below, prior to July 1, 1999.

    b.    <u>Annual Bonus</u>. Employee shall participate in an annual bonus pool based on the Net Retained Revenue credited to the Team Employee's share of this annual bonus pool shall be determined each year by, and at the discretion of, Employee's immediate supervisor.

5.    **BENEFITS** - Employee shall be eligible to participate at the level of Vice President in any benefit plans and programs in effect from time to time and as amended by Crump, including annual leave entitlement established by Crump, including three weeks vacation which may be carried over from year to year.

6..    **EXPENSES** - Employee will receive reimbursement for all ordinary and necessary business expenses in accordance with Crump's management guide. Employee shall receive an annual automobile allowance of $6,000, payable in equal semi-monthly installments with the Employee's regular payroll check, and shall also be reimbursed for office parking fees.

7.    **TERMINATION** - The term of this Agreement shall be as stated in Paragraph 3. <u>Term</u>. unless terminated by:

    a.    Employee's death or disability (disability, for the purpose of this Agreement, means the inability of Employee due to illness, accident or other physical or mental incapacity, to perform the duties and services provided for hereunder) for a period of ninety (90) consecutive days; or

    b.    Discharge of Employee for cause, which, as used herein, shall mean if Employee: (i) violates any provision of this Agreement; (ii) performs any act which in the judgment of the Crump causes or has the potential to cause harm, injury or damage of any sort to Crump; or (iii) refuses or fails to carry out a resolution of the Board of Directors of Crump, other than for reasons of death or disability as previously described; or

    c.    Conviction of Employee of a misdemeanor or felony; or

    d.    Dereliction of duty, evidenced by an unexplained or unexcused failure of Employee to attend work for a period of ten (10) consecutive work days.

    In the event of termination of this Agreement for any of the reasons set forth in this Paragraph 7, Crump shall be responsible to pay or to provide Employee (or the Employee's lawfully designated beneficiary or to Employee's estate in the event of death) only those portions of any compensation, and/or other benefits due up to and including the effective date of termination of the Agreement, except for those benefits which survive termination pursuant to law.

2

Regardless of the reason, cause or occasion for termination, the provisions of Paragraph 8, 10, 11, 12, 13, and 14 shall survive the termination of employment and shall be and remain valid, binding and enforceable after termination.

8.     **CRUMP BUSINESS** - All business and fees including insurance, bond, risk management, self-insurance and other services (collectively, the "Crump Business"), produced or transacted through the efforts of Employee shall be the sole property of Crump Group, Inc. (Crump Group, Inc. and its subsidiary corporations and departments, are herein referred to as "Crump Group"). Employee shall have no right to share in any commission or fee resulting from the conduct of such business other than as compensation referred to in paragraphs 1 and 4.

9.     **PREMIUMS AND COLLECTIONS** - Premiums, commissions or fees on the Crump Group Business produced or transacted through the efforts of Employee shall be invoiced to the customer or account by one of the subsidiaries of Crump Group. All checks or bank drafts received by Employee from any customer or account shall be made payable to such company, and all premium, commissions or fees shall be collected by Employee in the name of and on behalf of such company.

10.     **CONFIDENTIAL INFORMATION** - Employee acknowledges that, in the course of and as a result of his employment hereunder, he will become acquainted with confidential information belonging to Crump Group. This information relates to persons, firms, and corporations which are or become customers or accounts of Crump Group during the term of the Agreement ("Crump Customers"), and sources with which insurance is placed, including but not limited to, the names of customers, policy expiration dates, policy terms, conditions, and rates, familiarity with customer's risks. Employee agrees that during his employment hereunder he will not, without the written consent of Crump, disclose or make any use of such confidential information except as may be required in the course of his employment hereunder. Employee further agrees that upon termination hereunder, and for a period of one year thereafter, he will not disclose or make any use of such confidential information without the prior written consent of Crump.

3



11.    PROTECTION OF CRUMP PROPERTY - All records, files, manuals, lists of customers, blanks, forms materials, supplies, computer programs, and other materials furnished to the Employee by Crump Group shall be and remain the property of Crump Group. Employee shall be deemed the bailee thereof for the use and benefit of Crump and shall safely keep and preserve such property, expect as consumed in the normal business operation of Crump Group. Employee acknowledges that this property is confidential and is not readily accessible to Crump's competitors. Upon termination of employment hereunder, the Employee shall immediately deliver to Crump or its authorized representative all such property, including all copies, remaining in the Employee's possession or control.

12.    NONCOMPETITION FOR CERTAIN CRUMP CUSTOMERS - Upon termination of Employee's employment hereunder, Employee agrees that for a period of two years following such termination he will not, without the written consent of Crump, directly or indirectly, solicit insurance wholesale brokerage business for any Account, either personally or in collaboration with others. As used in this Paragraph 12, "Account" shall refer to those insurance or policies that were either: (i) carried on the books of Crump or any subsidiary of Crump Group at any time during the twelve-month period prior to Employee's termination and with respect to which Employee personally performed service or employment duties during the twelve-month period prior to Employee's termination; or (ii) those potential accounts of Crump or any subsidiary of Crump Group, with regard to which Employee personally worked to obtain, secure or develop during the twelve-month period prior to Employee's termination. As used in this Paragraph 12, "insurance wholesale brokerage business", is limited to the lines of insurance coverage and other services that: (i) Crump or any subsidiary of Crump Group placed or provided for such Account during the twelve-month period prior to Employee's termination or (ii) with regard to which Employee had personally done any work during the twelve-month period prior to Employee's termination in connection with any attempt or anticipated attempt by Crump or any subsidiary of Crump Group to provide or place.

13.    ORGANIZING COMPETITIVE BUSINESSES - Employee agrees that so long as he is working for Crump he will not engage in business activity competitive with work he performs for Crump.

14.    SOLICITING COMPANY EMPLOYEES - Employee agrees that he will not, for a period of one year following termination of employment with Crump, solicit any of Crump Group employees to work for any other competitive company.

15.    ENTIRE AGREEMENT, SEVERABILITY - This Agreement sets forth the entire agreement between the Employee and Crump, and supersedes any and all prior agreements and understandings with respect to such employment. If any term of this Agreement is rendered invalid or unenforceable by judicial, legislative or administrative action, the remaining provisions hereof shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

16.    VOLUNTARY TERMINATION BY EMPLOYEE - This Agreement (other than paragraphs 10, 11, 12, 13, and 14 hereof) may be terminated by Employee upon fifteen (15) days prior written notice given to Crump, or by other written agreement signed by both parties.

4

17.     **INJUNCTIVE RELIEF** - This Agreement may be enforced by an injunction by any competent court enjoining and restraining any violation or threatened violation hereof without Crump being required to show any actual damage or to post any bond or other security.

18.     **NOTICES** - All notices and consents provided for herein and all legal process shall be validly given, made or served, it in writing and delivered personally or sent by United States certified or registered mail, postage pre-paid, return receipt requested.

If to Employer:

> Crump Insurance Services, Inc.
> 7557 Rambler Road, Suite 350
> Dallas, Texas 75231-4163
> ATTN: Marcus Payne

If to Employee:

> Michael P. McGrath
> 552 Danby Court
> Petaluma, California 94954

19.     **GOVERNING LAW** - This Agreement shall be construed in accordance with the laws of the State of California.

20.     **NO WAIVER** - No failure of Employee to exercise any right, power or privilege given to Crump under this Agreement or no failure to insist upon strict compliance by Employee with any agreement, covenant, warranty or other obligation under this Agreement or no custom or practice of the parties at variance with the terms hereof shall be construed as waiver or relinquishment of any right granted hereunder to Crump. Waiver by Crump of any particular default by Employee shall not affect or impair Crump's right, power or privilege in respect to any subsequent default of the same or of a different nature, nor shall any delay or omission of Crump to exercise any right, power or privilege arising from such default affect or impair Crump's right, power or privilege as to such default or any subsequent default.

21.     **ASSIGNMENT** - This Agreement shall not be assignable by Employee, but may, with the prior consent of Employee, be assigned by Crump to any of the subsidiaries of Crump Group, Inc. and shall be binding upon and inure to the benefit of Crump's successors and assigns.

22.     **BINDING NATURE OF AGREEMENT** - This Agreement shall inure to the benefit of and be binding upon and enforceable against the heirs, legal representatives and assigns of Employee and the successors and assigns of Crump.

5

IN WITNESS WHEREOF, the parties hereto by their duly authorized representatives have executed this Agreement as of the date first above written.

CRUMP E&S OF SAN FRANCISCO
INSURANCE SERVICES, INC.

