# EXHIBIT G

1    Mark S. Askanas (SBN 122745)
     Dylan B. Carp (SBN 196846)
2    Tara L. Riedley (SBN 236508)
     JACKSON LEWIS LLP
3    199 Fremont Street, 10th Floor
     San Francisco, California  94105
4    Telephone:  (415) 394-9400
     Facsimile:  (415) 394-9401
5    askanasm@jacksonlewis.com

*RECEIVED JUN 0   2008*

6    Attorneys for Plaintiff CRUMP
     INSURANCE SERVICES, INC.
7

8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11   CRUMP INSURANCE SERVICES, INC., | Case No.  C-07-4636 MMC |
| 12          Plaintiff, | **PLAINTIFF CRUMP INSURANCE SERVICES, INC.'S AMENDED NOTICE OF TAKING DEPOSITION OF DEFENDANT MICHAEL McGRATH** |
| 13       v. | |
| 14   MICHAEL P. MCGRATH, an individual, ALL RISKS, LTD., a corporation, and Does 1 | |
| 15   through 50, inclusive, | |
| 16          Defendants. | |

17

18       TO DEFENDANTS AND TO THEIR COUNSEL OF RECORD:

19       PLEASE TAKE NOTICE that PLAINTIFF CRUMP INSURANCE SERVICES, INC., by

20 and through its attorneys of record, will take the deposition, on oral examination, of MICHAEL

21 McGRATH on Tuesday, June 10, 2008, at noon, at the Law Offices of Jackson Lewis LLP, 199

22 Fremont Street, 10th Floor, San Francisco, California, 94105.

23       Said deposition will be taken before a certified shorthand reporter, or any other person

24 who is qualified to administer oaths.  The deposition may also be recorded by audio and video

25 technology.  If not completed on the date set forth above, said deposition will continue from

26    ///

27    ///

28    ///

1   business day to business day, Sundays and holidays excepted, until completed unless otherwise

2   agreed by the parties.

3

4   DATED:  June 6, 2008                    JACKSON LEWIS LLP

5

6

7   By: _____
                Mark S. Askanas
8                Dylan B. Carp
                Tara L. Riedley
9                Attorneys for Plaintiff
                CRUMP INSURANCE SERVICES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Bryana Schroder, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On June 6, 2008, I served the attached **PLAINTIFF CRUMP INSURANCE SERVICES, INC.'S AMENDED NOTICE OF TAKING DEPOSITION OF DEFENDANT MICHAEL McGRATH** in this action by placing a true and correct copy thereof, enclosed in sealed envelope(s) addressed as follows:

Donna Rutter
Curiale Dellaverson Hirschfeld & Kraemer
727 Sansome Street
San Francisco, CA 94111
Tel (415) 835-9000
Fax (415) 834-0443

Attorneys for Defendants

[ X ]    <u>BY MAIL</u>:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ ]    <u>BY HAND DELIVERY</u>:  I caused such envelope(s) to be delivered by hand to the above address.

[ ]    <u>BY OVERNIGHT DELIVERY</u>:  I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

[ X ]    <u>BY FACSIMILE</u>:  I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 6, 2008, at San Francisco, California.

_Bryana Schroder_
Bryana Schroder

Case No. C-07-4636 MMC

PROOF OF SERVICE

# EXHIBIT H

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson|lewis
Attorneys at Law

Jackson Lewis LLP

199 Fremont Street

10th Floor

San Francisco, California 94105

Tel 415 394-9400

Fax 415 394-9401

www.jacksonlewis.com

| | |
|---|---|
| ATLANTA, GA | LONG ISLAND, NY | PORTLAND, OR |
| BIRMINGHAM, AL | LOS ANGELES, CA | PROVIDENCE, RI |
| BOSTON, MA | MIAMI, FL | RALEIGH DURHAM, NC |
| CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| DALLAS, TX | NEW YORK, NY | SAN FRANCISCO, CA |
| DENVER, CO | ORANGE COUNTY, CA | SEATTLE, WA |
| GREENVILLE, SC | ORLANDO, FL | STAMFORD, CT |
| HARTFORD, CT | PHILADELPHIA, PA | WASHINGTON, DC REGION |
| HOUSTON, TX | PITTSBURGH, PA | WHITE PLAINS, NY |

June 6, 2008

Via Fax

Stephen J. Hirschfeld, Esq.
Donna M. Rutter, Esq.
Kristen L. Williams, Esq.
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA 9111

Re:   Crump Insurance Services, Inc. v. McGrath, N.D. Cal. Case No. C-07-4636 MMC

Dear Counsel:

In the next few minutes you should receive our e-filed Notice of Substitution of Counsel, substituting our firm as counsel for plaintiff in the above-referenced matter. This letter has __ purposes. First, we have enclosed amended notices of deposition of Nick Cortezi and Michael McGrath, which change the location to our office. As you know, the intention is to begin with Mr. Cortezi's deposition at 10:00 a.m., and then to begin with Mr. McGrath's deposition upon the completion of Mr. Cortezi's.

Second, this conveys our request to meet and confer pursuant to Civ. L.R. 43-7 about a discovery dispute regarding certain responses served by Defendants.

I. Defendant All Risks, LTD's Response to Plaintiff's Request for Production of Documents.

You apparently have not served Plaintiff with a verification, please do so at your earliest convenience.

You redacted information from your document production, please provide us with a redaction log at your earliest convenience. Also, if you withheld any documents, please provide us with a privilege log at your earliest convenience.

2.   This request seeks documents concerning Crump customers that went to All Risks, which is the heart of our case. This request is therefore not overly broad. The Stipulated Protective Order Regarding Confidentiality moots your objection that the request seeks confidential, proprietary or trade secret information; if you think you need stricter protection, let us know. "Clients or customers of Crump" is plain English and does not require speculation as to its meaning. Regarding your objection as to "whether Defendant is actually aware of Crump's clients or customers," as with any response you must conduct a diligent search and reasonable inquiry for responsive documents.

3.   This request seeks documents concerning your solicitation of Crump customers or clients wherein you were provided information about that customer or client from McGrath, which is the heart of our case. This request is therefore not overly broad. Your objection that the request assumes facts



not in evidence is non-sensical in this context; either responsive documents exist or they don't. "Clients or customers of Crump" is plain English and does not require speculation as to its meaning and the request does not violate the attorney-client or attorney work product privileges; nevertheless, if you withheld any documents on these grounds, please produce a privilege log. Regarding your objection as to "whether Defendant is actually aware of Crump's clients or customers," as with any response you must conduct a diligent search and reasonable inquiry for responsive documents.

Your responses to requests nos. 4-12 and 26 raise similar issues.

II. Defendant Michael P. McGrath's Responses to Plaintiff's Request for Production of Documents and to Test and Sample Computers

You apparently have not served Plaintiff with a verification, please do so at your earliest convenience.

To the extent that you withheld any documents or redacted information from your document production, please provide us with a privilege and/or redaction log at your earliest convenience.

1.  This is a permissible request.
2.  We will limit the request to the time period January 1, 2007 through June 4, 2007. This should satisfy your over breadth and relevance objections. Please provide a privilege/redaction log for any documents or information withheld/redacted on privacy grounds; we suspect that our need for information responsive to this targeted request will outweigh any privacy interest. The Stipulated Protective Order Regarding Confidentiality moots your objection that the request seeks confidential, proprietary or trade secret information; if you think you need stricter protection, let us know.

8-9 involve objections similar to those addressed above.

11.  This contains a typo. We will change "if You were employed" to "if he were employed." Please respond to this request as corrected. The other objections are similar to those addressed above.

13-17 involve objections similar to those addressed above.

For the most part we are available to discuss these matters any day and time next week, please tell me when you are available. As the discovery cutoff is June 20, we need to try to resolve all these issues next week.

Very truly yours,

JACKSON LEWIS LLP

Dylan B. Carp

1  Mark S. Askanas (SBN 122745)
   Dylan B. Carp (SBN 196846)
2  Tara L. Riedley (SBN 236508)
   JACKSON LEWIS LLP
3  199 Fremont Street, 10th Floor
   San Francisco, California 94105
4  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
5  askanasm@jacksonlewis.com

6  Attorneys for Plaintiff CRUMP
   INSURANCE SERVICES, INC.

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  CRUMP INSURANCE SERVICES, INC.,          Case No. C-07-4636 MMC

12               Plaintiff,                   PLAINTIFF CRUMP INSURANCE
                                              SERVICES, INC.'S SECOND
13        v.                                  AMENDED NOTICE OF TAKING
                                              DEPOSITION OF
14  MICHAEL P. MCGRATH, an individual, ALL    NICK CORTEZI (WITH
    RISKS, LTD., a corporation, and Does 1    DOCUMENTS; TO BE
15  through 50, inclusive,                    VIDEOGRAPHED)

16               Defendants.

17

18  TO DEFENDANTS AND TO THEIR COUNSEL OF RECORD:

19       PLEASE TAKE NOTICE that PLAINTIFF CRUMP INSURANCE SERVICES, INC., by

20  and through its attorneys of record, will take the deposition, on oral examination, of NICK

21  CORTEZI on Tuesday, June 10, 2008, at 10:00 a.m. at the Law Offices of Jackson Lewis LLP,

22  199 Fremont Street, 10th Floor, San Francisco, California, 94105.

23       Said deposition will be taken before a certified shorthand reporter, or any other person

24  who is qualified to administer oaths. The deposition may also be recorded by audio and video

25  technology. If not completed on the date set forth above, said deposition will continue from

26  business day to business day, Sundays and holidays excepted, until completed unless otherwise

27  agreed by the parties.

28  ///

                           1                          Case No. C-07-4636 MMC

The deponent is required to bring to the deposition all of the following listed items:

1. All documents, communications, and electronic mail that announce Michael P. McGrath's change in employment to All Risks, Ltd.

2. All documents, communications, and electronic mail making an announcement to any person about Michael P. McGrath's business affiliation, which were made between May 1, 2007 and September 1, 2007.

3. All phone records of calls made or received by Michael P. McGrath from All Risks' offices between June 4, 2007 and June 30, 2007.

4. All documents, communications, electronic mail, and phone records that reflect conversations between Michael P. McGrath and Cindy Marty from April 1, 2007 through June 30, 2007.

5. Any communications between Michael P. McGrath and Woodruff Sawyer & Company from June 3, 2007 through June 11, 2007.

6. Any communications between Michael P. McGrath and HUB International from June 3, 2007 through June 11, 2007.

7. All documents, communications, and electronic mail referring or relating to All Risks, Ltd. seeking business from a former or current client or customer of Crump Insurance Services.

DATED: June 6, 2008                      JACKSON LEWIS LLP


By: _____
    Mark S. Askanas
    Dylan B. Carp
    Tara L. Riedley
    Attorneys for Plaintiff
    CRUMP INSURANCE SERVICES, INC.

