1    Mark S. Askanas (SBN 122745)
     Dylan B. Carp (SBN 196846)
2    Tara L. Riedley (SBN 236508)
     JACKSON LEWIS LLP
3    199 Fremont Street, 10th Floor
     San Francisco, California 94105
4    Telephone: (415) 394-9400
     Facsimile: (415) 394-9401
5    *askanasm@jacksonlewis.com*

6    Attorneys for Plaintiff
     CRUMP INSURANCE SERVICES, INC.
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11   CRUMP INSURANCE SERVICES, INC.,          Case No. C-07-4636 MMC (JL)

12            Plaintiff,                       **PLAINTIFF CRUMP INSURANCE
                                               SERVICES, INC.'S OPPOSITION TO
13        v.                                   DEFENDANT ALL RISKS, LTD.'S
                                               MOTION TO COMPEL**
14   MICHAEL P. MCGRATH, an individual,
     ALL RISKS, LTD., a corporation, and       Date:      August 6, 2008
15   Does 1 through 50, inclusive,             Time:      9:30 a.m.
                                               Chief Magistrate Judge James Larson
16            Defendants.                      Courtroom: F

17

18

19

20

21

22

23

24

25

26

27

28
                                                   Case No. C-07-4636 MMC (JL)

     PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**STATEMENT OF THE ISSUES TO BE DECIDED**

3       (1) Is All Risks entitled to broker of record letters regarding customers who may have

4  followed a Crump employee elsewhere, where there is no evidence that the employee committed

5  any of the wrongdoing that Defendants have committed?

6       (2) Are broker of record letters regarding customers who moved from All Risks to Crump

7  relevant to All Risks' unclean hands defense, even though there is no evidence that any of those

8  customers are at issue in this lawsuit and no evidence that Crump misappropriated All Risks'

9  trade secrets, used confidential information to recruit All Risks' employees, or breached a

10  fiduciary duty to All Risks?

11       (3) May All Risks continue to seek to compel the production of documents that Crump's

12  counsel has already clearly stated do not exist or have already been produced?

13

**INTRODUCTION**

14       All Risks erroneously asserts that "[t]his lawsuit is centered around the alleged illegality

15  of retailers moving from Crump to All Risks while continuing to work with the same broker." *All

16  Risks' MPA* at 11:8-9. This is dead wrong. There is no dispute that retailers are permitted to

17  move from Crump to All Risks while continuing to work with the same broker. Instead, what this

18  case is about is McGrath's using Crump's confidential information to recruit Crump employees to

19  leave Crump while he was on Crump's payroll, in violation of California law and in breach of his

20  employment contract, and McGrath and All Risks' misappropriating Crump's trade secrets in the

21  form of Crump's customer lists and other customer information.

22       The unambiguous paper trail shows that, while McGrath was Crump's Executive Vice

23  President, he negotiated a compensation package for his Crump assistant, Cyndi Marty, to leave

24  Crump with him and join All Risks. While McGrath was Crump's Executive Vice President, and

25  in advance of a dinner meeting with All Risks' President Nick Cortezi, McGrath wrote to Cortezi,

26  "Good to go with Cyndi on the 16th...Need to look into Cyndi and guarantee for min of 3 yr.

27  Salary plus bonus. Otherwise will not be interested." *Declaration of Dylan B. Carp*, executed

28  July 16, 2008 ("Carp Dec"), Ex. A at ALL000015. Cortezi replied, "would you let me know

1  Cyndi's total comp numbers so that I can work them into the equation?" *Carp Dec*, Ex. A at
2  ALL000015.   After the dinner, McGrath responded, "[a]s mentioned earlier we are set and
3  comfortable for a min of 5-6 years... Based on our revenue projections for this year and next we
4  would need the following: [¶] 6 Year Deal [¶] Mike [Redacted] min [¶] Cyndi [Redacted] min...
5  Does not make sense for us to move anywhere if the years and salaries are not guaranteed." *Carp*
6  *Dec*, Ex. A at p. ALL000014.   McGrath readily admits that he did not act in Crump's best
7  interests by negotiating terms for Marty with All Risks while he was still a Crump employee.
8  (*Carp Dec*, Ex. B.)  As such, by his own admission, he breached the duty of loyalty he owed to
9  Crump.

