1  STEPHEN J. HIRSCHFELD (SBN 118068)
   DONNA M. RUTTER (SBN 145704)
2  KRISTEN L. WILLIAMS (SBN 232644)
   CURIALE DELLAVERSON HIRSCHFELD
3    & KRAEMER, LLP
   727 Sansome Street
4  San Francisco, CA 94111
   Telephone: (415) 835-9000
5  Facsimile: (415) 834-0443

6  Attorneys for Defendants
   MICHAEL P. MCGRATH
7  and ALL RISKS, LTD

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CRUMP INSURANCE SERVICES, INC.,        Case No. C-07-4636 MMC

12              Plaintiff,                 **DEFENDANTS' MEMORANDUM OF
                                           POINTS AND AUTHORITIES IN
13  vs.                                    OPPOSITION TO PLAINTIFF'S MOTION
                                           TO COMPEL (1) ALL RISKS, LTD. TO
14  MICHAEL P. MCGRATH, an individual,     RESPOND TO REQUESTS FOR
    ALL RISKS, LTD., a corporation, and    PRODUCTION NOS. 8-12; (2) MCGRATH
15  Does 1 through 50, inclusive,          TO PRODUCE ALL DOCUMENTS
                                           RESPONSIVE TO CRUMPS REQUEST
16              Defendants.                FOR PRODUCTION SET ONE, NOS. 13-
                                           17; (3) ALL RISKS TO PRODUCE ALL
17                                         DOCUMENTS RESPONSIVE TO
                                           CRUMP'S REQUEST FOR PRODUCTION,
18                                         SET TWO, NOS. 36-37; (4) MCGRATH TO
                                           ANSWER DEPOSITION QUESTIONS
19                                         REGARDING HIS COMPENSATION AT
                                           ALL RISKS; (5) MCGRATH AND ALL
20                                         RISKS TO PRODUCE ANY DOCUMENTS
                                           WITHHELD ON THE GROUNDS OF
21                                         PRIVACY OR ATTORNEY-CLIENT
                                           PRIVILEGE; AND (6) MCGRATH,
22                                         MARTY, AND CORTEZI TO ANSWER
                                           QUESTIONS AT FURTHER
23                                         DEPOSITIONS REGARDING THE
                                           DOCUMENTS AND INFORMATION**

24
                                           **Date:     August 6, 2008
25                                         Time:      9:30 a.m.
                                           Courtroom: F
26                                         Magistrate Judge James Larson**

27

28

_Curiale Dellaverson Hirschfeld & Kraemer, LLP_
_ATTORNEYS AT LAW_
_SAN FRANCISCO_

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ........................................................................................................ 1

II.   FACTUAL BACKGROUND ....................................................................................... 2

    A.    Defendants Responded to Plaintiff's Request for Production Nos. 8-12 and
        13-17 and Timely Met and Conferred More Than Four Months Ago ................... 3

        1.    Depositions Of Plaintiff's Own Employees Undercut Plaintiff's
                Own Claims And Reasons For Seeking This Information .......................... 4

    B.    Defendant All Risks Responded To Request for Production Nos. 36 -37
        On June 12, 2008 And Met And Conferred Regarding These Responses ............. 4

    C.    Plaintiff Deposed McGrath on April 30 And Again on June 10, 2008 And
        Made No Mention Of Its Desire to Meet And Confer As to The Instruction
        To McGrath Not To Answer Questions Regarding His Compensation Prior
        to the Second Day of His Deposition .................................................................... 5

        1.    Plaintiff's Counsel Admitted That Employee Compensation
                Information Is Private ................................................................................ 6

        2.    Plaintiff Already Has A Motion Before This Court Seeking
                McGrath's Compensation Information ...................................................... 6

    D.    Plaintiff Never Requested A Log Of Documents Withheld Based on
        Privacy Until Its Last Minute, Scorched Earth "Meet And Confer" Bonanza ........ 6

    E.    Defendants Provided Attorney-Client Privileged Logs As Soon As
        Practicable ............................................................................................................. 6

    F.    Despite Having Responses for More Than Four Months, Plaintiff's
        Engaged In A Scorched Earth and Duplicative "Meet and Confer" Efforts
        When Only Two Weeks Remained Before Discovery Process ............................. 7

III.  LEGAL ARGUMENT .................................................................................................. 7

    A.    Defendant All Risks Should Not Be Compelled To Comply With Request
        for Production Nos. 8-12 .......................................................................................... 7

        1.    Plaintiff Has Waived Its Right To Move To Compel .............................. 8

        2.    Plaintiff Has Failed To Sufficiently Meet And Confer As To
                Plaintiff's Request for Production Nos. 8-12 to All Risks ........................ 8

        3.    Defendant All Risk's Objections to Plaintiff's Request for
                Production Nos. 8-12 Are Valid And Should Be Upheld .......................... 9

    B.    Defendant McGrath Should Not Be Compelled To Comply With Request
        for Production Nos. 13-17 ...................................................................................... 11

        1.    Plaintiff Has Waived Its Right To Move To Compel. ............................ 11

        2.    Plaintiff Has Failed To Sufficiently Meet And Confer As To
                Plaintiff's Request for Production Nos. 13-17 To McGrath ..................... 11

        3.    Defendant McGrath's Objections to Plaintiff's Request for
                Production Nos. 13-17 Are Valid And Should Be Upheld ...................... 12

    C.    Defendant Should Not Be Compelled To Comply With Request for
        Production Nos. 36-37 .......................................................................................... 13

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

1

## TABLE OF CONTENTS

2

Page

3    1.    Defendant All Risks Responses to Request for Production Nos. 36 and 37 Are Valid And Should Be Upheld................................................. 13

