1   STEPHEN J. HIRSCHFELD (SBN
    118068)shirschfeld@cdhklaw.com
2   DONNA M. RUTTER (SBN
    145704)drutter@cdhklaw.com
3   KRISTEN L. WILLIAMS (SBN
    232644)kwilliams@cdhklaw.com
4   CURIALE DELLAVERSON HIRSCHFELD
      & KRAEMER, LLP
5   727 Sansome Street
    San Francisco, CA  94111
6   Telephone:  (415) 835-9000
    Facsimile:  (415) 834-0443
7
    Attorneys for Defendants
8   MICHAEL P. McGRATH
    and ALL RISKS, LTD.
9

10              UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT

12

13  CRUMP INSURANCE SERVICES, INC.,      Case No.  C-07-4636 MMC

14              Plaintiff,               **DECLARATION OF KRISTEN L.
                                         WILLIAMS IN SUPPORT OF
15  vs.                                  DEFENDANTS' OPPOSITION TO
                                         PLAINTIFF'S MOTION TO COMPEL ALL
16  MICHAEL P. McGRATH, an individual,   RISKS, LTD. TO RESPOND TO
    ALL RISKS, LTD., a corporation, and  REQUESTS FOR PRODUCTION NOS. 13-
17  Does 1 through 50, inclusive,        17; (3) ALL RISKS TO PRODUCE ALL
                                         DOCUMENTS RESPONSIVE TO CRUMPS
18              Defendant.               REQUEST FOR PRODUCTION, SET
                                         TWO, NOS. 36-37; (4) MCGRATH TO
19                                       ANSWER DEPOSITION QUESTIONS
                                         REGARDING HIS COMPENSATION AT
20                                       ALL RISKS; (5) MCGRATH AND ALL
                                         RISKS TO PRODUCE ANY DOCUMENTS
21                                       WITHHELD ON THE GROUNDS OF
                                         PRIVACY OR ATTORNEY-CLIENT
22                                       PRIVILEGE; AND (6) MCGRATH,
                                         MARTY, AND CORTEZI TO ANSWER
23                                       QUESTIONS AT FURTHER
                                         DEPOSITIONS REGARDING THE
24                                       DOCUMENTS AND INFORMATION**

25                                       **Date:  August 6, 2008
                                         Time:  9:30 a.m.**
26                                       **Magistrate Judge James Larson
                                         Courtroom:  F**
27

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECL. OF KRISTEN L. WILLIAMS ISO DEFENDANTS' OPP. TO PLAINTIFF'S
MOTION TO COMPEL; CASE NO.:  C-07-4636 MMC                         4839-8530-9186

1    I, Kristen L. Williams, declare as follows:

2        1.    I am an attorney at law duly licensed to practice law before all courts of the State

3    of California. I am an associate in the law offices of Curiale Dellaverson Hirschfeld & Kraemer,

4    LLP, attorneys of record for attorneys of record for Defendants Michael McGrath and All Risks,

5    Ltd. in this action. I have personal knowledge of the facts stated herein and could testify

6    competently to them if called upon to do so.

7        2.    Plaintiff Crump filed suit against both McGrath and All Risks on August 31,

8    2007, claiming that, upon his resignation, Defendant Michael McGrath (1) breached the terms of

9    a 1996 Memorandum of Understanding with Crump and (2) breached his fiduciary duty to

10   Crump. Crump also alleges that both McGrath and Defendant All Risks (1) misappropriated

11   trade secrets; (2) intentionally interfered with its prospective advantage with regard to its clients;

12   (3) negligently interfered with its prospective advantage with regard to its clients; (4)

13   intentionally interfered with its prospective advantage with regard to its employees; and (5)

14   negligently interfered with its prospective advantage with regard to its employees. Attached as

15   Exhibit A is a true and correct copy of Plaintiff's Complaint.

16       3.    On January 3, 2008, Plaintiff propounded Request for Production of Documents

17   on Defendant All Risks. (Williams Decl. ¶3 and Exhibit B.) Defendant All Risks responded to

18   these on February 13, 2008. (Williams Decl. ¶3 and Exhibit C.)

19       4.    On February 29, 2008 – more than four months ago – Plaintiff's counsel, Fulbright

20   and Jaworski, sent Defendant a letter requesting to meet and confer with regard to various

21   responses by Defendant All Risks. (Williams Decl. ¶4 and Exhibit D.)

22       5.    On March 19, 2008, counsel for Plaintiff and Defendant engaged in a lengthy

23   teleconference regarding Defendant's Responses to Request for Production of Documents,

24   including all Requests that are at issue in this Motion. Defendants All Risks and McGrath

25   articulated their respective positions with regard to these requests, as articulated below for the

26   Court, and did not agree to produce any additional documents. Crump did not challenge All

27   Risks or McGrath and no further communications were had regarding All Risk's Responses to

28   Requests for Production Nos. 8-12 and McGrath's Responses to Request for Production Nos. 13-

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

1    17.

2        6.    Plaintiff's own employees, however, have testified that most retailers would

3    generally provide "submissions" to the broker providing information such as policy expiration

4    dates, premiums, terms and conditions of the policy and financial information. Attached as

5    Exhibit E is a true and correct copy of pertinent portions of Rick McDonough's deposition taken

6    on June 20, 2008. Attached as Exhibit F is a true and correct copy of pertinent portions of Peter

7    Scott's deposition taken on April 4, 2008.

8        7.    On May 13, 2008, Plaintiff propounded Requests for Production, Set Two on

9    Defendant All Risks, including Requests for Production Nos. 36 and 37 which seek all

10   communications between McGrath and two retailers. Defendant All Risks responded to these

11   requests on June 12, 2008. Attached as Exhibit G is a true and correct copy of Plaintiff's Request

12   for Production to All Risks, Set Two. Attached as Exhibit H is a true and correct copy of

13   Defendant All Risks' Responses to Plaintiff's Request for Production to All Risks, Set Two.

14       8.    On June 20, 2008, Plaintiff's initiated meet and confer efforts with Defendant with

15   regard to Defendant's Responses to Request for Production Nos. 36 and 37.   Attached as Exhibit

16   I is a true and correct copy of Plaintiff's letter of June 20, 2008.

17       9.    Defendant responded on June 23, 2008. Plaintiff did not challenge this response.

18   Attached as Exhibit J is a true and correct copy of Defendant's letter of June 23, 2008.

19       10.   Plaintiff deposed McGrath on April 30, 2008. Plaintiff was asked about his

20   compensation and was instructed not to answer based on his right of privacy. Plaintiff did not

21   move to compel on answer following the deposition.

22       11.   On June 2, 2008, Plaintiff's counsel spoke with Defendants' counsel and it was

23   agreed that the second day of McGrath's deposition would go forward on June 10.  An amended

24   notice of deposition was sent on June 6, 2008, confirming the June 10th date.  Plaintiff did not

25   make any attempt to meet and confer with regard to testimony regarding compensation

26   information in conjunction with scheduling the continued deposition or serving the amended

27   deposition notice.

28       12.   Plaintiff substituted counsel on June 6, 2008 and is currently being represented by

3

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    the law offices of Jackson Lewis, LLP.  Likewise, Plaintiff's new counsel did not make any

2    attempt to meet and confer with regard to testimony regarding compensation information prior to

3    McGrath's continued deposition.

4         13.    Plaintiff did not bring any Motion before this Court regarding this testimony until

5    the present Motion – filed nearly two months after the date McGrath was instructed not to answer

6    questions related to compensation.

7         14.    On June 17, 2008, during the deposition of former Crump president Glenn

8    Hargrove, the deponent was asked general information regarding the compensation of a current

9    employee of Plaintiff who was in a similar position as Defendant McGrath.  Specifically, the

10   deponent was instructed that Defendant was "not asking you for a dollar amount" but only wanted

11   to know whether his compensation was based on what revenue he generated during his first year

12   of employment with Plaintiff.  Plaintiff's counsel objected to the question on the bases of

13   "confidential proprietary trade secret information" and "privacy."  Attached as Exhibit K is a true

14   and correct copy of the deposition of Glenn Hargrove taken in June 17, 2008.

15        15.    Seven days later Plaintiff filed this Motion.

16        16.    On June 18, 2008, Plaintiff filed a Motion To Compel Responses to All Risks'

17   Requests for Production.  Part of this Motion is the request for documents that are presently

18   redacted as to compensation information as to McGrath to be unredacted and that McGrath be

19   required to be deposed further as to these documents.  This Motion is currently pending before

20   this Court.

21        17.    Documents in response to Plaintiff's Request for Production, Set One to All Risks

22   and McGrath were originally produced to Plaintiff on March 25, 2008.  Until on or about June 10,

23   2008, Plaintiff never requested a log of documents withheld based on privacy. Defendants agreed

24   to produce the log and also informed Plaintiff that the category of documents withheld based on

25   privacy was documents related to compensation agreements. Nonetheless, on June 24, 2008,

26   Plaintiff filed this instant Motion. Defendants are producing the log related to privacy with its

27   Opposition to this Motion.  Attached as Exhibit L is a true and correct copy of Defendants'

28   Privacy Log.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1      18.    In its meet and confer efforts, counsel for I conveyed, upon my belief, that no

2   documents had been withheld based on the attorney-client and/or attorney-client work product

3   privileges. In subsequently reviewing the documents that had been withheld based on the privacy

4   rights of individuals, I realized that some of these documents had been withheld and were also

5   protected by the attorney-client and/or attorney work product privileges. Defendants

6   acknowledged this in their next letter to Plaintiff on June 23, 2008 and produced its Privileged

7   Log two days later on June 25, 2008. Attached as Exhibit M is a true and correct copy of the

8   letter sent by Defendants on June 25, 2008 enclosing its Privileged Log.

9      19.    On June 6, 2008 – more than three months after receiving Defendant's responses

10   and two and a half months after meet and confer efforts concluded – Plaintiff began to raise issues

11   as to the document responses that the parties had previously met and conferred on in good faith.

12   In fact, twelve court days shy of the discovery cut-off date, Plaintiff began engaging in a scorched

13   earth approach to meeting and conferring regarding discovery. Indeed, within the next two plus

14   weeks of the *nine and a half month discovery period*, Plaintiff sent twenty pages of "meet and

15   confer" letters to Defendant seeking immediate responses.

16      20.    Despite having already met and conferred with regard to many of these responses

17   months previously, Defendant nonetheless once again met and conferred with Plaintiff.

20      I declare under penalty of perjury under the laws of the State of California that the

21   foregoing is true and correct. Executed this 16th day of July, 2008, in San Francisco, California.

Kristen L. Williams

DECL. OF KRISTEN L. WILLIAMS ISO DEFENDANTS' OPP. TO PLAINTIFF'S
MOTION TO COMPEL; CASE NO.: C-07-4636 MMC

# EXHIBIT A

**FULBRIGHT & JAWORSKI L.L.P.**
DOUGLAS W. STERN (BAR NO. 82973)
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494

Attorneys for Plaintiff CRUMP INSURANCE
SERVICES, INC. a Texas Corporation

ENDORSED
F I L E D
San Francisco County Superior Co..

AUG 3 1 2007

GORDON PARK-LI, Clerk
Wy _____ JUN R. LANEI O

CASE MANAGEMENT CONFERENCE SET

FEB 0 1 2008 -9ᵃᵐAM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

CRUMP INSURANCE SERVICES, INC. a
Texas Corporation,

           Plaintiff,

    v.

MICHAEL P. MCGRATH, an individual, ALL
RISKS, LTD. a corporation, and Does 1 through
50, inclusive,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **CGC-07-466804**

[Unlimited Civil Complaint]

Assigned For All Purposes To The
Honorable

**COMPLAINT FOR DAMAGES FOR:**

**(1) BREACH OF CONTRACT;**
**(2) MISAPPROPRIATION OF**
**TRADE SECRETS;**
**(3) BREACH OF FIDUCIARY**
**DUTY;**
**(4) INTENTIONAL**
**INTERFERENCE WITH**
**PROSPECTIVE ECONOMIC**
**ADVANTAGE (CLIENTS);**
**(5) NEGLIGENT INTERFERENCE**
**WITH PROSPECTIVE ECONOMIC**
**ADVANTAGE (CLIENT);**
**(6) INTENTIONAL**
**INTERFERENCE WITH**
**PROSPECTIVE ADVANTAGE**
**(EMPLOYEES);**
**(7) NEGLIGENT INTERFERENCE**
**WITH PROSPECTIVE ECONOMIC**
**ADVANTAGE (EMPLOYEES)**

31369348.3

- 1 -

DOCUMENT PREPARED
ON RECYCLED PAPER

1      Plaintiff Crump Insurance Services, Inc., as successor to Crump E&S of San Francisco

2  Insurance Services, Inc. alleges as follows:

3                                                I.

4                                      **THE PARTIES**

5      1.      Plaintiff Crump Insurance Services, Inc. ("Crump") is a corporation organized and

6  existing under the laws of the State of Texas, with its principle place of business located in

7  Dallas, Texas. Crump is the successor in interest to Crump E&S of San Francisco Insurance

8  Services, Inc. Plaintiff is engaged as an intermediary in the business of providing insurance to

9  customers.

