# EXHIBIT F

**DEPOSITION OF PETER QUINLAN SCOTT**

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    ---oOo---

4

5    CRUMP INSURANCE SERVICES, INC.,

6                    Plaintiff,

7            vs.              No. C-07-4636 MMC

8    MICHAEL P. McGRATH, an individual,
     ALL RISKS, LTD., a corporation,
9    and Does 1 through 50, inclusive,

10                  Defendants.

11   _____

12

13

14                  Deposition of

15              PETER QUINLAN SCOTT

16            Friday, April 4, 2008

17

18

19

20

21

22

23

24   REPORTED BY: JEANNETTE SAMOULIDES, CSR NO. 5254

25

1

00024

1    Q.   So how long have you been in the casualty

2  broker industry?

3    A.   1985.

4    Q.   And the first position was with whom?

5    A.   Alexander Howden.

6    Q.   Okay.  Give me a little bit of background,

7  if you would, in terms of your educational --

8    A.   I went to Dawson College in Montreal,

9  Canada, and from there I went to work in London at

10  Alexander Howden in a training program.

11    Q.   Okay.

12    A.   And then started in the insurance business

13  with them, with Alexander Howden.

14    Q.   In 1985?

15    A.   Yes.

16    Q.   Okay.  And when did you graduate from

17  Dawson College?

18    A.   I didn't.  I went into the insurance

19  business.

20    Q.   Okay.  Do you have any licenses or any

21  other degrees or certifications?

22    A.   I have insurance licenses.

23    Q.   Okay.  So take me through how it would

24  work -- and again, I'm focusing at this point on

25  Tri-City -- in terms of a retailer coming to you

00025

1   requesting that you submit a proposal?  How does that

2   work?

3       A.   The retailer would phone you up and say

4   that they need assistance with a certain coverage,

5   and you let them know if you could help them or not.

6       Q.   Okay.  So what type of information would

7   they gave you?

8       A.   A submission.

9       Q.   Okay.  And is this in writing?

10      A.   Yes.

11      Q.   Okay.  And it has things like what?

12      A.   Application; loss information; brochure,

13  if applicable; financials; underlying program if it's

14  an umbrella; general information about an insured.

15      Q.   Does it have information concerning the

16  amount that they're willing to pay in terms of a

17  premium?

18      A.   In some cases.

19      Q.   Does it have the policy expiration date of

20  their current policy?

21      A.   The accord application has the policy

22  period on it.

23      Q.   The what accord?

24      A.   Application has the policy period on it.

25      Q.   And that is an application that was given

00026

1   to you by a retailer?

2        A.   Yes.

3        Q.   So you get all your information from this

4   retailer; is that fair?

5        A.   From a retailer, yes.

6        Q.   Okay.  And then you have direct contact

7   with potential carriers that you work with?

8        A.   Yes.

9        Q.   Okay.  And then do you take that

10  information and verbally communicate that to

11  potential carriers or do you do it in writing?

12       A.   In writing.

13       Q.   Okay.  And what is that process called, if

14  anything?

15       A.   Submitting a submission to an insurance

16  carrier.

17       Q.   Okay.  And then you get a response back

18  from the insurance carrier?

19       A.   Yes.

20       Q.   Okay.  And then what do you do with that

21  information?

22       A.   You give the information to the retail

23  broker.

24       Q.   And then what occurs next in this process?

25       A.   Of obtaining a quotation or -- what's your

## DEPOSITION OF PETER QUINLAN SCOTT

1       I, the undersigned, a Certified Shorthand

2  Reporter in the State of California, hereby certify

3  that the witness (if applicable) in the foregoing

4  deposition was by me duly sworn to testify to the

5  truth, the whole truth, and nothing but the truth in

6  the within-entitled cause; that said proceeding was

7  taken at the time and place therein stated; that the

8  testimony of said witness was reported by me, a

9  disinterested person, and was thereafter transcribed

10  under my direction into typewriting; that the

11  foregoing is a full, complete, and true record of the

12  said testimony; and that the witness (if applicable)

13  was informed of his/her opportunity to read and, if

14  necessary, correct said deposition and to subscribe

15  the same.

16       I further certify that I am not of counsel

17  or attorney for either or any of the parties in the

18  foregoing proceedings and caption named, or in any

19  way interested in the outcome of the cause named in

20  said caption.

21

22  Date: April 16, 2008

23

24  *Jeannette Samoulides*

25  JEANNETTE SAMOULIDES, CSR #5254

**203**

# EXHIBIT G

DR/RW/KS/Clint/CL/Doll
RECEIVED
MAY 1 9 2008
BY: APin

1   DOUGLAS W. STERN (BAR NO. 82973)
    **FULBRIGHT & JAWORSKI L.L.P.**
2   555 South Flower Street
    Forty-First Floor
3   Los Angeles, CA 90071
    Telephone: (213) 892-9200
4   Facsimile: (213) 892-9494
    Email: dstern@fulbright.com
5
    Attorneys for Plaintiff CRUMP INSURANCE
6   SERVICES, INC.

7

8                   IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CRUMP INSURANCE SERVICES, INC.,          )   Civil Action No. C-07-4636 MMC
                                             )
12                  Plaintiff,               )   **PLAINTIFF CRUMP INSURANCE**
                                             )   **SERVICES' REQUEST FOR**
13          v.                               )   **PRODUCTION OF DOCUMENTS**
                                             )   **TO ALL RISKS, LTD., SET TWO**
14  MICHAEL P. MCGRATH, an individual, ALL   )   **[F.R.C.P. 34]**
    RISKS, LTD., a corporation, and Does 1 through )
15  50, inclusive,                           )
                                             )
16                  Defendants.              )
                                             )
17                                           )

18

19  **PROPOUNDING PARTY:**        **CRUMP INSURANCE SERVICES, INC.**

20  **RESPONDING PARTY:**         **ALL RISKS, LTD.**

21  **SET NO:**                   **TWO**

22          Pursuant to Rule 34 of the Federal Rules of Civil Procedure ("F.R.C.P."), Plaintiff hereby

23  demands that Defendant All Risks, Ltd. produce for inspection and copying at the offices of

24  Fulbright & Jaworski, 555 South Flower Street, 41st Floor, Los Angeles, CA 90071 on or before

25  June 16, 2008, at 10:00 a.m., all documents in its possession, custody or control that are identified

26  below.

27

28

**Definitions**

1.   The terms "YOU" or "YOUR" shall mean All Risks, Ltd.

2.   The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure. Not by way of limitation, but instead as examples, this means any papers or writings, including drafts, and any mechanical or electronic recordings or records of any kind in YOUR possession, custody or under YOUR control or of which YOU have knowledge, wherever located, whether an original or a copy, including agreements, applications, financial statements, invoices, minutes, memoranda, notes, records, interoffice communications, tape or other recordings, microfilm, microfiche, telegrams, letters, photographs, handwritten notes, drawings, specifications, data, reports, printed matters, publications, computer discs, computer tapes, computer files, offers, binders, proposals or statements. Any copy contained thereon or attached thereto, any alterations, notes, comments, or other material not included in the originals or copies referred to in the preceding sentence, shall be deemed a separate document within the foregoing definition.

3.   The term "concerning" means relating to, referring to, describing, evidencing or constituting.

4.   The term "including" means including without limitation.

5.   The term "person" means any natural person or any business, legal or governmental entity or association.

6.   The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

7.   The term "electronically stored information" is defined to be synonymous in meaning and equal in scope to the usage of the term in F.R.C.P. Rule 34(a). Not by way of limitation, but instead as examples, this means any writings, including drafts, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be in YOUR possession, custody or under YOUR control or of which YOU have knowledge, wherever located, whether an original or a copy. Any copy contained thereon or attached thereto, any alterations, notes, comments, or other material not

DOCUMENT PREPARED ON RECYCLED PAPER

1    included in the originals or copies referred to in the preceding sentence, shall be deemed a

2    separate document within the foregoing definition.

### Interpretation and Construction

4       8.    The use of the singular form of any word includes the plural and vice versa.

5       9.    The term "any" means and shall be construed as "each and every" as necessary to

6    make the request inclusive rather than exclusive.

7       10.   The terms "and" and "or" shall be construed either disjunctively or conjunctively

8    as necessary to bring within the scope of the discovery request all responses that might otherwise

9    be construed to be outside of its scope.

10      11.   The terms "all" and "each" shall be construed as all and each.

