1   Mark S. Askanas (SBN 122745)
    Dylan B. Carp (SBN 196846)
2   Tara L. Riedley (SBN 236508)
    JACKSON LEWIS LLP
3   199 Fremont Street, 10th Floor
    San Francisco, California 94105
4   Telephone: (415) 394-9400
    Facsimile: (415) 394-9401
5
    Attorneys for Plaintiff
6   CRUMP INSURANCE SERVICES, INC.

7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  CRUMP INSURANCE SERVICES, INC.,      Case No.  C-07-4636 MMC

12              Plaintiff,               **CONSOLIDATED REPLY IN
                                         SUPPORT OF PLAINTIFF'S
13          v.                           MOTIONS TO COMPEL**

14  MICHAEL P. MCGRATH, an individual,   Date:    August 6, 2008
    ALL RISKS, LTD., a corporation, and  Time:    9:30 a.m.
15  Does 1 through 50, inclusive,        CMJ:     Hon. James Larson
                                         Ctrm.:   F; 15th Fl.
16              Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

CONSOLIDATED REPLY IN SUPPORT OF PLTF.'S MOTIONS TO COMPEL          Case No. C-07-4636 MMC

# TABLE OF CONTENTS

**Page**

I.    THIS COURT SHOULD GRANT CRUMP'S FIRST MOTION TO COMPEL. ..............1

    A.    This Court should compel All Risks to respond fully to RFP No. 4. .......................1

        1.    Defendants repeatedly refused Crump's requests to meet and confer, and then participated grudgingly and minimally, but now blame Crump for their own refusals. ...............................................................1

        2.    Crump has not waived its right to move to compel. ...................................3

        3.    Defendants' suggestion that Crump has agreed that Defendants need not produce any requested documents is false. .....................................4

        4.    Defendants' objections are meritless. ........................................................4

    B.    This Court should compel All Risks to respond fully to RFP Nos. 7 and 26. .........7

        1.    Marty's testimony does not defeat Crump's right to the relevant documents. ..................................................................................................7

        2.    All Risks' brief allusion to Marty's right of privacy fails. ...........................8

        3.    Producing some responsive documents does not entitle All Risks to withhold all responsive documents. ...........................................................8

        4.    All Risks' representation that it does not have a certain subset of documents does not defeat All Risks' right to all responsive documents. ..................................................................................................8

    C.    This Court should either compel production of the documents with redactions on the ground of privacy or view them *in camera* ...................................8

        1.    ALL000006, ALL000007, and ALL000016. ................................................8

        2.    ALL00009-10 and ALL000018-19. .............................................................9

    D.    This Court should compel McGrath, Cortezi and Marty to answer questions at further depositions about all documents wrongfully withheld from production. ..................................................................................................................9

II.    THIS COURT SHOULD GRANT CRUMP'S SECOND MOTION TO COMPEL. .......10

    A.    RFP Nos. 8-12 and 36-37 to All Risks and Nos. 13-17 to McGrath. .....................10

        1.    Crump has not waived its right to move to compel. .................................10

        2.    Crump adequately met and conferred; Defendants refused to. ..................10

        3.    Defendants' objections are meritless. ......................................................12

i

B.    Defendants do not even attempt to show that Crump's right to the truth is outweighed by any privacy right of McGrath's. ...................................................13

C.    This Court should compel production of all documents listed on Defendants' privilege log or view them *in camera* to determine their discoverability. ...........................................................................................................14

1.    Attorney-client privilege does not apply. ......................................................14

2.    This Court should compel production of documents for which the work product objection is asserted or should view them *in camera* to determine their discoverability. ............................................................14

3.    Confidential and proprietary objections are mooted by the parties' Stipulated Protective Order. ...............................................................................15

4.    This Court should view PRIVALL00027-29 *in camera*. ............................15

III.    CONCLUSION ....................................................................................................................15

ii

1

# TABLE OF AUTHORITIES

2

**Page**

3    STATE CASES

4    *Reeves v. Hanlon*
     33 Cal.4th 1140, 17 Cal.Rptr.3d 289 (2004)................................................................ 6

5

6    FEDERAL CASES

7    *Byrnes v. Jetnet Corp.*
     111 F.R.D. 68, 71 (M.D.N.C. 1986) ........................................................................4

8
     *Gault v. Nabisco Biscuit Co.*
9    184 F.R.D. 620 (D. Nev. 1999)................................................................................3

10   *Kendrick v. Heckler*
     778 F.2d 253, 258 (5th Cir. 1985)...........................................................................4

11

12   STATE STATUTES

13   California Evidence Code Section 952 ........................................................................14

14   FEDERAL STATUTES

15   Federal Rule of Civil Procedure 5(D)(1) .................................................................... 1

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSOLIDATED REPLY IN SUPPORT OF PLTF.'S MOTIONS TO COMPEL       Case No. C-07-4636 MMC

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### ARGUMENT

3

I.      **This court should grant Crump's first motion to compel.**

4

    A.      **This Court should compel All Risks to respond fully to RFP No. 4.**

5

6

        1.      **Defendants repeatedly refused Crump's requests to meet and confer, and then participated grudgingly and minimally, but now blame Crump for their own refusals.**

7

8

Crump tried repeatedly to meet and confer regarding the issues raised in its motion.

