Mark S. Askanas (SBN 122745)
Dylan B. Carp (SBN 196846)
Tara L. Riedley (SBN 236508)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
*askanasm@jacksonlewis.com*

Attorneys for Plaintiff
CRUMP INSURANCE SERVICES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUMP INSURANCE SERVICES, INC., Plaintiff, v. MICHAEL P. MCGRATH, an individual, ALL RISKS, LTD., a corporation, and Does 1 through 50, inclusive, Defendants. | Case No. C-07-4636 MMC **DECLARATION OF DYLAN B. CARP IN SUPPORT OF PLAINTIFF CRUMP INSURANCE SERVICES, INC.'S CONSOLIDATED REPLY** Date: August 6, 2008 Time: 9:30 a.m. Chief Magistrate Judge James Larson Courtroom: F |

I, Dylan B. Carp, declare:

1. I am an associate with Jackson Lewis LLP, the attorneys of record for Plaintiff Crump Insurance Services, Inc. ("Crump"). I submit this Declaration in support of the Consolidated Reply in Support of Plaintiff's Motion to Compel. I have personal knowledge of the facts set forth below and, if called as a witness, could testify competently to them.

2. On June 10, 2008, I spoke with Defendants' counsel Kristin Williams on the phone. Ms. Williams reiterated her position that she need not meet and confer further regarding the requests at issue in this motion, and promised only to get back to me regarding whether any disputes could be resolved on the ground that no responsive documents exist.

3. Attached as Exhibit A-D are true and correct copies of Defendants' Amended Responses served July 11, 2008.

4. Attached as Exhibit E is a true and correct copy of documents Defendants

produced in un-redacted form on June 25, 2008.

5. Attached as Exhibit F is a true and correct copy of Defendants' Privilege Log served June 25, 2008.

6. Attached as Exhibit G are true and correct excerpts of the transcript of the deposition of Michael P. McGrath taken June 10, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 22nd day of July, 2008 at San Francisco, California.

Dylan B. Carp

# EXHIBIT - A

STEPHEN J. HIRSCHFELD (SBN 118068)
DONNA M. RUTTER (SBN 145704)
KRISTEN L. WILLIAMS (SBN 232644)
CURIALE DELLAVERSON HIRSCHFELD
& KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendants
MICHAEL P. MCGRATH and ALL RISKS, LTD.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

CRUMP INSURANCE SERVICES, INC.,

Plaintiff,

vs.

MICHAEL P. MCGRATH, an individual, ALL RISKS, LTD., a corporation, and Does 1 through 50, inclusive,

Defendants.

Case No. C-07-4636 MMC

**DEFENDANT ALL RISKS, LTD'S AMENDED RESPONSES TO PLAINTIFF'S CRUMP INSURANCE'S REQUEST FOR PRODUCTION OF DOCUMENTS [F.R.C.P. 34]**

**PROPOUNDING PARTY:** Plaintiff, CRUMP INSURANCE SERVICES

**RESPONDING PARTY:** Defendant, ALL RISKS, LTD.

**SET NUMBER:** ONE (1)

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Defendant All Risks, Ltd. ("Defendant" or "All Risks") hereby responds to Plaintiff Crump Insurance Services ("Plaintiff" or "Crump") Request for Production of Documents (Set One). The following responses and objections are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require the exclusion of any statement, if any statements contained herein were made by a witness present and testifying

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Defendant's discovery and investigation has proceeded with diligence but it is, nevertheless, incomplete and continuing. Accordingly, the following responses represent Defendant's current knowledge based on information reasonably available to it, and are as complete as Defendant is now required by law and is able to give. The responses do not, however, contain other facts which may be obtained through ongoing factual investigation, review, analysis, discovery and trial preparation. To the extent these Requests may be construed as requesting more detail, or to the extent Plaintiff contends Defendant's responses are inadequate or incomplete, Defendant objects on the grounds that any further responses at this time would be unduly burdensome, oppressive and require a degree of completeness not required by law. Defendant reserves its right to present additional evidence at trial based on information subsequently obtained or evaluated.

Except for explicit facts submitted herein, no incidental or implied admissions are intended hereby. The fact that Defendant has answered or objected to any Request for Production or part thereof should not be taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such Request Production and that such answer or objection constitutes admissible evidence. The fact that Defendant has answered part or all of any Request for Production is not intended, and shall not be construed, to be a waiver by Defendant of all or any part of any objection to any Request for Production.

To the extent that any or all of the Requests call for information or material which was prepared in anticipation of litigation or for trial or for information or material covered by the attorney-client privilege or attorney work-product doctrine or which constitutes information or material which is privileged or related to confidential trade secrets or privacy (including freedom of association and financial privacy), Defendant objects to each and every such Request for Production and thus will not supply or render any information or material protected from discovery by virtue of the work-product doctrine, the attorney-client privilege, or trade secret and/or privacy privileges.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

The above-stated objections are hereby made applicable to each and all of these Requests for Production and are hereby, as to each and all of them, incorporated by reference as if fully set forth therein.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to Your hiring of Michael P. McGrath as an employee of All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant will produce all documents responsive to this request in its possession, custody, or control that it deems are responsive to this request.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to clients or customers of Crump Insurance Services which You obtained following the termination of Michael P. McGrath's employment with Crump Insurance Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant objects to this request as vague and ambiguous as to the phrase "clients or customers of Crump Insurance Services" make a response impossible without speculation as to the true meaning of the phrase or whether Defendant is actually aware of Crump's clients or customers.

