# EXHIBIT A

DOUGLAS W. STERN (BAR NO. 82973)
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street
Forty-First Floor
Los Angeles, CA 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
Email: dstern@fulbright.com

Attorneys for Plaintiff CRUMP
INSURANCE SERVICES, INC.


STEPHEN J. HIRSCHFELD (SBN 118068)
DONNA M. RUTTER (SBN 145704)
KRISTEN L. WILLIAMS (SBN 232644)
**CURIALE DELLAVERSON**
**HIRSCHFELD & KRAEMER, LLP**
727 SANSOME STREET
SAN FRANCISCO, CA 94111
TELEPHONE: (415) 835-9000
FACSIMILE: (415) 834-0443

Attorneys for Defendants
MICHAEL P. MCGRATH and
ALL RISKS, LTD.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRUMP INSURANCE SERVICES, INC., ) | Civil Action No. C-07-4636 MMC |
| Plaintiff, ) | **JOINT CASE MANAGEMENT** |
| ) | **CONFERENCE STATEMENT** |
| v. ) | |
| ) | Date: December 14, 2007 |
| MICHAEL P. MCGRATH, an individual, ) | Time: 10:30 a.m. |
| ALL RISKS, LTD., a corporation, and ) | Crtrm: 7 |
| Does 1 through 50, inclusive, ) | |
| ) | |
| Defendants. ) | |

The parties hereto submit the following Joint Case Management Statement.

1. **Jurisdiction and Service**

Jurisdiction for this matter exists pursuant to 28 U.S.C. §§ 1332 and 1441 as

70150575.2                                    - 1 -

this action involves citizens of different states and the matter in controversy claimed by plaintiff exceeds the sum of $75,000, exclusive of interest and costs.

## 2. Facts

This action arises from the termination of the employment relationship between plaintiff Crump Insurance Services, Inc. and defendant Michael P. McGrath. Defendant McGrath was employed by plaintiff Crump Insurance Services, Inc. commencing in 1996. He entered into a written employment agreement with plaintiff at that time. Pursuant to the agreement (as periodically extended), he was obligated to keep confidential certain proprietary information and records relating to the firm's customers and their insurance policies. He also agreed not to solicit employees for any competitor company.

In early June, 2007, McGrath resigned his position with plaintiff and became an employee of a competitor, defendant All Risks.

Plaintiff contends that defendants McGrath and All Risks have utilized the confidential and proprietary information belonging to plaintiff in order to solicit and obtain business. Also, plaintiff believes that McGrath solicited employees to work at All Risks.

Plaintiff initiated this action for breach of contract, misappropriation of trade secrets, breach of fiduciary duty, intentional interference with prospective economic advantage, and negligent interference with prospective economic advantage. These claims are based upon his use of proprietary information belonging to plaintiff.

Defendants dispute these claims. Defendants deny having utilized confidential and/or proprietary information. Defendants further deny having solicited employees or business/clients from plaintiff.

## 3. Legal Issues

The legal issues relate to the nature of the information and the proprietary or non-proprietary nature of the information. They also relate to the nature of the contractual obligations to keep information confidential and to not solicit

employees that were imposed on defendant McGrath pursuant to his employment agreement. Due to the fact that the parties have not yet conducted discovery, they are not yet aware of other legal issues that may arise.

### 4. Motions

At the present time no motions have been filed. The parties do not anticipate any specific motions at this time. Defendants anticipate filing a motion for summary judgment.

### 5. Amendment of Pleadings

At the present time it is not anticipated that it will be necessary to amend the pleadings. However, due to the nature of this case, plaintiff anticipates that it will learn additional facts that may justify the amendment of the complaint.

### 6. Evidence Preservation

The parties have notified their respective clients of the obligation to preserve evidence, and they shall take appropriate steps to insure that relevant information is maintained during the pendency of the action.

### 7. Disclosures

On November 27, 2007 the parties conducted a telephonic meeting to discuss their Rule 26 disclosures. At that time the parties identified the witnesses who they believe have information that supports the various claims and defenses. The witnesses identified were:

Plaintiff's Identification:
1.  Peter Scott,
2.  Glenn Hargrove,
3.  Cindy Marty,
4.  Cora de la Cruz, and
5.  Michael McGrath.

