United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Crump Insurance Services, Inc.,

Plaintiff,

v.

Michael P. McGrath, et al.,

Defendants.

______________________________/

No. C 07-4636 MMC

**ORDER GRANTING IN PART PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY (DOCKET # 31, 36)**

## INTRODUCTION

Plaintiff has filed two motions to compel discovery. The first (Docket # 31), was filed on June 18, 2008, and referred to this Court by Judge Chesney. Plaintiff's second motion (Docket # 36), was filed with this Court on June 24, 2008. The Court has taken these matters under submission without oral argument pursuant to Civil Local Rule 7-1(b).

IT IS HEREBY ORDERED that Defendant All Risks respond further to Requests for Production No. 4, as limited by this Court, and No. 7. Defendant All Risks is further ordered to produce any communications between Michael McGrath and Woodruff Sawyer & Company, and Michael McGrath and HUB International from June 3 through June 11, 2007. Defendants are ordered to produce all documents and electronically stored information relating to the insurance business of former Crump Insurance Services clients who switched to All Risks, Ltd. after Michael McGrath left Crump for All Risks. Defendants

United States District Court
For the Northern District of California

are further ordered to produce evidence of Michael McGrath's compensation at All Risks. This Court will review *in camera* unredacted versions of Bates #'s ALL000006, ALL000007, ALL000009, ALL000016, ALL000018, and ALL000019, as well as any documents withheld by Defendants on privacy grounds.

**BACKGROUND**

Defendant Michael McGrath ("McGrath") was employed by Plaintiff Crump Insurance Services ("Plaintiff" or "Crump") until June 4, 2007. By the terms of a written "Memorandum Agreement" with Crump, McGrath agreed, for a period of a year following his termination, not to disclose or make use of any confidential information belonging to Crump. McGrath also agreed not to solicit any Crump employees to work for any competitive company for a year following his termination.

On June 4, 2007, McGrath began working at Defendant All Risks, Ltd. ("All Risks"). Approximately one month later, on July 2, 2007, another Crump employee, Cynthia Marty ("Marty"), began working at All Risks. Both Crump and All Risks are insurance wholesalers, connecting insurance carriers with retailers who sell policies to end users. Crump's and All Risks' customers are the insurance retailers.

Crump initiated this action against McGrath and All Risks on August 31, 2007. The complaint alleges, in part, that McGrath breached his fiduciary duty of loyalty to Crump by assisting All Risks in recruiting Marty away from Crump and using Crump's confidential information to obtain business for All Risks. The complaint further alleges that All Risks misappropriated Crump's trade secrets by using confidential information belonging to Crump to recruit Marty and to obtain business for All Risks that had belonged to Crump. Additional allegations include interference with Crump's economic advantage related to confidential employee compensation information, as well as confidential client information.

The parties signed a stipulated protective order with respect to discovery in March 2008. Pursuant to the order, the parties agree that any confidential information provided by one party to the other shall be used solely for the purposes of this litigation.

On June 18, 2008, Plaintiff filed its Motion to Compel Defendant All Risks, Ltd. to Respond to Requests for Production Nos. 4, 7 and 26; and to Produce Unredacted Documents and Compel Michael McGrath, Nicholas Cortezi, and Cynthia Marty to Appear for Further Depositions Regarding the Documents filed by Crump Insurance Services Inc. ("Docket # 31"). Docket # 31 and "all further discovery motions" were referred to this Court by Judge Chesney on June 18, 2008. Additionally, Judge Chesney referred the case to this Court for all discovery on June 20, 2008.

On June 24, 2008, Plaintiff filed its Motion to Compel: (1) All Risks to Produce All Documents Responsive to Crump's Requests for Production, Set One, Nos. 8-12; (2) McGrath to Produce All Documents Responsive to Crump's Requests for Production, Set One, Nos. 13-17; (3) All Risks to Produce All Documents Responsive to Crump's Requests for Production, Set Two, Nos. 36-37; (4) McGrath to Answer Deposition Questions Regarding His Compensation at All Risks; (5) McGrath and All Risks to Produce Any Documents Withheld on the Ground of Privacy or Attorney-Client Privilege; and (6) McGrath, Marty, and Cortezi to Answer Questions at Further Depositions Regarding the Documents and Information ("Docket # 36").