By: _____
Its:     Sr. Vice President

By: _____
        Michael P. McGrath

6

8/31/07

**FILED**

San Francisco County Superior Cou

AUG 3 1 2007

**GORDON PARK-LI, Clerk**

BY: _____
Deputy Clerk

60170 -002

**CASE MANAGEMENT CONFERENCE SET**

FEB 0 1 2008 -9:00 AM

**SUMMONS ISSUED    DEPARTMENT 212**

1  **FULBRIGHT & JAWORSKI L.L.P.**
   DOUGLAS W. STERN (BAR NO. 82973)
2  555 South Flower Street
   Forty-First Floor
3  Los Angeles, CA 90071
   Telephone: (213) 892-9200
4  Facsimile: (213) 892-9494

5  Attorneys for Plaintiff CRUMP INSURANCE
   SERVICES, INC. a Texas Corporation
6

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN FRANCISCO

11

12  CRUMP INSURANCE SERVICES, INC. a )   Case No.  **CGC-07-466804**
    Texas Corporation,                )
13                                     )   [Unlimited Civil Complaint]
                                       )
14                   Plaintiff,        )   Assigned For All Purposes To The
                                       )   Honorable
15        v.                           )
                                       )
16  MICHAEL P. MCGRATH, an individual, ALL )  **COMPLAINT FOR DAMAGES FOR:**
    RISKS, LTD. a corporation, and Does 1 through )
17  50, inclusive,                     )   **(1)  BREACH OF CONTRACT;**
                                       )   **(2)  MISAPPROPRIATION OF**
18                   Defendants.       )   **TRADE SECRETS;**
                                       )   **(3)  BREACH OF FIDUCIARY**
19                                     )   **DUTY;**
                                       )   **(4)  INTENTIONAL**
20                                     )   **INTERFERENCE WITH**
                                       )   **PROSPECTIVE ECONOMIC**
21                                     )   **ADVANTAGE (CLIENTS);**
                                       )   **(5)  NEGLIGENT INTERFERENCE**
22                                     )   **WITH PROSPECTIVE ECONOMIC**
                                       )   **ADVANTAGE (CLIENT);**
23                                     )   **(6)  INTENTIONAL**
                                       )   **INTERFERENCE WITH**
24                                     )   **PROSPECTIVE ADVANTAGE**
                                       )   **(EMPLOYEES);**
25                                     )   **(7)  NEGLIGENT INTERFERENCE**
                                       )   **WITH PROSPECTIVE ECONOMIC**
26                                     )   **ADVANTAGE (EMPLOYEES)**
                                       )
27  _____ )

28

ORIGINAL

1    Plaintiff Crump Insurance Services, Inc., as successor to Crump E&S of San Francisco

2  Insurance Services, Inc. alleges as follows:

I.

## THE PARTIES

1.    Plaintiff Crump Insurance Services, Inc. ("Crump") is a corporation organized and existing under the laws of the State of Texas, with its principle place of business located in Dallas, Texas. Crump is the successor in interest to Crump E&S of San Francisco Insurance Services, Inc. Plaintiff is engaged as an intermediary in the business of providing insurance to customers.

2.    At all times material hereto Plaintiff was qualified to do business in the State of California.

3.    Defendant Michael P. McGrath ("McGrath") is an individual residing in the State of California, City of Novato.

4.    Plaintiff is informed and believes, and on that basis alleges that Defendant All Risks, Ltd. ("All Risks") is a corporation believed to exist under the laws of the State of Maryland, with its principal place of business located in Hunt Valley, Maryland. Defendant All Risks is a competitor of Plaintiff in the insurance business.

5.    Plaintiff is ignorant of the true names and capacities of those individuals and entities sued herein as Doe Defendants 1 through 50, inclusive. Plaintiff will amend this Complaint to set forth their true names and capacities at such time as they are ascertained.

6.    Plaintiff is informed and believes, and on that basis alleges that those defendants sued herein as Does 1 through 50, inclusive, participated in the wrongs alleged herein, in various capacities and are liable to Plaintiff for the claims asserted herein.

II.

## BACKGROUND FACTS

7.    On or about June 7, 1996, Defendant Michael P. McGrath entered into a written contract titled "Memorandum of Agreement" with Crump E&S of San Francisco Insurance Services, Inc. Plaintiff Crump Insurance Services, Inc. is the successor in interest to Crump E&S

1  of San Francisco Insurance Services, Inc.  A true and correct copy of the Memorandum of

2  Agreement is attached hereto as Exhibit 1.

3      8.      Since the original Memorandum of Agreement was entered into in 1996, the

4  parties thereto have executed extensions of the Memorandum of Agreement.  On or about April

5  30, 2007, Plaintiff and McGrath executed the "Broker Compensation Agreement."  The Broker

6  Compensation Agreement, effective January 1, 2007, extended the terms of the Memorandum of

7  Agreement.

8      9.      Pursuant to the June 7, 1996 Memorandum of Agreement, McGrath agreed to a

9  number of terms which he has violated as alleged more particularly below.

10     10.     Pursuant to paragraph 10 of the June 7, 1996 Memorandum of Agreement,

11 McGrath agreed that in the course of his employment, he would obtain confidential information

12 belonging to Crump.  This information would relate to the persons, firms, and corporations which

13 were, or would become, customers of Crump.  Such confidential information would include, but

14 not be limited to, the names of customers, policy expirations dates, policy terms, conditions and

15 rates, and familiarity with customers' risks.  Defendant McGrath agreed that he would not

16 disclose or make use of such confidential information, except as was required in the course of his

17 employment.  He further agreed that upon termination of his employment, and for a period of one

18 year thereafter, he would not disclose or make use of such confidential information without the

19 prior written consent of Crump.

20     11.     Pursuant to paragraph 11 the June 7, 1996 of the Memorandum of Agreement,

21 McGrath agreed that all records, files, manuals, lists of customers, blanks, forms, materials,

22 supplies, computer programs and other materials furnished to him by Crump would remain the

23 property of Crump.  He further acknowledged that this property was confidential and not readily

24 accessible to Crump's competitors.  Upon termination of the employment relationship, McGrath

25 agreed that he would immediately deliver to Crump or its authorized representatives all such

26 property, including copies.

27     12.     Pursuant to paragraph 13 of the Memorandum of Agreement, McGrath agreed that

28 so long as he working for Crump, he would not engage in business activities competitive with the

1    work he performed for Crump.

2        13.    McGrath further agreed pursuant to paragraph 14 of the Memorandum of

3    Agreement, that he would not solicit employees of Crump for any other competitive company.

4        14.    McGrath also agreed pursuant to paragraph 16 of the Memorandum of Agreement

5    that he would provide 15 days prior written notice to Crump should he wish to terminate his

6    position as an employee of Crump.

7        15.    At some time prior to June 3, 2007, McGrath negotiated with Defendant All Risks

8    to cease being an employee of Plaintiff Crump and instead to become an employee of All Risks.

9    At some time prior to June 3, 2007, McGrath decided that he would terminate his employment

10    with Crump and begin employment with All Risks.

11        16.    Prior to June 3, 2007, Defendant McGrath decided that he would take advantage of

12    the proprietary information of Crump and use such information to the advantage of himself and

13    his new employer, All Risks.

14        17.    On or about May 31, 2007, after having decided that he would be leaving Plaintiff

15    Crump, and that he would be working for Defendant All Risks, Defendant McGrath, in violation

16    of the terms of this contract, and his obligations to Plaintiff, obtained information from Plaintiff

17    on expiration dates of policies, commissions, and customer renewal information. This

18    information was proprietary and confidential and of significant economic value to Plaintiff, and

19    would similarly have significant economic value to Defendant All Risks.

20        18.    On or about June 3, 2007, without complying with the minimum 15 days written

21    notice provision set forth in the Memorandum of Agreement, paragraph 16, McGrath abruptly

22    notified Crump that he was terminating his employment with Crump and immediately

23    commencing employment with a competitor, Defendant All Risks.

24        19.    Since June 4, 2007, Defendant McGrath has been an employee of Defendant All

25    Risk and has engaged in the conduct alleged herein below.

26

27

28

III.

**FIRST CAUSE OF ACTION**

**[Breach of Contract – Against Defendant McGrath]**

20.    Crump incorporates by reference herein the allegations of paragraph 1 through 19 above.

21.    Pursuant to the express terms of the June 7, 1996 Memorandum of Agreement, as renewed at various times through and including January 1, 2007, McGrath had agreed to those express obligations noted above in paragraphs 10 through 14 with respect to the utilization of confidential information belonging to Crump.

22.    Plaintiff is informed and believes, and on that basis alleges that McGrath breached a number of provisions of the June 7, 1996 Memorandum of Agreement, including but not limited to paragraph 10, paragraph 11, paragraph 13, paragraph 14, and paragraph 16 thereof.

23.    In particular, McGrath improperly and unlawfully misappropriated and used confidential information belonging to Crump. Plaintiff is informed and believes, and on that basis alleges that that this information included the identity of persons, firms and corporations which had become customers or accounts of Crump.

24.    Plaintiff is informed and believes, and on that basis alleges that that the information used by McGrath also included the source with which the insurance was placed, as well as the names of customers, policy expiration dates, policy terms, conditions and rates and familiarity with the customers' risk, all of which were agreed constituted confidential information belonging to Crump.

25.    At no time did Crump give its written consent to McGrath to utilize any of the confidential information.

26.    Plaintiff is informed and believes, and on that basis alleges that McGrath disclosed to his new employer, All Risks, the confidential information which belonged to Crump.

27.    McGrath breached the June 7, 1996 Memorandum of Agreement in that he improperly and unlawfully took for his own use, and the use of his new employer, All Risks, records, files and lists as well as other materials which had been furnished to him as a Crump

31369348.3

- 5 -

DOCUMENT PREPARED ON RECYCLED PAPER

1   employee. Plaintiff is informed and believes, and on that basis alleges that that such information

2   included confidential information belonging to Crump.

3        28.    Plaintiff is informed and believes, and on that basis alleges that Defendant

4   McGrath obtained and has used electronic versions of confidential information of Crump.

5        29.    Plaintiff is informed and believes, and on that basis alleges that while still under

6   the employ of Crump, Defendant McGrath engaged in business activities which were competitive

7   with the work he performed at Crump, in violation of his obligations to Crump.

8        30.    Plaintiff is informed and believes, and on that basis alleges that while still an

9   employee of Crump, Defendant solicited Crump employees to cease their employment with

10  Crump, and instead commence employment with McGrath's new employer, All Risks.

11       31.    Notwithstanding the fact that McGrath had agreed that he would provide 15 days

12  prior written notice to Crump should he wish to terminate the June 7, 1996 Memorandum of

13  Agreement, Crump breached such provision and failed to provide timely written notice of his

14  intent to terminate the relationship.