                          2                    Case No. C-07-4636 MMC

**PROOF OF SERVICE**

I, Bryana Schroder, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On June 6, 2008, I served the attached **PLAINTIFF CRUMP INSURANCE SERVICES, INC.'S SECOND AMENDED NOTICE OF TAKING DEPOSITION OF NICK CORTEZI (WITH DOCUMENTS; TO BE VIDEOGRAPHED)** in this action by placing a true and correct copy thereof, enclosed in sealed envelope(s) addressed as follows:

Donna Rutter
Curiale Dellaverson Hirschfeld & Kraemer
727 Sansome Street
San Francisco, CA 94111
Tel (415) 835-9000
Fax (415) 834-0443

Attorneys for Defendants

[X]   BY MAIL:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.

[ ]   BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above address.

[ ]   BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

[X]   BY FACSIMILE:  I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 6, 2008, at San Francisco, California.

_Bryana Schroder_
Bryana Schroder

Case No. C-07-4636 MMC

PROOF OF SERVICE

Mark S. Askanas (SBN 122745)
Dylan B. Carp (SBN 196846)
Tara L. Riedley (SBN 236508)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
*askanasm@jacksonlewis.com*

Attorneys for Plaintiff CRUMP
INSURANCE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUMP INSURANCE SERVICES, INC., | Case No. C-07-4636 MMC |
| Plaintiff, | **PLAINTIFF CRUMP INSURANCE SERVICES, INC.'S AMENDED NOTICE OF TAKING DEPOSITION OF DEFENDANT MICHAEL McGRATH** |
| v. | |
| MICHAEL P. MCGRATH, an individual, ALL RISKS, LTD., a corporation, and Does 1 through 50, inclusive, | |
| Defendants. | |

TO DEFENDANTS AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that PLAINTIFF CRUMP INSURANCE SERVICES, INC., by and through its attorneys of record, will take the deposition, on oral examination, of MICHAEL McGRATH on Tuesday, June 10, 2008, at noon, at the Law Offices of Jackson Lewis LLP, 199 Fremont Street, 10th Floor, San Francisco, California, 94105.

Said deposition will be taken before a certified shorthand reporter, or any other person who is qualified to administer oaths. The deposition may also be recorded by audio and video technology. If not completed on the date set forth above, said deposition will continue from

///

///

///

1

1  business day to business day, Sundays and holidays excepted, until completed unless otherwise

2  agreed by the parties.

3

4  DATED: June 6, 2008                          JACKSON LEWIS LLP

5

6                                               By:

7                                                    Mark S. Askanas
                                                     Dylan B. Carp
8                                                    Tara L. Riedley
                                                     Attorneys for Plaintiff
9                                                    CRUMP INSURANCE SERVICES, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF CRUMP'S AMENDED NOTICE OF TAKING DEPOSITION OF DEFENDANT McGRATH

1          **PROOF OF SERVICE**

2                  I, Bryana Schroder, declare that I am employed with the law firm of Jackson

3      Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I

4      am over the age of eighteen (18) years and am not a party to this action.

5                  On June 6, 2008, I served the attached **PLAINTIFF CRUMP INSURANCE**

6      **SERVICES, INC.'S AMENDED NOTICE OF TAKING DEPOSITION OF DEFENDANT**

7      **MICHAEL McGRATH** in this action by placing a true and correct copy thereof, enclosed in

8      sealed envelope(s) addressed as follows:

9      Donna Rutter
       Curiale Dellaverson Hirschfeld & Kraemer
10     727 Sansome Street
       San Francisco, CA 94111
11     Tel (415) 835-9000
       Fax (415) 834-0443
12

13     Attorneys for Defendants

14     [ X ]   BY MAIL:  United States Postal Service by placing sealed envelopes with the postage
               thereon fully prepaid, placed for collection and mailing on this date, following ordinary
15             business practices, in the United States mail at San Francisco, California.

16
17     [ ]     BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above
               address.

18
19     [ ]     BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
               address within 24 hours by overnight delivery service.

20
21     [ X ]   BY FACSIMILE:  I caused such document to be transmitted by facsimile from our fax
               number (415) 394-9401 to the fax number indicated above.

22
23                  I declare under penalty of perjury under the laws of the State of California that the
       above is true and correct.

24                  Executed on June 6, 2008, at San Francisco, California.

25

26                                          _____
                                                    Bryana Schroder
27

28

                                                            Case No. C-07-4636 MMC

                            PROOF OF SERVICE

# EXHIBIT I

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson | lewis

Attorneys at Law

Jackson Lewis LLP
199 Fremont Street
10th Floor
San Francisco, California 94105
Tel 415 394-9400
Fax 415 394-9401
www.jacksonlewis.com

| | | |
|---|---|---|
| ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
| LONG ISLAND, NY | PITTSBURGH, PA | |

# FAX

| | |
|---|---|
| **To:** | Stephen J. Hirschfeld, Esq. |
| | Donna Rutter, Esq. |
| | Kristen L. Williams, Esq. |
| **Company:** | Curiale Dellaverson Hirschfeld & Kraemer |
| **Fax:** | 415-834-0443                    Tel #:   415-835-9000 |
| **From:** | Dylan B. Carp, Esq. |
| **Sender:** | Bryana Schroder |
| **Subject:** | Crump/McGrath |
| **Date:** | June 9, 2008 |
| **Client/Matter #:** | 124452/1219 |
| **Pages:** | 3 |
| **Original:** | _____ Will Follow   __X__   Will Not Follow |

**MESSAGE:**

**Please contact BRYANA SCHRODER (415-394-9400, Ext. 6312) if there are any problems with this transmission.**

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

# jackson|lewis
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP

199 Fremont Street

10th Floor

San Francisco, California 94105

Tel 415 394-9400

Fax 415 394-9401

www.jacksonlewis.com

ATLANTA, GA
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CLEVELAND, OH
DALLAS, TX
DENVER, CO
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX

LONG ISLAND, NY
LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORANGE COUNTY, CA
ORLANDO, FL
PHILADELPHIA, PA
PITTSBURGH, PA

PORTLAND, OR
PROVIDENCE, RI
RALEIGH DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

June 9, 2008

Via Fax

Stephen J. Hirschfeld, Esq.
Donna M. Rutter, Esq.
Kristen L. Williams, Esq.
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA 9111

Re:   Crump Insurance Services, Inc. v. McGrath, N.D. Cal. Case No. C-07-4636 MMC

Dear Counsel:

This follows-up on Mark Askanas' e-mail requesting to meet and confer on certain issues in advance of tomorrow's scheduled depositions of Michael McGrath and Nick Cortezi. This letter advises you of an additional issue we would like to meet and confer on in advance of those scheduled depositions, as follows.

We received an objection from McGrath and All Risks stating that "Defendants will not permit Mr. Cortezi's deposition to be recorded by video or audio recording devices," because "Plaintiff's original deposition Notice did not contain any notice as to Plaintiff's intent to audio or video tape Mr. Cortezi's deposition," and pursuant to FRCP 30(b)(3)(B), "Plaintiff must give proper and timely notice to the deponent as to the method by which testimony is to be recorded."

We think your position lacks merit regarding videotaping for the following reasons. First, we think that the videotaped deposition was properly noticed under FRCP 30(b)(3)(A), without getting into any issues regarding notice under FRCP 30(b)(3)(B). Plaintiff's original deposition notice, served May 16, noticed Cortezi's deposition for June 19 and clearly stated that Cortezi's deposition "shall also be both taken stenographically and videotaped," so you were put on notice that Cortezi's deposition would be videotaped. It was only Plaintiff's first amended notice, served June 2, which renoticed Cortezi's deposition for June 10, which did not refer to videotape. However, Plaintiff's second amended notice, served June 6, which changed the location to Jackson Lewis' office, again clearly states that the deposition may be recorded by audio and video technology. If you have authority stating that this does not comply with FRCP 30(b)(3)(A) regarding videotaping, we would like to see it.

Second, we think that the videotaped deposition was properly noticed under FRCP 30(b)(3)(B), even if it did not comply with 30(b)(3)(A). Rule 30(b)(3)(B) states that "With prior notice to the deponent and other parties, any party may designate another method for recording the testimony in addition to that specified in the original notice." Even assuming that Plaintiff's original notice did not notify Defendants that Cortezi's deposition will be videotaped, Plaintiff is a party, and Plaintiff's second amended notice



clearly gave Defendants prior notice of its designation of videotape as another method for recording Cortezi's deposition. Again, if you have contrary authority, we would like to see it.

We look forward to discussing this issue, in addition to those raised in Mr. Askanas' e-mail, in advance of tomorrow's depositions.

Very truly yours,

JACKSON LEWIS LLP

Dylan B. Carp

# EXHIBIT J

06/09/2008 15:18 FAX 41539494    🖂 001/003

# jackson | lewis

Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

| | | |
|---|---|---|
| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| 199 Fremont Street | BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| 10th Floor | CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| San Francisco, California 94105 | DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| Tel 415 394-9400 | GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| Fax 415 394-9401 | HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
| www.jacksonlewis.com | LONG ISLAND, NY | PITTSBURGH, PA | |

# FAX

| | |
|---|---|
| **To:** | Stephen J. Hirschfeld, Esq. |
| **Company:** | Curiale Dellaverson Hirschfeld & Kraemer |
| **Fax:** | 415-834-0443         **Tel #:**    415-835-9000 |
| **From:** | Mark S. Askanas, Esq. |
| **Sender:** | Bryana Schroder |
| **Subject:** | Crump/McGrath |
| **Date:** | June 9, 2008 |
| **Client/Matter #:** | 124452/1219 |
| **Pages:** | 3 |
| **Original:** | _____ Will Follow    **X**    _____ Will Not Follow |

**MESSAGE:**

**Please contact BRYANA SCHRODER (415-394-9400, Ext. 6312) if there are any problems with this transmission.**

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service.

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson|lewis
Attorneys at Law

| | |
|---|---|
| **Jackson Lewis LLP** | ATLANTA, GA |
| **199 Fremont Street** | BIRMINGHAM, AL |
| **10th Floor** | BOSTON, MA |
| San Francisco, California 94105 | CHICAGO, IL |
| Tel 415 394-9400 | CLEVELAND, OH |
| Fax 415 394-9401 | DALLAS, TX |
| www.jacksonlewis.com | DENVER, CO |
| | GREENVILLE, SC |
| | HARTFORD, CT |
| | HOUSTON, TX |

LONG ISLAND, NY   PROVIDENCE, RI
LOS ANGELES, CA   RALEIGH DURHAM, NC
MIAMI, FL   RICHMOND, VA
MINNEAPOLIS, MN   SACRAMENTO, CA
MORRISTOWN, NJ   SAN FRANCISCO, CA
NEW YORK, NY   SEATTLE, WA
ORANGE COUNTY, CA   STAMFORD, CT
ORLANDO, FL   WASHINGTON, DC REGION
PITTSBURGH, PA   WHITE PLAINS, NY
PORTLAND, OR

June 9, 2008

<u>Via Facsimile</u>

Stephen J. Hirschfeld, Esq.
Donna M. Rutter, Esq.
Kristen L. Williams, Esq.
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA 9111

 Re:   <u>Crump Insurance Services, Inc. v. McGrath, et al.</u>
    N.D. Cal. Case No.: C-07-4636 MMC; United States District Court District of Colorado
    Civil Subpoena No.: C-077-4636 MMC (Northern District of California)

Dear Counsel:

  This letter further sets forth Plaintiff Crump Insurance Services, Inc.'s ("Crump") good faith meet and confer effort pursuant to the District of Colorado Local Rule 30.2 and Rule 26 of the Federal Rules of Civil Procedure with respect to Defendants' Deposition Subpoena of Joseph Benkelman. Plaintiff objects to the deposition subpoena of Joseph Benkelman issued by Kristen L. Williams as an issuing officer of the District of Colorado on June 6, 2008 for several reasons, including: (1) the deposition subpoena is not reasonably calculated to lead to the discovery of admissible evidence and is, therefore, intended solely to harass and annoy Mr. Benkelman and Plaintiff, and cause them undue burden and expense, as Mr. Benkelman had no involvement whatsoever with Mr. McGrath's employment at Crump Insurance Services, Inc. or his move to All Risk; and (2) the deposition subpoena seeks to intrude on the privacy rights of Mr. Benkelman, a non-party witness. On these bases, Plaintiff seeks to move the Colorado District court to quash Mr. Benkelman's deposition subpoena or, in the alternative, to issue a protective order.