10  Crump is suing McGrath for this outrageous and blatant breach of his fiduciary duty of
11  loyalty to Crump.   Crump is also suing All Risks and McGrath for misappropriating Crump's
12  trade secrets in the form of customer lists and other customer information.  All Risks repeatedly
13  and erroneously alleges that Crump is suing All Risks or McGrath to enforce a non-compete
14  agreement.   Indeed, All Risks' motion is predicated on this fundamental misreading of Crump's
15  complaint, which is why it should be denied.

16  **STATEMENT OF FACTS**

17  The background facts surrounding this discovery dispute are set forth in Crump's
18  previously-filed Motion to Compel, also set for hearing on August 6, 2008.

19  All Risks omitted one key fact from its Memorandum of Points and Authorities
20  regarding the parties' meet and confer efforts.  In a letter from Crump's counsel to All Risks'
21  counsel, we stated, "please understand that *we have not withheld any responsive documents*
22  *from production*, other than as identified in our privilege logs," that "we have made a good faith
23  effort to ascertain whether any additional responsive documents exist," and that "[w]e will serve
24  amended responses indicating which categories, if any, did not contain any responsive
25  documents." *Declaration of Kristen L. Williams in Support of Defendant All Risks, LTD.'s*
26  *Motion to Compel Responses to its Discovery Requests*, executed July 1, 2008, Ex. R at 1
27  (emphasis in original).

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

1

2                                    **ARGUMENT**

3    **I.      RFP No. 39:  Change of broker letters regarding Cheryl Smith are irrelevant.**

4         This RFP seeks all change of broker letters that relate to accounts previously handled by

5    Cheryl Smith, a former Crump employee, that changed to her new employer.  "Parties may

6    obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

7    defense."  Fed. R. Civ. P. 26(b)(1).  However, "District courts need not condone the use of

8    discovery to engage in 'fishing expeditions.'"  *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir.

9    2004).  Here, any broker of record letters regarding the move of an unrelated third party (Smith)

10   to an unrelated third party (her new employer) would be irrelevant to Crump's claims or

11   Defendants' defenses in this lawsuit.  Crump claims that one or both of All Risks and McGrath

12   solicited Crump employees using confidential information in violation of the fiduciary duty of

13   loyalty, misappropriated Crump's trade secrets, and interfered with Crump's employees and

14   customers.

15        As noted above, documents produced during discovery show that McGrath was

16   negotiating with All Risks to hire away Marty from Crump, even though McGrath was on

17   Crump's payroll in a position of trust as Executive Vice President.  Any broker of record letters

18   regarding Smith would be irrelevant to these claims.  Further, they would be equally irrelevant

19   to any of All Risks' or McGrath's defenses.  All Risks makes no showing that Smith breached

20   her duty of loyalty to Crump by soliciting Crump employees while employed by Crump,

21   misused Crump's confidential information, misappropriated Crump's trade secrets, or

22   intentionally interfered with Crump's customers or employees.  Even if there were evidence of

23   such wrongdoing by Smith, All Risks does not explain why that would be relevant to any of

24   Defendants' defenses in this lawsuit.

25        All Risks argues that any responsive documents would be relevant to "whether Crump is

26   consistent in its claims."  *All Risks' MPA* at 10:7-11.  This argument is meritless for each of two

27   reasons.  First, consistency in whether and when to file lawsuits against unrelated third parties is

28   not an element of any of Crump's claims or Defendants' defenses, and is therefore irrelevant.

                                              3                    Case No. C-07-4636 MMC (JL)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

1   Second, even if consistency in suing third parties were relevant, broker of record letters

2   regarding Smith would not show any inconsistency whatsoever.  All Risks apparently thinks that

3   Crump is suing All Risks and McGrath solely because McGrath left Crump and took some

4   customers with him in breach of a non-solicitation agreement.  However, All Risks completely

5   misreads Crump's complaint.  To the contrary, as noted above, Crump is suing McGrath because

6   he breached his fiduciary duty to Crump and misused Crump's confidential information.  Crump

7   is suing both McGrath and All Risks because they misappropriated Crump's trade secrets and

8   interfered with Crump's employees and customers.  It is those wrongful acts that are at issue in

9   this lawsuit, not the mere fact of McGrath's departure with customers to All Risks.  Thus, the

10  mere existence of any broker of record letters regarding Smith would say nothing about whether

11  Smith or her new employer breached a fiduciary duty owed to Crump, used Crump's

12  confidential information, misappropriated Crump's trade secrets, or interfered with Crump's

13  employees or customers, which are the claims that Crump makes in this lawsuit against McGrath

14  and All Risks.