4 D.    McGrath Should Not Be Compelled To Testify Regarding His

5    Compensation....................................................................................... 14

    1.    Defendants' Objections Are Valid And Should Be Upheld..................... 14

6    2.    Plaintiff Has Already Moved To Compel This Information Via

7    Another Motion Concurrently Pending Before This Court ...................... 16

8 E.    Defendants Should Not Be Compelled To Produce Documents Covered By The Attorney Client Privilege Or Protected By Individuals' Privacy Rights....... 16

9    1.    Plaintiff Has Cited No Legal Authority Requiring Defendants To Produce A Log Of Documents Withheld On The Basis Of Privacy......... 16

10    2.    Plaintiff Has Set Forth No Legal Authority To Override the Attorney-Client Privilege ........................................................................ 16

11

12    3.    Plaintiff Rejected Defendants' Offer For Mutual Extension Of Time To Bring Motions To Compel............................................................. 17

13 F.    McGrath, Marty And Cortezi Should Not Be Compelled To Appear For Additional Depositions ................................................................................. 17

14 IV.  CONCLUSION ................................................................................................ 17

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO
REQUESTS FOR PRODUCTION NOS. 4, 7 AND 26; CASE NO.:  C-07-4636MMC

# **TABLE OF AUTHORITIES**

**Page**

## **FEDERAL CASES**

*Amco Ins. Co. v. Madera Quality Nut LLC,*
   2006 U.S. Dist. LEXIS 21205 ................................................................ 16

*City & County of San Francisco v. Sup. Ct.*
   (1951) 37 Cal. 2d 227 ............................................................................ 16

*Gault v. Nabisco Biscuit Co.*
   (D. NV 1999) 184 F.R.D. 620 ............................................................. 8, 11

## **STATE CASES**

*Moskowitz v. Superior Court of Los Angeles*
   (1982) 137 Cal. App. 3d 313 .................................................................. 14

*Shannon v. Sup. Ct.*
   (1990) 217 Cal. App. 3d 986 .................................................................. 16

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO
REQUESTS FOR PRODUCTION NOS. 4, 7 AND 26; CASE NO.: C-07-4636MMC

# I.    INTRODUCTION

Defendant All Risks, Ltd.'s ("Defendant") provided its discovery responses to most of Plaintiff Crump Insurance's ("Plaintiff") Request for Production at issue here more than four months ago and several depositions prior (specifically, All Risks' Responses to RFP Nos. 8-12 and McGrath's Responses to RFP Nos. 13-17). Crump's counsel[1] and counsel for All Risks and Michael McGrath engaged in serious meet and confer sessions over these document requests that are now the subject of this motion. After the mediation and key depositions in this case, Plaintiff again attempted to "meet and confer" in a scorched earth approach just days before discovery cut-off. Though redundant in nature, Defendants All Risks, Ltd. and Mike McGrath ("Defendants") nonetheless engaged in repetitive meet and confer discussions and re-iterated their positions as to the aforementioned Responses as well as All Risks; Responses to RFP Nos. 36-37. Plaintiff's last minute attempt to harass Defendants with twenty pages of "meet and confer" letters and frivolous and untimely motions to compel is an abuse of the discovery process. Further, Plaintiff – having been in possession of many of Defendant's responses since February 2008 – has waived its right to compel production of these documents related to All Risks' Responses to Request for Production Nos. 8-12 and McGrath's Responses to Request for Production Nos. 13-17. Moreover, all objections set forth by Defendants in response to Crump's Request for Production to All Risk's Nos. 8-12, 36 and 37 and to McGrath's Nos. 13-17 are valid and should be upheld.

With regard to Plaintiff's request to compel testimony regarding compensation, this Motion is Plaintiff's second attempt before this Court to seek this information (see Plaintiff's June 18, 2008 Motion to Compel Requests for Production also being heard August 6, 2008 before Magistrate Larson, specifically Plaintiff's request for Defendant to unredact pages ALL000009-10; ALL000018-19 to reveal additional information related to McGrath's compensation). Moreover, even Plaintiff's own counsel has admitted that information related to employee

---

[1] From the inception of this lawsuit until shortly before the discovery cut-off on June 20, 2008, Crump was represented by the law firm of Fulbright and Jaworski. Plaintiff substituted counsel on June 6, 2008 and is currently being represented by Jackson Lewis.

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO REQUESTS FOR PRODUCTION NOS. 8-12; CASE NO.: C-07-4636MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    compensation is private, proprietary and confidential.  Additionally, Defendants' objections as to

2    this information are valid and Plaintiff has not set forth any legitimate reason to usurp the privacy

3    rights of McGrath.

4         Finally, Plaintiff's request to have this Court to invalidate the attorney-client privilege of

5    parties to this action and/or invade the privacy rights of individuals and also to re-open the

6    depositions of McGrath, Cyndi Marty, and Nick Cortezi are both unfounded requests – neither of

7    which are supported by any legal authority from Plaintiff.

8         For these reasons, this Court should deny Plaintiff's Motion in its entirety.

9                        **II.    FACTUAL BACKGROUND**

10        Crump and All Risks are wholesale insurance brokerage groups that provide excess,

11   surplus, and specialty insurance (i.e., commercial earthquake insurance).  In short, as insurance

12   wholesalers, they match carriers with retail agents.  The retail agents, rather than Crump or All

13   Risks, sell directly to the insureds who purchase policies.  Defendant Michael P. McGrath began

14   working at Crump E&S of San Francisco Insurance Services, Inc. in June of 1996.[2]  During his

15   tenure with Crump, McGrath was a Senior Property Broker specializing in E & S (Excess and

16   Surplus markets).  As a Senior Property Broker, McGrath worked with the retail agents to put

17   together quotes that the retail agent would then present to its insured.