10      2.      At all times material hereto Plaintiff was qualified to do business in the State of

11  California.

12      3.      Defendant Michael P. McGrath ("McGrath") is an individual residing in the State

13  of California, City of Novato.

14      4.      Plaintiff is informed and believes, and on that basis alleges that Defendant All

15  Risks, Ltd. ("All Risks") is a corporation believed to exist under the laws of the State of

16  Maryland, with its principal place of business located in Hunt Valley, Maryland. Defendant All

17  Risks is a competitor of Plaintiff in the insurance business.

18      5.      Plaintiff is ignorant of the true names and capacities of those individuals and

19  entities sued herein as Doe Defendants 1 through 50, inclusive. Plaintiff will amend this

20  Complaint to set forth their true names and capacities at such time as they are ascertained.

21      6.      Plaintiff is informed and believes, and on that basis alleges that those defendants

22  sued herein as Does 1 through 50, inclusive, participated in the wrongs alleged herein, in various

23  capacities and are liable to Plaintiff for the claims asserted herein.

24                                              II.

25                                  **BACKGROUND FACTS**

26      7.      On or about June 7, 1996, Defendant Michael P. McGrath entered into a written

27  contract titled "Memorandum of Agreement" with Crump E&S of San Francisco Insurance

28  Services, Inc. Plaintiff Crump Insurance Services, Inc. is the successor in interest to Crump E&S

DOCUMENT PREPARED
ON RECYCLED PAPER

COMPLAINT

1    of San Francisco Insurance Services, Inc.  A true and correct copy of the Memorandum of

2    Agreement is attached hereto as Exhibit 1.

3    8.    Since the original Memorandum of Agreement was entered into in 1996, the

4    parties thereto have executed extensions of the Memorandum of Agreement.  On or about April

5    30, 2007, Plaintiff and McGrath executed the "Broker Compensation Agreement."  The Broker

6    Compensation Agreement, effective January 1, 2007, extended the terms of the Memorandum of

7    Agreement.

8    9.    Pursuant to the June 7, 1996 Memorandum of Agreement, McGrath agreed to a

9    number of terms which he has violated as alleged more particularly below.

10    10.    Pursuant to paragraph 10 of the June 7, 1996 Memorandum of Agreement,

11    McGrath agreed that in the course of his employment, he would obtain confidential information

12    belonging to Crump.  This information would relate to the persons, firms, and corporations which

13    were, or would become, customers of Crump.  Such confidential information would include, but

14    not be limited to, the names of customers, policy expirations dates, policy terms, conditions and

15    rates, and familiarity with customers' risks.  Defendant McGrath agreed that he would not

16    disclose or make use of such confidential information, except as was required in the course of his

17    employment.  He further agreed that upon termination of his employment, and for a period of one

18    year thereafter, he would not disclose or make use of such confidential information without the

19    prior written consent of Crump.

20    11.    Pursuant to paragraph 11 the June 7, 1996 of the Memorandum of Agreement,

21    McGrath agreed that all records, files, manuals, lists of customers, blanks, forms, materials,

22    supplies, computer programs and other materials furnished to him by Crump would remain the

23    property of Crump.  He further acknowledged that this property was confidential and not readily

24    accessible to Crump's competitors.  Upon termination of the employment relationship, McGrath

25    agreed that he would immediately deliver to Crump or its authorized representatives all such

26    property, including copies.

27    12.    Pursuant to paragraph 13 of the Memorandum of Agreement, McGrath agreed that

28    so long as he working for Crump, he would not engage in business activities competitive with the

1   work he performed for Crump.

2        13.    McGrath further agreed pursuant to paragraph 14 of the Memorandum of

3   Agreement, that he would not solicit employees of Crump for any other competitive company.

4        14.    McGrath also agreed pursuant to paragraph 16 of the Memorandum of Agreement

5   that he would provide 15 days prior written notice to Crump should he wish to terminate his

6   position as an employee of Crump.

7        15.    At some time prior to June 3, 2007, McGrath negotiated with Defendant All Risks

8   to cease being an employee of Plaintiff Crump and instead to become an employee of All Risks.

9   At some time prior to June 3, 2007, McGrath decided that he would terminate his employment

10  with Crump and begin employment with All Risks.

11       16.    Prior to June 3, 2007, Defendant McGrath decided that he would take advantage of

12  the proprietary information of Crump and use such information to the advantage of himself and

13  his new employer, All Risks.

14       17.    On or about May 31, 2007, after having decided that he would be leaving Plaintiff

15  Crump, and that he would be working for Defendant All Risks, Defendant McGrath, in violation

16  of the terms of this contract, and his obligations to Plaintiff, obtained information from Plaintiff

17  on expiration dates of policies, commissions, and customer renewal information.  This

18  information was proprietary and confidential and of significant economic value to Plaintiff, and

19  would similarly have significant economic value to Defendant All Risks.

20       18.    On or about June 3, 2007, without complying with the minimum 15 days written

21  notice provision set forth in the Memorandum of Agreement, paragraph 16, McGrath abruptly

22  notified Crump that he was terminating his employment with Crump and immediately

23  commencing employment with a competitor, Defendant All Risks.

24       19.    Since June 4, 2007, Defendant McGrath has been an employee of Defendant All

25  Risk and has engaged in the conduct alleged herein below.

26

27

28

1                                        III.

2                         FIRST CAUSE OF ACTION

3                 [Breach of Contract – Against Defendant McGrath]

4        20.    Crump incorporates by reference herein the allegations of paragraph 1 through 19

5    above.

6        21.    Pursuant to the express terms of the June 7, 1996 Memorandum of Agreement, as

7    renewed at various times through and including January 1, 2007, McGrath had agreed to those

8    express obligations noted above in paragraphs 10 through 14 with respect to the utilization of

9    confidential information belonging to Crump.

10       22.    Plaintiff is informed and believes, and on that basis alleges that McGrath breached

11   a number of provisions of the June 7, 1996 Memorandum of Agreement, including but not limited

12   to paragraph 10, paragraph 11, paragraph 13, paragraph 14, and paragraph 16 thereof.

13       23.    In particular, McGrath improperly and unlawfully misappropriated and used

14   confidential information belonging to Crump.  Plaintiff is informed and believes, and on that

15   basis alleges that that this information included the identity of persons, firms and corporations

16   which had become customers or accounts of Crump.

17       24.    Plaintiff is informed and believes, and on that basis alleges that that the

18   information used by McGrath also included the source with which the insurance was placed, as

19   well as the names of customers, policy expiration dates, policy terms, conditions and rates and

20   familiarity with the customers' risk, all of which were agreed constituted confidential information

21   belonging to Crump.

22       25.    At no time did Crump give its written consent to McGrath to utilize any of the

23   confidential information.

24       26.    Plaintiff is informed and believes, and on that basis alleges that McGrath disclosed

25   to his new employer, All Risks, the confidential information which belonged to Crump.

26       27.    McGrath breached the June 7, 1996 Memorandum of Agreement in that he

27   improperly and unlawfully took for his own use, and the use of his new employer, All Risks,

28   records, files and lists as well as other materials which had been furnished to him as a Crump

1    employee. Plaintiff is informed and believes, and on that basis alleges that that such information

2    included confidential information belonging to Crump.

3        28.    Plaintiff is informed and believes, and on that basis alleges that Defendant

4    McGrath obtained and has used electronic versions of confidential information of Crump.

5        29.    Plaintiff is informed and believes, and on that basis alleges that while still under

6    the employ of Crump, Defendant McGrath engaged in business activities which were competitive

7    with the work he performed at Crump, in violation of his obligations to Crump.

8        30.    Plaintiff is informed and believes, and on that basis alleges that while still an

9    employee of Crump, Defendant solicited Crump employees to cease their employment with

10   Crump, and instead commence employment with McGrath's new employer, All Risks.

11       31.    Notwithstanding the fact that McGrath had agreed that he would provide 15 days

12   prior written notice to Crump should he wish to terminate the June 7, 1996 Memorandum of

13   Agreement, Crump breached such provision and failed to provide timely written notice of his

14   intent to terminate the relationship.

15       32.    Plaintiff has performed each and every obligation imposed on it by the contract of

16   the parties in accordance with the terms thereof, except to the extent that such performance was

17   excused or prevented by the acts of defendant.

18       33.    Plaintiff has been damaged by the various breaches of contract of McGrath in an

19   amount which has not yet been ascertained. Plaintiff will seek leave of this Court to state the

20   amount of its damages at such time as they are ascertained.

21                                    IV.

22                       **SECOND CAUSE OF ACTION**

23                   [Misappropriation Of Trade Secrets –

24         **Against Defendants McGrath, All Risks and Does 1-50.]**

25       34.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

26   33 above.

27       35.    During the course of his employment, Defendant McGrath had access to, and was

28   provided various trade secrets which belonged to Plaintiff. These include, *inter alia*, client lists,

DOCUMENT PREPARED
ON RECYCLED PAPER

COMPLAINT

1    expiration lists, underlying client information, and information regarding co-employees.

2         36.    The information provided to Defendant McGrath was provided to him so that he

3    could perform his duties and obligations as an employee of Plaintiff. The information made

4    known to Defendant McGrath constituted trade secrets within the meaning of California Civil

5    Code Section 3426 *et seq.*

6         37.    The information made known to Defendant McGrath had independent economic

7    value and was not generally known to the public or to other persons who could obtain economic

8    value from its disclosure or use.

9         38.    At all times material hereto, Plaintiff took reasonable and appropriate efforts to

10   maintain the secrecy of its trade secrets.

11        39.    Plaintiff is informed and believes, and on that basis alleges Defendants McGrath,

12   All Risks and Does 1-50 made use of the trade secrets of Plaintiff. Further, Defendants All Risks

13   and Does 1-50 obtained economic benefit by the use of the Plaintiff's trade secret.

14        40.    Defendants have been unjustly enriched in that they have obtained the economic

15   value of the trade secrets of Plaintiff.

16        41.    Plaintiff is informed and believes, and on that basis alleges that Defendants actions

17   were willful and malicious in misappropriating the trade secrets of Plaintiff, such that exemplary

18   damages may be awarded pursuant to Civil Code Section 3426.3.

19        42.    Plaintiff has been damaged in an amount which is not presently known to Plaintiff.

20   Plaintiff will amend this Complaint to set forth the amount of damages it sustained at such time as

21   that amount is ascertained.

22                                    V.

23                          **THIRD CAUSE OF ACTION**

24             [**Breach Of Fiduciary Duty – Against Defendant McGrath**]

25        43.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

26   42 above.

27        44.    Defendant McGrath was a fiduciary of Plaintiff as a result of the position he held

28   and with respect to the information provided to him such as client lists, expiration lists,

1    underlying client information, and information relating to employees of Plaintiff.

2        45.    Defendant McGrath was obligated as a fiduciary to make use of the information

3    provided to him solely in performing his obligation to Plaintiff.

4        46.    Defendant McGrath breached his fiduciary duty to Plaintiff by, *inter alia*,

5    supplying to a competitor, All Risks, the information identified hereinabove, and making use of

6    that information to obtain form All Risk the benefits of that information and the business it

7    generated.

8        47.    Defendant McGrath breached his fiduciary duty to Plaintiff by using the

9    information relating to employees of Plaintiff in order to solicit such employees to leave Plaintiff

10   Crump and to join Defendant All Risks.

11       48.    As a result of the breach of fiduciary duty, Plaintiff has been damaged in an

12   amount not yet ascertained.  Plaintiff will amend this Complaint to set forth such amount when

13   the amount has been ascertained.

14       49.    The conduct of Defendant McGrath was undertaken with malice and oppression

15   with the desire to harm Plaintiff such that Plaintiff is entitled to the award of punitive damages

16   from Defendant McGrath.

17                                         VI.

18                          **FOURTH CAUSE OF ACTION**

19   **[Intentional Interference With Prospective Economic Advantage (Clients) – Against**

20                **Defendants McGrath and All Risks and Does 1-50]**

21       50.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22   49 above.

23       51.    Plaintiff has a prospective economic advantage with respect to those of its

24   customer known to McGrath, to whom Plaintiff had provided insurance services.