### Instructions

12      12.   This request is a continuing one, and YOU are under a continuing duty to correct

13   YOUR responses pursuant to F.R.C.P. Rule 26(e).

14      13.   In producing documents, YOU are requested to furnish all documents known or

15   available to You regardless of whether these documents are possessed directly by YOU, or are in

16   custody or control of YOU or YOUR agents, employees, representatives or investigators.

17      14.   If any document is withheld or communication not identified because of a claim of

18   privilege or work product, YOU must produce a log which states:

19          1.    the nature of the privilege being claimed and;

20          2.    unless divulgence of such information would cause disclosure of allegedly
                  privileged information:

22                (i)    the type of document;

23                (ii)   the general subject matter of the document;

24                (iii)  the date of the document; and

25                (iv)   such other information as is sufficient to identify the document for a
26                       subpoena duces tecum, including, where appropriate, the author of
27                       the document, the addressee of the document, and, where not
                         apparent, the relationship of the author to the addressee, and the
28                       names of all entities that received a copy of the document.

15.  Unless otherwise instructed, the documents requested herein encompass the entire time period from January 1, 2007, through and including September 1, 2007.

16.  All objections and responses to the document requests herein shall be made in writing and delivered to the offices of Fulbright & Jaworski L.L.P., 555 South Flower Street, Los Angeles, California 90071 (attention Douglas W. Stern), within the time period specified by F.R.C.P. 34(b)(2)(A).

17.  Documents produced in response to this request shall be produced in the order in which they are kept in the usual course of business, with all identifying folders, file labels and file drawer or box labels intact.

18.  To the extent that YOU have in YOUR possession, custody or control more than one copy of any particular responsive document, YOU shall produce each and every copy thereof.

### Documents Requested

31.  All documents, communications, and electronic mail that announce Michael P. McGrath's change in employment to All Risks, Ltd.

32.  All documents, communications, and electronic mail making an announcement to any person at Woodruff Sawyer & Company about Michael P. McGrath's business affiliation, which were made between May 1, 2007 and September 1, 2007.

33.  All documents, communications, and electronic mail making an announcement to any person at HUB International about Michael P. McGrath's business affiliation, which were made between May 1, 2007 and September 1, 2007.

34.  All phone records of calls made or received by Michael P. McGrath from All Risks' offices between June 4, 2007 and June 30, 2007.

35.  All documents, communications, electronic mail, and phone records that reflect conversations between Michael P. McGrath and Cindy Marty from April 1, 2007 through June 30, 2007.

36.  Any communications between Michael P. McGrath and Woodruff Sawyer & Company from June 3, 2007 through June 11, 2007.

DOCUMENT PREPARED ON RECYCLED PAPER

70305982.1

- 4 -

1   37. Any communications between Michael P. McGrath and HUB International from

2 June 3, 2007 through June 11, 2007.

3   38. All documents, communications, and electronic mail referring or relating to

4 YOUR seeking business from a former or current client or customer of Crump Insurance

5 Services.

6

7

8 Dated: May 12, 2008     DOUGLAS W. STERN
             **FULBRIGHT & JAWORSKI L.L.P.**

9

10            By _____

11              DOUGLAS W. STERN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

70305982.1

PLAINTIFF CRUMP INSURANCE SERVICES' REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL RISKS, SET TWO

**PROOF OF SERVICE**

I, Martha Delgado, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071. On May 13, 2008, I served a copy of the within document(s): **PLAINTIFF CRUMP INSURANCE SERVICES' REQUEST FOR PRODUCTION OF DOCUMENTS TO ALL RISKS, LTD., SET TWO.**

> **(BY FACSIMILE)** I caused said document to be transmitted electronically to the interested parties at the facsimile numbers as stated above.

X     **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

> **(BY FEDERAL EXPRESS)** I caused the aforementioned document to be placed in an envelope or package designated by Federal Express, with delivery fees fully paid and addressed as stated above.

> **(BY PERSONAL SERVICE)** I caused the aforementioned document to be personally served at the office of interested parties as stated above.

Stephen J. Hirschfeld, Esq.
Donna M. Rutter, Esq.
Zachary P. Hutton , Esq.
CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

70305982.1

- 1 -

DOCUMENT PREPARED ON RECYCLED PAPER

1      I declare that I am employed in the office of a member of the bar of this court at whose

2  direction the service was made.

3      Executed on May 13, 2008, at Los Angeles, California.

4

5

6                           Martha Delgado

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT H

1  STEPHEN J. HIRSCHFELD (SBN 118068)
   DONNA M. RUTTER (SBN 145704)
2  KRISTEN L. WILLIAMS (SBN 232644)
   CURIALE DELLAVERSON HIRSCHFELD
3     & KRAEMER, LLP
   727 Sansome Street
4  San Francisco, CA 94111
   Telephone: (415) 835-9000
5  Facsimile: (415) 834-0443

6  Attorneys for Defendants
   MICHAEL P. MCGRATH and ALL RISKS, LTD.

7

8              IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  CRUMP INSURANCE SERVICES, INC.,        Case No.  C-07-4636 MMC

12              Plaintiff,                  **DEFENDANT ALL RISKS, LTD'S
                                            RESPONSE TO PLAINTIFF'S CRUMP
13  vs.                                     INSURANCE'S REQUEST FOR
                                            PRODUCTION OF DOCUMENTS
14  MICHAEL P. MCGRATH, an individual,      [F.R.C.P. 34]**
    ALL RISKS, LTD., a corporation, and
15  Does 1 through 50, inclusive,

16              Defendants.

17
    **PROPOUNDING PARTY:**      Plaintiff, CRUMP INSURANCE SERVICES
18
    **RESPONDING PARTY:**       Defendant, ALL RISKS, LTD.
19
    **SET NUMBER:**             TWO (2)
20

21

22          **PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

23          Defendant All Risks, Ltd. ("Defendant") hereby responds to Plaintiff Crump Insurance

24  Services ("Plaintiff") Request for Production of Documents (Set Two).  The following responses

25  and objections are made solely for the purposes of this action.  Each response is subject to all

26  objections as to competence, relevance, materiality, propriety, admissibility, and any and all other

27  objections and grounds that would require the exclusion of any statement, if any statements

28  Contained herein were made by a witness present and testifying in court, all of which objections

                                     1

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    and grounds are reserved and may be interposed at the time of trial.

2         Defendant's discovery and investigation has proceeded with diligence but it is,

3    nevertheless, incomplete and continuing. Accordingly, the following responses represent

4    Defendant's current knowledge based on information reasonably available to it, and are as

5    complete as Defendant is now required by law and is able to give. The responses do not,

6    however, contain other facts which may be obtained through ongoing factual investigation,

7    review, analysis, discovery and trial preparation. To the extent these Requests may be construed

8    as requesting more detail, or to the extent Plaintiff contends Defendant's responses are inadequate

9    or incomplete, Defendant objects on the grounds that any further responses at this time would be

10   unduly burdensome, oppressive and require a degree of completeness not required by law.

11   Defendant reserves its right to present additional evidence at trial based on information

12   subsequently obtained or evaluated.

13        Except for explicit facts submitted herein, no incidental or implied admissions are

14   intended hereby. The fact that Defendant has answered or objected to any Request for Production

15   or part thereof should not be taken as an admission that Defendant accepts or admits the existence

16   of any facts set forth or assumed by such Request Production and that such answer or objection

17   constitutes admissible evidence. The fact that Defendant has answered part or all of any Request

18   for Production is not intended, and shall not be construed, to be a waiver by Defendant of all or

19   any part of any objection to any Request for Production.

20        To the extent that any or all of the Requests call for information or material which was

21   prepared in anticipation of litigation or for trial or for information or material covered by the

22   attorney-client privilege or attorney work-product doctrine or which constitutes information or

23   material which is privileged or related to confidential trade secrets or privacy (including freedom

24   of association and financial privacy), Defendant objects to each and every such Request for

25   Production and thus will not supply or render any information or material protected from

26   discovery by virtue of the work-product doctrine, the attorney-client privilege, or trade secret

27   and/or privacy privileges.

28   ///

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

1   The above-stated objections are hereby made applicable to each and all of these Requests

2   for Production and are hereby, as to each and all of them, incorporated by reference as if fully set

3   forth therein.