9

Defendants responded only with repeated refusals and accusations of wrongdoing, until days

10

before the motion deadline. Now, citing no authority, Defendants argue that Crump did not

11

adequately meet and confer regarding RFP No. 4, which seeks documents regarding All Risks'

12

solicitation of Crump employees. (All Risks Opp. at 7:3-8:8.) Contrary to All Risks' false

13

assertion, Defendants have only themselves to blame for Crump's having to file this motion.

14

Crump asked to meet and confer over the requests that are at issue. *Declaration of Dylan*

15

*B. Carp, executed June 18, 2008, Ex. D at 1 ("1st Carp Dec").* Defendants flatly refused,

16

writing that "All Risks and McGrath have already sufficiently met and conferred with Plaintiff

17

on these requests. *Any attempt to meet and confer further or move to compel regarding these*

18

*requests at this late time would be burdensome and harassing in addition to untimely* pursuant

19

to Federal Rule of Civil Procedure 5(d)(1)." *1st Carp Dec, Ex. E at 2* (emphasis added).

20

Crump asked Defendants to "reconsider your refusal to meet and confer further on any of

21

the issues raised in our letter," as "the issue is whether or not we should assist the court by trying

22

one last time to resolve these disputes," and "*if you simply refuse our offer to try one last time,*

23

*you will be in the uncomfortable position of having to explain to the court the ground for your*

24

*refusal.*" *1st Carp Dec, Ex. F* at 1-2 (emphasis added).

25

Crump's counsel Dylan B. Carp spoke with Defendants' counsel Kristin Williams on the

26

phone. Ms. Williams reiterated her position that she need not meet and confer further regarding

27

the requests at issue in this motion, and promised only to get back to Mr. Carp regarding

28

whether any disputes could be resolved on the ground that no responsive documents exist.

1

1    *Declaration of Dylan B. Carp, executed July 22, 2008 ("3rd Carp Dec"), ¶ 2; 1st Carp Dec, Ex.*

2    *G at 1.* Crump memorialized this conversation and reiterated that "[o]ur offer to meet and

3    confer further with you over any and all of the issues addressed in our previous letters to you

4    remains open." *1st Carp Dec, Ex. G at 1.*

5         Defendants' counsel once again wrote that "[i]t remains our assertion that Defendants

6    have already met and conferred in good faith regarding the discovery responses that you now

7    seek to meet and confer again." *1st Carp Dec, Ex. H at 2.* It was in this letter that All Risks

8    finally offered at least some type of substantive position on the requests, stating regarding RFP

9    No. 4 that the request "seeks a hopelessly wide range of documents (i.e., internal

10   communications regarding what salaries should be offered, etc.)" and "has no nexus to McGrath

11   and therefore no relation to this lawsuit." *1st Carp Dec, Ex. H at 2.*

12        Crump responded to All Risks' substantive position on the requests and asked that

13   responsive documents be produced. *1st Carp Dec, Ex. I at 1-2.* Crump addressed Defendants'

14   concern that responsive documents would include internal communications regarding what

15   salaries All Risks would offered Crump employees:

16       [W]e will move to compel production without any redactions, including

17       information related to the proposed salaries and/or terms of employment for those

18       individuals, and we think that each of the points raised in your letter lacks merit.

19       You state that we do not need information about salaries because McGrath

20       testified that his salary is not based upon revenue generation. However, we are

21       entitled to check the veracity of McGrath's testimony against the documents.

22       You state that the duration of any employment contracts is confidential and

23       proprietary and irrelevant. However, as we have pointed out before and you have

24       not addressed, the parties have already negotiated a protective order governing

25       discovery that is confidential and proprietary and we have offered and hereby

26       offer again to discuss even stricter protection if you think it is necessary. The

27       information is relevant because we need to know what McGrath was attempting to

28       negotiate on behalf of Marty, to establish the extent of McGrath's breach of

2

1    fiduciary duty owed to Crump.