Subject to and without waiving the foregoing, Defendant responds as follows: As agreed

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

by counsel, Plaintiff will provide Defendant with a list of clients that Plaintiff believes Defendant solicited from Crump. Once Defendant has received this list, to that extent that additional responsive documents exist, Defendant will produce any Broker of Record letters received by All Risks for accounts that McGrath handled while at Crump.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and electronically stored information from January 1, 2007 through the present, concerning or relating to solicitation of insurance business from any customers or clients of Crump Insurance Services wherein You were provided information about that customer or client from Michael P. McGrath.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it assumes facts not in evidence. Defendant objects to this request as it calls for a legal conclusion and thereby seeks to violate the attorney-client and attorney work product privileges. Defendant objects to this request as vague and ambiguous as to the phrase "clients or customers of Crump Insurance Services" make a response impossible without speculation as to the true meaning of the phrase or whether Defendant is actually aware of Crump's clients or customers.

**REQUEST FOR PRODUCTION NO. 4:**

All documents and electronically stored information from January 1, 2007 through the present, concerning or relating to solicitation of employees of Crump Insurance Services to work with All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it assumes facts not in evidence. Defendant objects to this request as it calls for a legal conclusion and thereby seeks to violate the attorney-client and attorney work product privileges.

**REQUEST FOR PRODUCTION NO. 5:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to obtaining Broker of Record letters designating All Risks, Ltd. as a broker of record in place of Crump Insurance Services.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has produced all documents responsive to this request in its possession, custody or control that relate to clients of Michael McGrath.

**REQUEST FOR PRODUCTION NO. 6:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to the dollar amount of business which You believed Michael P. McGrath could bring to All Risks, Ltd. if You were employed by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this request is vague and ambiguous and unintelligible, specifically regarding the phrase "which You believed Michael P. McGrath could bring to All Risks, Ltd. if You were employed by You" making a response impossible without speculation as to the true meaning of the phrase. Defendant further objects to the request as it assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a diligent and does not have any documents responsive to this request in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to the possible employment of Cindi Marty.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request as overly broad. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to Menlo Equities LLC insurance business.

////

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information.

**REQUEST FOR PRODUCTION NO. 9:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to Alecta Real Estate USA LLC insurance business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to Jay & Carole Hagglund Trust Insurance business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to North First Street Properties insurance business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential,

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

proprietary or trade secret information.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to Brandenburg Staedler & Moore insurance business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information.

**REQUEST FOR PRODUCTION NO. 13:**

All documents which You contend support Your Second Affirmative Defense that the causes of action set forth in the Complaint are barred, in whole or in part, by the doctrine of waiver.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14:**

All documents which You contend support Your Third Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of estoppel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**REQUEST FOR PRODUCTION NO. 15:**

All documents which You contend support Your Fourth Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of unclean hands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:**

All document which You contend support Your Fifth Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of laches.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17:**

All documents which You contend support Your Sixth Affirmative Defense that the causes of action in the Complaint are barred by the applicable statute of limitations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

////

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**REQUEST FOR PRODUCTION NO. 18:**

All document which You contend support Your Seventh Affirmative Defense that the causes of action in the Complaint are privileged by legitimate business necessity and/or other reasons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19:**

All documents which You contend support Your Eighth Affirmative Defense that the agreement alleged in the Complaint is void or voidable for lack of consideration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20:**

All documents which You contend support Your Ninth Affirmative Defense that the agreement in the complaint is in illegal and/or contravention of public policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 21:**

All documents which You contend support your Tenth Affirmative Defense that the agreement alleged in the Complaint is void under California Business & Professions Code section 16600.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:**

All documents which You contend support Your Eleventh Affirmative Defense that the agreement alleged in the complaint fails because it is vague and ambiguous as to material terms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23:**

All documents which You contend support Your Twelfth Affirmative Defense that the imposition of punitive or exemplary damages would violate of the Constitution of the United States of America and the State of California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24:**

All documents which You contend support Your Thirteenth Affirmative Defense that the defendants acted without malice and with a good faith belief in the propriety of their conduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to policy expiration dates of customers of Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to efforts made by You to obtain Cindi Marty as an employee of All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this request as overly broad. Defendant objects to this request as it assumes facts not in evidence. Defendant objects to this request as it seeks information that is

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and electronically stored information from January 1, 2007 through July 1, 2007, provided to You by Michael P. McGrath in order to obtain insurance business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to this request as overly broad. Defendant objects to this request as it assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all list of customers of the Crump Insurance Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to this request as overly broad. Defendant objects to this request as it assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all information provided to You by Michael P. McGrath related to the expiration of insurance for any customer of Crump Insurance Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to this request as overly broad. Defendant objects to this request as it assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all information provided to You by Michael P. McGrath related to the polices of

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

insurance for any customer of Crump Insurance Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendant objects to this request as overly broad. Defendant objects to this request as it assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in its possession, custody or control.

Dated: July 11, 2008

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

By: Kristen L. Williams
Stephen J. Hirschfeld
Donna M. Rutter
Kristen L. Williams
Attorneys for Defendants
MICHAEL P. MCGRATH; ALL RISKS, LTD.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am a resident of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On July 11, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP INSURANCE'S REQUEST FOR PRODUCTION OF DOCUMENTS [F.R.C.P. 34]**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by sending the documents electronically through email to the address listed below.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Mark S. Askanas
Dylan B. Carp
Tara L. Riedley
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Tel: (415) 394-9400
Fax: (415) 394-9401

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on July 11, 2008 at San Francisco, California.

[signature]
Angelique Pierre

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT - B

STEPHEN J. HIRSCHFELD (SBN 118068)
DONNA M. RUTTER (SBN 145704)
KRISTEN L. WILLIAMS (SBN 232644)
CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendants
MICHAEL P. MCGRATH and ALL RISKS, LTD.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRUMP INSURANCE SERVICES, INC.,

Plaintiff,

vs.

MICHAEL P. MCGRATH, an individual, ALL RISKS, LTD., a corporation, and Does 1 through 50, inclusive,

Defendants.