Defendants' Identification:

1.   Jack Lassen,
2.   Matt Nichols,
3.   Nick Cortezi,
4.   Cindy Marty,
5.   Peter Scott, and
6.   Sue Bryant.

The parties anticipate that there will be additional witnesses identified in discovery, including representatives of various third parties and customers who will have relevant information.

The parties also described the categories of documents that they possessed which they believe support their respective positions. They shall exchange those documents prior to the December 14, 2007 hearing.

**8.   Discovery**

The parties have not yet initiated discovery. The parties do not believe that there is a need for any particular limitations upon discovery. Due to the nature of the dispute, the parties may enter into a stipulated protective order to protect confidential information from public disclosure.

**9.   Class Actions**

Not applicable.

**10.   Related Cases**

None.

**11.   Relief**

Plaintiff seeks the award of damages, punitive damages, and injunctive relief preventing the use by defendants of plaintiff's proprietary information. At the present time, plaintiff has not determined the amount of damage that it has suffered, as it relates largely to the loss of business attributed to the improper use of proprietary information.

### 12. Settlement and ADR

The principals of the parties have discussed possible settlement. At the present time the parties have not agreed upon a particular alternative dispute resolution mechanism. However, the parties discussed further exploration of this option once some discovery has been completed and the parties have a more complete evaluation of the matter.

### 13. Consent to Magistrate Judge For All Purposes

A "Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a District Judge" was filed by defendants with the Court on September 25, 2007.

### 14. Other References

The matter is not suitable for reference to binding arbitration as plaintiff is not agreeable, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

At the present time the parties are not able to narrow the issues by either agreement or motion. At this time it is premature to evaluate the propriety of the expedited presentation of evidence at trial. The parties do not anticipated that it would be appropriate to bifurcate issues, claims, or defenses.

### 16. Expedited Schedule

The parties do not believe that this matter can be handled on an expedited basis with streamlined procedures.

### 17. Scheduling

The parties have not been able to reach agreement with respect to the scheduling of this matter, and therefore set forth their respective position with respect thereto.

Plaintiff's suggested schedule:

| | |
|---|---|
| Designation of Experts: | April 16, 2008; |
| Close of Discovery (excluding experts): | May 30, 2008; |

| | | |
|---|---|---|
| 1 | Dispositive Motions filed: | June 20, 2008; |
| 2 | Pretrial Conference: | Week of August 18, 2008 |
| 3 | Trial: | September 2, 2008 |
| 4 | <u>Defendants' suggested schedule:</u> | |
| 5 | Designation of Experts: | June 16, 2008; |
| 6 | Close of Discovery: | July 31, 2008; |
| 7 | Dispositive Motions filed: | August 21, 2008; |
| 8 | Pretrial Conference: | Week of Oct. 13, 2008 |
| 9 | Trial: | November 10, 2008 |

**18.   Trial**

The parties preliminary estimate of the length of trial to be 5-10 days.

**19.   Disclosure of Non-Party Interested Entities or Persons**

Plaintiff's Certification:

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Defendants' Certification:

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

**20.   Other Matters**

The parties are not presently aware of any other matters that might facilitate the just, speedy and inexpensive disposition of this matter.

Dated:  December 10, 2007

DOUGLAS W. STERN
**FULBRIGHT & JAWORSKI L.L.P.**

By   /S/ Douglas W. Stern
DOUGLAS W. STERN
Attorneys for Plaintiff CRUMP
INSURANCE SERVICES, INC.

70150575.2

- 6 -

Dated: December 10, 2007

DONNA RUTTER
**CURIALE DELLAVERSON
HIRSCHFELD & KRAEMER, LLP**

By /s/ Donna M. Rutter
DONNA RUTTER
Attorney for Defendants MICHAEL P. MCGRATH and ALL RISKS, LTD.

70150575.2

- 7 -

DOCUMENT PREPARED
ON RECYCLED PAPER

JOINT CASE MANAGEMENT CONFERENCE STATEMENT