## ANALYSIS

**1. Plaintiff timely filed Docket #'s 31 and 36 and therefore did not waive the right to file them.**

A party may move to compel discovery upon certifying that the movant has in good faith attempted to confer with the opposing party. Fed. R. Civ. P. 37(a)(1). Plaintiff represents that a good faith effort has been made to confer with the opposing party to obtain discovery without court action. (*See* Docket # 32 ("1st Carp Dec.") at 1; Docket # 37 ("2nd Carp Dec.") at 2).

The discovery cut-off date was June 20, 2008, and the local rules of this court provide that a motion to compel discovery may be filed no later than seven days after the discovery cut-off, or Friday, June 27, 2008, in this case. Civ. Local Rule 26-2. Plaintiff filed Docket # 31 on June 18, 2008, and Docket # 36 on June 24, 2008.

In support of their argument that Plaintiff's motions are untimely, Defendants cite *Gault v. Nabisco Biscuit Co.* for the principle that a failure to meet and confer in a timely manner can constitute a waiver to compel further responses. 184 F.R.D. 620, 622 (D. Nev. 1999). In *Gault,* however, the court did not reach the issue of timeliness of meet and confer efforts made prior to a motion to compel discovery. Rather, *Gault* discussed the timeliness of *filing* the motion, noting that "[a] motion to compel filed during the discovery period would rarely be considered untimely." 184 F.R.D. at 622 (citing *Kendrick v. Heckler*, 778 F.2d 253 (5th Cir. 1985) (finding no waiver after an eight month delay but before the discovery cut-off); *Byrnes v. Jetnet Corp.*, 111 F.R.D. 68 (M.D. N.C. 1986) (finding no waiver for a six month delay but during the discovery period)).

Plaintiff filed Docket # 31 two days before the discovery cut-off and nine days before the deadline for filing a motion to compel discovery. Plaintiff filed Docket # 36 four days after the discovery cut-off but three days before the deadline for filing a motion to compel discovery. Although Docket # 36 was filed after the discovery cut-off, the filing was completed within the appropriate time period prescribed by the rules of the court. Plaintiff's two motions, therefore, are timely, and Plaintiff did not waive the right to file them.

**2. All Risks is ordered to respond further, as limited by this Court, to Request for Production of Documents No. 4 and to file a sworn declaration affirming its representations in response to this request.**

Parties are permitted to discover "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In Plaintiff's Request for Production of Documents ("RFP") No. 4, Plaintiff sought to discover "[a]ll documents and electronically stored information from January 1, 2007, through the present, concerning or relating to solicitation of employees of Crump Insurance Services to work with All Risks, Ltd."

Plaintiff's complaint is limited to allegations regarding information allegedly provided to All Risks by McGrath. (*See* Complaint, ¶ ¶ 35, 69, 77). Therefore, Plaintiff's request as written is overly broad, since it is not limited to documents involving McGrath.

United States District Court
For the Northern District of California

Plaintiff argues that documents responsive to RFP No. 4 would be directly relevant to Plaintiff's efforts to establish that: "(1) McGrath wrongfully assisted All Risks in recruiting Marty while he was Crump's Executive Vice President; (2) McGrath wrongfully solicited Marty after he left Crump's employ; and (3) McGrath disclosed, and All Risks used, Crump's confidential information relating to Marty's compensation and Crump's finances." (Docket # 31 at 5).

In response to Plaintiff's apparent efforts to narrow the scope of the request, All Risks represents that it has performed a reasonable and diligent search and does not have in its possession, custody, or control any documents sent from or received by McGrath related to Marty's possible employment with All Risks, any documents relating to communications between McGrath and Marty for the "relevant time period," or any documents otherwise responsive to the request. (1st Opp. at 9-10). All Risks is hereby ordered to file a sworn declaration affirming these representations.