15       32.    Plaintiff has performed each and every obligation imposed on it by the contract of

16  the parties in accordance with the terms thereof, except to the extent that such performance was

17  excused or prevented by the acts of defendant.

18       33.    Plaintiff has been damaged by the various breaches of contract of McGrath in an

19  amount which has not yet been ascertained. Plaintiff will seek leave of this Court to state the

20  amount of its damages at such time as they are ascertained.

21                                   **IV.**

22                          **SECOND CAUSE OF ACTION**

23                      **[Misappropriation Of Trade Secrets –**

24            **Against Defendants McGrath, All Risks and Does 1-50.]**

25       34.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

26  33 above.

27       35.    During the course of his employment, Defendant McGrath had access to, and was

28  provided various trade secrets which belonged to Plaintiff. These include, *inter alia*, client lists,

1    expiration lists, underlying client information, and information regarding co-employees.

2        36.    The information provided to Defendant McGrath was provided to him so that he

3    could perform his duties and obligations as an employee of Plaintiff. The information made

4    known to Defendant McGrath constituted trade secrets within the meaning of California Civil

5    Code Section 3426 *et seq.*

6        37.    The information made known to Defendant McGrath had independent economic

7    value and was not generally known to the public or to other persons who could obtain economic

8    value from its disclosure or use.

9        38.    At all times material hereto, Plaintiff took reasonable and appropriate efforts to

10    maintain the secrecy of its trade secrets.

11        39.    Plaintiff is informed and believes, and on that basis alleges Defendants McGrath,

12    All Risks and Does 1-50 made use of the trade secrets of Plaintiff. Further, Defendants All Risks

13    and Does 1-50 obtained economic benefit by the use of the Plaintiff's trade secret.

14        40.    Defendants have been unjustly enriched in that they have obtained the economic

15    value of the trade secrets of Plaintiff.

16        41.    Plaintiff is informed and believes, and on that basis alleges that Defendants actions

17    were willful and malicious in misappropriating the trade secrets of Plaintiff, such that exemplary

18    damages may be awarded pursuant to Civil Code Section 3426.3.

19        42.    Plaintiff has been damaged in an amount which is not presently known to Plaintiff.

20    Plaintiff will amend this Complaint to set forth the amount of damages it sustained at such time as

21    that amount is ascertained.

22                  **V.**

23            **THIRD CAUSE OF ACTION**

24        **[Breach Of Fiduciary Duty – Against Defendant McGrath]**

25        43.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

26    42 above.

27        44.    Defendant McGrath was a fiduciary of Plaintiff as a result of the position he held

28    and with respect to the information provided to him such as client lists, expiration lists,

1  underlying client information, and information relating to employees of Plaintiff.

2      45.    Defendant McGrath was obligated as a fiduciary to make use of the information

3  provided to him solely in performing his obligation to Plaintiff.

4      46.    Defendant McGrath breached his fiduciary duty to Plaintiff by, *inter alia*,

5  supplying to a competitor, All Risks, the information identified hereinabove, and making use of

6  that information to obtain form All Risk the benefits of that information and the business it

7  generated.

8      47.    Defendant McGrath breached his fiduciary duty to Plaintiff by using the

9  information relating to employees of Plaintiff in order to solicit such employees to leave Plaintiff

10  Crump and to join Defendant All Risks.

11      48.    As a result of the breach of fiduciary duty, Plaintiff has been damaged in an

12  amount not yet ascertained.  Plaintiff will amend this Complaint to set forth such amount when

13  the amount has been ascertained.

14      49.    The conduct of Defendant McGrath was undertaken with malice and oppression

15  with the desire to harm Plaintiff such that Plaintiff is entitled to the award of punitive damages

16  from Defendant McGrath.

17                              **VI.**

18                    **FOURTH CAUSE OF ACTION**

19      **[Intentional Interference With Prospective Economic Advantage (Clients) – Against**

20              **Defendants McGrath and All Risks and Does 1-50]**

21      50.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22  49 above.

23      51.    Plaintiff has a prospective economic advantage with respect to those of its

24  customer known to McGrath, to whom Plaintiff had provided insurance services.

25      52.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

26  Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

27  advantage with respect to Plaintiff's clients who were known to Defendant McGrath.  This

28  prospective economic advantage was derived from, in part, the confidential information of

31369348.3                          - 8 -

1    Crump.

2         53.    Plaintiff had a reasonable expectation and likelihood that it would continue to

3    obtain the economic advantage arising from its preexisting relationships between Plaintiff and its

4    clients who were serviced or otherwise known to Defendant McGrath.  Absent the conduct of

5    Defendants alleged herein, the economic relationship would have continued.

6         54.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

7    Risks and Does 1-50 intended to interfere with that prospective economic advantage and did so

8    by making use of the confidential information provided to it by Defendant McGrath.

9         55.    The actions of Defendants actually caused the disruption of the economic

10   relationship between Plaintiff and some of its customers who were known to Defendant McGrath.

11        56.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

12   ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

13   damages are ascertained.

14        57.    The conduct of Defendant All Risks and Does 1-50 was undertaken with malice

15   and oppression with the desire to harm Plaintiff such that Plaintiff is entitled to the award of

16   punitive damages from Defendant All Risks.

17                                          **VII.**

18                              **FIFTH CAUSE OF ACTION**

19   **[Negligent Interference With Prospective Economic Advantage (Clients) – Against**

20            **Defendants McGrath and All Risks and Does 1-50]**

21        58.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22   49 above.

23        59.    Plaintiff has a prospective economic advantage with respect to those of its

24   customer known to McGrath, to whom Plaintiff had provided insurance services.

25        60.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

26   Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

27   advantage with respect to Plaintiff's clients who were known to Defendant McGrath.  This

28   prospective economic advantage was derived from, in part, the confidential information of

1  Crump.

2      61.    Plaintiff had a reasonable expectation and likelihood that it would continue to

3  obtain the economic advantage arising from its preexisting relationships between Plaintiff and its

4  clients who were serviced or otherwise known to Defendant McGrath.  Absent the conduct of

5  Defendants alleged herein, the economic relationship would have continued.

6      62.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

7  Risks and Does 1-50 knew that if they did not act with reasonable care, their conduct would

8  interfere with the prospective economic advantage.

9      63.    Defendants did not act with due care, but instead acted negligently in that they did

10  not take appropriate steps to insure that Defendant McGrath did not misuse the proprietary

11  information of Crump by McGrath.

12      64.    The actions of Defendants actually caused the disruption of the economic

13  relationship between Plaintiff and some of its customers who were known to Defendant McGrath.

14      65.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

15  ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

16  damages are ascertained.

17                                 **VIII.**

18                        <u>**SIXTH CAUSE OF ACTION**</u>

19    **[Intentional Interference With Prospective Economic Advantage (Employees) – Against**

20             **Defendants McGrath and All Risks and Does 1-50]**

21      66.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22  49 above.

23      67.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

24  Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

25  advantage with respect to its employees who were known to Defendant McGrath.

26      68.    Plaintiff had a reasonable expectation and likelihood that it would continue to

27  obtain the economic benefits provided by those employees, arising from its preexisting

28  employment relationships.

69.    Plaintiff is informed and believes, and on that basis alleges that Defendant All Risks and Does 1-50 intended to interfere with that prospective economic relationship existing with Plaintiff's employees, and did so by making use of the confidential information provided to it by Defendant McGrath with regard to such employees.

70.    Plaintiff is informed and believes, and on that basis alleges that as a result of the actions of Defendants, the employees were induced to terminate their employment with Plaintiff and commence employment with Defendant All Risks.

71.    As a result of that conduct, Plaintiff has been damaged in an amount not yet ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of damages are ascertained.

72.    The conduct of Defendant All Risks and Does 1-50 was undertaken with malice and oppression with the desire to harm Plaintiff such that Plaintiff is entitled to the award of punitive damages from Defendant All Risks.

**IX.**

**SEVENTH CAUSE OF ACTION**

**[Negligent Interference With Prospective Economic Advantage (Employees) -- Against Defendants McGrath and All Risks and Does 1-50]**

73.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 49 above.

74.    Plaintiff is informed and believes, and on that basis alleges that Defendant All Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic advantage with respect to its employees who were known to Defendant McGrath.

75.    Plaintiff had a reasonable expectation and likelihood that it would continue to obtain the economic benefits provided by those employees, arising from its preexisting employment relationships.

76.    Plaintiff is informed and believes, and on that basis alleges that Defendant All Risks and Does 1-50 knew that if they did not exercise due care, that their conduct would interfere with that prospective economic relationship existing with Plaintiff's employees.

31369348.3

- 11 -

COMPLAINT

77.    Defendants acted negligently in that they did not take appropriate steps to insure that no improper use of Plaintiff's proprietary information about its employees was use in order to seek to induce such employees to terminate their relationship with Plaintiff.  Instead, confidential information provided to Defendant All Risks by Defendant McGrath with regard to such employees was used.

78.    Plaintiff is informed and believes, and on that basis alleges that as a result of the actions of Defendants, the employees were induced to terminate their employment with Plaintiff and commence employment with Defendant All Risks.

79.    As a result of that conduct, Plaintiff has been damaged in an amount not yet ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of damages are ascertained.

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For damages according to proof;

2.    For punitive damages;

3.    For appropriate injunctive relief preventing the use by Defendants of Plaintiffs proprietary information;

4.    For costs of suit herein;

5.    For such other and further relief as the Court deems just and proper.

Dated: August 30, 2007

**FULBRIGHT & JAWORSKI L.L.P.**
DOUGLAS W. STERN

By _____
DOUGLAS W. STERN
Attorneys for Plaintiff CRUMP INSURANCE
SERVICES, INC.