  As you were previously informed by Plaintiff's former counsel, Douglas Stern of Fulbright and Jaworski L.L.P., Mr. Benkelman has no knowledge of the above-referenced case, nor of the allegations made by Plaintiff or the defenses raised by Defendants. Moreover, Defendants refuse to demonstrate how Mr. Benkelman's deposition could possibly lead to the discovery of admissible evidence. Simply, the deposition subpoena is an abuse of the discovery process. Mr. Benkelman's deposition will produce no evidence relevant to the above-referenced case, and will serve only to waste the parties' and Mr. Benkelman's time and effort.

06/09/2008 15:19 FAX 41539494␣       ☑ 003/003



**jackson|lewis**
       Attorneys at Law

    To the extent Defendants seek to obtain evidence related to matters arising related to Mr. Benkelman's employment with Plaintiff, such evidence is protected by Mr. Benkelman's right to privacy.

    Due to the abbreviated notice of Mr. Benkelman's June 19, 2008 deposition, there exists only a small window for before Plaintiff will have no choice but to file a motion to quash the deposition subpoena in the District Court of Colorado. Please contact me at your earliest convenience to discuss this issue.

                    Very truly yours,

                    JACKSON LEWIS LLP

                    Mark S. Askanas

TLR/BCS

# EXHIBIT K



Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
199 Fremont Street
10th Floor
San Francisco, California 94105
Tel 415-394-9400
Fax 415-394-9401
www.jacksonlewis.com

ATLANTA, GA          LOS ANGELES, CA      SACRAMENTO, CA
BOSTON, MA           MIAMI, FL            SAN FRANCISCO, CA
CHICAGO, IL          MINNEAPOLIS, MN      SEATTLE, WA
DALLAS, TX           MORRISTOWN, NJ       STAMFORD, CT
GREENVILLE, SC       NEW YORK, NY         WASHINGTON, DC REGION
HARTFORD, CT         ORLANDO, FL          WHITE PLAINS, NY
LONG ISLAND, NY      PITTSBURGH, PA

# FAX

| | |
|---|---|
| **To:** | Stephen J. Hirschfeld, Esq. |
| | Donna Rutter, Esq. |
| | Kristen L. Williams, Esq. |
| **Company:** | Curiale Dellaverson Hirschfeld & Kraemer |
| **Fax:** | 415-834-0443    **Tel #:**    415-835-9000 |
| **From:** | Dylan B. Carp, Esq. |
| **Sender:** | Bryana Schroder |
| **Subject:** | Crump/McGrath |
| **Date:** | June 10, 2008 |
| **Client/Matter #:** | 124452/1219 |
| **Pages:** | 4 |
| **Original:** | _____ Will Follow    **X**    Will Not Follow |

**MESSAGE:**

---

**Please contact BRYANA SCHRODER (415-394-9400, Ext. 6312) if there are any problems with this transmission.**

---

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson lewis

Attorneys at Law

Jackson Lewis LLP
199 Fremont Street
10th Floor
San Francisco. California 94105
Tel 415 394 9400
Fax 415 394-9401
www.jacksonlewis.com

ATLANTA. GA
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CLEVELAND, OH
DALLAS, TX
DENVER, CO
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX

LONG ISLAND, NY
LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORANGE COUNTY, CA
ORLANDO, FL
PITTSBURGH, PA
PORTLAND, OR

PROVIDENCE RI
RALEIGH DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

June 10, 2008

**VIA FACSIMILE**

Kristen L. Williams, Esq.
Donna M. Rutter, Esq.
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA 9111

Re:  Crump Insurance Services, Inc. v. McGrath, N.D. Cal. Case No. C-07-4636 MMC

Dear Ms. Williams:

This responds to your fax received yesterday and addresses the points you made.

First, we look forward to receiving the verifications.

Second, thank you for providing us with a copy of your redaction log. We request a meet and confer about the redactions. You have asserted privacy rights in a manner that apparently would make it impossible to litigate an employee raiding case without suing every employee. For example, you redacted information on this ground from ALL000009 that appears to relate to employees whose relationship with Plaintiff we think your clients intentionally interfered with. We think that the court would find that any right to privacy is overridden by our need to know the information about the potential raiding; otherwise litigation of this type of case would be impossible. You also have withheld information on the ground that it is confidential and proprietary, but the parties have already negotiated a protective order designed to alleviate this concern. We can discuss stricter protection if you think it is required.

Third, you did not address our request for a privilege log for any withheld documents. Please tell us whether you withheld any documents from production, and if so whether you will provide us with a privilege log.

Fourth, we ask you to reconsider your refusal to meet and confer further on any of the issues raised in our letter of June 6. You stated that a further meet and confer would be "burdensome and harassing in addition to untimely pursuant to Federal Rule of Civil Procedure 5(d)(1)." We fail to see how that rule has anything to say about this issue. Given that we are within our right to move to compel responses until seven court days after the discovery cutoff, Civ. L.R. 26-2, it seems to us that the issue is whether or not we should assist the court by trying one last time to resolve these disputes. It seems to us that if you simply refuse our offer to try one last time, you will be in the uncomfortable position of having to



**jackson｜lewis**

Attorneys at Law

explain to the court the ground for your refusal. The issues that we raised in our June 6 letter are as follows:

### I.    Defendant All Risks, LTD's Response to Plaintiff's Request for Production of Documents.

2.    This request seeks documents concerning Crump customers that went to All Risks, which is the heart of our case. This request is therefore not overly broad. The Stipulated Protective Order Regarding Confidentiality moots your objection that the request seeks confidential, proprietary or trade secret information; if you think you need stricter protection, let us know. "Clients or customers of Crump" is plain English and does not require speculation as to its meaning. Regarding your objection as to "whether Defendant is actually aware of Crump's clients or customers," as with any response you must conduct a diligent search and reasonable inquiry for responsive documents.

3.    This request seeks documents concerning your solicitation of Crump customers or clients wherein you were provided information about that customer or client from McGrath, which is the heart of our case. This request is therefore not overly broad. Your objection that the request assumes facts not in evidence is non-sensical in this context; either responsive documents exist or they don't. "Clients or customers of Crump" is plain English and does not require speculation as to its meaning and the request does not violate the attorney-client or attorney work product privileges; nevertheless, if you withheld any documents on these grounds, please produce a privilege log. Regarding your objection as to "whether Defendant is actually aware of Crump's clients or customers," as with any response you must conduct a diligent search and reasonable inquiry for responsive documents.

Your responses to requests nos. 4-12 and 26 raise similar issues.

### II.    Defendant Michael P. McGrath's Responses to Plaintiff's Request for Production of Documents and to Test and Sample Computers.

You apparently have not served Plaintiff with a verification, please do so at your earliest convenience.

To the extent that you withheld any documents or redacted information from your document production, please provide us with a privilege and/or redaction log at your earliest convenience.

1.    This is a permissible request.

2.    We will limit the request to the time period January 1, 2007 through June 4, 2007. This should satisfy your over breadth and relevance objections. Please provide a privilege/redaction log for any documents or information withheld/redacted on privacy grounds; we suspect that our need for information responsive to this targeted request will outweigh any privacy interest. The Stipulated Protective Order Regarding Confidentiality moots your objection that the request seeks confidential, proprietary or trade secret information; if you think you need stricter protection, let us know.



**jackson lewis**

Attorneys at Law

8-9 involve objections similar to those addressed above.

11.     This contains a typo. We will change "if You were employed" to "if he were employed." Please respond to this request as corrected. The other objections are similar to those addressed above.

13-17 involve objections similar to those addressed above.

Finally, we will work with you to schedule the Hargrove and Jennings depositions next week.

Please tell me when you are available to discuss these important issues. Again, as the discovery cutoff is June 20, we need to try to resolve all these issues this week.

Very truly yours,

JACKSON LEWIS LLP

Dylan B. Carp

DBC/BS

# EXHIBIT K

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

SAN FRANCISCO

727 SANSOME STREET

SAN FRANCISCO

CALIFORNIA

94111

TELEPHONE

(415) 835-9000

FAX

(415) 834-0443

LOS ANGELES

THE WATER GARDEN

2425 OLYMPIC BOULEVARD

SUITE 550 EAST TOWER

SANTA MONICA

CALIFORNIA

90404

TELEPHONE

(310) 255-0705

FAX

(310) 255-0986

RENO

5450 LONGLEY LANE

RENO

NEVADA

89511

TELEPHONE

(775) 826-7100

FAX

(775) 827-9256

E-MAIL

info@cdhklaw.com

WEB SITE

www.cdhklaw.com

June 10, 2008

KRISTEN L. WILLIAMS
Direct Dial: (415) 835-9051
kwilliams@cdhklaw.com

**VIA FACSIMILE & U.S. MAIL (415) 394-9401**

Dylan B. Carp, Esq.
Mark S. Askanas, Esq.
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

Re:    Crump Insurance v. All Risks, Ltd. & Michael McGrath

Dear Mr. Carp:

This letter is in response to your June 10, 2008 letter regarding our previous correspondence concerning discovery issues as well as our telephone conversation also of June 10th.

**Redaction Log**

With regard to the redaction log, we disagree with your assertion that the court would find the privacy rights of third parties would be overridden by your need to know information with regard to potential employee raiding. This is not an employee raiding case. Nonetheless, Defendants will provide documents with the names of the employees listed in the documents that are currently redacted. Defendants will not, however, reveal the information related to the proposed salaries and/or terms of employment for those individuals.

In our phone discussion this afternoon, you suggested that *Morlife, Inc. v Perry* entitles you to this information. If I understood your position correctly, it is your assertion that Plaintiff is entitled to the salary information paid by Defendant All Risks to any former employee of Crump because, if misappropriation of trade secrets has occurred, Crump would be entitled to these salaries as unjust enrichment that was received by Defendants. We disagree with your interpretation of the case. In *Morlife*, the court approved the award of 33% of the salaries of Defendants because the Court found that 33% of the Defendants' salaries were derived from business that was wrongfully solicited from Plaintiff. Such is not the case here.