15      All Risks also argues that any responsive documents would "prove that it is an accepted

16  and common industry practice for retailers to move with brokers when they change employers."

17  *All Risks' MPA* at 10:12-13.  However, whether there is such a common industry practice is

18  inapposite to Crump's claims or Defendants' defenses.  Defendants have not and cannot allege

19  that there is any "practice" that would permit McGrath to breach his fiduciary duty of loyalty to

20  Crump by soliciting Crump employees to leave while he was on Crump's payroll or permit

21  McGrath or All Risks to misappropriate Crump's trade secrets or commit any of the other

22  wrongful acts that Crump alleges.  Thus, this request does not seek relevant documents.

23  **II.      RFP No. 40:  Change of broker letters from All Risks to Crump are irrelevant.**

24      This RFP seeks all change of broker letters during the last five years naming Crump in

25  place of All Risks.  However, any such broker of record letters would be irrelevant to Crump's

26  claims that McGrath breached his fiduciary duty of loyalty to Crump and misused Crump's

27  confidential information and that McGrath and All Risks misappropriated Crump's trade secrets

28  and interfered with Crump's employees and customers.  Any such letters would be equally

4                                Case No. C-07-4636 MMC (JL)

1  irrelevant to any of Defendants' defenses.

2       All Risks argues that "[w]hether or not retailers have moved from All Risks to Crump is

3  clearly relevant to this case." *All Risks MPA* at 11:9-10.  All Risks is wrong.  Whether retailers

4  moved from All Risks to Crump is irrelevant to Crump's claims of wrongdoing against All

5  Risks.  Again, All Risks seems to be confused about the nature of Crump's lawsuit.  As noted

6  above, Crump is suing McGrath for breaching his duty of loyalty by recruiting Crump

7  employees while on Crump's payroll and is suing All Risks and McGrath for misappropriating

8  Crump's trade secrets and interfering with Crump's employees and customers.  Whether any

9  customers may have moved from All Risks to Crump is simply not the gravamen of these claims

10  of wrongdoing against McGrath and All Risks.

11       Similarly, All Risks again asserts that responsive documents will prove that it is an

12  accepted and common industry practice for retailers to move with brokers when they change

13  employers.  *All Risks MPA* at 11:10-12.  However, as noted above, no such practice would ever

14  permit McGrath to breach his fiduciary duty of loyalty or permit McGrath or All Risks to

15  misappropriate Crump's trade secrets.

16       All Risks also argues that "the request speaks directly to Defendant's affirmative defense

17  of unclean hands."  *All Risks MPA* at 11:13-14.  However, All Risks cites no case for the

18  proposition that simply asserting the unclean hands defense entitles a defendant to discover

19  information about unrelated customers that it may have lost to the plaintiff.  To the contrary, the

20  unclean hands defense "applies only if the inequitable conduct occurred in a transaction directly

21  related to the matter before the court and affects the equitable relationship between the litigants."

22  *California Satellite Systems v. Nichols*, 170 Cal.App.3d 56, 70, 216 Cal.Rptr. 180, 188 (1985).

23  Here, there is no evidence that any customer at issue in this lawsuit switched business from All

24  Risks to Crump within the last five years.  Further, any decisions by unrelated third parties (or

25  even customers at issue in this lawsuit) to switch business from All Risks to Crump would not

26  be "directly related" to the claims that Crump is bringing in this action against All Risks and