18        In the wholesale insurance brokerage industry, brokers often change jobs.  It is an

19   accepted and common industry practice for retailers to follow brokers when they go to work for a

20   different employer, as the wholesale insurance brokerage industry is a relationship-driven

21   business.  Retailers are the customers, and they decide with whom they want to work.  As such,

22   retailers are often willing to transfer their business to another company so that they can continue

23   to work with the wholesale broker of their choice.

24        On June 4, 2007, McGrath left Crump to accept a position at All Risks.  On July 2, 2007,

25   Cyndi Marty, third party to this lawsuit, left Crump and also joined All Risks.  <u>After</u> McGrath left

26   _____

27   [2] Since 1996, Crump E&S of San Francisco Insurance Services, Inc. was purchased twice and ultimately
     came to do business as Crump Insurance Services, Inc.

28

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO REQUESTS FOR
PRODUCTION NOS. 8-12; CASE NO.: C-07-4636MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Crump, a number of retailers "who were his clients at Crump" decided to transfer their business

2   to All Risks in order to keep working with their broker of choice. The testimony has been

3   universal in this case that it is within the complete prerogative of the retailer to decide which

4   wholesale broker to work with. The testimony is also undisputed that McGrath did not solicit

5   these retailers who instead made their own decision to follow McGrath to All Risks.

6          Nonetheless, Crump filed suit against both McGrath and All Risks on August 31, 2007,

7   claiming that, upon his resignation, Defendant Michael McGrath (1) breached the terms of a 1996

8   Memorandum of Understanding with Crump and (2) breached his fiduciary duty to Crump.

9   Crump also alleges that both McGrath and Defendant All Risks (1) misappropriated trade secrets;

10  (2) intentionally interfered with its prospective advantage with regard to its clients; (3)

11  negligently interfered with its prospective advantage with regard to its clients; (4) intentionally

12  interfered with its prospective advantage with regard to its employees; and (5) negligently

13  interfered with its prospective advantage with regard to its employees. (Declaration of Kristen L.

14  Williams ("Williams Decl."), ¶2, and Exhibit A).

15  **A.    Defendants Responded to Plaintiff's Request for Production Nos. 8-12 and 13-17 and**
       **Timely Met and Conferred More Than Four Months Ago.**

16

17         On January 3, 2008, Plaintiff propounded Request for Production of Documents, Set One

18  on Defendant All Risks. (Williams Decl. ¶3 and Exhibit B.) Defendant All Risks responded to
    these

19
    on February 13, 2008. (Williams Decl. ¶3 and Exhibit C.) On February 29, 2008 – more than
20
    four months ago – Plaintiff's counsel, Fulbright and Jaworski, sent Defendant a letter requesting
21
    to meet and confer with regard to various responses by Defendant All Risks. (Williams Decl. ¶4
22
    and Exhibit D.) On March 19, 2008, counsel for Plaintiff and Defendant engaged in a lengthy
23
    teleconference regarding Defendant's Responses to Request for Production of Documents,
24
    including all Requests that are at issue in this Motion. (Williams Decl. ¶ 5.) Defendants All
25
    Risks and McGrath articulated their respective positions with regard to these requests, as
26
    articulated below for the Court, and did not agree to produce any additional documents.
27
    (Williams Decl. ¶ 5.) Crump did not challenge All Risks or McGrath and no further
28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

1  communications were had regarding All Risks' Responses to Requests for Production Nos. 8-12

2  and McGrath's Responses to Request for Production Nos. 13-17. (Williams Decl. ¶ 5.)

3      **1.    Depositions Of Plaintiff's Own Employees Undercut Plaintiff's Own Claims
        And Reasons For Seeking This Information.**

4

5      Plaintiff now claims it is entitled to this information because it is relevant as to whether

6  McGrath used confidential information from Crump during this time because "[a]ny

7  communications McGrath had during that time period... are relevant to Whether [sic] McGrath

8  used Crump's confidential information to obtain customers for All Risks, such as policy renewal

9  dates, premiums, or commissions." (Plaintiff's Motion, page 10, lines 1-3.)  Plaintiff's own

10 employees, however, have testified that most retailers would generally provide "submissions" to

11 the broker providing information such as policy expiration dates, premiums, terms and conditions

12 of the policy and financial information.  (Williams Decl. ¶ 6, Exs. E and F.)

13 **B.    Defendant All Risks  Responded To Request for Production Nos. 36 -37 On June 12,
        2008 And Met And Conferred Regarding These Responses**

14     On May 13, 2008, Plaintiff propounded Requests for Production, Set Two on Defendant

15 All Risks, including Requests for Production Nos. 36 and 37 which seek all communications

16 between McGrath and two retailers. (Williams Decl. ¶ 7, Ex. G.)  Defendant All Risks responded

17 to these requests on June 12, 2008.  (Williams Decl. ¶ 7, Ex. H.)

18     On June 20, 2008, Plaintiff's initiated meet and confer efforts with Defendant with regard

19 to Defendant's Responses to Request for Production Nos. 36 and 37. (Williams Decl. ¶ 8.)

20 Plaintiff's letter to Defendant stated as follows:

21     This requests a meet and confer regarding Defendant All Risks, Ltd.'s Response to
       Plaintiff's Request for Production of Documents, Set 2, RFP Nos. 36 and 37.  These requests
22     seeks communications between McGrath and Woodruff  Sawyer & Company and HUB
       International from June 3 through June 11, 2007.  These are not overly broad because this is the
23     pertinent time period for Plaintiff's allegations that McGrath used confidential Crump
       information to solicit business on behalf of All Risks.  We doubt that locating and producing all
24     responsive documents would be unduly burdensome.  The parties have negotiated a protective
       order to govern the discovery of confidential and proprietary information.  Please provide us with
25     a log for any documents or information responsive to this request that you are withholding or
       redacting.  We suspect that any valid privacy objection would be outweighed by our need to know
26     the information.

27 (Williams Decl. ¶ 8 and Ex. I.)