25       52.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

26   Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

27   advantage with respect to Plaintiff's clients who were known to Defendant McGrath.  This

28   prospective economic advantage was derived from, in part, the confidential information of

1    Crump.

2        53.    Plaintiff had a reasonable expectation and likelihood that it would continue to

3    obtain the economic advantage arising from its preexisting relationships between Plaintiff and its

4    clients who were serviced or otherwise known to Defendant McGrath. Absent the conduct of

5    Defendants alleged herein, the economic relationship would have continued.

6        54.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

7    Risks and Does 1-50 intended to interfere with that prospective economic advantage and did so

8    by making use of the confidential information provided to it by Defendant McGrath.

9        55.    The actions of Defendants actually caused the disruption of the economic

10    relationship between Plaintiff and some of its customers who were known to Defendant McGrath.

11        56.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

12    ascertained. Plaintiff will seek leave to amend this Complaint at such time as the amount of

13    damages are ascertained.

14        57.    The conduct of Defendant All Risks and Does 1-50 was undertaken with malice

15    and oppression with the desire to harm Plaintiff such that Plaintiff is entitled to the award of

16    punitive damages from Defendant All Risks.

17                                    VII.

18                        **FIFTH CAUSE OF ACTION**

19    [Negligent Interference With Prospective Economic Advantage (Clients) – Against

20                Defendants McGrath and All Risks and Does 1-50]

21        58.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22    49 above.

23        59.    Plaintiff has a prospective economic advantage with respect to those of its

24    customer known to McGrath, to whom Plaintiff had provided insurance services.

25        60.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

26    Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

27    advantage with respect to Plaintiff's clients who were known to Defendant McGrath. This

28    prospective economic advantage was derived from, in part, the confidential information of

1   Crump.

2       61.     Plaintiff had a reasonable expectation and likelihood that it would continue to

3   obtain the economic advantage arising from its preexisting relationships between Plaintiff and its

4   clients who were serviced or otherwise known to Defendant McGrath.  Absent the conduct of

5   Defendants alleged herein, the economic relationship would have continued.

6       62.     Plaintiff is informed and believes, and on that basis alleges that Defendant All

7   Risks and Does 1-50 knew that if they did not act with reasonable care, their conduct would

8   interfere with the prospective economic advantage.

9       63.     Defendants did not act with due care, but instead acted negligently in that they did

10  not take appropriate steps to insure that Defendant McGrath did not misuse the proprietary

11  information of Crump by McGrath.

12      64.     The actions of Defendants actually caused the disruption of the economic

13  relationship between Plaintiff and some of its customers who were known to Defendant McGrath.

14      65.     As a result of that conduct, Plaintiff has been damaged in an amount not yet

15  ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

16  damages are ascertained.

17                                      VIII.

18                          SIXTH CAUSE OF ACTION

19   [Intentional Interference With Prospective Economic Advantage (Employees) – Against

20                  Defendants McGrath and All Risks and Does 1-50]

21      66.     Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22  49 above.

23      67.     Plaintiff is informed and believes, and on that basis alleges that Defendant All

24  Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

25  advantage with respect to its employees who were known to Defendant McGrath.

26      68.     Plaintiff had a reasonable expectation and likelihood that it would continue to

27  obtain the economic benefits provided by those employees, arising from its preexisting

28  employment relationships.

1    69.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

2    Risks and Does 1-50 intended to interfere with that prospective economic relationship existing

3    with Plaintiff's employees, and did so by making use of the confidential information provided to

4    it by Defendant McGrath with regard to such employees.

5    70.    Plaintiff is informed and believes, and on that basis alleges that as a result of the

6    actions of Defendants, the employees were induced to terminate their employment with Plaintiff

7    and commence employment with Defendant All Risks.

8    71.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

9    ascertained. Plaintiff will seek leave to amend this Complaint at such time as the amount of

10   damages are ascertained.

11   72.    The conduct of Defendant All Risks and Does 1-50 was undertaken with malice

12   and oppression with the desire to harm Plaintiff such that Plaintiff is entitled to the award of

13   punitive damages from Defendant All Risks.

14                                    IX.

15                        SEVENTH CAUSE OF ACTION

16   [Negligent Interference With Prospective Economic Advantage (Employees) – Against

17               Defendants McGrath and All Risks and Does 1-50]

18   73.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

19   49 above.

20   74.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

21   Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

22   advantage with respect to its employees who were known to Defendant McGrath.

23   75.    Plaintiff had a reasonable expectation and likelihood that it would continue to

24   obtain the economic benefits provided by those employees, arising from its preexisting

25   employment relationships.

26   76.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

27   Risks and Does 1-50 knew that if they did not exercise due care, that their conduct would

28   interfere with that prospective economic relationship existing with Plaintiff's employees,

1    77.    Defendants acted negligently in that they did not take appropriate steps to insure

2    that no improper use of Plaintiff's proprietary information about its employees was use in order to

3    seek to induce such employees to terminate their relationship with Plaintiff.  Instead, confidential

4    information provided to Defendant All Risks by Defendant McGrath with regard to such

5    employees was used.

6    78.    Plaintiff is informed and believes, and on that basis alleges that as a result of the

7    actions of Defendants, the employees were induced to terminate their employment with Plaintiff

8    and commence employment with Defendant All Risks.

9    79.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

10    ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

11    damages are ascertained.

12    WHEREFORE, Plaintiff prays for judgment as follows:

13    1.    For damages according to proof;

14    2.    For punitive damages;

15    3.    For appropriate injunctive relief preventing the use by Defendants of Plaintiffs

16    proprietary information;

17    4.    For costs of suit herein;

18    5.    For such other and further relief as the Court deems just and proper.

19

20    Dated: August 30, 2007                    FULBRIGHT & JAWORSKI L.L.P.
                                               DOUGLAS W. STERN

21

22                                             By

23                                             DOUGLAS W. STERN
                                               Attorneys for Plaintiff CRUMP INSURANCE

24                                             SERVICES, INC.

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

# EXHIBIT 1

## MEMORANDUM OF AGREEMENT

MEMORANDUM OF AGREEMENT dated _June 7_ , 1996 between Crump B&S of San Francisco Insurance Services, Inc., a California Corporation (hereinafter "Crump"), and Michael P. McGrath (hereinafter "Employee").

### INTRODUCTION

This Agreement is intended to set forth the terms and conditions of the employment relationship between Crump and Employee. This relationship is based on the agreement and understanding of the parties that Crump is the owner of the Crump Business relating to Crump Customers as these terms are used below, and that these customers comprise a substantial part of the goodwill of Crump. To protect the business and goodwill of Crump and the confidential information belonging to Crump, the parties have agreed to certain limitations on competition and disclosure of confidential information following termination of employment. Such limitations relate solely to Crump Business and Crump Customers, however, and are intended to permit Employee to remain in the insurance and brokerage business, if he so desires.

### AGREEMENTS

Crump and Employee agree as follows:

1.    **EMPLOYMENT COMPENSATION** - Crump agrees to employ Employee to solicit, place, and service property or casualty business, during the term of the Agreement and to pay Employee a base salary of $125,000 per year, with future adjustments in accordance with Crump base salary guidelines. Base salary shall be payable in accordance with Crump regular payroll procedures, and may be changed only by written agreement of the parties.

2.    **PERFORMANCE BY EMPLOYEE** - Employee agrees to devote his entire business time and effort to furtherance of the business of Crump and to perform faithfully to the best of his ability all assignments of work given to him by Crump.

3.    **TERM** - The term of this Agreement shall commence as of the date of this Agreement and shall continue through December 31, 1997, at which time this Agreement will be extended automatically to June 30, 1999, if the combined Net Retained Revenue of Robert Lindner, Employee, and Paul Farbstein ("the Team") exceeds $1,500,000 for the time period July 1, 1996, through December 31, 1997. "Net Retained Revenue" shall be defined as brokerage actually received by Crump, less any return brokerage. This Agreement is at all times subject to earlier termination in accordance with paragraph 7 below.

1

4..    BONUS -

    a.    <u>Signing Bonus</u>.  Employee shall receive a one-time signing bonus of $75,000, payable with the first payroll check to be received by Employee.  This signing bonus shall be subject to repayment on a pro-rata basis should Employee leave the employment of Crump at his own election, or for any circumstance outlined in paragraph 7 below, prior to July 1, 1999.

    b.    <u>Annual Bonus</u>.  Employee shall participate in an annual bonus pool based on the Net Retained Revenue credited to the Team Employee's share of this annual bonus pool shall be determined each year by, and at the discretion of, Employee's immediate supervisor.

5.    BENEFITS - Employee shall be eligible to participate at the level of Vice President in any benefit plans and programs in effect from time to time and as amended by Crump, including annual leave entitlement established by Crump, including three weeks vacation which may be carried over from year to year.

6..    EXPENSES - Employee will receive reimbursement for all ordinary and necessary business expenses in accordance with Crump's management guide.  Employee shall receive an annual automobile allowance of $6,000, payable in equal semi-monthly installments with the Employee's regular payroll check, and shall also be reimbursed for office parking fees.

7.    TERMINATION - The term of this Agreement shall be as stated in Paragraph 3. <u>Term</u>. unless terminated by:

    a.    Employee's death or disability (disability, for the purpose of this Agreement, means the inability of Employee due to illness, accident or other physical or mental incapacity, to perform the duties and services provided for hereunder) for a period of ninety (90) consecutive days; or

    b.    Discharge of Employee for cause, which, as used herein, shall mean if Employee: (i) violates any provision of this Agreement; (ii) performs any act which in the judgment of the Crump causes or has the potential to cause harm, injury or damage of any sort to Crump; or (iii) refuses or fails to carry out a resolution of the Board of Directors of Crump, other than for reasons of death or disability as previously described; or

    c.    Conviction of Employee of a misdemeanor or felony; or

    d.    Dereliction of duty, evidenced by an unexplained or unexcused failure of Employee to attend work for a period of ten (10) consecutive work days.

    In the event of termination of this Agreement for any of the reasons set forth in this Paragraph 7, Crump shall be responsible to pay or to provide Employee (or the Employee's lawfully designated beneficiary or to Employee's estate in the event of death) only those portions of any compensation, and/or other benefits due up to and including the effective date of termination of the Agreement, except for those benefits which survive termination pursuant to law.

2



Regardless of the reason, cause or occasion for termination, the provisions of Paragraph 8, 10, 11, 12, 13, and 14 shall survive the termination of employment and shall be and remain valid, binding and enforceable after termination.

8.      **CRUMP BUSINESS** - All business and fees including insurance, bond, risk management, self-insurance and other services (collectively, the "Crump Business"), produced or transacted through the efforts of Employee shall be the sole property of Crump Group, Inc. (Crump Group, Inc. and its subsidiary corporations and departments, are herein referred to as "Crump Group"). Employee shall have no right to share in any commission or fee resulting from the conduct of such business other than as compensation referred to in paragraphs 1 and 4.

9.      **PREMIUMS AND COLLECTIONS** - Premiums, commissions or fees on the Crump Group Business produced or transacted through the efforts of Employee shall be invoiced to the customer or account by one of the subsidiaries of Crump Group. All checks or bank drafts received by Employee from any customer or account shall be made payable to such company, and all premium, commissions or fees shall be collected by Employee in the name of and on behalf of such company.

10.     **CONFIDENTIAL INFORMATION** - Employee acknowledges that, in the course of and as a result of his employment hereunder, he will become acquainted with confidential information belonging to Crump Group. This information relates to persons, firms, and corporations which are or become customers or accounts of Crump Group during the term of the Agreement ("Crump Customers"), and sources with which insurance is placed, including but not limited to, the names of customers, policy expiration dates, policy terms, conditions, and rates, familiarity with customer's risks. Employee agrees that during his employment hereunder he will not, without the written consent of Crump, disclose or make any use of such confidential information except as may be required in the course of his employment hereunder. Employee further agrees that upon termination hereunder, and for a period of one year thereafter, he will not disclose or make any use of such confidential information without the prior written consent of Crump.

3

11.    PROTECTION OF CRUMP PROPERTY - All records, files, manuals, lists of customers, blanks, forms materials, supplies, computer programs, and other materials furnished to the Employee by Crump Group shall be and remain the property of Crump Group. Employee shall be deemed the bailee thereof for the use and benefit of Crump and shall safely keep and preserve such property, expect as consumed in the normal business operation of Crump Group. Employee acknowledges that this property is confidential and is not readily accessible to Crump's competitors. Upon termination of employment hereunder, the Employee shall immediately deliver to Crump or its authorized representative all such property, including all copies, remaining in the Employee's possession or control.