4

5   **REQUEST FOR PRODUCTION OF DOCUMENTS**

6   **REQUEST FOR PRODUCTION NO. 31:**

7   All documents, communications, and electronic mail that announce Michael P. McGrath's

8   change in employment to All Risks, Ltd.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

10   Defendant objects to this request as overly broad as to the time and scope. Defendant

11   further objects that this response seeks to violate constitutional, statutory, and/or common law

12   privacy rights of third parties not party to this litigation. Subject to and without waiving the

13   foregoing, Defendant All Risks responds as follows: Defendant All Risks has produced all

14   documents responsive to this request as they relate to announcements to all retailers in its

15   possession, custody, or control that it deems are responsive to this request for the time period of

16   McGrath's first month at All Risks (i.e. through the final business day of June 2007 – June 29th)

17   on June 10, 2008 at the deposition of Mr. Cortezi.

18   **REQUEST FOR PRODUCTION NO. 32:**

19   All documents, communications, and electronic mail making an announcement to any

20   person at Woodruff Sawyer & Company about Michael P. McGrath's business affiliation, which

21   were made between May 1, 2007 and September 1, 2007.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

23   Defendant objects to this request as overly broad. Defendant objects to this request as it

24   seeks confidential, proprietary or trade secret information. Defendant further object that this

25   response seeks to violate constitutional, statutory, and/or common law privacy rights of third

26   parties not party to this litigation. Subject to and without waiving the foregoing, Defendant All

27   Risks responds as follows: Defendant All Risks has produced all documents responsive to this

28   request in its possession, custody, or control that it deems are responsive to this request for the

3

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   time period of McGrath's first month at All Risks (i.e. through the final business day of June
2   2007 – June 29th) on June 10, 2008 at the deposition of Mr. Cortezi.

3   **REQUEST FOR PRODUCTION NO. 33:**

4       All documents, communications, and electronic mail making an announcement to any
5   person at HUB International about Michael P. McGrath's business affiliation, which were made
6   between May 1, 2007 and September 1, 2007.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

8       Defendant objects to this request as overly broad.  Defendant objects to this request as it
9   seeks confidential, proprietary or trade secret information.  Defendant further object that this
10  response seeks to violate constitutional, statutory, and/or common law privacy rights of third
11  parties not party to this litigation.  Subject to and without waiving the foregoing, Defendant All
12  Risks responds as follows: Defendant All Risks has produced all documents responsive to this
13  request in its possession, custody, or control that it deems are responsive to this request for the
14  time period of McGrath's first month at All Risks (i.e. through the final business day of June
15  2007 – June 29th) on June 10, 2008 at the deposition of Mr. Cortezi.

16  **REQUEST FOR PRODUCTION NO. 34:**

17      All phone records of calls made or received by Michael P. McGrath from All Risks'
18  offices between June 4, 2007 and June 30, 2007.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

20      Defendant objects to this request as overly broad.  Defendant objects to this request as it
21  seeks confidential, proprietary or trade secret information.  Defendant further object that this
22  response seeks to violate constitutional, statutory, and/or common law privacy rights of third
23  parties not party to this litigation.

24  **REQUEST FOR PRODUCTION NO. 35:**

25      All documents, communications, electronic mail, and phone records that reflect
26  conversations between Michael P. McGrath and Cindy Marty from April 1, 2007 through June
27  30, 2007.

28  ///

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

2       Defendant objects to this request as overly broad and unduly burdensome.  Defendant

3 further objects that this response seeks to violate constitutional, statutory, and/or common law

4 privacy rights of third parties not party to this litigation.

5 **REQUEST FOR PRODUCTION NO. 36:**

6       Any communications between Michael P. McGrath and Woodruff Sawyer & Company

7 from June 3, 2007 through June 11, 2007.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

9       Defendant objects to this request as overly broad and unduly burdensome.  Defendant

10 objects to this request as it seeks information that is neither relevant to this action nor reasonably

11 calculated to lead to the discovery of admissible evidence.  Defendant objects to this request as it

12 seeks confidential, proprietary or trade secret information.  Defendant further objects that this

13 response seeks to violate constitutional, statutory, and/or common law privacy rights of third

14 parties not party to this litigation.

15 **REQUEST FOR PRODUCTION NO. 37:**

16       Any communications between Michael P. McGrath and HUB International from June 3,

17 2007 through June 11, 2007.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

19       Defendant objects to this request as overly broad and unduly burdensome.  Defendant

20 objects to this request as it seeks information that is neither relevant to this action nor reasonably

21 calculated to lead to the discovery of admissible evidence.  Defendant objects to this request as it

22 seeks confidential, proprietary or trade secret information.  Defendant further objects that this

23 response seeks to violate constitutional, statutory, and/or common law privacy rights of third

24 parties not party to this litigation.

25 **REQUEST FOR PRODUCTION NO. 38:**

26       All documents, communications and electronic mail referring or relating to YOUR

27 seeking business from a former or current client or customer of Crump Insurance Services.

28 ///

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S RFPD, SET TWO
CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

2        Defendant objects to this request as overly broad as time and scope and unduly

3   burdensome. Defendant objects to this request as it seeks information that is neither relevant to

4   this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant

5   further objects to this request as vague and ambiguous as to the phrase "seeking business from a

6   former or current client or customer of Crump Insurance Services" making a response impossible

7   without speculation as to the true meaning of the phrase or whether Defendant is actually aware

8   of Crump's clients or customers. Defendant objects to this request as it seeks confidential,

9   proprietary or trade secret information. Defendant further objects that this response seeks to

10   violate constitutional, statutory, and/or common law privacy rights of third parties not party to

11   this litigation.

12

13

14   Dated: June 12, 2008                CURIALE DELLAVERSON HIRSCHFELD
                                      & KRAEMER, LLP

15

16                   By: _Kristen L. Williams_

17                          Stephen J. Hirschfeld

                            Donna M. Rutter

18                        Kristen L. Williams

             Attorneys for Defendants

19            MICHAEL P. MCGRATH and ALL RISKS,
           LTD.

20

21

22

23

24

25

26

27

28

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S RFPD, SET TWO
CASE NO. C-07-4636 MMC

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am a resident of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On June 12, 2008, I served the following document(s) by the method indicated below:

> **DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP INSURANCE'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO [F.R.C.P. 34]**

☐     by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒     by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐     by sending the documents electronically through email to the address listed below.

☒     **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Mark S. Askanas
Dylan B. Carp
Tara L. Riedley
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Tel: (415) 394-9400
Fax: (415) 394-9401

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on June 12, 2008 at San Francisco, California.

_____
Angelique Pierre

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S RFPD, SET TWO
CASE NO. C-07-4636 MMC

# EXHIBIT I

# jackson|lewis
Attorneys at Law

Representing Management Exclu...   ...n Workplace Law and Related Litigation

Jackson Lewis LLP
199 Fremont Street
10th Floor
San Francisco, California 94105
Tel  415 394-9400
Fax  415 394-9401
www.jacksonlewis.com

| | |
|---|---|
| ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
| LONG ISLAND, NY | PITTSBURGH, PA | |

# FAX

**To:**            Kristen L. Williams, Esq.
**Company:**    Curiale Dellaverson Hirschfeld & Kraemer
**Fax:**           415-834-0443                **Tel #:**   415-835-9000
**From:**         Dylan B. Carp, Esq.
**Sender:**       Bryana Schroder
**Subject:**      Crump/McGrath
**Date:**         June 20, 2008
**Client/Matter #:**  124452/1219
**Pages:**        2
**Original:**     _____ Will Follow   __X__ Will Not Follow

**MESSAGE:**

---

Please contact BRYANA SCHRODER (415-394-9400, Ext. 6312) if there are any problems with this transmission.