2    *1st Carp Dec, Ex. I at 1-2.*    Further, Crump explained that Defendants' contention that

3    responsive documents would have "no nexus to McGrath" is irrelevant because "[w]e claim that

4    Defendants wrongfully interfered with Crump's employment relationships with employees other

5    than McGrath." *1st Carp Dec, Ex. I at 2.* Later that day, Defendants responded by continuing to

6    refuse to produce any additional documents, without even addressing RFP No. 4 in any explicit

7    way whatsoever. *1st Carp Dec, Ex. J.*

8        A party who initiates "multiple communications in an attempt to obtain complete

9    production" makes efforts that are "more than adequate under the Local Rules." *Sherwood v.*

10   *Wavecrest Corp.*, 2007 U.S. Dist. LEXIS 8292, *3 (N.D. Cal. January 22, 2007).    Given (1)

11   Crump's repeated attempts to meet and confer, (2) Defendants' repeated refusals to meet and

12   confer, only eventually to grudgingly participate on a limited basis, and (3) Crump's detailed

13   explanations why the documents are discoverable in response to Defendants' minimal meet and

14   confer efforts, Crump more than adequately met and conferred.

15       Citing no authority, Defendants also argue that Crump "began engaging in a scorched

16   earth approach to meeting and conferring regarding discovery," such as by sending twenty pages

17   of letters. (All Risks Opp. at 8:1-8.) It is unclear what Defendants are arguing, if anything.

18   Perhaps the argument is that Crump's communications were too long, but Defendants do not

19   explain which communications should have been cut, if any, and in any event does not cite

20   authority that a party who sufficiently meets and confers cannot move to compel if his

21   communications are too long. Crump reserves the right to respond to any coherent argument

22   Defendants raise at the hearing on this motion.

23       **2.    Crump has not waived its right to move to compel.**

24       Defendants argue that Crump waived its right to move to compel by not moving sooner.

25   (All Risks Opp. at 6:9-7:2.) Defendants rely on *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620

26   (D. Nev. 1999), but that case is distinguishable. The motion to compel in *Gault* was filed after

27   the responding party had moved for summary judgment and 76 days after the close of discovery.

28   Further, additional discovery on the eve of trial would have caused a delay in proceedings.

3

1    Here, in contrast, Crump filed this motion before the close of discovery (and Crump filed its

2    second motion immediately after the close of discovery), Defendants have not moved for

3    summary judgment or pointed to any prejudice caused by any perceived delay, and the motion

4    will not require additional discovery on the eve of trial, which will not take place until

5    December 1, or otherwise cause delay in proceedings.

6         Further, Crump's motion is timely under the two cases that *Gault* cites, which involved

7    delays significantly longer than the relatively short time periods in this case. In *Kendrick v.*

8    *Heckler*, 778 F.2d 253, 258 (5th Cir. 1985), the Fifth Circuit held the motion to compel was

9    timely even though it was not filed until ***eight months*** after the subject deposition was

10   concluded, because, as here, during part of the time the parties were negotiating an informal

11   resolution, the opposing party failed to indicate any prejudice or unnecessary burden, and the

12   motion was filed within the discovery cut-off fixed by the district court. Similarly, in *Byrnes v.*

13   *Jetnet Corp.*, 111 F.R.D. 68, 71 (M.D.N.C. 1986), the court held the motion to compel was

14   timely even though there was a delay of ***six months***, because, as here, during part of the time the

15   moving party attempted to resolve the dispute out of court, the opposing party did not point to

16   any prejudice or hardship, and discovery was still continuing.

17        For all of the above reasons, Crump's motion is timely.

18        **3.    Defendants' suggestion that Crump has agreed that Defendants need
                   not produce any requested documents is false.**

19

20        Defendants apparently suggest that Crump somehow agreed that they need not produce

21   anything further, using phrases like the parties "previously reached a resolution" (*All Risks 1st*

22   *Opp.* 6:28), and "meet and confer efforts concluded" (*All Risks 1st Opp.* 4:27), and "prior

23   agreements or actions by former counsel [should not] be ignored" (*All Risks 1st Opp.* 5:7). The

24   suggestion is completely false, as Defendants point to nothing indicating that Crump agreed that

25   Defendants need not produce requested documents, and in fact no such agreement exists.

26        **4.    Defendants' objections are meritless.**

27        Defendants argue that responsive documents would reveal internal communications

28   regarding what salaries should be offered to third parties to this litigation. *All Risks 1st Opp.* at

4

1    8:21-25. However, as Crump explained in its Motion, and Defendants ignore, such documents

2    are relevant because they would reveal whether McGrath wrongfully disclosed, and All Risks

3    relied on, confidential Crump information such as Marty's compensation at Crump, and they

4    would also disclose the extent of McGrath's wrongful assistance to All Risks in determining

5    what to offer Marty in order to successfully hire her away from Crump, and whether All Risks

6    relied on that wrongful assistance.