Case No. C-07-4636 MMC

**DEFENDANT ALL RISKS, LTD'S AMENDED RESPONSES TO PLAINTIFF'S CRUMP INSURANCE'S REQUEST FOR PRODUCTION OF DOCUMENTS [F.R.C.P. 34]**

**PROPOUNDING PARTY:** Plaintiff, CRUMP INSURANCE SERVICES

**RESPONDING PARTY:** Defendant, ALL RISKS, LTD.

**SET NUMBER:** TWO (2)

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Defendant All Risks, Ltd. ("Defendant") hereby responds to Plaintiff Crump Insurance Services ("Plaintiff") Request for Production of Documents (Set Two). The following responses and objections are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require the exclusion of any statement, if any statements Contained herein were made by a witness present and testifying in court, all of which objections

and grounds are reserved and may be interposed at the time of trial.

Defendant's discovery and investigation has proceeded with diligence but it is, nevertheless, incomplete and continuing. Accordingly, the following responses represent Defendant's current knowledge based on information reasonably available to it, and are as complete as Defendant is now required by law and is able to give. The responses do not, however, contain other facts which may be obtained through ongoing factual investigation, review, analysis, discovery and trial preparation. To the extent these Requests may be construed as requesting more detail, or to the extent Plaintiff contends Defendant's responses are inadequate or incomplete, Defendant objects on the grounds that any further responses at this time would be unduly burdensome, oppressive and require a degree of completeness not required by law. Defendant reserves its right to present additional evidence at trial based on information subsequently obtained or evaluated.

Except for explicit facts submitted herein, no incidental or implied admissions are intended hereby. The fact that Defendant has answered or objected to any Request for Production or part thereof should not be taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such Request Production and that such answer or objection constitutes admissible evidence. The fact that Defendant has answered part or all of any Request for Production is not intended, and shall not be construed, to be a waiver by Defendant of all or any part of any objection to any Request for Production.

To the extent that any or all of the Requests call for information or material which was prepared in anticipation of litigation or for trial or for information or material covered by the attorney-client privilege or attorney work-product doctrine or which constitutes information or material which is privileged or related to confidential trade secrets or privacy (including freedom of association and financial privacy), Defendant objects to each and every such Request for Production and thus will not supply or render any information or material protected from discovery by virtue of the work-product doctrine, the attorney-client privilege, or trade secret and/or privacy privileges.

///

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

The above-stated objections are hereby made applicable to each and all of these Requests for Production and are hereby, as to each and all of them, incorporated by reference as if fully set forth therein.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 31:**

All documents, communications, and electronic mail that announce Michael P. McGrath's change in employment to All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant objects to this request as overly broad as to the time and scope. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Subject to and without waiving the foregoing, Defendant All Risks responds as follows: Defendant All Risks has produced all documents responsive to this request as they relate to announcements to all retailers in its possession, custody, or control that it deems are responsive to this request for the time period of McGrath's first month at All Risks (i.e. through the final business day of June 2007 – June 29th) on June 10, 2008 at the deposition of Mr. Cortezi.

**REQUEST FOR PRODUCTION NO. 32:**

All documents, communications, and electronic mail making an announcement to any person at Woodruff Sawyer & Company about Michael P. McGrath's business affiliation, which were made between May 1, 2007 and September 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further object that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Subject to and without waiving the foregoing, Defendant All Risks responds as follows: Defendant All Risks has produced all documents responsive to this request in its possession, custody, or control that it deems are responsive to this request for the

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

time period of McGrath's first month at All Risks (i.e. through the final business day of June 2007 – June 29th) on June 10, 2008 at the deposition of Mr. Cortezi.

**REQUEST FOR PRODUCTION NO. 33:**

All documents, communications, and electronic mail making an announcement to any person at HUB International about Michael P. McGrath's business affiliation, which were made between May 1, 2007 and September 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further object that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Subject to and without waiving the foregoing, Defendant All Risks responds as follows: Defendant All Risks has produced all documents responsive to this request in its possession, custody, or control that it deems are responsive to this request for the time period of McGrath's first month at All Risks (i.e. through the final business day of June 2007 – June 29th) on June 10, 2008 at the deposition of Mr. Cortezi.

**REQUEST FOR PRODUCTION NO. 34:**

All phone records of calls made or received by Michael P. McGrath from All Risks' offices between June 4, 2007 and June 30, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further object that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

**REQUEST FOR PRODUCTION NO. 35:**

All documents, communications, electronic mail, and phone records that reflect conversations between Michael P. McGrath and Cindy Marty from April 1, 2007 through June 30, 2007.

///

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 36:**

Any communications between Michael P. McGrath and Woodruff Sawyer & Company from June 3, 2007 through June 11, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

**REQUEST FOR PRODUCTION NO. 37:**

Any communications between Michael P. McGrath and HUB International from June 3, 2007 through June 11, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

////

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**REQUEST FOR PRODUCTION NO. 38:**

All documents, communications and electronic mail referring or relating to YOUR seeking business from a former or current client or customer of Crump Insurance Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant objects to this request as overly broad as time and scope and unduly burdensome. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as vague and ambiguous as to the phrase "seeking business from a former or current client or customer of Crump Insurance Services" making a response impossible without speculation as to the true meaning of the phrase or whether Defendant is actually aware of Crump's clients or customers. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

Dated: July 11, 2008

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

By: Kristen L. Williams
Stephen J. Hirschfeld
Donna M. Rutter
Kristen L. Williams
Attorneys for Defendants
MICHAEL P. MCGRATH and ALL RISKS, LTD.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am a resident of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On July 11, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT MICHAEL P. MCGRATH'S RESPONSES TO PLAINTIFF CRUMP INSURANCE'S REQUEST FOR PRODUCTION, SET TWO[F.R.C.P. 34]**

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On July 11, 2008, I caused to be served via messenger the above-listed documents.

☐ By sending the documents electronically through email to the address(es) set forth below.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Mark S. Askanas
Dylan B. Carp
Tara L. Riedley
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Tel: (415) 394-9400
Fax: (415) 394-9401

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on July 11, 2008 at San Francisco, California.