All Risks attempts to define the "relevant time period" for documents relevant to McGrath's wrongful assistance in recruiting Marty after he left Crump as June 4, 2007, through July 2, 2007. (1st Opp. at 10). This corresponds to the period between McGrath's first day at All Risks and Marty's first day there. All Risks correctly notes that any documents responsive to such a request could not have been produced until McGrath left Crump, on June 4, 2007. It is conceivable, however, that responsive documents were created after July 2, 2007. For example, without limitation, communications between All Risks and McGrath after July 2, 2007, expressing gratitude for his recruitment of Marty would be responsive to the request, and shall be produced.

Additionally, All Risks seeks to limit, to the time period ending July 2, 2007, its response to Plaintiff's request for documents relevant to McGrath's disclosure, and All Risks' use of Crump's confidential information regarding Crump's finances and Marty's compensation. (1st Opp. at 10). As noted above, there may exist documents that are relevant to this claim that were created after July 2, 2007.

United States District Court
For the Northern District of California

Plaintiff further argues that documents responsive to RFP No. 4 may disclose wrongful solicitation of or interference with other Crump employees. As noted previously, however, any discoverable material must be relevant to Plaintiff's specific claims. Plaintiff, in its complaint, does not allege wrongful solicitation or interference with Crump employees other than by Defendant McGrath. Therefore, otherwise responsive documents which do not relate to McGrath are not discoverable.

All Risks is ordered to respond further to Plaintiff's request for documents relevant to both McGrath's allegedly wrongful assistance in recruiting Marty to McGrath's disclosure and All Risks' use of Crump's confidential information regarding Crump's finances and Marty's compensation from July, 2, 2007, to the present. All Risks is further ordered to file a sworn declaration affirming the representations it has already made in response to RFP No. 4.

**3. All Risks is ordered to respond to Request for Documents No. 7.**

In RFP No. 7 Plaintiff sought to discover from All Risks "[a]ll documents and electronically stored information from January 1, 2007 [*sic*] through September 1, 2007, concerning or relating to the possible employment of Cindi [*sic*] Marty." All Risks' objects that the request is overly broad, because it is not limited to documents directly involving McGrath, is not valid. Plaintiff's case depends in part on its ability to establish that All Risks' solicitation of Marty to leave Crump was unlawful. It is plausible that RFP No. 7 will lead to the discovery of communications between All Risks personnel or between All Risks and Marty which relate to her possible employment with All Risks, and which suggest the influence of McGrath, without directly referring to him.

All Risks' objection to the request on the grounds that it violates Marty's privacy rights is also not valid, since All Risks does not specify how her rights may be violated by the discovery Plaintiff seeks. Moreover, the parties negotiated a stipulated protective order which addresses these concerns by limiting the use of certain confidential information to this litigation only.

United States District Court
For the Northern District of California

All Risks is therefore ordered to respond to RFP No. 7.

**4. All Risks is ordered to produce any communications between McGrath and Woodruff Sawyer & Company and McGrath and HUB International from June 3, 2007, through June 11, 2007.**

In RFP No. 36, Plaintiff sought to discover from All Risks "[a]ny communications between Michael P. McGrath and Woodruff Sawyer & Company from June 3, 2007 [*sic*] through June 11, 2007."[1]

Through these requests, Plaintiff seeks to discover communications between McGrath and two named insurance carriers in an effort to establish its allegations that McGrath misused Crump's confidential information to obtain customers for All Risks. (Docket 36 at 10). All Risks represents that it has "already produced announcement emails between McGrath and representatives of Woodruff Sawyer and/or HUB International for the time period of June 4, 2008 [*sic*] through June 29, 2008."[2] (2nd Opp. at 14). The documents already produced, however, only establish that McGrath announced to those accounts that he had begun employment with All Risks. They do not contain the trade secret information - - such as policy renewal dates, commissions paid, or coverage premiums - - that Plaintiff alleges was misappropriated by Defendants. To the extent that communications exist which *do* contain the alleged trade secret information, those documents are relevant to Plaintiff's claims, are responsive to Plaintiff's requests, and shall be produced.

All Risks' objection to RFP Nos. 36-37 on privacy grounds is not valid. In order to establish that McGrath committed the alleged acts, Plaintiff must be able to discover communications between McGrath and third parties that might reflect the alleged wrongdoing.