31369348.3

- 12 -

COMPLAINT

# EXHIBIT B

1   DOUGLAS W. STERN (BAR NO. 82973)
    **FULBRIGHT & JAWORSKI L.L.P.**
2   555 South Flower Street
    Forty-First Floor
3   Los Angeles, CA 90071
    Telephone: (213) 892-9200
4   Facsimile: (213) 892-9494
    Email: dstern@fulbright.com
5
    Attorneys for Plaintiff CRUMP
6   INSURANCE SERVICES, INC.

7                    *Plaintiff*

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CRUMP INSURANCE SERVICES, INC.,   )   Civil Action No. C-07-4636-MMC

12                  Plaintiff,          )   **PLAINTIFF CRUMP
                                        )   INSURANCE'S REQUEST FOR
13          v.                          )   PRODUCTION OF
                                        )   DOCUMENTS AND TO TEST
14  MICHAEL P. MCGRATH, an individual,  )   AND SAMPLE COMPUTER(S)
    ALL RISKS, LTD., a corporation, and )   [F.R.C.P. 34]**
15  Does 1 through 50, inclusive,       )

16                  Defendants.         )
                                        )
17                                      )

18

19

20              **REQUEST FOR PRODUCTION
21          OF DOCUMENTS AND TO TEST AND SAMPLE
         COMPUTERS DIRECTED TO MICHAEL P. MCGRATH**
22
23          Pursuant to Rule 34 of the Federal Rules of Civil Procedure

24  ("F.R.C.P."), Plaintiff hereby demands that Defendant Michael P. McGrath produce

25  for inspection and copying at the offices of Fulbright & Jaworski, 555 South Flower

26  Street, 41st Floor, Los Angeles, CA 90071 on February 8, 2008, at 10:00 a.m., all

27  items <u>except</u> those listed in category 1. The items requested in category 1 shall be

28  produced at AON Consulting, Forensic Accounting & Litigation Consulting

70181165 1                          - 1 -

DOCUMENT PREPARED
ON RECYCLED PAPER

1    Services, 199 Fremont Street, 17th Floor, San Francisco, CA 94105. Defendant

2    Michael P. McGrath is requested to produce for copying, testing and sampling all

3    computers utilized by him at any time from March 1, 2007 through July 1, 2007, or

4    any portion of that time, for copying, testing and sampling as indicated herein

5    below.

6    **The Materials Requested in Categories 2-38 Should be Produced**

7    **in Both Paper and Electronic Form to the Extent That They Exist in Both**

8    **Forms.**

9    **Definitions**

10    1.    The terms "You" or "Your" shall mean Michael P. McGrath.

11    2.    The term "document" is defined to be synonymous in meaning and

12    equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil

13    Procedure. Not by way of limitation, but instead as examples, this means any

14    papers or writings, including drafts, and any mechanical or electronic recordings or

15    records of any kind in Your possession, custody or under Your control or of which

16    You have knowledge, wherever located, whether an original or a copy, including

17    agreements, applications, financial statements, invoices, minutes, memoranda,

18    notes, records, interoffice communications, tape or other recordings, microfilm,

19    microfiche, telegrams, letters, photographs, handwritten notes, drawings,

20    specifications, data, reports, printed matters, publications, computer discs, computer

21    tapes, computer files, offers, binders, proposals or statements. Any copy contained

22    thereon or attached thereto, any alterations, notes, comments, or other material not

23    included in the originals or copies referred to in the preceding sentence, shall be

24    deemed a separate document within the foregoing definition.

25    3.    The term "concerning" means relating to, referring to, describing,

26    evidencing or constituting.

27    4.    The term "including" means including without limitation.

28

70181165.1

- 2 -

1    5.  The term "person" means any natural person or any business, legal or

2  governmental entity or association.

3    6.  The term "communication" means the transmittal of information (in

4  the form of facts, ideas, inquiries or otherwise).

5    7.  The term "electronically stored information" is defined to be

6  synonymous in meaning and equal in scope to the usage of the term in F.R.C.P.

7  Rule 34(a).  Not by way of limitation, but instead as examples, this means any

8  writings, including drafts, drawings, graphs, charts, photographs, sound recordings,

9  images, and other data or data compilations stored in any medium from which

10  information can be in Your possession, custody or under Your control or of which

11  You have knowledge, wherever located, whether an original or a copy.  Any copy

12  contained thereon or attached thereto, any alterations, notes, comments, or other

13  material not included in the originals or copies referred to in the preceding

14  sentence, shall be deemed a separate document within the foregoing definition.

### Interpretation and Construction

15

16    8.  The use of the singular form of any word includes the plural and vice

17  versa.

18    9.  The term "any" means and shall be construed as "each and every" as

19  necessary to make the request inclusive rather than exclusive.

20    10. The terms "and" and "or" shall be construed either disjunctively or

21  conjunctively as necessary to bring within the scope of the discovery request all

22  responses that might otherwise be construed to be outside of its scope.

23    11. The terms "all" and "each" shall be construed as all and each.

### Instructions

24

25    12. This request is a continuing one, and You are under a continuing duty

26  to correct Your responses pursuant to F.R.C.P. Rule 26(e).

27

28

70181165 1                                      - 3 -

DOCUMENT PREPARED
ON RECYCLED PAPER

1    13. In producing documents, You are requested to furnish all documents

2    known or available to You regardless of whether these documents are possessed

3    directly by You, or are in custody or control of You or Your agents, employees,

4    representatives or investigators.

5    14. If any document is withheld or communication not identified because

6    of a claim of privilege or work product, You must produce a log which states:

7         1.    the nature of the privilege being claimed and;

8         2.    unless divulgence of such information would cause disclosure of

9              allegedly privileged information:

10          (i)    the type of document;

11

12          (ii)   the general subject matter of the document;

13         (iii)  the date of the document; and

14         (iv)  such other information as is sufficient to identify the

15             document for a subpoena duces tecum, including, where

16             appropriate, the author of the document, the addressee of

            the document, and, where not apparent, the relationship of

17             the author to the addressee, and the names of all entities

18             that received a copy of the document.

19   15. Unless otherwise instructed, the documents requested herein

20   encompass the entire time period from January 1, 2007, through and including

21   September 1, 2007.

22   16. All objections and responses to the document requests herein shall be

23   made in writing and delivered to the offices of Fulbright & Jaworski L.L.P., 555

24   South Flower Street, Los Angeles, California 90071 (attention Douglas W. Stern),

25   within the time period specified by F.R.C.P. 34(b)(2)(A).

26   17. Documents produced in response to this request shall be produced in

27   the order in which they are kept in the usual course of business, with all identifying

28   folders, file labels and file drawer or box labels intact.

18. To the extent that You have in Your possession, custody or control more than one copy of any particular responsive document, You shall produce each and every copy thereof.

## Documents Requested

1.     Each computer which You utilized during any portion of the period March 1, 2007 through July 1, 2007, for the purpose of testing and sampling it to obtain electronic copies of the below listed documents, including meta data related thereto.

2.     All documents and electronically stored information, from January 1, 2007, through September 1, 2007, concerning or relating to All Risks, Ltd.

3.     All documents and electronically stored information, from January 1, 2007, through September 1, 2007, concerning or relating to Your obtaining employment with All Risks, Ltd.

4.     Your copy of the Memorandum of Agreement entered into between Michael McGrath and Crump Insurance Services dated June 7, 1996.

5.     Your copy of all Amendments or Addendum to the Memorandum of Agreement entered into between Michael McGrath and Crump Insurance Services dated June 7, 1996.

6.     Your copy of all Broker Compensation Agreements entered into between Michael McGrath and Crump Insurance Services.

7.     All documents and electronically stored information, from January 1, 2007, through September 1, 2007, concerning or relating to clients or customers of Crump Insurance Services which You retained or obtained following the termination of employment with the Crump Insurance Services.

8.     All documents and electronically stored information, from January 1, 2007, through the present, concerning or relating to solicitation of insurance

DOCUMENT PREPARED
ON RECYCLED PAPER

1   business from any customers or clients of Crump Insurance Services wherein You

2   were seeking such business for All Risks, Ltd.

3       9.    All documents and electronically stored information, from January 1,

4   2007, through the present, concerning or relating to solicitation of employees of

5   Crump Insurance Services to work with All Risks, Ltd.

6       10.    All documents and electronically stored information, from January 1,

7   2007, through September 1, 2007, concerning or relating to obtaining Broker of

8   Record letters designating All Risks, Ltd. as a broker of record in place of Crump

9   Insurance Services.

10      11.    All documents and electronically stored information, from January 1,

11  2007, through September 1, 2007, concerning or relating to the dollar amount of

12  business which You believed You could bring to All Risks, Ltd. if You were

13  employed by it.

14      12.    All documents and electronically stored information, from January 1,

15  2007, through September 1, 2007, concerning or relating to Cindi Marty.

16      13.    All documents and electronically stored information, from January 1,

17  2007, through September 1, 2007, concerning or relating to Menlo Equities LLC

18  insurance business.

19      14.    All documents and electronically stored information, from January 1,

20  2007, through September 1, 2007, concerning or relating to Alecta Real Estate USA

21  LLC insurance business.

22      15.    All documents and electronically stored information, from January 1,

23  2007, through September 1, 2007, concerning or relating to Jay & Carole Hagglund

24  Trust insurance business.

25      16.    All documents and electronically stored information, from January 1,

26  2007, through September 1, 2007, concerning or relating to North First Street

27  Properties insurance business.

28

17.    All documents and electronically stored information, from January 1, 2007, through September 1, 2007, concerning or relating to Brandenburg Staedler & Moore insurance business.