The salaries at issue here were not based upon revenue generation  Mr. McGrath's sworn deposition testimony from yesterday wherein he unequivocally stated that his salary was not contingent on his generating revenue. Likewise, and for the same reasons articulated above, the duration of any employment contracts

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

Dylan B. Carp, Esq.
Mark S. Askanas, Esq.
June 11, 2008
Page 2

is also confidential and proprietary information and moreover it is not relevant to this litigation.

**Privileged Log**

As conveyed to you today on the phone, no documents have been withheld on account of the attorney-client and/or attorney work product privileges.

**Requests for Production**

It remains our assertion that Defendants have already met and conferred in good faith regarding the discovery responses that you now seek to meet and confer again. As stated previously, Defendants served these responses on Plaintiff on February 13, 2008. Defendants also engaged in meet and confer discussions with Plaintiff and produced additional documents. Now, nearly four months later, Plaintiffs seek to rekindle meet and confer discussions that have since been amicably concluded. The fact that Crump has chosen to change counsel this late into the lawsuit is certainly their choice, but Crump cannot ignore the prior efforts and resolution reached by prior counsel. Though we agree that the Northern District local rules *allow* motions to compel to be heard for seven days beyond the discovery cut-off, we do not agree that a motion brought more than four months after the responses have been served and prior counsel for the party had previously agreed to the resolution of any dispute would be viewed by the Court as timely or appropriate. *See Gault v. Nabisco Biscuit Co.* (D. NV 1999) 184 F.R.D. 620, 622. Defendants will assert – and are confident the Court will agree – that Plaintiff's filing of a motion more than 120 days after the responses were received with no showing of any delay beyond the Plaintiff's control constitutes an undue delay and waiver. Nonetheless, Defendants will provide further clarification as follows:

*Request for Production to All Risks*

Request for Production No. 2:

Plaintiff has agreed to provide Defendant with a list of clients that it believes Defendant solicited from Crump. Once Defendant has received this list, to the extent additional responsive documents exist, it will produce any Broker of Record letters for these clients. Documents beyond the BOR letters (i.e. information related to the policy negotiation) are of no relevance to this lawsuit and most certainly contain proprietary information. Moreover, our responses will be further limited to BOR letters received by All Risks for accounts that McGrath handled while at Crump.

**CURIALE**

**DELLAVERSON**

**HIRSCHFELD**

**& KRAEMER**

LLP

Dylan B. Carp, Esq.
Mark S. Askanas, Esq.
June 11, 2008
Page 3

**Request for Production No. 3:**

This request seeks documents "concerning or relating to solicitation of insurance business from any customers or clients of Crump Insurance Services where in [All Risks] was provided information about that customer or client from Michael P. McGrath." As stated in our objections and relayed to Plaintiff's counsel during meet and confer discussions more than 3 months ago, this request is overbroad. Even if Plaintiff were to provide a list of Crump clients, the range of documents that could be covered by this request remains overbroad. Moreover, it calls for a legal conclusion as to the term "solicitation." As stated in our responses served February 13th and again to Plaintiff's counsel in March, these objections are valid and Defendant will not produce documents.

**Request for Production No. 4:**

This request seeks documents "concerning or relating to solicitation of employees of Crump Insurance Services to work at All Risks, Ltd." As stated in our objections and relayed to Plaintiff's counsel during meet and confer discussions more than 3 months ago, this request is overbroad. It seeks a hopelessly wide range of documents (i.e., internal communications regarding what salaries should be offered, etc.). Moreover, the request has no nexus to McGrath and therefore no relation to this lawsuit. As stated in our responses served February 13th and again to Plaintiff's counsel in March, these objections are valid and Defendant will not produce documents.

**Request for Production No. 5:**

We have already provided documents responsive to this request based on my meet and confer conversations with Plaintiff's counsel (Matthew Bobb).

**Request for Production No. 6:**

As stated in our responses, we have performed a reasonable and diligent search and no responsive documents exist.

**Request for Production Nos. 7, 26:**

These requests are essentially the same and, therefore, will be addressed together. Ms. Marty is not a party to this litigation and therefore her right of privacy must be respected. Moreover, Ms. Marty was deposed by Plaintiff and Plaintiff was able to ask Ms. Marty questions relevant to the allegations in the Complaint. Per Ms. Marty's sworn deposition testimony, she was contacted by Nick Cortezi – not Mike McGrath – and the decision to leave Crump was her own – influenced by no one else. Despite this clear testimony, Plaintiff still seeks to obtain an overbroad category of documents that most certainly invades Ms. Marty's right to privacy. As such, and as explained to counsel for Plaintiff during our meet and confer discussions regarding this very request more than three

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

Dylan B. Carp, Esq.
Mark S. Askanas, Esq.
June 11, 2008
Page 4

months ago, Defendants will not produce any documents responsive to this request.

**Request for Production Nos. 8-12:**

These requests seek "all documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to" various insurance businesses. As explained to counsel for Plaintiff in our meet and confer discussions in March, this request is overbroad and seeks information that is not relevant to this matter. Moreover, this request seeks proprietary information. As noted to Plaintiff's counsel previously, the Broker of Record letters for each of the enumerated accounts has already been provided. Additionally, since that time, Defendant has also provided all announcement communications by McGrath during his first month at All Risks. When considering that Plaintiff is now in possession of announcement communications as well as any Broker of Record letters for these enumerated insurance businesses, it becomes exceedingly clear that its persistence to enforce this overbroad request is solely aimed at harassing Defendant and obtaining confidential information (i.e., the terms of the underlying policies and financial information, etc.)

*Request for Production to McGrath*
**Request for Production No. 1:**

Plaintiff has already preformed its own search of the harddrive of McGrath's personal computer. Therefore, to the extent any of these documents sought by Requests for Production Nos. 1-38 exist, Plaintiff is already in possession of these documents. We believe, however, that Plaintiff's forensic expert will find as ours did – that no responsive documents exist. I believe you are in possession of the report our consultant prepared. Per our conversation today, your expert is still preparing his report as it relates to McGrath's computer, but you will provide a copy of that report to us once received. Thank you in advance for your cooperation.

**Request for Production No. 2:**

This request seeks documents "concerning or relating to All Risks, Ltd." You have limited this request to January 1, 2007 through June 4, 2007. As explained to counsel for Plaintiff in our meet and confer discussions in March, this request is overbroad and seeks information that is not relevant to this matter. Moreover, this request seeks proprietary information. McGrath's first date of employment with All Risks was June 4, 2007 – Plaintiff is clearly not entitled to all communications "concerning or relating to All Risks, Ltd." following McGrath's first date of employment and will not produce any documents "concerning or relating to All Risks, Ltd." from June 4, 2007 forward. Defendant will, however, amend his response to state as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

Dylan B. Carp, Esq.
Mark S. Askanas, Esq.
June 11, 2008
Page 5

this request in his possession, custody, or control for the time period of January 1, 2007 through June 3, 2007.

Request for Production No.8:
    This request seeks documents related to "solicitation of insurance business from any customers or clients of Crump Insurance Services wherein [he was] seeking such business for All Risks, Ltd." As explained to counsel for Plaintiff in our meet and confer discussions in March and as articulated in our responses served in February 13th, this request is overbroad and, more importantly, calls for a legal conclusion as to the term solicit. Nonetheless, Defendant will amend his response as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody, or control.

Request for Production No. 9:
    This request seeks documents related to "solicitation of employees of Crump Insurance Services to work for All Risks, Ltd." As explained to counsel for Plaintiff in our meet and confer discussions in March and as articulated in our responses served in February 13th, this request is overbroad and, more importantly, calls for a legal conclusion as to the term solicit. Nonetheless, Defendant will amend his response as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody, or control.

Request for Production No. 11:
    Defendant has already responded to this request and has stated that no responsive documents exist.

Request for Production Nos. 13-17:
    These requests seek "all documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to" various insurance businesses. As explained to counsel for Plaintiff in our meet and confer discussions in March, this request is overbroad and seeks information that is not relevant to this matter. Moreover, this request seeks proprietary information. As noted to Plaintiff's counsel previously, the Broker of Record letters for each of the enumerated accounts has already been provided. Additionally, since that time, Defendant has also provided all announcement communications by McGrath during his first month at All Risks. When considering that Plaintiff is now in possession of announcement communications as well as any Broker of Record letters for these enumerated insurance businesses, it becomes exceedingly clear that its persistence to enforce this overbroad request is solely aimed at harassing Defendant and obtaining confidential information (i.e., the terms of the policies, etc.)

CURIALE
DELLAVERSON
HIRSCHFELD
& KRAEMER
LLP

Dylan B. Carp, Esq.
Mark S. Askanas, Esq.
June 11, 2008
Page 6


    I hope this letter addresses our position with regard to both the redundancy of Plaintiff's attempt to again meet and confer with regard to these responses as well as Defendants' positions with regard to the responses. Nonetheless, please do not hesitate to contact me if you require additional clarification or otherwise have questions.

                                        Very truly yours,

                                        *Kristen L. Williams*

                                        Kristen L. Williams


KLW/ap

# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


CRUMP INSURANCE SERVICES, INC.,

     Plaintiff,

    vs.                  No. C-07-4636 MMC

MICHAEL P. MCGRATH, an individual,
ALL RISKS, LTD., a corporation,
and Does 1 through 50, inclusive,

     Defendants.          **CERTIFIED**

                        **COPY**

---

VIDEOTAPED DEPOSITION OF CYNTHIA MARTY

San Francisco, California

Wednesday, April 30, 2008


Reported by:
SUZANNE F. BOSCHETTI
CSR No. 5111

Job No. 85930B

00018

1                VIDEO OPERATOR:  Thank you, thank you.

2 BY MR. STERN:

3        Q.  When had you first learned that there might be

4 an opportunity for you at All Risks?

5        A.  Early part of June.

6        Q.  June 2007?

7        A.  Yes.

8        Q.  And what is it you learned at that point in

9 time?

10        A.  I -- that Nick -- I -- that Nick was looking to

11 open an office out here, and he wanted -- learned of my

12 name, someone in the industry out here, and he wanted to

13 talk to me.

14        Q.  Did he say how he learned of your name?

15        A.  No.

16        Q.  Did he say anything that led you to believe

17 that Mike McGrath had given your name?

18        A.  No.

19        Q.  Did you ever find out how Nick Cortezi knew of

20 you?

21        A.  No.  He nev- -- no.  I never -- never did.

22        Q.  Who first contacted you?  Mr. Cortezi?

23        A.  Yes.

24        Q.  And how did he contact you?

25        A.  By telephone.

00019

    1      Q.  And when was that?  Early June, you say?

    2      A.  I think -- no, it wouldn't have been early

    3 June.  It would have been early May.  I'm sorry.

    4      Q.  Okay.

    5      A.  It would have been the early part of May.

    6 My -- my apologies.

    7      Q.  So when you said early June --

    8      A.  That was incorrect, yes.

    9      Q.  Okay.  So early May, you received a phone

   10 call --

   11      A.  Yes.

   12      Q.  -- to you at home?

   13      A.  In the office.

   14      Q.  Just, as far as you could tell, out of the

   15 blue?

   16      A.  Yes.

   17      Q.  Did you ask him how he located you --

   18      A.  No.

   19      Q.  -- how he heard of you?

   20      A.  No.

   21      Q.  Were you surprised?

   22      A.  I get headhunter calls all the time, so it's

   23 just like okay.  Just here's another one.  And then I

   24 didn't even realize till later in the conversation that

   25 he -- he was the principal, that it wasn't a headhunter

00022

1 to me.  At least in our conversations, he was.