27  McGrath, nor would they of themselves affect the equitable relationship among Crump, All

28  Risks and McGrath.

Even if evidence of any such decisions could be somehow relevant to All Risks' unclean hands defense, this Court may limit its discovery absent a showing by All Risks that there has been some wrongdoing. District courts are authorized "to invoke the Federal Rules of Civil Procedure when necessary to prevent employers from using the discovery process to engage in wholesale searches for evidence that might serve to limit its damages for [their] wrongful conduct." *Rivera*, 364 F.3d at 1071. In *Rivera*, the defendant employer sought to discover plaintiffs' immigration status to support its affirmative defense of after-acquired evidence, which is based on the unclean hands doctrine. *Id.* at 1071. The Ninth Circuit affirmed an order prohibiting the discovery, disagreeing with the notion that "depositions could be conducted for the purpose of uncovering illegal actions," *id.* at 1071, and noting that there was no evidence that the employer would have fired the plaintiffs had it known that they were undocumented. *Id.* at 1072. Here, there is no evidence that Crump obtained any All Risks customer by misappropriating All Risks' trade secrets, using All Risks' confidential information, or breaching a fiduciary duty to All Risks. Further, there is no evidence that Smith solicited Crump employees to leave while she was Crump's employee, that she misappropriated Crump's trade secrets, or that she violated California law in any manner. Thus, even if the broker of record letters were somehow relevant to Defendants' unclean hands defense, this Court may nevertheless limit their discovery absent some showing by All Risks of wrongdoing on the part of Crump and Smith.

For these reasons, this Court should deny All Risks' request to compel production of the broker of record letters.

**III.     Crump will produce Peter Scott's chart and make him available to be deposed regarding the chart.**

All Risks moves to compel production of a chart that Crump's President Peter Scott created, which lists business that McGrath wrongfully took to All Risks and all broker of record letters changing from Crump to All Risks after McGrath left Crump. Crump will produce the chart and make Mr. Scott available to be deposed regarding the chart at a mutually convenient time. So this issue is moot.

1    **IV.    Crump has not withheld any documents described by Glenn Hargrove.**

2    As All Risks acknowledges in its Motion to Compel, Crump's counsel already told All

3    Risks' counsel in writing, before All Risks filed its Motion, that "[w]e have not withheld any

4    document that fits the description in Mr. Hargrove's testimony." *All Risks' MPA* at 7:24-27.

5    Mr. Hargrove's recollection was simply incorrect, and there is no such document that fits the

6    description in his testimony. Nevertheless, All Risks continues to insist that Crump produce

7    such documents, blindly accusing Crump of discovery violations. *All Risks' MPA* at 14:1-15:24.

8    Because the document simply does not exist, there is nothing further for Crump to produce, and

9    All Risks' quixotic crusade is a complete waste of this Court's time.

10    **V.    Crump has already confirmed that it has produced all responsive documents,**

11    **including any from McGrath's hard drive.**

12    As noted above, Crump's counsel advised All Risks' counsel in writing, before All Risks

13    filed its motion to compel, that "*we have not withheld any responsive documents from*

14    *production*, other than as identified in our privilege logs," that "we have made a good faith

15    effort to ascertain whether any additional responsive documents exist," and that "[w]e will serve

16    amended responses indicating which categories, if any, did not contain any responsive

17    documents" (emphasis in original). Because there were documents responsive to every

18    category, Crump has not had to serve an amended response. Nevertheless, All Risks asserts that

19    "Crump should be compelled to produce all responsive documents located in Defendant

20    McGrath's hard drive." *All Risks' MPA* at 15:25-26. However, all responsive documents have

21    already been produced. Again, there is nothing further for Crump to produce and nothing for

22    this Court to compel.

23    **VI.    This Court should not compel further depositions of Scott or Hargrove (or any**

24    **other Crump employee).**

25    All Risks argues that this Court should compel further depositions of Scott and Hargrove

26    "[b]ecause Crump failed to timely produce these documents." *All Risks MPA 23:25-24:4.*

27    However, because this Court should not compel any production, this Court should not compel

28    any more depositions of Crump employees.

1

## CONCLUSION

2          For the reasons stated above, this Court should deny All Risks' motion to compel.

3     DATED:  July 16, 2008                    JACKSON LEWIS LLP

4

5

6                                        By:  _____

7                                             Mark S. Askanas
                                              Dylan B. Carp
                                              Tara L. Riedley
8                                             Attorneys for Plaintiff
                                              CRUMP INSURANCE SERVICES, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28