28     Defendant responded on June 23, 2008 with the following:

                                        4

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Defendant will not be producing documents responsive to this request. Defendant has already produced all announcement emails between McGrath and representatives of Woodruff Sawyer and/or HUB International for the time period of June 4, 2008 through June 29, 2008 – these are the communications that go to the heart of Plaintiff's claims. All other communications between McGrath and a HUB or Woodruff representative beyond McGrath's announcement regarding his change in employment is irrelevant to Plaintiff's claims and is clearly overly broad. As such, Plaintiff's request for additional communications that would be encompassed by Request for Production Nos. 36 and 37 seek confidential, proprietary, and trade secret information (i.e., the terms and conditions of the agreements reached between HUB/Woodruff and All Risks). Not only is this information confidential and proprietary to All Risks it is also confidential and proprietary to HUB International and Woodruff Sawyer.

(Williams Decl. ¶ 9 and Ex. J.)

Plaintiff did not challenge this response. (Williams Decl. ¶ 9.)

**C.    Plaintiff Deposed McGrath on April 30 And Again on June 10, 2008 And Made No Mention Of Its Desire to Meet And Confer As to The Instruction To McGrath Not To Answer Questions Regarding His Compensation Prior to the Second Day of His Deposition**

Plaintiff deposed McGrath on April 30, 2008. (Williams Decl. ¶ 10.) McGrath was asked about his compensation and was instructed not to answer based on his right of privacy. (Williams Decl. ¶ 10.) Plaintiff did not move to compel an answer following the deposition. (Williams Decl. ¶ 10.) On June 2, 2008, Plaintiff's counsel spoke with Defendants' counsel and it was agreed that the second day of McGrath's deposition would go forward on June 10. (Williams Decl. ¶ 11.) An amended notice of deposition was sent on June 6, 2008, confirming the June 10th date. (Williams Decl. ¶ 11.) Plaintiff did not make any attempt to meet and confer about testimony regarding compensation information in conjunction with scheduling the continued deposition or serving the amended deposition notice. (Williams Decl. ¶ 11.) Plaintiff substituted counsel on June 6, 2008 and is currently being represented by the law offices of Jackson Lewis, LLP. (Williams Decl. ¶ 12.) Likewise, Plaintiff's new counsel did not make any attempt to meet and confer about testimony regarding compensation information prior to McGrath's continued deposition. (Williams Decl. ¶ 12.) Plaintiff did not bring any Motion before this Court regarding this testimony until the present Motion – filed nearly two months after the date McGrath was instructed not to answer questions related to compensation. (Williams Decl. ¶ 12.)

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1. **Plaintiff's Counsel Admitted That Employee Compensation Information Is Private.**

On June 17, 2008, during the deposition of former Crump president Glenn Hargrove, the deponent was asked general information regarding the compensation of a current employee of Plaintiff who was in a similar position as Defendant McGrath. (Williams Decl. ¶ 14 and Ex. L.) Specifically, the deponent was instructed that Defendant was "not asking you for a dollar amount" but only wanted to know whether his compensation was based on the amount of revenue he generated during his first year of employment with Plaintiff. (Williams Decl. ¶ 14 and Ex. L.) Plaintiff's counsel objected to the question on the bases of "confidential proprietary trade secret information" and "privacy." (Williams Decl. ¶ 14 and Ex. K.)    Seven days later Plaintiff filed this Motion. (Williams Decl. ¶ 15.)

2. **Plaintiff Already Has A Motion Before This Court Seeking McGrath's Compensation Information.**

On June 18, 2008, Plaintiff filed a Motion To Compel Responses to All Risks' Requests for Production. (Williams Decl. ¶ 16.) Part of this Motion is Plaintiff's request that documents that are presently redacted as to McGrath's compensation information be unredacted and that McGrath be required to be deposed further regarding these documents. (Williams Decl. ¶ 16.) That Motion is also currently pending before this Court. (Williams Decl. ¶ 16.)

D.  **Plaintiff Never Requested A Log Of Documents Withheld Based on Privacy Until Its Last Minute, Scorched Earth "Meet And Confer" Bonanza.**

Documents were originally produced to Plaintiff on March 25, 2008. (Williams Decl. ¶ 17.) Until on or about June 10, 2008, Plaintiff never requested a log of documents withheld based on privacy. (Williams Decl. ¶ 17.) Defendants agreed to produce the log and also informed Plaintiff that the category of documents withheld based on privacy was documents related to compensation agreements. (Williams Decl. ¶ 17.) Nonetheless, on June 24, 2008, Plaintiff filed the instant Motion. (Williams Decl. ¶ 17.) Defendants are producing the log related to privacy with its Opposition to this Motion. (Williams Decl. ¶ 17 and Ex. L.)

E.  **Defendants Provided Attorney-Client Privileged Logs As Soon As Practicable**

In its meet and confer efforts, counsel for Defendants conveyed, upon her belief, that no

6

1    documents had been withheld based on the attorney-client and/or attorney-client work product

2    privileges. (Williams Decl. ¶ 28.)  In subsequently reviewing the documents that had been

3    withheld based on the privacy rights of individuals, counsel realized that some of the documents

4    that had been withheld and were also protected by the attorney-client and/or attorney work

5    product privileges.  Defendants acknowledged this in their next letter to Plaintiff on June 23, 2008

6    and produced their Privileged Log two days later on June 25, 2008.  (Williams Decl. ¶ 18 and

7    Ex. M.)

8    **F.**    **Despite Having Responses for More Than Four Months, Plaintiff's Engaged In A**
         **Scorched Earth and Duplicative "Meet and Confer" Efforts When Only Two Weeks**
9        **Remained Before Discovery Process.**

10        On June 6, 2008 – more than three months after receiving Defendant's responses and two

11    and a half months after meet and confer efforts concluded – Plaintiff began to raise issues as to

12    the document responses that the parties had previously met and conferred on in good faith.