12.    NONCOMPETITION FOR CERTAIN CRUMP CUSTOMERS - Upon termination of Employee's employment hereunder, Employee agrees that for a period of two years following such termination he will not, without the written consent of Crump, directly or indirectly, solicit insurance wholesale brokerage business for any Account, either personally or in collaboration with others. As used in this Paragraph 12, "Account" shall refer to those insurance or policies that were either: (i) carried on the books of Crump or any subsidiary of Crump Group at any time during the twelve-month period prior to Employee's termination and with respect to which Employee personally performed service or employment duties during the twelve-month period prior to Employee's termination; or (ii) those potential accounts of Crump or any subsidiary of Crump Group, with regard to which Employee personally worked to obtain, secure or develop during the twelve-month period prior to Employee's termination. As used in this Paragraph 12, "insurance wholesale brokerage business", is limited to the lines of insurance coverage and other services that: (i) Crump or any subsidiary of Crump Group placed or provided for such Account during the twelve-month period prior to Employee's termination or (ii) with regard to which Employee had personally done any work during the twelve-month period prior to Employee's termination in connection with any attempt or anticipated attempt by Crump or any subsidiary of Crump Group to provide or place.

13.    ORGANIZING COMPETITIVE BUSINESSES - Employee agrees that so long as he is working for Crump he will not engage in business activity competitive with work he performs for Crump.

14.    SOLICITING COMPANY EMPLOYEES - Employee agrees that he will not, for a period of one year following termination of employment with Crump, solicit any of Crump Group employees to work for any other competitive company.

15.    ENTIRE AGREEMENT, SEVERABILITY - This Agreement sets forth the entire agreement between the Employee and Crump, and supersedes any and all prior agreements and understandings with respect to such employment. If any term of this Agreement is rendered invalid or unenforceable by judicial, legislative or administrative action, the remaining provisions hereof shall remain in full force and effect and shall in no way be affected, impaired or invalidated.

16.    VOLUNTARY TERMINATION BY EMPLOYEE - This Agreement (other than paragraphs 10, 11, 12, 13, and 14 hereof) may be terminated by Employee upon fifteen (15) days prior written notice given to Crump, or by other written agreement signed by both parties.

4

17.    **INJUNCTIVE RELIEF** - This Agreement may be enforced by an injunction by any competent court enjoining and restraining any violation or threatened violation hereof without Crump being required to show any actual damage or to post any bond or other security.

18.    **NOTICES** - All notices and consents provided for herein and all legal process shall be validly given, made or served, it in writing and delivered personally or sent by United States certified or registered mail, postage pre-paid, return receipt requested,

If to Employer:

> Crump Insurance Services, Inc.
> 7557 Rambler Road, Suite 350
> Dallas, Texas 75231-4163
> ATTN: Marcus Payne

If to Employee:

> Michael P. McGrath
> 552 Danby Court
> Petaluma, California 94954

19.    **GOVERNING LAW** - This Agreement shall be construed in accordance with the laws of the State of California.

20.    **NO WAIVER** - No failure of Employee to exercise any right, power or privilege given to Crump under this Agreement or no failure to insist upon strict compliance by Employee with any agreement, covenant, warranty or other obligation under this Agreement or no custom or practice of the parties at variance with the terms hereof shall be construed as waiver or relinquishment of any right granted hereunder to Crump. Waiver by Crump of any particular default by Employee shall not affect or impair Crump's right, power or privilege in respect to any subsequent default of the same or of a different nature, nor shall any delay or omission of Crump to exercise any right, power or privilege arising from such default affect or impair Crump's right, power or privilege as to such default or any subsequent default.

21.    **ASSIGNMENT** - This Agreement shall not be assignable by Employee, but may, with the prior consent of Employee, be assigned by Crump to any of the subsidiaries of Crump Group, Inc. and shall be binding upon and inure to the benefit of Crump's successors and assigns.

22.    **BINDING NATURE OF AGREEMENT** - This Agreement shall inure to the benefit of and be binding upon and enforceable against the heirs, legal representatives and assigns of Employee and the successors and assigns of Crump.

5

IN WITNESS WHEREOF, the parties hereto by their duly authorized representatives have executed this Agreement as of the date first above written.

CRUMP E&S OF SAN FRANCISCO
INSURANCE SERVICES, INC.


By: _____
Its:    Sr. Vice President


By: _____
        Michael P. McGrath

6

8/31/07

**FULBRIGHT & JAWORSKI L.L.P.**
DOUGLAS W. STERN (BAR NO. 82973)
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494

Attorneys for Plaintiff CRUMP INSURANCE
SERVICES, INC. a Texas Corporation

**FILED**
San Francisco County Superior Cou...

AUG 3 1 2007

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

60170 -002

**CASE MANAGEMENT CONFERENCE SET**

FEB 0 1 2008 -9⁰⁰AM

**SUMMONS ISSUED**    **DEPARTMENT 212**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| CRUMP INSURANCE SERVICES, INC. a Texas Corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL P. MCGRATH, an individual, ALL RISKS, LTD. a corporation, and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. **CGC-07-466804**<br><br>[Unlimited Civil Complaint]<br><br>Assigned For All Purposes To The Honorable<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) BREACH OF CONTRACT;**<br>**(2) MISAPPROPRIATION OF TRADE SECRETS;**<br>**(3) BREACH OF FIDUCIARY DUTY;**<br>**(4) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (CLIENTS);**<br>**(5) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (CLIENT);**<br>**(6) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ADVANTAGE (EMPLOYEES);**<br>**(7) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (EMPLOYEES)** |

ORIGINAL

31369348.3

- 1 -

COMPLAINT

DOCUMENT PREPARED ON RECYCLED PAPER

1    Plaintiff Crump Insurance Services, Inc., as successor to Crump E&S of San Francisco

2    Insurance Services, Inc. alleges as follows:

3                                    I.

4                              **THE PARTIES**

5        1.      Plaintiff Crump Insurance Services, Inc. ("Crump") is a corporation organized and

6    existing under the laws of the State of Texas, with its principle place of business located in

7    Dallas, Texas.  Crump is the successor in interest to Crump E&S of San Francisco Insurance

8    Services, Inc.  Plaintiff is engaged as an intermediary in the business of providing insurance to

9    customers.

10       2.      At all times material hereto Plaintiff was qualified to do business in the State of

11   California.

12       3.      Defendant Michael P. McGrath ("McGrath") is an individual residing in the State

13   of California, City of Novato.

14       4.      Plaintiff is informed and believes, and on that basis alleges that Defendant All

15   Risks, Ltd. ("All Risks") is a corporation believed to exist under the laws of the State of

16   Maryland, with its principal place of business located in Hunt Valley, Maryland.  Defendant All

17   Risks is a competitor of Plaintiff in the insurance business.

18       5.      Plaintiff is ignorant of the true names and capacities of those individuals and

19   entities sued herein as Doe Defendants 1 through 50, inclusive.  Plaintiff will amend this

20   Complaint to set forth their true names and capacities at such time as they are ascertained.

21       6.      Plaintiff is informed and believes, and on that basis alleges that those defendants

22   sued herein as Does 1 through 50, inclusive, participated in the wrongs alleged herein, in various

23   capacities and are liable to Plaintiff for the claims asserted herein.

24                                   II.

25                            **BACKGROUND FACTS**

26       7.      On or about June 7, 1996, Defendant Michael P. McGrath entered into a written

27   contract titled "Memorandum of Agreement" with Crump E&S of San Francisco Insurance

28   Services, Inc.  Plaintiff Crump Insurance Services, Inc. is the successor in interest to Crump E&S

1    of San Francisco Insurance Services, Inc. A true and correct copy of the Memorandum of

2    Agreement is attached hereto as Exhibit 1.

3          8.     Since the original Memorandum of Agreement was entered into in 1996, the

4    parties thereto have executed extensions of the Memorandum of Agreement. On or about April

5    30, 2007, Plaintiff and McGrath executed the "Broker Compensation Agreement." The Broker

6    Compensation Agreement, effective January 1, 2007, extended the terms of the Memorandum of

7    Agreement.

8          9.     Pursuant to the June 7, 1996 Memorandum of Agreement, McGrath agreed to a

9    number of terms which he has violated as alleged more particularly below.

10         10.     Pursuant to paragraph 10 of the June 7, 1996 Memorandum of Agreement,

11    McGrath agreed that in the course of his employment, he would obtain confidential information

12    belonging to Crump. This information would relate to the persons, firms, and corporations which

13    were, or would become, customers of Crump. Such confidential information would include, but

14    not be limited to, the names of customers, policy expirations dates, policy terms, conditions and

15    rates, and familiarity with customers' risks. Defendant McGrath agreed that he would not

16    disclose or make use of such confidential information, except as was required in the course of his

17    employment. He further agreed that upon termination of his employment, and for a period of one

18    year thereafter, he would not disclose or make use of such confidential information without the

19    prior written consent of Crump.

20         11.     Pursuant to paragraph 11 the June 7, 1996 of the Memorandum of Agreement,

21    McGrath agreed that all records, files, manuals, lists of customers, blanks, forms, materials,

22    supplies, computer programs and other materials furnished to him by Crump would remain the

23    property of Crump. He further acknowledged that this property was confidential and not readily

24    accessible to Crump's competitors. Upon termination of the employment relationship, McGrath

25    agreed that he would immediately deliver to Crump or its authorized representatives all such

26    property, including copies.

27         12.     Pursuant to paragraph 13 of the Memorandum of Agreement, McGrath agreed that

28    so long as he working for Crump, he would not engage in business activities competitive with the

DOCUMENT PREPARED
ON RECYCLED PAPER

31369348.3

- 3 -

1    work he performed for Crump.

2        13.    McGrath further agreed pursuant to paragraph 14 of the Memorandum of

3    Agreement, that he would not solicit employees of Crump for any other competitive company.

4        14.    McGrath also agreed pursuant to paragraph 16 of the Memorandum of Agreement

5    that he would provide 15 days prior written notice to Crump should he wish to terminate his

6    position as an employee of Crump.

7        15.    At some time prior to June 3, 2007, McGrath negotiated with Defendant All Risks

8    to cease being an employee of Plaintiff Crump and instead to become an employee of All Risks.

9    At some time prior to June 3, 2007, McGrath decided that he would terminate his employment

10   with Crump and begin employment with All Risks.

11       16.    Prior to June 3, 2007, Defendant McGrath decided that he would take advantage of

12   the proprietary information of Crump and use such information to the advantage of himself and

13   his new employer, All Risks.

14       17.    On or about May 31, 2007, after having decided that he would be leaving Plaintiff

15   Crump, and that he would be working for Defendant All Risks, Defendant McGrath, in violation

16   of the terms of this contract, and his obligations to Plaintiff, obtained information from Plaintiff

17   on expiration dates of policies, commissions, and customer renewal information.  This

18   information was proprietary and confidential and of significant economic value to Plaintiff, and

19   would similarly have significant economic value to Defendant All Risks.

20       18.    On or about June 3, 2007, without complying with the minimum 15 days written

21   notice provision set forth in the Memorandum of Agreement, paragraph 16, McGrath abruptly

22   notified Crump that he was terminating his employment with Crump and immediately

23   commencing employment with a competitor, Defendant All Risks.

24       19.    Since June 4, 2007, Defendant McGrath has been an employee of Defendant All

25   Risk and has engaged in the conduct alleged herein below.

26

27

28

## III.

### FIRST CAUSE OF ACTION

#### [Breach of Contract – Against Defendant McGrath]

20.     Crump incorporates by reference herein the allegations of paragraph 1 through 19 above.

21.     Pursuant to the express terms of the June 7, 1996 Memorandum of Agreement, as renewed at various times through and including January 1, 2007, McGrath had agreed to those express obligations noted above in paragraphs 10 through 14 with respect to the utilization of confidential information belonging to Crump.

22.     Plaintiff is informed and believes, and on that basis alleges that McGrath breached a number of provisions of the June 7, 1996 Memorandum of Agreement, including but not limited to paragraph 10, paragraph 11, paragraph 13, paragraph 14, and paragraph 16 thereof.

23.     In particular, McGrath improperly and unlawfully misappropriated and used confidential information belonging to Crump.  Plaintiff is informed and believes, and on that basis alleges that that this information included the identity of persons, firms and corporations which had become customers or accounts of Crump.

24.     Plaintiff is informed and believes, and on that basis alleges that that the information used by McGrath also included the source with which the insurance was placed, as well as the names of customers, policy expiration dates, policy terms, conditions and rates and familiarity with the customers' risk, all of which were agreed constituted confidential information belonging to Crump.

25.     At no time did Crump give its written consent to McGrath to utilize any of the confidential information.

26.     Plaintiff is informed and believes, and on that basis alleges that McGrath disclosed to his new employer, All Risks, the confidential information which belonged to Crump.