---

**Confidentiality Note:** This facsimile contains privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this facsimile is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Representing Management Ex...._vely in Workplace Law and Related Litigation

# jackson | lewis
Attorneys at Law

**Jackson Lewis LLP**
**199 Fremont Street**
**10th Floor**
**San Francisco, California 94105**
**Tel 415 394-9400**
**Fax 415 394-9401**
**www.jacksonlewis.com**

| | | |
|---|---|---|
| ATLANTA, GA | LONG ISLAND, NY | PORTLAND, OR |
| BIRMINGHAM, AL | LOS ANGELES, CA | PROVIDENCE, RI |
| BOSTON, MA | MIAMI, FL | RALEIGH-DURHAM, NC |
| CHICAGO, IL | MINNEAPOLIS, MN | RICHMOND, VA |
| CLEVELAND, OH | MORRISTOWN, NJ | SACRAMENTO, CA |
| DALLAS, TX | NEW ORLEANS, LA | SAN FRANCISCO, CA |
| DENVER, CO | NEW YORK, NY | SEATTLE, WA |
| DETROIT, MI | ORANGE COUNTY, CA | STAMFORD, CT |
| GREENVILLE, SC | ORLANDO, FL | WASHINGTON, DC REGION |
| HARTFORD, CT | PHILADELPHIA, PA | WHITE PLAINS, NY |
| HOUSTON, TX | PHOENIX, AZ | |
| LAS VEGAS, NV | PITTSBURGH, PA | |

June 20, 2008

**VIA FACSIMILE**

Kristen L. Williams, Esq.
Curiale Dellaverson Hirschfeld & Kraemer, LLP
727 Sansome Street
San Francisco, CA 9111

Re:   Crump Insurance Services, Inc. v. McGrath,
      N.D. Cal. Case No. C-07-4636 MMC

Dear Ms. Williams:

This requests a meet and confer regarding Defendant All Risks, LTD's Response to Plaintiff's Request for Production of Documents, Set 2, RFP Nos. 36 and 37. These requests seek communications between McGrath and Woodruff Sawyer & Company and HUB International from June 3 through June 11, 2007. These are not overly broad because this is the pertinent time period for Plaintiff's allegations that McGrath used confidential Crump information to solicit business on behalf of All Risks. We doubt that locating and producing all responsive documents would be unduly burdensome. The parties have negotiated a protective order to govern the discovery of confidential and proprietary information. Please provide us with a log for any documents or information responsive to this request that you are withholding or redacting. We suspect that any valid privacy objection would be outweighed by our need to know the information.

We would like to discuss this issue when we discuss the other issues addressed in our correspondence over the last few days.

Very truly yours,

JACKSON LEWIS LLP

Dylan B. Carp

DBC/BCS

# EXHIBIT J

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

SAN FRANCISCO

727 SANSOME STREET

SAN FRANCISCO

CALIFORNIA

94111

TELEPHONE

(415) 835-9000

FAX

(415) 834-0443

LOS ANGELES

THE WATER GARDEN

2425 OLYMPIC BOULEVARD

SUITE 550 EAST TOWER

SANTA MONICA

CALIFORNIA

90404

TELEPHONE

(310) 255-0705

FAX

(310) 255-0986

RENO

5450 LONGLEY LANE

RENO

NEVADA

89511

TELEPHONE

(775) 826-7100

FAX

(775) 827-9256

E-MAIL

info@cdhklaw.com

WEB SITE

www.cdhklaw.com

June 23, 2008

KRISTEN L. WILLIAMS
Direct Dial: (415) 835-9051
kwilliams@cdhklaw.com

**VIA FACSIMILE (415) 394-9401**

Dylan B. Carp, Esq.
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

> **Re:** **Crump Insurance v. All Risks, Ltd. & Michael McGrath**

Dear Mr. Carp:

This letter is in response to your June 20th letter requesting to meet and confer as to Defendant All Risks' responses to Plaintiff's Request for Production Nos. 36 and 37.

Defendant will not be producing documents responsive to this request. Defendant has already produced all announcement emails between McGrath and representatives of Woodruff Sawyer and/or HUB International for the time period of June 4, 2008 through June 29, 2008 – these are the communications that go to the heart of Plaintiff's claims. All other communications between McGrath and a HUB or Woodruff representative beyond McGrath's announcement regarding his change in employment is irrelevant to Plaintiff's claims and is clearly overly broad. As such, Plaintiff's request for additional communications that would be encompassed by Request for Production Nos. 36 and 37 seek confidential, proprietary, and trade secret information (i.e., the terms and conditions of the agreements reached between HUB/Woodruff and All Risks). Not only is this information confidential and proprietary to All Risks it is also confidential and proprietary to HUB International and Woodruff Sawyer.

Very truly yours,

*Kristen L. Williams*

Kristen L. Williams

KLW/ap

4821-4249-9842

# CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

## FACSIMILE TRANSMITTAL SHEET

**DATE:**   June 23, 2008

| | | |
|---|---|---|
| **TO:** | **FAX NO.:** | **PHONE NO.:** |
| Dylan B. Carp | (415) 394-9401 | (415) 394-9400 |
| JACKSON LEWIS LLP | | |

**FROM:**   Kristen L. Williams    **PHONE:**    (415) 835-9051

**RE:**   Crump v. Michael P. McGrath and All Risks, LTD

**CLIENT/MATTER NUMBER:**   60170.002

**NUMBER OF PAGES WITH COVER PAGE:**   2    Originals Will Not Follow in Regular Mail

**MESSAGE:**

Please see attached letter.

### CAUTION - CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.**

Confirmation Report — Memory Send

Page       : 001
Date & Time: 23-06-08   12:53pm
Line 1     : +415 834 0443
Line 2     : +415 834 0443
Machine ID : CURIALE DELLAVERSON, et al.

Job number              :   643

Date                    :   23-06   12:50pm

To                      : ☎3949401

Number of pages         :   002

Start time              :   23-06   12:50pm

End time                :   23-06   12:51pm

Pages sent              :   002

Status                  :   OK

Job number      : 643           *** SEND SUCCESSFUL ***

# CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

## FACSIMILE TRANSMITTAL SHEET

DATE:    June 23, 2008

TO:                          FAX NO.:              PHONE NO.:
Dylan B. Carp                (415) 394-9401        (415) 394-9400
JACKSON LEWIS LLP

FROM:    Kristen L. Williams      PHONE:      (415) 835-9051

RE:      Crump v. Michael P. McGrath and All Risks, LTD

CLIENT/MATTER NUMBER:    60170.002

NUMBER OF PAGES WITH COVER PAGE:    2      Originals Will Not Follow in Regular Mail

MESSAGE:
  Please see attached letter.

### CAUTION – CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL
ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 - (415) 834-0443

4839-1498-4194

# EXHIBIT K

1
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF CALIFORNIA.

2
CRUMP INSURANCE SERVICES, INC.,  *    Case No. C-07-4636 MMC
3                                    *
        Plaintiff,                   *
4                                    *
vs.                                  *
5                                    *
MICHAEL P. MCGRATH, an               *    
6   individual, ALL RISKS, LTD., a   *
    corporation, and Does 1          *
7   through 50, inclusive,           *
                                     *
8       Defendants.                  *

9

10

11

12   ************************************************************

13          VIDEO DEPOSITION OF GLENN HARGROVE

14   ************************************************************

15

16

17       ANSWERS AND DEPOSITION OF GLENN HARGROVE, produced as

18   a witness at the instance of the Defendants Michael P.

19   McGrath and All Risks, Ltd., taken in the above-styled and

20   -numbered cause on the 17th day of June, 2008, A.D.,

21   beginning at 11:14 a.m., before Lisa Smith, a Certified

22   Shorthand Reporter in and for the State of Texas, in the

23   offices of LBJ Corridor, located at 3010 LBJ Freeway, Suite

24   1200, Dallas, Texas, in accordance with the Federal Rules

25   of Civil Procedure and the agreement hereinafter set forth.

Esquire Deposition Services      505 Sansome Street Suite 502      San Francisco, C.A. 94111
Phone (415) 288-4280                  1-800-770-3363                    Fax (415) 288-4286

101

1               MR. ASKANAS:  Can you just repeat the -- I'm

2     sorry.

3               MS. RUTTER:  Sure.

4               MR. ASKANAS:  Could you read the question?  I

5     wasn't quite following it.  Ms. Court Reporter?

6               THE REPORTER:  Sure.  Yes.

7               (Requested portion was read.)

8               MR. ASKANAS:  Okay.  You can answer the

9     question.

10        A.  Some do, some don't.  It's not always, but some --

11    there's a component of -- of revenue with -- with some of

12    the brokers, yes.

13        Q.  (BY MS. RUTTER) And what is the determining factor

14    in terms of whether or not Crump is gonna compensate them

15    based on the percentage of revenue that they generate?

16        A.  It's individual negotiations with each employee.

17    It's of how those -- those contracts are worded and how

18    they're negotiated.

19        Q.  Okay.  So in regards to Mr. Binkelman -- and I'm

20    not asking you for the dollar amount, but was he -- when he

21    was hired at Crump, was his compensation based on a

22    percentage of revenue that he was gonna generate for that

23    first year at Crump?