7         Defendants argue that the request has no "nexus" to McGrath and therefore no relation to

8    this lawsuit, and would jeopardize the employment of Crump employees who are negotiating

9    with All Risks. *All Risks 1st Opp.* at 8:24-9:3. Regarding the former concern, Crump alleges

10   that Defendants intentionally and negligently interfered with Crump employees other than

11   Marty, *Complaint*, ¶¶ 66-79, and once the documents have finally been produced, Crump can

12   depose McGrath about them to determine which employees he was interfering with in addition

13   to Marty. Defendants cannot unilaterally claim that McGrath was not involved in recruiting any

14   other employee and on that basis refuse to produce responsive documents. Regarding the latter

15   concern, Crump would work with Defendants to agree to an attorneys' eyes only limitation.

16        All Risks' next argument is very confusing. *All Risks Opp.* at 9:19-27. All Risks first

17   misconstrues Crump's contention, then asserts that the misconstrued contention is disingenuous,

18   and then promises to amend its response to say that it does not have a subset of the requested

19   documents even though All Risks later served an amended response that does not make any such

20   assertion. *3rd Carp Dec, Exs. A-D.* Crump's actual contention is that responsive documents are

21   relevant to whether McGrath wrongfully assisted All Risks in recruiting Marty while he was

22   Crump's Executive Vice President. All Risks offers no coherent explanation as to why this is

23   incorrect. This Court should compel production of all responsive documents.

24        Next, All Risks again promises to serve an amended response to say that it does not have

25   a different subset of documents, and then claims the request is "moot." *All Risks Opp.* at 10:1-

26   20. However, All Risks' amended responses do not make any such assertion, and All Risks

27   cannot avoid production of all responsive documents by claiming that it does not have a certain

28   subset and then arguing the request is moot.

1      Next, All Risks argues that Crump is not entitled to documents regarding All Risks' legal

2  solicitation of any Crump employee regardless of whether McGrath was involved. *All Risks*

3  *Opp.* at 11:4-14.  However, as noted above, it is the responsive documents themselves and

4  follow-up deposition with McGrath that will determine McGrath's involvement.  All Risks

5  cannot unilaterally declare that McGrath was not involved in one or more solicitations and on

6  that ground refuse to produce any responsive documents, especially when recently revealed

7  documents undermine Defendants' credibility.  For example, McGrath testified that he did not

8  give any input to anyone at All Risks as to what it would take to entice Marty to join All Risks

9  (*3rd Carp Dec, Ex. G*), whereas newly un-redacted documents show that this is false.  *3rd Carp*

10 *Dec, Ex. E.*

11     Further, even under All Risks' authority, *Reeves v. Hanlon*, 33 Cal.4th 1140, 17

12 Cal.Rptr.3d 289 (2004), whether or not McGrath was involved, if responsive documents show

13 efforts to recruit away numerous or key employees from Crump, they would be relevant and

14 discoverable for two reasons: (1) they may show All Risks' intent to wrongfully interfere with

15 Crump's employees and customers, and (2) they may show malice, oppression, or intent to harm

16 Crump.   In *Reeves*, on the evening of defendants' resignations from plaintiffs, defendants

17 solicited plaintiffs' key employees, then offered them jobs, as a result of which plaintiff lost nine

18 employees over the next 60 days, six of them joining defendants' new firm.  *Id.* at 1146, 1155.

19 In addition, defendants misappropriated plaintiff's trade secrets and personally solicited

20 plaintiff's clients.  *Id.* at 1145.  Based on these actions, the Supreme Court affirmed the trial

21 court's finding that defendants intentionally interfered with plaintiff's employees, reasoning

22 that, "while Hanlon and Greene waited until after their resignations to offer jobs to plaintiffs'

23 employees, we cannot conclude the trial court abused its discretion in finding that defendants'

24 unlawful and unethical actions were designed in part to interfere with and disrupt plaintiffs'

25 relationships with their key at-will employees." *Id.* at 1155.

26     Here, McGrath solicited Marty, a key Crump employee, before he resigned from Crump.

27 A jury could conclude that he did so on behalf of All Risks.  Further, a jury could conclude that

28 All Risks misappropriated Crump's client list and other confidential information and solicited

1   Crump customers using that list. (Crump's Motion to Compel at 3:10-19, 4:3-9.) Under *Reeves*,

2   documents showing efforts by All Risks to recruit key or numerous Crump employees, whether

3   or not McGrath was involved, are relevant to All Risks' intent to interfere with Crump's

4   employees and customers and to harm Crump. Therefore, all responsive documents should be

5   produced, whether or not they involve McGrath.[1]

6        For these reasons, this Court should compel All Risks to respond fully to RFP No. 4.

7      **B.**     **This Court should compel All Risks to respond fully to RFP Nos. 7 and 26.**

8
          **1.**     **Marty's testimony does not defeat Crump's right to the relevant**
9               **documents.**

10        All Risks seems to argue that Crump is not entitled to documents regarding Marty's

11   possible employment with All Risks because Marty testified at her deposition that "she was