Angelique Pierre

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**EXHIBIT - C**

STEPHEN J. HIRSCHFELD (SBN 118068)
DONNA M. RUTTER (SBN 145704)
KRISTEN L. WILLIAMS (SBN 232644)
CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendants
MICHAEL P. MCGRATH and ALL RISKS, LTD.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUMP INSURANCE SERVICES, INC., Plaintiff, vs. MICHAEL P. MCGRATH, an individual, ALL RISKS, LTD., a corporation, and Does 1 through 50, inclusive, Defendants. | Case No. C-07-4636 MMC **DEFENDANT MICHAEL P. MCGRATH'S AMENDED RESPONSES TO PLAINTIFF CRUMP INSURANCE'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO [F.R.C.P. 34]** |

**PROPOUNDING PARTY:** Plaintiff, CRUMP INSURANCE SERVICES

**RESPONDING PARTY:** Defendant, MICHAEL MCGRATH

**SET NUMBER:** TWO (2)

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Defendant Michael McGrath. ("Defendant") hereby responds to Plaintiff Crump Insurance Services ("Plaintiff") Request for Production of Documents (Set Two). The following responses and objections are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require the exclusion of any statement, if any statements contained herein were made by a witness present and testifying in court, all of which objections

and grounds are reserved and may be interposed at the time of trial.

Defendant's discovery and investigation has proceeded with diligence but it is, nevertheless, incomplete and continuing. Accordingly, the following responses represent Defendant's current knowledge based on information reasonably available to it, and are as complete as Defendant is now required by law and is able to give. The responses do not, however, contain other facts which may be obtained through ongoing factual investigation, review, analysis, discovery and trial preparation. To the extent these Requests may be construed as requesting more detail, or to the extent Plaintiff contends Defendant's responses are inadequate or incomplete, Defendant objects on the grounds that any further responses at this time would be unduly burdensome, oppressive and require a degree of completeness not required by law. Defendant reserves its right to present additional evidence at trial based on information subsequently obtained or evaluated.

Except for explicit facts submitted herein, no incidental or implied admissions are intended hereby. The fact that Defendant has answered or objected to any Request for Production or part thereof should not be taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such Request Production and that such answer or objection constitutes admissible evidence. The fact that Defendant has answered part or all of any Request for Production is not intended, and shall not be construed, to be a waiver by Defendant of all or any part of any objection to any Request for Production.

To the extent that any or all of the Requests call for information or material which was prepared in anticipation of litigation or for trial or for information or material covered by the attorney-client privilege or attorney work-product doctrine or which constitutes information or material which is privileged or related to confidential trade secrets or privacy (including freedom of association and financial privacy), Defendant objects to each and every such Request for Production and thus will not supply or render any information or material protected from discovery by virtue of the work-product doctrine, the attorney-client privilege, or trade secret and/or privacy privileges.

///

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

The above-stated objections are hereby made applicable to each and all of these Requests for Production and are hereby, as to each and all of them, incorporated by reference as if fully set forth therein.

**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 39:**

All documents, communications, and electronic mail that announce YOUR change in employment to All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendant objects to this request as overly broad as to the time and scope. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant is informed and believes that Defendant All Risks has produced all documents responsive to this request as they relate to announcements to all retailers in its possession, custody, or control that it deems are responsive to this request for the time period of McGrath's first month at All Risks (i.e. through the final business day of June 2007 – June 29th) on June 10, 2008 at the deposition of Mr. Cortezi.

**REQUEST FOR PRODUCTION NO. 40:**

All documents, communications, and electronic mail making an announcement to any person at Woodruff Sawyer & Company about YOUR business affiliation, which were made between May 1, 2007 and September 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further object that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant is informed and believes that Defendant All Risks has produced all documents responsive to this request in its possession, custody, or control that it deems are responsive to this request for the time period of McGrath's first month at All Risks (i.e. through

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

the final business day of June 2007 – June 29th) on June 10, 2008 at the deposition of Mr. Cortezi.

**REQUEST FOR PRODUCTION NO. 41:**

All documents, communications, and electronic mail making an announcement to any person at HUB International about YOUR business affiliation, which were made between May 1, 2007 and September 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further object that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant is informed and believes that Defendant All Risks has produced all documents responsive to this request in its possession, custody, or control that it deems are responsive to this request for the time period of McGrath's first month at All Risks (i.e. through the final business day of June 2007 – June 29th) on June 10, 2008 at the deposition of Mr. Cortezi.

**REQUEST FOR PRODUCTION NO. 42:**

All of YOUR phone records, personal and business, from April 1, 2007 through June 30, 2007, including your cellular phone records, hotel phone records, and residence phone records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further object that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody, or control.

///

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**REQUEST FOR PRODUCTION NO. 43:**

All documents, communications, electronic mail, and phone records that reflect conversations between YOU and Cindy Marty from April 1, 2007 through June 30, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendant objects to this request as overly broad and unduly burdensome. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 44:**

Any communications between YOU and Woodruff Sawyer & Company from June 3, 2007 through June 11, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

**REQUEST FOR PRODUCTION NO. 45:**

Any communications between YOU and HUB International from June 3, 2007 through June 11, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendant objects to this request as overly broad and unduly burdensome. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**REQUEST FOR PRODUCTION NO. 46:**

All documents, communications, and electronic mail concerning YOUR seeking business from a former or current client or customer of Crump Insurance Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendant objects to this request as overly broad as time and scope and unduly burdensome. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as vague and ambiguous as to the phrase "seeking business from a former or current client or customer of Crump Insurance Services" making a response impossible without speculation as to the true meaning of the phrase or whether Defendant is actually aware of Crump's clients or customers. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

Dated: July 11, 2008

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

By: Kristen L. Williams
Stephen J. Hirschfeld
Donna M. Rutter
Kristen L. Williams
Attorneys for Defendants
MICHAEL P. MCGRATH and ALL RISKS, LTD.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am a resident of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On July 11, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT ALL RISKS, LTD'S RESPONSE TO PLAINTIFF'S CRUMP INSURANCE'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET TWO [F.R.C.P. 34]**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by sending the documents electronically through email to the address listed below.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Mark S. Askanas
Dylan B. Carp
Tara L. Riedley
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Tel: (415) 394-9400
Fax: (415) 394-9401

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on July 11, 2008 at San Francisco, California.