As for All Risks' objection on grounds that the documents sought are confidential,

---

[1]Plaintiff's RFP No. 37 contains the same language as No. 36, except it seeks communication between McGrath and HUB International for the stated time period.

[2] Presumably, All Risks meant to indicate June 4, 2007, through June 29, 2007, since the request seeks documents for the period of June 3, 2007, through June 11, 2007.

United States District Court
For the Northern District of California

proprietary, or contain trade secret information, the parties have filed a stipulated protective order to cover such sensitive information.

Plaintiff's RFP Nos. 36-37 seek information relevant to the claims at issue in this dispute and are not overly broad or unduly burdensome. The concern about information that is confidential, proprietary, or trade secret is addressed by the parties' stipulated protective order. Also, Plaintiff's need to discover the relevant information outweighs the need to protect the privacy rights of third parties related to the requests. All Risks is therefore ordered to respond fully to these requests.

**5. Defendants are ordered to produce all documents and electronically stored information relating to the insurance business of former Crump clients who switched to All Risks after McGrath left Crump for All Risks and to file a sworn declaration affirming All Risks' representations regarding RFP Nos. 8-12.**

In RFP No. 8, Plaintiff sought to discover from All Risks "[a]ll documents and electronically stored information from January 1, 2007 [*sic*] through September 1, 2007, concerning or relating to Menlo Equities LLC insurance business."[3]

Parties are permitted to discover "any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Here, Plaintiff asserts that RFP Nos. 8-12 are designed to discover facts relevant to whether All Risks and McGrath misappropriated Crump's trade secrets. (Docket #36 at 4).

Plaintiff's request here is relevant to its claims that All Risks misappropriated Crump's trade secrets in order to obtain the insurance business of Crump clients. (*See* Complaint at 7). "Misappropriation" is defined in the California Civil Code as:

> "Disclosure or use of a trade secret of another without express or implied consent by a person who, [a]t the time of disclosure or use, knew or had reason to know that his or her knowledge of the trade secret was [a]cquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or [d]erived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use."

---

[3] Plaintiff's RFP Nos. 9-12 contain the same language as RFP No. 8, except each request relates to a different insurance business. RFP No. 9 relates to Alecta Real Estate USA LLC; RFP No. 10 relates to Jay & Carole Hagglund Trust; RFP No. 11 relates to North First Street Properties; RFP No. 12 relates to Brandenburg Staedler & Moore.

United States District Court
For the Northern District of California

§ 3426.1(b)(2)(B)(ii-iii).

All Risks represents that it has produced all Broker of Record ("BOR") letters for any account identified in Plaintiff's RFP Nos. 9-12, as well as all related announcement emails from McGrath during his first month with All Risks. (2nd Opp. at 10). All Risks further asserts that the documents already produced are the only ones responsive to these requests that are relevant to Plaintiff's claims. (2nd Opp. at 10). This assertion is insufficient. The documents already produced establish only that the named accounts switched from Crump to All Risks, and that McGrath announced to those accounts that he had begun employment with All Risks. They do not contain the trade secret information - - such as policy renewal dates, commissions paid, or coverage premiums - - that Plaintiff alleges was misappropriated by Defendants. To the extent that any documents exist which *do* contain the alleged trade secret information, they are relevant to Plaintiff's claims, are responsive to Plaintiff's requests, and shall be produced.

Plaintiff alleges that McGrath received an Expiration Log from Marty, obtained from Crump, which included confidential information that was misappropriated by Defendants. (Docket 36 at 4). In response, All Risks represents that it "has performed a reasonable and diligent search and does not have any Expiration Log from Plaintiff in its possession, custody, or control." (2nd Opp. at 10-11). All Risks is ordered to file a sworn declaration attesting to this representation.

The mere existence of an Expiration Log, however, is not the critical issue in Plaintiff's requests. Although such a document would be relevant to Plaintiff's claims, it is the information alleged to have been contained therein, and which Plaintiff alleges was misappropriated, that is material to the request. If that information is available on other documents in Defendants' possession, custody, or control, then Plaintiff is entitled to discover them.