18.    The document or documents which You contend constitute Your notice to plaintiff that You were ceasing Your employ with plaintiff.

19.    All documents which You contend support Your Second Affirmative Defense that the causes of action set forth in the Complaint are barred, in whole or in part, by the doctrine of waiver.

20.    All documents which You contend support Your Third Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of estoppel.

21.    All documents which You contend support Your Fourth Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of unclean hands.

22.    All documents which You contend support Your Fifth Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of laches.

23.    All documents which You contend support Your Sixth Affirmative Defense that the causes of action in the Complaint are barred by the applicable statute of limitations.

24.    All documents which You contend support Your Seventh Affirmative Defense that the causes of action in the Complaint are privileged by legitimate business necessity and/or other reasons.

25.    All documents which You contend support Your Eighth Affirmative Defense that the agreement alleged in the Complaint is void or voidable for lack of consideration.

1      26.    All documents which You contend support Your Ninth Affirmative

2  Defense that the agreement alleged in the Complaint is in illegal and/or in

3  contravention of public policy.

4      27.    All documents which You contend support Your Tenth Affirmative

5  Defense that the agreement alleged in the Complaint is void under California

6  Business & Professions Code section 16600.

7      28.    All documents which You contend support Your Eleventh Affirmative

8  Defense that the agreement alleged in the Complaint fails because it is vague and

9  ambiguous as to material terms.

10     29.    All documents which You contend support Your Twelfth Affirmative

11  Defense that the imposition of punitive or exemplary damages would violate of the

12  Constitution of the United States of America and the State of California.

13     30.    All documents which You contend support Your Thirteenth

14  Affirmative Defense that the defendants acted without malice and with a good faith

15  belief in the propriety of their conduct.

16     31.    All  documents and electronically stored information, from January 1,

17  2007, through September 1, 2007, concerning or relating to policy expiration dates

18  of customers of Plaintiff.

19     32.    All  documents and electronically stored information, from January 1,

20  2007, through September 1, 2007, concerning or relating to the names of customers

21  of Plaintiff.

22     33.    All  documents and electronically stored information, from January 1,

23  2007, through September 1, 2007, concerning or relating to the policy terms,

24  conditions and rates provided to various customers of the Plaintiff.

25     34.    All  documents and electronically stored information, from January 1,

26  2007, through September 1, 2007, originating with Plaintiff or from Plaintiff's

27  information, and provided by You to All Risks, Ltd.

28

DOCUMENT PREPARED
ON RECYCLED PAPER

35.    All documents and electronically stored information, from January 1, 2007, through September 1, 2007, concerning or relating to the reason or reasons why You failed to provide a minimum of 15 days prior written notice to Plaintiff of Your intention to terminate employment with Plaintiff.

36.    All documents and electronically stored information, from January 1, 2007, through September 1, 2007, concerning or relating to efforts made by You to solicit Cindi Marty to become an employee of All Risks, Ltd.

37.    All documents and electronically stored information, from January 1, 2007, through July 1, 2007, provided by You to All Risks, Ltd. in order to assist it to obtain insurance business.

38.    Any and all list of customers of the Crump Insurance Services.

Dated:  January 3, 2008

DOUGLAS W. STERN
FULBRIGHT & JAWORSKI L.L.P.

By _____

DOUGLAS W. STERN

DOCUMENT PREPARED
ON RECYCLED PAPER

1
## PROOF OF SERVICE

2      I, Martha Delgado, declare:

3      I am a citizen of the United States and employed in Los Angeles County,

4   California. I am over the age of eighteen years and not a party to the within-entitled

5   action. My business address is 555 South Flower Street, Forty-First Floor, Los

6   Angeles, California 90071. On January 3, 2008, I served a copy of the within

7   document(s): _____

8

9          **(BY FACSIMILE)** I caused said document to be transmitted
           electronically to the interested parties at the facsimile numbers as
10         stated above.

11     X    **(BY MAIL)** I am "readily familiar" with the firm's practice of
           collection and processing correspondence for mailing. Under that
12         practice it would be deposited with the United States Postal Service on
           that same day with postage thereon fully prepaid at Los Angeles,
13         California in the ordinary course of business. I am aware that on
           motion of the party served, service is presumed invalid if postal
14         cancellation date or postage meter date is more than one day after date
15         of deposit for mailing affidavit.

16         **(BY FEDERAL EXPRESS)** I caused the aforementioned document
17         to be placed in an envelope or package designated by Federal Express,
18         with delivery fees fully paid and addressed as stated above.

19         **(BY PERSONAL SERVICE)** I caused the aforementioned document
20         to be personally served at the office of interested parties as stated
21         above.

22
23         Stephen J. Hirschfeld, Esq.
           Donna M. Rutter, Esq.
           Zachary P. Hutton , Esq.
24         CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
           727 Sansome Street
25         San Francisco, CA 94111
           Telephone: (415) 835-9000
26         Facsimile: (415) 834-0443

27     I am readily familiar with the firm's practice of collection and processing

28   correspondence for mailing. Under that practice it would be deposited with the

70181165.1                              - 1 -

DOCUMENT PREPARED
ON RECYCLED PAPER

1  U.S. Postal Service on that same day with postage thereon fully prepaid in the
2  ordinary course of business.  I am aware that on motion of the party served, service
3  is presumed invalid if postal cancellation date or postage meter date is more than
4  one day after date of deposit for mailing in affidavit.

5       I declare that I am employed in the office of a member of the bar of this court
6  at whose direction the service was made.

7       Executed on January _3_, 2008, at Los Angeles, California.

8
9
10                  Martha Delgado
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DOCUMENT PREPARED
ON RECYCLED PAPER

# EXHIBIT C

COPY

1    STEPHEN J. HIRSCHFELD (SBN 118068)
     DONNA M. RUTTER (SBN 145704)
2    KRISTEN L. WILLIAMS (SBN 232644)
     CURIALE DELLAVERSON HIRSCHFELD
3      & KRAEMER, LLP
     727 Sansome Street
4    San Francisco, CA 94111
     Telephone: (415) 835-9000
5    Facsimile: (415) 834-0443

6    Attorneys for Defendants
     MICHAEL P. MCGRATH and ALL RISKS, LTD.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN MATEO

10

11   CRUMP INSURANCE SERVICES, INC.,        Case No. C-07-4636 MMC

12              Plaintiff,                   **DEFENDANT ALL RISKS, LTD'S
                                             RESPONSE TO PLAINTIFF'S CRUMP
13   vs.                                     INSURANCE'S REQUEST FOR
                                             PRODUCTION OF DOCUMENTS**
14   MICHAEL P. MCGRATH, an individual,      **[F.R.C.P. 34]**
     ALL RISKS, LTD., a corporation, and
15   Does 1 through 50, inclusive,

16              Defendants.

17
     **PROPOUNDING PARTY:**        Plaintiff, CRUMP INSURANCE SERVICES
18
     **RESPONDING PARTY:**         Defendant, ALL RISKS, LTD.
19
     **SET NUMBER:**               ONE (1)
20

21
              **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**
22
          Defendant All Risks, Ltd. ("Defendant") hereby responds to Plaintiff Crump Insurance
23
     Services ("Plaintiff") Request for Production of Documents (Set One). The following responses
24
     and objections are made solely for the purposes of this action. Each response is subject to all
25
     objections as to competence, relevance, materiality, propriety, admissibility, and any and all other
26
     objections and grounds that would require the exclusion of any statement, if any statements
27

28
                                              1

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    contained herein were made by a witness present and testifying in court, all of which objections

2    and grounds are reserved and may be interposed at the time of trial.

3         Defendant's discovery and investigation has proceeded with diligence but it is,

4    nevertheless, incomplete and continuing. Accordingly, the following responses represent

5    Defendant's current knowledge based on information reasonably available to it, and are as

6    complete as Defendant is now required by law and is able to give. The responses do not,

7    however, contain other facts which may be obtained through ongoing factual investigation,

8    review, analysis, discovery and trial preparation. To the extent these Requests may be construed

9    as requesting more detail, or to the extent Plaintiff contends Defendant's responses are inadequate

10   or incomplete, Defendant objects on the grounds that any further responses at this time would be

11   unduly burdensome, oppressive and require a degree of completeness not required by law.

12   Defendant reserves its right to present additional evidence at trial based on information

13   subsequently obtained or evaluated.

14        Except for explicit facts submitted herein, no incidental or implied admissions are

15   intended hereby. The fact that Defendant has answered or objected to any Request for Production

16   or part thereof should not be taken as an admission that Defendant accepts or admits the existence

17   of any facts set forth or assumed by such Request Production and that such answer or objection

18   constitutes admissible evidence. The fact that Defendant has answered part or all of any Request

19   for Production is not intended, and shall not be construed, to be a waiver by Defendant of all or

20   any part of any objection to any Request for Production.

21        To the extent that any or all of the Requests call for information or material which was

22   prepared in anticipation of litigation or for trial or for information or material covered by the

23   attorney-client privilege or attorney work-product doctrine or which constitutes information or

24   material which is privileged or related to confidential trade secrets or privacy (including freedom

25   of association and financial privacy), Defendant objects to each and every such Request for

26   Production and thus will not supply or render any information or material protected from

27   discovery by virtue of the work-product doctrine, the attorney-client privilege, or trade secret

28   and/or privacy privileges.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

1        The above-stated objections are hereby made applicable to each and all of these Requests

2  for Production and are hereby, as to each and all of them, incorporated by reference as if fully set

3  forth therein.