2      Q.  Did you tell anyone about either of these phone

3 conversations?

4      A.  I did mention it to Mike.  I said --

5      Q.  Mike McGrath?

6      A.  Mike McGrath.  Yeah.

7          Usually when we get these calls from

8 headhunters, we would just mention it to each other.

9 And I'd say, okay, Mike, you're going to love this one.

10 I just got a call from someone I've never even heard of

11 before.  I said, some company by the name of All Risks.

12          I wasn't even sure at that point if it was a

13 headhunter or a company.

14          And he says, well, what are you going to do?

15          I said, I don't know.  I said, probably talk to

16 the guy.  I always like to keep my interview skills up.

17      Q.  Had you previously, when contacted by

18 headhunters or people that seemed to be interested in

19 maybe giving you a job, met with them on occasion?

20      A.  On occasion, yes.

21      Q.  Okay.

22      A.  Yes.

23      Q.  Did Mike say anything else about --

24      A.  No.

25      Q.  -- this Nick fellow or All Risks or anything?

00023

1    A.   No.

2    Q.   Did he comment in any respect?

3    A.   Not that I can remember.

4    Q.   Okay.  So he just really asked, what are you

5 going to do?

6    A.   Mm-hmm.  Yeah.  That -- that's it.  Yeah,

7 pretty much.

8    Q.   And what did you tell him in response to the

9 specific query, that you thought you'd meet with this

10 person?

11    A.   Tell who?

12    Q.   I'm sorry.

13         What did you tell Mike McGrath when you

14 mentioned to him that you got this call from this fellow

15 at All Risks and he said, well, what are you going to

16 do?  You responded --

17    A.   At that point I wasn't too sure, but, you know,

18 probably meet with him.

19    Q.   And did he encourage you to do that or say

20 anything further?

21    A.   No.  He goes, okay.  Pretty much.

22    Q.   Looking at the calendar, does it jog your

23 memory as to when either of these phone calls with Nick

24 took place in May 2007?

25    A.   The early part.  That's all I can remember is

00026

1       Q.   Nice table?

2       A.   By a window.

3       Q.   4.

4       A.   There really is a table number there?

5            MS. RUTTER:  We learned something.

6  BY MR. STERN:

7       Q.   So in that second call, did he tell you the

8  date he was coming to San Francisco?

9       A.   He must have because we had a dinner set up,

10 so --

11      Q.   Was the dinner set up during this second call?

12      A.   You know what, I don't remember.

13      Q.   Okay.  So he might have called back?

14      A.   Yeah, or -- yeah.  I don't remember.  I'm

15 sorry.

16      Q.   But one way or another, in the next few days

17 anyway --

18      A.   Yes.

19      Q.   -- you got a dinner set up with Nick Cortezi?

20      A.   Yes.

21      Q.   And after the second call, did you have any

22 communication with Mike McGrath about the fact that you

23 had set up this dinner?

24      A.   Not that I recall.

25      Q.   Did Nick indicate that he just wanted to meet

00043

1      A.  Not -- no.

2      Q.  Oh.

3      A.  No.  I've been to Baltimore for a meeting, but

4 I've never been to the All Risks offices.

5      Q.  Other than Nick Cortezi, did you deal with

6 anybody else at All Risks up till the time you actually

7 accepted your employment there?

8      A.  No.

9      Q.  Did you and Mike discuss that dinner you had

10 had with Nick after you had the dinner?

11      A.  Yes.

12      Q.  What did you discuss?

13      A.  I confirmed with him that this was something

14 that, you know -- that he was, you know -- that he was

15 thinking about this too, you know, just what was going

16 on, and that's pretty much it.

17          I said -- you know, I said I didn't want any

18 misreads on the same thing.  You know, you could have

19 let me know, though, just what was going on.  I would

20 have appreciated it.

21          And he said, no, I -- he couldn't do that.

22      Q.  Why?

23      A.  Because I asked him -- I said, you could have

24 let me -- I did -- I did say that.  I said, you could

25 have let me know what was going on here.

00044

1        He says, nope.  You have to make your own

2 decisions on this.

3        Because we were just walking back -- I was

4 walking back to BART.

5     Q.  After the dinner?

6     A.  After dinner, yeah.

7     Q.  Excuse me.  And as best you recall, I know

8 we -- the document didn't refresh your recollection that

9 it was May 16th.

10       When do you believe it was in May? Can you

11 give me a time frame or narrow it down?

12    A.  I know it was -- I figured it has to be the

13 middle of May because it was before Mike went on

14 vacation.  He had a vacation the end of June.  It was

15 before then.  But the exact date or time, I just -- I'd

16 have to look at my calendar to know that, but I don't

17 rem- -- just middle of May is all I remember.

18    Q.  Okay.  And after -- after the dinner, how were

19 things left with Nick coming out of that dinner?

20    A.  He was -- as far as I was concerned, he said he

21 was going to go back and work up something and put it

22 before me, and then just see what I thought of it.

23    Q.  Had you provided him any information either at

24 the dinner or before or shortly after it with respect to

25 what you would be interested in in terms of a salary or

00069

1      Q.  -- without even --

2      A.  Yeah.

3      Q.  Next time take a week or two.

4      A.  Yeah.

5          MS. RUTTER:  Go to Europe.

6          THE WITNESS:  And the worst thing was it was my

7  birthday, too.

8  BY MR. STERN:

9      Q.  Oh, that's terrible.

10     A.  That's how I remember that date.

11     Q.  Okay.  No more chitchat.

12         In this whole situation dealing with you

13  leaving Crump -- well, you being, in essence, courted by

14  Nick Cortezi to go to All Risks and then ultimately

15  making the decision, during that whole period, did you

16  ever have any conversation with Mike about whether it's

17  a good idea to do this?  Gee, should I do this?  What do

18  you think?  Anything along that line?

19     A.  No.  I -- I would make my own -- I make my own

20  decisions on my career.  I can't -- I trust people, but

21  I don't trust them to make my decisions.  I -- and I

22  don't want to be able to blame someone for making a bad

23  decision either.

24         This was a scary move.  It was a startup, but

25  it was just -- it was exciting to me.

1          I, the undersigned, a Certified Shorthand

2    Reporter of the State of California, do hereby certify:

3          That the foregoing proceedings were taken

4    before me at the time and place herein set forth; that

5    any witnesses in the foregoing proceedings, prior to

6    testifying, were duly sworn; that a record of the

7    proceedings was made by me using machine shorthand

8    which was thereafter transcribed under my direction;

9    that the foregoing transcript is a true record of the

10   testimony given.

11         Further, that if the foregoing pertains to

12   the original transcript of a deposition in a Federal

13   Case, before completion of the proceedings, review of

14   the transcript [X] was [  ] was not requested.

15         I further certify I am neither financially

16   interested in the action nor a relative or employee

17   of any attorney or party to this action.

18         IN WITNESS WHEREOF, I have this date

19   subscribed my name.

20

21   Dated:      MAY 1 3 2008

22

23                    _Suzanne F. Boschetti_

                      SUZANNE F. BOSCHETTI
24                    CSR No. 5111

25

# EXHIBIT M

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

SAN FRANCISCO

727 SANSOME STREET
SAN FRANCISCO
CALIFORNIA
94111
TELEPHONE
(415) 835-9000
FAX
(415) 834-0443

LOS ANGELES

THE WATER GARDEN
2425 OLYMPIC BOULEVARD
SUITE 550 EAST TOWER
SANTA MONICA
CALIFORNIA
90404
TELEPHONE
(310) 255-0705
FAX
(310) 255-0986

RENO

5450 LONGLEY LANE
RENO
NEVADA
89511
TELEPHONE
(775) 826-7100
FAX
(775) 827-9256

E-MAIL
info@cdhklaw.com
WEB SITE
www.cdhklaw.com

June 25, 2008

KRISTEN L. WILLIAMS
Direct Dial: (415) 835-9051
kwilliams@cdhklaw.com

**VIA FACSIMILE & U.S. MAIL (415) 394-9401**

Dylan B. Carp, Esq.
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105

    **Re:    Crump Insurance v. All Risks, Ltd. & Michael McGrath**

Dear Mr. Carp:

    As promised, I am enclosing the following:

1.   Additional responsive document, bates numbered ALL000043;

2.   Documents that have been unredacted to reveal Cyndi Marty's name, bates numbered, ALL000010, ALL000013, ALL000014, ALL000015, ALL000016, ALL000018, ALL000019, and ALL000020; and

3.   Defendants' Privilege Log.

    As always, please let me know if you have any questions.

            Very truly yours,

            *Kristen L. Williams*

            Kristen L. Williams

KLW/ap

4848-8590-3106
6/25/08 05:05 PM

| From: | Bret Lawrence [blawrence@wsandco.com] |
|---|---|
| Sent: | Thursday, June 07, 2007 7:42 AM |
| To: | Mike McGrath |
| Subject: | RE: Contact Information |

Thanks, Mike. I'll pass this along.

Look forward to working with you soon.

Bret

-----Original Message-----
From: Mike McGrath [mailto:MMCGRATH@allrisks.com]
Sent: Wednesday, June 06, 2007 4:14 PM
To: Bret Lawrence
Subject: Contact Information

Bret:

Hope all is well. My new contact information.

All Risks of California Insurance Services, LLC
101 California St. Suite 3180
San Francisco, Ca 94111

T-415-343-2400x114

Cell -415-308-2308

**Please pass this information along to others**

Thanks and look forward to doing business in the future.

Mike

This email is intended for the addressee shown. It contains information that is confidential
and protected from disclosure. Any dissemination or use of this transmission or its contents
by unintended persons is strictly prohibited. If this email relates to placement of coverage
through All Risks, please note that no coverage will be bound and no changes without a
written "Confirmation of Insurance", Binder, Endorsement or Reinstatement from our office.
Coverage cannot be assumed if you do not receive one of the aforementioned notices.

1

ALL 000043

Couple of thoughts on paper......

Regards,

Mike

*Nick Cortezi <NCORTEZI@allrisks.com> wrote:*

Looking forward to dinner- would you let me know Cyndi's total comp numbers so that I can work them into the equation?
Thanks,
Nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

---

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Monday, May 07, 2007 2:52 PM
**To:** Nick Cortezi
**Subject:**

Nick:
Good to go with Cyndi on the 16th at Cosmo's –6ish.
Couple of items

Years-5 year firm/6 preferred(my own comfort)
If bought out I can cash out.(paid in full)
Deferred compensation(you have the amount and shares of current company**need to consider**
Not interested in taking a cut in pay.  The latter amount suggested is min. on our conversation.
Some things to look forward too.  If does not look good then no problem. Let me know so we are not
sitting at the table by ourselves.
Need to look into Cyndi and guarantee for min of 3 yr. Salary plus bonus.
 Otherwise will not be interested.