13    (Williams Decl. ¶ 19)  In fact, twelve court days shy of the discovery cut-off date, Plaintiff began

14    engaging in a scorched earth approach to meeting and conferring regarding discovery.  Indeed,

15    within the next two weeks of the *nine and a half month discovery period*, Plaintiff sent twenty

16    pages of "meet and confer" letters to Defendant seeking immediate responses[3].  (Williams

17    Decl. ¶ 19.)  While Crump certainly has the right to change counsel, that should not allow either

18    prior agreements or actions by former counsel to be ignored or permit substituted counsel to

19    belatedly attempt to re-open prior meet and confer sessions.

20        Despite having already met and conferred with regard to many of these responses months

21    previously, Defendant nonetheless once again met and conferred with Plaintiff in good faith.

22    (Williams Decl. ¶ 20.)

23                        **III.    LEGAL ARGUMENT**

24    **A.**    **Defendant All Risks Should Not Be Compelled To Comply With Request for**
         **Production Nos. 8-12.**
25

26    _____

27    [3] These pages represent only meet and confer efforts by Plaintiff as to Defendants' responses to Plaintiff's
      Request for Production.

28

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO REQUESTS FOR
PRODUCTION NOS. 8-12; CASE NO.: C-07-4636MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**1.  Plaintiff Has Waived Its Right To Move To Compel**

Parties are required to meet and confer in *good faith* prior to filing a motion to compel. Fed. Rule Civ. Pro. R. 37(a)(1).  Plaintiff's failure to do so in a timely manner can constitute a waiver of the right to move to compel further responses.  *See Gault v. Nabisco Biscuit Co.* (D. NV 1999) 184 F.R.D. 620, 622.  Here, Plaintiff's attempted meet and confer as to these responses is *more than 120 days after having received the responses* and *three months after All Risks had already engaged in meet and confer efforts* with Crump.

Plaintiff propounded these requests on January 3, 2008 and was in receipt of the responses on February 13th.  On March 19, 2008, counsel for Plaintiff and Defendant engaged in a lengthy teleconference regarding Defendant's Responses to Request for Production of Documents, **including all Requests that are at issue in this Motion.**  Defendant All Risks articulated its position with regard to these requests, as set forth below for the Court, and did not agree to produce any additional documents.

On June 6, 2008 – more than three months after receiving Defendant's responses and two and a half months after meet and confer efforts concluded – Plaintiff's attempted to *again* meet and confer with regard to these discovery issues.  Because Plaintiff has already met and conferred with regard to these issues – and previously reached a resolution – Plaintiff's present attempt to meet and confer with regard to these Requests is untimely and an abuse of the discovery process. Plaintiff has waived its right to move to compel these responses.  Plaintiff never challenged that position until months later when they changed counsel.

**2.  Plaintiff Has Failed To Sufficiently Meet And Confer As To Plaintiff's Request for Production Nos. 8-12 to All Risks.**

Plaintiff's "first" meet and confer letter – after two and a half months of silence after original meet and confer efforts – was by way of letter on June 6, 2008.  This letter states as follows: Plaintiff's "first" attempt to meet and confer – for the second time – with regard to this Request was conveyed in its June 6, 2008 letter wherein it articulated reasons why it is entitled to documents responsive to Request for Production Nos. 2-3 and then only refers generally to Request No. 4 as follows: "Your responses to requests nos. 4-12 and 26 raise similar issues."

8

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Nothing in the letter articulates specifically why Defendant's objections to Request for

2    Production No. 4 are invalid or why Plaintiff is entitled to the category of documents sought.

3         Despite this boilerplate "meet and confer effort," Defendant provided a substantive

4    response setting forth its position.  In a letter dated June 11, 2008, Defendant responded as

5    follows:

6         As explained to counsel for Plaintiff in our meet and confer discussions in March, this
     request is overbroad and seeks information that is not relevant to this matter.  Moreover, this
7    request seeks proprietary information.  As noted to Plaintiff's counsel previously, the Broker of
     Record letters for each of the enumerated accounts has already been provided.  Additionally,
8    since that time, Defendant has also provided all announcement communications by McGrath
     during his first month at All Risks.  When considering that Plaintiff is now in possession of
9    announcement communications as well as any Broker of Record letters for these enumerated
     insurance businesses, it becomes exceedingly clear that its persistence to enforce this overbroad
10   request is solely aimed at harassing Defendant and obtaining confidential information (i.e., the
     terms of the underlying policies and financial information, etc.).
11
12        Plaintiff did not provide any further response or explanation as to why it is entitled to this

13   information.  Clearly, Plaintiff has not met his duty to meet and confer as required by Federal

14   Rule of Procedure Rule 37(a)(1).

15        **3.    Defendant All Risk's Objections to Plaintiff's Request for Production Nos. 8-
             12 Are Valid And Should Be Upheld**

16   **REQUEST FOR PRODUCTION NO. 8:**
          All documents and electronically stored information from January 1, 2007 through
17   September 1, 2007, concerning or relating to Menlo Equities LLC[4] insurance business.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8[5]:**
          Defendant objects to this request as overly broad.  Defendant objects to this request as it
19   seeks information that is neither relevant to this action nor reasonably calculated to lead to the
     discovery of admissible evidence.  Defendant objects to this request as it seeks confidential,
20   proprietary or trade secret information.

21   **REASONS WHY DEFENDANT'S OBJECTIONS ARE VALID AND SHOULD BE
     UPHELD:**
22
23        Plaintiff's claims against Defendant are regarding alleged misappropriation of clients from

24   _____

25   [4] Nos. 9-12 are the same requests except regarding different companies or accounts (i.e., Alecta Real
     Estate USA LLC, to Jay & Carole Hagglund Trust, North First Street Properties, and Brandenburg
26   Staedler & Moore.  For the Court's ease, we are only including one as an exemplar.