27.     McGrath breached the June 7, 1996 Memorandum of Agreement in that he improperly and unlawfully took for his own use, and the use of his new employer, All Risks, records, files and lists as well as other materials which had been furnished to him as a Crump

1  employee. Plaintiff is informed and believes, and on that basis alleges that that such information

2  included confidential information belonging to Crump.

3        28.     Plaintiff is informed and believes, and on that basis alleges that Defendant

4  McGrath obtained and has used electronic versions of confidential information of Crump.

5        29.     Plaintiff is informed and believes, and on that basis alleges that while still under

6  the employ of Crump, Defendant McGrath engaged in business activities which were competitive

7  with the work he performed at Crump, in violation of his obligations to Crump.

8        30.     Plaintiff is informed and believes, and on that basis alleges that while still an

9  employee of Crump, Defendant solicited Crump employees to cease their employment with

10 Crump, and instead commence employment with McGrath's new employer, All Risks.

11       31.     Notwithstanding the fact that McGrath had agreed that he would provide 15 days

12 prior written notice to Crump should he wish to terminate the June 7, 1996 Memorandum of

13 Agreement, Crump breached such provision and failed to provide timely written notice of his

14 intent to terminate the relationship.

15       32.     Plaintiff has performed each and every obligation imposed on it by the contract of

16 the parties in accordance with the terms thereof, except to the extent that such performance was

17 excused or prevented by the acts of defendant.

18       33.     Plaintiff has been damaged by the various breaches of contract of McGrath in an

19 amount which has not yet been ascertained. Plaintiff will seek leave of this Court to state the

20 amount of its damages at such time as they are ascertained.

21                                     IV.

22                        **SECOND CAUSE OF ACTION**

23                  [Misappropriation Of Trade Secrets –

24        Against Defendants McGrath, All Risks and Does 1-50.]

25       34.     Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

26 33 above.

27       35.     During the course of his employment, Defendant McGrath had access to, and was

28 provided various trade secrets which belonged to Plaintiff. These include, *inter alia*, client lists,

1    expiration lists, underlying client information, and information regarding co-employees.

2        36.    The information provided to Defendant McGrath was provided to him so that he

3    could perform his duties and obligations as an employee of Plaintiff. The information made

4    known to Defendant McGrath constituted trade secrets within the meaning of California Civil

5    Code Section 3426 *et seq*.

6        37.    The information made known to Defendant McGrath had independent economic

7    value and was not generally known to the public or to other persons who could obtain economic

8    value from its disclosure or use.

9        38.    At all times material hereto, Plaintiff took reasonable and appropriate efforts to

10   maintain the secrecy of its trade secrets.

11       39.    Plaintiff is informed and believes, and on that basis alleges Defendants McGrath,

12   All Risks and Does 1-50 made use of the trade secrets of Plaintiff. Further, Defendants All Risks

13   and Does 1-50 obtained economic benefit by the use of the Plaintiff's trade secret.

14       40.    Defendants have been unjustly enriched in that they have obtained the economic

15   value of the trade secrets of Plaintiff.

16       41.    Plaintiff is informed and believes, and on that basis alleges that Defendants actions

17   were willful and malicious in misappropriating the trade secrets of Plaintiff, such that exemplary

18   damages may be awarded pursuant to Civil Code Section 3426.3.

19       42.    Plaintiff has been damaged in an amount which is not presently known to Plaintiff.

20   Plaintiff will amend this Complaint to set forth the amount of damages it sustained at such time as

21   that amount is ascertained.

### V.

### THIRD CAUSE OF ACTION

#### [Breach Of Fiduciary Duty – Against Defendant McGrath]

25       43.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

26   42 above.

27       44.    Defendant McGrath was a fiduciary of Plaintiff as a result of the position he held

28   and with respect to the information provided to him such as client lists, expiration lists,

1    underlying client information, and information relating to employees of Plaintiff.

2         45.    Defendant McGrath was obligated as a fiduciary to make use of the information

3    provided to him solely in performing his obligation to Plaintiff.

4         46.    Defendant McGrath breached his fiduciary duty to Plaintiff by, *inter alia*,

5    supplying to a competitor, All Risks, the information identified hereinabove, and making use of

6    that information to obtain form All Risk the benefits of that information and the business it

7    generated.

8         47.    Defendant McGrath breached his fiduciary duty to Plaintiff by using the

9    information relating to employees of Plaintiff in order to solicit such employees to leave Plaintiff

10   Crump and to join Defendant All Risks.

11        48.    As a result of the breach of fiduciary duty, Plaintiff has been damaged in an

12   amount not yet ascertained. Plaintiff will amend this Complaint to set forth such amount when

13   the amount has been ascertained.

14        49.    The conduct of Defendant McGrath was undertaken with malice and oppression

15   with the desire to harm Plaintiff such that Plaintiff is entitled to the award of punitive damages

16   from Defendant McGrath.

17                                      **VI.**

18                          **FOURTH CAUSE OF ACTION**

19   **[Intentional Interference With Prospective Economic Advantage (Clients) – Against**

20              **Defendants McGrath and All Risks and Does 1-50]**

21        50.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22   49 above.

23        51.    Plaintiff has a prospective economic advantage with respect to those of its

24   customer known to McGrath, to whom Plaintiff had provided insurance services.

25        52.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

26   Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

27   advantage with respect to Plaintiff's clients who were known to Defendant McGrath. This

28   prospective economic advantage was derived from, in part, the confidential information of

1  Crump.

2      53.   Plaintiff had a reasonable expectation and likelihood that it would continue to

3  obtain the economic advantage arising from its preexisting relationships between Plaintiff and its

4  clients who were serviced or otherwise known to Defendant McGrath.  Absent the conduct of

5  Defendants alleged herein, the economic relationship would have continued.

6      54.   Plaintiff is informed and believes, and on that basis alleges that Defendant All

7  Risks and Does 1-50 intended to interfere with that prospective economic advantage and did so

8  by making use of the confidential information provided to it by Defendant McGrath.

9      55.   The actions of Defendants actually caused the disruption of the economic

10  relationship between Plaintiff and some of its customers who were known to Defendant McGrath.

11      56.   As a result of that conduct, Plaintiff has been damaged in an amount not yet

12  ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

13  damages are ascertained.

14      57.   The conduct of Defendant All Risks and Does 1-50 was undertaken with malice

15  and oppression with the desire to harm Plaintiff such that Plaintiff is entitled to the award of

16  punitive damages from Defendant All Risks.

17  **VII.**

18  **FIFTH CAUSE OF ACTION**

19  **[Negligent Interference With Prospective Economic Advantage (Clients) – Against**

20  **Defendants McGrath and All Risks and Does 1-50]**

21      58.   Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22  49 above.

23      59.   Plaintiff has a prospective economic advantage with respect to those of its

24  customer known to McGrath, to whom Plaintiff had provided insurance services.

25      60.   Plaintiff is informed and believes, and on that basis alleges that Defendant All

26  Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

27  advantage with respect to Plaintiff's clients who were known to Defendant McGrath.  This

28  prospective economic advantage was derived from, in part, the confidential information of

31369348.3

- 9 -

COMPLAINT

DOCUMENT PREPARED ON RECYCLED PAPER

1  Crump.

2      61.    Plaintiff had a reasonable expectation and likelihood that it would continue to

3  obtain the economic advantage arising from its preexisting relationships between Plaintiff and its

4  clients who were serviced or otherwise known to Defendant McGrath. Absent the conduct of

5  Defendants alleged herein, the economic relationship would have continued.

6      62.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

7  Risks and Does 1-50 knew that if they did not act with reasonable care, their conduct would

8  interfere with the prospective economic advantage.

9      63.    Defendants did not act with due care, but instead acted negligently in that they did

10 not take appropriate steps to insure that Defendant McGrath did not misuse the proprietary

11 information of Crump by McGrath.

12     64.    The actions of Defendants actually caused the disruption of the economic

13 relationship between Plaintiff and some of its customers who were known to Defendant McGrath.

14     65.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

15 ascertained. Plaintiff will seek leave to amend this Complaint at such time as the amount of

16 damages are ascertained.

17                                      **VIII.**

18                           **SIXTH CAUSE OF ACTION**

19  **[Intentional Interference With Prospective Economic Advantage (Employees) – Against**

20              **Defendants McGrath and All Risks and Does 1-50]**

21     66.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

22 49 above.

23     67.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

24 Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

25 advantage with respect to its employees who were known to Defendant McGrath.

26     68.    Plaintiff had a reasonable expectation and likelihood that it would continue to

27 obtain the economic benefits provided by those employees, arising from its preexisting

28 employment relationships.

1    69.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

2    Risks and Does 1-50 intended to interfere with that prospective economic relationship existing

3    with Plaintiff's employees, and did so by making use of the confidential information provided to

4    it by Defendant McGrath with regard to such employees.

5    70.    Plaintiff is informed and believes, and on that basis alleges that as a result of the

6    actions of Defendants, the employees were induced to terminate their employment with Plaintiff

7    and commence employment with Defendant All Risks.

8    71.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

9    ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

10    damages are ascertained.

11    72.    The conduct of Defendant All Risks and Does 1-50 was undertaken with malice

12    and oppression with the desire to harm Plaintiff such that Plaintiff is entitled to the award of

13    punitive damages from Defendant All Risks.

14                                        IX.

15                           SEVENTH CAUSE OF ACTION

16    [Negligent Interference With Prospective Economic Advantage (Employees) – Against

17               Defendants McGrath and All Risks and Does 1-50]

18    73.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through

19    49 above.

20    74.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

21    Risks and Does 1-50 were aware of the fact that Plaintiff had a continuing prospective economic

22    advantage with respect to its employees who were known to Defendant McGrath.

23    75.    Plaintiff had a reasonable expectation and likelihood that it would continue to

24    obtain the economic benefits provided by those employees, arising from its preexisting

25    employment relationships.

26    76.    Plaintiff is informed and believes, and on that basis alleges that Defendant All

27    Risks and Does 1-50 knew that if they did not exercise due care, that their conduct would

28    interfere with that prospective economic relationship existing with Plaintiff's employees.

DOCUMENT PREPARED    31369348.3
ON RECYCLED PAPER                              - 11 -

COMPLAINT

1    77.    Defendants acted negligently in that they did not take appropriate steps to insure

2    that no improper use of Plaintiff's proprietary information about its employees was use in order to

3    seek to induce such employees to terminate their relationship with Plaintiff.  Instead, confidential

4    information provided to Defendant All Risks by Defendant McGrath with regard to such

5    employees was used.

6    78.    Plaintiff is informed and believes, and on that basis alleges that as a result of the

7    actions of Defendants, the employees were induced to terminate their employment with Plaintiff

8    and commence employment with Defendant All Risks.

9    79.    As a result of that conduct, Plaintiff has been damaged in an amount not yet

10   ascertained.  Plaintiff will seek leave to amend this Complaint at such time as the amount of

11   damages are ascertained.

12   WHEREFORE, Plaintiff prays for judgment as follows:

13   1.    For damages according to proof;

14   2.    For punitive damages;

15   3.    For appropriate injunctive relief preventing the use by Defendants of Plaintiffs

16   proprietary information;

17   4.    For costs of suit herein;

18   5.    For such other and further relief as the Court deems just and proper.

19

20   Dated: August 30, 2007

**FULBRIGHT & JAWORSKI L.L.P.**
DOUGLAS W. STERN

21

22

23   By _____
    DOUGLAS W. STERN
    Attorneys for Plaintiff CRUMP INSURANCE
24   SERVICES, INC.

25

26

27

28

# EXHIBIT B

1  DOUGLAS W. STERN (BAR NO. 82973)
   FULBRIGHT & JAWORSKI L.L.P.
2  555 South Flower Street
   Forty-First Floor
3  Los Angeles, CA 90071
   Telephone: (213) 892-9200
4  Facsimile: (213) 892-9494
   Email: dstern@fulbright.com
5
   Attorneys for Plaintiff CRUMP
6  INSURANCE SERVICES, INC.