24               MR. ASKANAS:  I'm gonna object and instruct

25    you not to answer the question.  That's proprietary

102

1    information.

2                    MS. RUTTER:  You're instructing him not to

3    answer on the grounds of proprietary?

4                    MR. ASKANAS:  Confidential proprietary trade

5    secret information, yes.

6                    MS. RUTTER:  Is there any other grounds?

7                    MR. ASKANAS:  That's all I can think of right

8    now.

9                    MS. RUTTER:  Privacy?  Are you objecting on

10   the grounds of privacy and proprietary?

11                   MR. ASKANAS:  If you think I should add

12   privacy to that litany, I certainly will.

13                   MS. RUTTER:  Okay.

14        Q.  Now, Mr. Hargrove, before we broke for lunch, you

15   identified for me certain categories of information, I

16   guess, that you termed had value to Crump and I want to go

17   through that list now and make sure I understand what you

18   mean by that.  The first one you identified was customer

19   list.  What are you referring to there, sir?

20        A.  The retailers with whom Crump did business.

21        Q.  Okay.  So you're referring to the actual names of

22   the retailers?

23        A.  Yes.

24        Q.  Okay.  And the names of the retailers that the

25   brokers while working at Crump did business with?

```
 1      STATE OF TEXAS )

 2          I, Lisa Smith, a Certified Shorthand Reporter in and

 3      for the State of Texas, do hereby certify that, pursuant to

 4      the agreement hereinbefore set forth, there came before me

 5      on the 17th day of June, A.D., 2008, at 11:14 a.m., at the

 6      offices of LBJ Corridor, located at 3010 LBJ Freeway, Suite

 7      1200, in the City of Dallas, State of Texas, the following

 8      named person, to wit:  GLENN HARGROVE, who was by me duly

 9      cautioned and sworn to testify the truth, the whole truth

10      and nothing but the truth, of his knowledge touching and

11      concerning the matters in controversy in this cause; and

12      that he was thereupon carefully examined upon his oath, and

13      his examination was reduced to writing under my

14      supervision; that the deposition is a true record of the

15      testimony given by the witness, same to be sworn to and

16      subscribed by said witness before any Notary Public,

17      pursuant to the agreement of the parties; and that the

18      amount of time used by each party at the deposition is as

19      follows:

20               Ms. Rutter - 04 hours, 29 minutes,

21               Mr. Askanas - 00 hours, 00 minutes.

22          I further certify that I am neither attorney or

23      counsel for, nor related to or employed by, any of the

24      parties to the action in which this deposition is taken,

25      and further that I am not a relative or employee of any
```

187

1   attorney or counsel employed by the parties hereto, or

2   financially interested in the action.

3       I further certify that, before completion of the

4   deposition, the Deponent _____, and/or the

5   Plaintiff/Defendant _____, did _____ did not _____ request

6   to review the transcript.

7       In witness whereof, I have hereunto set my hand and

8   affixed my seal this _____ day of _____, A.D.,

9   2008.

10

11      JUN 2 7 2008      LISA SMITH, CSR 7491

12                        Expiration Date: 12/31/2009
                          Esquire Deposition Services

13                        Firm Registration No. 286
                          1700 Pacific Avenue, Suite 4750

14                        Dallas, Texas  75201
                          (214) 257-1436

15

16

17

18

19

20

21

22

23

24

25

188

Esquire Deposition Services        505 Sansome Street Suite 502        San Francisco, C.A. 94111
Phone (415) 288-4280                    1-800-770-3363                    Fax (415) 288-4286

# EXHIBIT L

**Defendants' Confidentiality Privacy Log**
*Crump Insurance v. All Risks, Ltd. Michael McGrath,*
USDC (N. Cal) CASE No. C-07-4636 MMC

| Bates Range Start | Bates Range End | Document Type | Subject | Author | Recipient | Cc | Document Date | Privilege / Confidentiality / Privacy | Page Count | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| CONFALL00001 | CONFALL00002 | Email string | Self Directed Broker Agreement | Lassen, Jack | Nichols, Matt; Cortezi | | Undated | Confidential Proprietary Information / Privacy Rights | 2 | Defense counsel's office |
| CONFALL00003 | CONFALL00012 | Draft Agreement | Self Directed Compensation Agreement | Not Signed | | | 7/1/2006 | Confidential Proprietary Information / Privacy Rights | 10 | Defense counsel's office |
| CONFALL00013 | CONFALL00015 | Draft Plan | Self Directed Broker Plan | Not Signed | | | Undated | Confidential Proprietary Information / Privacy Rights | 3 | Defense counsel's office |
| CONFALL00016 | CONFALL00048 | Draft Agreement | Property Practice Leader Compensation Agreement (between All Risks and Michael McGrath) | Not Signed | | | Undated | Confidential Proprietary Information / Privacy Rights | 33 | Defense counsel's office |
| CONFALL00049 | CONFALL00077 | Agreement | Property Practice Leader Compensation Agreement (between All Risks and Michael McGrath) | All Risks | | | 6/4/2007 | Confidential Proprietary Information / Privacy Rights | 29 | Defense counsel's office |
| CONFALL00078 | CONFALL00107 | Draft Agreement | Property Practice Leader Compensation Agreement (between All Risks and Michael McGrath) | Not Signed | | | Undated | Confidential Proprietary Information / Privacy Rights | 30 | Defense counsel's office |

**Defendants' Confidentiality Privacy Log**
*Crump Insurance v. All Risks, Ltd. Michael McGrath,*
USDC (N. Cal) CASE No. C-07-4636 MMC

| Bates Range Start | Bates Range End | Document Type | Subject | Author | Recipient | Cc | Document Date | Privilege / Confidentiality / Privacy | Page Count | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| CONFALL00108 | CONFALL00108 | Email string | Agreement | Brown, George (Kramon & Graham, PA) | Nichols, Matt; Lassen, Jack; Andrews, Phillip (Kramon & Graham, PA) | | 5/31/2007 | Attorney-Client & Work Product; Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |
| CONFALL00109 | CONFALL00109 | Email string | Cyndi's Agreement | Cortezi, Nick | McGrath, Michael | | 5/30/2007 | Attorney-Client; Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |
| CONFALL00110 | CONFALL00110 | Email string | Cyndi Agreement | Cortezi, Nick | Andrews, Phillip (Kramon & Graham, PA); Brown, George (Kramon & Graham, PA) | Nichols, Matt; Lassen, Jack; McGrath, Michael | 5/31/2007 | Attorney-Client; Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |
| CONFALL00111 | CONFALL00111 | Email string | Self Directed Broker Plan | Nichols, Matt | Cortezi, Nick; Lassen, Jack | | 5/24/2007 | Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |
| CONFALL00112 | CONFALL00112 | Memo | Employment Agreement Re Cyndi Marty | Not Signed | | | Undated | Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |
| CONFALL00113 | CONFALL00113 | Exhibit | McGrath Agreement | Not Signed | | | Undated | Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |
| CONFALL00114 | CONFALL00142 | Draft Agreement | Senior Broker Compensation Agreement (between All Risks and Cyndi Marty) | | | | Undated | Confidential Proprietary Information / Privacy Rights | 29 | Defense counsel's office |

Page 3

**Defendants' Confidentiality Privacy Log**
*Crump Insurance v. All Risks, Ltd. Michael McGrath,*
USDC (N. Cal) CASE No. C-07-4636 MMC

| Bates Range Start | Bates Range End | Document Type | Subject | Author | Recipient | Cc | Document Date | Privilege / Confidentiality / Privacy | Page Count | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| CONFALL00143 | CONFALL00163 | Confidential Draft Agreement | Senior Broker Compensation Draft Agreement (between All Risks and Cyndi Marty) | Not Signed | | | 6/4/2007 | Confidential Proprietary Information / Privacy Rights | 21 | Defense counsel's office |
| CONFALL00164 | CONFALL00184 | Confidential Draft Agreement | Senior Broker Compensation Agreement (between All Risks and Cyndi Marty) | Not Signed | | | 6/4/2007 | Confidential Proprietary Information / Privacy Rights | 21 | Defense counsel's office |
| CONFALL00185 | CONFALL00212 | Draft Agreement | Senior Broker Compensation Agreement (between All Risks and Cyndi Marty) | Not Signed | | | Undated | Confidential Proprietary Information / Privacy Rights | 28 | Defense counsel's office |
| CONFALL00213 | CONFALL00275 | Agreement | Senior Broker Compensation Agreement (between All Risks and Cyndi Marty) | All Risks | | | 7/1/2007 | Confidential Proprietary Information / Privacy Rights | 63 | Defense counsel's office |
| CONFALL00276 | CONFALL00293 | Draft Agreement | Senior Broker Compensation Agreement (between All Risks and Cyndi Marty) | Not Signed | | | Undated | Confidential Proprietary Information / Privacy Rights | 18 | Defense counsel's office |
| CONFALL00294 | CONFALL00311 | Draft Agreement | Senior Broker Compensation Agreement (between All Risks and Cyndi Marty) | Not Signed | | | Undated | Confidential Proprietary Information / Privacy Rights | 18 | Defense counsel's office |