12   contacted by Nick Cortezi—not Mike McGrath—and the decision to leave Crump was her

13   own—influenced by no one else." *All Risks Opp.* at 12:17-23. If this is All Risks' argument, it

14   fails for two reasons. First and most important, even if Marty did so testify, Crump has the right

15   to obtain relevant documents to determine the accuracy and veracity of any such testimony,

16   otherwise any party to ligation could refuse to produce documents, lie about their contents at a

17   deposition, and defeat the other party's ability to obtain the documents and the truth. Second, in

18   any event, All Risks does not cite to any page or line numbers for this purported testimony. In

19   fact, McGrath was negotiating on her behalf with All Risks (ALL000014-15), and Marty told

20   Peter Scott that McGrath solicited her to leave Crump and join All Risks after McGrath had

21   joined All Risks. (4/4/08 Scott Depo at 130:5-131:22.) Whatever Marty said at her deposition,

22   that does not defeat Crump's right to obtain all relevant documents.

---

23   [1] All Risks argues that, because "Plaintiff sent a letter to Defendants indicating that it sought to
amend its Complaint in light of additional Crump employees who have moved to All Risks,"

24   that somehow demonstrates that the request is "clearly a fishing expedition so that Plaintiff can
try and file additional lawsuits against Defendant All Risks that have no relation to McGrath and

25   thus is clearly an abuse of the discovery process." *All Risks Opp.* at 11:15-21. However, even if
Crump wanted to "try and file" additional lawsuits regarding other employees who have left

26   Crump for All Risks, All Risks does not explain why Crump needs this discovery in order to do
so. Crump could simply file the lawsuits now. Further, as explained above, responsive

27   information about All Risks' recruiting of other Crump employees is relevant to All Risks'
intent to wrongfully interfere with Crump's employees and customers, and to All Risks' malice,

28   oppression, and intent to harm Crump. The request seeks only relevant information.

CONSOLIDATED REPLY IN SUPPORT OF PLTF.'S MOTIONS TO COMPEL     Case No. C-07-4636 MMC

1    **2.    All Risks' brief allusion to Marty's right of privacy fails.**

2    All Risks claims that producing responsive documents would "most certainly invade[]

3    Ms. Marty's right to privacy." *All Risks Opp.* at 12:23-24.  As with Defendants' other privacy

4    claims, if All Risks is seriously asserting it despite only the brief allusion here, this Court should

5    view the responsive documents *in camera*, with Defendants bearing the burden of assisting the

6    Court with that review.

7    **3.    Producing some responsive documents does not entitle All Risks to
       withhold all responsive documents.**

8    All Risks notes that Defendants have already produced ALL000009-15 and ALL000018-

9    21.  *All Risks Opp.* at 12:24-26.  Nothing in the Rules or case law holds that this partial

10   production entitles All Risks to withhold other responsive documents.

11   **4.    All Risks' representation that it does not have a certain subset of
       documents does not defeat All Risks' right to all responsive
       documents.**

12

13   All Risks "will further represent that it does not have any documents involving McGrath

14   and the possible employment of Marty in its possession, custody, or control." *All Risks Opp.* at

15   12:26-13:2.  This "representation" does not defeat Crump's right to obtain all responsive

16   documents, for two reasons.  First, the representation is effectively meaningless.  What does

17   "documents involving McGrath" mean, exactly?  Does it exclude documents that do not mention

18   McGrath by name but contain confidential Crump information about Marty that McGrath

19   disclosed to All Risks?  Permitting All Risks to withhold responsive documents on the ground

20   that it represents that it does not have some vague and ambiguous subset of documents would

21   defeat Crump's right to obtain all responsive documents and the truth.  Second, even if the

22   representation were clear and meaningful, Crump is entitled to all responsive documents, not

23   merely a representation that All Risks does not have a subset of responsive documents.

24   **C.    This Court should either compel production of the documents with redactions
       on the ground of privacy or view them *in camera*.**

25

26   **1.    ALL000006, ALL000007, and ALL000016.**

27   All Risks makes the circular argument that Crump is entitled only to see the name of

28   Marty, and nothing else, because "Marty was specifically identified by Plaintiff." *All Risks Opp.*

8

1    at 13:6-8. Of course, All Risks' redaction of responsive information is precisely why Crump

2    cannot "identify" other individuals or information that should not have been redacted.

3        All Risks asserts that "[t]he remaining redacted information is of no relation to this

4    lawsuit." *All Risks Opp.* at 13:8. However, because Crump does not know what the redacted

5    information contains, it cannot challenge the accuracy of All Risks' assertion. This Court

6    should view the documents *in camera* to determine their discoverability, as All Risks suggests.