Angelique Pierre

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**EXHIBIT - D**

STEPHEN J. HIRSCHFELD (SBN 118068)
DONNA M. RUTTER (SBN 145704)
KRISTEN L. WILLIAMS (SBN 232644)
CURIALE DELLAVERSON HIRSCHFELD
& KRAEMER, LLP
727 Sansome Street
San Francisco, CA 94111
Telephone: (415) 835-9000
Facsimile: (415) 834-0443

Attorneys for Defendants
MICHAEL P. MCGRATH and ALL RISKS, LTD.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

CRUMP INSURANCE SERVICES, INC.,

Plaintiff,

vs.

MICHAEL P. MCGRATH, an individual, ALL RISKS, LTD., a corporation, and Does 1 through 50, inclusive,

Defendants.

Case No. C-07-4636 MMC

**DEFENDANT MICHAEL P. MCGRATH'S AMENDED RESPONSES TO PLAINTIFF CRUMP INSURANCE'S REQUEST FOR PRODUCTION OF DOCUMENTS AND TO TEST AND SAMPLE COMPUTER(S) [F.R.C.P. 34]**

**PROPOUNDING PARTY:** Plaintiff, CRUMP INSURANCE SERVICES

**RESPONDING PARTY:** Defendant, MICHAEL MCGRATH

**SET NUMBER:** ONE (1)

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Defendant Michael McGrath. ("Defendant") hereby responds to Plaintiff Crump Insurance Services ("Plaintiff") Request for Production of Documents (Set One). The following responses and objections are made solely for the purposes of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require the exclusion of any statement, if any statements

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

Defendant's discovery and investigation has proceeded with diligence but it is, nevertheless, incomplete and continuing. Accordingly, the following responses represent Defendant's current knowledge based on information reasonably available to it, and are as complete as Defendant is now required by law and is able to give. The responses do not, however, contain other facts which may be obtained through ongoing factual investigation, review, analysis, discovery and trial preparation. To the extent these Requests may be construed as requesting more detail, or to the extent Plaintiff contends Defendant's responses are inadequate or incomplete, Defendant objects on the grounds that any further responses at this time would be unduly burdensome, oppressive and require a degree of completeness not required by law. Defendant reserves its right to present additional evidence at trial based on information subsequently obtained or evaluated.

Except for explicit facts submitted herein, no incidental or implied admissions are intended hereby. The fact that Defendant has answered or objected to any Request for Production or part thereof should not be taken as an admission that Defendant accepts or admits the existence of any facts set forth or assumed by such Request Production and that such answer or objection constitutes admissible evidence. The fact that Defendant has answered part or all of any Request for Production is not intended, and shall not be construed, to be a waiver by Defendant of all or any part of any objection to any Request for Production.

To the extent that any or all of the Requests call for information or material which was prepared in anticipation of litigation or for trial or for information or material covered by the attorney-client privilege or attorney work-product doctrine or which constitutes information or material which is privileged or related to confidential trade secrets or privacy (including freedom of association and financial privacy), Defendant objects to each and every such Request for Production and thus will not supply or render any information or material protected from discovery by virtue of the work-product doctrine, the attorney-client privilege, or trade secret and/or privacy privileges.

The above-stated objections are hereby made applicable to each and all of these Requests for Production and are hereby, as to each and all of them, incorporated by reference as if fully set forth therein.

**REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

Each computer which You utilized during any portion of the period of March 1, 2007 through July 1, 2007, for the purpose of testing and sampling it to obtain electronic copies of the below listed documents, including meta data related thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this request as overly broad. Defendant further objects to this request as burdensome and harassing as Plaintiff seeks the same information through Requests for Production Nos. 2-38. As such, Defendant incorporates by reference his objections to Requests for Production Nos. 2-38.

**REQUEST FOR PRODUCTION NO. 2:**

All documents and electronically stored information, from January 1, 2007 through September 1, 2007, concerning or relating to All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody, or control for the time period of January 1, 2007 through June 3, 2007.

**REQUEST FOR PRODUCTION NO. 3:**

All documents and electronically stored information, from January 1, 2007 through

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

September 1, 2007, concerning or relating to Your obtaining employment with All risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant will produce all responsive documents in his possession, custody or control to the extent documents have not previously been produced.

**REQUEST FOR PRODUCTION NO. 4:**

Your copy of the Memorandum of Agreement entered into between Michael McGrath and Crump Insurance Services dated June 7, 1996.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further objects that this request is burdensome and harassing as the documents sought are in the possession, custody, and control of Plaintiff. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request within his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 5:**

Defendant objects that this request is burdensome and harassing as the documents sought are in the possession, custody, and control of Plaintiff. Your copy of all Amendments or Addendum to the Memorandum of Agreement entered into between Michael McGrath and Crump Insurance Services dated June 7, 1996.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 6:**

Your copy of all Broker Compensation Agreements entered into between Michael McGrath and Crump Insurance Services.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this request as overly broad as to time and scope. Defendant further objects to this request as it seeks confidential, proprietary or trade secret information. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 7:**

All documents and electronically stored information, from January 1, 2007 through September 1, 2007, concerning or relating to clients or customers of Crump Insurance Services which You retained or obtained following the termination of employment with the Crump Insurance Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this request as overly broad and that it assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 8:**

All documents and electronically stored information, from January 1, 2007 through the present, concerning or relating to solicitation of insurance business from any customers or clients of Crump Insurance Services wherein You were seeking such business for All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it assumes facts not in evidence. Defendant objects to this request as it calls for a legal conclusion as to "solicitation" and thereby seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody, or control.