With respect to RFP No. 9, Plaintiff alleges that, shortly before McGrath left Crump, he emailed to himself a quote that he had obtained from insurer RLI for the Alecta account. (Docket #36 at 5). Plaintiff further alleges that Crump wrongfully used the confidential information in the quote to obtain Alecta's business for All Risks. (Docket #36 at 5). In

response, All Risks represents that it has "performed a reasonable and diligent search and has no documents related to the quote obtained from RLI for insured Alectra [*sic*] while McGrath was at Crump in its possession, custody, or control." All Risks' representation is not fully responsive to RFP No. 9. For the reasons already discussed, All Risks is ordered to fully respond to RFP No. 9.

As for All Risks' objection on grounds that documents sought are confidential, proprietary, or contain trade secret information, the parties have filed a stipulated protective order that governs the use of such sensitive information.

Plaintiff's RFP Nos. 13-17 are identical to RFP Nos. 8-12, except that they are directed to McGrath, rather than All Risks. McGrath's objections to these requests are the same as All Risks' objections to RFP Nos. 8-12. For all the reasons already discussed in relation to RFP Nos. 8-12, McGrath's objections to RFP Nos. 13-17 are not valid, and McGrath is ordered to produce responsive documents.

McGrath further objects that RFP Nos. 13-17 violate the privacy rights of individuals who are not party to the litigation. When the right to privacy competes with a compelling public need, a court must balance the two competing interests. *Moskowitz v. Superior Court*, 137 Cal. App. 3d 313, 316. In addition to alleging that McGrath misappropriated Crump's trade secrets, Plaintiff alleges that McGrath also breached his fiduciary duty of loyalty to Crump by supplying All Risks with Crump's confidential information. (Complaint at 8). In order to establish that McGrath committed the alleged acts, Plaintiff must be able to discover communications between McGrath and third parties that would show the alleged misappropriation of trade secrets or the breach of a fiduciary duty of loyalty. Here, the need to discover the relevant information outweighs the right of privacy.

Plaintiff's RFP Nos. 8-12, 13-17 seek information relevant to the claims at issue in this dispute and are not overly broad. The concern about information that is confidential, proprietary, or trade secret is addressed by the parties' stipulated protective order. Also, Plaintiff's need to discover the relevant information outweighs the need to protect the privacy rights of third parties. Defendants All Risks and McGrath hereby ordered to respond fully to these requests.

United States District Court
For the Northern District of California

**6. Defendants are ordered to produce evidence of McGrath's compensation at All Risks.**

Plaintiff alleges misappropriation of its trade secrets in violation of California Civil Code § 3426 *et seq*. The statute provides, in part, that "[a] complainant may . . . recover for the unjust enrichment caused by misappropriation." Cal. Civ. Code § 3426.3(a). Here, Plaintiff alleges that All Risks was unjustly enriched through the misappropriation of Crump's trade secrets. (Docket #36 at 12). A percentage of an employee's salary, reflecting the portion of the employer's business derived from that employee, has been held valid as evidence of unjust enrichment. *See Morlife v. Perry*, 56 Cal. App. 4th 1514, 1528-29 (Cal. Ct. App. 1997). In *Morlife*, the court affirmed that 33 percent of appellants' earnings was a "reasonable approximation" of the enrichment realized through appellants' misappropriation of a competitive company's confidential customer information. *Id.*

The California Constitution protects personal financial information "within the zone of privacy." *Moskowitz v. Superior Court*, 137 Cal. App. 3d 313, 315-16 (citing *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 656). A court, however, must balance that right to privacy against the public need for discovery in litigation when the two interests compete. *Id.* at 316. Here, Plaintiff is entitled to seek damages for unjust enrichment as a result of the alleged misappropriation. McGrath's compensation at All Risks is undoubtedly determined in part by the business All Risks expects him to obtain, whether or not the compensation is directly tied to All Risks' revenues. Plaintiff's need to discover the compensation information in order to approximate All Risks' alleged unjust enrichment, therefore, outweighs McGrath's right to privacy in this context.

Defendants are therefore ordered to produce evidence of McGrath's compensation at All Risks.