4

5                **REQUEST FOR PRODUCTION OF DOCUMENTS**

6  **REQUEST FOR PRODUCTION NO. 1:**

7        All documents and electronically stored information from January 1, 2007 through

8  September 1, 2007, concerning or relating to Your hiring of Michael P. McGrath as an employee

9  of All Risks, Ltd.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

11       Defendant objects to this request as overly broad.  Defendant objects to this request as it

12 seeks confidential, proprietary or trade secret information.  Defendant further objects that this

13 response seeks to violate constitutional, statutory, and/or common law privacy rights of third

14 parties not party to this litigation.  Subject to and without waiving the foregoing, Defendant

15 responds as follows: Defendant will produce all documents responsive to this request in its

16 possession, custody, or control that it deems are responsive to this request.

17 **REQUEST FOR PRODUCTION NO. 2:**

18       All documents and electronically stored information from January 1, 2007 through

19 September 1, 2007, concerning or relating to clients or customers of Crump Insurance Services

20 which You obtained following the termination of Michael P. McGrath's employment with Crump

21 Insurance Services.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

23       Defendant objects to this request as overly broad.  Defendant objects to this request as it

24 seeks confidential, proprietary or trade secret information.  Defendant objects to this request as

25 vague and ambiguous as to the phrase "clients or customers of Crump Insurance Services" make a

26 response impossible without speculation as to the true meaning of the phrase or whether

27 Defendant is actually aware of Crump's clients or customers.

28

*CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP*
*ATTORNEYS AT LAW*
*SAN FRANCISCO*

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

**REQUEST FOR PRODUCTION NO. 3:**

All documents and electronically stored information from January 1, 2007 through the present, concerning or relating to solicitation of insurance business from any customers or clients of Crump Insurance Services wherein You were provided information about that customer or client from Michael P. McGrath.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it assumes facts not in evidence. Defendant objects to this request as it calls for a legal conclusion and thereby seeks to violate the attorney-client and attorney work product privileges. Defendant objects to this request as vague and ambiguous as to the phrase "clients or customers of Crump Insurance Services" make a response impossible without speculation as to the true meaning of the phrase or whether Defendant is actually aware of Crump's clients or customers.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and electronically stored information from January 1, 2007 through the present, concerning or relating to solicitation of employees of Crump Insurance Services to work with All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it assumes facts not in evidence. Defendant objects to this request as it calls for a legal conclusion and thereby seeks to violate the attorney-client and attorney work product privileges.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to obtaining Broker of Record letters designating All Risks, Ltd. as a broker of record in place of Crump Insurance Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant will produce any documents responsive to

4

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 | this request in his possession, custody or control that relate to clients of Michael McGrath.

2 | **REQUEST FOR PRODUCTION NO. 6:**

3 | All documents and electronically stored information from January 1, 2007 through

4 | September 1, 2007, concerning or relating to the dollar amount of business which You believed

5 | Michael P. McGrath could bring to All Risks, Ltd. if You were employed by You.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7 | Defendant objects to this request is vague and ambiguous and unintelligible, specifically

8 | regarding the phrase "which You believed Michael P. McGrath could bring to All Risks, Ltd. if

9 | You were employed by You" making a response impossible without speculation as to the true

10 | meaning of the phrase. Defendant further objects to the request as it assumes facts not in

11 | evidence. Subject to and without waiving the foregoing, Defendant responds as follows:

12 | Defendant has performed a diligent and does not have any documents responsive to this request in

13 | its possession, custody or control.

14 | **REQUEST FOR PRODUCTION NO. 7:**

15 | All documents and electronically stored information from January 1, 2007 through

16 | September 1, 2007, concerning or relating to the possible employment of Cindi Marty.

17 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

18 | Defendant objects to this request as overly broad. Defendant further objects that this

19 | response seeks to violate constitutional, statutory, and/or common law privacy rights of third

20 | parties not party to this litigation.

21 | **REQUEST FOR PRODUCTION NO. 8:**

22 | All documents and electronically stored information from January 1, 2007 through

23 | September 1, 2007, concerning or relating to Menlo Equities LLC insurance business.

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

25 | Defendant objects to this request as overly broad. Defendant objects to this request as it

26 | seeks information that is neither relevant to this action nor reasonably calculated to lead to the

27 | discovery of admissible evidence. Defendant objects to this request as it seeks confidential,

28 | proprietary or trade secret information.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

**REQUEST FOR PRODUCTION NO. 9:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to Alecta Real Estate USA LLC insurance business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to Jay & Carole Hagglund Trust Insurance business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to North First Street Properties insurance business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to Brandenburg Staedler & Moore insurance business.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information.

**REQUEST FOR PRODUCTION NO. 13:**

All documents which You contend support Your Second Affirmative Defense that the causes of action set forth in the Complaint are barred, in whole or in part, by the doctrine of waiver.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14:**

All documents which You contend support Your Third Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of estoppel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

All documents which You contend support Your Fourth Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of unclean hands.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

2    Defendant objects to this request as overly broad. Defendant further objects to this

3  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

4  attorney work product privileges. Subject to and without waiving the foregoing, Defendant

5  responds as follows: Discovery is continuing and Defendant will produce any documents

6  responsive to this request in its possession, custody, or control.

7  **REQUEST FOR PRODUCTION NO. 16:**

8    All document which You contend support Your Fifth Affirmative Defense that the causes

9  of action in the Complaint are barred, in whole or in part by the doctrine of laches.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

11    Defendant objects to this request as overly broad. Defendant further objects to this

12  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

13  attorney work product privileges. Subject to and without waiving the foregoing, Defendant

14  responds as follows: Discovery is continuing and Defendant will produce any documents

15  responsive to this request in its possession, custody, or control.

16  **REQUEST FOR PRODUCTION NO. 17:**

17    All documents which You contend support Your Sixth Affirmative Defense that the

18  causes of action in the Complaint are barred by the applicable statute of limitations.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

20    Defendant objects to this request as overly broad. Defendant further objects to this

21  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

22  attorney work product privileges. Subject to and without waiving the foregoing, Defendant

23  responds as follows: Discovery is continuing and Defendant will produce any documents

24  responsive to this request in its possession, custody, or control.

25  **REQUEST FOR PRODUCTION NO. 18:**

26    All document which You contend support Your Seventh Affirmative Defense that the

27  causes of action in the Complaint are privileged by legitimate business necessity and/or other

28  reasons.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

2       Defendant objects to this request as overly broad.  Defendant further objects to this

3  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

4  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

5  responds as follows: Discovery is continuing and Defendant will produce any documents

6  responsive to this request in its possession, custody, or control.

7  **REQUEST FOR PRODUCTION NO. 19:**

8       All documents which You contend support Your Eighth Affirmative Defense that the

9  agreement alleged in the Complaint is void or voidable for lack of consideration.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

11       Defendant objects to this request as overly broad.  Defendant further objects to this

12  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

13  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

14  responds as follows: Discovery is continuing and Defendant will produce any documents

15  responsive to this request in its possession, custody, or control.

16  **REQUEST FOR PRODUCTION NO. 20:**

17       All documents which You contend support Your Ninth Affirmative Defense that the

18  agreement in the complaint is in illegal and/or contravention of public policy.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

20       Defendant objects to this request as overly broad.  Defendant further objects to this

21  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

22  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

23  responds as follows: Discovery is continuing and Defendant will produce any documents

24  responsive to this request in its possession, custody, or control.

25  **REQUEST FOR PRODUCTION NO. 21:**

26       All documents which You contend support your Tenth Affirmative Defense that the

27  agreement alleged in the Complaint is void under California Business & Professions Code section

28  16600.

9

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2      Defendant objects to this request as overly broad.  Defendant further objects to this

3  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

4  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

5  responds as follows: Discovery is continuing and Defendant will produce any documents

6  responsive to this request in its possession, custody, or control.

7  **REQUEST FOR PRODUCTION NO. 22:**

8      All documents which You contend support Your Eleventh Affirmative Defense that the

9  agreement alleged in the complaint fails because it is vague and ambiguous as to material terms.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

11      Defendant objects to this request as overly broad.  Defendant further objects to this

12  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

13  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

14  responds as follows: Discovery is continuing and Defendant will produce any documents

15  responsive to this request in its possession, custody, or control.

16  **REQUEST FOR PRODUCTION NO. 23:**

17      All documents which You contend support Your Twelfth Affirmative Defense that the

18  imposition of punitive or exemplary damages would violate of the Constitution of the United

19  States of America and the State of California.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

21      Defendant objects to this request as overly broad.  Defendant further objects to this

22  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

23  attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

24  responds as follows: Discovery is continuing and Defendant will produce any documents

25  responsive to this request in its possession, custody, or control.

26  **REQUEST FOR PRODUCTION NO. 24:**

27      All documents which You contend support Your Thirteenth Affirmative Defense that the

28  defendants acted without malice and with a good faith belief in the propriety of their conduct.

10

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to policy expiration dates of customers of Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to efforts made by You to obtain Cindi Marty as an employee of All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this request as overly broad. Defendant objects to this request as it assumes facts not in evidence. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    **REQUEST FOR PRODUCTION NO. 27:**

2          All documents and electronically stored information from January 1, 2007 through July 1,

3    2007, provided to You by Michael P. McGrath in order to obtain insurance business.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

5          Defendant objects to this request as overly broad. Defendant objects to this request as it

6    assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds

7    as follows: Defendant has performed a reasonable and diligent search and does not have any

8    documents responsive to this request in its possession, custody or control.