*Michael McGrath*

Executive Vice President
Crump Insurance Services – San Francisco
415-537-2308(direct)
415-986-4553(Fax)

This email is intended for the addressee shown. It contains information that is confidential and protected
from disclosure. Any dissemination or use of this transmission or its contents by unintended persons is
strictly prohibited. If this email relates to placement of coverage through All Risks, please note that no
coverage will be bound and no changes without a written "Confirmation of Insurance", Binder,
Endorsement or Reinstatement from our office. Coverage cannot be assumed if you do not receive one
of the aforementioned notices.

12/5/2007

ALL000010

Regards,

Mike

***Nick Cortezi <NCORTEZI@allrisks.com> wrote:***

Looking forward to dinner- would you let me know Cyndi's total comp numbers so that I can work them into the equation?
Thanks,
Nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

---

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Monday, May 07, 2007 2:52 PM
**To:** Nick Cortezi
**Subject:**

Nick:
Good to go with Cyndi on the 16th at Cosmo's –6ish.
Couple of items

Years-5 year firm/6 preferred(my own comfort)
If bought out I can cash out.(paid in full)
Deferred compensation(you have the amount and shares of current company**need to consider**
Not interested in taking a cut in pay.  The latter amount suggested is min. on our conversation.
Some things to look forward too.  If does not look good then no problem. Let me know so we are not sitting at the table by ourselves.
Need to look into Cyndi and guarantee for min of 3 yr. Salary plus bonus.
 Otherwise will not be interested.

*Michael McGrath*
Executive Vice President
Crump Insurance Services - San Francisco
415-537-2308(direct)
415-986-4553(Fax)
This email is intended for the addressee shown. It contains information that is confidential and protected from disclosure. Any dissemination or use of this transmission or its contents by unintended persons is strictly prohibited. If this email relates to placement of coverage through All Risks, please note that no coverage will be bound and no changes without a written "Confirmation of Insurance", Binder, Endorsement or Reinstatement from our office. Coverage cannot be assumed if you do not receive one of the aforementioned notices.

12/4/2007

ALL000013

**NC-6-5-07**

| | |
|---|---|
| **From:** | Nick Cortezi |
| **Sent:** | Tuesday, May 22, 2007 12:27 PM |
| **To:** | Matt Nichols |
| **Subject:** FW: | |

FYI- will discuss when I return. nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

---

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Tuesday, May 22, 2007 11:45 AM
**To:** Nick Cortezi
**Subject:** RE:

Nick:
Thought it would easier to see in writing what we would be talking about for us to consider a move.
Thanks again for dinner; we both had a good time.

As mentioned earlier we are set and comfortable for a min of 5-6 years based on acquistion of Bysis and
overall plan for JC Flowers. Our main point besides salary is a committment for 6 years. Based on our
revenue projections for this year and next we would need the following:
6 Year Deal
Mike-Redacted        min
Cyndi-Redacted min
Sign on Bonus-Redacted     (combined) of whichRedacted    is my deferred compesation plan and shares of
JC Flowers. We would also like to see the compensation plan as the above mentioned salaries are
minimum(we fully expect to hit our bonus plan.)

**also have the usual parking, gas, and club dues(Golf) picked up on expense account.**

Does not make sense for us to move anywhere if the years and salaries are not guarenteed.

Couple of thoughts on paper......

Regards,

Mike

12/4/2007

**ALL000014**

*Nick Cortezi <NCORTEZI@allrisks.com>* wrote:

Looking forward to dinner- would you let me know Cyndi's total comp numbers so that I can work them into the equation?
Thanks,
Nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

---

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Monday, May 07, 2007 2:52 PM
**To:** Nick Cortezi
**Subject:**

Nick:
Good to go with Cyndi on the 16th at Cosmo's --6ish.
Couple of items

Years-5 year firm/6 preferred(my own comfort)
If bought out I can cash out.(paid in full)
Deferred compensation(you have the amount and shares of current company**need to consider**
Not interested in taking a cut in pay.  The latter amount suggested is min. on our conversation.
Some things to look forward too.  If does not look good then no problem. Let me know so we are not sitting at the table by ourselves.
Need to look into Cyndi and guarantee for min of 3 yr. Salary plus bonus.
 Otherwise will not be interested.

*Michael McGrath*
Executive Vice President
Crump Insurance Services – San Francisco
415-537-2308(direct)
415-986-4553(Fax)

This email is intended for the addressee shown. It contains information that is confidential and protected from disclosure. Any dissemination or use of this transmission or its contents by unintended persons is strictly prohibited. If this email relates to placement of coverage through All Risks, please note that no coverage will be bound and no changes without a written "Confirmation of Insurance", Binder, Endorsement or Reinstatement from our office. Coverage cannot be assumed if you do not receive one of the aforementioned notices.

12/4/2007

ALL000015

**NC-6-5-07**

**From:** Nick Cortezi

**Sent:** Wednesday, May 23, 2007 4:57 PM

**To:** Matt Nichols

**Subject:** would you proof this overnight and give me some feedback? Rough Draft

Mike~
You have a deal.
We will guarantee you and Cyndi at the following salaries for 6 years:

You- Redacted
Cyndi- Redacted

The employment contract will require you to exercise your best efforts on our behalf, and the only provisions that might waive our obligation to pay would be disability (we would put the same long term disability in place that you have now- let us know the details), death (we will put insurance policies in place to offset our obligation to you which would pay your estates in the event that you expire before the agreement does), and for cause (which will be described in detail and relate specifically to illegal or criminal actions that either of you may take which jeopardize your abilities to work in the business). Cyndi will report to you, and the one codicil is that her guarantee will able to be waived by you in the event that you determine that she is not meeting your expectations.

We will pay a sign on bonus of Redacted   in the form of an interest free loan to you which will be forgiven over the next 6 years at Redacted   per year. In the event that you leave the contract either voluntarily or as a result of the disability, death of for cause, you will have to repay us the portion of the note which has not been forgiven.

We will pick up reasonable parking, gas, club dues, etc. I trust that you will be fair with us.

Your role will be Property Practice Leader- West Coast. Cyndi will join us as a Senior Broker. We don't do the title thing and we recognize our brokers as Brokers or Senior Brokers. Once an individual broker exceeds Redacted   h retained, they are made a VP of the company in an non administrative sense, but in the interests of fairness, they have to do it while at All Risks.

From a P&L standpoint, you will be a carve out direct to Home office. This insulates you and Paul from the pressure on his P&L in the first years. When things work out financially over the coming years, we will look to roll it into the San Fran P&L, so that it is a win win for everyone.

Our office at 101 California has two great offices available for you and Cyndi (best views in the company, countrywide).

Bonus over and above salary will be earned as follows:

Year 1- 25% of Revenues over $
Year 2- 25% of Revenues over $ Redacted
Year 3- 25% of Revenues over $
Support salaries and support bonus would be subtracted from Bonus amounts to determine the final bonus amount. We would not be deducting for reasonable travel and entertainment.

Years 4,5,6 we have two options that we can make available to you-

Option 1-
We guarantee your salaries 100%. Years 4,5,6 your bonus is based on the Broker Bonus plan (which is in force countrywide). A copy is attached. In essence we would pay you 45% of revenues less Redacted   (your and Cyndi's fixed costs) less support costs (your additional support salaries and support bonus)- any overage would be your bonus. In no event would this number be less than the Redacted   that represents your salaries combined. Note that our bonus plan increases the % paid to you to 47.5% once your exceed Redacted   and this goes back to the first dollar. When you break 2MM, this generates immediate and meaningful impact.

12/4/2007

ALL000018

Option 2-
We agree to pay your salaries dollar for dollar up to Redacted   In other words, as long as you and Cyndi generate more than Redacted   in revenue, you are guaranteed your salaries. If you fall short of Redacted   in revenue, you would split proportionally the revenue on the same split that your salaries currently represent (73% to you, 27% to Cyndi). The upside is that we would add another 5% to the broker bonus plan which would take you to 50% if you are between 1 million and 2 Million total in revenues, and 52.5% if you exceed  Redacted   in revenues.

The attached Excel spreadsheet outlines how these would work.

Our broker bonus plan is much stronger than Crumps, and this should help us as we look to hire new brokers. I believe that if you and Cyndi are confident that you will write Redacted   in revenues years 4-6, the decision to go with option 2 is pretty compelling. Regardless, it's pretty much a push for us either way and we will support your decision.

I think that this is what you asked for- and if I remember my Prisms course, I did upfront close on you! As you can see, we are reinventing the rule book to make this work. We want you two on the team- we believe that you will be a great fit with our people, and that together, we can have a lot of fun and make some great things happen over the next 15-20 years. I hope to get to work with you soon!
Nick


Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com


**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Tuesday, May 22, 2007 11:45 AM
**To:** Nick Cortezi
**Subject:** RE:

Nick:
Thought it would be easier to see in writing what we would be talking about for us to consider a move.
Thanks again for dinner; we both had a good time.

As mentioned earlier we are set and comfortable for a min of 5-6 years based on acquistion of Bysis and overall plan for JC Flowers. Our main point besides salary is a committment for 6 years. Based on our revenue projections for this year and next we would need the following:
6 Year Deal
Mike-Redacted   min
Cyndi-Redacted   min
Sign on Bonus-Redacted (combined) of which Redacted   is my deferred compesation plan and shares of JC Flowers. We would also like to see the compensation plan as the above mentioned salaries are minimum(we fully expect to hit our bonus plan.)

12/4/2007

ALL000019

\*\*also have the usual parking, gas, and club dues(Golf) picked up on expense account.\*\*

Does not make sense for us to move anywhere if the years and salaries are not guarenteed.

Couple of thoughts on paper......

Regards,

Mike

*Nick Cortezi <NCORTEZI@allrisks.com> wrote:*

> Looking forward to dinner- would you let me know Cyndi's total comp numbers so that I can work them into the equation?
> Thanks,
> Nick
>
> Nick Cortezi
> CEO
> All Risks, Ltd.
> 10150 York Road, 5th Floor
> Hunt Valley, MD 21030
> Phone- 410-828-5810 ext. 3013
> Fax- 410-828-8179
> ncortezi@allrisks.com
>
> ────────────────────────────
>
> **From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
> **Sent:** Monday, May 07, 2007 2:52 PM
> **To:** Nick Cortezi
> **Subject:**
>
> Nick:
> Good to go with Cyndi on the 16th at Cosmo's –6ish.
> Couple of Items
>
> Years–5 year firm/6 preferred(my own comfort)
> If bought out I can cash out.(paid in full)
> Deferred compensation(you have the amount and shares of current company\*\*need to consider\*\*
> Not interested in taking a cut in pay.  The latter amount suggested is min. on our conversation.
> Some things to look forward too.  If does not look good then no problem. Let me know so we are not
> sitting at the table by ourselves.
> Need to look into Cyndi and guarantee for min of 3 yr. Salary plus bonus.
>  Otherwise will not be interested.
>
> *Michael McGrath*
> Executive Vice President
> Crump Insurance Services - San Francisco
> 415-537-2308(direct)
> 415-986-4553(Fax)
> This email is intended for the addressee shown. It contains information that is confidential and protected
>  from disclosure. Any dissemination or use of this transmission or its contents by unintended persons is
>  strictly prohibited. If this email relates to placement of coverage through All Risks, please note that no
>  coverage will be bound and no changes without a written "Confirmation of Insurance", Binder,