27   [5] Defendant's objections to Nos. 8-12 is the same.  For the Court's ease, we are only including one as an
     exemplar.
28

9

1    Plaintiff to All Risks. Broker of Record Letter records are letters sent when a new broker is being

2    appointed in place of a previous broker. Defendant has already produced all Broker of Record

3    Letters for any account identified in these requests in its possession. Additionally, Defendant has

4    already provided <u>all</u> announcement emails from McGrath during his first month with All Risks.

5    These documents – already within the possession of Plaintiff – are the only documents responsive

6    to this request that address the claims and defenses of this matter. All other documents sought are

7    clearly overly broad and outside the scope of permissible discovery.

8         The documents encompassed by this request as it is written would include private

9    discussions by All Risks and the individual companies as to the rates it was attempting to

10   negotiate. It would encompass proposals by All Risks and counter proposals by the individual

11   companies – none of this confidential information is in any way relevant to the claims or defenses

12   of any party to this action.

13        Plaintiff never addressed Defendant's assertions that this request was overly broad prior to

14   this Motion. It has, however, for the first time via this Motion, articulated why it believes it is

15   entitled to documents that would be covered by this request. Specifically, Plaintiff claims that it

16   seeks these documents to confirm whether or not "McGrath used or divulged some of Crump's

17   confidential information on that [Expiration] Log, such as the policy renewal date, the

18   commission, or the premium, to obtain the business for All Risks." (Plaintiff's Motion page 4,

19   lines 20-26).

20        This reason is without merit. To start, Plaintiff's own employees have testified that most

21   retailers would generally provide "submissions" to the broker providing information such as

22   policy expiration dates, premiums, terms and conditions of the policy and financial information.

23   (Deposition of Rick McDonough, dated June 20, 2008, Vol. 1, ("McDonough Depo.") 31:23-

24   34:9; Deposition of Peter Quinlan Scott, dated April 4, 2008, Vol. 1, ("Scott Depo.") 24:23-26:5.)

25   Therefore, the documents responsive to this request would not prove anything because

26   information allegedly obtained from the lists is also available via other means. Defendant will

27   however, amend its response to state as follows: *Defendant has performed a reasonable and*

28   *diligent search and does not have any Expiration Log from Plaintiff in its possession, custody, or*

10

CURIALE DELL'AVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*control.*

<u>Specific to Request for Production No. 9</u>

With regard to Request for Production No. 9, Plaintiff states that it is entitled to these documents for the reasons set forth above and also because "McGrath wrongfully used the quote from RLI, which is Crump's confidential information, to obtain the business for All Risks." (Plaintiff's Motion, page 5, lines 21-23.)  This is an interesting reason set forth by Plaintiff inasmuch as **Plaintiff admits that quotes provided to and from a broker and the prospective company are "confidential information."**  Defendants could not agree more – the quotes that go back and forth prior to a deal being finalized are confidential information – **this is exactly why Plaintiff's Requests to All Risks Nos. 8-12 are overly broad – because this is the information that would be encompassed in these requests.**

Defendant McGrath has already testified that the RLI quote it received while at Crump was not a competitive one and therefore was not ultimately used.  Therefore, Defendant is willing to amend its response as follows: *Defendant has performed a reasonable and diligent search and has no documents related to the quote obtained from RLI for insured Alectra while McGrath was at Crump in its possession, custody, or control.*

**B.      <u>Defendant McGrath Should Not Be Compelled To Comply With Request for Production Nos. 13-17.</u>**

**1.      Plaintiff Has Waived Its Right To Move To Compel.**

Parties are required to meet and confer in ***good faith*** prior to filing a motion to compel. Fed. Rule Civ. Pro. R. 37(a)(1).  For the reasons set forth above, Plaintiff's failure to do so in a timely manner can constitute a waiver of the right to move to compel further responses.  *See Gault v. Nabisco Biscuit Co.* (D. NV 1999) 184 F.R.D. 620, 622.

**2.      Plaintiff Has Failed To Sufficiently Meet And Confer As To Plaintiff's Request for Production Nos. 13-17 To McGrath.**

Plaintiff's "first" meet and confer letter – after two and a half months of silence after original meet and confer efforts – was by way of letter on June 6, 2008.  Plaintiff's only reference to Requests for Production Nos. 13-17 states: "13-17 involve objections similar to those

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  addressed above." Unfortunately, no specific reasons as to why Plaintiff is entitled to these

2  documents was referenced above.

3       Despite this boilerplate "meet and confer effort," Defendant responded substantively and

4  explained its position. By letter dated June 11, 2008, Defendant wrote:

5  "As explained to counsel for Plaintiff in our meet and confer discussions in March, this request is overbroad and seeks information that is not relevant to this matter. Moreover, this request seeks proprietary information. As noted to Plaintiff's counsel previously, the Broker of

6  Record letters for each of the enumerated accounts has already been provided. Additionally, since that time, Defendant has also provided all announcement communications by McGrath

7  during his first month at All Risks. When considering that Plaintiff is now in possession of announcement communications as well as any Broker of Record letters for these enumerated

8  insurance businesses, it becomes exceedingly clear that its persistence to enforce this overbroad request is solely aimed at harassing Defendant and obtaining confidential information (i.e., the

9  terms of the policies, etc.)."

10

11       Plaintiff did not provide any further response or explanation as to why it is entitled to this

12  information. Clearly, Plaintiff has not met his duty to meet and confer as required by Federal

13  Rule of Procedure Rule 37(a)(1).

14      **3.**     **Defendant McGrath's Objections to Plaintiff's Request for Production Nos. 13-17 Are Valid And Should Be Upheld.**

15

16  **REQUEST FOR PRODUCTION NO. 13:**
    All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to Menlo Equities LLC[6] insurance business.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13[7]:**
    Defendant objects to this request as overly broad. Defendant objects to this request as it

19  seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential,

20  proprietary or trade secret information.