7                 *Plaintiff*

8           IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CRUMP INSURANCE SERVICES, INC.,    )    Civil Action No. C-07-4636 MMC
                                       )
12             Plaintiff,              )    PLAINTIFF CRUMP
                                       )    INSURANCE'S REQUEST FOR
13        v.                           )    PRODUCTION OF
                                       )    DOCUMENTS AND TO TEST
14  MICHAEL P. MCGRATH, an individual, )    AND SAMPLE COMPUTER(S)
    ALL RISKS, LTD., a corporation, and )    [F.R.C.P. 34]
15  Does 1 through 50, inclusive,      )
                                       )
16             Defendants.             )
                                       )
17                                     )

18

19

20              REQUEST FOR PRODUCTION
21        OF DOCUMENTS AND TO TEST AND SAMPLE
        COMPUTERS DIRECTED TO MICHAEL P. MCGRATH
22

23        Pursuant to Rule 34 of the Federal Rules of Civil Procedure

24  ("F.R.C.P."), Plaintiff hereby demands that Defendant Michael P. McGrath produce

25  for inspection and copying at the offices of Fulbright & Jaworski, 555 South Flower

26  Street, 41st Floor, Los Angeles, CA 90071 on February 8, 2008, at 10:00 a.m., all

27  items except those listed in category 1. The items requested in category 1 shall be

28  produced at AON Consulting, Forensic Accounting & Litigation Consulting

70181165 1                        - 1 -

DOCUMENT PREPARED
ON RECYCLED PAPER

DR/DN/KJ/clid/docld/file
RECEIVED
JAN 0 7 2008
BY: Alium

1   Services, 199 Fremont Street, 17th Floor, San Francisco, CA 94105. Defendant

2   Michael P. McGrath is requested to produce for copying, testing and sampling all

3   computers utilized by him at any time from March 1, 2007 through July 1, 2007, or

4   any portion of that time, for copying, testing and sampling as indicated herein

5   below.

6   **The Materials Requested in Categories 2-38 Should be Produced**

7   **in Both Paper and Electronic Form to the Extent That They Exist in Both**

8   **Forms.**

9   <u>Definitions</u>

10   1.   The terms "You" or "Your" shall mean Michael P. McGrath.

11   2.   The term "document" is defined to be synonymous in meaning and

12   equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil

13   Procedure. Not by way of limitation, but instead as examples, this means any

14   papers or writings, including drafts, and any mechanical or electronic recordings or

15   records of any kind in Your possession, custody or under Your control or of which

16   You have knowledge, wherever located, whether an original or a copy, including

17   agreements, applications, financial statements, invoices, minutes, memoranda,

18   notes, records, interoffice communications, tape or other recordings, microfilm,

19   microfiche, telegrams, letters, photographs, handwritten notes, drawings,

20   specifications, data, reports, printed matters, publications, computer discs, computer

21   tapes, computer files, offers, binders, proposals or statements. Any copy contained

22   thereon or attached thereto, any alterations, notes, comments, or other material not

23   included in the originals or copies referred to in the preceding sentence, shall be

24   deemed a separate document within the foregoing definition.

25   3.   The term "concerning" means relating to, referring to, describing,

26   evidencing or constituting.

27   4.   The term "including" means including without limitation.

28

DOCUMENT PREPARED
ON RECYCLED PAPER

5.   The term "person" means any natural person or any business, legal or governmental entity or association.

6.   The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.   The term "electronically stored information" is defined to be synonymous in meaning and equal in scope to the usage of the term in F.R.C.P. Rule 34(a).  Not by way of limitation, but instead as examples, this means any writings, including drafts, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be in Your possession, custody or under Your control or of which You have knowledge, wherever located, whether an original or a copy.  Any copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition.

## Interpretation and Construction

8.   The use of the singular form of any word includes the plural and vice versa.

9.   The term "any" means and shall be construed as "each and every" as necessary to make the request inclusive rather than exclusive.

10.  The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11.  The terms "all" and "each" shall be construed as all and each.

## Instructions

12.  This request is a continuing one, and You are under a continuing duty to correct Your responses pursuant to F.R.C.P. Rule 26(e).

70181165 1

- 3 -

DOCUMENT PREPARED
ON RECYCLED PAPER

13. In producing documents, You are requested to furnish all documents known or available to You regardless of whether these documents are possessed directly by You, or are in custody or control of You or Your agents, employees, representatives or investigators.

14. If any document is withheld or communication not identified because of a claim of privilege or work product, You must produce a log which states:

      1.    the nature of the privilege being claimed and;

      2.    unless divulgence of such information would cause disclosure of allegedly privileged information:

          (i)    the type of document;

          (ii)    the general subject matter of the document;

          (iii)    the date of the document; and

          (iv)    such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author to the addressee, and the names of all entities that received a copy of the document.

15. Unless otherwise instructed, the documents requested herein encompass the entire time period from January 1, 2007, through and including September 1, 2007.

16. All objections and responses to the document requests herein shall be made in writing and delivered to the offices of Fulbright & Jaworski L.L.P., 555 South Flower Street, Los Angeles, California 90071 (attention Douglas W. Stern), within the time period specified by F.R.C.P. 34(b)(2)(A).

17. Documents produced in response to this request shall be produced in the order in which they are kept in the usual course of business, with all identifying folders, file labels and file drawer or box labels intact.

70181165.1                                    - 4 -

18. To the extent that You have in Your possession, custody or control more than one copy of any particular responsive document, You shall produce each and every copy thereof.

## Documents Requested

1.    Each computer which You utilized during any portion of the period March 1, 2007 through July 1, 2007, for the purpose of testing and sampling it to obtain electronic copies of the below listed documents, including meta data related thereto.

2.    All documents and electronically stored information, from January 1, 2007, through September 1, 2007, concerning or relating to All Risks, Ltd.

3.    All documents and electronically stored information, from January 1, 2007, through September 1, 2007, concerning or relating to Your obtaining employment with All Risks, Ltd.

4.    Your copy of the Memorandum of Agreement entered into between Michael McGrath and Crump Insurance Services dated June 7, 1996.

5.    Your copy of all Amendments or Addendum to the Memorandum of Agreement entered into between Michael McGrath and Crump Insurance Services dated June 7, 1996.

6.    Your copy of all Broker Compensation Agreements entered into between Michael McGrath and Crump Insurance Services.

7.    All documents and electronically stored information, from January 1, 2007, through September 1, 2007, concerning or relating to clients or customers of Crump Insurance Services which You retained or obtained following the termination of employment with the Crump Insurance Services.

8.    All documents and electronically stored information, from January 1, 2007, through the present, concerning or relating to solicitation of insurance

DOCUMENT PREPARED ON RECYCLED PAPER

1   business from any customers or clients of Crump Insurance Services wherein You
2   were seeking such business for All Risks, Ltd.

3        9.    All documents and electronically stored information, from January 1,
4   2007, through the present, concerning or relating to solicitation of employees of
5   Crump Insurance Services to work with All Risks, Ltd.

6        10.    All documents and electronically stored information, from January 1,
7   2007, through September 1, 2007, concerning or relating to obtaining Broker of
8   Record letters designating All Risks, Ltd. as a broker of record in place of Crump
9   Insurance Services.

10        11.    All documents and electronically stored information, from January 1,
11   2007, through September 1, 2007, concerning or relating to the dollar amount of
12   business which You believed You could bring to All Risks, Ltd. if You were
13   employed by it.

14        12.    All documents and electronically stored information, from January 1,
15   2007, through September 1, 2007, concerning or relating to Cindi Marty.

16        13.    All documents and electronically stored information, from January 1,
17   2007, through September 1, 2007, concerning or relating to Menlo Equities LLC
18   insurance business.

19        14.    All documents and electronically stored information, from January 1,
20   2007, through September 1, 2007, concerning or relating to Alecta Real Estate USA
21   LLC insurance business.

22        15.    All documents and electronically stored information, from January 1,
23   2007, through September 1, 2007, concerning or relating to Jay & Carole Hagglund
24   Trust insurance business.

25        16.    All documents and electronically stored information, from January 1,
26   2007, through September 1, 2007, concerning or relating to North First Street
27   Properties insurance business.

28

DOCUMENT PREPARED
ON RECYCLED PAPER

17. All documents and electronically stored information, from January 1, 2007, through September 1, 2007, concerning or relating to Brandenburg Staedler & Moore insurance business.

18. The document or documents which You contend constitute Your notice to plaintiff that You were ceasing Your employ with plaintiff.

19. All documents which You contend support Your Second Affirmative Defense that the causes of action set forth in the Complaint are barred, in whole or in part, by the doctrine of waiver.

20. All documents which You contend support Your Third Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of estoppel.

21. All documents which You contend support Your Fourth Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of unclean hands.

22. All documents which You contend support Your Fifth Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of laches.

23. All documents which You contend support Your Sixth Affirmative Defense that the causes of action in the Complaint are barred by the applicable statute of limitations.

24. All documents which You contend support Your Seventh Affirmative Defense that the causes of action in the Complaint are privileged by legitimate business necessity and/or other reasons.

25. All documents which You contend support Your Eighth Affirmative Defense that the agreement alleged in the Complaint is void or voidable for lack of consideration.

70181165.1

DOCUMENT PREPARED
ON RECYCLED PAPER

26. All documents which You contend support Your Ninth Affirmative Defense that the agreement alleged in the Complaint is in illegal and/or in contravention of public policy.

27. All documents which You contend support Your Tenth Affirmative Defense that the agreement alleged in the Complaint is void under California Business & Professions Code section 16600.

28. All documents which You contend support Your Eleventh Affirmative Defense that the agreement alleged in the Complaint fails because it is vague and ambiguous as to material terms.

29. All documents which You contend support Your Twelfth Affirmative Defense that the imposition of punitive or exemplary damages would violate of the Constitution of the United States of America and the State of California.

30. All documents which You contend support Your Thirteenth Affirmative Defense that the defendants acted without malice and with a good faith belief in the propriety of their conduct.

31. All documents and electronically stored information, from January 1, 2007, through September 1, 2007, concerning or relating to policy expiration dates of customers of Plaintiff.

32. All documents and electronically stored information, from January 1, 2007, through September 1, 2007, concerning or relating to the names of customers of Plaintiff.

33. All documents and electronically stored information, from January 1, 2007, through September 1, 2007, concerning or relating to the policy terms, conditions and rates provided to various customers of the Plaintiff.

34. All documents and electronically stored information, from January 1, 2007, through September 1, 2007, originating with Plaintiff or from Plaintiff's information, and provided by You to All Risks, Ltd.

1      35.   All documents and electronically stored information, from January 1,

2  2007, through September 1, 2007, concerning or relating to the reason or reasons

3  why You failed to provide a minimum of 15 days prior written notice to Plaintiff of

4  Your intention to terminate employment with Plaintiff.

5      36.   All documents and electronically stored information, from January 1,

6  2007, through September 1, 2007, concerning or relating to efforts made by You to

7  solicit Cindi Marty to become an employee of All Risks, Ltd.

8      37.   All documents and electronically stored information, from January 1,

9  2007, through July 1, 2007, provided by You to All Risks, Ltd. in order to assist it

10  to obtain insurance business.

11     38.   Any and all list of customers of the Crump Insurance Services.

Dated: January 3, 2008

DOUGLAS W. STERN
FULBRIGHT & JAWORSKI L.L.P.

By _____

DOUGLAS W. STERN

70181165.1

- 9 -

DOCUMENT PREPARED
ON RECYCLED PAPER

**PROOF OF SERVICE**

I, Martha Delgado, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On January _3_, 2008, I served a copy of the within document(s): _____

        **(BY FACSIMILE)** I caused said document to be transmitted electronically to the interested parties at the facsimile numbers as stated above.

X    **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

        **(BY FEDERAL EXPRESS)** I caused the aforementioned document to be placed in an envelope or package designated by Federal Express, with delivery fees fully paid and addressed as stated above.

        **(BY PERSONAL SERVICE)** I caused the aforementioned document to be personally served at the office of interested parties as stated above.

Stephen J. Hirschfeld, Esq.
Donna M. Rutter, Esq.
Zachary P. Hutton , Esq.
CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the

DOCUMENT PREPARED
ON RECYCLED PAPER

U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 3, 2008, at Los Angeles, California.

Martha Delgado

701811165 1

- 2 -

DOCUMENT PREPARED
ON RECYCLED PAPER

# EXHIBIT C

COPY

1  STEPHEN J. HIRSCHFELD (SBN 118068)
   DONNA M. RUTTER (SBN 145704)
2  KRISTEN L. WILLIAMS (SBN 232644)
   CURIALE DELLAVERSON HIRSCHFELD
3    & KRAEMER, LLP
   727 Sansome Street
4  San Francisco, CA 94111
   Telephone: (415) 835-9000
5  Facsimile: (415) 834-0443

6  Attorneys for Defendants
   MICHAEL P. MCGRATH and ALL RISKS, LTD.
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN MATEO

10

11 CRUMP INSURANCE SERVICES, INC.,        Case No. C-07-4636 MMC

12            Plaintiff,                   **DEFENDANT ALL RISKS, LTD'S
                                           RESPONSE TO PLAINTIFF'S CRUMP
13 vs.                                     INSURANCE'S REQUEST FOR
                                           PRODUCTION OF DOCUMENTS
14 MICHAEL P. MCGRATH, an individual,      [F.R.C.P. 34]**
   ALL RISKS, LTD., a corporation, and
15 Does 1 through 50, inclusive,

16            Defendants.

17
   **PROPOUNDING PARTY:**      Plaintiff, CRUMP INSURANCE SERVICES
18
   **RESPONDING PARTY:**       Defendant, ALL RISKS, LTD.
19
   **SET NUMBER:**             ONE (1)
20

21
         PRELIMINARY STATEMENT AND GENERAL OBJECTIONS
22
          Defendant All Risks, Ltd. ("Defendant") hereby responds to Plaintiff Crump Insurance
23
   Services ("Plaintiff") Request for Production of Documents (Set One). The following responses
24
   and objections are made solely for the purposes of this action. Each response is subject to all
25
   objections as to competence, relevance, materiality, propriety, admissibility, and any and all other
26
   objections and grounds that would require the exclusion of any statement, if any statements
27

28
                                           1
   DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP        4821-7871-2322.V1
   INSURANCE'S REQUEST - CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   contained herein were made by a witness present and testifying in court, all of which objections

2   and grounds are reserved and may be interposed at the time of trial.