**Defendants' Confidentiality Privacy Log**
*Crump Insurance v. All Risks, Ltd. Michael McGrath,*
USDC (N. Cal) CASE No. C-07-4636 MMC

| Bates Range Start | Bates Range End | Document Type | Subject | Author | Recipient | Cc | Document Date | Privilege / Confidentiality / Privacy | Page Count | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| CONFALL00312 | CONFALL00328 | Draft Agreement | Senior Broker Compensation Agreement (between All Risks and Cyndi Marty) | Not Signed | | | Undated | Confidential Proprietary Information / Privacy Rights | 17 | Defense counsel's office |

# EXHIBIT M

CURIALE

DELLAVERSON

HIRSCHFELD

& KRAEMER

LLP

SAN FRANCISCO

727 SANSOME STREET

SAN FRANCISCO

CALIFORNIA

94111

TELEPHONE

(415) 835-9000

FAX

(415) 834-0443

LOS ANGELES

THE WATER GARDEN

2425 OLYMPIC BOULEVARD

SUITE 550 EAST TOWER

SANTA MONICA

CALIFORNIA

90404

TELEPHONE

(310) 255-0705

FAX

(310) 255-0986

RENO

5450 LONGLEY LANE

RENO

NEVADA

89511

TELEPHONE

(775) 826-7100

FAX

(775) 827-9256

E-MAIL

info@cdhklaw.com

WEB SITE

www.cdhklaw.com

June 25, 2008

KRISTEN L. WILLIAMS
Direct Dial: (415) 835-9051
kwilliams@cdhklaw.com

**VIA FACSIMILE & U.S. MAIL (415) 394-9401**

Dylan B. Carp, Esq.
Jackson Lewis LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105

Re:    **Crump Insurance v. All Risks, Ltd. & Michael McGrath**

Dear Mr. Carp:

As promised, I am enclosing the following:

1. Additional responsive document, bates numbered ALL000043;

2. Documents that have been unredacted to reveal Cyndi Marty's name, bates numbered, ALL000010, ALL000013, ALL000014, ALL000015, ALL000016, ALL000018, ALL000019, and ALL000020; and

3. Defendants' Privilege Log.

As always, please let me know if you have any questions.

Very truly yours,

*Kristen L. Williams*

Kristen L. Williams

KLW/ap

4848-8590-3106
6/25/08 05:05 PM

From:       Bret Lawrence [blawrence@wsandco.com]
Sent:       Thursday, June 07, 2007 7:42 AM
To:         Mike McGrath
Subject:    RE: Contact Information

Thanks, Mike. I'll pass this along.

Look forward to working with you soon.

Bret

-----Original Message-----
From: Mike McGrath [mailto:MMCGRATH@allrisks.com]
Sent: Wednesday, June 06, 2007 4:14 PM
To: Bret Lawrence
Subject: Contact Information

Bret:

Hope all is well. My new contact information.

All Risks of California Insurance Services, LLC
101 California St. Suite 3180
San Francisco, Ca 94111

T-415-343-2400x114

Cell -415-308-2308

**Please pass this information along to others**

Thanks and look forward to doing business in the future.

Mike

This email is intended for the addressee shown. It contains information that is confidential
and protected from disclosure. Any dissemination or use of this transmission or its contents
by unintended persons is strictly prohibited. If this email relates to placement of coverage
through All Risks, please note that no coverage will be bound and no changes without a
written "Confirmation of Insurance", Binder, Endorsement or Reinstatement from our office.
Coverage cannot be assumed if you do not receive one of the aforementioned notices.

1

ALL 000043

Couple of thoughts on paper......

Regards,

Mike

*Nick Cortezi <NCORTEZI@allrisks.com>* wrote:

> Looking forward to dinner- would you let me know Cyndi's total comp numbers so that I can work them into the equation?
> Thanks,
> Nick
>
> Nick Cortezi
> CEO
> All Risks, Ltd.
> 10150 York Road, 5th Floor
> Hunt Valley, MD 21030
> Phone- 410-828-5810 ext. 3013
> Fax- 410-828-8179
> ncortezi@allrisks.com
>
> **From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
> **Sent:** Monday, May 07, 2007 2:52 PM
> **To:** Nick Cortezi
> **Subject:**
>
> Nick:
> Good to go with Cyndi on the 16th at Cosmo's –6ish.
> Couple of items
>
> Years-5 year firm/6 preferred.(my own comfort)
> If bought out I can cash out.(paid in full)
> Deferred compensation(you have the amount and shares of current company**need to consider**
> Not interested in taking a cut in pay. The latter amount suggested is min. on our conversation.
> Some things to look forward too. If does not look good then no problem. Let me know so we are not sitting at the table by ourselves.
> Need to look into Cyndi and guarantee for min of 3 yr. Salary plus bonus.
> Otherwise will not be interested.
>
> *Michael McGrath*
> Executive Vice President
> Crump Insurance Services – San Francisco
> 415-537-2308(direct)
> 415-986-4553(Fax)
> This email is intended for the addressee shown. It contains information that is confidential and protected from disclosure. Any dissemination or use of this transmission or its contents by unintended persons is strictly prohibited. If this email relates to placement of coverage through All Risks, please note that no coverage will be bound and no changes without a written "Confirmation of Insurance", Binder, Endorsement or Reinstatement from our office. Coverage cannot be assumed if you do not receive one of the aforementioned notices.

12/5/2007

ALL000010

Regards,

Mike

**Nick Cortezi <NCORTEZI@allrisks.com> wrote:**

Looking forward to dinner- would you let me know Cyndi's total comp numbers so that I can work them into the equation?
Thanks,
Nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

---

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Monday, May 07, 2007 2:52 PM
**To:** Nick Cortezi
**Subject:**

Nick:
Good to go with Cyndi on the 16th at Cosmo's –6ish.
Couple of items

Years-5 year firm/6 preferred(my own comfort)
if bought out I can cash out.(paid in full)
Deferred compensation(you have the amount and shares of current company**need to consider**
Not interested in taking a cut in pay.  The latter amount suggested is min. on our conversation.
Some things to look forward too.  If does not look good then no problem. Let me know so we are not sitting at the table by ourselves.
Need to look into Cyndi and guarantee for min of 3 yr. Salary plus bonus.
 Otherwise will not be interested.

*Michael McGrath*
Executive Vice President
Crump Insurance Services – San Francisco
415-537-2308(direct)
415-986-4553(Fax)
This email is intended for the addressee shown. It contains information that is confidential and protected from disclosure. Any dissemination or use of this transmission or its contents by unintended persons is strictly prohibited. If this email relates to placement of coverage through All Risks, please note that no coverage will be bound and no changes without a written "Confirmation of Insurance", Binder, Endorsement or Reinstatement from our office. Coverage cannot be assumed if you do not receive one of the aforementioned notices.

12/4/2007

NC-6-5-07

| | |
|---|---|
| **From:** | Nick Cortezi |
| **Sent:** | Tuesday, May 22, 2007 12:27 PM |
| **To:** | Matt Nichols |
| **Subject:** | FW: |

FYI- will discuss when I return. nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone– 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Tuesday, May 22, 2007 11:45 AM
**To:** Nick Cortezi
**Subject:** RE:

Nick:
Thought it would easier to see in writing what we would be talking about for us to consider a move. Thanks again for dinner; we both had a good time.

As mentioned earlier we are set and comfortable for a min of 5-6 years based on acquistion of Bysis and overall plan for JC Flowers.  Our main point besides salary is a committment for 6 years.  Based on our revenue projections for this year and next we would need the following:
6 Year Deal
Mike-Redacted min
Cyndi.Redacted min
Sign on Bonus-Redacted  (combined) of which Redacted  is my deferred compesation plan and shares of JC Flowers.  We would also like to see the compensation plan as the above mentioned salaries are minimum(we fully expect to hit our bonus plan.)