7            **2.    ALL00009-10 and ALL000018-19.**

8        All Risks argues that the only redacted information is "the compensation numbers for

9    Mr. McGrath and Ms. Marty." *All Risks Opp.* at 14:22-24. Crump explained why it needs the

10    information regarding McGrath's and Marty's compensation, which All Risks completely

11    ignores. In sum: (1) Information regarding McGrath's salary will help Crump fashion a remedy

12    for Defendants' misappropriation of trade secrets; (2) Information regarding McGrath's

13    suggestions for what All Risks should offer Marty to hire her away from Crump will disclose the

14    extent of McGrath's impermissible assistance to All Risks in breach of McGrath's fiduciary duty

15    of loyalty. Because All Risks does not even attempt to explain why McGrath's and Marty's

16    alleged right to privacy in the information outweighs Crump's need to know this information,

17    this Court should compel the disclosure.[2]

18            **D.    This Court should compel McGrath, Cortezi and Marty to answer questions
19            at further depositions about all documents wrongfully withheld from
                production.**

20        All Risks argues that this Court should not compel McGrath, Cortezi and Marty to

21    answer questions about any documents wrongfully withheld from production because "Crump

22    had its opportunity to raise these issues with Court [sic] prior to their scheduled depositions

23    which have now concluded." *All Risks Opp.* at 14:26-15:1. However, All Risks cites no

24

25    [2] All Risks relies on an objection from the deposition of Glenn Hargrove as another opportunity
      to accuse Crump of being "disingenuous." *All Risks Opp.* at 13:25-14:21. Whatever the quote
26    from the Hargrove deposition establishes, if anything, it has nothing to do with whether Crump's
      need to learn the information in ALL00009-10 and ALL000018-19 outweighs McGrath's and
27    Marty's alleged privacy right in the information. Because Crump's need to know outweighs any
      privacy right in the information, and Defendants do not even attempt to argue otherwise, this
28    Court should compel the disclosure.

                                        9

1    authority for the proposition that a party who appears for his deposition without having

2    complied fully with his discovery obligations thereby defeats the requesting party's ability to

3    compel compliance, and such a rule would be perverse.    Defendants withheld responsive

4    documents and information at their peril, not at Crump's. They have only themselves to blame

5    for opening themselves up to further deposition questions about documents they wrongfully

6    withheld from production.[3]

7    **II.    This Court should grant Crump's Second Motion to Compel.**

8         **A.    RFP Nos. 8-12 and 36-37 to All Risks and Nos. 13-17 to McGrath.**

9              **1.    Crump has not waived its right to move to compel.**

10   Crump filed its Second Motion to Compel six days after its First Motion to Compel.

11   Crump's Second Motion is not untimely for the same reasons its First Motion is not untimely.

12             **2.    Crump adequately met and conferred; Defendants refused to.**

13   These requests seek information relating to Crump customers that followed McGrath to

14   All Risks or McGrath' communications with these customers after he joined All Risks.  Citing

15   no authority, Defendants argue that Crump did not sufficiently meet and confer. *All Risks 2d*

16   *Opp.* at 8:21-9:13.  Defendants' argument is meritless.  Similar to the pattern described above,

17   Crump repeatedly tried to meet and confer over these issues, only to be refused by Defendants.

18   In its request to meet and confer, Crump explained in detail why none of the objections to RFP

19   No. 2 to All Risks had merit:

20             2.    This request seeks documents concerning Crump customers that

21        went to All Risks, which is the heart of our case.  This request is therefore not

22        overly broad.  The Stipulated Protective Order Regarding Confidentiality moots

23        your objection that the request seeks confidential, proprietary or trade secret

24   _____

25   [3] All Risks argues that "with regard to Marty, she was never asked about the terms of her
compensation during her deposition," so she cannot now be forced to answer any questions

26   about documents that discuss her compensation. *All Risks Opp.* at 15:5-8.  All Risks cites no
authority for the proposition that a requesting party somehow waives its right to question a

27   witness about documents wrongfully withheld from production if the requesting party does not
ask certain questions at a deposition taken before the documents have been produced.  Such a

28   rule would make no sense.  Crump has not waived its right to question Marty about documents
wrongfully withheld from production.

CONSOLIDATED REPLY IN SUPPORT OF PLTF.'S MOTIONS TO COMPEL    Case No. C-07-4636 MMC

1    information; if you think you need stricter protection, let us know….

2    *1st Carp Dec, Ex. D* at 1. RFP No. 2 sought all information relating to all Crump customers that

3    followed McGrath to All Risks. RFP Nos. 8-12 to All Risks and 13-17 sought the same

4    information but referred to individual Crump customers by name. Defendants asserted

5    essentially the same objections to each. Thus, Crump explained that the issues were essentially

6    the same for each. *1st Carp Dec, Ex. D* at 1-2.