////

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**REQUEST FOR PRODUCTION NO. 9:**

All documents and electronically stored information, from January 1, 2007 through the present, concerning or relating to solicitation of employees of Crump Insurance Services to work with All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it assumes facts not in evidence. Defendant objects to this request as it calls for a legal conclusion as to "solicitation" and thereby seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:**

All documents and electronically stored information, from January 1, 2007 through September 1, 2007, concerning or relating to obtaining Broker of Record letters designating All Risks, Ltd. as a broker of record in place of Crump Insurance Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this request as overly broad and assumes facts that are not in evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant will produce documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 11:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to the dollar amount of business which You believed Michael P. McGrath could bring to All Risks, Ltd. if You were employed by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this request is vague and ambiguous and unintelligible, specifically regarding the phrase "which You believed Michael P. McGrath could bring to All Risks, Ltd. if

You were employed by You" making a response impossible without speculation as to the true meaning of the phrase. Defendant further objects to the request as it assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 12:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to the possible employment of Cindi Marty.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this request as overly broad and vague and ambiguous as to the phrase "possible employment of Cindi Marti." Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 13:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to Menlo Equities LLC insurance business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

**REQUEST FOR PRODUCTION NO. 14:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to Alecta Real Estate USA LLC insurance business.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to Jay & Carole Hagglund Trust Insurance business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

**REQUEST FOR PRODUCTION NO. 16:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to North First Street Properties insurance business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

////

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**REQUEST FOR PRODUCTION NO. 17:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to Brandenburg Staedler & Moore insurance business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Defendant further objects that this response seeks to violate constitutional, statutory, and/or common law privacy rights of third parties not party to this litigation.

**REQUEST FOR PRODUCTION NO. 18:**

The document which You contend constitute Your notice to plaintiff that You were ceasing Your employ with plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as the documents sought are equally within the control of Plaintiff. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has conducted a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 19:**

All documents which You contend support Your Second Affirmative Defense that the causes of action set forth in the Complaint are barred, in whole or in part, by the doctrine of waiver.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20:**

All documents which You contend support Your Third Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of estoppel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 21:**

All documents which You contend support Your Fourth Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of unclean hands.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:**

All documents which You contend support Your Fifth Affirmative Defense that the causes of action in the Complaint are barred, in whole or in part by the doctrine of laches.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23:**

All documents which You contend support Your Sixth Affirmative Defense that the causes of action in the Complaint are barred by the applicable statute of limitations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24:**

All documents which You contend support Your Seventh Affirmative Defense that the causes of action in the Complaint are privileged by legitimate business necessity and/or other reasons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25:**

All documents which You contend support Your Eighth Affirmative Defense that the agreement alleged in the Complaint is void or voidable for lack of consideration.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents

responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 26:**

All documents which You contend support Your Ninth Affirmative Defense that the agreement in the complaint is in illegal and/or contravention of public policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 27:**

All documents which You contend support your Tenth Affirmative Defense that the agreement alleged in the Complaint is void under California Business & Professions Code section 16600.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 28:**

All documents which You contend support Your Eleventh Affirmative Defense that the agreement alleged in the complaint fails because it is vague and ambiguous as to material terms.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 29:**

All documents which You contend support Your Twelfth Affirmative Defense that the imposition of punitive or exemplary damages would violate of the Constitution of the United States of America and the State of California.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 30:**

All documents which You contend support Your Thirteenth Affirmative Defense that the defendants acted without malice and with a good faith belief in the propriety of their conduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion and therefore seeks to violate the attorney-client and attorney work product privileges. Subject to and without waiving the foregoing, Defendant responds as follows: Discovery is continuing and Defendant will produce any documents responsive to this request in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to policy expiration dates of customers of Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this request is burdensome and harassing as the documents sought are in the possession, custody, and control of Plaintiff.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 32:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to the names of customers of Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects that this request is burdensome and harassing as the documents sought are in the possession, custody, and control of Plaintiff. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 33:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to the policy terms, conditions and rates provided to various customers of the Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request as vague and ambiguous in terms of who provided the information. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control

**REQUEST FOR PRODUCTION NO. 34:**

All documents and electronically stored information from January 1, 2007 through

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

September 1, 2007, originating with Plaintiff or from Plaintiff's information, and provided by You to All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendant objects to this request as overly broad. Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 35:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to the reason or reasons why You failed to provide a minimum of 15 days prior to written notice to Plaintiff of Your intention to terminate employment with Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendant objects to this request as it seeks information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request as it assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 36:**

All documents and electronically stored information from January 1, 2007 through September 1, 2007, concerning or relating to efforts made by You to solicit Cindi Marty to become an employee of All Risks, Ltd.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendant objects to this request as overly broad. Defendant further objects to this request as it calls for a legal conclusion as to "solicitation" and therefore seeks to violate the

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

attorney-client and attorney work product privileges. Defendant objects to this request as it assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and electronically stored information from January 1, 2007 through July 1, 2007, provided by You to All Risks, Ltd. in order to assist it to obtain insurance business.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant objects to this request as overly broad. Defendant further objects to this request as vague and ambiguous as to the phrase "in order to assist it to obtain insurance business" making a response impossible without speculation as to the true meaning of the phrase. Defendant objects to this request as it assumes facts not in evidence. Defendant objects to this request as it seeks confidential, proprietary or trade secret information. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

**REQUEST FOR PRODUCTION NO. 38:**

Any and all list of customers of the Crump Insurance Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant objects to this request as overly broad and vague and ambiguous as to time. Defendant objects to this request as it assumes facts not in evidence. Subject to and without waiving the foregoing, Defendant responds as follows: Defendant has performed a reasonable and diligent search and does not have any documents responsive to this request in his possession, custody or control.