**7. This Court will review *in camera* redacted documents ALL000006, ALL000007, ALL000009, ALL000016, ALL000018, and ALL000019. Plaintiff's request for an unredacted version of ALL000010 is denied as moot, since All Risks has already complied with the request.**

Plaintiff seeks to compel All Risks to produce unredacted versions of the following documents: Bates #'s ALL000006-7; ALL000009-10; ALL000016; ALL000018-19. All Risks has already provided Plaintiff with an unredacted version of ALL000010. (Ex. M of Docket #45 ("2nd Williams Dec.")).

Plaintiff and All Risks agree that *in camera* review of the remaining documents is appropriate to determine their discoverability or to confirm that the redacted portions relate to compensation figures for McGrath and Marty. All Risks' privilege claims here are governed by state law. *See Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998). The California Constitution extends the right to privacy to personnel files, including employee compensation information. *Ceramic Corp. of America v. Inka Maritime Corp., Inc.*, 163 F.R.D. 584, 588-89 (C.D. Cal. 1995). Upon balancing an individual right to privacy with a public need for discovery, a court may permit a narrow and specific invasion of the right to privacy to the extent necessary for a fair outcome. *Moskowitz v. Superior Court*, 137 Cal. App. 3d 313, 316 (Cal. Ct. App. 1982). After conducting *in camera* review, this Court will determine whether the right to privacy applies, and if so, whether the parties' stipulated protective order is sufficient to ensure the right is not violated.

**8. This court will review *in camera* any documents withheld by Defendants on privacy grounds.**

Defendants have produced a Privacy Log of documents withheld on grounds of privilege, confidentiality, or privacy. (Ex. L to Docket #50 ("3rd Williams Dec.")). The documents indicated on the Privacy Log are Bates #'s CONFALL00001-CONFALL00328. The subject descriptions for several of the withheld documents suggest that they contain information regarding McGrath's and Marty's compensation agreements with All Risks. As already discussed, Plaintiffs are entitled to discover McGrath's compensation information as relevant to their claims of unjust enrichment.

Three of the documents, CONFALL00108-CONFALL00110, list attorney-client privilege as one of the reasons each was withheld. "Information transmitted between a client and his or her lawyer in the course of the legal relationship" is a confidential

United States District Court
For the Northern District of California

communication between the client and lawyer and is protected by attorney-client privilege. Cal. Evid. Code §§ 952, 954.

The Privacy Log states that CONFALL00109 was authored by Nick Cortezi and received by McGrath, neither of whom claims to be a lawyer. CONFALL00108 indicates George Brown as the author; CONFALL00110 indicates Phillip Andrews and Brown as recipients. Brown and Andrews are attorneys with the law firm Kramon & Graham, PA. The court will review these documents *in camera* to determine whether they are protected by attorney-client privilege.

**9. Defendants are not compelled to produce any documents protected by attorney-client privilege but are ordered to produce documents not under such protection.**

In addition to the Privacy Log, Defendants have produced a Privilege Log of documents withheld on the basis of attorney-client privilege. (Ex. F to Docket 52 ("4th Carp Dec.")). These documents are Bates numbered PRIVALL00001-PRIVALL00029. "Information transmitted between a client and his or her lawyer in the course of that relationship" is confidential information between a client and a lawyer and is protected by attorney-client privilege. Cal. Evid. Code §§ 952, 954. To the extent that Defendants can establish any of the documents listed on the Privilege Log were transmissions between client and lawyer, then those documents are protected from discovery by attorney-client privilege.

Several documents listed on the Privilege Log, however, do not appear to have been transmitted between client and attorney, and as such, are not protected by attorney-client privilege. To the extent that such documents on the list are not thus protected, they are discoverable, and Defendants are ordered to produce them. Any such documents also withheld on privacy grounds will be reviewed *in camera* by this Court.