9    **REQUEST FOR PRODUCTION NO. 28:**

10          Any and all list of customers of the Crump Insurance Services.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

12          Defendant objects to this request as overly broad. Defendant objects to this request as it

13    assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds

14    as follows: Defendant has performed a reasonable and diligent search and does not have any

15    documents responsive to this request in its possession, custody or control.

16    **REQUEST FOR PRODUCTION NO. 29:**

17          Any and all information provided to You by Michael P. McGrath related to the expiration

18    of insurance for any customer of Crump Insurance Services.

19    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

20          Defendant objects to this request as overly broad. Defendant objects to this request as it

21    assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds

22    as follows: Defendant has performed a reasonable and diligent search and does not have any

23    documents responsive to this request in its possession, custody or control.

24    **REQUEST FOR PRODUCTION NO. 30:**

25          Any and all information provided to You by Michael P. McGrath related to the polices of

26    insurance for any customer of Crump Insurance Services.

27    **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

28          Defendant objects to this request as overly broad. Defendant objects to this request as it

12

1  assumes facts not in evidence.  Subject to and without waiving the foregoing, Defendant responds

2  as follows: Defendant has performed a reasonable and diligent search and does not have any

3  documents responsive to this request in its possession, custody or control.

4  Dated: February 13, 2008

CURIALE DELLAVERSON HIRSCHFELD
& KRAEMER, LLP

By: _Kristen L. Williams_

Stephen J. Hirschfeld
Donna M. Rutter
Kristen L. Williams
Attorneys for Defendants
MICHAEL P. MCGRATH; ALL RISKS,
LTD.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# VERIFICATION FORM TO FOLLOW

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

<strong>PROOF OF SERVICE</strong>

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am a resident of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On February 13, 2008, I served the following document(s) by the method indicated below:

> **DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP INSURANCE'S REQUEST FOR PRODUCTION OF DOCUMENTS [F.R.C.P. 34]**

☐    by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒    by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    by sending the documents electronically through email to the address listed below.

☒    **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Douglas W. Stern
Fulbright & Jaworski, LLP
555 South Flower Street, 41st Floor
Los Angeles, CA 90071
Tel: (213) 892-9200
Fax: (213) 892-9494

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on February 13, 2008 at San Francisco, California.

_Angelique Pierre_
Angelique Pierre

CURIALE DELLAVERSON HIRSCHFELD & KRAENER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# Confirmation Report — Memory Send

Page        : 001
Date & Time: 09-06-08   09:16am
Line 1      : +415 834 0443
Line 2      : +415 834 0443
Machine ID  : CURIALE DELLAVERSON, et al.

Job number        :   542
Date              :   09-06  09:16am
To                :  ☎18884771700
Number of pages   :   001
Start time        :   09-06  09:16am
End time          :   09-06  09:16am
Pages sent        :   001
Status            :   OK

Job number    : 542         *** SEND SUCCESSFUL ***

## INDEX TABS & BINDING ORDER FORM

**BLUEBIRD OFFICE SUPPLIES**
www.bluebirdonline.com
TEL: (888) 477-0700 FAX: (888) 477-1700

90 Lb Heavy Cardstock Tabs

CUSTOMER ACCT.# Curiale 4215

PAGE 1 OF 1
DATE: 6/9/08
ATTN:
ORDERED BY: L Ellis M. Brecter
CLIENT – MATTER #: 1000 -001
PURCHASE ORDER #:

EXPRESS DELIVERY

### BILL TO:
Name: Curiale - Dellaverson
Address: 727 Sansome Street
City: S.F.  State: Ca  Zip: 94111
Telephone: (415) 875-9019  Fax: (415) 834-0443

### SHIP TO:
Name: Same
Address:
City:  State:  Zip:
Telephone: ( )  Fax: ( )

TABS SOLD IN PACKS OF 25 BOX of 250 or BOX of 350

| QTY PER TAB TITLE | TAB TITLES (eg. A, 26, 701→725, 5001→5800) | TABS IN SETS | INDIV TABS | SIDE TABS | BTM TABS | WITH WORD EXHIBIT | NO WORD EXHIBIT | BLANK PLAIN | BLANK WITH MYLAR | |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 25 | 1-25 Side Tab No Exhibit 10 Sets | | | | | | | | | 1 | 536 |
| 2 | 25 | 26-50 Side Tab No Exhibit 20 Sets | | | | | | | | | 2 | 1032 |
| 3 | 25 | Exhibit A Bottom 5 Sets | | | | | | | | | 3 | 3133 |
| 4 | 25 | Exhibit B Bottom 5 Sets | | | | | | | | | 4 | 4234 |
| 5 | 25 | Exhibit C Bottom 5 Sets | | | | | | | | | 5 | |
| 6 | 25 | Exhibit E Bottom 5 Sets | | | | | | | | | 6 | |
| 7 | 25 | Exhibit G Bottom 5 Sets | | | | | | | | | 7 | |
| 8 | | | | | | | | | | | 8 | |
| 9 | | | | | | | | | | | 9 | |

| QTY | CARDSTOCK 67# LTR.SZ | QTY | COLOR PAPER 20# LTR SZ | QTY | SIDE TABS | QTY | BOTTOM TABS |
|---|---|---|---|---|---|---|---|
| RM | RE-ENTRY RED (BRIGHT) | RM | CANARY / YEL. (PASTEL) | EA | DECLARATION | EA | DECLARATION |

1 2 3 D E

5-CUT BLANK Plain or with Mylar

# EXHIBIT D

*DRI KI JI KJI CIIENTI FILE*

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
555 SOUTH FLOWER STREET
FORTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071
WWW.FULBRIGHT.COM

DSTERN@FULBRIGHT.COM
DIRECT DIAL: (213) 892-9202

TELEPHONE:   (213) 892-9200
FACSIMILE:    (213) 892-9494

February 29, 2008

RECEIVED MAR - 3 2008

Donna M. Rutter, Esq.
Kristen L. Williams, Esq.
Curiale Dellaverson Hirschfeld & Kraemer
727 Sansome Street
San Francisco, CA 94111

MAR 0 3 2008

    Re:   <u>Crump v. Michael P. McGrath and All Risks, Ltd.</u>

Dear Donna and Kristen:

    Rather than write a detailed letter going through the responses provided by your clients to our document request, I think it would be more efficient to have a telephone call where we went through the various deficiencies. Also, I gather that your production of documents is being delayed until we have worked out the details on the protective order. Lastly, we think it very important to resolve the matter with respect to Michael McGrath's computer. It is our understanding that he transmitted Crump materials to a home computer. That computer is subject to our Request No. 1, and it is critical that we obtain access to that computer to ascertain whether McGrath has taken materials as we believe. I cannot stress enough the need to accomplish that prior to any meaningful mediation taking place.

        Very truly yours,

        Douglas W. Stern

cc:   Andrew Forstenzer

70243721.1

AUSTIN • BEIJING • DALLAS • DENVER • DUBAI • HONG KONG • HOUSTON • LONDON • LOS ANGELES • MINNEAPOLIS
MUNICH • NEW YORK • RIYADH • SAN ANTONIO • ST. LOUIS • WASHINGTON DC

# EXHIBIT E

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

SAN FRANCISCO

727 SANSOME STREET

SAN FRANCISCO

CALIFORNIA

94111

TELEPHONE

(415) 835-9000

FAX

(415) 834-0443

LOS ANGELES

THE WATER GARDEN

2425 OLYMPIC BOULEVARD

SUITE 550 EAST TOWER

SANTA MONICA

CALIFORNIA

90404

TELEPHONE

(310) 255-0705

FAX

(310) 255-0986

RENO

5450 LONGLEY LANE

RENO

NEVADA

89511

TELEPHONE

(775) 826-7100

FAX

(775) 827-9256

E-MAIL

info@cdhklaw.com

WEB SITE

www.cdhklaw.com

May 29, 2008

KRISTEN L. WILLIAMS
Direct Dial: (415) 835-9051
kwilliams@cdhklaw.com

Douglas W. Stern, Esq.
Matthew I. Bobb, Esq.
Fulbright & Jaworski, L.L.P.
555 South Flower Street, 41st Floor
Los Angeles, CA 90071

Re:    **Crump v. Michael P. McGrath and All Risks, LTD**

Dear Messrs. Stern and Bobb:

Pursuant to my meet and confer discussions with Matt, please find additional documents responsive to Plaintiff's Request for Production No. 5, bates-stamped numbers ALL000029, ALL000030 and ALL000031. I am also enclosing Defendants' Redaction Log.

As always, please contact me if you have any questions or concerns.

Very truly yours,

*Kristen L. Williams*

Kristen L. Williams

KLW/ap
Enclosures

4826-1513-9330



**WOODRUFF SAWYER & COMPANY**

June 26, 2007

TO Whom It May Concern

RE GC Holdings, Gemfire Corporation, Gemfire Europe, Ltd.
   Underwriters at Lloyds policy #N06NA09410

This will confirm that as of June 26, 2007, we have appointed All Risks Insurance Services, 101 California Street, Suite 3180, San Francisco, CA  94111 as our exclusive surplus lines broker of record with respect to the above policy. This appointment is immediate and rescinds all previous appointments. The authority contained herein shall remain in force until canceled in writing.

This letter constitutes your authority to furnish All Risks Insurance Services with information they may request to facilitate the transition.