12/4/2007

**Defendants' Privilege Log**
*Crump Insurance v. All Risks, Ltd. Michael McGrath,*
USDC (N. Cal) CASE No. C-07-4636 MMC

| Bates Range Start | Bates Range End | Document Type | Subject | Author | Recipient | Cc | Document Date | Privilege / Confidentiality / Privacy | Page Count | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| PRIVALL00001 | PRIVALL00002 | Email string | McGrath Agreement / follow-up | Cortez, Nick | Andrews, Phillip (Kramon & Graham, PA) | Nichols, Matt; Lassen, Jack; Brown, George (Kramon & Graham, PA); Khanna, Roma (Kramon & Graham, PA) | 5/26/2007 | Attorney-Client | 2 | Defense counsel's office |
| PRIVALL00003 | PRIVALL00004 | Email string | McGrath Agreement / follow-up | Cortez, Nick | Brown, George (Kramon & Graham, PA); Khanna, Roma (Kramon & Graham, PA) | Nichols, Matt; Lassen, Jack; Andrews, Phillip (Kramon & Graham, PA); Cortez, Nick | 5/29/2007 | Attorney-Client | 2 | Defense counsel's office |
| PRIVALL00005 | PRIVALL00007 | Email string | McGrath Agreement / follow-up | Nichols, Matt | Andrews, Phillip (Kramon & Graham, PA); Cortez, Nick | Lassen, Jack; Khanna, Roma (Kramon & Graham, PA); Brown, George; (Kramon & Graham, PA) | 5/30/2007 | Attorney-Client | 3 | Defense counsel's office |
| PRIVALL00008 | PRIVALL00008 | Email string | Cyndi's Agreement | Cortez, Nick | McGrath, Michael | Andrews, Phillip (Kramon & Graham, PA); Nichols, Matt; Cortez, Nick | 5/30/2007 | Attorney-Client | 1 | Defense counsel's office |
| PRIVALL00009 | PRIVALL00010 | Email string | Michael McGrath; Property Practice Compensation Agreement | Khanna, Roma (Kramon & Graham, PA) | | | Undated | Attorney-Client | 2 | Defense counsel's office |
| PRIVALL00011 | PRIVALL00011 | Email | Michael McGrath; Property Practice Compensation Agreement | Brown, George (Kramon & Graham, PA) | | | Undated | Attorney-Client | 1 | Defense counsel's office |
| PRIVALL00012 | PRIVALL00013 | Email string | Michael McGrath | Cortez, Nick | Nichols, Matt; Lassen Jack | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |

Page 1

**Defendants' Privilege Log**
*Crump Insurance v. All Risks, Ltd. Michael McGrath,*
USDC (N. Cal) CASE No. C-07-4636 MMC

| Bates Range Start | Bates Range End | Document Type | Subject | Author | Recipient | Cc | Document Date | Privilege / Confidentiality / Privacy | Page Count | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| PRIVALL00014 | PRIVALL00015 | Email string | Michael McGrath | Lassen, Jack | Nichols, Matt; Cortezi, Nick | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00016 | PRIVALL00017 | Email string | Michael McGrath | Cortezi, Nick | Nichols, Matt; Lassen, Jack | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00018 | PRIVALL00019 | Email string | Michael McGrath | Nichols, Matt | Cortezi, Nick; Lassen, Jack | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00020 | PRIVALL00021 | Email string | Michael McGrath | Nichols, Matt | Cortezi, Nick; Lassen, Jack | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00022 | PRIVALL00023 | Email string | Final McGrath Agreement | Khanna, Roma (Kramon & Graham, PA) | Lassen, Jack; Nichols, Matt | Andrews, Phillip (Kramon & Graham, PA); Brown, George (Kramon & Graham, PA) | 6/1/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00024 | PRIVALL00025 | Email string | Michael McGrath; Property Practice Compensation Agreement | Khanna, Roma (Kramon & Graham, PA) | Cortezi, Nick; Nichols, Matt; Lassen, Jack | Andrews, Phillip (Kramon & Graham, PA); Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00026 | PRIVALL00026 | Email string | Final McGrath Agreement | Cortezi, Nick | Goins, Li Na; Lassen, Jack | Brown, George (Kramon & Graham, PA); Khanna, Roma (Kramon & Graham, PA); Andrews, Phillip (Kramon & Graham, PA) | 6/4/2007 | Attorney-Client & Work Product | 1 | Defense counsel's office |

**Defendants' Privilege Log**
*Crump Insurance v. All Risks, Ltd. Michael McGrath,*
USDC (N. Cal) CASE No. C-07-4636 MMC

| Bates Range Start | Bates Range End | Document Type | Subject | Author | Recipient | Cc | Document Date | Privilege / Confidentiality / Privacy | Page Count | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| PRIVALL00027 | PRIVALL00027 | Email string | Agreement | Brown, George (Kramon & Graham, PA) | Cortezi, Nick | Nichols, Matt; Lassen, Jack; Andrews, Phillip (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product; Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |
| PRIVALL00028 | PRIVALL00028 | Email string | Cyndi's Agreement | Cortezi, Nick | McGrath, Michael | Andrews, Phillip (Kramon & Graham, PA); Nichols, Matt; Cortezi, Nick | 5/30/2007 | Attorney-Client; Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |
| PRIVALL00029 | PRIVALL00029 | Email string | Cyndi Agreement | Cortezi, Nick | Andrews, Phillip (Kramon & Graham, PA); Brown, George (Kramon & Graham, PA) | Nichols, Matt; Lassen, Jack; McGrath, Michael | 5/31/2007 | Attorney-Client; Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |

# Confirmation Report — Memory Send

Page          : 001
Date & Time: 25-06-08    05:48pm
Line 1      : +415 834 0443
Line 2      : +415 834 0443
Machine ID : CURIALE DELLAVERSON, et al.

| | | |
|---|---|---|
| Job number | : | 683 |
| Date | : | 25-06  05:44pm |
| To | : | ☎3949401 |
| Number of pages | : | 013 |
| Start time | : | 25-06  05:44pm |
| End time | : | 25-06  05:48pm |
| Pages sent | : | 013 |
| Status | : | OK |

Job number    : 683                    ∗∗∗ SEND SUCCESSFUL ∗∗∗

## CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

### FACSIMILE TRANSMITTAL SHEET

DATE:    June 25, 2008

TO:                              FAX NO.:                PHONE NO.:
Dylan B. Carp                    (415) 394-9401          (415) 394-9400
JACKSON LEWIS LLP

FROM:    Kristen L. Williams       PHONE:      (415) 835-9051
RE:      Crump v. Michael P. McGrath and All Risks, LTD

CLIENT/MATTER NUMBER:    60170.002

NUMBER OF PAGES WITH COVER PAGE: 13    Originals Will Follow in Regular Mail

MESSAGE:
   Please see attached letter and documents.

### CAUTION - CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT
INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS
ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED
RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS
STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND
RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL
ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 – (415) 834-0443                    4822-7979-2898

# CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

## FACSIMILE TRANSMITTAL SHEET

**DATE:**    June 25, 2008

**TO:**                                **FAX NO.:**              **PHONE NO.:**
Dylan B. Carp                     (415) 394-9401            (415) 394-9400
JACKSON LEWIS LLP

**FROM:**    Kristen L. Williams        **PHONE:**        (415) 835-9051

**RE:**    Crump v. Michael P. McGrath and All Risks, LTD

**CLIENT/MATTER NUMBER:**    60170.002

**NUMBER OF PAGES WITH COVER PAGE:**    13    Originals Will Follow in Regular Mail

**MESSAGE:**

Please see attached letter and documents.

## CAUTION - CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.**

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 • (415) 834-0443

4822-7979-2898

# EXHIBIT N

```
 1                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
 2
      CRUMP INSURANCE SERVICES, INC.,  *   Case No. C-07-4636 MMC
 3                                     *
                 Plaintiff,            *
 4                                     *
      vs.                              *
 5                                     *
      MICHAEL P. MCGRATH, an           *
 6    individual, ALL RISKS, LTD., a   *
      corporation, and Does 1          *
 7    through 50, inclusive,           *
                                       *
 8               Defendants.           *

 9

10

11

12    ************************************************************

13               VIDEO DEPOSITION OF GLENN HARGROVE

14    ************************************************************

15

16

17        ANSWERS AND DEPOSITION OF GLENN HARGROVE, produced as

18    a witness at the instance of the Defendants Michael P.

19    McGrath and All Risks, Ltd., taken in the above-styled and

20    -numbered cause on the 17th day of June, 2008, A.D.,

21    beginning at 11:14 a.m., before Lisa Smith, a Certified

22    Shorthand Reporter in and for the State of Texas, in the

23    offices of LBJ Corridor, located at 3010 LBJ Freeway, Suite

24    1200, Dallas, Texas, in accordance with the Federal Rules

25    of Civil Procedure and the agreement hereinafter set forth.
```

1

101

```
 1                    MR. ASKANAS:  Can you just repeat the -- I'm
 2     sorry.
 3                    MS. RUTTER:  Sure.
 4                    MR. ASKANAS:  Could you read the question?  I
 5     wasn't quite following it.  Ms. Court Reporter?
 6                    THE REPORTER:  Sure.  Yes.
 7                    (Requested portion was read.)
 8                    MR. ASKANAS:  Okay.  You can answer the
 9     question.
10         A.   Some do, some don't.  It's not always, but some --
11     there's a component of -- of revenue with -- with some of
12     the brokers, yes.
13         Q.   (BY MS. RUTTER) And what is the determining factor
14     in terms of whether or not Crump is gonna compensate them
15     based on the percentage of revenue that they generate?
16         A.   It's individual negotiations with each employee.
17     It's of how those -- those contracts are worded and how
18     they're negotiated.
19         Q.   Okay.  So in regards to Mr. Binkelman -- and I'm
20     not asking you for the dollar amount, but was he -- when he
21     was hired at Crump, was his compensation based on a
22     percentage of revenue that he was gonna generate for that
23     first year at Crump?
24                    MR. ASKANAS:  I'm gonna object and instruct
25     you not to answer the question.  That's proprietary
```

102

```
 1    information.
 2                    MS. RUTTER:  You're instructing him not to
 3    answer on the grounds of proprietary?
 4                    MR. ASKANAS:  Confidential proprietary trade
 5    secret information, yes.
 6                    MS. RUTTER:  Is there any other grounds?
 7                    MR. ASKANAS:  That's all I can think of right
 8    now.
 9                    MS. RUTTER:  Privacy?  Are you objecting on
10    the grounds of privacy and proprietary?
11                    MR. ASKANAS:  If you think I should add
12    privacy to that litany, I certainly will.
13                    MS. RUTTER:  Okay.
14        Q.  Now, Mr. Hargrove, before we broke for lunch, you
15    identified for me certain categories of information, I
16    guess, that you termed had value to Crump and I want to go
17    through that list now and make sure I understand what you
18    mean by that.  The first one you identified was customer
19    list.  What are you referring to there, sir?
20        A.  The retailers with whom Crump did business.
21        Q.  Okay.  So you're referring to the actual names of
22    the retailers?
23        A.  Yes.
24        Q.  Okay.  And the names of the retailers that the
25    brokers while working at Crump did business with?
```

1    STATE OF TEXAS )

2         I, Lisa Smith, a Certified Shorthand Reporter in and

3    for the State of Texas, do hereby certify that, pursuant to

4    the agreement hereinbefore set forth, there came before me

5    on the 17th day of June, A.D., 2008, at 11:14 a.m., at the

6    offices of LBJ Corridor, located at 3010 LBJ Freeway, Suite

7    1200, in the City of Dallas, State of Texas, the following

8    named person, to wit:  GLENN HARGROVE, who was by me duly

9    cautioned and sworn to testify the truth, the whole truth

10   and nothing but the truth, of his knowledge touching and

11   concerning the matters in controversy in this cause; and

12   that he was thereupon carefully examined upon his oath, and

13   his examination was reduced to writing under my

14   supervision; that the deposition is a true record of the

15   testimony given by the witness, same to be sworn to and

16   subscribed by said witness before any Notary Public,

17   pursuant to the agreement of the parties; and that the

18   amount of time used by each party at the deposition is as

19   follows:

20         Ms. Rutter - 04 hours, 29 minutes,

21         Mr. Askanas - 00 hours, 00 minutes.

22    I further certify that I am neither attorney or

23   counsel for, nor related to or employed by, any of the

24   parties to the action in which this deposition is taken,

25   and further that I am not a relative or employee of any

187

Glenn Hargrove                                                    June 17, 2008

1     attorney or counsel employed by the parties hereto, or

2     financially interested in the action.