21  **REASONS WHY DEFENDANT'S OBJECTION ARE VALID AND SHOULD BE UPHELD:**

22

23      Plaintiff's Request for Production Nos. 13-17 to McGrath are verbatim of Plaintiff's

24  _____

25  [6] Nos. 13-17 are the same requests except regarding different companies or accounts (i.e., Alecta Real Estate USA LLC, to Jay & Carole Hagglund Trust, North First Street Properties, and Brandenburg

26  Staedler & Moore. For the Court's ease, we are only including one as an exemplar.

27  [7] Defendant's objections to Nos. 13-17 are the same. For the Court's ease, we are only including one as an exemplar.

28

1  Request for Production Nos. 8-12 directed to All Risks.  For the same reasons set forth above that

2  Plaintiff is not entitled to these documents from All Risks, Plaintiff is likewise not entitled to

3  these documents from McGrath.

4  **C.    Defendant Should Not Be Compelled To Comply With Request for Production Nos.
       36-37**

5

6        **1.    Defendant All Risks Responses to Request for Production Nos. 36 and 37 Are
              Valid And Should Be Upheld**

7

8  **REQUEST FOR PRODUCTION NO. 36:**
         Any communications between Michael P. McGrath and Woodruff Sawyer & Company

9  from June 3, 2007 through June 11, 2007.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**
         Defendant objects to this request as overly broad and unduly burdensome.  Defendant
   objects to this request as it seeks information that is neither relevant to this action nor reasonably
11 calculated to lead to the discovery of admissible evidence.  Defendant objects to this request as it
   seeks confidential, proprietary or trade secret information.  Defendant further objects that this
12 response seeks to violate constitutional, statutory, and/or common law privacy rights of third
   parties not party to this litigation.
13
   **REQUEST FOR PRODUCTION NO. 37:**
14       Any communications between Michael P. McGrath and HUB International from June 3,
   2007 through June 11, 2007.
15
   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**
16       Defendant objects to this request as overly broad and unduly burdensome.  Defendant
   objects to this request as it seeks information that is neither relevant to this action nor reasonably
17 calculated to lead to the discovery of admissible evidence.  Defendant objects to this request as it
   seeks confidential, proprietary or trade secret information.  Defendant further objects that this
18 response seeks to violate constitutional, statutory, and/or common law privacy rights of third
   parties not party to this litigation.
19

20 **REASONS WHY DEFENDANT'S OBJECTION ARE VALID AND SHOULD BE
   UPHELD:**
21

22       Plaintiff claims it is entitled to this information because it is relevant as to whether

23 McGrath used confidential information from Crump during this time because "[a]ny

24 communications McGrath had during that time period… are relevant to Whether [sic] McGrath

25 used Crump's confidential information to obtain customers for All Risks, such as policy renewal

26 dates, premiums, or commissions." (Plaintiff's Motion, page 10, lines 1-3).

27       As articulated by Defendant in its meet and confer letters, this information is not relevant.

28 The request as written would encompass many documents wholly unrelated to the claims and

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

1    defenses of parties to this action. For example, this request as written would include negotiations

2    between All Risks and HUB and Woodruff which includes information beyond the scope of what

3    retailers typically provide to brokers. Moreover, in light of the documents already produced by

4    Defendant, it is exceedingly clear that Plaintiff is not entitled to this over broad request of

5    documents. Defendant has already produced all announcement emails between McGrath and

6    representatives of Woodruff Sawyer and/or HUB International for the time period of June 4, 2008

7    through June 29, 2008 – these are the communications that go to the heart of Plaintiff's claims.

8    All other communications between McGrath and a HUB or Woodruff representative beyond

9    McGrath's announcement regarding his change in employment is irrelevant to Plaintiff's claims

10   and is clearly overly broad.

11        Defendant explained this to Plaintiff during the meet and confer process. Plaintiff did not

12   provide any additional response and likewise does not provide a response to this reasoning in this

13   Motion. As such, Defendant stands by the reasoning set forth above. In light of the

14   announcement emails that have already been produced, all other documents encompassed by this

15   request are clearly aimed at seeking information that is proprietary and confidential.

16   **D.     McGrath Should Not Be Compelled To Testify Regarding His Compensation.**

17        **1.     Defendants' Objections Are Valid And Should Be Upheld.**

18        Documents related to McGrath's compensation at All Risks have already been produced –

19   with only the amount of the compensation and duration of contract redacted. Plaintiff is not

20   entitled to any additional information (i.e., the specific amount McGrath is being paid at All

21   Risks). Information regarding the compensation received by an employee is private to the

22   employee and confidential, and proprietary to the employer offering these compensations. Courts

23   are clear that "[p]ersonal financial information comes within the zone of privacy protected by

24   Article 1, Section 1 of the California Constitution." *Moskowitz v. Superior Court of Los Angeles*

25   (1982) 137 Cal.App.3d 313, 315-316 *citing Valley Bank of Nevada v. Superior Court* (1975) 15

26   Cal.3d 652, 656. Though this right is not absolute, it is likewise clear that "an invasion of the

27   right of privacy 'must be drawn with narrow specificity' and is permitted only to the extent

28   necessary for a fair resolution of the lawsuit. *Id.* at 316, *citing Britt v. Superior Court* (1978) 20

14

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Cal.3d 844, 856, 859.

2        Even counsel for Plaintiff agrees that such information is private and confidential.  In light

3    of the objections set forth by Plaintiff's counsel regarding even less specific compensation

4    information at Mr. Hargrove's deposition, it is disingenuous of Plaintiff to turn a corner and now

5    argue that even more specific information is not confidential, proprietary, or private.