3          Defendant's discovery and investigation has proceeded with diligence but it is,

4   nevertheless, incomplete and continuing. Accordingly, the following responses represent

5   Defendant's current knowledge based on information reasonably available to it, and are as

6   complete as Defendant is now required by law and is able to give. The responses do not,

7   however, contain other facts which may be obtained through ongoing factual investigation,

8   review, analysis, discovery and trial preparation. To the extent these Requests may be construed

9   as requesting more detail, or to the extent Plaintiff contends Defendant's responses are inadequate

10  or incomplete, Defendant objects on the grounds that any further responses at this time would be

11  unduly burdensome, oppressive and require a degree of completeness not required by law.

12  Defendant reserves its right to present additional evidence at trial based on information

13  subsequently obtained or evaluated.

14         Except for explicit facts submitted herein, no incidental or implied admissions are

15  intended hereby. The fact that Defendant has answered or objected to any Request for Production

16  or part thereof should not be taken as an admission that Defendant accepts or admits the existence

17  of any facts set forth or assumed by such Request Production and that such answer or objection

18  constitutes admissible evidence. The fact that Defendant has answered part or all of any Request

19  for Production is not intended, and shall not be construed, to be a waiver by Defendant of all or

20  any part of any objection to any Request for Production.

21         To the extent that any or all of the Requests call for information or material which was

22  prepared in anticipation of litigation or for trial or for information or material covered by the

23  attorney-client privilege or attorney work-product doctrine or which constitutes information or

24  material which is privileged or related to confidential trade secrets or privacy (including freedom

25  of association and financial privacy), Defendant objects to each and every such Request for

26  Production and thus will not supply or render any information or material protected from

27  discovery by virtue of the work-product doctrine, the attorney-client privilege, or trade secret

28  and/or privacy privileges.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

1    The above-stated objections are hereby made applicable to each and all of these Requests

2  for Production and are hereby, as to each and all of them, incorporated by reference as if fully set

3  forth therein.

4

5                          **REQUEST FOR PRODUCTION OF DOCUMENTS**

6  **REQUEST FOR PRODUCTION NO. 1:**

7        All documents and electronically stored information from January 1, 2007 through

8  September 1, 2007, concerning or relating to Your hiring of Michael P. McGrath as an employee

9  of All Risks, Ltd.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

11        Defendant objects to this request as overly broad.  Defendant objects to this request as it

12  seeks confidential, proprietary or trade secret information.  Defendant further objects that this

13  response seeks to violate constitutional, statutory, and/or common law privacy rights of third

14  parties not party to this litigation.  Subject to and without waiving the foregoing, Defendant

15  responds as follows: Defendant will produce all documents responsive to this request in its

16  possession, custody, or control that it deems are responsive to this request.

17  **REQUEST FOR PRODUCTION NO. 2:**

18        All documents and electronically stored information from January 1, 2007 through

19  September 1, 2007, concerning or relating to clients or customers of Crump Insurance Services

20  which You obtained following the termination of Michael P. McGrath's employment with Crump

21  Insurance Services.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

23        Defendant objects to this request as overly broad.  Defendant objects to this request as it

24  seeks confidential, proprietary or trade secret information.  Defendant objects to this request as

25  vague and ambiguous as to the phrase "clients or customers of Crump Insurance Services" make a

26  response impossible without speculation as to the true meaning of the phrase or whether

27  Defendant is actually aware of Crump's clients or customers.

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **REQUEST FOR PRODUCTION NO. 3:**

2       All documents and electronically stored information from January 1, 2007 through the

3  present, concerning or relating to solicitation of insurance business from any customers or clients

4  of Crump Insurance Services wherein You were provided information about that customer or

5  client from Michael P. McGrath.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

7       Defendant objects to this request as overly broad.  Defendant further objects to this

8  request as it assumes facts not in evidence.  Defendant objects to this request as it calls for a legal

9  conclusion and thereby seeks to violate the attorney-client and attorney work product privileges.

10  Defendant objects to this request as vague and ambiguous as to the phrase "clients or customers

11  of Crump Insurance Services" make a response impossible without speculation as to the true

12  meaning of the phrase or whether Defendant is actually aware of Crump's clients or customers.

13  **REQUEST FOR PRODUCTION NO. 4:**

14       All documents and electronically stored information from January 1, 2007 through the

15  present, concerning or relating to solicitation of employees of Crump Insurance Services to work

16  with All Risks, Ltd.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

18       Defendant objects to this request as overly broad.  Defendant further objects to this

19  request as it assumes facts not in evidence.  Defendant objects to this request as it calls for a legal

20  conclusion and thereby seeks to violate the attorney-client and attorney work product privileges.

21  **REQUEST FOR PRODUCTION NO. 5:**

22       All documents and electronically stored information from January 1, 2007 through

23  September 1, 2007, concerning or relating to obtaining Broker of Record letters designating All

24  Risks, Ltd. as a broker of record in place of Crump Insurance Services.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

26       Defendant objects to this request as overly broad.  Defendant objects to this request as it

27  seeks confidential, proprietary or trade secret information.  Subject to and without waiving the

28  foregoing, Defendant responds as follows: Defendant will produce any documents responsive to

4

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    this request in his possession, custody or control that relate to clients of Michael McGrath.

2    **REQUEST FOR PRODUCTION NO. 6:**

3    All documents and electronically stored information from January 1, 2007 through

4    September 1, 2007, concerning or relating to the dollar amount of business which You believed

5    Michael P. McGrath could bring to All Risks, Ltd. if You were employed by You.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7    Defendant objects to this request is vague and ambiguous and unintelligible, specifically

8    regarding the phrase "which You believed Michael P. McGrath could bring to All Risks, Ltd. if

9    You were employed by You" making a response impossible without speculation as to the true

10   meaning of the phrase. Defendant further objects to the request as it assumes facts not in

11   evidence. Subject to and without waiving the foregoing, Defendant responds as follows:

12   Defendant has performed a diligent and does not have any documents responsive to this request in

13   its possession, custody or control.

14   **REQUEST FOR PRODUCTION NO. 7:**

15   All documents and electronically stored information from January 1, 2007 through

16   September 1, 2007, concerning or relating to the possible employment of Cindi Marty.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

18   Defendant objects to this request as overly broad. Defendant further objects that this

19   response seeks to violate constitutional, statutory, and/or common law privacy rights of third

20   parties not party to this litigation.

21   **REQUEST FOR PRODUCTION NO. 8:**

22   All documents and electronically stored information from January 1, 2007 through

23   September 1, 2007, concerning or relating to Menlo Equities LLC insurance business.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

25   Defendant objects to this request as overly broad. Defendant objects to this request as it

26   seeks information that is neither relevant to this action nor reasonably calculated to lead to the

27   discovery of admissible evidence. Defendant objects to this request as it seeks confidential,

28   proprietary or trade secret information.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

1    **REQUEST FOR PRODUCTION NO. 9:**

2         All documents and electronically stored information from January 1, 2007 through

3    September 1, 2007, concerning or relating to Alecta Real Estate USA LLC insurance business.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

5         Defendant objects to this request as overly broad. Defendant objects to this request as it

6    seeks information that is neither relevant to this action nor reasonably calculated to lead to the

7    discovery of admissible evidence.  Defendant objects to this request as it seeks confidential,

8    proprietary or trade secret information.

9    **REQUEST FOR PRODUCTION NO. 10:**

10        All documents and electronically stored information from January 1, 2007 through

11   September 1, 2007, concerning or relating to Jay & Carole Hagglund Trust Insurance business.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

13        Defendant objects to this request as overly broad. Defendant objects to this request as it

14   seeks information that is neither relevant to this action nor reasonably calculated to lead to the

15   discovery of admissible evidence.  Defendant objects to this request as it seeks confidential,

16   proprietary or trade secret information.

17   **REQUEST FOR PRODUCTION NO. 11:**

18        All documents and electronically stored information from January 1, 2007 through

19   September 1, 2007, concerning or relating to North First Street Properties insurance business.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

21        Defendant objects to this request as overly broad. Defendant objects to this request as it

22   seeks information that is neither relevant to this action nor reasonably calculated to lead to the

23   discovery of admissible evidence.  Defendant objects to this request as it seeks confidential,

24   proprietary or trade secret information.

25   **REQUEST FOR PRODUCTION NO. 12:**

26        All documents and electronically stored information from January 1, 2007 through

27   September 1, 2007, concerning or relating to Brandenburg Staedler & Moore insurance business.

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

2       Defendant objects to this request as overly broad. Defendant objects to this request as it

3  seeks information that is neither relevant to this action nor reasonably calculated to lead to the

4  discovery of admissible evidence. Defendant objects to this request as it seeks confidential,

5  proprietary or trade secret information.

6  **REQUEST FOR PRODUCTION NO. 13:**

7       All documents which You contend support Your Second Affirmative Defense that the

8  causes of action set forth in the Complaint are barred, in whole or in part, by the doctrine of

9  waiver.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11       Defendant objects to this request as overly broad. Defendant further objects to this

12  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

13  attorney work product privileges. Subject to and without waiving the foregoing, Defendant

14  responds as follows: Discovery is continuing and Defendant will produce any documents

15  responsive to this request in its possession, custody, or control.

16  **REQUEST FOR PRODUCTION NO. 14:**

17       All documents which You contend support Your Third Affirmative Defense that the

18  causes of action in the Complaint are barred, in whole or in part by the doctrine of estoppel.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

20       Defendant objects to this request as overly broad. Defendant further objects to this

21  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

22  attorney work product privileges. Subject to and without waiving the foregoing, Defendant

23  responds as follows: Discovery is continuing and Defendant will produce any documents

24  responsive to this request in its possession, custody, or control.

25  **REQUEST FOR PRODUCTION NO. 15:**

26       All documents which You contend support Your Fourth Affirmative Defense that the

27  causes of action in the Complaint are barred, in whole or in part by the doctrine of unclean hands.

28

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**

All document which You contend support Your Fifth Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of laches.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17:**

All documents which You contend support Your Sixth Affirmative Defense that the causes of action in the Complaint are barred by the applicable statute of limitations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

All document which You contend support Your Seventh Affirmative Defense that the causes of action in the Complaint are privileged by legitimate business necessity and/or other reasons.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19:**

All documents which You contend support Your Eighth Affirmative Defense that the agreement alleged in the Complaint is void or voidable for lack of consideration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20:**

All documents which You contend support Your Ninth Affirmative Defense that the agreement in the complaint is in illegal and/or contravention of public policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 21:**

All documents which You contend support your Tenth Affirmative Defense that the agreement alleged in the Complaint is void under California Business & Professions Code section 16600.

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

2          Defendant objects to this request as overly broad.  Defendant further objects to this

3    request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

4    attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

5    responds as follows: Discovery is continuing and Defendant will produce any documents

6    responsive to this request in its possession, custody, or control.

7    **REQUEST FOR PRODUCTION NO. 22:**

8          All documents which You contend support Your Eleventh Affirmative Defense that the

9    agreement alleged in the complaint fails because it is vague and ambiguous as to material terms.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

11         Defendant objects to this request as overly broad.  Defendant further objects to this

12   request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

13   attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

14   responds as follows: Discovery is continuing and Defendant will produce any documents

15   responsive to this request in its possession, custody, or control.

16   **REQUEST FOR PRODUCTION NO. 23:**

17         All documents which You contend support Your Twelfth Affirmative Defense that the

18   imposition of punitive or exemplary damages would violate of the Constitution of the United

19   States of America and the State of California.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

21         Defendant objects to this request as overly broad.  Defendant further objects to this

22   request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

23   attorney work product privileges.  Subject to and without waiving the foregoing, Defendant

24   responds as follows: Discovery is continuing and Defendant will produce any documents

25   responsive to this request in its possession, custody, or control.