**also have the usual parking, gas, and club dues(Golf) picked up on expense account.**

Does not make sense for us to move anywhere if the years and salaries are not guarenteed.

Couple of thoughts on paper......

Regards,

Mike

12/4/2007

ALL000014

*Nick Cortezi <NCORTEZI@allrisks.com>* wrote:

Looking forward to dinner- would you let me know Cyndi's total comp numbers so that I can work them into the equation?
Thanks,
Nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

---

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Monday, May 07, 2007 2:52 PM
**To:** Nick Cortezi
**Subject:**

Nick:
Good to go with Cyndi on the 16th at Cosmo's –6ish.
Couple of items

Years-5 year firm/6 preferred(my own comfort)
If bought out I can cash out.(paid in full)
Deferred compensation(you have the amount and shares of current company**need to consider**
Not interested in taking a cut in pay.  The latter amount suggested is min. on our conversation.
Some things to look forward too.  If does not look good then no problem. Let me know so we are not sitting at the table by ourselves.
Need to look into Cyndi and guarantee for min of 3 yr. Salary plus bonus.
 Otherwise will not be interested.


*Michael McGrath*

Executive Vice President
Crump Insurance Services - San Francisco
415-537-2308(direct)
415-986-4553(Fax)
This email is intended for the addressee shown. It contains information that is confidential and protected from disclosure. Any dissemination or use of this transmission or its contents by unintended persons is strictly prohibited. If this email relates to placement of coverage through All Risks, please note that no coverage will be bound and no changes without a written "Confirmation of Insurance", Binder, Endorsement or Reinstatement from our office. Coverage cannot be assumed if you do not receive one of the aforementioned notices.

12/4/2007

ALL000015

**NC-6-5-07**

**From:**   Nick Cortezi

**Sent:**   Wednesday, May 23, 2007 4:57 PM

**To:**   Matt Nichols

**Subject:** would you proof this overnight and give me some feedback? Rough Draft

Mike-

You have a deal.

We will guarantee you and Cyndi at the following salaries for 6 years:

You- Redacted

Cyndi- Redacted

The employment contract will require you to exercise your best efforts on our behalf, and the only provisions that might waive our obligation to pay would be disability (we would put the same long term disability in place that you have now- let us know the details), death (we will put insurance policies in place to offset our obligation to you which would pay your estates in the event that you expire before the agreement does), and for cause (which will be described in detail and relate specifically to illegal or criminal actions that either of you may take which jeopardize your abilities to work in the business). Cyndi will report to you, and the one codicil is that her guarantee will able to be waived by you in the event that you determine that she is not meeting your expectations.

We will pay a sign on bonus of Redacted   in the form of an interest free loan to you which will be forgiven over the next 6 years at Redacted   per year. In the event that you leave the contract either voluntarily or as a result of the disability, death of for cause, you will have to repay us the portion of the note which has not been forgiven.

We will pick up reasonable parking, gas, club dues, etc. I trust that you will be fair with us.

Your role will be Property Practice Leader- West Coast. Cyndi will join us as a Senior Broker. We don't do the title thing and we recognize our brokers as Brokers or Senior Brokers. Once an individual broker exceeds Redacted   h retained, they are made a VP of the company in an non administrative sense, but in the interests of fairness, they have to do it while at All Risks.

From a P&L standpoint, you will be a carve out direct to Home office. This insulates you and Paul from the pressure on his P&L in the first years. When things work out financially over the coming years, we will look to roll it into the San Fran P&L, so that it is a win win for everyone.

Our office at 101 California has two great offices available for you and Cyndi (best views in the company, countrywide).

Bonus over and above salary will be earned as follows:

Year 1- 25% of Revenues over $

Year 2- 25% of Revenues over $ Redacted

Year 3- 25% of Revenues over $

Support salaries and support bonus would be subtracted from Bonus amounts to determine the final bonus amount. We would not be deducting for reasonable travel and entertainment.

Years 4,5,6 we have two options that we can make available to you-

Option 1-

We guarantee your salaries 100%. Years 4,5,6 your bonus is based on the Broker Bonus plan (which is in force countrywide). A copy is attached. In essence we would pay you 45% of revenues less Redacted   (your and Cyndi's fixed costs) less support costs (your additional support salaries and support bonus)- any overage would be your bonus. In no event would this number be less than the Redacted   that represents your salaries combined. Note that our bonus plan increases the % paid to you to 47.5% once your exceed Redacted   and this goes back to the first dollar. When you break 2MM, this generates immediate and meaningful impact.

12/4/2007

ALL000018

**Option 2-**
We agree to pay your salaries dollar for dollar up to Redacted    In other words, as long as you and Cyndi generate more than Redacted    in revenue, you are guaranteed your salaries. If you fall short of Redacted    in revenue, you would split proportionally the revenue on the same split that your salaries currently represent (73% to you, 27% to Cyndi). The upside is that we would add another 5% to the broker bonus plan which would take you to 50% if you are between 1 million and 2 Million total in revenues, and 52.5% if you exceed Redacted    in revenues.

The attached Excel spreadsheet outlines how these would work.

Our broker bonus plan is much stronger than Crumps, and this should help us as we look to hire new brokers. I believe that if you and Cyndi are confident that you will write Redacted    in revenues years 4-6, the decision to go with option 2 is pretty compelling. Regardless, it's pretty much a push for us either way and we will support your decision.


I think that this is what you asked for- and if I remember my Prisms course, I did upfront close on you! As you can see, we are reinventing the rule book to make this work. We want you two on the team- we believe that you will be a great fit with our people, and that together, we can have a lot of fun and make some great things happen over the next 15-20 years. I hope to get to work with you soon!
Nick



Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com



---

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Tuesday, May 22, 2007 11:45 AM
**To:** Nick Cortezi
**Subject:** RE:

Nick:
Thought it would easier to see in writing what we would be talking about for us to consider a move. Thanks again for dinner; we both had a good time.

As mentioned earlier we are set and comfortable for a min of 5-6 years based on acquistion of Bysis and overall plan for JC Flowers.  Our main point besides salary is a committment for 6 years.  Based on our revenue projections for this year and next we would need the following:
6 Year Deal
Mike-Redacted    min
Cyndi-Redacted    min
Sign on Bonus-Redacted (combined) of which Redacted    is my deferred compesation plan and shares of JC Flowers.  We would also like to see the compensation plan as the above mentioned salaries are minimum(we fully expect to hit our bonus plan.)



12/4/2007

ALL000019

**also have the usual parking, gas, and club dues(Golf) picked up on expense account.**

Does not make sense for us to move anywhere if the years and salaries are not guarenteed.

Couple of thoughts on paper......

Regards,

Mike

*Nick Cortezi <NCORTEZI@allrisks.com>* wrote:

> Looking forward to dinner- would you let me know Cyndi's total comp numbers so that I can work them into the
> equation?
> Thanks,
> Nick
>
> Nick Cortezi
> CEO
> All Risks, Ltd.
> 10150 York Road, 5th Floor
> Hunt Valley, MD 21030
> Phone- 410-828-5810 ext. 3013
> Fax- 410-828-8179
> ncortezi@allrisks.com
>
>
>
> **From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
> **Sent:** Monday, May 07, 2007 2:52 PM
> **To:** Nick Cortezi
> **Subject:**
>
> Nick:
> Good to go with Cyndi on the 16[th] at Cosmo's --6ish.
> Couple of Items
>
> Years-5 year firm/6 preferred(my own comfort)
> If bought out I can cash out.(paid in full)
> Deferred compensation(you have the amount and shares of current company**need to consider**
> Not interested in taking a cut in pay.  The latter amount suggested is min. on our conversation.
> Some things to look forward too.  If does not look good then no problem. Let me know so we are not
> sitting at the table by ourselves.
> Need to look into Cyndi and guarantee for min of 3 yr. Salary plus bonus.
>  Otherwise will not be interested.
>
> *Michael McGrath*
> Executive Vice President
> Crump Insurance Services - San Francisco
> 415-537-2308(direct)
> 415-986-4553(Fax)
> This email is intended for the addressee shown. It contains information that is confidential and protected
> from disclosure. Any dissemination or use of this transmission or its contents by unintended persons is
> strictly prohibited. If this email relates to placement of coverage through All Risks, please note that no
>   coverage will be bound and no changes without a written "Confirmation of Insurance", Binder,