7    Defendants flatly refused to meet and confer. *1st Carp Dec, Ex. E* at 1-2. Crump again

8    tried to meet and confer over these issues. *1st Carp Dec, Ex. F* at 1-3. Crump's counsel spoke

9    with Defendants' counsel later that day and again, for the third time, tried to meet and confer

10   over these issues, but Defendants refused to meet and confer. *3rd Carp Dec,* ¶ 2.

11   Defendants finally provided a substantive response, which reiterated their objections that

12   the requests are overbroad and seek irrelevant and proprietary information. *1st Carp Dec, Ex. H*

13   at 4-5. Thus, Crump then explained that requests seeking communications between McGrath

14   and Crump customers seek relevant information because they relate to "Plaintiff's allegations

15   that McGrath used confidential Crump information to solicit business on behalf of All Risks."

16   *Declaration of Dylan B. Carp, executed June 24, 2008 ("2nd Carp Dec"), Ex. E* at 1. Further,

17   in a separate communication, Crump explained that, "as we have pointed out before and you

18   have not addressed, the parties have already negotiated a protective order governing discovery

19   that is confidential and proprietary, and we have offered and hereby offer again to discuss even

20   stricter protection if you think it is necessary." *1st Carp Dec, Ex. I* at 1. Nevertheless,

21   Defendants stood by their objections. *2nd Carp Dec, Ex. G* at 1.

22   Crump's "multiple communications in an attempt to obtain complete production,"

23   explaining Crump's position in detail but leading only to refusals to meet and confer and then

24   refusals by Defendants to produce, are "more than adequate under the Local Rules." *Sherwood,*

25   2007 U.S. Dist. LEXIS 8292 at *3. Crump explained why the requests are not overbroad, why

26   they seek relevant information, and why responsive documents should be produced under the

27   parties' Stipulated Protective Order notwithstanding any confidentiality or proprietary concern.

28   Crump's explanations during the meet and confer process are the same grounds that Crump

11

1  asserts in its Motions to Compel. Defendants cite no authority that they may refuse to meet and

2  confer and then defeat a motion to compel on the ground that Crump inadequately met and

3  conferred, or that Crump's repeated attempts to meet and confer and repeated explanations why

4  Defendants' objections are meritless are still not enough to compel complete production.

5              **3.    Defendants' objections are meritless.**

6              Regarding the merits of Defendants' objections, Defendants appear to contradict

7  themselves. Recall that Crump argues that it is entitled to all documents regarding the former

8  Crump customers at issue because they may reveal confidential Crump information regarding

9  policy renewal dates, commissions and premiums that McGrath misappropriated from Crump

10  and used at All Risks. In response, Defendants first assert that Crump is not entitled to the

11  documents because they contain "confidential information." *All Risks 2d Opp.* at 10:8-12.

12  Then, Defendants apparently assert that the documents are irrelevant because, even if McGrath

13  did take such information from Crump and use it to obtain clients at All Risks, that would be

14  irrelevant because "information allegedly obtained from the lists is also available via other

15  means." *All Risks 2nd Opp.* at 10:25-26.

16              This Court should not be distracted by Defendants' whipsawing. If the information is

17  confidential, then it is relevant by All Risks' implicit admission and should be produced under

18  the parties' Stipulated Protective Order. If it is not confidential, then All Risks has no basis to

19  oppose its production on the ground that it is confidential. In any event, whether the information

20  is confidential is for the jury to determine, not for this Court to determine in the context of a

21  discovery dispute, particularly given that the parties have already agreed on a protective order to

22  govern production of any confidential or proprietary documents.

23              Next, All Risks offers to represent that it is does have a subset of documents. *All Risks*

24  *2nd Opp.* at 10:26-11:1. However, Crump is entitled to all responsive documents, not a

25  representation that All Risks does not have a subset of them.

26              Next, All Risks appears to admit that the quote that McGrath obtained from RLI

27  regarding Alecta when he was at Crump is confidential. *All Risks 2nd Opp.* at 11:2-11. Thus,

28  all responsive documents should be produced under the parties' Stipulated Protective Order.

<hr>

12

1    Again, All Risks offers to state that it does not have a subset of documents. *All Risks 2nd Opp.*

2    at 11:12-16. However, Crump is entitled to all responsive documents, not a representation that

3    All Risks does not have a subset of them.

4         Next, All Risks argues that RFP Nos. 36 and 37 are overbroad because responsive

5    documents "would include negotiations between All Risks and HUB and Woodruff which

6    includes information beyond the scope of what retailers typically provide to brokers." *All Risks*

7    *2nd Opp.* at 13:28-14:3. This appears to be a red herring at best, meaningless at worst. As

8    explained above, Crump is seeking to learn whether McGrath used confidential Crump

9    information when he negotiated with these Crump customers after he joined All Risks. All

10   Risks cannot defeat Crump's right to learn this information merely by asserting that McGrath's

11   negotiations with these customers "includes information beyond the scope of what retailers

12   typically provide to brokers," whatever that means. This Court should compel All Risks to

13   produce all responsive documents so that Crump may learn the truth about whether McGrath

14   misappropriated Crump's confidential and trade secret information and used that information to

15   steal Crump's clients.