///

///

///

///

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Dated: July 11, 2008

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP

By: Kristen L. Williams
Stephen J. Hirschfeld
Donna M. Rutter
Kristen L. Williams
Attorneys for Defendants
MICHAEL P. MCGRATH; ALL RISKS, LTD.

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

MICHAEL P. MCGRATH'S AMENDED RESPONSES TO PLAINTIFF RFPD
CASE NO. C-07-4636 MMC

CURIALE DELLAVERSON HIRSCHFELD & KRAEMER, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am a resident of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 727 Sansome Street, San Francisco, California 94111. On July 11, 2008, I served the following document(s) by the method indicated below:

**DEFENDANT MICHAEL P. MCGRATH'S RESPONSES TO PLAINTIFF CRUMP INSURANCE'S REQUEST FOR PRODUCTION OF DOCUMENTS AND TO TEST AND SAMPLE COMPUTER(S) [F.R.C.P. 34]**

☒ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On July 11, 2008, I caused to be served via messenger the above-listed documents.

☐ By sending the documents electronically through email to the address(es) set forth below.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Mark S. Askanas
Dylan B. Carp
Tara L. Riedley
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Tel: (415) 394-9400
Fax: (415) 394-9401

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on July 11, 2008 at San Francisco, California.

Angelique Pierre

**EXHIBIT - E**

**NC-6-5-07**

**From:** Nick Cortezi
**Sent:** Tuesday, May 22, 2007 12:27 PM
**To:** Matt Nichols
**Subject:** FW:

FYI- will discuss when I return. nick

Nick Cortezi
CEO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Tuesday, May 22, 2007 11:45 AM
**To:** Nick Cortezi
**Subject:** RE:

Nick:
Thought it would easier to see in writing what we would be talking about for us to consider a move. Thanks again for dinner; we both had a good time.

As mentioned earlier we are set and comfortable for a min of 5-6 years based on acquistion of Bysis and overall plan for JC Flowers. Our main point besides salary is a committment for 6 years. Based on our revenue projections for this year and next we would need the following:
6 Year Deal
Mike-Redacted min
Cyndi-Redacted min
Sign on Bonus-Redacted (combined) of which Redacted is my deferred compensation plan and shares of JC Flowers. We would also like to see the compensation plan as the above mentioned salaries are minimum(we fully expect to hit our bonus plan.)

**also have the usual parking, gas, and club dues(Golf) picked up on expense account.**

Does not make sense for us to move anywhere if the years and salaries are not guarenteed.

Couple of thoughts on paper......

Regards,

Mike

*Nick Cortezi <NCORTEZI@allrisks.com>* wrote:

Looking forward to dinner- would you let me know Cyndi's total comp numbers so that I can work them into the equation?
Thanks,
Nick

Nick Cortezi
CBO
All Risks, Ltd.
10150 York Road, 5th Floor
Hunt Valley, MD 21030
Phone- 410-828-5810 ext. 3013
Fax- 410-828-8179
ncortezi@allrisks.com

---

**From:** Michael McGrath [mailto:mcgrath.m@sbcglobal.net]
**Sent:** Monday, May 07, 2007 2:52 PM
**To:** Nick Cortezi
**Subject:**

Nick:
Good to go with Cyndi on the 16th at Cosmo's ~6ish.
Couple of items

Years-5 year firm/6 preferred(my own comfort)
If bought out I can cash out.(paid in full)
Deferred compensation(you have the amount and shares of current company**need to consider**
Not interested in taking a cut in pay. The latter amount suggested is min. on our conversation.
Some things to look forward too. If does not look good then no problem. Let me know so we are not sitting at the table by ourselves.
Need to look into Cyndi and guarantee for min of 3 yr. Salary plus bonus.
Otherwise will not be interested.

*Michael McGrath*
Executive Vice President
Crump Insurance Services - San Francisco
415-537-2308(direct)
415-986-4553(Fax)
This email is intended for the addressee shown. It contains information that is confidential and protected from disclosure. Any dissemination or use of this transmission or its contents by unintended persons is strictly prohibited. If this email relates to placement of coverage through All Risks, please note that no coverage will be bound and no changes without a written "Confirmation of Insurance", Binder, Endorsement or Reinstatement from our office. Coverage cannot be assumed if you do not receive one of the aforementioned notices.

**EXHIBIT  -  F**

**Defendants' Privilege Log**
*Crump Insurance v. All Risks, Ltd. Michael McGrath,*
USDC (N. Cal) CASE No. C-07-4636 MMC

| Bates Range Start | Bates Range End | Document Type | Subject | Author | Recipient | Cc | Document Date | Privilege / Confidentiality / Privacy | Page Count | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| PRIVALL00001 | PRIVALL00002 | Email string | McGrath Agreement / follow-up | Cortezi, Nick | Andrews, Phillip (Kramon & Graham, PA) | Nichols, Matt; Lassen, Jack; Brown, George (Kramon & Graham, PA); Khanna, Roma (Kramon & Graham, PA) | 5/26/2007 | Attorney-Client | 2 | Defense counsel's office |
| PRIVALL00003 | PRIVALL00004 | Email string | McGrath Agreement / follow-up | Cortezi, Nick | Brown, George (Kramon & Graham, PA); Khanna, Roma (Kramon & Graham, PA) | Nichols, Matt; Lassen, Jack; Andrews, Phillip (Kramon & Graham, PA); Cortezi, Nick | 5/29/2007 | Attorney-Client | 2 | Defense counsel's office |
| PRIVALL00005 | PRIVALL00007 | Email string | McGrath Agreement / follow-up | Nichols, Matt | Andrews, Phillip (Kramon & Graham, PA); Cortezi, Nick | Lassen, Jack; Khanna, Roma (Kramon & Graham, PA); Brown, George; (Kramon & Graham, PA) | 5/30/2007 | Attorney-Client | 3 | Defense counsel's office |
| PRIVALL00008 | PRIVALL00008 | Email string | Cyndi's Agreement | Cortezi, Nick | McGrath, Michael | Andrews, Phillip (Kramon & Graham, PA); Nichols, Matt; Cortezi, Nick | 5/30/2007 | Attorney-Client | 1 | Defense counsel's office |
| PRIVALL00009 | PRIVALL00010 | Email string | Michael McGrath; Property Practice Compensation Agreement | Khanna, Roma (Kramon & Graham, PA) | | | Undated | Attorney-Client | 2 | Defense counsel's office |
| PRIVALL00011 | PRIVALL00011 | Email | Michael McGrath; Property Practice Compensation Agreement | Brown, George (Kramon & Graham, PA) | | | Undated | Attorney-Client | 1 | Defense counsel's office |
| PRIVALL00012 | PRIVALL00013 | Email string | Michael McGrath | Cortezi, Nick | Nichols, Matt; Lassen Jack | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |

**Defendants' Privilege Log**
*Crump Insurance v. All Risks, Ltd. Michael McGrath,*
USDC (N. Cal) CASE No. C-07-4636 MMC

| Bates Range Start | Bates Range End | Document Type | Subject | Author | Recipient | Cc | Document Date | Privilege / Confidentiality / Privacy | Page Count | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| PRIVALL00014 | PRIVALL00015 | Email string | Michael McGrath | Lassen, Jack | Nichols, Matt; Cortezi, Nick | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00016 | PRIVALL00017 | Email string | Michael McGrath | Cortezi, Nick | Nichols, Matt; Lassen Jack | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00018 | PRIVALL00019 | Email string | Michael McGrath | Nichols, Matt | Cortezi, Nick; Lassen Jack | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00020 | PRIVALL00021 | Email string | Michael McGrath | Nichols, Matt | Cortezi, Nick; Lassen Jack | Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00022 | PRIVALL00023 | Email string | Final McGrath Agreement | Khanna, Roma (Kramon & Graham, PA) | Lassen, Jack; Nichols, Matt | Andrews, Phillip (Kramon & Graham, PA); Brown, George (Kramon & Graham, PA) | 6/1/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00024 | PRIVALL00025 | Email string | Michael McGrath; Property Practice Compensation Agreement | Khanna, Roma (Kramon & Graham, PA) | Cortezi, Nick; Nichols, Matt; Lassen, Jack | Andrews, Phillip (Kramon & Graham, PA); Brown, George (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product | 2 | Defense counsel's office |
| PRIVALL00026 | PRIVALL00026 | Email string | Final McGrath Agreement | Cortezi, Nick | Goins, Li Na; Lassen, Jack | Brown, George (Kramon & Graham, PA); Khanna, Roma (Kramon & Graham, PA); Andrews, Phillip (Kramon & Graham, PA) | 6/4/2007 | Attorney-Client & Work Product | 1 | Defense counsel's office |

**Defendants' Privilege Log**
*Crump Insurance v. All Risks, Ltd. Michael McGrath,*
USDC (N. Cal) CASE No. C-07-4636 MMC

| Bates Range Start | Bates Range End | Document Type | Subject | Author | Recipient | Cc | Document Date | Privilege / Confidentiality / Privacy | Page Count | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| PRIVALL00027 | PRIVALL00027 | Email string | Agreement | Brown, George (Kramon & Graham, PA) | Cortezi, Nick | Nichols, Matt; Lassen, Jack; Andrews, Phillip (Kramon & Graham, PA) | 5/31/2007 | Attorney-Client & Work Product; Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |
| PRIVALL00028 | PRIVALL00028 | Email string | Cyndi's Agreement | Cortezi, Nick | McGrath, Michael | Andrews, Phillip (Kramon & Graham, PA); Nichols, Matt; Cortezi, Nick | 5/30/2007 | Attorney-Client; Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |
| PRIVALL00029 | PRIVALL00029 | Email string | Cyndi Agreement | Cortezi, Nick | Andrews, Phillip (Kramon & Graham, PA); Brown, George (Kramon & Graham, PA) | Nichols, Matt; Lassen, Jack; McGrath, Michael | 5/31/2007 | Attorney-Client; Confidential Proprietary Information / Privacy Rights | 1 | Defense counsel's office |

# EXHIBIT - G

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

---oOo---

CERTIFIED COPY

JG RS Jane GROSSMAN REPORTING Services

| | |
|---|---|
| CRUMP INSURANCE SERVICES, INC., Plaintiff, vs. MICHAEL P. McGRATH, an individual, ALL RISKS, LTD., a corporation, and Does 1 through 50, inclusive, Defendants. | No. C-07-4636 MMC |

DEPOSITION OF MICHAEL P. McGRATH

Volume II

(Pages 200 through 274)

June 10, 2008

Taken before JANE GROSSMAN

CSR No. 5225

JANE GROSSMAN REPORTING SERVICES
Certified Shorthand Reporters
1939 Harrison Street, Suite 460
Oakland, California 94612
(510) 444-4500

A. No.

Q. Your testimony is that you did not assist in negotiating a compensation package for Cynthia Marty, is that correct --

A. Yes.

Q. -- at All Risks?

A. Yes.

Q. Did you give input to Nick Cortezi or anyone else at All Risks as to what it would take to entice Cynthia Marty to join All Risks?

A. No.

Q. Did you give them any suggestions whatsoever --

A. No.

Q. -- whether the money that they were thinking about putting on the table was sufficient?

A. No.

Q. Or whether the length of any employment agreement would be sufficient?

A. After -- the length of the employment agreement did come up after Cyndi had spoken to Nick.

Q. And did you give input on that?

A. To All Risks?

Q. Yes.

A. Yes.