**10. The remaining requests contained in Plaintiff's motions to compel discovery are denied, conditioned on Defendants' filing of a sworn declaration affirming representations made in relation to those requests.**

In RFP No. 26 Plaintiff sought to discover from All Risks "[a]ll documents and electronically stored information from January 1, 2007 [*sic*] through September 1, 2007,

United States District Court
For the Northern District of California

concerning or relating to efforts made by You [McGrath] to obtain Marty as an employee of All Risks." All Risks has produced email documents[4] regarding the possible employment of Marty, wherein McGrath was involved. (Exhibit M to 2nd Williams Dec.; Exhibit C to 1st Carp Dec.). In addition, All Risks represents that it "does not have any documents involving McGrath and the possible employment of Marty in its possession, custody, or control." All Risks is ordered to file a sworn declaration affirming this representation, but has otherwise responded fully to RFP No. 26, and no further response is compelled.

Plaintiff's motions to compel further depositions of McGrath, Marty, and Cortezi are denied. A party must obtain leave of court to examine a witness who has already been deposed in a case. Fed. R. Civ. P. 30(a)(2)(A)(ii). A court must limit the extent of discovery if it finds that:

> "(I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Fed. R. Civ. P. 26(b)(2)(c).

Here, Plaintiff seeks to depose McGrath for the third time. During the discovery period, McGrath was deposed by Plaintiff on April 30, 2008, and again on June 10, 2008. Plaintiff now seeks to examine McGrath regarding the documents at issue in these motions to compel discovery.

During the April 30 deposition, McGrath was asked about discussions he had with All Risks regarding his potential employment there, as well as that of Marty, including terms of a possible compensation structure. (Ex. M of 1st Carp Dec.; Ex. F of 2nd Williams Dec.). The documents at issue in Docket #31 all relate to McGrath's alleged involvement with All Risks' recruitment of Marty from Crump. Plaintiff had another opportunity to address the issue in greater depth during the June 10 deposition. Plaintiff has thus had ample

---

[4] Bates numbered ALL000009-15 and ALL000018-21

opportunity to obtain the information, and to subject McGrath to another deposition on this matter would be unreasonably cumulative.

Plaintiff also seeks to depose McGrath regarding his compensation at All Risks. Plaintiff has established its need to discover McGrath's compensation at All Risks as relevant to its claims for relief for alleged unjust enrichment. For the purposes of seeking such relief, Plaintiff needs only to establish the amount that All Risks was allegedly unjustly enriched. Since All Risks has been ordered to produce McGrath's compensation information, there is no need to further depose McGrath on the issue.

Plaintiff seeks additionally to depose Marty regarding the documents at issue in these motions. Marty has been previously deposed by Plaintiff in this action, on April 30, 2008, and she responded to Plaintiff's questions about her decision to leave Crump for All Risks, and whether McGrath influenced that decision. In Docket 31, Plaintiff seeks to compel documents that show McGrath's alleged unlawful involvement with All Risks' efforts to recruit Marty. Given that Plaintiff already has Marty's deposition testimony, and All Risks has been ordered to produce related information responsive to the requests indicated in Docket 31, Plaintiff will have the relevant information it seeks without the burden and expense of deposing Marty a second time. Also, Plaintiff has not established that there is a compelling public need to question Marty about her compensation at All Risks sufficient to overcome her right to privacy.

Finally, Plaintiff seeks to depose Nicholas Cortezi ("Cortezi") regarding the documents at issue in these motions. Although it appears that Cortezi has not previously been deposed, he was made available to be deposed by Plaintiff on June 10, 2008. Plaintiff argues that it was unable to question Cortezi about the documents at issue here but offers no explanation for why Cortezi was not deposed at the scheduled time. (Docket 31 at 11; Docket 36 at 14). In a letter to Plaintiff, dated June 6, 2008, counsel for All Risks explained to Plaintiff that Cortezi would be traveling from Maryland in order to complete his deposition on June 10. (Ex. P of 2nd Williams Dec.). Given that Plaintiff had an opportunity to depose Cortezi at the scheduled deposition time, Plaintiff has not offered sufficient

United States District Court
For the Northern District of California

reason to persuade this Court that the likely benefit of re-scheduling a deposition for this witness outweighs the burden and expense of the proposed discovery.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to compel discovery is granted in part and denied in part. Compliance is due within 10 days of issuance of this Order. Documents for *in camera* review shall be submitted within 10 days of the issuance of this Order.

**IT IS SO ORDERED.**

DATED: August 19, 2008

James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\07-4636\DISCOVERY ORDER.wpd