Sincerely,

Mary J. Miller
Senior Account Manager
415.399.6333
mmiller@wsandco.com

/mjm

Insurance Services
Risk Management
Employee Benefits

T 415.391.2141
F 415.989.9923

220 Bush Street, Floor 7
San Francisco, CA 94104

CA License 0329598
AN ASSUREX GLOBAL & IBN PARTNER

www.wsandco.com

ALL000029



Michael Korn
*Managing Principal*

(415) 365-4615 Direct
(415) 365-4616 Fax
michael.korn@integroltd.com
CA License 0E77964

July 9, 2007

To Whom It May Concern:

Re:    Building Materials Holding Corporation
       Broker of Record Appointment

       Westchester Surplus Lines Insurance Company policy # D36075375 001

I am pleased to advise that Integro has appointed All Risks of California Insurance Services, LLC (All Risks) as its wholesale insurance broker of record relative to BMHC's above mentioned policy. This appointment is effective immediately and shall run continuously until otherwise cancelled in writing by Integro.

All Risks is hereby authorized to negotiate with the above mentioned insurers, as respects the insurance referenced above; however, All Risks shall not be responsible for any deficiencies in or any commissions due on any insurance coverage not placed by All Risks.

Please provide All Risks all reasonable and customary access to the above noted policies, and waive any applicable waiting period.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Michael Korn, ARM
Managing Principal
Integro Insurance Brokers

ALL000030

**Michael Korn**
*Managing Principal*



(415) 365-4615 Direct
(415) 365-4616 Fax
michael.korn@integroltd.com
CA License 0E77964

July 9, 2007

To Whom It May Concern:

Re:    HCV Pacific Partners Inc. LLC
       Broker of Record Appointment

       Empire Indemnity Insurance Company policy # 307028XF-1

I am pleased to advise that Integro has appointed All Risks of California Insurance Services, LLC (All Risks) as its wholesale insurance broker of record relative to HCV's above mentioned policy. This appointment is effective immediately and shall run continuously until otherwise cancelled in writing by Integro.

All Risks is hereby authorized to negotiate with the above mentioned insurers, as respects the insurance referenced above; however, All Risks shall not be responsible for any deficiencies in or any commissions due on any insurance coverage not placed by All Risks.

Please provide All Risks all reasonable and customary access to the above noted policies, and waive any applicable waiting period.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Michael Korn, ARM
Managing Principal
Integro Insurance Brokers

ALL000031

CRUMP INSURANCE SERVICES, INC.

v.

MICHAEL P. McGRATH, et al.

United States District Court – Northern District – Case No. C-07-4636 MMC

**DEFENDANTS' MICHAEL P. McGRATH and ALL RISKS, LTD. REDACTION LOG**

| DOC. NO. | DATE | DESCRIPTION | REASON FOR REDACTION |
|---|---|---|---|
| ALL000006 | 05-02-2007 | Email between Matt Nichols and Nick Cortezi | Privacy rights of third parties not party to this litigation – redacted |
| ALL000007 | 05-02-2007 | Email between Matt Nichols and Nick Cortezi | Privacy rights of third parties not party to this litigation – redacted |
| ALL000009 | 05-22-2007 | Email between Michael McGrath and Nick Cortezi | Privacy rights of third parties not party to this litigation & Confidential and proprietary information – redacted |
| ALL000010 | 05-07-2007 | Email between Michael McGrath and Nick Cortezi | Privacy rights of third parties not party to this litigation – redacted |
| ALL000012 | 05-22-2007 | Email between Michael McGrath and Nick Cortezi | Privacy rights of third parties not party to this litigation & Confidential and proprietary information – redacted |
| ALL000013 | 05-22-2007 | Email between Michael McGrath and Nick Cortezi | Privacy rights of third parties not party to this litigation & Confidential and proprietary information – redacted |
| ALL000014 | 05-22-2007 | Email between Michael McGrath and Nick Cortezi | Privacy rights of third parties not party to this litigation & Confidential and proprietary information – redacted |
| ALL000015 | 05-07-2007 | Email between Michael McGrath and Nick Cortezi | Privacy rights of third parties not party to this litigation – redacted |
| ALL000016 | 05-18-2005 | Email between Matt Nichols and Dawn D'Onoforio | Privacy rights of third parties not party to this litigation – redacted |
| ALL000018 | 05-23-2007 | Email between Nick Cortezi and Matt Nichols | Privacy rights of third parties not party to this litigation & Confidential and proprietary information – redacted |

1

| DOC. NO. | DATE | DESCRIPTION | REASON FOR REDACTION |
|---|---|---|---|
| ALL000019 | 05-23-2007 | Email between Nick Cortezi and Matt Nichols | Confidential and proprietary information – redacted |
| ALL000019 | 05-22-2007 | Email between Michael McGrath and Nick Cortezi | Privacy rights of third parties not party to this litigation & Confidential and proprietary information – redacted |
| ALL000020 | | Email from Nick Cortezi to Michael McGrath | Privacy rights of third parties not party to this litigation – redacted |
| ALL000020 | 05-07-2007 | Email from Michael McGrath to Nick Cortezi | Privacy rights of third parties not party to this litigation – redacted |
| ALL000025 | 06-05-2007 | All Risks Employment Application | Privacy rights Defendant McGrath – redacted |

2

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRUMP INSURANCE SERVICES, INC.,

     Plaintiff,

   vs.                        No. C-07-4636 MMC

MICHAEL P. MCGRATH, an individual,
ALL RISKS, LTD., a corporation,
and Does 1 through 50, inclusive,

     Defendants.

# CERTIFIED
# COPY

_____

VIDEOTAPED DEPOSITION OF MICHAEL P. McGRATH

San Francisco, California

Wednesday, April 30, 2008

Reported by:
SUZANNE F. BOSCHETTI
CSR No. 5111

Job No. 85930A

00108

```
 1   proposal was?

 2        A.   Yes, because I said if -- whatever you give

 3   Cyndi, make sure the years are the same with hers than

 4   they are with mine.

 5        Q.   The years?

 6        A.   Yeah, the years of the contract.

 7        Q.   Oh, I see.

 8        A.   Mm-hmm.

 9        Q.   Was there any discussion you had with All Risks

10   about how the compensation work -- would work for you

11   and Cyndi either as you having a certain percentage and

12   she having a certain percentage?

13        A.   On our formula of -- of written business, yeah,

14   I had discussions with All Risks on how it would work if

15   we wrote business.

16        Q.   And it was a formula that would figure out a

17   split between you and her as to who would get what

18   percent of the commission?

19        A.   No.   That's not correct.

20        Q.   Then why don't you describe to me what

21   discussion you had?

22        A.   It was if I did 900,000 in revenue, the

23   first --

24             MS. RUTTER:   Wait, wait, wait, wait.   Hold on.

25   Hold on.
```

00109

```
 1              I'm going to caution the witness.  That's
 2   private information.  You do not need to disclose what
 3   your compensation --
 4              MR. STERN:  We have a --
 5              MS. RUTTER:  -- plan would be.
 6              MR. STERN:  No, we have a confidentiality
 7   order.  There's no need to address that, and I really
 8   think it muddles things if he can't explain how this
 9   worked 'cause we all know there's communications you've
10   given me that show a split in percentages and so on, and
11   so I think to have a -- a full understanding so
12   nobody's --
13              MS. RUTTER:  Right, but it --
14              MR. STERN:  -- goes off on a --
15              MS. RUTTER:  -- it -- what we're prepared and
16   what I'm prepared to allow him to testify to is what is
17   in that e-mail document because, as you know, we've
18   redacted compensation information.
19              MR. STERN:  And I happen to disagree with what
20   you did, although it --
21              MS. RUTTER:  Okay.
22              MR. STERN:  -- it is at this point not worth
23   arguing about.  But so that his testimony is not
24   misunderstood, he should give me a complete answer.
25   It's all subject to the confidentiality order, as I
```

00110

   1   understand it.  If you want to make it clear that this

   2   is confidential, I have no problem with that.  But I

   3   don't want to have confusion as to what this means.  I

   4   mean, I think I saw something in here 73 percent,

   5   27 percent.  I could have the numbers wrong.  I need to

   6   understand what the heck this is, so --

   7           MS. RUTTER:  That's fine.  He can speak in

   8   terms of percentages.

   9           MR. STERN:  Okay.  Well, let's -- let's --

  10           MS. RUTTER:  He's not --

  11           MR. STERN:  -- take it one step at a time.

  12           MS. RUTTER:  He's not going to disclose the

  13   terms of --

  14   BY MR. STERN:

  15     Q.  Do you remember --

  16           MS. RUTTER:  -- his agreement.

  17   BY MR. STERN:

  18     Q.  -- what you were talking about?

  19     A.  Yes.

  20     Q.  Okay.  Why don't you move forward, please.

  21     A.  Can I see the percentage, how it's written?

  22     Q.  I'll try and reference an e-mail if I can find

  23   it quickly.

  24        I will give you a page right now.  We won't

  25   mark it yet, but it is All Risks, page 19.  I don't know

1        I, the undersigned, a Certified Shorthand

2    Reporter of the State of California, do hereby certify:

3        That the foregoing proceedings were taken

4    before me at the time and place herein set forth; that

5    any witnesses in the foregoing proceedings, prior to

6    testifying, were duly sworn; that a record of the

7    proceedings was made by me using machine shorthand

8    which was thereafter transcribed under my direction;

9    that the foregoing transcript is a true record of the

10    testimony given.

11        Further, that if the foregoing pertains to

12    the original transcript of a deposition in a Federal

13    Case, before completion of the proceedings, review of

14    the transcript [ X ] was [  ] was not requested.

15        I further certify I am neither financially

16    interested in the action nor a relative or employee

17    of any attorney or party to this action.

18        IN WITNESS WHEREOF, I have this date

19    subscribed my name.

20

21    Dated: _____MAY 1 3 2008_____

22

23    *Suzanne F. Boschetti*

        SUZANNE F. BOSCHETTI

24    CSR No. 5111

25