3         I further certify that, before completion of the

4     deposition, the Deponent _____, and/or the

5     Plaintiff/Defendant _____, did _____ did not _____ request

6     to review the transcript.

7         In witness whereof, I have hereunto set my hand and

8     affixed my seal this _____ day of _____, A.D.,

9     2008.

10                              _Lisa Smith_

11                              LISA SMITH, CSR 7491

12                              Expiration Date: 12/31/2009
                                Esquire Deposition Services
13                              Firm Registration No. 286
                                1700 Pacific Avenue, Suite 4750
14                              Dallas, Texas  75201
                                (214) 257-1436

15

16

17

18

19

20

21

22

23

24

25

Esquire Deposition Services       505 Sansome Street Suite 502       San Francisco, C.A.  94111
Phone (415) 288-4280                  1-800-770-3363                    Fax (415) 288-4286

# EXHIBIT O

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
555 SOUTH FLOWER STREET
FORTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071
WWW.FULBRIGHT.COM

DSTERN@FULBRIGHT.COM
DIRECT DIAL: (213) 892-9202

TELEPHONE:    (213) 892-9200
FACSIMILE:    (213) 892-9494

June 4, 2008

**VIA EMAIL**

Donna Rutter, Esq.
Curiale Dellaverson Hirschfeld & Kraemer
727 Sansome Street
San Francisco, CA 94111

Re:    <u>Crump v. Michael P. McGrath and All Risks, Ltd.</u>

Dear Donna:

Over the last few days your client, All Risks, has taken further actions with respect to our client and its employees that may make it necessary to amend the Complaint to bring new and additional allegations and to name additional parties. Given the potential expanded scope of this litigation, Crump has decided to retain legal counsel in San Francisco to continue with the prosecution of this matter through trial. As such, the law firm of Jackson Lewis will be substituting in as counsel and the case will be led by Mark Askanas, a partner in the firm's San Francisco office. A substitution of counsel will be forthcoming.

In order to have an orderly transition of counsel, it is necessary to reschedule the depositions which we had agreed to take on June 10, 2008. These would be the depositions of the Nick Cortezi and the continued deposition of Michael McGrath.

Further, although we had not yet reached an agreement to a specific date for the deposition of Glenn Hargrove, I had provided Kristin Williams with a number of dates in the near future for that deposition. However, in light of the recent events and change of counsel, it will be necessary to schedule that deposition on a date that suits the schedule of new legal counsel.

We believe it is appropriate given the impending change of legal counsel and the expanded scope of the litigation, for the parties to stipulate to, and to obtain court approval for, a new discovery cutoff date and other related dates. It is our belief that we can move these dates without changing the trial date of December 1, 2008.

70321074.1
AUSTIN • BEIJING • DALLAS • DENVER • DUBAI • HONG KONG • HOUSTON • LONDON • LOS ANGELES • MINNEAPOLIS
MUNICH • NEW YORK • RIYADH • SAN ANTONIO • ST. LOUIS • WASHINGTON DC

Donna Rutter, Esq.
June 4, 2008
Page 2

     I would request that you contact Mark Askanas to discuss these matters.  He can be reached at (415) 536-6327.

Very truly yours,

Douglas W. Stern

cc:    Andrew Forstenzer, Esq.

70321074.1

# EXHIBIT P

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP


SAN FRANCISCO

727 SANSOME STREET

SAN FRANCISCO

CALIFORNIA

94111

TELEPHONE

(415) 835-9000

FAX

(415) 834-0443


LOS ANGELES

THE WATER GARDEN

2425 OLYMPIC BOULEVARD

SUITE 550 EAST TOWER

SANTA MONICA

CALIFORNIA

90404

TELEPHONE

(310) 255-0705

FAX

(310) 255-0986


RENO

5450 LONGLEY LANE

RENO

NEVADA

89511

TELEPHONE

(775) 826-7100

FAX

(775) 827-9256


E-MAIL

info@cdhklaw.com

WEB SITE

www.cdhklaw.com

June 6, 2008

DONNA RUTTER
drutter@cdhklaw.com

**VIA FACSIMILE & U.S. MAIL**

Douglas W. Stern, Esq.
Fulbright & Jaworski, L.L.P.
555 South Flower Street, 41st Floor
Los Angeles, CA  90071

Re:    **Crump v. Michael P. McGrath and All Risks, LTD**

Dear Mr. Stern:

This is in response to your June 4th letter sent to our office by email Wednesday evening. I am writing to you as the only attorney of record in this matter to date. Succinctly stated, there is absolutely no factual or legal basis for Crump to amend the Complaint in this matter as threatened in your letter. All Risks and McGrath will vigorously oppose any attempt by Crump to do so or to change any deadlines previously ordered by the Court in this matter.

Even after discovery has proven that both All Risks and McGrath have not violated any laws or contracts, Crump continues to litigate this meritless action. These continued attempts to litigate this matter are not well-taken and we submit are potentially in bad faith.

Moreover, Crump's most recent threats of additional litigation against All Risks are further acts of bad faith and done for no other reason than to harass our clients. In your letter, you claim that "Over the last few days, your client, All Risks, has taken further actions with respect to our client and its employees that may make it necessary to amend the Complaint to bring new and additional allegations and to name additional parties." Assuming you are referring to recent resignations by Crump employees, who have decided to join All Risks, there is absolutely no basis for any legal action. All Risks has not done anything wrong in its recent hiring of persons who chose to leave Crump. Additionally, there is no relation to All Risks' hiring of McGrath and All Risks' hiring of new individuals. Crump's strained attempt to find illegality and commonality amongst these acts defies both law and logic. Should Crump proceed with amending the Complaint and thwart the deadlines given by the Court, All Risks and McGrath will seek all remedies available to them.

This case – meritless as it may be – will proceed as scheduled by following all applicable deadlines set by the Court, including the June 20th discovery cut-off date. Based on your deposition notice and our confirming

4829-0788-9410

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

SAN FRANCISCO

727 SANSOME STREET

SAN FRANCISCO

CALIFORNIA

94111

TELEPHONE

(415) 835-9000

FAX

(415) 834-0443

LOS ANGELES

THE WATER GARDEN

2425 OLYMPIC BOULEVARD

SUITE 550 EAST TOWER

SANTA MONICA

CALIFORNIA

90404

TELEPHONE

(310) 255-0705

FAX

(310) 255-0986

RENO

5450 LONGLEY LANE

RENO

NEVADA

89511

TELEPHONE

(775) 826-7100

FAX

(775) 827-9256

E-MAIL

info@cdhklaw.com

WEB SITE

www.cdhklaw.com

Douglas W. Stern
June 6, 2008
Page 2

conversations, Nick Cortezi (All Risks' Chief Executive Officer) is traveling to San Francisco to be deposed by you on June 10th at 10:00 a.m. Please remember that Mr. Cortezi is located in Baltimore, Maryland and pursuant to the Federal Rules of Court should be deposed within 75 miles his residence. Nonetheless, based on your request, we have agreed to produce him for deposition here and he has already made plans to accommodate your request. Mr. Cortezi will be available for deposition on June 10th in San Francisco. Likewise, Mr. McGrath will be available to complete his deposition on the afternoon of June 10. If Crump chooses not to depose these individuals as scheduled, it does so at its own peril.

Likewise, we have every intention of deposing certain remaining witnesses in advance of the June 20th discovery cut-off and will proceed accordingly.

Very truly yours,

Donna M. Rutter

DMR/ap

# CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

## FACSIMILE TRANSMITTAL SHEET

**DATE:**  June 6, 2008

**TO:**

| | **FAX NO.:** | **PHONE NO.:** |
|---|---|---|
| | (213) 892-9494 | (213) 892-9200 |

Douglas W. Stern, Esq.
Matthew I. Bobb, Esq.
Fulbright & Jaworski, L.L.P.
555 South Flower Street, 41st Floor
Los Angeles, CA 90071

**FROM:**   Kristen L. Williams        **PHONE:**      (415) 835-9051

**RE:**    Crump v. Michael P. McGrath and All Risks, LTD

**CLIENT/MATTER NUMBER:**   60170.002

**NUMBER OF PAGES WITH COVER PAGE:**   3      Originals Will Not Follow

**MESSAGE:**

Please see attached letter.

## CAUTION - CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL
ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.**

# Confirmation Report — Memory Send

```
Page        : 001
Date & Time : 06-06-08   10:19am
Line 1      : +415 834 0443
Line 2      : +415 834 0443
Machine ID : CURIALE DELLAVERSON, et al.
```

| | | |
|---|---|---|
| Job number | : | 530 |
| Date | : | 06-06  10:18am |
| To | : ☎ | 12138929494 |
| Number of pages | : | 003 |
| Start time | : | 06-06  10:18am |
| End time | : | 06-06  10:19am |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 530             **\*\*\* SEND SUCCESSFUL \*\*\***

## CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

### FACSIMILE TRANSMITTAL SHEET

**DATE:**    June 6, 2008

**TO:**                                  **FAX NO.:** ·                **PHONE NO.:**
Douglas W. Stern, Esq.                   (213) 892-9494               (213) 892-9200
Matthew I. Bobb, Esq.
Fulbright & Jaworski, L.L.P.
555 South Flower Street, 41st Floor
Los Angeles, CA 90071

**FROM:**    Kristen L. Williams          **PHONE:**    (415) 835-9051
**RE:**    Crump v. Michael P. McGrath and All Risks, LTD

**CLIENT/MATTER NUMBER:**    60170.002

**NUMBER OF PAGES WITH COVER PAGE:**    3    Originals Will Not Follow

**MESSAGE:**
Please see attached letter.

**CAUTION - CONFIDENTIAL**

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.**

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 · (415) 834-0443                    4823-5788-7746