6

7        Q.  Okay.  So in regards to Mr. Binkelman -- and I'm

8    not asking you for the dollar amount, but was he -- when he

9    was hired at Crump, was his compensation based on a

10   percentage of revenue that he was gonna generate for that

11   first year at Crump?

12   MR. ASKANAS:  I'm gonna object and instruct

13   you not to answer the question.  That's proprietary information.

14   MS. RUTTER:  You're instructing him not to

15   answer on the grounds of proprietary?

16   MR. ASKANAS:  Confidential proprietary trade

17   secret information, yes.

18   MS. RUTTER:  Is there any other grounds?

19   MR. ASKANAS:  That's all I can think of right

20   now.

21   MS. RUTTER:  Privacy?  Are you objecting on

22   the grounds of privacy and proprietary?

23   MR. ASKANAS:  If you think I should add

24   privacy to that litany, I certainly will.

25   MS. RUTTER:  Okay.

26   (Williams Decl. ¶ 14 and Ex. K.)  Defendant's objections to protect McGrath's privacy are valid

27   and Defendant should not be compelled to testify further with regard to his compensation.

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

1        **2.**      **Plaintiff Has Already Moved To Compel This Information Via Another**
                                     **Motion Concurrently Pending Before This Court.**

2

3        Additionally, this Motion is burdensome and harassing in light of the fact that Plaintiff has

4  already moved this Court to compel documents where McGrath's compensation is listed to be

5  unredacted. This present Motion is Plaintiff's second bite at a rotten apple.

6  **E.**     **Defendants Should Not Be Compelled To Produce Documents Covered By The**
            **Attorney Client Privilege Or Protected By Individuals' Privacy Rights.**

7        **1.**      **Plaintiff Has Cited No Legal Authority Requiring Defendants To Produce A**
                                     **Log Of Documents Withheld On The Basis Of Privacy.**

8

9        Plaintiff has set forth no legal authority as to why Defendants' assertion of privacy should

10  be waived. In mid-June, after Defendants first received the request for a privacy log, Defendants

11  agreed to produce one. Defendants informed Plaintiff on June 23, 2008 that the only documents

12  withheld based on privacy were documents related to compensation agreements. Nonetheless,

13  Plaintiff filed this Motion shortly thereafter. Nonetheless, in conjunction with this Opposition,

14  Defendants now produce a Privacy Log.

15        Plaintiff's attempt to use a Motion to Compel the production of documents withheld on

16  privacy based on Defendant's failure to instantaneously provide a document that it has already

17  agreed to produce is absurd and should be disregarded by this Court.

18        **2.**      **Plaintiff Has Set Forth No Legal Authority To Override the Attorney-Client**
                                     **Privilege.**

19        The right to maintain confidentiality as to attorney-client privileged documents is a valued

20  one and one that cannot be easily overridden. *Amco Ins. Co. v. Madera Quality Nut LLC*, 2006

21  U.S. Dist. LEXIS 21205, *City & County of San Francisco v. Sup. Ct.* (1951) 37 Cal.2d 227, 235;

22  *Shannon v. Sup. Ct.* (1990) 217 Cal.App. 3d 986, 995. Plaintiff has not set forth any legal

23  authority as to why the documents are not subject to the attorney-client privilege nor why this

24  most important privilege should be overridden. Based on this alone, this request should be

25  denied.

26        Moreover, Defendants have never attempted to "manipulate the discovery process." In

27  their meet and confer efforts, counsel for Defendants conveyed, upon her belief, that no

28

16

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  documents had been withheld based on the attorney-client and/or attorney-client work product

2  privileges. In reviewing the documents that had been withheld based on the privacy rights of

3  individuals, counsel also realized that some of these documents were also protected by the

4  attorney-client and/or attorney work product privileges. Defendants acknowledged this in their

5  next letter to Plaintiff on June 23, 2008 and produced its Privileged Log on June 25, 2008.

6  Plaintiff has suffered no prejudice and certainly not any prejudice so great as to override the

7  attorney-client privilege.

8          **3.     Plaintiff Rejected Defendants' Offer For Mutual Extension Of Time To Bring**

9                 **Motions To Compel.**

10        Moreover, Plaintiff's assertion that Defendants have somehow waited until the last minute

11  to respond to Plaintiff and produce documents so that no meet and confer time would be available

12  is simply ridiculous given the fact that Defendant twice offered a mutual extension of time for

13  parties to file these motions and was twice ignored.

14  **F.    McGrath, Marty And Cortezi Should Not Be Compelled To Appear For Additional**

15        **Depositions.**

16        Based on the foregoing, McGrath, Marty, and Cortezi should not be compelled to appear

17  for further depositions. Crump had its opportunity to raise these issues with Court prior to their

18  scheduled depositions which have now concluded. Plaintiff chose not to properly and timely

19  raise these issues with the court. Further, the information sought by the documents requests is not

20  relevant to this matter and seeks confidential, proprietary information and to likewise invade the

21  privacy rights of McGrath, Marty and Cortezi.

22

23                     **IV.    CONCLUSION**

24        For the foregoing reasons, Defendants All Risks and Michael McGrath respectfully

25  requests that this Court deny Plaintiff's motion to compel in its entirety.

26

27

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

1    Dated: July 16, 2008                              CURIALE DELLAVERSON HIRSCHFELD
                                                              & KRAEMER, LLP
2

3
                                                    By: _Kristen Y. Williams_
4                                                          Kristen L. Williams
                                                           Donna M. Rutter
5
                                                    Attorneys for Defendants
6                                                   MICHAEL P. McGRATH and ALL RISKS,
                                                    LTD.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFT'S MPAS ISO OPP TO PLT'S MOTION TO COMPEL TO RESPOND TO REQUESTS FOR
PRODUCTION NOS. 8-12; CASE NO.: C-07-4636MMC