26   **REQUEST FOR PRODUCTION NO. 24:**

27         All documents which You contend support Your Thirteenth Affirmative Defense that the

28   defendants acted without malice and with a good faith belief in the propriety of their conduct.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

2      Defendant objects to this request as overly broad. Defendant further objects to this

3  request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and

4  attorney work product privileges. Subject to and without waiving the foregoing, Defendant

5  responds as follows: Discovery is continuing and Defendant will produce any documents

6  responsive to this request in its possession, custody, or control.

7  **REQUEST FOR PRODUCTION NO. 25:**

8      All documents and electronically stored information from January 1, 2007 through

9  September 1, 2007, concerning or relating to policy expiration dates of customers of Plaintiff.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

11      Defendant objects to this request as overly broad. Defendant objects to this request as it

12  seeks information that is neither relevant to this action nor reasonably calculated to lead to the

13  discovery of admissible evidence. Defendant further objects that this response seeks to violate

14  constitutional, statutory, and/or common law privacy rights of third parties not party to this

15  litigation. Subject to and without waiving the foregoing, Defendant responds as follows:

16  Defendant has performed a reasonable and diligent search and does not have any documents

17  responsive to this request in his possession, custody or control.

18  **REQUEST FOR PRODUCTION NO. 26:**

19      All documents and electronically stored information from January 1, 2007 through

20  September 1, 2007, concerning or relating to efforts made by You to obtain Cindi Marty as an

21  employee of All Risks, Ltd.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

23      Defendant objects to this request as overly broad. Defendant objects to this request as it

24  assumes facts not in evidence. Defendant objects to this request as it seeks information that is

25  neither relevant to this action nor reasonably calculated to lead to the discovery of admissible

26  evidence. Defendant further objects that this response seeks to violate constitutional, statutory,

27  and/or common law privacy rights of third parties not party to this litigation.

28

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

1   **REQUEST FOR PRODUCTION NO. 27:**

2      All documents and electronically stored information from January 1, 2007 through July 1,

3   2007, provided to You by Michael P. McGrath in order to obtain insurance business.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

5      Defendant objects to this request as overly broad.  Defendant objects to this request as it

6   assumes facts not in evidence.  Subject to and without waiving the foregoing, Defendant responds

7   as follows: Defendant has performed a reasonable and diligent search and does not have any

8   documents responsive to this request in its possession, custody or control.

9   **REQUEST FOR PRODUCTION NO. 28:**

·10      Any and all list of customers of the Crump Insurance Services.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

12      Defendant objects to this request as overly broad.  Defendant objects to this request as it

13   assumes facts not in evidence.  Subject to and without waiving the foregoing, Defendant responds

14   as follows: Defendant has performed a reasonable and diligent search and does not have any

15   documents responsive to this request in its possession, custody or control.

16   **REQUEST FOR PRODUCTION NO. 29:**

17      Any and all information provided to You by Michael P. McGrath related to the expiration

18   of insurance for any customer of Crump Insurance Services.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

20      Defendant objects to this request as overly broad.  Defendant objects to this request as it

21   assumes facts not in evidence.  Subject to and without waiving the foregoing, Defendant responds

22   as follows: Defendant has performed a reasonable and diligent search and does not have any

23   documents responsive to this request in its possession, custody or control.

24   **REQUEST FOR PRODUCTION NO. 30:**

25      Any and all information provided to You by Michael P. McGrath related to the polices of

26   insurance for any customer of Crump Insurance Services.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

28      Defendant objects to this request as overly broad.  Defendant objects to this request as it

12

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  assumes facts not in evidence.  Subject to and without waiving the foregoing, Defendant responds

2  as follows: Defendant has performed a reasonable and diligent search and does not have any

3  documents responsive to this request in its possession, custody or control.

4  Dated: February 13, 2008                        CURIALE DELLAVERSON HIRSCHFELD
                                                    & KRAEMER, LLP

5

6

7                                          By:  _Kristen L. Williams_
                                                    Stephen J. Hirschfeld
8                                                   Donna M. Rutter
                                                    Kristen L. Williams
9                                          Attorneys for Defendants
                                           MICHAEL P. MCGRATH; ALL RISKS,
10                                         LTD.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## VERIFICATION FORM TO FOLLOW

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3
     I am a resident of the United States and a resident of the State of California, over the age

4
of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On February 13, 2008, I served the following document(s) by the method indicated below:

5
     **DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S**

6
     **CRUMP INSURANCE'S REQUEST FOR PRODUCTION OF DOCUMENTS [F.R.C.P. 34]**

7

☐     by transmitting **via facsimile** on this date from fax number (415) 834-0443 the

8
     document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error.

9
     Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

10

11

☒     by placing the document(s) listed above in a sealed envelope(s) with postage

12
     thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would

13
be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party

14
served, service is presumed invalid if postal cancellation date or postage meter date

15
is more than one day after date of deposit for mailing in affidavit.

16

☐     by sending the documents electronically through email to the address listed below.

17

☒     **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and

18
     correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

19

20
Douglas W. Stern

21
Fulbright & Jaworski, LLP
555 South Flower Street, 41st Floor

22
Los Angeles, CA 90071
Tel: (213) 892-9200

23
Fax: (213) 892-9494

24
     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on February _13_, 2008 at San Francisco,

25
California.

26

_Angelique Pierre_ (signature)

     Angelique Pierre

27

28

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP
INSURANCE'S REQUES - CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT D

*DRIK 1 KJ 1 CHENT1 FILE*

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
555 SOUTH FLOWER STREET
FORTY-FIRST FLOOR
LOS ANGELES, CALIFORNIA 90071
WWW.FULBRIGHT.COM

DSTERN@FULBRIGHT.COM
DIRECT DIAL: (213) 892-9202

TELEPHONE:     (213) 892-9200
FACSIMILE:       (213) 892-9494

February 29, 2008

RECEIVED MAR - 3 2008

Donna M. Rutter, Esq.
Kristen L. Williams, Esq.
Curiale Dellaverson Hirschfeld & Kraemer
727 Sansome Street
San Francisco, CA 94111

MAR 0 3 2008

Re:     Crump v. Michael P. McGrath and All Risks, Ltd.

Dear Donna and Kristen:

Rather than write a detailed letter going through the responses provided by your clients to our document request, I think it would be more efficient to have a telephone call where we went through the various deficiencies. Also, I gather that your production of documents is being delayed until we have worked out the details on the protective order. Lastly, we think it very important to resolve the matter with respect to Michael McGrath's computer. It is our understanding that he transmitted Crump materials to a home computer. That computer is subject to our Request No. 1, and it is critical that we obtain access to that computer to ascertain whether McGrath has taken materials as we believe. I cannot stress enough the need to accomplish that prior to any meaningful mediation taking place.

Very truly yours,

Douglas W. Stern

cc:     Andrew Forstenzer

AUSTIN • BEIJING • DALLAS • DENVER • DUBAI • HONG KONG • HOUSTON • LONDON • LOS ANGELES • MINNEAPOLIS
MUNICH • NEW YORK • RIYADH • SAN ANTONIO • ST. LOUIS • WASHINGTON DC

# EXHIBIT E

1

2                 IN THE UNITED STATES DISTRICT COURT

3             FOR THE NORTHERN DISTRICT OF CALIFORNIA

4                          --oOo--

5                                        **CERTIFIED**

6   CRUMP INSURANCE SERVICES, INC.,   )   **TRANSCRIPT**
                                       )
7                      Plaintiff,      )
                                       )
8            vs.                       )   No. C-07-4636 MMC
                                       )
9                                      )
    MICHAEL P. MCGRATH, an             )
10  individual, ALL RISKS, LTD., a     )
    corporation, and Does 1            )
11  through 50, inclusive,             )
                                       )
12                     Defendants.     )
    _____)

13

14

15                 DEPOSITION OF RICK MCDONOUGH

16  DATE:        June 20, 2008

17  TIME:        12:59 p.m.

18  LOCATION:    Curiale Dellaverson Hirschfeld & Kraemer
                 727 Sansome Street
19               San Francisco, CA

20

21  REPORTED BY:  Kenneth T. Brill

22                Registered Professional Reporter

23                Certified Shorthand Reporter No. 12797

24

25  Page 1 - 78

                                                            1

00031

1          MR. ASKANAS:   Looks like agents and brokers.

2    BY MS. RUTTER:

3      Q.    Okay.   Take what you need in terms of looking

4    at just the contacts that are in there, and I want to

5    ask you, are there -- does that section identify

6    retailers?

7      A.    Yes.

8      Q.    And that provides contact information for

9    various retailers by geographic area, is that your

10   understanding?

11         MR. ASKANAS:   I just want to object, the

12   document speaks for itself.

13         THE WITNESS:   Rephrase your question.

14   BY MS. RUTTER:

15     Q.    That that section refers to various retailers

16   by geographic area?

17     A.    Yes.

18     Q.    And is it fair to say that your primary role

19   as a broker is to work with retailers in order to do

20   placements for various types of insurance for the

21   retailers clients?

22     A.    Correct.

23     Q.    And to do your job, what information do you as

24   a broker need to have in order to attempt that

25   placement?

00032

1       A.   We need to have a submission from the retail

2  broker.

3       Q.   And is that in writing, Mr. McDonough?

4       A.   Yes.

5       Q.   And what information does the retailer provide

6  you in that submission?

7       A.   An application.  Loss information, financials.

8       Q.   Does the submission also provide you the

9  expiration date of the insured's policy?

10       A.   Not necessarily.

11       Q.   Do you need an expiration date in order to do

12  your job to make a placement?

13       A.   No.

14       Q.   What else is provided by the retailer in that

15  submission, other than what you've already told me?

16       A.   Website information.

17       Q.   Is there information provided about the

18  underlying insured?

19       A.   Underlying insured?

20       Q.   In other words, the actual company or entity

21  that's being insured, that's the client of the retailer;

22  correct?

23       A.   Correct.

24       Q.   All right.  So is information about who the

25  insured is, is that usually provided in a submission?

00033

1       A.   Correct.

2       Q.   All right.  In any of the risks that the

3   insured is looking to have insured?

4       A.   Correct.

5       Q.   Any other information in that submission

6   provided by the retailer to you?

7       A.   Information that's on the application.

8       Q.   Such as what?

9       A.   Effective date.  Mailing address.

10       Q.   And is there any other information that you

11   need in order for you to do your job and go out and find

12   a placement?

13       A.   Once I have a complete submission, that's all

14   I need.

15       Q.   Okay.  And all that information, again, it

16   comes from the retailer; correct?

17       A.   No.

18       Q.   Oh, I'm sorry, I thought I understood you to

19   say that this was information that was provided on a

20   submission?

21       A.   My -- to clarify the website, I may go to

22   their website and glean additional information to put my

23   submission together.

24       Q.   Sure.  Okay.  Setting aside that, all the

25   information you need is provided on that submission by

00034

1   the retailer?

2        A.   Correct.   Correct.

3        Q.   Has it been your experience that at times

4   retailers will send these submissions out to various

5   wholesale brokers?

6        A.   Yes.

7        Q.   In other words, trying to compete and get the

8   best deal?

9        A.   Yes.

10        Q.   Can you give me any estimate in terms of what

11   percentage of time that occurs?

12             MR. ASKANAS:   Don't guess or speculate.   If

13   you have an estimate, you can give it.

14             THE WITNESS:   That would be a -- I don't know.

15   BY MS. RUTTER:

16        Q.   Okay.

17        A.   I have not been a retail broker, I do not know

18   what would be a fair assumption.

19        Q.   I appreciate that.   Are there certain -- in

20   your experience, are there certain retailers that tend

21   to bid wholesale brokers against each other?

22        A.   Yes.

23        Q.   And which retailers would those be?

24        A.   Which -- rephrase the question.

25        Q.   Sure.   The question was are there certain

```
 1                    CERTIFICATE OF REPORTER
 2
 3          I, KENNETH T. BRILL, a Certified Shorthand
 4   Reporter, hereby certify that the witness in the
 5   foregoing deposition was by me duly sworn to tell the
 6   truth, the whole truth, and nothing but the truth in the
 7   within-entitled cause;
 8          That said deposition was taken down in
 9   shorthand by me, a disinterested person, at the time and
10   place therein stated, and that the testimony of the said
11   witness was thereafter reduced to typewriting, by
12   computer, under my direction and supervision;
13          I further certify that I am not of counsel or
14   attorney for either or any of the parties to the said
15   deposition, nor in any way interested in the event of
16   this cause, and that I am not related to any of the
17   parties hereto.
18
19
20
21              DATED: July 8, 2008.
22
23
24   KENNETH T. BRILL, CSR No. 12797
25
                                                        78
```