12/4/2007

ALL000020

**Defendants' Privilege Log**
*Crump Insurance v. All Risks, Ltd. Michael McGrath,*
USDC (N. Cal) CASE No. C-07-4636 MMC

| Bates Range Start | Bates Range End | Document Type | Subject | Author | Recipient | Cc | Document Date | Privilege / Confidentiality / Privacy | Page Count | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| PRIVALL00001 | PRIVALL00002 | Email string | McGrath Agreement / follow-up | Cortezi, Nick | Andrews, Phillip (Kramon & Graham, PA) | Nichols, Matt; Lassen, Jack; Brown, George (Kramon & Graham, PA); Khanna, Roma (Kramon & Graham, PA) | 5/28/2007 | Attorney-Client | 2 | Defense counsel's office |
| PRIVALL00003 | PRIVALL00004 | Email string | McGrath Agreement / follow-up | Cortezi, Nick | Brown, George (Kramon & Graham, PA); Khanna, Roma (Kramon & Graham, PA) | Nichols, Matt; Lassen, Jack; Andrews, Phillip (Kramon & Graham, PA); Cortezi, Nick | 5/29/2007 | Attorney-Client | 2 | Defense counsel's office |
| PRIVALL00005 | PRIVALL00007 | Email string | McGrath Agreement / follow-up | Nichols, Matt | Andrews, Phillip (Kramon & Graham, PA); Cortezi, Nick | Lassen, Jack; Khanna, Roma (Kramon & Graham, PA); Brown, George; (Kramon & Graham, PA) | 5/30/2007 | Attorney-Client | 3 | Defense counsel's office |
| PRIVALL00008 | PRIVALL00008 | Email string | Cyndi's Agreement | Cortezi, Nick | McGrath, Michael | Andrews, Phillip (Kramon & Graham, PA); Nichols, Matt; Cortezi, Nick | 5/30/2007 | Attorney-Client | 1 | Defense counsel's office |
| PRIVALL00009 | PRIVALL00010 | Email string | Michael McGrath; Property Practice Compensation Agreement | Khanna, Roma (Kramon & Graham, PA) | | | Undated | Attorney-Client | 2 | Defense counsel's office |
| PRIVALL00011 | PRIVALL00011 | Email | Michael McGrath; Property Practice Compensation Agreement | Brown, George (Kramon & Graham, PA) | | | Undated | Attorney-Client | 1 | Defense counsel's office |
| PRIVALL00012 | PRIVALL00013 | Email string | Michael McGrath | Cortezi, Nick | Nichols, Matt; Lassen Jack | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |

Page 1

**Defendants' Privilege Log**
*Crump Insurance v. All Risks, Ltd. Michael McGrath,*
USDC (N. Cal) CASE No. C-07-4636 MMC

| Bates Range Start | Bates Range End | Document Type | Subject | Author | Recipient | Cc | Document Date | Privilege / Confidentiality / Privacy | Page Count | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| PRIVALL00014 | PRIVALL00015 | Email string | Michael McGrath | Lassen, Jack | Nichols, Matt; Cortezi, Nick | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00016 | PRIVALL00017 | Email string | Michael McGrath | Cortezi, Nick | Nichols, Matt; Lassen, Jack | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00018 | PRIVALL00019 | Email string | Michael McGrath | Nichols, Matt | Cortezi, Nick; Lassen, Jack | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00020 | PRIVALL00021 | Email string | Michael McGrath | Nichols, Matt | Cortezi, Nick; Lassen, Jack | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00022 | PRIVALL00023 | Email string | Final McGrath Agreement | Khanna, Roma (Kramon & Graham, PA) | Lassen, Jack; Nichols, Matt | Andrews, Phillip (Kramon & Graham, PA); Brown, George (Kramon & Graham, PA) | 6/1/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00024 | PRIVALL00025 | Email string | Michael McGrath; Property Practice Compensation Agreement | Khanna, Roma (Kramon & Graham, PA) | Cortezi, Nick; Nichols, Matt; Lassen, Jack | Andrews, Phillip (Kramon & Graham, PA); Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00026 | PRIVALL00026 | Email string | Final McGrath Agreement | Cortezi, Nick | Goins, Li Na; Lassen, Jack | Brown, George (Kramon & Graham, PA); Khanna, Roma (Kramon & Graham, PA); Andrews, Phillip (Kramon & Graham, PA) | 6/4/2007 | Attorney-Client & Work Product | 1 | Defense counsel's office |

**Defendants' Privilege Log**
*Crump Insurance v. All Risks, Ltd. Michael McGrath,*
USDC (N. Cal) CASE No. C-07-4636 MMC

| Bates Range Start | Bates Range End | Document Type | Subject | Author | Recipient | Cc | Document Date | Privilege / Confidentiality / Privacy | Page Count | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| PRIVALL00027 | PRIVALL00027 | Email string | Agreement | Brown, George (Kramon & Graham, PA) | Cortez, Nick | Nichols, Matt; Lassen, Jack; Andrews, Phillip (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product; Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |
| PRIVALL00028 | PRIVALL00028 | Email string | Cyndi's Agreement | Cortez, Nick | McGrath, Michael | Andrews, Phillip (Kramon & Graham, PA); Nichols, Matt; Cortez, Nick | 5/30/2007 | Attorney-Client; Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |
| PRIVALL00029 | PRIVALL00029 | Email string | Cyndi Agreement | Cortez, Nick | Andrews, Phillip (Kramon & Graham, PA); Brown, George (Kramon & Graham, PA) | Nichols, Matt; Lassen, Jack; McGrath, Michael | 5/31/2007 | Attorney-Client; Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |

# Confirmation Report — Memory Send

```
Page        : 001
Date & Time: 25-06-08   05:48pm
Line 1      : +415 834 0443
Line 2      : +415 834 0443
Machine ID  : CURIALE DELLAVERSON, et al.
```

| | | |
|---|---|---|
| Job number | : | 683 |
| Date | : | 25-06   05:44pm |
| To | : | ☎3949401 |
| Number of pages | : | 013 |
| Start time | : | 25-06   05:44pm |
| End time | : | 25-06   05:48pm |
| Pages sent | : | 013 |
| Status | : | OK |

Job number     : 683            ✳✳✳ SEND SUCCESSFUL ✳✳✳

## CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

### FACSIMILE TRANSMITTAL SHEET

DATE:   June 25, 2008

TO:                                    FAX NO.:                 PHONE NO.:
Dylan B. Carp                          (415) 394-9401           (415) 394-9400
JACKSON LEWIS LLP

FROM:   Kristen L. Williams            PHONE:      (415) 835-9051

RE:     Crump v. Michael P. McGrath and All Risks, LTD

CLIENT/MATTER NUMBER:    60170.002

NUMBER OF PAGES WITH COVER PAGE:  13    Originals Will Follow in Regular Mail

MESSAGE:

Please see attached letter and documents.

### CAUTION – CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THIS INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL
ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 • (415) 834-0443

4822-7979-2898

# CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

## FACSIMILE TRANSMITTAL SHEET

**DATE:**   June 25, 2008

| | | |
|---|---|---|
| **TO:**<br>Dylan B. Carp<br>JACKSON LEWIS LLP | **FAX NO.:**<br>(415) 394-9401 | **PHONE NO.:**<br>(415) 394-9400 |

**FROM:**   Kristen L. Williams      **PHONE:**      (415) 835-9051

**RE:**   Crump v. Michael P. McGrath and All Risks, LTD

**CLIENT/MATTER NUMBER:**   60170.002

**NUMBER OF PAGES WITH COVER PAGE:** 13   Originals Will Follow in Regular Mail

**MESSAGE:**

Please see attached letter and documents.

## CAUTION - CONFIDENTIAL

THE INFORMATION CONTAINED IN THIS FACSIMILE IS CONFIDENTIAL AND MAY ALSO CONTAIN PRIVILEGED ATTORNEY-CLIENT INFORMATION OR WORK PRODUCT. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THE FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ADDRESS ABOVE VIA THE U.S. POSTAL SERVICE. THANK YOU.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL
ANGELIQUE PIERRE AT (415) 835-9014 AS SOON AS POSSIBLE.**

727 SANSOME STREET
SAN FRANCISCO, CA 94111
(415) 835-9000 • (415) 834-0443

4822-7979-2898