16        **B.    Defendants do not even attempt to show that Crump's right to the truth is
              outweighed by any privacy right of McGrath's.**

17

18        Defendants do not argue, much less demonstrate, that Crump's right to discover

19   McGrath's salary at All Risks is outweighed by any privacy right McGrath has in the

20   information. Instead, Defendants cite an exchange from Hargrove's deposition to accuse Crump

21   of being "disingenuous." *All Risks 2nd Opp.* at 14:16-15:26. Defendants also appear to argue

22   that discovery should be blocked on the ground that the information is confidential and

23   proprietary, but these objections are waived because they were not asserted during the

24   deposition, and in any event production should occur under the parties' Stipulated Protective

25   Order. Defendants also argue that Crump should not be permitted to depose McGrath about his

26   compensation at All Risks because Crump also moved to produce e-mails that apparently

27   discuss McGrath's ***proposed*** compensation at All Risks, not necessarily his actual compensation.

28   *All Risks 2nd Opp.* at 16:1-4. However, Defendants do not explain why production of e-mails

---

13

discussing McGrath's proposed compensation would defeat Crump's right to ask McGrath to testify about his actual compensation under oath.

### C.    This Court should compel production of all documents listed on Defendants' privilege log or view them *in camera* to determine their discoverability.

After first stating that Defendants did not withhold any documents on the ground of the attorney-client privilege or work product doctrine, Defendants then produced a privilege log on June 25 asserting the objections of attorney-client privilege, work product doctrine, confidentiality, proprietary, and privacy. *3rd Carp Dec, Ex. F.*

### 1.    Attorney-client privilege does not apply.

The log reveals that not a single document is protected by the attorney-client privilege. Because California law supplies the rules of decision regarding the claims and defenses in this lawsuit, California law of privilege applies. *Rule 501, Fed. R. Evid.* Under California law, the attorney-client privilege applies only to "information transmitted between a client and his or her lawyer in the course of that relationship...." *Cal. Evid. Code Section 952.* Here, no attorney authored or received any document, so no document is covered by the attorney-client privilege.

### 2.    This Court should compel production of documents for which the work product objection is asserted or should view them *in camera* to determine their discoverability.

Federal law governs disposition of issues relating to work product immunity in cases in which a federal court exercises diversity jurisdiction. *Employers Ins. of Wausau v. California Water Service Co.*, 2007 U.S. Dist. LEXIS 77363, *2 (N.D. Cal. Oct. 9, 2007). Under federal law, "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative...," but "those materials may be discovered if...the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Rule 26(b)(3)(A)(ii), Fed. R. Civ. Pro.* Further, "[w]hen a party withholds information otherwise discoverable by claiming that the information is...subject to protection as trial-preparation material, the party must...describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing

14

1   information itself privileged or protected, will enable other parties to assess the claim." *Rule*

2   *26(b)(5)(A)(ii)*, Fed. R. Civ. Pro.

3        Here, nothing in Defendants' privilege log indicates that any of the documents were

4   prepared in anticipation of litigation or for trial by or for Defendants or their representative.

5   Therefore, either the protection does not apply, or Defendants waived the protection by failing to

6   describe adequately why the protection applies.   So this Court should compel their production.

7   In the alternative, this Court should view the documents *in camera* to determine whether the

8   protection applies and, if so, whether the documents should be produced under Rule

9   26(b)(3)(A)(ii).

10       **3.    Confidential and proprietary objections are mooted by the parties'
            Stipulated Protective Order.**

11

12       Defendants assert the objections of confidential and proprietary regarding

13   PRIVALL00027-29.  This Court should compel production pursuant to the parties' Stipulated

14   Protective Order, the purpose of which was to facilitate production of such information.

15       **4.    This Court should view PRIVALL00027-29 *in camera*.**

16       Defendants assert a privacy objection regarding PRIVALL00027-29.  This Court should

17   view those three documents *in camera* to determine their discoverability.

18   **III.   CONCLUSION**

19       Defendants wrongfully withheld numerous documents, refused to meet and confer, and

20   now seek to evade responsibility.  This Court should grant Crump's motions in their entirety so

21   that Crump may learn the truth about Defendants' wrongdoing.

22   DATED:  July 22, 2008              JACKSON LEWIS LLP

23                                      By: _____

24                                          Mark S. Askanas
                                            Dylan B. Carp
                                            Tara L. Riedley
25                                          Attorneys for Plaintiff
                                            CRUMP INSURANCE SERVICES, INC.
26

27

28

15